Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

FILED
MAY 28 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:         Deputy Clerk

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>            Debtor<br>_____<br><br>Karl Avetoom<br><br>            Plaintiff<br>    v.<br><br>Rosa Fridman<br><br>            Defendant | Case No:    8:21-bk-10513-ES<br><br>Adversary Case No:<br><br>Hon: Erithe A. Smith<br><br>Chapter 7<br><br>**COMPLAINT TO DETERMINE DISCHARGE 11 U.S.C. § 523(a)(10).** |

Plaintiff, Karl Avetoom ("Avetoom"), a creditor of the bankruptcy estate *In re Rosa Fridman*, Case No. 8:21-bk-10513-ES holding an aggregate claim in the approximate amount of $1,199,740 respectfully represents and alleges with his Complaint as follows:

### I. STATEMENT OF JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding ("Adversary Proceeding") pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. § 523(a)(10) of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I).

1

ADVERSARY COMPLAINT

2. Venue for this Adversary Proceeding properly lies in this Judicial District in that this civil proceeding arises under Title 11 of the United States Code as provided under 28 U.S.C. § 1409.

3. This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy cases of *In re Rosa Fridman*, Case No. 8:21-bk-10513-ES, on the docket of this Court and *In re Moisey Fridman and Rosa Fridman* Case No. 8:12-bk-11721-ES. The Debtor's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on February 26, 2021.

4. Plaintiff, Karl Avetoom, is creditor of the Debtor/Defendant's bankruptcy estate in the initial amount of approximately $1,199,740. Specifically, as a consequence of the Debtor/Defendant's willful and malicious behavior, on November 18, 2011, the Orange County Superior Court entered a judgment in favor of Plaintiff Avetoom and against the Debtor/Defendant for $1,000,000.00.

5. Thereafter, the November 2011 Judgment was reduced to $650,000 on or about January 6, 2012.

6. On or around February 10, 2021 the Judgment was renewed in the approximate amount of $1,199,740.

## II. STATEMENT OF STANDING

7. The Plaintiff, as a creditor of the Debtor's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523.

## III. GENERAL ALLEGATIONS

8. Plaintiff Avetoom is informed and believe and thereon allege the following facts to justify that his claim of approximately $1,199,740, not including additional attorneys' fees and any and all pre-petition interest, against the Debtor Rosa Fridman shall be deemed non-dischargeable under Section 523 (a)(10) of the Bankruptcy Code.

## IV. **FACTUAL ALLEGATIONS**

9. On November 18, 2011, the Orange County Superior Court, Honorable Karen L. Robinson presiding, entered a Judgment in the matter entitled, *Karl Avetoom v. Moisey Fridman and Rosa Fridman*, Orange County Superior Court Case No. 30-2010-00345490, in favor of Avetoom in the total amount of $1,000,000 against the Fridmans.

10. As detailed in the November 2011 Judgment, which was the result of a 12-person jury verdict, the jury found that Moisey Fridman and Debtor/Defendant Rosa Fridman engaged in outrageous conduct that intended to cause intentional infliction of emotional distress to Karl Avetoom, and that the Fridmans' behavior, by clear and convincing evidence, involved fraud, oppression and malice. The unanimous jury also awarded punitive damages against Moisey Fridman and Debtor/Defendant Rosa Fridman.

11. On January 6, 2012, the Orange County Superior Court, Judge Karen L. Robinson presiding, issued the Order re: Defendants' Motion For New Trial and Motion for Judgment ("New Trial Order"). As detailed in January 2012 New Trial Order, the Orange County Superior Court denied the Fridmans' motion for a new trial on the condition that Karl Avetoom (Objecting Creditor) agreed to reduce his punitive damages to $25,000 as to each of the Fridmans, including Rosa Fridman (Debtor). The Orange County Superior Court confirmed in the January 2012 New Trial Order that the jury verdict in favor of Avetoom and against the Fridmans for $1,000,000 was supported by substantial evidence confirming Fridmans intentional infliction of emotional distress towards Karl Avetoom.

12. Soon thereafter on February 10, 2012, Debtors Moisey and Rosa Fridman filed a Chapter 13 bankruptcy case 8:12-bk-11721-ES. On February 24, 2012, the Debtors filed their Schedules, Statement of Financial Affairs and related documents in this bankruptcy case listing the debt owed to Plaintiff from the state court action (OCSC No. 30-2010-00345490) by Plaintiff against Debtor [8:12-bk-11721-ES Doc 178]. Debtor's case 8:12-bk-11721-ES was later converted to Chapter 7.

13. On or around July 30, 2012 the Chapter 7 Trustee in Case No. 8:12-bk-11721-ES filed an adversary proceeding seeking non-discharge under Sections 727(a)(2), (4), and (5) against Debtor/Defendant Moisey Fridman and Rosa Fridman, Adversary Case No. 8:13-ap-01253-ES.

14. On or around January 30, 2015 Debtor Rosa Fridman stipulated to non-discharge of all debts in their bankruptcy case 8:12-bk-11721-ES under all claims for relief sought by the Chapter 7 Trustee in Adversary Case No. 8:13-ap-01253-ES, arising under 11 U.S.C. § 727(a)(2), (4), and (5)[Case 8:13-ap-01253-ES Doc 73].

15. On or around February 18, 2015 this Court entered an Order denying discharge under Section 727 of the bankruptcy code against Moisey Fridman and Rosa Fridman [Case 8:13-ap-01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including those under 11 U.S.C. § 727(a)(2), (4), and (5).

16. On or around February 10, 2021 Plaintiff renewed his Judgment in Orange County Superior Court case no. 30-2010-00345490 against Debtor in the amount of approximately $1,199,740.

17. On or around February 26, 2021 Debtor Rosa Fridman filed for Chapter 7 Bankruptcy, case No. 8:21-bk-10513-ES. In her schedules Debtor/Defendant lists the debt to Plaintiff previously listed in her 2012 bankruptcy petition (8:12-bk-11721-ES) owed to Plaintiff Avetoom arising from the 2011 Judgment in Orange County Superior Court case no. 30-2010-00345490 [Case 8:21-bk-10513 Doc 1, Schedule D].

## V.  **FIRST CAUSE OF ACTION**

[11 U.S.C. § 523(a)(10)]

Against Debtor/Defendant Rosa Fridman

18. Plaintiff Karl Avetoom hereby alleges and incorporates by reference, Paragraphs 1 through 16, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

19. Pursuant to U.S.C. § 523(a)(10), the Court shall except from the Debtor/Defendant's discharge any debt:

> **(a)** A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> **(10)** that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this

title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act;

20. Plaintiff Avetoom is informed and believes that the Debtor/Defendant Rosa Fridman declared her prepetition debt owed to Plaintiff arising from the Orange County Superior Court case no. 30-2010-00345490 in her prior bankruptcy petition (8:12-bk-11721-ES).

21. Plaintiff Avetoom is informed and believes that Debtor/Defendant Rosa Fridman was denied discharge of all debts, including the prepetition debt owed to Plaintiff arising from Orange County Superior Court case no. 30-2010-00345490, under Section 727(a)(2),(4) and (5) in Debtor Defendant's prior bankruptcy, case no. 8:12-bk-11721-ES (related adversary case. No. 8:13-ap-01253-ES).

22. Plaintiff Avetoom is informed and believes and thereon alleges that his claims in the approximate total amount of $1,199,740 against Debtor Rosa Fridman should be deemed non-dischargeable under Section 523(a)(10).

**WHEREFORE, Plaintiffs Karl Avetoom prays for** judgment under Section 523(a)(10) of the Bankruptcy Code against Debtors Rosa Fridman as follows:

### ON THE FIRST CAUSE OF ACTION

1. That Plaintiff Karl Avetoom claim that total in the approximate amount of $1,199,740 against Debtor Rosa Fridman be deemed non-dischargeable under Section 523(a)(10) of the Bankruptcy Code.

### ON ALL CAUSES OF ACTION

2. For all fees and costs as provided under the law.
3. For all further relief and the Court deems just and proper.

Dated May 28, 2021                                   By: /s/ Karl Avetoom
                                                     Karl Avetoom
                                                     Creditor and Plaintiff, In Pro Per

5

ADVERSARY COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) RECEIVED MAY 28 2021 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: _____ Deputy Clerk |
|---|---|
| **PLAINTIFFS** <br><br> KARL AVETOOM | **DEFENDANTS** <br><br> ROSA FRIDMAN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) <br> SCOTT TALKOV, State Bar No. 264676 <br> 2900 Adams St Ste C225   Riverside, California 92504 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargability of Debtor under Section 523(a)(10) of the Bankruptcy Code.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
   (continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>ROSA FRIDMAN | BANKRUPTCY CASE NO.<br>8:21-bk-10513-ES | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Erithe A. Smith | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Karl Avetoom* | | | |
| DATE<br>May 28, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Karl Avetoom | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.