Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | ) Case No:    8:21-bk-10513-ES |
| | ) |
| Rosa Fridman | ) Adversary Case No:  8:21-ap-01023-ES |
| | ) |
| Debtor | ) Hon:  Erithe A. Smith |
| | ) |
| ———————————————— | ) Chapter 7 |
| | ) |
| Karl Avetoom | ) **PLAINTIFF'S REQUEST FOR JUDICIAL** |
| | ) **NOTICE IN SUPPORT OF PLAINTIFF'S** |
| Plaintiff | ) **MOTION FOR SUMMARY JUDGMENT.** |
| | ) **[F.R.EVID. § 201]** |
| v. | ) |
| | ) **Hearing Info:** |
| Rosa Fridman | ) September 9, 2021 2:00 p.m. |
| | ) Crtrm. 5A 411 W. Fourth St. Santa Ana CA 92701 |
| Defendant | ) |
| ———————————————— | ) |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO**

**DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL**

**OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff KARL AVETOOM ("AVETOOM" or "Plaintiff") hereby submits his Request for

Judicial Notice in support of his Motion for Summary Judgment and/or Summary Adjudication

Plaintiff request this Court take judicial notice of the following matters, pursuant to Federal

Rule of Evidence § 201.

Dated July 12, 2021                    By: /s   Karl Avetoom

1

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

| REQUEST FOR JUDICIAL NOTICE EXHIBIT NO. | DESCRIPTION |
| --- | --- |
| 1. | November 18, 2011 judgment against Defendant Rosa Fridman in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490, ("the 2011 State Court Judgment"). |
| 2. | Order denying Defendant's Motion for New Trial and Judgment Notwithstanding the Verdict ("JNOV") filed January 6, 2012 in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490, "the 2011 State Court Judgment." |
| 3. | Reporter's Transcript of Proceedings January 4, 2012 in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490. |
| 4. | February 2, 2012 Abstract of Judgment in the amount of $650,000 in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490. |
| 5. | November 9, 2011 TRO in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490. |
| 6. | November 22, 2011 Preliminary Injunction issued in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490. |
| 7. | July 14, 2014 Order and Judgment of Contempt against Defendants Moisey Fridman and Rosa Fridman in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490. |
| 8. | January 27, 2015 Order and Judgment of Contempt against Defendants Moisey Fridman and Rosa Fridman in the matter of |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

| | | |
|---|---|---|
| 1 2 | | *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490. |
| 3 4 | 9. | Notice of Defendant's Chapter 13 Bankruptcy Case 8:12-bk-11721-ES filing date February 10, 2012. |
| 5 6 7 | 10. | Debtor's Notice Of Conversion Of Bankruptcy Case From Chapter 13 To Chapter 7 [11 U.S.C. §1307(A), Lbr 1017-1, Lbr 3015-1(Q)(2)] Case 8:12-Bk-11721-Es Doc 36 Filed 05/24/12 |
| 8 9 | 11. | Case 8:12-bk-11721-ES Doc 12 Filed 02/24/12 Schedule D  (Doc. 12  Page 11 of 36) |
| 10 11 | 12. | Amended Schedule F filed by Defendant 8:12-bk-11721-ES Doc 178 Filed 04/11/13 (Doc. 178 pg. 2) |
| 12 13 14 15 | 13. | 2013 Chapter 7 Trustee's Adversary Complaint Case 8:12-bk-11721-ES Doc 256 Filed 07/30/13 *Karl T. Anderson v. Moisey Fridman and Rosa Fridman* Adversaary Case No. 8:13-ap-01253-ES |
| 16 17 | 14. | Defendant's Stipulation to Entry Of Judgment Denying Debtors Their Discharges; Case 8:13-ap-01253-ES Doc 73 Filed 02/09/15 |
| 18 19 | 15. | Case 8:13-ap-01253-ES Doc 74 Filed 02/18/15 Judgment Denying Debtors Their Discharges |
| 20 21 | 16. | *First Amended Complaint in Avetoom v. Risbrough, et al* OCSC case no. 30-2015-00820760.  Filed 1/12/2016 |
| 22 23 24 | 17. | May 30, 2019 *Minute Order denying Defendant's Motion for Summary Judgment in Avetoom v. Risbrough, et al* OCSC case no. 30-2015-00820760 |
| 25 26 27 | 18. | July 3, 2019 filed Request for Dismissal of Risbrough and Darling & Risbrough, LLP., *in Avetoom v. Risbrough, et al* OCSC case no. 30-2015-00820760. |
| 28 | 19. | Reporter's Transcript of Proceedings July 9, 2019 in *in Avetoom v.* |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

| | | |
|---|---|---|
| 1 | | *Risbrough, et al* OCSC case no. 30-2015-00820760. |
| 2 | 20. | February 13, 2020 Minute Order in *Avetoom v. Risbrough, et al.,* |
| 3 | | Orange County Superior Court case no. 30-2015-00820760. |
| 4 | 21. | *Application For And Renewal of Judgment.* Filed February 10, 2021 |
| 5 | | in *Avetoom v. Arce, et al.* OCSC 30-2010-00345490. |
| 6 | 22. | February 22, 2021 Order to Show Cause Re Contempt in *Avetoom v.* |
| 7 | | *Arce, et al.* OCSC 30-2010-00345490. *Avetoom v. Arce, et al.* |
| 8 | 23. | Case 8:21-bk-10513 Doc 1 Filed 02/26/21 |
| 9 | | Defendant Rosa Fridman's 2021 Chapter 7 case.  Petition with |
| 10 | | schedules. |
| 11 | 24. | Case 8:21-ap-01023-ES Doc 1 Filed 05/28/21 |
| 12 | | Filed Adversary Complaint *Avetoom v. Fridman.* 11 U.S.C. |
| 13 | | § 523(a)(10). |
| 14 | 25. | Case 8:21-ap-01023-ES Doc 6 Filed 06/07/21 |
| 15 | | *First Amended Complaint.* 8:21-ap-01023-ES Doc 6 |
| 16 | 26. | Case 8:21-ap-01023-ES Doc 7 Filed 06/28/21 |
| 17 | | Defendant Rosa Fridman's Answer To Plaintiff's Complaint To |
| 18 | | Determine Discharge 11 U.S.C. § 523(a)(10). |
| 19 | 27. | Case 8:12-bk-11721-ES Claim 2-1 Filed 03/27/12 |
| 20 | | Plaintiff's Proof of Claim for 2011 State Court Judgment in *Avetoom* |
| 21 | | *v. Arce, et al 30-2010-00345490.* |
| 22 | 28. | Case 8:21-bk-10513-ES Claim 1-1 Filed 04/21/21 |
| 23 | | Plaintiff's Proof of Claim for 2011 State Court Judgment in *Avetoom* |
| 24 | | *v. Arce, et al 30-2010-00345490.* |

25

26                                                         *s/  Karl Avetoom*

27   Dated June 12, 2021                    By:  _____

28                                                         Karl Avetoom
                                                              Creditor and Plaintiff, In Pro Per

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "1"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.



1   Charles Murray, III.  SBN: 195053
    523 West Sixth Street, Suite 707
2   Los Angeles, California 90014
    T.213.627.5983
3   F.213.627.6051

4   Attorney for Plaintiff

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER

10  KARL AVETOOM,                  ) Case No: 30-2010-00345490
                                   )
11           Plaintiff,            ) Assigned to:
                                   )
12       vs.                       ) HON. JUDGE KAREN L. ROBINSON
                                   ) Dept: H12
13                                 )
                                   )
14                                 )
    MOISEY FRIDMAN and ROSA        ) [PLAINTIFF'S PROPOSED] JUDGMENT
15                                 )
    FRIDMANS, as individuals, and  )
16                                 )
    DOES 1-50,                     )
17                                 )
             Defendants            )
18  _____

19

20       This cause came on regularly for trial on October 18, 2011 in

21  department H12, the Honorable Karen L. Robinson, Judge, presiding.

22  Plaintiff Karl Avetoom appeared by Charles L. Murray III of the Law

23  Offices of Charles L. Murray III, his attorney.  Defendants Moisey

24  and Rosa Fridman appeared by D. Michael Bush of the Law Office of D.

25  Michael Bush, their attorney.

26       The trial was bifurcated. The first phase of the trial

27  consisted of the liability issues on the complaint; the second phase

28  would consist of punitive damages.  A jury of twelve persons was

                              - 1 -

                    [PLAINTIFF'S PROPOSED] JUDGMENT

1  regularly impaneled and sworn to try the action.

2        FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT

3               [MOISEY FRIDMAN]

4      After hearing the evidence, arguments of counsel, and

5  instructions of the Court, and the following questions as stipulated

6  to by the parties, the jury deliberated and unanimously returned the

7  special verdict on the first phase-complaint, of the trial that

8  stated:

9

10  "We answer the questions submitted to us as follows:

11     1. Was Moisey Fridman's conduct outrageous?

12

13      __X__ Yes _____ No

14

15     If your answer to question 1 is yes, then answer question 2.

16     If you answered no, stop here, answer no further questions,

17     and have the presiding juror sign and date this form.

18

19     2. Did Moisey Fridman intend to cause Karl Avetoom

20     emotional distress?

21        or

22     Did Moisey Fridman act with reckless disregard of the

23     probability that Karl Avetoom would suffer emotional

24     distress, knowing that Karl Avetoom was present when the

25     conduct occurred?

26

27      __X__ Yes _____ No

28

<div align="center">- 2 -</div>

1  If your answer to question 2 is yes, then answer question 3.

2  If you answered no, stop here, answer no further questions,

3  and have the presiding juror sign and date this form.

4

5  3. Did Karl Avetoom suffer severe emotional distress?

6

7  __X__ Yes _____ No

8

9  If your answer to question 3 is yes, then answer question 4.

10  If you answered no, stop here, answer no further questions,

11  and have the presiding juror sign and date this form.

12

13  4. Was Moisey Fridman's conduct a substantial factor in

14  causing Karl Avetoom's severe emotional distress?

15

16  __X__ Yes _____ No

17  If your answer to question 4 is yes, then answer question 5.

18  If you answered no, stop here, answer no further questions,

19  and have the presiding juror sign and date this form.

20

21  5. What are Karl Avetoom's damages?

22

23  [a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,

24  humiliation, and shame:.............................. $ 200,000.00

25

26  [b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,

27  worry, shock, humiliation, and shame:................ $ 100,000.00

28

- 3 -

[PLAINTIFF'S PROPOSED] JUDGMENT

1    .................................... TOTAL $300,000.00

2

3    6. Did Defendant Rosa Fridman engage in a Conspiracy with

4    Defendant Moisey Fridman?

5

6                          Or

7    Did Rosa Fridman aide and abet Moisey Fridman to cause Karl

8    Avetoom intentional infliction of emotional distress?

9

10        __X__ Yes _____ No

11

12   Please proceed to question #7

13

14   7.   Did Defendant Moisey Fridman engage in conduct, by clear

15   and convincing evidence, with either "malice", "oppression", or

16   "fraud"?

17        __X__ Yes _____ No

18

19

20   Signed: /s/

21

22   Presiding Juror"

23

24        FIRST PHASE OF THE TRIAL~PLAINTIFF'S SPECIAL VERDICT

25                    [ROSA FRIDMAN]

26       After hearing the evidence, arguments of counsel, and

27   instructions of the Court, and the following questions as stipulated

28   to by the parties, the jury deliberated and unanimously returned the

                              - 4 -

1   special verdict on the first phase-complaint, of the trial that
2   stated:
3   "We answer the questions submitted to us as follows:
4       1. Was Rosa Fridman's conduct outrageous?
5
6       __X__ Yes _____ No
7
8   If your answer to question 1 is yes, then answer question 2.
9   If you answered no, stop here, answer no further questions,
10  and have the presiding juror sign and date this form.
11
12      2. Did Rosa Fridman intend to cause Karl Avetoom emotional
13  distress?
14          or
15  Did Rosa Fridman act with reckless disregard of the
16  probability that Karl Avetoom would suffer emotional
17  distress, knowing that Karl Avetoom was present when the
18  conduct occurred?
19
20      __X__ Yes _____ No
21
22  If your answer to question 2 is yes, then answer question 3.
23  If you answered no, stop here, answer no further questions,
24  and have the presiding juror sign and date this form.
25
26      3. Did Karl Avetoom suffer severe emotional distress?
27
28      __X__ Yes _____ No

- 5 -

[PLAINTIFF'S PROPOSED] JUDGMENT

If your answer to question 3 is yes, then answer question 4.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


  4. Was Rosa Fridman's conduct a substantial factor in
causing Karl Avetoom's severe emotional distress?


  __X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


  5. What are Karl Avetoom's damages?

[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:............................. $ 200,000.00

[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,00.00


  ..................................... **TOTAL** $300,000.00


  6. Did Defendant Moisey Fridman engage in a Conspiracy with
Defendant Rosa Fridman?


                  Or

Did Moisey Fridman aide and abet Rosa Fridman to cause Karl

- 6 -

1        Avetoom intentional infliction of emotional distress?

2

3        __X__ Yes _____ No

4

5  Please proceed to question #7

6        7.    Did Defendant Rosa Fridman engage in conduct, by clear and

7        convincing evidence, with either "malice", "oppression", or

8        "fraud"?

9        __X__ Yes _____ No

10

11  Signed: /s/

12  Presiding Juror"

13

14            **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

15              **PUNITIVE DAMAGES AGAINST MOISEY FRIDMAN**

16        After hearing the evidence, arguments of counsel, and

17  instructions of the Court, the jury deliberated and unanimously

18  returned a special verdict on the second phase of the trial-punitive

19  damages, awarding:

20        $200,000.00 in punitive damages against Moisey Fridman.

21

22            **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

23              **PUNITIVE DAMAGES AGAINST ROSA FRIDMAN**

24        After hearing the evidence, arguments of counsel, and

25  instructions of the Court, the jury deliberated and unanimously

26  returned a special verdict on the second phase of the trial-punitive

27  damages, awarding:

28        $200,000.00 in punitive damages against Rosa Fridman.

- 7 -

[PLAINTIFF'S PROPOSED] JUDGMENT

1   NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED that

2   judgment be entered in favor of the plaintiff Karl Avetoom and

3   against defendants Moisey Fridman and Rosa Fridman on the complaint,

4   as follows:

5       The Court orders judgment against Moisey Fridman as follows:

6   $300,000.00 non-economic damage for intentional infliction of

7   emotional distress, and $200,000.00 in punitive damages by a finding

8   of clear and convincing evidence of malice, oppression or fraud

9   causing intentional infliction of emotional distress.

10      The Court orders judgment against Rosa Fridman as follows:

11  $300,000.00 non-economic damage for intentional infliction of

12  emotional distress, and $200,000.00 in punitive damages by a finding

13  of clear and convincing evidence of malice, oppression or fraud

14  causing intentional infliction of emotional distress.

15

16      The entire judgment against defendant Moisey Fridman is

17  $500,000.00; ($300,000.00 is joint and several with defendant Rosa

18  Fridman for compensatory damages).

19      The entire judgment against defendant Rosa Fridman is

20  $500,000.00; ($300,000.00 is joint and several with defendant Moisey

21  Fridman for compensatory damages).

22

23      All sums awarded hereunder will bear interest at the legal rate

24  of 10% per annum from the date ~~of this~~ judgment is entered until

25  paid.

26

27  Dated:  _11. 18. 11_          _Karen L Robinson_

28                                Hon. Karen L. Robinson
                                  Judge of the Superior Court

                                      - 8 -

_____

[PLAINTIFF'S PROPOSED] JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "2"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JAN 06 2012

ALAN CARLSON, Clerk of the Court

L. Reid
BY L. REID

1
2
3
4
5
6
7     SUPERIOR COURT OF THE STATE OF CALIFORNIA
8     COUNTY OF ORANGE - HARBOR JUSTICE CENTER - NEWPORT BEACH
9

| | |
|---|---|
| 10    Karl Avetoom, | 30-2010-00345490 |
| 11         Plaintiff, | |
| 12              v. | **ORDER RE: DEFENDANTS' MOTION FOR NEW TRIAL AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT** |
| 13    Lynsey Arce, aka Lynsey Diosa Arce, an individual, Moisey Fridman and Rosa Fridman, as individuals and Does 1-50, | |
| 14 | |
| 15         Defendants. | Hon. Karen L. Robinson |
| 16 | Dept. H1 |

17

18         Defendants' Motion for New Trial and Motion for Judgment Notwithstanding the Verdict

19    came on regularly for hearing before the Honorable Karen L. Robinson on January 4, 2012, at 1:30

20    p.m. in Department H1 of the above entitled court.  Charles Murray, III., appeared on behalf of

21    plaintiff, Karl Avetoom.  D. Michael Bush appeared on behalf of defendants, Moisey Fridman and

22    Rosa Fridman (Defendants).

23         The court, having reviewed the moving, opposing and reply papers filed in support and

24    opposition to the motions, as well as the respective objections that the parties filed regarding the

25    others' papers, and good cause appearing therefore, hereby rules as follows:

26    I.    **Motion for New Trial**

27         The Motion for new trial is denied, conditioned on plaintiff's consent to a reduction of

28

1   punitive damages against both defendants to $25,000 each, which this court determines to be fair and

2   reasonable, in view of the financial condition evidence that was presented. If, however, the plaintiff

3   does not consent to this reduction in the amount of punitive damages, in writing, filed with the court,

4   by January 11, 2012, then the defendants' motion for new trial on the limited issue of punitive

5   damages is granted. See, *Torres v. Automobile Club of Southern California, (1997) 15 Cal 4th 771,*

6   *782 [defendant not entitled to a new trial on liability and compensatory damages following reversal*

7   *of a punitive damage award]*.

8

9   **A.  The verdicts were supported by substantial evidence and the felony conviction was
        properly excluded**

10      The Court finds that the jury's verdict on the Intentional Infliction of Emotional Distress

11  claim was overwhelmingly supported by the evidence and rejects defendant's contention that

12  inclusion of plaintiff's felony conviction would have had any discernible probative value.  This

13  remote, low-level felony conviction is plainly insufficient to justify defendants' 100-plus late night

14  hang up telephone calls to plaintiff and his wife, their ongoing hate filled racial name calling of

15  plaintiff as – an "Arabic Terrorist" "Muslim Terrorist" Middle Eastern Terrorist"- and hostile

16  statements—such as that plaintiff should not have children and that his wife was never pregnant but

17  is just fat or their threats to send plaintiff to jail and failed efforts to do so. Defendants' theories to the

18  contrary are without merit. Moreover, any probative value of the felony conviction was clearly

19  outweighed by the substantial likelihood that its admission would necessitate an undue consumption

20  of time and create a substantial danger of confusing the issues and misleading the jury as plaintiff

21  would have been permitted to put on evidence to explain the felony and otherwise convince the jury

22  that it was not probative of his credibility. Ev. Code §352.

23

24  **B.  The Court properly refused to send the Arce deposition transcript into the jury**

25  **room and even if there was error, defendants have failed to show any prejudice**

26      Defendants did not want to incur the cost of making 12 copies of the Arce Deposition

27  Transcript for the jurors.  That alone is reason to deny their motion for new trial on this ground,

28

1 │ which is predicated upon the stated error that it was the court that precluded the transcript from going

2 │ into the jury room. However, CCP §612 expressly prohibits the jury from taking depositions into the

3 │ jury room.   Even if it were error not to allow the deposition transcript to go into the jury room,

4 │ defendants have failed to demonstrate any prejudice from the error, as the transcript was read to the

5 │ jurors without restriction in open court.

6 │

7 │                **C.  The Court properly refused Jury Instruction 1605, and even if there was error in its**

8 │                **exclusion, plaintiff has failed to show any prejudice from the error**

9 │            The rejection of CACI 1605 was likewise proper. On July 10, 2011, Judge Moss denied

10 │ defendant's CCP 425.16 Anti SLAPP motion as to the Intentional infliction of Emotional Distress

11 │ cause of action, noting that the gravamen of the claim was supported by defendants' harassing and

12 │ unprivileged telephone calls.   Again, in response to defendants' motion for judgment on the

13 │ pleadings, Judge Moss stated that the trier of fact would determine whether defendants' telephone

14 │ calls constituted outrageous conduct.   Moreover, the Intentional infliction of Emotional Distress

15 │ claim included a host of other highly offensive conduct and cruel statements repeatedly uttered by

16 │ defendants.   Defendants have not cited a single case that would allow this court-even were it so

17 │ inclined-to abrogate the law of the case as previously ruled by Judge Moss. Whether a small portion

18 │ of defendants' conduct might be remotely connected to protected speech does not overcome the

19 │ malicious nature of their actions, which constitute the gravaman of this action.

20 │            Here, the jury evaluated defendants' conduct and found it to be malicious. As explained in

21 │ *Lundquist v. Reusser (1994) 7 Cal.4th 1193, 1205*, "[I]f malice is shown, the privilege is not merely

22 │ overcome; it never arises in the first instance." In enacting section 47, subdivision (c), "the

23 │ Legislature intended to codify without change the common law common-interest privilege. At

24 │ common law, that privilege embodied a two-step analysis, under which the defendant bore the initial

25 │ burden of demonstrating that the allegedly defamatory communication was made upon a privileged

26 │ occasion, and the plaintiff then bore the burden of proving that defendant had made the statement

27 │ with malice." (*Id. at 1208.*) "The malice referred to by the statute is actual malice or malice in fact.

28 │

1  that is, a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure

2  another person." (*Id.* at 1213.)  Thus, any protection afforded pursuant to a finding of a CACI 1605

3  privilege was not available to defendants and acceptance of this proposed instruction would not have

4  changed the outcome of the trial. *Lundquist v. Reusser (1994) 7 Cal.4th 1193, 1205.*

5

6        **D.  The defendants were not deprived of their right to protected speech.**

7        Defendants claim they were denied their right to protected speech. This ground for a new trial

8  fails for all of the reasons noted above concerning jury instruction 1605.  The defendants were not

9  denied any rights to protected speech.   Plaintiff's relentless verbal racial attacks of plaintiff-

10  repeatedly calling him an "Arab terrorist" a "middle eastern terrorist" a "Muslim terrorist" and

11  "Hitler", making 119 hang up telephone calls to plaintiff and his wife during the middle of the night

12  over a one month period; making fun of plaintiff and his wife's miscarriage, and continually

13  threatening plaintiff that he is going to jail or that he should be in jail is not protected speech and in

14  no way relates to any "public" interest.  These comments and conduct relate solely to defendants'

15  private war against and hatred of plaintiff.  Defendants have cited no authority to the contrary.

16  Accordingly, the motion for new trial on this stated ground is likewise denied.

17

18        **E.  Defendants' new trial request for a based on juror misconduct fails for several**

19            **reasons**.

20        It is well settled that a party moving for new trial on the ground of juror misconduct must

21  show, by declaration or affidavit, that (1) misconduct occurred; (2) the misconduct was prejudicial to

22  a fair trial and cannot be remedied; (3) neither the moving party nor his or her attorney knew of the

23  misconduct until after the verdict, and (4) the attorney for the moving party acted promptly after

24  learning of the misconduct to call it to the court's attention. *Linhart v. Nelson (1976) 18 Cal 3d 641,*

25  *644-645*; *Weathers v. Kaiser Found Hosps. (1971) 5 Cal.3d 98, 103.*  Moreover, Juror misconduct as

26  a ground for granting a motion for new trial must be presented entirely by affidavits or declarations.

27  CCP §658 and 657(2); *Linhart v. Nelson, supra, 18 Cal. 3d at 644.*

28

1    As to the alleged juror misconduct in this case, defendants argue in their moving papers that,

2    "The jury is charged with the duty to weigh and balance evidence.  It was inherently impossible for

3    the jury to deliberate for 3 hours, which included a 1 ½ hour lunch break and make such a large

4    award."  This is the sum total of defendants argument regarding juror misconduct.

5    Defendants did not file any affidavits or declarations pertaining to the claimed juror

6    misconduct – failing to weigh and balance the evidence - ie., arriving at a verdict by chance or

7    quotient/agreeing to a compromise verdict. While admissible evidence of juror misconduct is limited,

8    courts have held that juror declarations are admissible to show that one or more jurors agreed to a

9    chance or quotient verdict (see, *Lara v. Nevitt (2004) 123 Cal. App. 4*$^{th}$ *454, 462-463)* as well as to a

10   compromise verdict (see *Lauren H. v. Kannappan (2002) 96 Cal. App. 4*$^{th}$ *834, 838-842*).  Despite the

11   authority for such declarations from jurors, none were submitted here.

12   Nor did defendants submit the required affidavits or declarations establishing that neither they

13   nor their attorney knew of the misconduct until after the verdict or that the attorney for the moving

14   party acted promptly after learning of the misconduct to call it to the court's attention.  Indeed, it was

15   precisely at the moment the verdicts were read that defendants' were or should have been aware of

16   the jurors' alleged misconduct as defendants knew when the jury began its deliberations and when the

17   jury returned its verdicts. If there was any concern that the jurors may have engaged in the

18   misconduct alleged by defendants during their deliberations, then the time to bring it to the courts

19   attention was then, immediately after the reading of the verdicts, ***before*** the jurors were discharged.

20   Defendants failed to do so and presented no declarations here to establish the contrary.

21   Moreover, by failing to bring the alleged juror misconduct to the court's attention

22   immediately after the verdicts were read and before the jury was discharged the defendants have

23   waived any right to a new trial on this ground. *Weathers v. Kaiser Found Hosps. (1971) 5 Cal.3d 98,*

24   *103.*

25   **F.  Excessive Damages**

26   The arguments presented by defendants in the motion for new trial contain only the sparsest

27   reference to an excessive award in connection with the evidence supporting punitive damages. These

28

1  arguments are, instead, included in the JNOV and are "incorporated" into the new trial motion

2  without citation to any legal authority to do so. The Court, nevertheless, independently finds that the

3  evidence submitted to this jury clearly supports the award of compensatory damages, but does not

4  support an award of $200,000 in punitive damages against each defendant.

5       *1. Compensatory Damages*

6       Upon weighing the evidence and determining the credibility of the witnesses, the court finds

7  that the noneconomic compensatory damages awarded against both defendants were not excessive

8  and were completely substantiated by the evidence of the pain and suffering experienced by plaintiff

9  as a result of the defendants conduct which exceeded the bounds of decency in a civilized society and

10 was extreme and outrageous.  That conduct toward plaintiff included repeated insulting and hateful

11 racial name calling- "Arab terrorist," "Muslim terrorist," "Middle Eastern Terrorist,"; constant threats

12 of sending plaintiff to jail and failed efforts to do so; hurtful and insensitive comments and joking

13 about plaintiff and his wife's miscarriage, and nearly 120 hang up calls to plaintiff and his wife's cell

14 phones in the middle of the night in December 2010. As a result of defendants conduct plaintiff

15 experienced tightness in his chest, has developed elevated blood pressure, disinterest in sexual

16 relations with his wife, has become more and more agitated, unable to sleep, unable to focus on his

17 work, is exhausted all of the time, cries at night, and has been prescribed medication for the

18 emotional stress he is suffering.

19      *2. Punitive Damages*

20      As the California Supreme Court has held, "[B]ecause the quintessence of punitive damages

21 is to deter future misconduct by the defendant the key question before the court is whether the

22 amount of damages exceeds the level necessary to properly punish and deter." *Adams v. Murakami,*

23 *(1991) 54 Cal. 3d 105, 110* citing *Neal v. Farmers Insurance Exhange (1978) 21 Cal. 3d 910, 928.*

24 The court cannot make a fully informed determination of whether an award of punitive damages is

25 excessive unless the record contains evidence of the defendant's financial condition. (*Id. at 110-*

26 *111).*    Although there are two other factors to consider in determining if punitive damages are

27 excessive (nature of the defendants misconduct and relationship of the punitive damages to

28

compensatory damages) even if an award is entirely reasonable in light of the other two, the award can be so disproportionate to the defendant's ability to pay that the award is excessive for that reason alone. *Adams, supra 54 Cal 3d at 111.*[1]

A plaintiff seeking an award of punitive damages has the burden of producing evidence of the defendant's financial condition. (*Id. at 119*); *Ev. Code §500.*    Moreover, given the windfall nature of punitive damages, "[I[t is inherently prejudicial to require a defendant to introduce evidence of personal finances. Doing so places the defendant in the position of bidding against himself or herself." (*Id. at 120-121*).

The evidence of the defendants' financial condition, in this case, consisted of the defendants' oral testimony.  Defendant Moisey Fridman testified that he had the following assets and debts:

1. $30,000 IRA;

2. Checking account, balance $100;

3. Unencumbered real property purchased in 1999 for $200,000, present value unknown, $124,000 line of credit;

4. Social security payments of $1,500 per month received by Moisey Fridman;

5. Social security payments of $700 per month received by Rosa Fridman;

6. U.S. Bank account, balance $300.00

7. Union Bank Money Market account, balance $2,500

8. 2007 Toyota Camry

9. No other assets, no recurring debts

Defendant Rosa Fridman testified in sum that her husband's statements were true and that she did not handle their financial affairs. Plaintiff testified, that he believed defendants' condo was worth $400,000 and that they owned some other property with their son.

---

[1] The First factor is the reprehensibility of the defendants conduct.  As the evidence in this case demonstrates. the defendants' conduct was malicious. extreme and outrageous.  This factor weighs heavily in favor of punitive damages.

The second factor the court must consider is the reasonable relationship between the punitive damage award and the injury suffered by plaintiff (compensatory damages). The $200.000 punitive damage award against each defendant is less than the compensatory damages plaintiff received for the harm he has suffered and will continue to suffer and thus there is a reasonable relationship between the punitive damages and the compensatory damages reflecting plaintiff's injury.

1    No evidence or testimony was introduced about the present value of the defendant's primary

2    asset, their residence, or its condition. Nor was any evidence presented confirming defendants'

3    ownership of any other property. On the state of the evidence presented, the jury's punitive damage

4    award of $200,000 per defendant represents nearly 100% of their net worth. This amount of punitive

5    damages is excessive in light of the evidence of defendants' financial condition.

6    Plaintiff's argument that, because the defendants failed to produce documents requested

7    regarding their financial condition. they are estopped from asserting any error. Putting aside the

8    proof of service issue regarding the plaintiff's request of defendants' financial records, it is plaintiff's

9    burden to establish the defendant's financial condition, not the defendants. *Adams, supra 54 Cal 3d*

10   *at 120-121.*

11   Notwithstanding the foregoing, pursuant to CCP §662.5(b) if the plaintiff consents to a

12   reduction in the amount of punitive damages against both defendants to $25,000 each, which this

13   court determines to be fair and reasonable, in view of the financial condition evidence that was

14   presented, then the defendants' motion for new trial on the grounds of excessive punitive damages is

15   denied.    If, however, the plaintiff does not consent to this reduction in the amount of punitive

16   damages, in writing, filed with the court, by January 11, 2012, then the defendants' motion for new

17   trial on the limited issue of punitive damages is granted. See, *Torres v. Automobile Club of Southern*

18   *California, (1997) 15 Cal 4th 771. 782 [defendant not entitled to a new trial on liability and*

19   *compensatory damages following reversal of a punitive damage award].*[2]

20

21

22   **II.    Motion for Judgment Notwithstanding the Verdict**

23   For purposes of a JNOV motion, all evidence supporting the verdict is presumed true. The

24   issue is whether these facts *constitute a prima facie case* or defense *as a matter of law. (Moore v. San*

25   *Francisco (1970) 5 Cal.3d 728, 733.)* Moreover, the trial judge cannot weigh the evidence or

26

27   [2] As indicated herein. the evidence in this case supports an award of punitive damages. Should there be a retrial on that limited issue and plaintiff does present evidence of the defendants true financial condition. including the present value of defendants' unencumbered residence in Newport Beach. California. another award of punitive damages is quite probable.

28

-8-

1  determine the credibility of witnesses on JNOV motions, as it may do on a motion for new trial.

2  (*Hauter v. Zogarts* (1975) 14 Cal.3d 104.)

3  Here, as discussed in the motion for new trial, there is substantial evidence to support the

4  jury's verdict. Accordingly, defendants cannot prevail on this motion. Pursuant to *Reynolds v.*

5  *Wilson (1958) 51 Cal.2d 94, 99*, "[A] JNOV in favor of defendant is proper only where no evidence

6  of "sufficient substantiality" supports the verdict in plaintiff's favor. This is determined by

7  *disregarding* evidence on defendant's behalf, giving plaintiff's evidence all the value to which it is

8  legally entitled, and indulging in every legitimate inference that may be drawn from that evidence."

9  The only argument not previously addressed in the motion for new trial is defendants'

10  contention that the settlement with Arce bars litigation against the defendants because there has not

11  been a finding of good faith; the argument is without merit.

12  Any party, including the defendants, could have sought a determination that the plaintiff and

13  Arce's settlement was made in good faith. (CCP §877.6(a)(1))  Instead, defendants  made no

14  objection when the settlement was placed on the record nor have asserted that the settlement was

15  reached in bad faith. The burden of proof is placed on the party challenging the settlement. *Jones v.*

16  *John Crane (2005) 132 Cal.App.4th 990.*

17  Several courts have recognized that CCP §877 abrogated the common law rule that a

18  settlement with one tortfeasor barred action against any other party liable for the same injury (*Watson*

19  *v. McEwen (1967) 225 Cal.App.2d 771, 775.*) Defendants rely on a case that is currently on appeal

20  before the California Supreme Court and is readily distinguishable on its facts. In *Leung v. Verdugo*,

21  a medical malpractice case previously published at *193 Cal.App.4th 971*, the physician settled for a

22  fraction of his obvious responsibility.  The trial court soundly rejected the settlement, which did not

23  even approximate good faith.  The plaintiff nevertheless proceeded against the remaining defendants.

24  A bad faith finding by the trial court, wherein the details of the case, apportionment and contribution

25  were examined, is far different from the instant matter, where there is simply no finding regarding the

26  settlement at all.  As noted, here, no party even presently contends that the Arce settlement was in

27  ///

28

1  bad faith.  Moreover, any issues of apportionment or contribution are not presently before the court.

2  Accordingly, the motion for judgment notwithstanding the verdict on this ground is denied.

3

4  **IT IS SO ORDERED**.

5

6  Dated: January _6_, 2012

7                                                              Karen L. Robinson
                                                               Superior Court Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE, HARBOR JUSTICE CENTER-NEWPORT BEACH

| | |
|---|---|
| Avetoom<br><br>    Plaintiff(s)<br><br>  Vs.<br><br>Arce<br><br>    Defendant(s) | CASE NUMBER: 30-2101-00345490<br><br>CERTIFICATE OF SERVICE BY MAIL<br>OF Order Re: Motion for New Trial and Motion for<br>Judgment Notwithstanding the Verdict,<br>DATED 01/06/2012 |

I, ALAN CARLSON, Executive Officer and Clerk of the Superior Court, in and for the County of

Orange, State of California, hereby certify; that I am not a party to the within action or proceeding; that on

01/06/2012, I served the Order Re: Motion for New Trial and Motion for Judgment Notwithstanding the

Verdict, dated 01/06/2012, on each of the parties herein named by depositing a true copy thereof, enclosed

in a sealed envelope with postage thereon fully prepaid, in the United States Postal Service mail box at

Newport Beach, California addressed as follows:

D M BUSH
9 CORPORATE PARK, SUITE 100
IRVINE, CA 92606

CHARLES MURRAY, III
523 W. 6TH STREET #707
LOS ANGELES, CA 90014

        ALAN CARLSON,
        Executive Officer and Clerk of the Superior Court
        In and for the County of Orange

DATED: 01/06/2012      By: _L. Reid_____

         L. REID, Deputy Clerk

### CERTIFICATE OF SERVICE BY MAIL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "3"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

1           SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                 FOR THE COUNTY OF ORANGE

3                   HARBOR JUSTICE CENTER

4                     DEPARTMENT H-1

5

6   KARL AVETOOM,                     )
                                      )
7          PLAINTIFF,                 )
                                      )
8      VS.                            ) NO. 30-2010-00345490
                                      )
9   MOISEY FRIDMAN AND ROSA FRIDMAN,  )
                                      )
10         DEFENDANTS.                )
    ──────────────────────────────────)

11

12       HONORABLE KAREN L. ROBINSON, JUDGE PRESIDING

13               REPORTER'S TRANSCRIPT

14                 JANUARY 4, 2012

15

16  APPEARANCES OF COUNSEL:

17  FOR THE PLAINTIFF:    LAW OFFICES OF CHARLES L. MURRAY III
                          BY:  CHARLES L. MURRAY III
                               ATTORNEY AT LAW
18

19
    FOR THE DEFENDANT:    LAW OFFICES OF D. MICHAEL BUSH
20                        BY:  D. MICHAEL BUSH
                               ATTORNEY AT LAW
21

22

23

24  COPY

25

26          MARINA SCOTT, RPR, CSR NO. 10114
                OFFICIAL COURT REPORTER

1       **NEWPORT BEACH, CALIFORNIA - JANUARY 4, 2012**

2                    **AFTERNOON SESSION**

3       **(THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT:)**

4                          \*\*\*\*

5       THE COURT:  ALL RIGHT.  GOOD AFTERNOON, FOLKS.

6       MR. MURRAY:  GOOD AFTERNOON, YOUR HONOR.

7       MR. BUSH:  GOOD AFTERNOON, YOUR HONOR.

8       THE COURT:  I HAD A TENTATIVE RULING SITTING ON

9   COUNSEL TABLE.  DID YOU HAVE A CHANCE TO REVIEW IT?

10      MR. MURRAY:  YES, YOUR HONOR.

11      THE COURT:  ALL RIGHT.  AND JUST FOR THE RECORD, WE

12  ARE HERE IN THE MATTER OF AVETOOM VERSUS FRIDMAN ET. AL.,

13  CASE NUMBER 30-2010-00345490.

14          COUNSEL, YOUR APPEARANCES FOR THE RECORD.

15      MR. MURRAY:  GOOD AFTERNOON, YOUR HONOR.  CHARLES

16  MURRAY ON BEHALF OF THE PLAINTIFF, MR. AVETOOM, WHO IS

17  PRESENT.

18      MR. BUSH:  GOOD AFTERNOON, YOUR HONOR.  MICHAEL BUSH

19  REPRESENTING THE FRIDMANS, WHO ARE PRESENT IN COURT TODAY.

20      THE COURT:  ALL RIGHT.  BEFORE I HEAR ORAL ARGUMENT

21  FROM COUNSEL I WANT TO EXPOUND A LITTLE BIT ON MY

22  TENTATIVE RULING.  AND I'LL TAKE THE MOTIONS IN ORDER, THE

23  DEFENDANTS' MOTION FOR NEW TRIAL FIRST.

24          THEY ARGUE SEVEN REASONS WHY THEY ARE ENTITLED TO

25  A NEW TRIAL.  I'LL ADDRESS EACH REASON IN THE ORDER THAT

26  IT WAS PRESENTED IN THE MOVING PAPERS.  THE FIRST IS THAT

1 THE COURT ABUSED ITS DISCRETION IN EXCLUDING ADMISSION OF

2 PLAINTIFF'S 15-YEAR-OLD FELONY.

3      WHILE EVIDENCE CODE SECTION 788 PERMITS THE

4 ADMISSIBILITY OF FELONY IMPEACHMENT EVIDENCE UPON A TIMELY

5 AND SPECIFIC OBJECTION, THE COURT IS REQUIRED UNDER

6 EVIDENCE CODE SECTION 352 TO BALANCE THE PROBATIVE VALUE

7 OF THE IMPEACHMENT EVIDENCE AGAINST THE PROBABILITY THAT

8 ITS ADMISSION WILL (A) NECESSITATE UNDUE CONSUMPTION OF

9 TIME OR; (B) CREATE SUBSTANTIAL DANGER OF UNDUE PREJUDICE

10 OR CONFUSING THE ISSUES OR OF MISLEADING THE JURY.

11      IN THIS CASE THE PLAINTIFF MOVED IN LIMINE FOR AN

12 ORDER EXCLUDING ALL REFERENCE TO HIS FELONY CONVICTION AND

13 ARGUED NUMEROUS REASONS FOR THE EXCLUSION INCLUDING

14 EVIDENCE CODE SECTION 352.  SPECIFICALLY PLAINTIFF ARGUED

15 THAT (1) THE LOW LEVEL FELONY WAS REMOTE IN TIME OCCURRING

16 IN 1996.  IT WAS 15 YEARS OLD; (2) PLAINTIFF WAS YOUNG AT

17 THE TIME OF HIS 1996 CONVICTION; (3) SINCE HIS CONVICTION

18 PLAINTIFF HAS LED A LAW-ABIDING LIFE WITH NO FURTHER

19 CRIMINAL RECORD, AND, AS I RECALL, NOT EVEN A TRAFFIC

20 CITATION; NUMBER (4) PLAINTIFF WENT ON TO GRADUATE FROM

21 COLLEGE AND LAW SCHOOL AND CURRENTLY WORKS AS A PARALEGAL;

22 (5) THE UNDERLYING CONVICTION WAS DISPUTED AS PLAINTIFF

23 WAS NOW SEEKING A DETERMINATION OF FACTUAL INNOCENCE, AND

24 THAT MATTER WAS THEN PENDING BEFORE THE APPELLATE COURT;

25 (6) THAT THE INTRODUCTION OF THE PRIOR FELONY WOULD

26 REQUIRE PLAINTIFF TO PUT ON ADDITIONAL EVIDENCE AND

1   WITNESSES TO DEMONSTRATE FACTUAL INNOCENCE, BRADY

2   VIOLATIONS, AND FALSE TESTIMONY, WHICH WOULD REQUIRE A

3   TRIAL WITHIN THIS TRIAL; NUMBER (7) THAT THE 15-YEAR-OLD

4   PRIOR WAS NOT RELEVANT TO THE DISPUTE CURRENTLY BETWEEN

5   THE PLAINTIFF AND THE DEFENDANTS AS IT INVOLVED THE SALE

6   OF A MOTORCYCLE, NOT THE INTENTIONAL INFLICTION OF

7   EMOTIONAL DISTRESS; AND, FINALLY, NUMBER (8) THAT IF

8   ADMITTED IT WOULD BE PREJUDICIAL TO PLAINTIFF.

9            NOW, THE DEFENDANTS ARGUED IN OPPOSITION TO THE

10   IN LIMINE MOTION THAT THE PRIOR WAS RELEVANT AS IT

11   INVOLVED MORAL TURPITUDE GOING TOWARDS PLAINTIFF'S

12   CREDIBILITY OR LACK THEREOF AND THAT PLAINTIFF WAS MORE

13   WORRIED ABOUT A STATE BAR INVESTIGATION OF HIMSELF BECAUSE

14   OF HIS FELONY RATHER THAN THE 119 CALLS THAT WERE MADE TO

15   HIM AND HIS WIFE.

16            WITH RESPECT TO THIS LAST ARGUMENT THE DEFENDANTS

17   REFERRED THE COURT TO SEVERAL PAGES FROM PLAINTIFF'S

18   DEPOSITION TRANSCRIPT TO ESTABLISH HIS WORRY OVER THE

19   STATE BAR INVESTIGATION.  THE COURT REVIEWED THE PAGES AND

20   CONCLUDED THEY WERE IN NO WAY EVIDENCE OF WORRY BY THE

21   PLAINTIFF OF HIS STATE BAR INVESTIGATION BECAUSE OF HIS

22   FELONY CONVICTION.

23            THIS COURT AFTER REVIEWING THE MEMORANDUM IN

24   SUPPORT AND OPPOSITION OF THE MOTION IN LIMINE TOGETHER

25   WITH THE ARGUMENTS OF COUNSEL EXERCISED ITS DISCRETION

26   UNDER EVIDENCE CODE 352 TO EXCLUDE ALL EVIDENCE OF

1    PLAINTIFF'S FELONY CONVICTION BECAUSE THE PRIOR FELONY WAS

2    REMOTE IN TIME BEING 15 YEARS OLD, PLAINTIFF HAD HAD NO

3    FURTHER LAW VIOLATIONS SINCE THE FELONY CONVICTION AND HAS

4    LED A LAW-ABIDING LIFE SINCE THAT TIME, PLAINTIFF ATTENDED

5    AND GRADUATED LAW SCHOOL, IF ADMITTED THERE WOULD LIKELY

6    BE A MINI TRIAL ON THE ISSUE OF THAT CONVICTION, AND THAT

7    PLAINTIFF WOULD SUFFER SOME DEGREE OF PREJUDICE FROM ITS

8    ADMISSION.   THE COURT CONCLUDED THAT ANY PROBATIVE VALUE

9    OF THE PRIOR, THAT IT MAY HAVE ON THE ISSUE OF THE

10   PLAINTIFF'S CREDIBILITY WAS SUBSTANTIALLY OUTWEIGHED BY

11   THE VERY REAL AND LIKELY PROBABILITY THAT ITS ADMISSION

12   WOULD NECESSITATE UNDUE CONSUMPTION OF TIME AND CREATE A

13   SUBSTANTIAL DANGER OF CONFUSING THE ISSUES AND MISLEADING

14   THE JURY.

15        THE COURT FINDS NO ERROR IN THE EXCLUSION OF THE

16   FELONY CONVICTION.

17        NOW, THE DEFENDANTS' ARGUMENT IN THEIR MOVING

18   PAPERS THAT EVIDENCE OF PLAINTIFF'S FELONY CONVICTION

19   WOULD HAVE EXPLAINED AND JUSTIFIED THEIR COMMENTS,

20   INCLUDING THAT PLAINTIFF SHOULD NOT HAVE CHILDREN, THAT IT

21   WAS NECESSARY TO CONTACT EVERY PUBLIC AGENCY TO REPORT THE

22   DEFENDANTS WERE BEING TERRORIZED, THAT PLAINTIFF SHOULD

23   NOT BE H.O.A. PRESIDENT AND HE SHOULD BE JAILED FOR

24   ACTIONS THAT RESULTED IN A VOTING RECOUNT IS UNFOUNDED.

25   MOREOVER, MOST OF THAT EVIDENCE WAS NOT PRESENTED AT THE

26   TRIAL AND APPEARS TO BE NEW EVIDENCE.

1      THESE ALLEGATIONS ARE PERCEIVED BY THE DEFENDANTS

2   TO BE PROPER IF QUALIFIED BY THE STATEMENT "BECAUSE HE IS

3   A FELON".

4      DEFENDANTS FURTHER ARGUE THAT -- AND I'M

5   QUOTING -- "A FELON NEVER CHANGES HIS STRIPES." THERE IS

6   NO DISCERNIBLE PROBATIVE VALUE TO ADMISSION OF THE

7   CONTESTED EVIDENCE. MOREOVER, DEFENDANTS' THEORY THAT

8   PLAINTIFF IS UNFIT TO BE A PARENT, THAT HE SHOULD BE

9   STIGMATIZED AND RELENTLESSLY TERRORIZED FOR LIFE BECAUSE

10  OF A 15-YEAR-OLD FELONY IS WHOLLY WITHOUT MERIT. THE

11  PROFFERED JUSTIFICATION IN FACT SERVED TO DEMONSTRATE THE

12  OUTRAGEOUS NATURE OF THE VIEWS AND IRRATIONAL NATURE OF

13  THE DEFENDANTS' CONDUCT TOWARD PLAINTIFF.

14      NEVERTHELESS, EVEN IF THE CONVICTION WAS

15  IMPROPERLY EXCLUDED, DEFENDANTS HAVE NOT SATISFIED THE

16  SECOND PRONG OF THE ANALYSIS. EVIDENCE CODE SECTION 354,

17  EFFECTIVE ERRONEOUS EXCLUSION OF EVIDENCE PROVIDES IN

18  PERTINENT PART THAT A VERDICT OR FINDING SHALL NOT BE SET

19  ASIDE NOR SHALL THE JUDGMENT OR DECISION BASED THEREON BE

20  REVERSED BY REASON OF THE ERRONEOUS EXCLUSION OF EVIDENCE

21  UNLESS THE COURT WHICH PASSES UPON THE EFFECT OF THE ERROR

22  OR ERRORS IS OF THE OPINION THAT THE ERROR OR ERRORS

23  COMPLAINED OF RESULTED IN A MISCARRIAGE OF JUSTICE.

24      THERE IS NO EVIDENCE THAT A DIFFERENT RESULT

25  WOULD HAVE RESULTED HERE HAD THE JURY HEARD TESTIMONY THAT

26  PLAINTIFF HAD A 15-YEAR-OLD FELONY CONVICTION.

1        THE OVERWHELMING EVIDENCE SINCE THAT CONVICTION

2   CLEARLY DEMONSTRATED THAT THE FELONY WAS AN ABERRATION IN

3   THE LIFE OF AN OTHERWISE LAW-ABIDING PERSON.  THE JURORS

4   CONSIDERED THE DOCUMENTARY EVIDENCE AS WELL AS TESTIMONY

5   FROM PERSONS WHO WITNESSED DEFENDANTS' INCESSANT ABUSIVE

6   CONDUCT TOWARD PLAINTIFF.  THERE IS NOTHING IN THE RECORD

7   TO SUGGEST A DIFFERENT RESULT WOULD HAVE BEEN PROBABLE HAD

8   THE COURT ADMITTED PLAINTIFF'S CRIMINAL HISTORY AND THUS

9   NO EVIDENCE OF A MISCARRIAGE OF JUSTICE.

10       IT'S FOR ALL OF THESE REASONS THAT THE MOTION FOR

11  NEW TRIAL ON THIS GROUND OF IRREGULARITY IN PROCEEDINGS IS

12  DENIED.

13       THE SECOND BASIS FOR THE MOTION FOR A NEW TRIAL

14  IS THAT THE COURT IMPROPERLY REFUSED TO ALLOW THE ARCE

15  DEPOSITION TRANSCRIPT TO GO INTO THE JURY ROOM DURING

16  DELIBERATIONS.  THIS COURT ACKNOWLEDGED THE PARTIES'

17  STIPULATION BUT CONCLUDED THAT IT WOULD BE IMPROPER TO

18  SEND A DEPOSITION TRANSCRIPT INTO THE JURY ROOM DURING

19  DELIBERATIONS.  CALIFORNIA CODE OF CIVIL PROCEDURE SECTION

20  612 EXPRESSLY PROHIBITS SUCH AS IT PERMITS A JURY TO,

21  "TAKE WITH THEM ALL PAPERS WHICH HAVE BEEN RECEIVED AS

22  EVIDENCE IN THE CAUSE EXCEPT DEPOSITIONS."

23       IN THE INITIAL DISCUSSIONS ABOUT THIS CASE THE

24  COURT TOLD THE DEFENDANTS THAT THEY WOULD NEED 12 COPIES

25  IF THE TRANSCRIPT WERE TO GO BACK TO ENSURE ALL 12 JURORS

26  HAD AN OPPORTUNITY TO REVIEW IT FOR THEMSELVES.  THE COURT

1   CONTINUED TO EXPRESS ITS CONCERN ABOUT SENDING A

2   DEPOSITION TRANSCRIPT INTO THE JURY ROOM.  THE DEFENDANTS

3   INDICATED THAT THEY COULD NOT AFFORD TO MAKE 12 COPIES.

4   THE DISCUSSION SHOULD HAVE ENDED THERE.  HOWEVER, THE

5   COURT WENT ON AND EXPRESSED CONCERN ON HOW THE PARTIES

6   COULD HAVE ANY CONFIDENCE THAT ALL OF THE JURORS HAD AN

7   OPPORTUNITY TO READ THE TRANSCRIPT AND KNOW OF ITS

8   CONTENTS IF ONLY ONE TRANSCRIPT WAS SENT INTO THE JURY

9   ROOM.  IT WAS AT THAT POINT THAT COUNSEL FOR THE

10  DEFENDANTS STATED IN OPEN COURT, "I DON'T CARE IF THE

11  JURORS READ IT," TO WHICH THIS COURT RESPONDED, "THEN WHAT

12  IS THE RELEVANCE OR IMPORT OF IT IF YOU DON'T CARE IF THE

13  JURY READS IT?"  IT WAS AT THIS POINT THAT THE COURT

14  EXPRESSED SOME CONCERN WITH WHAT APPEARED TO BE SOME SORT

15  OF MANIPULATION OF THE PROCESS IF THERE WAS NO GENUINE

16  CONCERN THAT THE TRANSCRIPT BE CONSIDERED BY THE JURY.

17  COUNSEL FOR THE DEFENDANTS REVERSED COURSE AND SAID HE DID

18  CARE IF THE JURY READ THE TRANSCRIPT, BUT, ONCE AGAIN,

19  URGED THAT THERE WAS A STIPULATION AND IT SHOULD BE

20  HONORED.  BRIEFING WAS SUBMITTED.  AND IN SUPPORT OF THEIR

21  POSITION THE DEFENDANTS CITED *FERERIRA V. SLIVEY (1918) 38*

22  *CAL.APP. 346.*  THAT CASE, WHICH DEALS WITH PERSONAL INJURY

23  TO A RANCH HAND BY A RUNAWAY TEAM OF A HORSE AND MULE, DID

24  NOT INVOLVE A DEPOSITION TRANSCRIPT BEING SUBMITTED TO THE

25  JURY.  INSTEAD IT INVOLVED A DELIBERATING JURY'S REQUEST

26  FOR THE WRITTEN JURY INSTRUCTIONS AND WHETHER THAT WAS

1  PERMITTED UNDER CCP SECTION 612.   THUS THE AREA IS OF NO

2  ASSISTANCE TO THE DEFENDANTS ON THIS ISSUE.

3          EVEN IF IT WERE ERROR FOR THE COURT NOT TO ALLOW

4  THE ARCE DEPOSITION TRANSCRIPT TO GO TO THE JURY, THE

5  DEFENDANTS HAVE NOT AND CANNOT SHOW THAT THEY WERE

6  PREJUDICED BY THE ERROR.   INDEED IN AN EFFORT TO

7  ACCOMMODATE THE SPIRIT OF THE PARTIES' STIPULATION, THAT

8  IS TO GET THE ARCE DEPOSITION TESTIMONY BEFORE THE JURY,

9  THE COURT PERMITTED THE DEFENDANTS TO HAVE A READER READ

10  THE ENTIRE TRANSCRIPT INTO THE RECORD.   THE COURT DIDN'T

11  PROHIBIT OR OTHERWISE RESTRICT THE DEFENDANTS FROM

12  PUBLISHING ANY OF THE PAGES TO THE JURY.   THUS THE JURY

13  HEARD ALL OF THE ARCE DEPOSITION TESTIMONY THAT THE

14  DEFENDANTS CHOSE TO PRESENT.

15          IT IS FOR ALL OF THESE REASONS THAT THE MOTION

16  FOR NEW TRIAL ON THIS GROUND IS DENIED.

17          THE NEXT BASIS FOR THE NEW TRIAL MOTION IS THAT

18  THE COURT IMPROPERLY REFUSED JURY INSTRUCTION 1605.   THIS

19  COURT BELIEVES THAT INSTRUCTION WAS PROPERLY REFUSED, AND

20  EVEN IF THERE WAS ERROR IN ITS EXCLUSION DEFENDANTS HAVE

21  FAILED TO SHOW ANY PREJUDICE FROM THE ERROR.   SPECIFICALLY

22  ON JULY 10TH, 2011 JUDGE MOSS DENIED THE DEFENDANTS'

23  CCP SECTION 425.16 ANTI SLAPP, AND THAT'S S-L-A-P-P ALL

24  CAPS, MOTION AS TO THE INTENTIONAL INFLICTION OF EMOTIONAL

25  DISTRESS CAUSE OF ACTION NOTING THAT THE GRAVAMEN OF THE

26  CLAIM WAS SUPPORTED BY DEFENDANTS' HARASSING AND

1   UNPRIVILEGED TELEPHONE CALLS.  AGAIN IN RESPONSE TO

2   DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, JUDGE

3   MOSS STATED THAT THE TRIER OF FACTS WOULD DETERMINE

4   WHETHER THE DEFENDANTS' TELEPHONE CALLS CONSTITUTED

5   OUTRAGEOUS CONDUCT.  MOREOVER, THE INTENTIONAL INFLICTION

6   OF EMOTIONAL DISTRESS CLAIM INCLUDED A HOST OF OTHER

7   HIGHLY OFFENSIVE AND CRUEL STATEMENTS REPEATEDLY UTTERED

8   BY THE DEFENDANTS.

9        THE DEFENDANTS HAVE NOT CITED A SINGLE CASE THAT

10  WOULD ALLOW THIS COURT, EVEN WERE IT SO INCLINED, TO

11  ABROGATE THE LAW OF THE CASE AS PREVIOUSLY RULED BY JUDGE

12  MOSS.  WHETHER A SMALL PORTION OF THE DEFENDANTS' CONDUCT

13  MIGHT BE REMOTELY CONNECTED TO PROTECTED SPEECH DOES NOT

14  OVERCOME THE MALICIOUS NATURE OF THEIR ACTIONS WHICH

15  CONSTITUTE THE GRAVAMEN OF THIS ACTION.

16       HERE THE JURY EVALUATED DEFENDANTS' CONDUCT AND

17  FOUND IT TO BE MALICIOUS AS EXPLAINED IN *LINDQUIST V.*

18  *REUSSER (1994) 7 CAL.4TH 1193* AT 1205.  AND I QUOTE, "IF

19  MALICE IS SHOWN THE PRIVILEGE IS NOT MERELY OVERCOME, IT

20  NEVER ARISES IN THE FIRST INSTANCE."

21       IN ENACTING SECTION 47(C) THE LEGISLATURE

22  INTENDED TO CODIFY WITHOUT CHANGE THE COMMON LAW COMMON

23  INTEREST PRIVILEGE.  AT COMMON LAW THAT PRIVILEGE EMBODIED

24  A TWO-STEP ANALYSIS UNDER WHICH THE DEFENDANT BORE THE

25  INITIAL BURDEN OF DEMONSTRATING THAT THE ALLEGEDLY

26  DEFAMATORY COMMUNICATION WAS MADE UPON A PRIVILEGED

1  OCCASION AND THE PLAINTIFF THEN BORE THE BURDEN OF PROVING

2  THAT DEFENDANT HAD MADE THE STATEMENT WITH MALICE.  THE

3  MALICE REFERRED TO BY THE STATUTE IS ACTUAL MALICE OR

4  MALICE IN FACT.  THAT IS A STATE OF MIND RISING FROM

5  HATRED OR ILL WILL EVIDENCING A WILLINGNESS TO VEX, ANNOY,

6  OR INJURE ANOTHER PERSON.  THUS ANY PROTECTION AFFORDED

7  PURSUANT TO A FINDING OF A CACI 1605 PRIVILEGE WAS NOT

8  AVAILABLE TO THE DEFENDANTS.  AN ACCEPTANCE OF THIS

9  PROPOSED INSTRUCTION WOULD NOT HAVE CHANGED THE OUTCOME OF

10 THE TRIAL.

11         NEXT DEFENDANTS ARGUE THAT THEY WERE DEPRIVED OF

12 THEIR RIGHT TO PROTECTED SPEECH AND THUS SHOULD BE GRANTED

13 A NEW TRIAL.  THIS GROUND FOR NEW TRIAL FAILS FOR ALL THE

14 REASONS JUST NOTED CONCERNING JURY INSTRUCTION 1605.  THE

15 DEFENDANTS WERE NOT DENIED ANY RIGHTS TO PROTECTED SPEECH.

16 PLAINTIFF -- EXCUSE ME -- DEFENDANTS' RELENTLESS VERBAL

17 RACIAL ATTACKS OF PLAINTIFF REPEATEDLY CALLING PLAINTIFF

18 AN ARAB TERRORIST, A MIDDLE EASTERN TERRORIST, A MUSLIM

19 TERRORIST OR HITLER, MAKING 119 CRANK HANG-UP TELEPHONE

20 CALLS TO PLAINTIFF AND HIS WIFE DURING THE MIDDLE OF THE

21 NIGHT DURING A ONE-MONTH PERIOD, MAKING FUN OF PLAINTIFF'S

22 AND HIS WIFE'S MISCARRIAGE AND CONTINUALLY THREATENING

23 PLAINTIFF THAT HE'S GOING TO JAIL OR THAT HE SHOULD BE IN

24 JAIL IS NOT PROTECTED SPEECH AND IN NO WAY RELATES TO ANY

25 PUBLIC INTEREST.  THESE COMMENTS AND CONDUCT RELATE SOLELY

26 TO DEFENDANTS' PRIVATE WAR AGAINST AND HATRED OF

1  PLAINTIFF.   DEFENDANTS HAVE CITED NO AUTHORITY TO THE

2  CONTRARY.

3         ACCORDINGLY, THE MOTION FOR NEW TRIAL ON THIS

4  STATED GROUND IS LIKEWISE DENIED.

5         THE NEXT BASIS FOR THE MOTION FOR NEW TRIAL IS

6  THAT THE VERDICT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

7  PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 657(A) A NEW

8  TRIAL SHALL NOT BE GRANTED UPON THE GROUND OF

9  INSUFFICIENCY OF THE EVIDENCE TO JUSTIFY THE VERDICT OR

10 OTHER DECISION UNLESS AFTER WEIGHING THE EVIDENCE THE

11 COURT IS CONVINCED FROM THE ENTIRE RECORD, INCLUDING

12 REASONABLE INFERENCES THEREFROM, THAT THE COURT OR JURY

13 CLEARLY SHOULD HAVE REACHED A DIFFERENT VERDICT OR

14 DECISION.   THUS THE COURT'S DUTY ON THE MOTION FOR NEW

15 TRIAL IS TO WEIGH THE EVIDENCE AND MAKE ITS OWN

16 DETERMINATION OF CREDIBILITY OF THE WITNESSES, THAT IS

17 WHOSE TESTIMONY IS BELIEVABLE AND WHOSE TESTIMONY IS NOT

18 BELIEVABLE.

19        THIS COURT SAW AND HEARD EACH OF THE WITNESSES

20 WHO TESTIFIED ABOUT THE DEFENDANTS' OUTRAGEOUS AND

21 OFFENSIVE CONDUCT TOWARDS PLAINTIFF AND HOW THAT CONDUCT

22 HAS AFFECTED PLAINTIFF.   THIS COURT FOUND ALL OF THEIR

23 TESTIMONY CREDIBLE AND OF SUBSTANTIAL WEIGHT.   THIS COURT

24 DID NOT BELIEVE EITHER DEFENDANTS' TESTIMONY THAT THEY DID

25 NOT SAY OR DO ANY OF THE MALICIOUS AND OUTRAGEOUS ACTS TO

26 WHICH OTHER WITNESSES TESTIFIED NOR THAT THEY DID NOT MAKE

1   THE OVER 119 CRANK HANG-UP CALLS TO PLAINTIFF AND HIS WIFE

2   DURING THE MIDDLE OF THE NIGHT IN DECEMBER 2010.

3           THIS COURT FINDS THAT SUBSTANTIAL EVIDENCE

4   SUPPORTS THE VERDICT AND HAS SUMMARIZED SUCH EVIDENCE AS

5   FOLLOWS:  ON THE SUBJECT OF DEFENDANTS' REPEATED RACIAL

6   AND OTHER HATEFUL PUBLIC NAME-CALLING OF PLAINTIFF, JUDY

7   ALTCHULER, A LONGTIME RESIDENT OF THE CONDOMINIUM COMPLEX

8   WHERE PLAINTIFF AND DEFENDANTS RESIDE, TESTIFIED THAT SHE

9   HEARD DEFENDANTS SAY OUTRAGEOUS THINGS TO AND ABOUT

10  PLAINTIFF OFTEN.  SPECIFICALLY SHE HEARD THE DEFENDANTS

11  CALL PLAINTIFF A TERRORIST AND SAY PLAINTIFF WAS LIKE

12  HITLER AND THAT PLAINTIFF WAS RULING LIKE CAESAR AND

13  LEADING EVERYONE BY THE NOSE.  NONE OF THESE COMMENTS WERE

14  EVER MADE DURING A HOMEOWNERS MEETING.  SHE RECALLED THE

15  HITLER AND CAESAR COMMENTS WERE MADE AFTER A HOMEOWNERS

16  MEETING.

17          LAWRENCE REININGER, R-E-I-N-I-N-G-E-R, TESTIFIED

18  THAT HE LIVED IN THE CONDO COMPLEX FROM 1991 TO 2005.

19  AFTER SELLING HIS CONDO HE HAS BEEN BACK TO THE COMPLEX

20  BECAUSE HE HAS FRIENDS THERE.  SINCE MARCH 2009 HE'S HAD

21  OCCASION TO BE IN THE PRESENCE OF BOTH PLAINTIFF AND

22  DEFENDANTS.  ON ONE OCCASION MR. REININGER WAS VISITING AN

23  ELDERLY LADY FRIEND AT THE COMPLEX WHEN DEFENDANTS

24  PULLED UP ALONGSIDE THEM ON THE STREET.  BECAUSE REININGER

25  HAS ALWAYS HAD A HOSTILE RELATIONSHIP WITH THE DEFENDANTS

26  HE DECIDED TO WAIT UNTIL THEY WENT INTO THE COMPLEX BEFORE

1    HE ENTERED.  ONCE REININGER ENTERED THE COMPLEX DEFENDANT

2    MOISEY FRIDMAN APPROACHED HIM CALLING HIM NAMES ASKING WHY

3    HE WAS THERE AND TELLING REININGER NOT TO TESTIFY.

4    REININGER SAW PLAINTIFF GOING IN THE OPPOSITE DIRECTION,

5    AND REININGER CALLED PLAINTIFF OVER.  AS SOON AS PLAINTIFF

6    CAME OVER DEFENDANT MOISEY FRIDMAN BEGAN TO CALL

7    PLAINTIFF NAMES.  HE CALLED PLAINTIFF "TOWEL HEAD", AND HE

8    SAID HE WAS A LIAR.  DEFENDANT MOISEY FRIDMAN ALSO SAID

9    PLAINTIFF SHOULD GO TO JAIL.  REININGER COULD CLEARLY SEE

10   THAT DEFENDANT MOISEY FRIDMAN'S COMMENTS AND NAME CALLING

11   AGITATED PLAINTIFF.

12        ON ANOTHER OCCASION AFTER MARCH 2009 REININGER

13   TESTIFIED THAT HE WAS AT A SHOPPING CENTER WITH PLAINTIFF.

14   DEFENDANT MOISEY FRIDMAN CAME OVER TO THEM AND BEGAN

15   CALLING THEM NAMES.  HE CALLED PLAINTIFF "TOWEL HEAD" AND

16   A LIAR AND THREATENED THAT HE WAS GOING TO PUT PLAINTIFF

17   IN JAIL.  AGAIN, REININGER OBSERVED PLAINTIFF BECOME

18   AGITATED OVER THE NAME-CALLING AND THREAT.

19        FINALLY, AS RECENTLY AS A MONTH BEFORE HIS

20   TESTIMONY AT THIS TRIAL REININGER TESTIFIED THAT WHILE HE

21   WAS AT THE CONDO COMPLEX WITH PLAINTIFF, DEFENDANT ROSA

22   FRIDMAN CAME UP TO THE TWO OF THEM AND STARTED MAKING

23   FACES AND TOLD PLAINTIFF, "YOU'RE GOING DOWN."  WHEN

24   DEFENDANT MOISEY FRIDMAN CAME OVER, HE AND ROSA GOT INTO A

25   VERBAL SCUFFLE AND REININGER TOLD THE TWO OF THEM TO LEAVE

26   HIM AND THE PLAINTIFF ALONE.

1    REININGER TESTIFIED THAT PLAINTIFF'S SITUATION

2  WITH THE DEFENDANTS HAS GOTTEN "WORSE AND WORSE.

3  PLAINTIFF IS AGITATED MORE AND MORE."  REININGER TESTIFIED

4  THAT HE WOULD NOT LIE FOR PLAINTIFF.

5    NICK GARGANO, G-A-R-G-A-N-O, TESTIFIED THAT HE

6  KNEW PLAINTIFF'S WIFE BEFORE SHE AND PLAINTIFF WERE

7  MARRIED.  SHE AT THAT TIME LIVED ACROSS FROM GARGANO, AND

8  GARGANO GOT TO KNOW PLAINTIFF WHEN PLAINTIFF CAME TO VISIT

9  HIS WIFE, WHO WASN'T HIS WIFE AT THE TIME.  GARGANO

10  TESTIFIED HE IS A PERSONAL FRIEND OF PLAINTIFF'S BUT THAT

11  HE WOULD NOT LIE FOR A FRIEND.

12    GARGANO STAYED WITH PLAINTIFF AT THE CONDO ON

13  SEPTEMBER 14TH, 15TH, AND 16TH OF 2011.  ONE NIGHT WHEN

14  GARGANO AND THE DEFENDANT WERE COMING HOME FROM DINNER

15  THEY SAW THE DEFENDANTS ALSO ARRIVING AT THE CONDO

16  COMPLEX.  DEFENDANT MOISEY FRIDMAN STOPPED, SAW THAT

17  GARGANO WASN'T PLAINTIFF THEN WALKED OVER TO PLAINTIFF AND

18  STARTED SCREAMING AT PLAINTIFF, "FUCK YOU."  "YOU'RE A

19  FUCKING MIDDLE EASTERN TERRORIST."

20    ANOTHER INCIDENT OCCURRED AT APPROXIMATELY 9:30

21  ON SEPTEMBER 16TH, 2011.  PLAINTIFF AND GARGANO PULLED UP

22  TO THE CONDO COMPLEX AND SAW THE DEFENDANTS' CAR.  THEY

23  THEN SAW THE LIGHTS IN DEFENDANTS' CONDO COME ON.

24  DEFENDANT MOISEY FRIDMAN THEN CAME OUT OF HIS CONDO AND UP

25  TO PLAINTIFF AND SAID, "WHERE IS YOUR WIFE, YOU

26  TERRORIST?"  AFTER THEY GOT INSIDE, PLAINTIFF AND GARGANO,

1   PLAINTIFF SAID, "LET'S GO."  SO THEY LEFT THE CONDO TO GET

2   SLIDERS AT A NEARBY RESTAURANT.  WHILE SEATED AT THE

3   RESTAURANT GARGANO FURTHER TESTIFIED THAT HE AND PLAINTIFF

4   SAW DEFENDANT MOISEY FRIDMAN WALK BY.  PLAINTIFF'S CELL

5   PHONE THEN RANG, BUT THE CALLER HUNG UP WHEN PLAINTIFF

6   ANSWERED.  GARGANO THEN CHECKED A NEARBY PAY PHONE WHICH

7   WAS IN THE DIRECTION THAT DEFENDANT MOISEY FRIDMAN HAD

8   WALKED AND SAW THAT THE NUMBER ON THE PAY PHONE MATCHED

9   THE NUMBER OF THE HANG-UP CALL PLAINTIFF HAD JUST RECEIVED

10  ON HIS CELL PHONE.

11          TERESA PRESTON TESTIFIED ALMOST ENTIRELY THROUGH

12  TEARS THAT SHE IS PLAINTIFF'S WIFE.  THEY WERE MARRIED IN

13  APRIL OF 2003.  HER TESTIMONY WAS QUITE COMPELLING AND

14  PERSUASIVE.  SHE TESTIFIED THAT SHE AND PLAINTIFF HAVE

15  LIVED IN THE CONDO UNIT IN THE COMPLEX THE ENTIRE TIME

16  THEY'VE BEEN MARRIED.  SHE TESTIFIED THAT THE DEFENDANTS

17  ARE HOSTILE TO HER HUSBAND AND THAT THEY YELL OUT THEIR

18  WINDOW AND CALL HIM NAMES ALL THE TIME.  DEFENDANTS CALL

19  PLAINTIFF A TERRORIST AND ALSO SAY THAT PLAINTIFF IS A

20  MUSLIM TERRORIST.  DEFENDANT MOISEY FRIDMAN ALWAYS SAYS

21  PLAINTIFF IS GOING TO GO TO JAIL.

22          PRESTON FURTHER TESTIFIED THAT THE NAME CALLING

23  AND THREATS OF JAIL NEVER STOP AND THAT PLAINTIFF CANNOT

24  AVOID THE DEFENDANTS GIVEN THE LOCATION OF THE CONDOS.

25  THEIRS IS LOCATED DIRECTLY ABOVE THE DEFENDANTS'.

26          PRESTON TESTIFIED THAT WHEN SHE AND PLAINTIFF

1  WALK UP TO THEIR CONDO UNIT SHE REGULARLY HEARS THE

2  DEFENDANTS SPEAKING IN RUSSIAN, AND SHE ALSO HEARS THEM

3  SAYING THAT PLAINTIFF IS A JERK AND AN IDIOT.  PRESTON

4  TESTIFIED THAT SHE BELIEVES DEFENDANTS' NAME CALLING AND

5  THREATS OF JAIL WERE GETTING EVEN WORSE BECAUSE OF THIS

6  CASE.

7          PLAINTIFF KARL AVETOOM TESTIFIED THAT THE

8  DEFENDANTS CONSTANTLY CALL HIM ARABIC TERRORIST, A

9  TERRORIST, A RACIST, AND MUSLIM TERRORIST AND HAVE WRITTEN

10  LETTERS OF HOLY WAR AGAINST HIM.  HE TESTIFIED THAT HE IS

11  NOT ARAB, HE'S NOT A TERRORIST, HE'S NOT A RACIST AND THAT

12  SINCE 9/11 "TERRORIST" HAS AN ENTIRELY DIFFERENT MEANING.

13          HE TESTIFIED THAT HE FEELS EMBARRASSED WHEN THE

14  DEFENDANTS CALL HIM A TERRORIST.  HE ALSO FEELS

15  EMBARRASSED AND GUILTY THAT HE CAN'T PROVIDE A SAFE HOME

16  ENVIRONMENT FOR HIS WIFE.

17          REGARDING TESTIMONY OF THE BARBECUE INCIDENT:

18  JUDY ALTCHULER TESTIFIED THAT IN THE SPRING OR SUMMER OF

19  2010 SHE HEARD LOUD NOISES COMING FROM THE COURTYARD AREA

20  OF THE TWO U-SHAPED CONDO COMPLEX WHERE PLAINTIFF AND

21  DEFENDANTS AND SHE LIVED.  SHE IMMEDIATELY WENT TO HER

22  WINDOW AND COULD SEE PLAINTIFF, WHO WAS BARBECUING,

23  HOLDING BARBECUE TONGS.  SHE SAW DEFENDANTS ADVANCING

24  TOWARDS PLAINTIFF WHILE PLAINTIFF WAS BACKING UP AWAY FROM

25  THE DEFENDANTS.  SHE HEARD LOUD AND ANGRY VOICES BUT COULD

26  NOT MAKE OUT WHAT WAS BEING SAID.  SHE WENT OUT AND SPOKE

1   TO PLAINTIFF ABOUT WHAT HAPPENED.  WHEN THE POLICE CAME

2   SHE TOLD THEM WHAT SHE SAW; THAT PLAINTIFF WAS TURNING THE

3   CHICKEN WHEN THE DEFENDANTS APPROACHED HIM, AND HE BACKED

4   AWAY FROM THEM.  SHE TESTIFIED THAT THE PLAINTIFF WAS

5   VISIBLY VERY UPSET, AS THEY ALL WERE BECAUSE IT WAS A VERY

6   UPSETTING EVENT.

7          PLAINTIFF KARL AVETOOM TESTIFIED ON THE SUBJECT

8   THAT HE WAS BARBECUING FOR NEIGHBORS AT THE CONDO COMPLEX

9   PIT WHEN THE DEFENDANTS CAME IN THROUGH THE BACK GATE AND

10  SAID TO HIM, "WE'RE NOT AFRAID OF YOU.  WE'RE GOING TO PUT

11  YOU IN JAIL.  JAIL IS GOOD FOR YOU."  DEFENDANT ROSA

12  FRIDMAN CAME TOWARDS PLAINTIFF SAYING TO PLAINTIFF, "DON'T

13  TOUCH ME."  PLAINTIFF STARTED SHOUTING AT THE TOP OF HIS

14  LUNGS TO GET PEOPLE TO COME OUT THERE WHERE THEY WERE.

15  PEOPLE CAME OUT OF THEIR CONDO UNITS, AND THE DEFENDANTS

16  WENT INTO THEIR CONDO UNIT.  THE POLICE CAME WITH THEIR

17  GUNS DRAWN AND ASKED PLAINTIFF IF HE KNEW WHY THEY WERE

18  THERE.  THE DEFENDANTS HAD ACCUSED PLAINTIFF OF TRYING TO

19  STAB DEFENDANT ROSA FRIDMAN.

20         PLAINTIFF TESTIFIED THAT HE HAS TO HAVE A

21  CHAPERONE JUST TO GO TO THE BARBECUE PIT TO HAVE PEACE OF

22  MIND.

23         THERESA PRESTON, PLAINTIFF'S WIFE, TESTIFIED ON

24  THE BARBECUE ISSUE IN THE SPRING OF 2010 PLAINTIFF WAS IN

25  THE COMPLEX BARBECUING WHEN DEFENDANTS CAME AND

26  APPROACHED PLAINTIFF.  PLAINTIFF MOVED BACK AWAY FROM

1  DEFENDANTS YET DEFENDANTS STILL YELLED TO PLAINTIFF TO GET

2  AWAY FROM THEM.   THE POLICE WERE CALLED AND ARRIVED.   THE

3  DEFENDANTS HAD ACCUSED PLAINTIFF OF STABBING DEFENDANT

4  ROSA FRIDMAN.   IT WAS A VERY UPSETTING INCIDENT.

5        DEFENDANT MOISEY FRIDMAN TESTIFIED THAT JUDY

6  ALTCHULER'S TESTIMONY ON THIS INCIDENT WAS PARTLY CORRECT.

7  THE ONLY INCORRECT PART IS THAT DEFENDANTS DID NOT ADVANCE

8  TOWARD PLAINTIFF.   ACCORDING TO MR. FRIDMAN HE AND

9  MS. FRIDMAN WERE COMING HOME USING THE BACK GATE.

10  PLAINTIFF WAS BARBECUING CLOSE BY.   DEFENDANTS WERE GOING

11  STRAIGHT TO THEIR CONDO.   WHEN THEY WERE APPROXIMATELY TEN

12  TO 15 FEET PAST PLAINTIFF, PLAINTIFF LOUDLY SAID, "MIKE, I

13  WANT TO TALK TO YOU."   DEFENDANTS' ATTORNEY TOLD THEM NOT

14  TO SPEAK.   ROSA SAID, "DON'T TOUCH US.   WE DON'T WANT TO

15  SPEAK TO YOU."   ACCORDING TO MR. FRIDMAN PLAINTIFF

16  YELLED LOUDLY, "FUCK YOU."   DEFENDANT FRIDMAN SAID, AND I

17  QUOTE, "AND THIS IS THE PRESIDENT OF THE ASSOCIATION

18  SAYING THIS."

19        MR. FRIDMAN TESTIFIED THAT HE TOLD PLAINTIFF,

20  "YOU WANT ME TO CALL THE POLICE?"   AND PLAINTIFF SAID,

21  "YES, CALL THE POLICE."   MR. FRIDMAN CALLED THE POLICE.

22        MR. FRIDMAN TESTIFIED THAT, "WE CALLED THE POLICE

23  BECAUSE PLAINTIFF WAS CURSING AT US LOUDLY, AND HE IS NOT

24  SUPPOSED TO TALK TO US.   HE WAS PROVOKING US AND I",

25  MR. FRIDMAN, "SAID, 'SO YOU WANT US TO CALL THE POLICE?'

26  AND PLAINTIFF SAID, 'YES.'   WE CALLED THE POLICE.   THEY

1    CAME TO US FIRST, AND WE TOLD THEM WHAT HAPPENED.  THEY

2    THEN TALKED TO PLAINTIFF.  NO GUNS WERE DRAWN.  THEY THEN

3    CAME BACK TO US AND TOLD US NOT TO HAVE ANY CONTACT WITH

4    PLAINTIFF."

5         NOW, OTHER THAN THE FACT THE DEFENDANTS ENTERED

6    THE COMPLEX THROUGH THE BACK GATE, CALLED THE POLICE AND

7    SPOKE TO THE POLICE AND WERE TOLD TO STAY AWAY FROM THE

8    PLAINTIFF, THE COURT DID NOT BELIEVE ANY OF MR. FRIDMAN'S

9    ACCOUNT ABOUT THIS INCIDENT.

10        AS FOR EVIDENCE CONCERNING DEFENDANTS' COMMENTS

11   REGARDING PLAINTIFF'S AND HIS WIFE'S MISCARRIAGE AND

12   HAVING CHILDREN, PLAINTIFF KARL AVETOOM TESTIFIED THAT IN

13   SEPTEMBER 2009 AT THE END OF A BOARD MEETING DEFENDANT

14   ROSA FRIDMAN COMMENTED THAT PLAINTIFF'S WIFE WAS NEVER

15   PREGNANT, SHE WAS JUST FAT.  DEFENDANT MOISEY FRIDMAN THEN

16   SAID IT WAS GOOD THAT PLAINTIFF AND HIS WIFE COULDN'T HAVE

17   KIDS.  ROSA FRIDMAN THEN POINTED TO PLAINTIFF'S WIFE AND

18   LAUGHED.  THE DEFENDANTS THEN JOKED ALOUD THAT PLAINTIFF'S

19   WIFE WAS FAT AND THE MISCARRIAGE WAS A JOKE.

20        MR. AVETOOM TESTIFIED THAT HIS WIFE WAS UPSET AND

21   CRYING AND THIS UPSET HIM.

22        TERESA PRESTON'S TESTIMONY ON THIS SUBJECT:  SHE

23   TESTIFIED THROUGH TEARS.  SHE TESTIFIED THAT SHE AND

24   PLAINTIFF WERE PREGNANT WITH TWINS BUT SHE MISCARRIED.  AT

25   A HOMEOWNERS MEETING A FEW YEARS AFTER THE MISCARRIAGE THE

26   DEFENDANTS POINTED TO HER LAUGHING AND SAID TO HER, "YOU

1  WERE NEVER PREGNANT."  PLAINTIFF HEARD THIS, AND HE WAS

2  VISIBLY UPSET, BUT HE DID NOT REACT TO THE DEFENDANTS.

3  MS. PRESTON SAID AT THIS POINT PLAINTIFF WAS AFRAID AND

4  MISERABLE.  HE SIMPLY DID NOT KNOW WHAT TO DO ABOUT THE

5  DEFENDANTS.

6          AS FOR THE EVIDENCE REGARDING THE 119 LATE NIGHT

7  CRANK HANG-UP CALLS DEFENDANTS MADE FROM THEIR HOME

8  TELEPHONE TO PLAINTIFF'S AND PLAINTIFF'S WIFE'S CELL

9  PHONES, THE EVIDENCE, BOTH TESTIMONY AND DOCUMENTARY,

10  CLEARLY ESTABLISHED THAT THE DEFENDANTS MADE NEARLY 120

11  LATE NIGHT CRANK CALLS TO PLAINTIFF'S AND PLAINTIFF'S

12  WIFE'S CELL PHONES FROM BETWEEN TEN O'CLOCK P.M. AND 1:30

13  A.M. IN DECEMBER 2010.  THE 119 CALLS, 79 TO PLAINTIFF'S

14  PHONE AND 40 TO HIS WIFE'S, WERE MADE FROM THE DEFENDANTS'

15  HOME PHONE AND STOPPED WITHIN 48 HOURS AFTER DEFENDANT

16  ROSA FRIDMAN'S DEPOSITION WAS TAKEN.

17          PLAINTIFF KARL AVETOOM TESTIFIED ON THIS SUBJECT

18  THAT THE PHONE WOULD RING NUMEROUS TIMES AND WOULD EITHER

19  STOP BEFORE HE COULD ANSWER OR HUNG UP WHEN HE ANSWERED.

20  NO MESSAGES WERE EVER LEFT.  THE CALLS WOULD START AT

21  ABOUT 10:00 P.M., AND THE PHONE WOULD RING AS LATE AS 1:30

22  A.M.  AT THE TIME THE CALLS WERE COMING IN, PLAINTIFF'S

23  FATHER WAS IN THE HOSPITAL.  HE HAD A DEFIBRILLATOR AND

24  ONLY SIX TO NINE MONTHS TO LIVE.  PLAINTIFF WORRIED THAT

25  THE LATE NIGHT CALLS WERE HIS FATHER'S EFFORTS TO GET

26  AHOLD OF HIM.  PLAINTIFF WOULD CALL HIS FATHER BACK TO SEE

1  IF HE WAS STILL ALIVE.

2          PLAINTIFF WAS NOT WORRIED THAT THE STATE BAR WAS

3  COMING AFTER HIM, BUT HE WAS WORRIED ABOUT THE CALLS SO

4  MUCH SO THAT HE CALLED THE POLICE, BUT THEY SAID THEY

5  COULDN'T HELP.  HE WONDERED IF THE LATE NIGHT CRANK CALLS

6  WERE BEING MADE BY DEFENDANTS.  HE LATER CONFIRMED THAT

7  THEY WERE, AND THIS PUT HIM EMOTIONALLY OVER THE EDGE.  IT

8  WAS THE "STRAW THAT BROKE THE CAMEL'S BACK."

9          ON THIS SUBJECT THERESA PRESTON TESTIFIED THAT IN

10 DECEMBER 2010 SHE AND PLAINTIFF BEGAN TO RECEIVE LATE

11 NIGHT HANG-UP CALLS.  THE NUMBER OF CALLS VARIED EACH

12 NIGHT, AND SHE DIDN'T KEEP TRACK OF THE TOTAL NUMBER OF

13 CALLS.  MS. PRESTON'S FATHER HAD DIED FROM CANCER, AND HER

14 STEPMOTHER HAD HAD A HEART ATTACK, SO SHE KEPT HER CELL

15 PHONE IN THE BEDROOM.  MS. PRESTON TESTIFIED THAT THE

16 PHONE CALLS STARTLED HER AND HER HUSBAND IN THE MIDDLE OF

17 THE NIGHT AS THEY HAD NO IDEA WHO WAS CALLING THEM AT THAT

18 TIME.  SOMETIMES THE NUMBERS WERE BLOCKED, SO THEY

19 COULDN'T TELL OR FIGURE OUT WHO IT WAS THAT WAS CALLING.

20         IN THE SUMMER OF 2010 SHE AND PLAINTIFF HAD TO

21 TAKE PLAINTIFF'S FATHER TO THE HOSPITAL IN THE MIDDLE OF

22 THE NIGHT, SO PLAINTIFF WOULD CALL HIS FATHER FIRST

23 WHENEVER HE RECEIVED ONE OF THE CRANK CALLS.  SHE

24 TESTIFIED THAT THEY COULDN'T GO BACK TO SLEEP AFTER THE

25 CALLS.  SHE FURTHER TESTIFIED THAT THESE CALLS DISTRESSED

26 PLAINTIFF AND THE TOXIC RELATIONSHIP WITH THE DEFENDANTS

1    DESTROYED PLAINTIFF, WHO IS A STRONG MAN.

2          ON THE SUBJECT OF THE PLAINTIFF'S PHYSICAL

3    INJURIES AND PAIN AND SUFFERING RESULTING FROM THE

4    DEFENDANTS' CONDUCT, JUDY ALTCHULER TESTIFIED THAT SHE'S

5    OBSERVED PLAINTIFF AND HE'S BECOME ANXIOUS, MORE STRESSED,

6    AND IT IS HARD FOR HIM TO KEEP FOCUSED ON HIS WORK.  SHE

7    SAID SHE HAS SEEN HIM BREAK INTO A SWEAT AND THAT HIS

8    WORSENING CONDITION HAS WORRIED HER IN THE LAST FEW

9    MONTHS.  SHE TESTIFIED THAT SHE HAS TOLD PLAINTIFF SHE IS

10   WORRIED FOR HIM.

11         THERESA PRESTON TESTIFIED ON THE SUBJECT THAT

12   PLAINTIFF HAS TROUBLE BEING INTIMATE WITH HER, HE HAS

13   PANIC ATTACKS AND IS TAKING XANAX.  HE HAS A HARD TIME

14   CONCENTRATING ALL BECAUSE HE'S CONSTANTLY WORRIED ABOUT

15   THE DEFENDANTS.  MS. PRESTON TESTIFIED THAT PLAINTIFF

16   FEELS GUILTY AND THAT THIS HAS BEEN ONGOING SINCE 2008.

17   PLAINTIFF IS AFRAID AND MISERABLE AND DOES NOT KNOW WHAT

18   HE CAN DO.  SHE TESTIFIED THERE IS NO GETTING AWAY FROM

19   THE DEFENDANTS BECAUSE THEY LIVE RIGHT UNDER SHE AND

20   PLAINTIFF.

21         PLAINTIFF KARL AVETOOM TESTIFIED THAT IT HAS

22   BEEN, QUOTE, "HELL" WITH THE DEFENDANTS.  NAME CALLING IS

23   ONE THING, BUT WHAT THEY ARE DOING TO HIM IS OUTSIDE OF

24   NAME CALLING.

25         PLAINTIFF TESTIFIED THAT THEY CALL HIM A

26   TERRORIST AND A RACIST.  SINCE 9/11 TERRORIST HAS A

1  DIFFERENT MEANING.

2          IN 2010 PLAINTIFF TESTIFIED THAT PLAINTIFF

3  STARTED GETTING TIGHTNESS IN HIS CHEST FROM HIS DESPAIR

4  AND WORRY OVER WHAT WAS NEXT.  HIS BLOOD PRESSURE GOT

5  REALLY HIGH.

6          IN MARCH/APRIL PLAINTIFF WAS PRESCRIBED KLONOPIN,

7  AND I'M NOT SURE OF THE SPELLING ON THAT.  HE WAS ALSO

8  PRESCRIBED A NEW MEDICATION APPROXIMATELY ONE MONTH AGO.

9  THIS WAS AT THE TIME OF THE TRIAL.  PLAINTIFF FURTHER

10  TESTIFIED THAT THE STRESS HE'S EXPERIENCING AS A RESULT OF

11  THE DEFENDANTS HAS AFFECTED HIS SEX LIFE WITH HIS WIFE.

12  HE'S ON SO MUCH MEDICATION FOR IT THAT HE HAS LOST

13  INTEREST, QUOTE, "I JUST DON'T HAVE IT IN ME."  PLAINTIFF

14  WANTS TO SHOW AFFECTION TO HIS WIFE, BUT HE CAN'T.  IT HAS

15  BEEN SIX MONTHS SINCE PLAINTIFF HAS SLEPT WITH HIS WIFE.

16  SHE IS GOOD LOOKING.  PLAINTIFF HAS JUST LOST INTEREST

17  FROM THE STRESS AND MEDICATION.

18          PLAINTIFF FURTHER TESTIFIED FROM 2009, 2010, AND

19  2011 HE IS UP AND AWAKE AT NIGHT THINKING ABOUT THE

20  DEFENDANTS.  SOMETIMES HE CRIES, AND HE CONSTANTLY WORRIES

21  WHAT HE HAS TO DO TO STOP IT.  PLAINTIFF IS COMPLETELY

22  EXHAUSTED OVER THIS AND HAS BEEN EXHAUSTED OVER THE LAST

23  YEAR.

24          ALL OF THE FOREGOING EVIDENCE WAS CLEARLY

25  SUFFICIENT FOR THE JURY TO CONCLUDE THAT THE DEFENDANTS'

26  CONDUCT WAS EXTREME AND OUTRAGEOUS HAVING A SEVERE AND

1   TRAUMATIC EFFECT ON THE PLAINTIFF'S EMOTIONAL TRANQUILITY.

2          ALTHOUGH IT MAY BE THAT MERE INSULTING WORDS AND

3   LANGUAGE WITHOUT MORE WOULD NOT ORDINARILY CONSTITUTE

4   EXTREME OUTRAGE, THERE WAS FAR MORE IN THIS CASE.   THE

5   AGGRAVATED CIRCUMSTANCES ESTABLISHED BY THE EVIDENCE HERE

6   INCLUDE THE DEFENDANTS' (1) CONSTANT PUBLIC HUMILIATION OF

7   PLAINTIFF, CALLING HIM AN ARAB TERRORIST, MUSLIM

8   TERRORIST, MIDDLE EASTERN TERRORIST WHEN THE WORD

9   "TERRORIST" SINCE 9/11 HAS TAKEN ON A NEW MEANING; (2) THE

10  REPEATED THREATS TO SEND PLAINTIFF TO JAIL AND FAILED

11  EFFORTS TO DO SO; AND (3) THE NEARLY 120 CRANK LATE NIGHT

12  CALLS OVER A ONE-MONTH PERIOD THAT DISRUPTED PLAINTIFF'S

13  SLEEP AND CAUSED HIM ANXIETY.

14         THESE AGGRAVATED CIRCUMSTANCES ARE SUFFICIENT TO

15  CONSTITUTE EXTREME OUTRAGE.   ACCORDINGLY, THE MOTION FOR

16  NEW TRIAL IS DENIED ON THE GROUNDS OF INSUFFICIENCY OF THE

17  EVIDENCE.

18         TURNING TO THE DEFENDANTS' SIXTH GROUND FOR NEW

19  TRIAL, AND THAT IS BASED ON JUROR MISCONDUCT, THAT FAILS

20  FOR SEVERAL REASONS.   IT'S WELL SETTLED THAT A PARTY

21  MOVING FOR A NEW TRIAL ON THE GROUNDS OF JUROR MISCONDUCT

22  MUST SHOW BY DECLARATION OR AFFIDAVIT THAT (1) MISCONDUCT

23  OCCURRED; (2) THE MISCONDUCT WAS PREJUDICIAL TO A FAIR

24  TRIAL AND CANNOT BE REMEDIED; (3) NEITHER THE MOVING PARTY

25  NOR HIS OR HER ATTORNEY KNEW OF THE MISCONDUCT UNTIL AFTER

26  THE VERDICT; AND (4) THE ATTORNEY FOR THE MOVING PARTY

1   ACTED PROMPTLY AFTER LEARNING OF THE MISCONDUCT TO CALL IT

2   TO THE COURT'S ATTENTION, *LINHART V. NELSON (1976) 18*

3   *CAL.3D. 641* AT PAGES 644 TO 645.   MOREOVER, JUROR

4   MISCONDUCT AS A GROUND FOR GRANTING A MOTION FOR NEW TRIAL

5   MUST BE PRESENTED ENTIRELY BY AFFIDAVITS OR DECLARATIONS,

6   CCP SECTION 658 AND 657(2), ALSO *LINHART V. NELSON* AT

7   PAGE 644.

8           AS TO THE ALLEGED JUROR MISCONDUCT IN THIS CASE,

9   DEFENDANTS ARGUE IN THEIR MOVING PAPERS THAT, QUOTE, "THE

10  JURY IS CHARGED WITH THE DUTY TO WEIGH AND BALANCE

11  EVIDENCE.   IT WAS INHERENTLY IMPOSSIBLE FOR THE JURY TO

12  DELIBERATE FOR THREE HOURS, WHICH INCLUDED A

13  ONE-AND-A-HALF-HOUR LUNCH BREAK AND MAKE SUCH A LARGE

14  AWARD."

15          THIS IS THE SUM TOTAL OF THE DEFENDANTS' ARGUMENT

16  REGARDING JUROR MISCONDUCT.   THE DEFENDANTS DID NOT FILE

17  ANY AFFIDAVITS OR DECLARATIONS PERTAINING TO THE

18  CLAIMED JUROR MISCONDUCT, THAT IS FAILING TO WEIGH AND

19  BALANCE THE EVIDENCE OR ARRIVING AT A VERDICT BY CHANCE OR

20  QUOTIENT OR AGREEING TO A COMPROMISED VERDICT.   WHILE

21  ADMISSIBLE EVIDENCE OF JUROR MISCONDUCT IS LIMITED,

22  COURTS HAVE HELD THAT JUROR DECLARATIONS ARE ADMISSIBLE TO

23  SHOW THAT ONE OR MORE JURORS AGREED TO A CHANCE OR

24  QUOTIENT VERDICT; SEE *LARA V. NEVITT (2004) 123*

25  *CAL.APP.4TH 454* AT PAGE 462 TO 463.

26          COURTS HAVE ALSO HELD THAT JUROR DECLARATIONS ARE

27

1  ADMISSIBLE TO SHOW A COMPROMISED VERDICT, SEE *LAUREN H. V.*

2  *KANNAPPAN (2002) 96 CAL.APP.4TH 834* AT PAGES 838 TO 842.

3       DESPITE THIS AUTHORITY FOR SUCH DECLARATIONS FROM

4  JURORS, NONE WERE SUBMITTED HERE.  NOR DID DEFENDANTS

5  SUBMIT THE REQUIRED AFFIDAVITS OR DECLARATIONS

6  ESTABLISHING THAT NEITHER THEY NOR THEIR ATTORNEY KNEW OF

7  THE MISCONDUCT UNTIL AFTER THE VERDICT OR, MORE

8  IMPORTANTLY, THAT THE ATTORNEY FOR THE MOVING PARTY, THE

9  DEFENDANTS, ACTED PROMPTLY AFTER LEARNING OF THE

10  MISCONDUCT TO CALL IT TO THE COURT'S ATTENTION.

11       INDEED IN THIS CASE IT WAS PRECISELY AT THE

12  MOMENT THE VERDICTS WERE READ THAT THE DEFENDANTS KNEW OR

13  SHOULD HAVE KNOWN OF THE JURORS' ALLEGED MISCONDUCT

14  BECAUSE THE DEFENDANTS AT THAT TIME KNEW EXACTLY WHEN THE

15  JURY BEGAN ITS DELIBERATIONS AND WHEN THE JURY RETURNED

16  ITS VERDICT.  IF THERE WAS ANY CONCERN THAT THE JURORS MAY

17  HAVE ENGAGED IN THE MISCONDUCT ALLEGED BY DEFENDANTS

18  DURING THEIR DELIBERATIONS, THEN THE TIME TO BRING IT TO

19  THE COURT'S ATTENTION WAS THEN, IMMEDIATELY AFTER THE

20  READING OF THE VERDICT BEFORE THE JURORS WERE DISCHARGED.

21  DEFENDANTS FAILED TO DO SO AND PRESENTED NO DECLARATIONS

22  HERE TO ESTABLISH THE CONTRARY.  BY FAILING TO BRING THE

23  ALLEGED JUROR MISCONDUCT TO THE COURT'S ATTENTION

24  IMMEDIATELY AFTER THE VERDICTS WERE READ AND BEFORE THE

25  JURY WAS DISCHARGED, THE DEFENDANTS HAVE WAIVED ANY RIGHT

26  TO A NEW TRIAL ON THIS GROUND.

1          IT IS FOR ALL OF THE REASONS SO STATED THAT THE

2    MOTION FOR NEW TRIAL ON THE GROUNDS OF JUROR MISCONDUCT IS

3    DENIED.

4          ON THE LAST AND FINAL GROUND FOR A NEW TRIAL THE

5    DEFENDANTS CLAIM THAT THE DAMAGES WERE EXCESSIVE.  THERE'S

6    VERY LITTLE IN THE MOTION FOR NEW TRIAL ON THIS SUBJECT.

7    MOST OF IT IS SET FORTH IN THE JUDGMENT NOTWITHSTANDING

8    THE VERDICT PAPERS.  AND THERE'S NO AUTHORITY FOR

9    INCORPORATION BY REFERENCE.  HOWEVER, THE COURT HAS

10   CONSIDERED IT.  WITH RESPECT TO COMPENSATORY DAMAGES, UPON

11   WEIGHING THE EVIDENCE AND DETERMINING THE CREDIBILITY OF

12   THE WITNESSES, THE COURT FINDS THAT THE NON-ECONOMIC

13   COMPENSATORY DAMAGES AWARDED AGAINST BOTH DEFENDANTS WERE

14   NOT EXCESSIVE AND WERE COMPLETELY SUBSTANTIATED BY THE

15   EVIDENCE OF THE PAIN AND SUFFERING EXPERIENCED BY

16   PLAINTIFF AS A RESULT OF THE DEFENDANTS' CONDUCT, WHICH AS

17   THE JURY FOUND, EXCEEDED THE BOUNDS OF DECENCY IN A

18   CIVILIZED SOCIETY AND WAS EXTREME AND OUTRAGEOUS.  THE

19   COURT HAS ALREADY SUMMARIZED THE EVIDENCE ABOVE.

20         WITH RESPECT TO THE PUNITIVE DAMAGES, AS THE

21   CALIFORNIA SUPREME COURT HAS HELD, BECAUSE THE

22   QUINTESSENCE OF PUNITIVE DAMAGES IS TO DETER FUTURE

23   MISCONDUCT BY THE DEFENDANT, THE KEY QUESTION BEFORE THE

24   COURT IS WHETHER THE AMOUNT OF DAMAGES EXCEEDS THE LEVEL

25   NECESSARY TO PROPERLY PUNISH AND DETER, *ADAMS V. MURAKAMI*

26   *(1991) 54 CAL.3D. 105* AT 110, CITING *NEAL V. FARMERS*

1  *INSURANCE EXCHANGE (1978) 21 CAL.3D. 910* AT 928, "THE

2  COURT CANNOT MAKE A FULLY INFORMED DETERMINATION OF

3  WHETHER AN AWARD OF PUNITIVE DAMAGES IS EXCESSIVE UNLESS

4  THE RECORD CONTAINS EVIDENCE OF THE DEFENDANT'S FINANCIAL

5  CONDITION."   THIS IS IN *ADAMS* AT PAGES 110 THROUGH 111.

6  "ALTHOUGH THERE ARE TWO OTHER FACTORS TO CONSIDER IN

7  DETERMINING IF PUNITIVE DAMAGES ARE EXCESSIVE, THAT IS THE

8  NATURE OF THE DEFENDANT'S MISCONDUCT AND THE RELATIONSHIP

9  OF THE PUNITIVE DAMAGES TO COMPENSATORY DAMAGES.   EVEN IF

10 AN AWARD IS ENTIRELY REASONABLE IN LIGHT OF THE OTHER TWO

11 FACTORS, THE AWARD CAN BE SO DISPROPORTIONATE TO THE

12 DEFENDANT'S ABILITY TO PAY THAT THE AWARD IS EXCESSIVE FOR

13 THAT REASON ALONE."   *ADAMS* AT PAGE 111.

14        AND I JUST DO WANT TO NOTE FOR THE RECORD THAT

15 THE FIRST FACTOR, REPREHENSIBILITY OF THE DEFENDANTS'

16 CONDUCT, IN THIS CASE THE EVIDENCE DEMONSTRATED THAT THE

17 DEFENDANTS' CONDUCT WAS MALICIOUS, EXTREME AND OUTRAGEOUS,

18 AND WEIGHS HEAVILY IN FAVOR OF SUBSTANTIAL PUNITIVE

19 DAMAGES.   WITH RESPECT TO THE SECOND FACTOR THAT THE COURT

20 MUST CONSIDER, AND THAT'S THE REASONABLE RELATIONSHIP

21 BETWEEN THE PUNITIVE DAMAGE AWARD AND THE INJURY SUFFERED

22 BY THE PLAINTIFF, COMPENSATORY DAMAGES, THIS COURT FINDS

23 THAT THERE IS A REASONABLE RELATIONSHIP BASED ON THE

24 EVIDENCE PRESENTED.   THE DEFENDANTS HAVE EFFECTIVELY

25 DENIED PLAINTIFF SANCTUARY IN HIS HOME.   THERE IS NOWHERE

26 THAT HE CAN GO TO GET AWAY FROM THESE DEFENDANTS BECAUSE

1  THEY LIVE RIGHT NEAR HIM, RIGHT UNDER HIM.  AND, AS

2  DEFENDANT (VERBATIM) TESTIFIED, THEY HAVE MADE HIS LIFE A

3  LIVING HELL.  THE $200,000 PUNITIVE DAMAGE AWARD AGAINST

4  EACH DEFENDANT IS LESS THAN THE COMPENSATORY DAMAGES

5  PLAINTIFF RECEIVED FOR THE HARM HE HAS SUFFERED AND WILL

6  CONTINUE TO SUFFER, AS THUS THERE IS A REASONABLE

7  RELATIONSHIP BETWEEN THE PUNITIVE DAMAGES AND THE

8  COMPENSATORY DAMAGES REFLECTING PLAINTIFF'S INJURY.

9       NOTWITHSTANDING THE FACT THAT THOSE TWO FACTORS

10  CLEARLY SUPPORT THE AMOUNT OF PUNITIVE DAMAGES THAT THE

11  JURY IN THIS CASE AWARDED, THE PLAINTIFF HERE HAS THE

12  BURDEN OF PRODUCING EVIDENCE OF THE DEFENDANTS' FINANCIAL

13  CONDITION.  THAT'S THE *ADAMS* CASE AT PAGE 119 AND EVIDENCE

14  CODE SECTION 500.

15       MOREOVER, GIVEN THE WINDFALL NATURE OF PUNITIVE

16  DAMAGES, IT IS INHERENTLY PREJUDICIAL TO REQUIRE DEFENDANT

17  TO INTRODUCE EVIDENCE OF PERSONAL FINANCES.  DOING SO

18  PLACES THE DEFENDANT IN THE POSITION OF BIDDING AGAINST

19  HIM OR HERSELF.  THAT'S THE *ADAMS* CASE AT PAGES 120 TO

20  121.

21       NOW, THE EVIDENCE PUT ON OF THE DEFENDANTS'

22  FINANCIAL CONDITION IN THIS CASE CONSISTED ONLY OF THE

23  DEFENDANTS' ORAL TESTIMONY.  DEFENDANT MOISEY FRIDMAN

24  TESTIFIED THAT HE HAD THE FOLLOWING ASSETS AND DEBTS:

25  NUMBER 1, A $30,000 I.R.A.; NUMBER 2, A CHECKING ACCOUNT

26  WITH A BALANCE OF A HUNDRED DOLLARS; NUMBER 3,

1    UNENCUMBERED REAL PROPERTY PURCHASED IN 1999 FOR $200,000

2    WITH A PRESENT VALUE UNKNOWN AND A $124,000 LINE OF

3    CREDIT; NUMBER 4, SOCIAL SECURITY PAYMENTS OF $1500 PER

4    MONTH RECEIVED BY MOISEY FRIDMAN; NUMBER 5, SOCIAL

5    SECURITY PAYMENTS OF $700 PER MONTH RECEIVED BY ROSA

6    FRIDMAN; NUMBER 6, A U.S. BANK ACCOUNT WITH A BALANCE OF

7    $300; NUMBER 7, A UNION BANK MONEY MARKET ACCOUNT WITH A

8    BALANCE OF $25,000; NUMBER 8, A 2007 TOYOTA CAMRY.  AND HE

9    FURTHER TESTIFIED THAT HE HAD NO OTHER ASSETS AND NO

10   RECURRING DEBT.

11        DEFENDANT ROSA FRIDMAN TESTIFIED IN SUM THAT HER

12   HUSBAND'S STATEMENTS REGARDING THEIR FINANCES WERE TRUE

13   AND THAT SHE DID NOT HANDLE THEIR FINANCIAL AFFAIRS.

14        NO EVIDENCE OR TESTIMONY WAS INTRODUCED ABOUT THE

15   PRESENT VALUE OF THE DEFENDANTS' PRIMARY ASSET, AND THAT

16   IS THEIR NEWPORT BEACH RESIDENCE.  ON THE STATE OF THE

17   EVIDENCE PRESENTED THE JURY'S PUNITIVE DAMAGE AWARD OF

18   $200,000 PER DEFENDANT REPRESENTS NEARLY ONE HUNDRED

19   PERCENT OF THE DEFENDANTS' NET WORTH.  THIS AMOUNT OF

20   PUNITIVE DAMAGES IS EXCESSIVE IN LIGHT OF THE EVIDENCE

21   THAT WAS PRESENTED REGARDING THE DEFENDANTS' FINANCIAL

22   CONDITION.

23        PLAINTIFF'S ARGUMENT THAT BECAUSE THE DEFENDANTS

24   FAILED TO PRODUCE DOCUMENTS REQUESTED REGARDING THEIR

25   FINANCIAL CONDITION, THAT THEY ARE ESTOPPED FROM ASSERTING

26   ANY ERROR.  PUTTING ASIDE THE PROOF OF SERVICE ISSUE

1   REGARDING THE PLAINTIFF'S REQUEST FOR DEFENDANTS'

2   FINANCIAL RECORDS, IT IS PLAINTIFF'S BURDEN TO ESTABLISH

3   DEFENDANTS' FINANCIAL CONDITION, NOT THE DEFENDANTS'

4   CITING *ADAMS* AT PAGES 120 TO 121.

5        NOTWITHSTANDING THE FOREGOING AND THE FACT THAT

6   THERE ARE ERRORS -- PROCEDURAL PROBLEMS WITH BOTH SIDES ON

7   THE ISSUE OF PUNITIVE DAMAGES, AS SO NOTED BY THE COURT,

8   PURSUANT TO CCP SECTION 662.5(B) IF THE PLAINTIFF

9   CONSENTS TO A REDUCTION IN THE AMOUNT OF PUNITIVE DAMAGES

10  AGAINST BOTH DEFENDANTS TO $25,000 EACH, WHICH THIS COURT

11  DETERMINES TO BE FAIR AND REASONABLE IN VIEW OF THE

12  FINANCIAL CONDITION EVIDENCE THAT WAS PRESENTED, THEN THE

13  DEFENDANTS' MOTION FOR NEW TRIAL ON THE GROUNDS OF

14  EXCESSIVE PUNITIVE DAMAGES IS DENIED.  IF, HOWEVER, THE

15  PLAINTIFF DOES NOT CONSENT TO THIS REDUCTION IN THE AMOUNT

16  OF PUNITIVE DAMAGES IN WRITING FILED WITH THE COURT BY

17  JANUARY 11, 2012, THEN THE DEFENDANTS' MOTION FOR NEW

18  TRIAL ON THE LIMITED ISSUE OF PUNITIVE DAMAGES IS GRANTED.

19        SO THAT IS THE COURT'S FURTHER COMMENTS ON THE

20  MOTION FOR NEW TRIAL.

21        DID EITHER PARTY WISH TO BE HEARD?  IT IS THE

22  DEFENDANTS' MOTION.  YOU ARE FIRST.

23    MR. BUSH:  THANK YOU, YOUR HONOR.  I DO APPRECIATE ALL

24  THE TIME THAT YOU'VE TAKEN IN GOING OVER THIS.  I'M NOT

25  GOING TO ARGUE OVER ANY OF THE POINTS OF THE DECISIONS

26  YOU'VE MADE.  HOWEVER, I WOULD LIKE TO CLARIFY AND AUGMENT

1   THE RECORD AS FAR AS THE DEPOSITION TRANSCRIPT IF I COULD.

2   I WOULD LIKE TO REQUEST THAT WHEN THE ISSUE OF THE

3   DEPOSITION TRANSCRIPT WAS FIRST RAISED, I INDICATED I DID

4   NOT CARE IF THE JURY READ THE ENTIRE TRANSCRIPT.  HOWEVER,

5   THE STIPULATION WAS THAT THE ORIGINAL TRANSCRIPT

6   HIGHLIGHTED AND TABBED BE SUBMITTED TO THE JURY.  IT WAS

7   THE HIGHLIGHTS AND TABBED PORTIONS THAT I WANTED THEM TO

8   SEE, WHICH WERE RELATIVELY FEW, AND THAT WAS SPECIFICALLY

9   WHAT WAS REQUESTED.  SO I REQUEST THAT BE ENTERED INTO THE

10  RECORD.

11      THE COURT:  OKAY.

12      MR. BUSH:  ALL RIGHT.  IF YOU DISAGREE, THEN I WOULD

13  JUST -- THIS IS GOING TO BE MY CHANCE, I THINK, TO GET

14  THIS PART ON THE RECORD.

15      THE COURT:  I'M NOT SURE WHAT IT IS YOU DISAGREE

16  ABOUT.  I RECALLED IT AS I HAVE JUST ITERATED IT.  SO I

17  DON'T KNOW WHAT IT IS THAT YOU'RE POINTING OUT TO THE

18  COURT THAT'S DIFFERENT THAN WHAT THE COURT SAID.  YOU

19  WANTED THE TRANSCRIPT TO GO BACK.  THE COURT INITIALLY

20  TOLD YOU TO MAKE 12 COPIES OF IT, AND YOU TOLD THE COURT

21  THAT THE DEFENDANTS COULDN'T AFFORD TO MAKE 12 COPIES OF

22  IT.  THERE WAS NOTHING ABOUT MAKING 12 COPIES ONLY OF THE

23  TEXT AND NOT THE TABBED PORTIONS AND HIGHLIGHTED PORTIONS,

24  SO I'M NOT SURE WHAT YOUR COMMENTS ARE GOING TO OR IF I

25  NEED TO RESPOND TO THEM.

26      MR. BUSH:  I THINK I'VE MADE MY POINT FOR THE RECORD

1   THAT IT'S NOT THAT I DIDN'T CARE IF THEY READ THE WHOLE

2   THING.  I DIDN'T CARE IF THEY READ THE WHOLE THING, JUST

3   THE HIGHLIGHTED TABBED PORTIONS, WHICH WAS SPECIFICALLY

4   PART OF THE STIPULATION.

5        ALSO, I DO WANT TO REQUEST A -- THE DECISION IS

6   THAT -- I DO NOT RECALL YOU INDICATED I COULD PUBLISH ANY

7   PAGES TO THE JURY RIGHT BEFORE THE TRIAL ENDED, RIGHT

8   BEFORE THE CASE WAS GOING TO THE JURY WHEN I ASKED HOW THE

9   COURT WANTED TO HANDLE THE REDACTIONS TO THE FELONY IN THE

10  TRANSCRIPT.  AT THAT POINT YOUR HONOR INDICATED THE

11  TRANSCRIPT WAS NOT GOING TO BE ALLOWED TO GO BACK TO THE

12  JURY.

13       THE COURT:  THAT WAS -- THE DECISION THAT IT WASN'T

14  GOING TO GO BACK TO THE JURY HAD PRETTY MUCH BEEN MADE.  I

15  DON'T KNOW HOW IT IS YOU WERE CONFUSED THAT IT WASN'T

16  GOING BACK TO THE JURY.  BUT I REMEMBER RIGHT BEFORE THE

17  JURY RETIRING TO BEGIN ITS DELIBERATIONS, THERE WAS SOME

18  QUESTION ABOUT WHETHER IT WAS GOING BACK.  612 PREVENTS IT

19  FROM GOING BACK TO THE JURY.  AND THIS COURT HAD

20  RESERVATIONS FROM THE VERY BEGINNING WHEN THE STIPULATION

21  WAS FIRST RAISED ABOUT IT GOING BACK TO THE JURY.  SO I

22  DON'T KNOW WHERE THAT CONFUSION COMES IN FROM, BUT DID YOU

23  WANT TO COMMENT ON HOW IT IN ANY WAY PREJUDICED YOUR

24  CLIENTS, WHICH IS THE REAL ISSUE?

25       MR. BUSH:  ABSOLUTELY.  IT'S JUST, AS I INDICATED IN

26  MY MOVING PAPERS, THAT I WAS ABIDING BY THE COURT ORDER AS

1   FAR AS COURT ORDERS THAT I COULD ASK LYNSEY ARCE QUESTIONS

2   ABOUT THE FOUNDATION OF E-MAILS AND NOTHING ELSE.  NOW,

3   EITHER AS FAR AS I'M CONCERNED ONE OF TWO THINGS HAD TO

4   HAPPEN.  EITHER THE -- THAT THERE WAS SOME REASON WHY --

5   THAT THERE IS A REASON WHY THE JURY COULDN'T SEE THE

6   TRANSCRIPT, AND THEN THE ENTIRE ORDER WAS VACATED, OR THAT

7   THE ORDER WAS INTACT 100 PERCENT.  BUT WHAT HAPPENED IS

8   THAT I FOLLOWED THE COURT ORDER BUT DIDN'T GET THE BENEFIT

9   OF IT TO -- LYNSEY ARCE WAS A VERY COMPELLING WITNESS.

10  AND ONE OPTION WAS TO THEN HAVE HER -- WHICH WOULD HAVE

11  BEEN THE NORMAL WAY TO DO THINGS -- HAVE HER TESTIMONY TO

12  FOCUSED AND SPECIFIC QUESTIONS.  THE OTHER WAY IS TO GIVE

13  THE TRANSCRIPT TO THE JURY SAYING HERE'S THE

14  HIGHLIGHTED TABBED PORTIONS.  THEY'RE VERY POWERFUL, THESE

15  HIGHLIGHTED TABBED PORTIONS.  THE WORST SCENARIO IS FOR ME

16  TO READ THE ENTIRE TRANSCRIPT FROM BEGINNING TO END

17  EXCISING ONLY THE OBJECTIONS, AND IT HAD NO DIRECTION, NO

18  FOCUS, AND IT'S NOT SOMETHING THAT WOULD EVER BE DONE TO A

19  JURY TO PRESENT COMPELLING TESTIMONY.

20      THE COURT:  COUNSEL, THIS COURT PUT NO RESTRICTIONS ON

21  WHAT YOU COULD OR COULD NOT READ TO THE JURY.  YOU MADE

22  THE DECISION OF WHAT YOU WANTED TO READ ABOUT THE

23  TRANSCRIPT.  THE COURT ALLOWED YOU TO READ THE TRANSCRIPT,

24  WHATEVER YOU WANTED TO READ.  THERE WERE NO RESTRICTIONS.

25  FURTHER, THERE WERE NO RESTRICTIONS PLACED ON YOU

26  PUBLISHING ANY PORTION OF THE TRANSCRIPT.  WE HAD AN

1  OVERHEAD PROJECTOR, THE ELMO SITUATED THERE, AND YOU COULD

2  HAVE PUT ANY PORTION OF IT UP.  THERE WERE NO RESTRICTIONS

3  ON YOUR USE OF THAT DEPOSITION TRANSCRIPT.  THE ONLY THING

4  THIS COURT DETERMINED WAS THAT IT WOULD BE IMPROPER FOR

5  THE DEPOSITION TRANSCRIPT TO GO BACK INTO THE JURY ROOM

6  DURING DELIBERATIONS.

7      MR. BUSH:  AND WOULD YOUR HONOR BE WILLING TO STATE

8  WHEN THAT DECISION WAS MADE, BEFORE OR AFTER LYNSEY ARCE

9  WAS RELEASED FROM THE STAND, WHEN THE DECISION WAS MADE

10  THAT THAT TRANSCRIPT WOULDN'T GO BACK TO THE JURY?

11     THE COURT:  IT WAS MADE VERY EARLY ON IN THE PROCESS,

12  COUNSEL.  I MEAN YOU KNEW THAT THAT TRANSCRIPT WASN'T

13  GOING BACK TO THE JURY.  I DON'T KNOW WHERE THIS CONFUSION

14  IS COMING FROM.

15     MR. BUSH:  THEN THE CONFUSION'S COMING FROM IT'S MY

16  UNDERSTANDING THAT I HAD TO READ THE ENTIRE TRANSCRIPT AS

17  A CONDITION TO THE ORIGINAL TRANSCRIPT GOING BACK TO THE

18  JURY.

19     THE COURT:  THIS COURT NEVER SAID YOU HAVE TO READ IT

20  AS A CONDITION OF GOING BACK.  THIS COURT SAID YOU READ IT

21  BECAUSE IT'S NOT GOING BACK.  THAT'S YOUR ALTERNATIVE.

22  READ IT BECAUSE IT'S NOT GOING BACK.  I DON'T KNOW HOW NOW

23  THERE'S SOME CONFUSION ABOUT THAT.

24     MR. BUSH:  WELL, THAT'S CERTAINLY NOT THE WAY THAT I

25  UNDERSTOOD IT.

26     THE COURT:  MR. MURRAY, DID YOU WANT TO COMMENT ON

1  THIS?

2      MR. MURRAY:  JUST TO THE DEPOSITION ISSUE.  I'LL

3  SUBMIT TO WHAT THE COURT'S INDICATED OR TENTATIVE IS.

4  BUT, ALSO, I WOULD SUGGEST TO THE COURT THAT ADDRESSING

5  THIS ISSUE AS A MERE IRREGULARITY OF A PROCEEDING WOULD

6  ALSO, AS WELL AS THE JURY MISCONDUCT, THIS WOULD ALSO

7  REQUIRE AN AFFIDAVIT, WHICH WAS NOT SUBMITTED WITH THE

8  MOTION FOR NEW TRIAL.  SO JUST TO TOUCH ON THAT.

9      THE COURT:  THAT WOULD BE ANOTHER BASIS FOR DENIAL.

10  YOU ARE CORRECT.

11      MR. MURRAY:  I HAVE ONE QUESTION, YOUR HONOR.  IS THE

12  WAY THAT -- I WANT TO MAKE SURE I INTERPRET THIS PROPERLY

13  BEFORE I OPEN MY MOUTH.  IS THE COURT SUGGESTING THAT IF I

14  DECIDE TO ARGUE THE PUNITIVE DAMAGES WITH THE COURT OR THE

15  COURT'S TENTATIVE, THEN AUTOMATICALLY THIS COURT WOULD SET

16  THIS PORTION FOR A NEW TRIAL, OR IS THE COURT ALLOWING ME

17  TO ARGUE?

18      THE COURT:  YOU CAN ARGUE.  IF THE COURT DOESN'T

19  CHANGE ITS TENTATIVE HERE AND THE TENTATIVE BECOMES FINAL,

20  YOU HAVE UNTIL JANUARY 12TH TO MAKE THAT DETERMINATION.

21  THE ORDER BECOMES FINAL UPON THE EXPIRATION OF THAT DATE.

22      MR. MURRAY:  MAY I?

23      THE COURT:  LET ME JUST SEE IF MR. BUSH IS FINISHED.

24      MR. BUSH:  YES.  I DON'T KNOW IF HE WANTS TO ADDRESS

25  THIS SPECIFIC ISSUE NOW OR TO -- I REQUESTED A DATE BE SET

26  FOR A SETTLED STATEMENT.  I SUBMITTED A DRAFT TO

1   MR. MURRAY, WHICH WE DO NEED TO HAVE ARRIVE AT BEFORE

2   BECAUSE WE DIDN'T HAVE A TRANSCRIPT.  AND IF WE CAN'T

3   AGREE ON THE DETAILS, THEN WE COME BEFORE YOUR HONOR AS

4   FAR AS ANY POINTS OF DISAGREEMENT.  BUT THE ONE ISSUE I

5   WOULD LIKE TO AT LEAST RAISE NOW THAT MAY BE APPROPRIATE

6   AT A LATER TIME IS FINDING THAT WHEN THE NUMBERS WERE

7   DISPLAYED THAT CAME UP ON KARL AVETOOM'S CELL PHONE --

8        THE COURT:  LET ME STOP YOU.  I'M ONLY DEALING WITH

9   THE MOTION FOR NEW TRIAL AND MOTION FOR JUDGMENT

10  NOTWITHSTANDING THE VERDICT.  NOTHING ELSE.

11       MR. BUSH:  THANK YOU, YOUR HONOR.

12       THE COURT:  JUST SO WE DON'T CONFUSE THE RECORD.

13  ANYTHING FURTHER?

14       MR. BUSH:  NOTHING FURTHER, YOUR HONOR.

15       THE COURT:  ALL RIGHT.  MR. MURRAY.

16       MR. MURRAY:  YOUR HONOR, I JUST -- I'LL SUBMIT TO THE

17  TENTATIVE ON EVERYTHING.  I'D JUST LIKE TO BE HEARD ON THE

18  PUNITIVE DAMAGE ASPECT.

19       THE COURT:  YES.

20       MR. MURRAY:  I THINK WHEN THE COURT TAKES THE

21  30,000-FOOT VIEW OF WHAT HAPPENED, AND I THINK THE COURT

22  WAS IN TUNE WITH THE REPREHENSIBILITY OF THE DEFENDANTS'

23  CONDUCT, ESPECIALLY I HAD NEVER BEEN IN A TRIAL BEFORE

24  WHERE EACH JUROR ASKED TO HAVE THEIR VOICES HEARD IN FRONT

25  OF THE DEFENDANTS.  BUT AS FAR AS -- IT IS OUR BURDEN TO

26  PROVE THE FINANCIAL WHEREWITH ALL OF THE DEFENDANTS.

```
 1  MR. AVETOOM, I RECALL, DID TESTIFY WITHOUT OBJECTION AS TO
 2  WHAT HE BELIEVED THE VALUE OF THE RESIDENCE -- OF THE
 3  EQUITY OF THE RESIDENCE.  AND I BELIEVE HE TESTIFIED IT
 4  WAS APPROXIMATELY FOUR OR $450,000 BECAUSE, IF THE COURT
 5  RECALLS, HE HAD PERFORMED AN ASSET SEARCH, AND I GOT HIM
 6  TO TESTIFY WITHOUT OBJECTION AS TO THE ASSETS OF THE
 7  DEFENDANTS.  ALSO, HE TESTIFIED THAT HE BELIEVED THAT THE
 8  DEFENDANTS HAD AN INTEREST IN ANOTHER REAL PROPERTY HELD
 9  WITH THEIR SON.  THIS WAS ALSO WITHOUT OBJECTION.  AND
10  THIS WAS BASED ON MR. AVETOOM'S RESEARCH, IF YOU WILL.
11  ALSO, HE SURELY HAS THE ABILITY TO TESTIFY ON WHAT HE
12  THINKS THE -- GIVEN THAT THERE'S NO ENCUMBRANCE ON THE
13  PROPERTY, BUT WHAT THE VALUE OF THE CONDOMINIUM IS GIVEN
14  THAT HE'S RIGHT ON TOP OF THE DEFENDANTS AND IT'S THE SAME
15  FLOOR PLAN, YOU KNOW, THEY'RE IN THE SAME NEIGHBORHOOD,
16  THE SAME FAIR MARKET VALUE.  I THINK THAT THERE WAS
17  EVIDENCE OF MORE THAN $200,000 GIVE OR TAKE OF REAL
18  ASSETS.  I THINK THAT THERE IS TESTIMONY WITHOUT OBJECTION
19  THAT THERE WAS ABOUT $450,000 OF JUST EQUITY.  AND I WILL
20  SAY, AS AN OFFICER OF THE COURT, AS GOD IS MY WITNESS, MY
21  DECLARATIONS ARE ACCURATE, AS I DID E-MAIL MY CLIENT.  I
22  PREPARED THAT WEDNESDAY NIGHT.  I E-MAILED IT TO HIM TO
23  PRINT IT OUT, AND I PERSONALLY SERVED MR. BUSH WITH THIS
24  PUNITIVE DAMAGE -- REQUEST FOR PUNITIVE DAMAGE DISCOVERY.
25  I NEVER RECEIVED ANY OBJECTION TO IT OR ANYTHING LIKE
26  THAT.  SO THAT IS THE TRUTH.  THE E-MAIL FROM -- THAT I
```

1    ATTACHED AS AN EXHIBIT TO MY DECLARATION TO MY CLIENT IS

2    THE PUNITIVE DAMAGE DOCUMENT THAT WAS SERVED.

3         MR. BUSH TRIES TO MISLEAD THE COURT IN SAYING

4    THAT, WELL, THE DOCUMENT THAT I RECEIVED ON THE PUNITIVE

5    DAMAGE PHASE IS NOT THE SAME DOCUMENT; THAT, YOU KNOW,

6    THAT I WAS NEVER EVEN SERVED, I THINK, IS WHAT HIS

7    POSITION IS BASED ON THE LACK OF A SIGNATURE.  WE'RE IN

8    THE MIDDLE OF THIS -- IF THIS COURT WILL REMEMBER, WE WERE

9    IN THE MIDDLE OF THE PUNITIVE DAMAGE PHASE OF THE TRIAL,

10   THE JURY SITTING IN THE BOX, AND MR. BUSH RAISES HIS ARMS

11   IN THE AIR, AND THE COURT TAKES US TO A SIDEBAR BACK IN

12   THE HALLWAY, AND WE'RE ADDRESSING THIS ISSUE.  SO THE

13   ISSUE IS KIND OF LIVE, IF YOU WILL.  AND I HAD GIVEN HIM

14   JUST AN EXTRA COPY FOR A COURTESY TO FOLLOW.  THAT WASN'T

15   LIKE I'M RE-SERVING THIS ON YOU ON THE DAY OF THE PUNITIVE

16   DAMAGE DISCOVERY.  IT WAS JUST MERELY A COURTESY COPY.

17   THE

18   JURY'S IN THE BOX, AND I'M NOT GOING TO GO FISH THROUGH

19   THREE BINDER BOXES TO FIND THE DOCUMENT THAT I ACTUALLY

20   SERVED HIM.  SO THE DOCUMENT THAT MR. BUSH SUBMITS IN HIS

21   REPLY IS JUST A COURTESY COPY THAT I'VE PROVIDED HIM.  BUT

22   I DID SERVE MR. BUSH, AND I DON'T WANT TO CALL MR. BUSH A

23   LIAR, BUT IT MAY HAVE BEEN MISPLACED.  I DON'T KNOW.  BUT

24   I DID HAND SERVE HIM.  I HAD MY CLIENT PRINT IT FOR ME

25   THAT MORNING AND SIGN THE PROOF OF SERVICE, AND YET THE

26   PROOF OF SERVICE WAS ERRONEOUS.  HE WASN'T SERVED AT HIS

1  OFFICE.  HE WAS SERVED HERE IN COURT.

2          THEY KNEW WHAT WAS COMING DOWN THE PIKE AND THAT

3  PUNITIVE DAMAGES WERE WELL WITHIN THE UNIVERSE AND THAT WE

4  HAD ASKED FOR DOCUMENTS AND THEY PROVIDED NO DOCUMENTS.

5  AND THE SAME RETICENCE TO PROVIDE DOCUMENTS THAT WERE

6  REQUESTED BY SUBPOENA IS EVIDENCED BY NO OTHER EXAMPLE

7  THAN IN TRIAL WHEN I'M ASKING MS. ROSA FRIDMAN, "WELL, DID

8  YOU BRING ANY DOCUMENTS THAT WE REQUESTED IN YOUR TRIAL

9  SUBPOENA?" "NO.  NO.  NO.  NO." MR. BUSH SAT SILENT.  I

10 ASKED MS. ROSA FRIDMAN FOR THE PHONE RECORDS, AND MR. BUSH

11 SAT SILENT.  IT WAS ONLY WHEN HER HUSBAND GOT ON THE STAND

12 LATER THAT THE HUSBAND GAVE AN HONEST ANSWER AND SAID,

13 "YES.  MY LAWYER HAS THEM." AND THEN THAT'S WHEN I GOT

14 THE PHONE RECORDS IN THE MIDDLE OF TRIAL WHEN THE COURT

15 TOOK A BREAK.  THAT'S THE FIRST TIME I HAD SEEN THEM,

16 BUT -- AND, AGAIN, I DON'T WANT TO CALL MR. BUSH A LIAR,

17 BUT THAT WAS A CLEAR EXAMPLE OF WHERE IT EITHER FELL

18 THROUGH THE CRACKS OR SOMETHING ELSE WAS GOING ON.  BUT I

19 HAD ASKED FOR DOCUMENTS, A WITNESS WAS ON THE STAND, AND

20 THERE WAS NO ANSWER EVEN THOUGH MR. BUSH HAD THE

21 DOCUMENTS.  SO I THINK FOR THE FRIDMANS TO STAND BEHIND A

22 SHIELD WHEN THEY HAD THE OPPORTUNITY TO PRODUCE DOCUMENTS

23 IS PATENTLY UNFAIR TO MY CLIENT ESPECIALLY WHEN THE COURT

24 LOOKS AT THE OTHER TWO PRONGS OF THE PUNITIVE DAMAGE

25 ANALYSIS.

26          I DON'T WANT TO BEAT THIS WITH A DEAD --

1    THE COURT:  I DON'T THINK THE LAW IS IN YOUR CORNER ON

2  THIS ISSUE EVEN IF THE DEFENDANTS DIDN'T COMPLY WITH THE

3  DISCOVERY REQUEST.  IT'S THE PLAINTIFF'S BURDEN TO

4  ESTABLISH THEIR NET WORTH, AND THE *ADAMS* CASE, WHICH IS A

5  CALIFORNIA SUPREME COURT CASE, EXPLAINS EXHAUSTIVELY WHY

6  THAT BURDEN IS ON PLAINTIFF BECAUSE PUNITIVE DAMAGES ARE A

7  WINDFALL AND THE PLAINTIFF IS MADE WHOLE BY THE

8  COMPENSATORY DAMAGES.  THE PUNITIVES ARE LISTEN,

9  DEFENDANTS, DON'T EVER DO THIS AGAIN DAMAGES, NOT TO MAKE

10  THE PLAINTIFF WHOLE BUT TO PUNISH THE DEFENDANTS.  SO THE

11  COURT PLACES THE BURDEN ON THE PLAINTIFF TO BE ABLE TO

12  ESTABLISH WHY THEY'RE ENTITLED TO THAT WINDFALL.  THE

13  DEFENDANTS DO NOT HAVE TO PARTICIPATE IN THAT.  AND THERE

14  ARE ANY MYRIAD OF WAYS THAT THE PLAINTIFF CAN GO ABOUT

15  GETTING DOCUMENTS ABOUT A DEFENDANT'S FINANCIAL CONDITION

16  IF THE DEFENDANTS ARE NOT COMPLYING.  AND THAT'S WHY IT IS

17  THE PLAINTIFF'S BURDEN.  SO I HEAR YOUR ARGUMENT.  I HEAR

18  YOUR CONCERNS.

19       THE ISSUE OVER THE PROOF OF SERVICE, I DO NOTE

20  THAT, MR. BUSH, IT APPEARS TO THE COURT, YOU WERE VERY

21  CAREFUL IN YOUR DESCRIPTION OF WHAT HAPPENED WITH RESPECT

22  TO THAT.  "I DIDN'T RECEIVE IT ON OCTOBER WHATEVER

23  WHATEVER."  YOU DIDN'T SAY YOU DIDN'T RECEIVE IT.

24    MR. BUSH:  CAN I SAY SOMETHING, YOUR HONOR?

25    THE COURT:  YES.

26    MR. BUSH:  I SAID I DIDN'T RECEIVE IT.  I SAID I DID

1 RECEIVE IT IN COURT.  WHEN I WAS WAVING MY HANDS I SAID,

2 "WHERE IS THE PROOF OF SERVICE?"  MR. MURRAY SAID, "I

3 HAVEN'T LOOKED FOR IT."  HE DIDN'T FIND IT.  I SAID IT

4 THEN.  I'VE SAID IT NOW.  I DIDN'T RECEIVE IT.  I SAID IT

5 RIGHT AT THE TIME WAVING MY HANDS.

6      THE COURT:  AND I REMEMBER THE COMMOTION ABOUT IT.  I

7 DO REMEMBER THAT.

8      MR. BUSH:  IF THERE HAD BEEN A PROOF OF SERVICE HE

9 SHOULD HAVE PRODUCED IT RIGHT THEN AND THERE.

10      THE COURT:  WE WERE IN THE MIDDLE OF TRIAL.

11      MR. BUSH:  I DON'T LIKE BEING CALLED A LIAR.

12      THE COURT:  THERE WERE DOCUMENTS ALL OVER.  THAT'S WHY

13 THE COURT DIDN'T TAKE ANY POSITION WITH RESPECT TO

14 RESOLVING THAT ISSUE BECAUSE I DON'T KNOW WHAT HAPPENED

15 THERE, AND I'M NOT HERE TO TRY THAT ISSUE.  I KNOW THAT

16 THAT IRREGULARITY OR THAT PARTICULAR PROBLEM DOESN'T ESTOP

17 THE DEFENDANTS FROM CLAIMING THAT PUNITIVE DAMAGES WERE

18 EXCESSIVE.

19           WITH RESPECT TO THE ARGUMENT ABOUT THE PLAINTIFF

20 PROVIDED TESTIMONY THAT, YOU KNOW, HE DID AN ASSET SEARCH

21 OR SOMETHING AND THE PROPERTY WAS WORTH $400,000, I RECALL

22 THAT TESTIMONY.  HOWEVER, THERE WAS NO SUPPORTING

23 TESTIMONY ON HOW HE KNEW WHAT THE INTERIOR OF THEIR

24 COMPLEX LOOKED LIKE, WHAT CONDITION IT WAS IN.  THERE JUST

25 WASN'T ANY TESTIMONY TO CORROBORATE THAT.  ALSO, THE

26 TESTIMONY ABOUT BELIEVING THAT THE PLAINTIFF'S -- THE

1   DEFENDANTS OWNED PROPERTY WITH THEIR SON IS NOT -- IT'S

2   SPECULATIVE, AND THERE'S A PARTICULAR CASE THAT'S ALMOST

3   ON POINT WITH THAT.  I DON'T HAVE IT HERE, BUT IT'S A

4   SAN DIEGO CASE, THE *KELLY* CASE, *KELLY V. HAGE*, I BELIEVE.

5   AND IN THAT CASE SEVERAL WITNESSES, NOT THE DEFENDANT,

6   TESTIFIED ABOUT WHAT THE DEFENDANT TOLD THEM HE OWNED.  HE

7   OWNED THIS HOUSE, HE OWNED THIS HOUSE AND THAT HOUSE.  AND

8   THE COURT SAID THAT'S NOT EVIDENCE OF THE DEFENDANT'S

9   FINANCIAL WORTH.  IT JUST WASN'T.  IT'S WHAT HE MIGHT

10  HAVE.  IT'S WHAT HE MAY HAVE.  BUT THERE'S NO PROOF THAT

11  THE DEFENDANT IN THAT CASE HAD THOSE THINGS.  THAT'S THE

12  PROBLEM HERE AS TO ANYTHING ABOVE WHAT WAS PRESENTED FROM

13  THE DEFENDANTS THEMSELVES.

14      MR. MURRAY:  I DON'T WANT TO ANNOY THE COURT, BUT IF

15  THE COURT --

16      THE COURT:  MR. MURRAY, PLEASE.  YOU ARE NOT ANNOYING

17  THE COURT BY DOING YOUR JOB.

18      MR. MURRAY:  IF THE COURT WOULD JUST -- SINCE IT'S

19  TAKING THIS MATTER UNDER SUBMISSION -- IF IT TAKES THIS

20  MATTER UNDER SUBMISSION THAT IT WOULD CONSIDER THE

21  *DAVIDOFF* CASE THAT WE SUBMITTED ADDRESSING THIS ISSUE.  SO

22  I DON'T HAVE ANY FURTHER ARGUMENT.

23      THE COURT:  ANY FINAL COMMENTS?

24      MR. BUSH:  NO FINAL COMMENTS, YOUR HONOR.

25      THE COURT:  ALL RIGHT.  ON THE MOTION FOR JUDGMENT

26  NOTWITHSTANDING THE VERDICT, YOU HAVE RECEIVED MY

1    TENTATIVE ON THAT, AND I DON'T HAVE ANYTHING ELSE TO ADD

2    BEYOND THE TENTATIVE.

3            DID EITHER OF YOU WANT TO BE HEARD ON THAT?

4        MR. BUSH:  NO, YOUR HONOR.

5        MR. MURRAY:  NO, YOUR HONOR.  WE'LL SUBMIT.

6        THE COURT:  ALL RIGHT.  THEN THE MOTION FOR JUDGMENT

7    NOTWITHSTANDING THE VERDICT IS DENIED.  AND I HAVE

8    REVIEWED THE CASES AND AUTHORITY ON PUNITIVE DAMAGES VERY

9    CAREFULLY, AND I AM SATISFIED THAT THERE WASN'T SUFFICIENT

10   EVIDENCE IN THIS CASE PRESENTED AT THE TRIAL TO SUPPORT

11   THE AWARD THAT WAS MADE BY THE JURY.

12       MR. MURRAY:  IN THAT CASE, YOUR HONOR, THEN WE WILL

13   JUST SUBMIT TO THE COURT'S REDUCTION OF THE PUNITIVE

14   DAMAGES.  I COULD -- DOES IT WANT IT WRITTEN, OR CAN I DO

15   IT IN OPEN COURT?

16       THE COURT:  DO YOU WANT TO CONSENT TO THE REDUCTION?

17       MR. MURRAY:  YES.

18       THE COURT:  OKAY.  THEN THE MOTION FOR NEW TRIAL IS

19   DENIED.  AND, COUNSEL, I WILL HAVE YOU SUBMIT SOMETHING IN

20   WRITING JUST SO WE HAVE IT.

21       MR. MURRAY:  OKAY.

22       THE COURT:  AND JUST SUBMIT IT BEFORE JANUARY 11TH OF

23   2012.  AND, PLEASE, IF YOU FILE IT DOWN IN CENTRAL, PLEASE

24   MAKE SURE THIS COURT GETS A COURTESY COPY SO I HAVE IT IN

25   TIME.  AND, FOLKS, I WILL DO AN ORDER THAT REFLECTS THE

26   ORDER -- A WRITTEN ORDER THAT REFLECTS THIS COURT'S

1    RULING.  ALL RIGHT.

2         NOW WE'LL MOVE ON.  THE TENTATIVE RULINGS ON

3    MOTION FOR NEW TRIAL AND JUDGMENT NOTWITHSTANDING THE

4    VERDICT ARE THE ORDER OF THE COURT.

5      MR. BUSH:  IS IT GOING TO BE FINAL ONCE YOU RECEIVE

6    SOMETHING IN WRITING?

7      THE COURT:  NO.  IT'S DONE NOW.  IT'S DONE NOW.  AND

8    THE OPTION IS STILL THERE IF THEY WANT TO CHANGE THEIR

9    MIND.  IF THEY DON'T WANT TO CHANGE THEIR MIND, THEY DON'T

10   HAVE TO CHANGE THEIR MIND.  IT IS THE ORDER OF THE COURT,

11   AND IT IS CONDITIONED UPON THEIR DOING SOMETHING.  IF THEY

12   DON'T DO IT, THAT PORTION OF THE JUDGMENT KICKS IN -- THE

13   RULING KICKS IN.

14        THE NEXT TWO MATTERS I HAVE ARE INITIALLY I HAD

15   DEFENDANTS' EX PARTE APPLICATION FOR AUTHORIZATION TO PAY

16   FOR PRESCRIPTION DRUGS.  I RECEIVED AN OPPOSITION FROM

17   PLAINTIFF AND RECEIVED NOTICE OF WITHDRAWAL FROM THE

18   FRIDMANS OF THAT REQUEST.  IS THAT OFF CALENDAR?

19      MR. BUSH:  YES, YOUR HONOR, IT'S OFF CALENDAR.

20      THE COURT:  ALL RIGHT.  THAT IS OFF CALENDAR.

21        THEN THE NEXT THING I HAVE IS PLAINTIFF'S

22   EX PARTE APPLICATION INVALIDATING DEFENDANTS'

23   NOVEMBER 18TH, 2011 NOTARIZATION AND FILING OF ASSIGNMENT

24   IN VIOLATION OF COURT INJUNCTION AND DECLARATIONS OF

25   MR. AVETOOM, MR. MURRAY, AND SOME EXHIBITS, AND A REQUEST

26   FOR OSC RE CONTEMPT.  I'VE ALSO RECEIVED AND REVIEWED THE

1    FRIDMANS' OPPOSITION TO THAT EX PARTE APPLICATION.

2         COUNSEL, WOULD YOU LIKE TO BE HEARD?

3         MR. MURRAY:   YES, YOUR HONOR.   THE EX PARTE IS FAIRLY

4    STRAIGHTFORWARD.   IF THE COURT REMEMBERS THAT THE INITIAL

5    REASON THAT WE HAD COME IN ON AN EX PARTE WITHOUT NOTICE

6    AND THE COURT HAD GRANTED AN EMERGENCY INJUNCTION OR ORDER

7    WAS THAT WE HAD FOUND ON THE DOCKET THAT A NOTICE OF

8    ASSIGNMENT WAS FILED WITH THE ORANGE COUNTY SUPERIOR COURT

9    IN THE HOMEOWNERS CASE.   AND THE COURT FOUND PROBLEMS WITH

10   THAT AND GRANTED THAT, AND THEN THERE WAS A FULL HEARING,

11   AND THE COURT LATER GRANTED A PRELIMINARY INJUNCTION.   THE

12   ELEPHANT IN THE ROOM IS THERE WAS A -- WE WILL ASSUME FOR

13   ARGUMENT'S SAKE THAT MR. AVETOOM WAS A CREDITOR OF THE

14   DEFENDANTS' AND MR. RISBROUGH'S FIRM IS A CREDITOR OF THE

15   DEFENDANTS'.

16        WHAT -- BY -- WHEN THEY RECEIVED THE NOTICE OF

17   ASSIGNMENT, THAT IT WAS REJECTED BY THE COURT BECAUSE IT

18   WASN'T NOTARIZED, THAT CREATED A DOCUMENT THAT COULD NOT

19   BE PERFECTED, WHICH CREATES A PREFERENCE OF CREDITORS.

20   AND WHAT THE ISSUE IS HERE IS THAT THE DEFENDANTS WITH

21   THEIR LAWYER LYING IN WAIT ON THAT DAY CAUSED AN

22   ACKNOWLEDGEMENT OF A DOCUMENT THAT WAS PREVIOUSLY REJECTED

23   TO NOW BE FILED WITH THE COURT CREATING A PERFECTION OF

24   ASSIGNMENT.   WE HAVE A DECLARATION BY MR. RISBROUGH

25   HIMSELF THAT ACKNOWLEDGED THAT, HEY, THIS WAS AN

26   ASSIGNMENT BUT IT CAN'T BE PERFECTED BECAUSE IT WASN'T

1    NOTARIZED.  AND I REGRET THAT WE DIDN'T PUT IT IN OUR

2    MOTION YESTERDAY, BUT IF THE COURT COULD TAKE JUDICIAL

3    NOTICE OF THE EX PARTE FILED BY MR. BUSH TO VACATE THE

4    TRO, EXHIBIT E TO THAT -- THIS WAS A HEARING ON

5    NOVEMBER 15TH -- EXHIBIT E TO THAT DOCUMENT WAS ACTUALLY A

6    LETTER FROM MR. RISBROUGH INCORPORATED INTO THE MOTION

7    THAT ACKNOWLEDGES THAT THIS IS AN ISSUE OF PREFERENTIAL

8    TREATMENT.  WHAT THE DEFENDANTS DID OR CAUSED IS GIVING A

9    PREFERENCE TO ONE CREDITOR OVER ANOTHER.  IT'S AS SIMPLE

10   AS THAT.  THE COURT'S PRELIMINARY INJUNCTION SPECIFIC

11   LANGUAGE PROHIBITS ANY ACT --

12        THE COURT:  I RECALL, BUT LET ME --

13        MR. MURRAY:  -- ASSIGNING, RECORDING, ENCUMBERING --

14        THE COURT:  LET ME GET YOU FOCUSED ON THE ISSUE AND

15   THE PROBLEM HERE.  THE DEFENDANTS ASSIGNED THEIR RIGHT TO

16   THOSE ATTORNEYS, TO THE RISBROUGH FIRM -- AND I DON'T KNOW

17   IF IT'S HIS FIRM.  I'LL CALL IT THE RISBROUGH FIRM -- BACK

18   IN APRIL OF 2011 BEFORE ANY VERDICT CAME DOWN IN THIS

19   CASE, BEFORE MR. AVETOOM BECAME A CREDITOR OF THE

20   DEFENDANTS.  THAT ASSIGNMENT TRANSFERRED ALL INTEREST AND

21   RIGHTS TO THAT SUM OF MONEY TO THE RISBROUGH FIRM.  IF THE

22   DEFENDANTS HAD TRIED TO EXECUTE ON THAT, HAD THEY

23   COLLECTED IT, HAD THEY DONE ANYTHING, THEY WOULD HAVE BEEN

24   STOPPED IN THEIR TRACKS BECAUSE THEY DIDN'T OWN IT.  IT

25   WASN'T THEIRS.  THEY HAD ASSIGNED IT AWAY, OR AT LEAST

26   THERE WOULD BE LITIGATION BETWEEN THE RISBROUGH FIRM AND

1   DEFENDANTS OVER WHO ACTUALLY OWNED THAT BECAUSE OF THE

2   ASSIGNMENT THAT THEY HAD MADE.  WHETHER IT HAS BEEN

3   PERFECTED OR NOT, WE DON'T EVEN NEED TO GET TO THE

4   PERFECTION ISSUES BECAUSE THIS COURT DOESN'T GET PAST THE

5   DEFENDANTS DIDN'T OWN IT.  SO IT WASN'T THEIRS.  IT'S NOT

6   A PART OF THEIR ASSETS ANYMORE, AND IT WASN'T A PART OF

7   THEIR ASSETS BEFORE THIS COURT ENTERED THE INJUNCTION.

8       MR. MURRAY:  LET ME PUT IT TO YOU THIS WAY, YOUR

9   HONOR:  WE HAVE A -- MR. AVETOOM HAS A JUDGMENT.  AS A

10  JUDGMENT CREDITOR WITH PERMISSION OF THE COURT, BECAUSE

11  THERE'S A 918 STAY, EVEN WITH A 918 STAY, MR. AVETOOM WAS

12  ABLE TO FILE A NOTICE OF ENCUMBRANCE WITH THE SECRETARY OF

13  STATE AND WITH THE COUNTY RECORDER BECAUSE IT DOESN'T

14  EFFECTUATE AN ENFORCEMENT OF THE JUDGMENT.  BY THE SAME

15  TOKEN THIS COURT COULD ALLOW MR. AVETOOM TO FILE A NOTICE

16  OF LIEN, WHICH IS A JUDICIAL COUNCIL FORM, ON THE H.O.A.

17  CASE.  HE HAS A VALID JUDGMENT.  HE COULD FILE A NOTICE OF

18  LIEN WITH PERMISSION OF THE COURT ON THE H.O.A. CASE WITH

19  HIS JUDGMENT.  A NOTICE OF LIEN, AGAIN, IS A PRIORITY

20  ISSUE THAT -- THAT'S HOW CREDITORS COMPETE.  NOW, IF THE

21  COURT LET'S -- CONCEIVABLY WHY MR. AVETOOM IS SPECIFICALLY

22  DAMAGED IS THAT WITH MR. AVETOOM BEING ABLE TO FILE A

23  NOTICE OF LIEN ON THE H.O.A. CASE WITHOUT A PERFECTED

24  ASSIGNMENT HE IS HARMED BECAUSE IF THE ASSIGNMENT GOES

25  THROUGH, OUR STAND AS IT IS NOW, THEN MR. AVETOOM FILING A

26  NOTICE OF LIEN IS MEANINGLESS.  SO THERE IS A PERFECTION

1   ISSUE BETWEEN THE CREDITORS.  AND IT MAY NOT BE A LOT, BUT

2   WHEN BOTH ARE COMPETING CREDITORS, THE ABILITY TO RECORD

3   SOMETHING WHERE ONE CREDITOR TAKES THE FRONT SEAT OVER THE

4   OTHER CREDITOR HARMS MR. AVETOOM.  IT IS WHY HE POSTED THE

5   BOND, SO EVERYTHING CAN REMAIN THE STATUS QUO.  BY THE

6   FRIDMANS CAUSING AN ASSIGNMENT TO NOW BE RECORDED THAT WAS

7   PREVIOUSLY REJECTED DOES NOT PRESERVE THE STATUS QUO.

8        WAS IT AN ASSIGNMENT?  WAS IT A VALID ASSIGNMENT?

9   I THINK THE COURT WAS VERY HESITANT TO GET INTO THAT ISSUE

10  AND ADDRESS THE MERITS OF WHETHER OR NOT THAT WAS A VALID

11  ASSIGNMENT.  IF YOU LOOK AT THE LANGUAGE OF THE

12  ASSIGNMENT, WAS IT DONE PURSUANT TO 673?  THE COURT DIDN'T

13  WANT TO DEAL WITH THAT.  BUT BY WAITING FOR THE

14  RESTRAINING ORDER HEARING AND THEN SUBSEQUENTLY MAKING AN

15  AFFIRMATIVE ACT WHICH NOW A DOCUMENT WHICH COULD NOT BE

16  RECORDED IS NOW RECORDED IS NOT -- DOES NOT PRESERVE THE

17  STATUS QUO.  AND IF THE COURT TAKES THE POSITION THAT

18  WELL, WE'LL JUST LET YOU FOLKS FIGHT IT OUT IN THE H.O.A.

19  CASE AS TO WHO HAS A VALID ASSIGNMENT IN SOMEBODY'S LIEN

20  AND WHATNOT, THAT'S AT LEAST ALLOWING THE CREDITORS TO

21  COMPETE.  BUT MR. RISBROUGH IN HIS DECLARATION SUBMITTED

22  IN THE OPPOSITION WAS CLEAR.  I DID NOT HAVE THEM

23  RE-EXECUTE ANOTHER ASSIGNMENT.  HE TRIED TO PLAY CUTE AND

24  THINK OF A WAY TO CARVE AROUND THE COURT'S INJUNCTION

25  BECAUSE HE KNEW THAT IF HE HAD AN IDENTICAL ASSIGNMENT

26  EXECUTED AND NOTARIZED THAT THAT WOULD BE A VIOLATION OF

1   THE RESTRAINING ORDER.  CLEARLY, CAUSING THE ASSIGNMENT TO

2   BE FILED IS TRANSFERRING SOMETHING.  IT'S NOT KEEPING

3   THINGS TO THE STATUS QUO.  THAT IS WHY HE POSTED A BOND.

4   AND WHEN -- IT'S JUST AS SIMPLE AS IF THIS STANDS, THEN IT

5   CUTS OFF ANY ABILITY FOR MR. AVETOOM TO FILE A NOTICE OF

6   LIEN ON THE CASE AS A LAWFUL JUDGMENT CREDITOR.  IT WIPES

7   IT OUT.  SO I THINK THAT THE COURT -- I JUST DON'T SEE HOW

8   THE COURT CAN GET AROUND --

9       THE COURT:  MR. MURRAY, YOU WANT THIS COURT TO

10  LITIGATE THE ISSUE OF WHETHER OR NOT THE ASSIGNMENT IS

11  PROPER OR NOT.  THIS COURT SERVED AS THE JUDGE OF A TRIAL

12  OF ONE CAUSE OF ACTION, INTENTIONAL INFLICTION OF

13  EMOTIONAL DISTRESS.  THAT IS WHAT WE'RE HERE ABOUT.  THE

14  POST-TRIAL ISSUES, AND THIS PARTICULAR ONE OF THE

15  DEFENDANTS DEPLETING THEIR ASSETS AND ALL, THAT IS WHY THE

16  COURT ENTERED THE INJUNCTION, TO PREVENT THEM FROM DOING

17  THAT.  WE HAD A WHOLE ISSUE COME UP ABOUT THE ASSIGNMENT.

18  WE HAD A HEARING ABOUT THAT, AND A TRANSCRIPT OF THAT

19  HEARING IS ATTACHED TO THE FRIDMANS' OPPOSITION, AND THIS

20  COURT WENT THROUGH PAINSTAKINGLY ALL OF THESE ISSUES THAT

21  YOU'RE RAISING HERE NOW AS TO WHY THIS COURT NEEDS TO JUMP

22  IN AND BECOME INVOLVED IN THE ISSUE OF A JUDGMENT IN

23  ANOTHER CASE NOT DIRECTLY INVOLVING THIS PLAINTIFF BUT

24  RELATED TO ALL OF THESE PARTIES AND SOMEBODY ELSE.  AND

25  THE COURT DECLINED TO DO THAT AT THAT TIME FINDING

26  ESSENTIALLY THAT UNTIL THAT ASSIGNMENT IS LITIGATED AND

1   THERE'S SOME CONCLUSION ABOUT WHETHER IT'S VALID OR NOT

2   VALID, THAT'S NOT -- THE PLAINTIFFS (VERBATIM) HAVE

3   TRANSFERRED THEIR RIGHT TO THAT AWAY.  AND MR. RISBROUGH

4   ATTACHED THE -- IF I RECALL, BECAUSE THOSE PAPERS ARE NOT

5   BEFORE THE COURT RIGHT NOW, RETAINER AGREEMENT WITH THE

6   DEFENDANTS, WHICH ESSENTIALLY THEY AGREED AND IS THE

7   RETAINER AGREEMENT THAT ANY AWARD OF ATTORNEY'S FEES DID

8   NOT BELONG TO THEM IN THE FIRST INSTANCE BUT BELONGED TO

9   HIM.  THE ASSIGNMENT ESSENTIALLY WAS, "HEY, LOOK, THEY'RE

10  GETTING ELDERLY.  THEY MAY NOT BE HERE.  FOR MY

11  PROTECTION," MR. RISBROUGH SPEAKING, "FOR MY PROTECTION,

12  LET ME JUST GO AHEAD AND GET THE ASSIGNMENT."  I DON'T

13  EVEN KNOW IF THAT WAS NECESSARY.  BUT THIS COURT IS NOT

14  LITIGATING THAT ISSUE.  WHAT THIS COURT CAN SAY IS THAT

15  UNTIL THAT ISSUE IS RESOLVED AND YOU CAN COME IN WITH SOME

16  SORT OF PROOF THAT IT WAS AND IS THEIR ASSET, THEN THEY

17  HAVE VIOLATED THE PROTECTIVE ORDER.  BUT ABSENT THAT I

18  CAN'T FIND -- THERE'S NO EVIDENCE BEFORE THIS COURT

19  THERE'S A VIOLATION.

20      MR. MURRAY:  YOUR HONOR, IF YOU LOOK AT IT IN TERMS OF

21  THE DEFENDANTS ARE ESSENTIALLY SAYING, "HEY, I OWE THIS

22  LAW FIRM MONEY."  AND BY CAUSING AN ACKNOWLEDGEMENT, THEY

23  ARE MAKING SURE THAT ONE CREDITOR GETS PAID.  NOW, LET'S

24  JUST -- LET'S JUST --

25      THE COURT:  COUNSEL, LET ME FOCUS YOU.  YOU NEED TO BE

26  FOCUSED ON THE RIGHT JUNCTURE THAT WE ARE AT IN THIS

1   PROCEEDING OR THE RIGHT JUNCTURE OF WHERE THIS ASSIGNMENT

2   AND THIS ISSUE OF THIS AWARD IN THE OTHER CASE IS.  IS IT

3   THE DEFENDANTS' BEFORE OR AFTER THE TRO AND THE INJUNCTION

4   IN THIS CASE, IS IT THEIR ASSET?  I MEAN FOR ME TO FIND

5   THEM IN VIOLATION OF THE PROTECTIVE ORDER I NEED EVIDENCE

6   THAT IT WAS THEIR ASSET, RIGHT?  I NEED TO KNOW.

7      MR. MURRAY:  I DON'T THINK THAT THE COURT NEEDS TO

8   KNOW.

9      THE COURT:  YEAH, BECAUSE MY ORDER SAID THEY CAN'T DO

10  ANYTHING REGARDING THEIR STUFF, THEIR PROPERTY, THEIR

11  ASSETS.  IT DOESN'T MATTER IF -- I MEAN I CAN'T STOP THEM

12  FROM DOING SOMETHING WITH THEIR SON'S ASSETS OR COUSIN'S

13  ASSETS OR MOTHER'S BROTHER'S ASSETS.  THE ORDER IS

14  SPECIFIC.  IT PERTAINS TO THEM AND THEIR ASSETS.

15     MR. MURRAY:  IF THERE WAS NO BENEFIT --

16     THE COURT:  THAT'S NOT THE ISSUE, COUNSEL.  IT REALLY

17  ISN'T.  THE ISSUE FITS IN THIS BOX.  IT'S VERY SMALL.  IT

18  SIMPLY IS THIS, WAS THIS THEIR ASSET BEFORE THE PROTECTIVE

19  ORDER OR THE INJUNCTION OR NOT.

20     MR. MURRAY:  WELL, YOU HAVE AN ISSUE OF PRIORITY.  AND

21  IF WE REWIND IT BACK A LITTLE BIT FURTHER THAT IF THE

22  PLAINTIFFS (VERBATIM) DID NOT HAVE AN ALERTED LAWYER AND

23  THEY DIDN'T KNOW TO COME IN AND ASK FOR A STAY OF THE

24  EXECUTION PURSUANT TO 918 --

25     THE COURT:  THE DEFENDANTS, YOU MEAN?

26     MR. MURRAY:  THE DEFENDANTS.

1        THE COURT:  ALL RIGHT.

2        MR. MURRAY:  CONCEIVABLY MR. AVETOOM COULD HAVE TAKEN

3    HIS JUDGMENT, RAN DOWN TO THE SUPERIOR COURT, RECORDED HIS

4    NOTICE OF LIEN PRIOR TO RISBROUGH RECORDING THE

5    ASSIGNMENT, A RACE TO THE COURTHOUSE.  OKAY.  SO -- BUT

6    BECAUSE THEY HAVE SOUGHT EQUITY FROM THIS COURT TO HAVE A

7    STAY OF THE ENFORCEMENT OF JUDGMENT MR. AVETOOM COULD NOT

8    GO DOWN AND PERFECT HIS RIGHTS UNDER THE CODE.  SO BECAUSE

9    THERE'S THIS HANDCUFF PERIOD OF TIME FOR MR. AVETOOM WHEN

10   HE CANNOT PERFECT HIS RIGHTS AS A CREDITOR, IN THE

11   MEANTIME ANOTHER CREDITOR OF THEIRS HAS PERFECTED THEIR

12   RIGHTS, AND THAT IS HOW HE IS HARMED.  BECAUSE IF THINGS

13   WERE GOING TO REMAIN THE STATUS QUOTE AS OF THE DATE OF

14   THE HEARING, THEN NO CREDITOR CONCEIVABLY WOULD BE ABLE TO

15   PERFECT THEIR RIGHTS, AND YOU DO GET OUT WHEN THE STAY IS

16   LIFTED, BUT NOW BECAUSE HIS HANDS WERE HANDCUFFED HE CAN'T

17   RUN DOWN TO THE COURT AND FILE A NOTICE OF LIEN.  AND NOW

18   WHEN HE DOES, IT'S USELESS BECAUSE ANOTHER CREDITOR'S

19   RIGHTS HAVE BEEN PERFECTED.  IF THERE WAS NO BENEFIT, IT

20   WOULD NOT HAVE BEEN DONE.

21        MR. RISBROUGH KNOWS, HIS CLIENTS KNOW THAT FILING

22   THAT DOCUMENT WITH THE COURT WAS AN ACT TO FURTHER PAY A

23   CREDITOR.  THERE'S NO WAY AROUND THAT.

24        THE COURT:  AND I DON'T -- WELL, I'VE HEARD FROM YOU

25   ENOUGH.  YOU ARE GOING AROUND AGAIN.

26        MR. BUSH, DO YOU --

1      MR. BUSH:  I THINK THESE ISSUES HAVE BEEN GONE AROUND

2  AGAIN AT LENGTH AND THAT THE STAY HAD TO DO WITH THE

3  ENFORCEMENT OF THE JUDGMENT.  I THINK WE WERE VERY CLEAR

4  WHEN THAT RULING WAS MADE IT DIDN'T PREVENT THEM FROM

5  ASSERTING LIENS, FILING LIENS AND THAT SORT OF THING.  THE

6  STAY WAS MERELY TO PREVENT THEM FROM ENFORCING A JUDGMENT.

7  AND SO THERE'S NOTHING THAT THE FRIDMANS DID THAT WAS

8  WRONG OR INAPPROPRIATE, THAT THEIR ARGUMENT HAS TO DO WITH

9  THE H.O.A. CASE AND HAS TO DO WITH ROBERT RISBROUGH.  IT'S

10 NOT APPROPRIATE FOR AN EX PARTE OR FOR THIS COURT.

11     MR. MURRAY:  IF YOU LOOK AT THE ACTUAL LANGUAGE OF A

12 918 STAY OF WHAT HE IS ALLOWED TO DO, HE'S ALLOWED TO FILE

13 WITH THE COUNTY RECORDER, FILE WITH THE SECRETARY OF

14 STATE.  THERE IS NO EXPRESS PROVISION FOR HIM TO FILE A

15 NOTICE OF LIEN ON ANOTHER CASE.  HE IS NOT ALLOWED TO DO

16 THAT.  THAT WOULD BE IN VIOLATION OF THE 918 ORDER.  SO

17 WHILE HE IS PROHIBITED FROM FILING A NOTICE OF LIEN -- AND

18 I COULD PROVIDE FURTHER BRIEFING FOR THE COURT --

19     THE COURT:  NO, COUNSEL.  HONEST, WE HAVE BEEN AROUND

20 AND AROUND WITH THIS.  THE PROBLEM I HAVE IS FOR ME TO

21 MAKE A DETERMINATION AS TO WHETHER OR NOT THEY HAD DONE

22 SOMETHING IN VIOLATION OF MY ORDER, I NEED SOMETHING

23 TELLING ME THAT THEY OWNED THAT ASSET, THAT IT WAS

24 SOMETHING THAT THEY OWNED AND POSSESSED BEFORE THIS COURT

25 TOLD THEM THEY COULD NOT DO ANYTHING WITH THEIR ASSETS

26 OTHER THAN $3,000 A MONTH.  THE COURT GAVE THEM PERMISSION

1   TO USE $3,000 A MONTH.  ANYTHING ABOVE THAT THEY'D HAVE TO

2   COME TO COURT TO DO SOMETHING ABOUT.  I DON'T HAVE THAT

3   PROOF IN FRONT OF ME.  WHAT I HAVE IS A VERY STRONG AND

4   COMPELLING ARGUMENT THAT IS NOT LOST ON THE COURT OF WHAT

5   THE RISBROUGH FIRM AND WHAT THESE DEFENDANTS ARE DOING

6   TRYING TO HURRY UP AND GET RISBROUGH PAID WHAT HE BELIEVES

7   HE'S ENTITLED TO.  AND WE DISCUSSED THIS AT THE LAST

8   HEARING.  WE HAVE DISCUSSED ALL OF THIS AT THE LAST

9   HEARING.  MR. RISBROUGH HAS A RIGHT TO PURSUE HIS PAYMENT

10  OF HIS ATTORNEY'S FEES.  HE HAS AN ABSOLUTE RIGHT TO DO

11  THAT.  AND I CAN'T ENCUMBER ANOTHER PERSON'S RIGHTS WHEN I

12  DON'T HAVE PROOF THAT WHAT WE'RE FIGHTING OVER, WHAT YOU

13  BELIEVE MR. AVETOOM AND THE RISBROUGH FIRM ARE FIGHTING

14  OVER, THAT $200,000 ATTORNEY FEES JUDGMENT BELONGED TO THE

15  DEFENDANTS AT THE TIME THE COURT ENTERED ITS ORDER.  I

16  DON'T HAVE THAT PROOF IN FRONT OF ME.  THAT'S THE END OF

17  THE DISCUSSION REGARDLESS OF THE EQUITIES, REGARDLESS OF

18  WHO IS RUNNING THE COURT AND WHO IS GETTING ADVANTAGE.

19  THE ISSUE IS VERY NARROW.  IT IS WHAT I INDICATED, AND

20  THERE'S NO PROOF IN THESE PAPERS THAT THAT ASSET BELONGED

21  TO THEM; AND, THEREFORE, THERE'S NO EVIDENCE THAT THEY DID

22  SOMETHING TO FURTHER -- TO GET RID OF THAT ASSET TO MOVE

23  IT ALONG TO RECONVEY IT OR TO REASSESS IT.  IT HAD ALREADY

24  BEEN DONE.

25      MR. MURRAY:  IF WE CONCEDE --

26      THE COURT:  FINAL COMMENTS.

1      MR. MURRAY:  IF WE CONCEDE THAT THE FRIDMANS OWE THE

2  RISBROUGH FIRM MONEY, THE COURT HAS IN A SENSE STEPPED IN

3  AND SAID, HEY, YOU MAY OWE THIS GUY MONEY, BUT YOU CANNOT

4  DO AN AFFIRMATIVE ACT TO PAY HIM BECAUSE THERE IS A

5  MONTHLY ALLOWANCE THAT YOU'RE PRECLUDED BY.  YOU JUST

6  CAN'T TAP ON THE LINE OF CREDIT.  YOU CAN'T DO SOMETHING

7  IN FURTHERANCE OF PAYING A CREDITOR.

8      THE COURT:  ISSUES THAT ARE COMING TO LIGHT TO YOU

9  THAT WHEN THAT ATTORNEY FEES PAYMENT GETS MADE TO THEM,

10  THERE WILL BE SOME QUESTION IF THE INJUNCTION IS STILL IN

11  PLACE AS TO WHETHER THEY CAN RELEASE IT.  I DON'T KNOW

12  WHAT THE ANSWER IS GOING TO BE TO THAT, BUT THOSE ARE ALL

13  ISSUES THAT ARE NOT PRESENT BEFORE THE COURT.

14      MR. MURRAY:  OKAY, YOUR HONOR.

15      THE COURT:  THAT EX PARTE APPLICATION ORDER IS DENIED.

16  IS NOTICE WAIVED ON THAT?

17      MR. MURRAY:  YES, YOUR HONOR.

18      MR. BUSH:  NOTICE WAIVED.

19      THE COURT:  ANYTHING FURTHER, COUNSEL?

20      MR. BUSH:  NO, YOUR HONOR.

21      MR. MURRAY:  NO.  I WOULD --

22      THE COURT:  YES.

23      MR. MURRAY:  THIS IS AN EX PARTE DISCUSSION, BUT

24  WOULD -- GIVEN --

25      THE COURT:  WAIT.  I'M NOT SURE WHAT YOU MEAN BY THIS

26  IS AN EX PARTE DISCUSSION.

1    MR. MURRAY:  I'M JUST KIND OF -- YOU ASKED IF THERE IS

2  ANYTHING ELSE.   THERE ARE A FEW THINGS.

3    THE COURT:   OKAY.  BUT MR. BUSH IS IN THE ROOM, SO

4  IT'S NOT EX PARTE BETWEEN YOU AND HIM.

5    MR. MURRAY:  ONE OF THE CONCERNS THAT WE HAVE IS GIVEN

6  THAT THERE'S A 918 STAY, WOULD THE COURT ALLOW MR. AVETOOM

7  TO FILE A NOTICE OF LIEN ON THE H.O.A. CASE?

8    THE COURT:  I BELIEVE YOU ASKED THE COURT FOR

9  CLARIFICATION OF THAT AT THE END OF THE LAST HEARING, AND

10  I WAS LOOKING QUICKLY, LOOKING FOR THAT TRANSCRIPT.   THERE

11  WAS SOME SPECIFIC DISCUSSION ABOUT WHAT THIS DOES AND

12  DOESN'T PROHIBIT YOUR CLIENT FROM DOING.  WE LOOKED AT THE

13  STATUTE ABOUT LIENS, AND I BELIEVE WE SAID IT HAS NOTHING

14  TO DO WITH STOPPING YOU FROM DOING ANYTHING WITH RESPECT

15  TO THAT.

16    MR. MURRAY:  MY READING OF THE STATUTE IS WE WOULD

17  NEED EXPRESS PERMISSION BY THE COURT TO DO THAT.

18    THE COURT:  MR. BUSH, DO YOU WANT TO BE HEARD?

19    MR. BUSH:  YOUR HONOR, I JUST -- AT THIS TIME IT'S --

20  I DON'T THINK IT'S BEEN PROPERLY BRIEFED.  I TAKE NO

21  POSITION ON IT BECAUSE ON THE H.O.A. CASE I AM NOT THE

22  ATTORNEY OF RECORD.  AS FAR AS I'M CONCERNED ALL THESE

23  ISSUES BELONG THERE.  I DON'T UNDERSTAND THE PLAINTIFF'S

24  POSITION, AND I THINK IT WOULD NEED TO BE FULLY BRIEFED

25  AND FOR ME TO COMMUNICATE WITH MR. RISBROUGH ON THIS ISSUE

26  OF MR. AVETOOM BEING ABLE TO ENFORCE THE JUDGMENT.

1    THE COURT:  RIGHT.  THIS FALLS UNDER THE 918, WHICH IS

2    RELEVANT TO THIS CASE.  HE'S GOT A JUDGMENT.  HE HAS SOME

3    RIGHTS WITH RESPECT TO THAT JUDGMENT.  HE IS PARTIALLY

4    PROHIBITED FROM TAKING SOME ACTION BECAUSE THE COURT MADE

5    A STAY.  THEY'RE ASKING FOR PARTIAL RELIEF FROM THE STAY,

6    WHICH IS WITHIN THIS COURT'S JURISDICTION TO GRANT AS I

7    SEE IT.

8        COUNSEL, DO YOU REMEMBER THE STATUTE --

9    MR. MURRAY:  IF THE COURT COULD GIVE ME TIME, I COULD

10   LOOK AT THE CCP, BUT 918 REFERS TO WAYS HE COULD RECORD

11   SOMETHING, AND IT'S ANOTHER CODE SECTION.  AND ONE OF

12   THOSE WAYS IS NOT PURSUANT TO, I THINK, 706 POINT

13   SOMETHING WHERE MR. AVETOOM COULD JUST FILE A NOTICE OF

14   LIEN BASED ON HIM BEING A JUDGMENT CREDITOR.  IF THE COURT

15   WOULD GIVE ME TIME, I COULD GET THAT.

16   THE COURT:  WHY DON'T WE TAKE A SHORT RECESS FOR TEN

17   MINUTES.

18        (RECESS TAKEN.)

19   THE COURT:  WE'RE BACK ON THE RECORD.

20   MR. MURRAY:  THANK YOU FOR GIVING ME TIME, YOUR HONOR.

21   I FOUND THE SECTION WITH THE ASSISTANCE OF YOUR KIND CLERK

22   GETTING ME THE BOOKS.  OKAY.  SO THE COURT ISSUED A STAY

23   UNDER SECTION 918 TO THE DEFENDANTS.  AND IF THE COURT

24   WOULD LOOK AT CCP 697.040, THAT ESSENTIALLY DETAILS THAT A

25   918 STAY DOES NOT PRECLUDE PLAINTIFF FROM ENFORCING HIS

26   RIGHTS PURSUANT TO TWO OTHER CODE SECTIONS.

1    THE COURT:  698 -- SAY IT AGAIN.

2    MR. MURRAY:  THE INITIAL ONE WAS 697.040.  AND THAT

3   ESSENTIALLY ASSERTS THAT IF THERE'S A 918 STAY THE

4   DEFENDANT IS NOT PRECLUDED FROM DOING THE -- YOU KNOW

5   ENFORCING HIS RIGHTS UNDER 697.310 AND 697.510.  ONE IS

6   REGARDING PERSONAL PROPERTY.  ONE IS REGARDING REAL

7   PROPERTY.  WHAT PLAINTIFF IS SEEKING TO DO IS FILE A

8   NOTICE OF LIEN UNDER 708.410.  AND 708.410 CCP IS NOT

9   CARVED OUT UNDER THE PREVIOUS CODE SECTIONS.

10    THE COURT:  AND I THINK THAT'S WHAT WE DISCUSSED AT

11   THE LAST ONE, MEANING HE COULD DO WHAT YOU WANTED TO DO.

12    MR. MURRAY:  I DON'T THINK WE SPECIFICALLY -- I DON'T

13   RECALL SPECIFICALLY ADDRESSING IT.

14    THE COURT:  I JUST READ IT.  I JUST READ IT IN THE

15   TRANSCRIPT TODAY WHERE YOU SPECIFICALLY BROUGHT IT TO THE

16   COURT'S ATTENTION.  MR. BUSH LOOKED AT IT, AGREED THAT

17   THAT WASN'T WHAT THEY WERE SAYING YOU WERE PREVENTED FROM

18   DOING.  SO I THINK THAT'S CORRECT.

19    MR. MURRAY:  OKAY.  THEN IT WILL REST.  OKAY.

20    THE COURT:  MR. BUSH, DID YOU WANT TO BE HEARD ON

21   THAT?

22    MR. BUSH:  WELL, I THOUGHT THAT WE WERE PRETTY CLEAR

23   LAST TIME.  FRANKLY, I HAVEN'T LOOKED AT THIS OTHER CODE

24   SECTION MR. MURRAY BROUGHT UP, BUT I THOUGHT WE WERE VERY

25   SPECIFIC AS FAR AS WHAT COULD BE DONE AS FAR AS LIENS AT

26   THE END OF THE LAST DAY.

1    THE COURT:  IF THE ACTION THAT MR. AVETOOM WANTS TO

2    TAKE WITH RESPECT TO PROTECTING HIS INTERESTS IS NOT

3    COVERED UNDER 697.040, THEN THERE'S NO PROHIBITION FROM

4    HIM DOING IT.

5    MR. MURRAY:  WELL, ACTUALLY, YOUR HONOR, THE 697.040

6    ASSERTS THE ONLY WAYS THAT HE CAN ENFORCE HIS RIGHTS, AND

7    THAT'S UNDER 697.310 AND 697.510.  NONE OF THOSE ALLOW

8    PLAINTIFF TO FILE A NOTICE OF LIEN UNDER 708.410.  SO MY

9    READING OF THE STATUTE IS --

10    THE COURT:  THAT HE CAN'T DO?

11    MR. MURRAY:  IS THAT HE CANNOT DO IT.  AND HE DIDN'T

12    WANT TO, OBVIOUSLY, VIOLATE THE 918 STAY.  WE'RE JUST

13    MERELY ASKING TO ALLOW HIM TO FILE A NOTICE OF LIEN.  IT'S

14    A JUDICIAL COUNCIL FORM.

15    MR. BUSH:  YOUR HONOR, MAY I BE HEARD ON THAT?

16    THE COURT:  YES.

17    MR. BUSH:  IF THEY'RE GOING TO DO ANYTHING TO CHANGE

18    OR TO MODIFY WHAT WAS PREVIOUSLY AGREED TO THAT WASN'T

19    PART OF THE EX PARTE, WHAT I WOULD REQUEST IS TO HAVE

20    UNTIL FRIDAY -- I DON'T EVEN KNOW WHAT THEY'RE TALKING

21    ABOUT.  I JUST WANT TO LOOK AT IT, SEE IF IT MAKES ANY

22    SUBSTANTIAL CHANGES, SUBMIT PAPERS --

23    THE COURT:  LET ME TELL YOU SOMETHING TO TRY TO SAVE

24    BOTH THE FRIDMANS SOME MONEY AND MR. AVETOOM SOME MONEY.

25    I DON'T KNOW THAT WE NEED MORE PAPER ON THIS ISSUE.  THIS

26    COURT IS THE ONE THAT EXERCISED ITS DISCRETION IN GRANTING

1  THE STAY, SO WE'RE HERE BECAUSE I EXERCISED MY DISCRETION.

2  I HAVE DISCRETION TO DO WHATEVER I WANT WITH RESPECT TO

3  THAT STAY.  I DON'T KNOW THAT THERE'S A CASE ANYWHERE THAT

4  IS GOING TO SAY I'M PROHIBITED FROM EXERCISING MY

5  DISCRETION IN A CERTAIN WAY UNLESS IT'S ARBITRARY OR

6  CAPRICIOUS.  THE STAY IS IN EFFECT UNTIL JANUARY 23RD.

7      MR. MURRAY:  YES.

8      THE COURT:  OKAY.  697.040(C) SAYS, "UNLESS THE COURT

9  EXPRESSLY ORDERS OTHERWISE" -- NO.  ACTUALLY.  I'M SORRY.

10  THAT APPLIES TO EXISTING LIENS.

11      MR. MURRAY:  IT'S -- I CAN'T IMAGINE THE LEGISLATIVE

12  WHEREWITHAL IT TOOK TO CREATE THIS, BUT MY READING OF IT,

13  YOUR HONOR, IS IF MR. AVETOOM WOULD GO FILE A NOTICE OF

14  LIEN ON THE H.O.A. CASE PURSUANT TO 708.410, THAT COULD

15  CONCEIVABLY BE IN VIOLATION OF THE 918 STAY.  I JUST

16  DIDN'T WANT TO HAVE HIM AT A CROSS HAIRS WITH THE ORDER.

17  BUT THIS WOULD JUST MERELY ALLOW HIM TO PERFECT HIS RIGHT

18  AS A CREDITOR ON WHATEVER MAY BE ON THAT H.O.A. CASE.

19  IT'S A JUDICIAL COUNCIL FORM THAT HE FILES.

20      THE COURT:  NO.  I UNDERSTAND.  MAYBE I'M NOT GOING TO

21  BE ABLE TO SAVE YOU FOLKS MONEY.  COUNSEL, THIS IS A NEW

22  ISSUE.  THEY DO HAVE A RIGHT TO, YOU KNOW, BE HEARD ON IT.

23  SO IF FRIDAY WORKS, THEN WE CAN HAVE YOU ALL BACK HERE ON

24  FRIDAY TO GO OVER WHY THIS COURT SHOULDN'T EXERCISE ITS

25  DISCRETION TO ALLOW HIM TO FILE THIS LIEN, EXECUTE ON IT.

26      MR. BUSH:  YOUR HONOR, I WOULD BE HAPPY TO SHOW UP ON

1   FRIDAY, BUT I JUST SIMPLY DON'T UNDERSTAND THE ISSUE.  I

2   WANT TO LOOK AT AUTHORITY, AND WHAT I'M SUGGESTING THAT WE

3   CAN JUST DO IT BY PAPERWORK AND SUBMIT IT TO AVOID AN

4   APPEARANCE, BUT I WOULD BE HAPPY TO APPEAR.  I DON'T

5   UNDERSTAND THE ISSUE.

6        THE COURT:  THIS IS THE ISSUE.  I'LL TRY TO EXPLAIN IT

7   TO YOU.  I ENTERED THE STAY UNDER 918.  PURSUANT TO THE

8   STAY, YOU GO TO 697.040, THEY CAN'T -- PLAINTIFF CAN'T

9   FILE A LIEN.  "IT SAYS NEW LIENS MAY NOT BE CREATED UNDER

10  THIS DIVISION DURING THE PERIOD OF THE STAY."  WHAT HE

11  WANTS TO DO, HE WANTS TO FILE A LIEN AGAINST THAT JUDGMENT

12  IN THE OTHER CASE BECAUSE IF THE COURT HADN'T ORDERED THE

13  STAY, HE WOULD HAVE THE RIGHT TO DO THAT.

14       MR. BUSH:  I UNDERSTAND THAT.

15       THE COURT:  SO THAT'S WHAT WE'RE HERE FOR.  AND WHAT

16  THEY'RE ASKING IS THAT THIS COURT GIVE THEM LIMITED RELIEF

17  FROM THE STAY TO ALLOW HIM TO FILE A LIEN SIMPLY AGAINST

18  THAT.  THAT'S THE ISSUE.  SO I DON'T KNOW IT'S IF MORE

19  COMPLICATED THAN THAT.

20       MR. BUSH:  AFTER COMING BACK FROM THE BREAK I HEARD

21  ABOUT THE CODE SECTION.  I THINK THAT PERHAPS IF HE

22  PREPARED A PROPOSED COURT ORDER, I COULD LOOK AT IT JUST

23  TO LOOK AT THE AUTHORITY FOR MYSELF TO MAKE SURE THERE'S

24  NO PROBLEM, THEN IF I DON'T HAVE ANY OBJECTION BY FRIDAY,

25  I'LL LET THE COURT KNOW.

26       THE COURT:  I AGREE THAT -- WE'VE GOT 19 DAYS LEFT ON

1   THE STAY.

2       MR. MURRAY:  IS THAT THE 918 STAY?

3       THE COURT:  YES, THE 918 STAY.  ACTUALLY, THE 918 STAY

4   IS UNTIL THE 13TH, RIGHT?

5       MR. MURRAY:  I BELIEVE SO.

6       THE COURT:  SO I DON'T KNOW WHY THEY WOULD HAVE A

7   PROBLEM WITH THAT, BUT I'M AGREEABLE TO DO WHAT MR. BUSH

8   HAS PROPOSED.

9       MR. MURRAY:  OKAY.  SO THERE WAS ANOTHER POINT ABOUT

10  CONTINUING THE PRELIMINARY INJUNCTION BEYOND JANUARY 23RD.

11  WOULD IT BE BETTER JUST TO SUBMIT BRIEFING ON THAT?

12      THE COURT:  I DIDN'T HEAR ANYTHING ABOUT THAT.

13      MR. MURRAY:  WELL, THAT'S ANOTHER ISSUE THAT I WANTED

14  TO DISCUSS.  IS IT BETTER JUST TO HAVE ALL THIS HEARD ON

15  ONE DAY, YOUR HONOR?

16      THE COURT:  I THINK IT WOULD BE EFFICIENT.

17      MR. MURRAY:  OKAY.

18      THE COURT:  IF THAT'S THE CASE, MR. BUSH, YOUR

19  ALTERNATIVE WON'T WORK BECAUSE YOU JUST NEED TO GET IN

20  HERE ON THE APPROPRIATE MOTIONS.

21      MR. MURRAY:  COULD WE MOVE EX PARTE, YOUR HONOR, AND

22  HAVE IT HEARD ON FRIDAY?

23      THE COURT:  I DON'T MIND.  I JUST WOULD NEED TIME TO

24  READ AND BE ABLE TO RESEARCH AND KNOW WHAT THE ISSUES ARE.

25      MR. MURRAY:  IT WILL BE VERY SHORT, BOTH OF THESE

26  ISSUES.

1    MR. BUSH:  I THINK THE -- EXTENDING THE INJUNCTION IS

2  A SERIOUS ISSUE.  AS FAR AS I UNDERSTOOD THE INJUNCTION

3  WAS TIED TO THE STAY.  IF THE STAY IS GOING TO BE

4  EXPIRING, THEN THE INJUNCTION SHOULD AS WELL, AND I THINK

5  THERE SHOULD BE A LOT OF THOUGHT GIVEN TO THAT ISSUE.

6    THE COURT:  SO HE'S SAYING, THOUGH, FRIDAY WOULDN'T BE

7  SUFFICIENT TO HEAR THAT.

8    MR. MURRAY:  WELL, I MEAN THE REALITY IS I'LL BE IN ON

9  AN EX PARTE TO SHORTEN TIME TO HAVE THIS HEARD.  IF WE

10  COULD AGREE TO A DATE NEXT WEEK, THAT WOULD BE FINE.

11    THE COURT:  YOU FOLKS WORK IT OUT.  I HAVE TO GO BY

12  THE CODE UNLESS YOU FOLKS WORK OUT A STIPULATION TO THE

13  CONTRARY.  SO I CAN'T MAKE ANYBODY AGREE TO ANY PARTICULAR

14  DATE.  YOU HAVE TO AGREE AND LET ME KNOW, AND THEN I'LL

15  LET YOU KNOW WHAT WORKS FOR MY SCHEDULE.

16    MR. MURRAY:  OKAY.

17    THE COURT:  SO IF YOU FOLKS WANT TO WORK THAT OUT, YOU

18  CAN WORK IT OUT, BUT, AGAIN, I WILL NEED SUFFICIENT TIME

19  TO REVIEW WHATEVER PAPERS THERE ARE.

20    MR. MURRAY:  VERY WELL, YOUR HONOR.

21    THE COURT:  ARE WE NOW FINISHED --

22    MR. BUSH:  YES, YOUR HONOR.

23    MR. MURRAY:  YES.

24    THE COURT:  -- ON THE ISSUES THAT WE ARE HERE FOR

25  TODAY?

26    MR. MURRAY:  YES, YOUR HONOR.

1      MR. BUSH:  YES.

2      THE COURT:  THANK YOU.

3      MR. MURRAY:  THANK YOU, YOUR HONOR.

4                    (END OF PROCEEDINGS.)

5                          * * *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
1   STATE OF CALIFORNIA          )
                                 )   SS
2   COUNTY OF ORANGE             )

3

4

5

6                   REPORTER'S CERTIFICATE

7

8       I, MARINA SCOTT, A CERTIFIED SHORTHAND REPORTER,

9   DO HEREBY CERTIFY:

10      THAT SAID PROCEEDINGS WERE TAKEN BEFORE ME AT THE

11  TIME AND PLACE THEREIN SET FORTH AND WERE TAKEN DOWN BY ME

12  IN SHORTHAND AND THEREAFTER TRANSCRIBED INTO TYPEWRITING

13  UNDER MY DIRECTION AND SUPERVISION;

14      I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

15  NOR RELATED TO, ANY PARTY TO SAID PROCEEDINGS,

16  NOR IN ANYWISE INTERESTED IN THE OUTCOME THEREOF.

17      IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED MY

18  NAME.

19

20  DATED:  JANUARY 10, 2012

21

22

23      _____

24              MARINA SCOTT
                CSR NO. 10114
25

26
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "4"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State bar number, and telephone number):*
Recording requested by and return to:
CHARLES L. MURRAY III SBN: 195053
PACIFIC MUTUAL BUILDING
523 WEST SIXTH STREET, SUITE 707
LOS ANGELES, CA 90014
T. 213.627.5983

[✓] ATTORNEY FOR   [✓] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

*$R0004534984$*    29.00

2012000068287  11:42 am 02/06/12
227 415 A03    2
0.00 0.00 0.00 0.00 3.00 20.00 0.00 0.00

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

FOR RECORDER'S USE ONLY

PLAINTIFF: KARL AVETOOM

DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN

CASE NUMBER:
30-2010-00345490

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [✓] Amended

FOR COURT USE ONLY

1. The [✓] judgment creditor [ ] assignee of record
applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ```
   MOISEY FRIDMAN
   1100 RUTLAND ROAD #7
   NEWPORT BEACH, CA 92660
   ```

   b. Driver's license no. [last 4 digits] and state:                    [✓] Unknown
   c. Social security no. [last 4 digits]: 5550                          [✓] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address):* MOISEY FRIDMAN
      1100 RUTLAND ROAD #7, NEWPORT BEACH, CA 92660

2. [✓] Information on additional judgment
        debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   KARL AVETOOM  1100 RUTLAND ROAD
   UNIT #9, NEWPORT BEACH, CA 92660

Date: January 19, 2012
CHARLES L. MURRAY III
             (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment
       creditors is shown on page 2.

5. [✓] Original abstract recorded in this county:
       a. Date: 1/17/2012
       b. Instrument No.: 2012000023845

▶    *(SIGNATURE OF APPLICANT OR ATTORNEY)*

6. Total amount of judgment as entered or last renewed:
   $ 650,000.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* November 18, 2011
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [ ] not been ordered by the court.
    b. [✓] been ordered by the court effective until
           *(date):* JAN 13, 2012  1/23/12

12. a. [✓] I certify that this is a true and correct abstract of
              the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

This abstract issued on *(date):*
FEB 0 2 2012

ALAN CARLSON
Clerk, by  J. Tran                                    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: KARL AVETOOM | CASE NUMBER: |
|---|---|
| DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN | 30-2010-00345490 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.        Name and last known address

> ROSA FRIDMAN
> 1100 RUTLAND ROAD #7
> NEWPORT BEACH, CA 92660

Driver's license no. [last 4 digits]
and state:              ☑ Unknown

Social security no. [last 4 digits]: 2772   ☐ Unknown

Summons was personally served at or mailed to *(address):*

ROSA FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660

17.        Name and last known address

Driver's license no. [last 4 digits]
and state:              ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.        Name and last known address

Driver's license no. [last 4 digits]
and state:              ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.        Name and last known address

Driver's license no. [last 4 digits]
and state:              ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

BJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

PROOF OF SERVICE

State of California, County of Los Angeles

I am over the age of 18 and not a party to this case.  I am a
resident in the County where the mailing occurred.  My business
address is the Pacific Mutual Building, 523 West Sixth Street,
Suite 707, Los Angeles, California 90014

On 6 February 2012 I served the foregoing documents:

NOTICE OF FILING AMENDED ABSTRACT

on the interest parties in said action, by placing a true copy
thereof enclosed in a sealed envelope addressed as follows:

------------------------------------------------------------

D. Michael Bush, Esq.
9 Corporate Park
Suite 100
Irvine, California 92606

------------------------------------------------------------

[x]   U.S. Mail.  I sealed and placed such envelope for collection
      and mailing to be deposited in the mail on the same day in
      the ordinary course and scope of business at Los Angeles.
      The envelope was mailed with postage thereon fully prepared.

[_]   Facsimile.  I personally caused the foregoing document to be
      successfully transmitted to the offices set forth above.

[_]   Overnight Mail.  I sealed and placed such envelope for
      collection with United Parcel Service (UPS) for overnight
      deliveries, located at 611 West Sixth Street, Los Angeles,
      California 90014.

Executed on 6 February 2012, in the City of Los Angeles, State of
California.  I declare under the penalty of perjury under the
laws of the State of California that the foregoing is true and
correct.

                                    _____
                                    Charles L. Murray III

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "5"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
NOV 09 2011
ALAN CARLSON, Clerk of the Court
BY: _____ T. LEWIS, DEPUTY
72

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    FOR THE COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

3

4

5

6

7

8    KARL AVETOOM,                          )        CASE NO. 30-2010-00345490
                                            )
9                                           )
         Plaintiff                          )
10                                          )    TEMPORARY RESTRAINING ORDER AND
                                            )    OSC RE: WHY PRELIMINARY INJUNCTION
11                                          )    SHOULD NOT ISSUE
                                            )    (C.C.P. §§526(a)(2) and (3);527(c)(1) and (2)(C)
12       vs.                                )
                                            )
13                                          )
     MOISEY FRIDMAN & ROSA FRIDMAN          )
14                                          )        HON. KAREN L. ROBINSON,
                                            )        JUDGE
15                                          )
         Defendants.                        )
16   _____)

17

18

19       This *Ex Parte* matter came on for hearing before the Honorable Karen L. Robinson on

20   November 9, 2011, at 1:30 p.m. or thereafter when the matter was called.  Charles Murray III

21   appeared on behalf of plaintiff Karl Avetoom.  Defendants were not present. (C.C.P. §527(c)(1) and

22   (2)(C).

23       Having reviewed the papers in support of the *Ex Parte* Application and having considered the

24   argument of counsel,

25       **IT IS HEREBY ORDERED** that plaintiff's *Ex Parte* Application for a temporary restraining

26   order restraining the defendants, Moisey Fridman and Rosa Fridman, from assigning, recording, or

27   otherwise disposing of the right to payment, or assigning or transferring assets to third parties  is

28

-1-

1   hereby granted.

2       **THE COURT FURTHER ORDERS DEFENDANTS TO SHOW CAUSE** on Friday,

3   November 18, 2011 at 9:00 a.m. in Department H12 of the above entitled court why a preliminary

4   injunction should not issue to prevent defendants from assigning, recording, or otherwise disposing of

5   the right to payment, or assigning or transferring assets to third parties.  Plaintiff to serve notice of

6   this Order and plaintiff's Ex Parte Application and supporting papers on defendants' counsel via

7   facsimile by 5:00 p.m. on Thursday, November 10, 2011 and via United States mail postmarked by

8   November 10, 2011.

9

10      **IT IS SO ORDERED.**

11

12  Dated: November 9, 2011

        Karen L. Robinson
13      Superior Court Judge

14

15  I hereby certify the foregoing instrument consisting of **2** page(s)
    is a true and correct copy of the original on file in this court
16                                              NOV 0 9 2011

    ATTEST (DATE)
17  ALAN CARLSON, EXECUTIVE OFFICER AND CLERK OF THE
    SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

18  BY _____ DEPUTY

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "6"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

1             SUPERIOR COURT OF THE STATE OF CALIFORNIA

2       FOR THE COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

3

4

5

6

7

| | |
|---|---|
| 8 — KARL AVETOOM, | CASE NO. 30-2010-00345490 |
| 9 | |
| 10 — Plaintiff | **PRELIMINARY INJUNCTION** |
| 11 | |
| 12 — vs. | |
| 13 — MOISEY FRIDMAN & ROSA FRIDMAN | |
| 14 | HON. KAREN L. ROBINSON, JUDGE |
| 15 — Defendants. | |

16

17

18       This Order to Show Cause Why a Preliminary Injunction Should Not Issue came on for

19 hearing before the Honorable Karen L. Robinson on November 18, 2011, at 8:30 a.m. or thereafter

20 when the matter was called. Charles Murray III appeared on behalf of plaintiff, Karl Avetoom. D.

21 Michael Bush appeared on behalf of defendants, Moisey Fridman and Rosa Fridman.

22       Having reviewed the papers in support of issuance of the preliminary injunction and those in

23 opposition and reply thereto and having considered the argument of counsel,

24       **IT IS HEREBY ORDERED** that a preliminary injunction shall be and hereby is issued

25 restraining the defendants, Moisey Fridman and Rosa Fridman from assigning, recording,

26 encumbering or otherwise disposing of the right to payment, or assigning, recording, encumbering

27 ///

28

1    and/or transferring any assets to third parties

2         **THE COURT FURTHER ORDERS** that the defendants may spend up to $3,000.00, in

3    total, per month for food, clothing, healthcare, vehicle maintenance, household expenses and other

4    necessities for life without violating this injunction.  Defendants must obtain prior court approval by

5    regularly scheduled motion, or via ex parte application in an emergency situation to spend more than

6    $3,000.00 per month.

7         **THE COURT FURTHER ORDERS** plaintiff, Karl Avetoom, to post a statutory

8    preliminary injunction bond, per Code of Civil Procedure §529(a), in the amount of $10,000.00

9    within ten (10) days from issuance of this injunction.

10        This preliminary injunction terminates at the close of business on January 23, 2012, unless

11   continued by court order.

12

13        **IT IS SO ORDERED.**

14

15   Dated: November 22, 2011                    _Karen O Robinson_

16                                               Karen L. Robinson
                                                 Superior Court Judge

17

18

19

20   I hereby certify the foregoing instrument consisting of __2__ page(s)
     is a true and correct copy of the original on file in this court

21                                   **NOV 2 2 2011**

22   ATTEST: (DATE)_____
     ALAN CARLSON, EXECUTIVE OFFICER AND CLERK OF THE
23   SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

24   BY _____    DEPUTY

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "7"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

FILED

SUPERIOR COURT OF CALIF.
COUNTY OF ORANGE
HARBOR JUSTICE CENTER

JUL 16 2014

ALAN CARLSON, Clerk of the Court

BY: T. LEWIS
DEPUTY

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

3

4

5

6

7

8    IN THE MATTER OF KARL AVETOOM  )        CASE NO. 30-2010-00345490
     vs. MOISEY FRIDMAN and ROSA     )
9    FRIDMAN                         )
                                     )
10                                   )        **ORDER AND JUDGMENT**
                                     )        **OF CONTEMPT-Moisey Fridman**
11                                   )
12   Moisey Fridman, Contemner       )        (C.C.P. §1209)
                                     )
13                                   )
                                     )
14   _____)

15

16

17        1.    In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey

18   Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a

19   Temporary Restraining Order on November 9, 2011 after a C.C.P. §527 *Ex Parte* hearing, restraining

20   contemner, Moisey Fridman, from assigning, recording, or otherwise disposing of the right to

21   payment, or assigning or transferring assets to third parties.   Judy Altshuler personally served the

22   Temporary Restraining Order on contemner, Moisey Fridman, on November 9, 2011, in the evening

23   at his home.

24        Contemner willfully failed to comply with the Temporary Restraining Order (TRO) as

25   follows:

26        (a)   On November 10, 2011, contemner, Moisey Fridman, made

27              check #106, from his Union Bank of California account,

28

-1-

1        payable to himself in the amount of $8,000.00;

2

3        (b)      On November 10, 2011 contemner presented check #106 to

4                 Union Bank for payment and contemner received $8,000.00

5                 cash; and

6

7        (c)      Contemner disposed of the $8,000.00 cash.

8

9        2.      The court heard and considered contemner's explanation for the conduct and rejected

10   it, because the court did not find it credible.  Contemner explained that: (1) he was not served with

11   the TRO; (2) if he was served with the TRO, he did not become aware of its content until after he

12   cashed check 106; (3) he did not understand what the TRO prohibited him from doing; (4) he used

13   the money from check 106 for medical necessities; and (5) he did not intend to violate the TRO.  The

14   evidence presented established beyond a reasonable doubt however, that contemner was personally

15   served with the TRO on November 9, 2011, did know of its content and did understand exactly what

16   it prohibited him from doing before he cashed check 106 and disposed of the cash. Further, there was

17   no credible evidence to support contemner's explanation that the money from check 106 was used for

18   medical necessities or that he did not intend to violate the TRO.

19        Specifically, in a declaration filed with the court dated November 13, 2011, contemner

20   declared under penalty of perjury that he was personally served with the TRO by Judy Altshuler in

21   the evening on November 9, 2011.  Judy Altshuler testified in this proceeding that she personally

22   served contemner with the TRO in the evening on November 9, 2011.  Plaintiff, Karl Avetoom

23   testified that he watched Judy Altshuler serve the TRO on contemner in the evening on November 9,

24   2011. Plaintiff further testified that shortly after contemner was served with the TRO on November 9,

25   2011, he saw contemner post a typed note (Ex. 8) addressed to "ALL BEACH CREST OWNERS"

26   acknowledging receipt of the TRO by he and contemner, Rosa Fridman, and acknowledging that the

27   TRO "stop[ped]" him and Rosa Fridman from "using our money."   The note indicates that it is from

28

-2-

1    "Moisey and Rosa Fridman (Owners Unit 7)."  Plaintiff took a photo of the note as posted which

2    bears a date stamp of "Nov 9 2011." (Ex. 7).  The day after contemner was served with the TRO he

3    wrote check 106 on his Union Bank Account out to himself thereby creating a right to payment of

4    $8,000.00 to himself.  He then took that check to his bank and had it cashed.  No credible evidence

5    was presented to show contemner kept the cash and the court does not find contemner's testimony

6    that he placed it in an envelope and kept it at his home credible.  He no longer has the $8,000.00 and

7    he produced no credible evidence showing that it was spent on medical necessities.  Contemner's

8    conduct in writing check 106, cashing check 106 and disposing of the $8,000.00 proceeds from check

9    106 was deliberate and wilful all having been done after contemner was personally served with the

10   TRO and after he knew and understood exactly what it prohibited him from doing.

11

12          3.      After due consideration, the court finds beyond a reasonable doubt:

13                  (a)     That the contemner is guilty of contempt of court in violation of

14                          section 1209 of the Code of Civil Procedure, subsection (a)(5) –

15                          Disobedience of any lawful judgment, order, or process of the

16                          court;

17

18                  (b)     That contemner had knowledge of the order, was able to comply

19                          at the time of the order and wilfully failed to comply with the

20                          order;

21

22                  (c)     That contemner is sentenced to pay a fine of $1,000.00;

23

24                  (d)     That execution of the sentence of the court is not stayed, and

25                          contemner is ordered to pay the fine by August 14, 2014.

26

27                  (e)     That the clerk of the court is ordered immediately to file this

28

-3-

1              order and enter the contempt on the docket of the court and to

2              deliver to contemner a copy of this order.

3

4    **IT IS SO ORDERED.**

5

6

7    Dated: July _16_, 2014

                                  Karen L. Robinson

8                                    Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER

JUL 16 2014

ALAN CARLSON, Clerk of the Court

BY: E. LEWIS, DEPUTY

72

1  |  SUPERIOR COURT OF THE STATE OF CALIFORNIA

2  |  COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

3

4

5

6

7

8  |  IN THE MATTER OF KARL AVETOOM )        CASE NO. 30-2010-00345490
   |  vs. MOISEY FRIDMAN and ROSA    )
9  |  FRIDMAN                        )
   |                                 )
10 |                                 )        **ORDER AND JUDGMENT**
   |                                 )        **OF CONTEMPT-Rosa Fridman**
11 |                                 )
   |  Rosa Fridman, Contemner        )
12 |                                 )                (C.C.P. §1209)
   |                                 )
13 |                                 )
   |  _____ )
14

15

16

17        1.    In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey

18  Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a

19  Temporary Restraining Order on November 9, 2011 after a C.C.P. §527 *Ex Parte* hearing, restraining

20  contemner, Rosa Fridman, from assigning, recording, or otherwise disposing of the right to payment,

21  or assigning or transferring assets to third parties.  Judy Altshuler personally served the Temporary

22  Restraining Order on contemner, Rosa Fridman, on November 9, 2011, in the evening at her home.

23        Contemner willfully failed to comply with the Temporary Restraining Order (TRO) as

24  follows:

25              (a)    On November 10, 2011, contemner, Rosa Fridman, made

26                     check #107, from her Union Bank of California account,

27

28

payable to herself in the amount of $6,000.00;

    (b)    On November 10, 2011 contemner presented check #107 to
Union Bank for payment and contemner received $6,000.00
cash; and

    (c)    Contemner disposed of the $6,000.00 cash.

2.    The court heard and considered contemner's explanation for the conduct through her counsel of record and rejected it, because the court did not find it credible.

Judy Altshuler testified in this proceeding that she personally served contemner with the TRO in the evening on November 9, 2011. Plaintiff, Karl Avetoom testified that he watched Judy Altshuler serve the TRO on contemner in the evening on November 9, 2011. Plaintiff further testified that shortly after contemner was served with the TRO on November 9, 2011, he saw contemner, Moisey Fridman post a typed note (Ex. 8) addressed to "ALL BEACH CREST OWNERS" acknowledging receipt of the TRO by he and contemner, Rosa Fridman, and acknowledging that the TRO "stop[ped]" him and Rosa Fridman from "using our money." The note indicates it is from "Moisey and Rosa Fridman (Owners Unit 7)." Plaintiff took a photo of the note as posted which bears a date stamp of "Nov 9 2011." (Ex. 7). The day after contemner was served with the TRO she wrote check 107 on her Union Bank Account out to herself thereby creating a right to payment of $6,000.00 to herself. She then took that check to her bank and had it cashed. No credible evidence was presented to show contemner kept the cash and the court does not find testimony of contemner, Moisey Fridman, that the cash was placed in an envelope and kept at contemner's home credible. Contemner Rosa Fridman's conduct in writing check 107, cashing check 107 and disposing of the $6,000.00 proceeds from check 107 was deliberate and wilful all having been done after contemner was personally served with the TRO and after she knew and understood

1  exactly what it prohibited her from doing.

2

3      3.      After due consideration, the court finds beyond a reasonable doubt:

4          (a)    That the contemner is guilty of contempt of court in violation of

5                 section 1209 of the Code of Civil Procedure, subsection (a)(5) –

6                 Disobedience of any lawful judgment, order, or process of the

7                 court;

8

9          (b)    That contemner had knowledge of the order, was able to comply

10                at the time of the order and wilfully failed to comply with the

11                order;

12

13         (c)    That contemner is sentenced to pay a fine of $1,000.00;

14

15         (d)    That execution of the sentence of the court is not stayed, and

16                contemner is ordered to pay the fine by August 14, 2014.

17

18         (e)    That the clerk of the court is ordered immediately to file this

19                order and enter the contempt on the docket of the court and to

20                deliver to contemner a copy of this order.

21

22  **IT IS SO ORDERED.**

23

24

25  Dated: July 16, 2014                    Karen L. Robinson

26                                          Judge of the Superior Court

27

28

-3-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "8"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2      COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JAN 27 2015**

ALAN CARLSON, Clerk of the Court

*K Williams K*
BY  K. WILLIAMS

IN THE MATTER OF KARL AVETOOM )      CASE NO. 30-2010-00345490
vs. MOISEY FRIDMAN and ROSA         )
FRIDMAN                             )
                                    )
                                    )      **ORDER AND JUDGMENT**
                                    )      **OF CONTEMPT-Moisey Fridman**
                                    )
Moisey Fridman, Contemner           )      (C.C.P. §1209)
                                    )
                                    )
——————————————————)

        1.      In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey

Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a

Preliminary Injunction on November 22, 2011 after a November 18, 2011 hearing, restraining

contemner Moisey Fridman from assigning, recording, encumbering or otherwise disposing of the

right to payment, or assigning, recording, encumbering and/or transferring any assets to third parties.

The Preliminary Injunction permitted contemner, together with his wife, contemner Rosa Fridman to

"spend up to $3,000.00, in total, per month for food, clothing, healthcare, vehicle maintenance,

household expenses and other necessities for life without violating this injunction." The Preliminary

Injunction further ordered that contemner Moisey Fridman "must obtain prior court approval by

regularly scheduled motion, or via ex parte application in an emergency situation to spend more than

$3,000.00 per month." The Injunction terminated at the close of business on January 23, 2012.

Contemner Moisey Fridman was present at the November 18, 2011 hearing when the court

                                    -1-

announced that it was issuing the preliminary injunction and that it prohibited contemners from transferring assets to third parties and spending more than $3,000.00 per month without first obtaining court approval.    Thereafter, on December 1, 2011, in compliance with the Preliminary Injunction, contemner and his wife filed an *ex parte* motion seeking court approval to pay, among other expenses, legal fees and costs above the $3,000.00 monthly limit.  The *ex parte* motion was heard and denied, without prejudice, on December 2, 2011. Contemner Moisey Fridman was present at that hearing.

Contemner willfully failed to comply with the Preliminary Injunction as follows:

      (a)    By withdrawing $15,000.00 from his IRA account and providing it to US Bank in exchange for two cashier's checks dated December 22, 2011 made payable to Morris & Stone LLP in the amount of $12,500.00 and $2,500.00; and

      (b)    By giving Morris & Stone the $12,500.00 and $2,500.00 US Bank cashier's checks without first obtaining court approval.

    2.    The court heard and considered contemner's excuse and explanation for the conduct and rejected it, because the court did not find contemner's testimony to be credible.  Contemner was present at the November 18, 2011 hearing on the Preliminary Injunction and knew that contemners together could only spend $3,000.00 per month for necessities of life, and that they must obtain prior court approval to spend anything above that amount.  In compliance with the Preliminary Injunction, contemner filed an ex parte motion on December 2, 2011, seeking court approval to pay claimed legal expenses and costs above the $3,000.00 monthly limit.  The ex parte motion was denied without prejudice and contemner was present at that hearing.    Nonetheless, contemner went ahead and withdrew funds from his IRA and transferred those funds to a third party, Morris & Stone, via two US Bank Cashier's checks dated December 22, 2011. The "Purpose/Remitter" notation on the $12,500.00 check states "Moisey & Rosa Fridman (ATTORNEY FEES)" and on the $2,500.00 check

"Moisey & Rosa Fridman (COURT EXPENSES).  Contemner's explanation that the $15,000.00 used to pay Morris & Stone was taken from an Individual Retirement Account and therefore was exempt from and not subject to the Preliminary Injunction is meritless.  The law is very well settled that once funds are withdrawn from an IRA they are no longer exempt.

      3.      After due consideration, the court finds beyond a reasonable doubt:

            (a)      That the contemner is guilty of contempt of court in violation of section 1209 of the Code of Civil Procedure, subsection (a)(5) – Disobedience of any lawful judgment, order, or process of the court;

            (b)      That contemner had knowledge of the order, was able to comply at the time of the order and willfully failed to comply with the order;

            (c)      That contemner is sentenced to pay a fine of $1,000.00;

            (d)      That execution of the sentence of the court is not stayed, and contemner is ordered to pay the fine by February 26, 2015.

            (e)      That the clerk of the court is ordered immediately to file this order and enter the contempt on the docket of the court and to deliver to contemner a copy of this order.

**IT IS SO ORDERED.**

Dated: January 27, 2015

Karen L. Robinson
Judge of the Superior Court

-3-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JAN 27 2015**

ALAN CARLSON, Clerk of the Court

BY  K. WILLIAMS

| | |
|---|---|
| IN THE MATTER OF KARL AVETOOM ) vs. MOISEY FRIDMAN and ROSA FRIDMAN | CASE NO. 30-2010-00345490 |
| Rosa Fridman, Contemner | **ORDER AND JUDGMENT OF CONTEMPT-Rosa Fridman**  (C.C.P. §1209) |

1.    In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a Preliminary Injunction on November 22, 2011 after a November 18, 2011 hearing, restraining contemner Rosa Fridman from assigning, recording, encumbering or otherwise disposing of the right to payment, or assigning, recording, encumbering and/or transferring any assets to third parties.  The Preliminary Injunction permitted contemner, together with her husband, contemner Moisey Fridman to "spend up to $3,000.00, in total, per month for food, clothing, healthcare, vehicle maintenance, household expenses and other necessities for life without violating this injunction."  The Preliminary Injunction further ordered that contemner Rosa Fridman "must obtain prior court approval by regularly scheduled motion, or via ex parte application in an emergency situation to spend more than $3,000.00 per month."  The Injunction terminated at the close of business on January 23, 2012.

-1-

Contemner Rosa Fridman was present at the November 18, 2011 hearing when the court announced that it was issuing the preliminary injunction and that it prohibited contemners from transferring assets to third parties and spending more than $3,000.00 per month without first obtaining court approval.      Thereafter, on December 1, 2011, in compliance with the Preliminary Injunction, contemner and her husband filed an *ex parte* motion seeking court approval to pay, among other expenses, legal fees and costs above the $3,000.00 monthly limit.  The *ex parte* motion was heard and denied, without prejudice, on December 2, 2011. Contemner Rosa Fridman was present at that hearing.

Contemner willfully failed to comply with the Preliminary Injunction as follows:

     (a)    By obtaining two cashier's checks dated December 22, 2011 made payable to Morris & Stone LLP in the amount of $12,500.00 and $2,500.00 from US Bank; and

     (b)    By giving Morris & Stone the $12,500.00 and $2,500.00 US Bank cashier's checks without first obtaining court approval to do so.

2.    The court offered the contemner an opportunity to present an explanation or excuse for the conduct and the contemner declined.

3.    After due consideration, the court finds beyond a reasonable doubt:

     (a)    That the contemner is guilty of contempt of court in violation of section 1209 of the Code of Civil Procedure, subsection (a)(5) – Disobedience of any lawful judgment, order, or process of the court;

     (b)    That contemner had knowledge of the order, was able to comply

-2-

1       at the time of the order and willfully failed to comply with the

2       order;

3

4       (c)    That contemner is sentenced to pay a fine of $1,000.00;

5

6       (d)    That execution of the sentence of the court is not stayed, and

7              contemner is ordered to pay the fine by February 26, 2015.

8

9       (e)    That the clerk of the court is ordered immediately to file this

10             order and enter the contempt on the docket of the court and to

11             deliver to contemner a copy of this order.

12

13  **IT IS SO ORDERED.**

14

15

16  Dated: January _27_, 2015

17                                   Karen L. Robinson
                                     Judge of the Superior Court
18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "9"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

B9I (Official Form 9I) (Chapter 13 Case) (12/11)

# UNITED STATES BANKRUPTCY COURT      Central District Of California

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a Chapter 13 bankruptcy case on February 10, 2012.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593.**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

See Reverse Side For Important Explanations

| Debtor(s) (name(s) and address): | | Case Number: |
|---|---|---|
| Moisey Fridman | Rosa Fridman | 8:12-bk-11721-ES |
| 1100 Rutland Rd. #7 | 1100 Rutland Rd. #7 | |
| Newport Beach, CA 92660 | Newport Beach, CA 92660 | |

| All other names used by the Debtor(s) in the last 8 years (include married, maiden, and trade names): | Last four digits of Social Security or Individual Taxpayer-ID (ITIN) No(s)./Complete EIN: |
|---|---|
| Debtor: | Dbt SSN: ▮▮▮▮ |
| Joint Debtor: | |

| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
|---|---|
| Matthew E Faler | Amrane (SA) Cohen (TR) |
| 17330 Brookhurst St Ste 240 | 770 The City Dr So Ste #3300 |
| Fountain Valley, CA 92708 | Orange, CA 92868 |
| Telephone number: 714-465-4433 | Telephone number: 714-621-0200 |

## Meeting of Creditors

Date: **March 20, 2012**      Time: **03:00 PM**
Location: **411 W Fourth St., Room 1-154, Santa Ana, CA 92701**

## Deadlines

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **June 18, 2012**
For a governmental unit: (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **August 8, 2012**

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: May 21, 2012**
**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

## Hearing in Confirmation of Plan

Date: **April 24, 2012**      Time: **01:30 PM**
Location: **411 W Fourth St., Crtrm 5A, Santa Ana, CA 92701**
The plan or a summary of the plan will be sent separately by the debtor.

## Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your right in this case.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| 411 West Fourth Street, Suite 2030, | Clerk of the Bankruptcy Court: |
| Santa Ana, CA 92701-4593 | Kathleen J. Campbell |
| Telephone number: 714-338-5300 | |
| Hours Open: 9:00 AM - 4:00 PM | Date: February 10, 2012 |

(Form rev. 12/11:341-B9I)

012712                            54505012724014

EXHIBIT_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "10"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Matthew E. Faler**<br>**17330 Brookhurst St., Suite 240**<br>**Fountain Valley, CA 92708**<br>**(714) 465-4433 Fax: (714) 965-7823**<br>California State Bar Number: **243067**<br>**mfaler@faler-law.com**<br><br>☒ *Attorney for Debtor(s)*<br>☐ *Debtor(s), appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Moisey Fridman**<br>**Rosa Fridman**<br><br><br><br><br>Debtor(s). | CASE NO.: **8:12-bk-11721-ES**<br>CHAPTER: **13**<br><br>**DEBTOR'S NOTICE OF CONVERSION OF BANKRUPTCY CASE FROM CHAPTER 13 TO CHAPTER 7 [11 U.S.C. §1307(a), LBR 1017-1, LBR 3015-1(q)(2)]**<br><br>No hearing required.  No order required. |
|---|---|

PLEASE TAKE NOTICE THAT THAT DEBTOR CONVERTS THIS CHAPTER 13 CASE TO A CASE UNDER CHAPTER 7 ON THE FOLLOWING GROUNDS:

1. A voluntary petition under chapter 13 was filed on (*insert date*):  **February 10, 2012**

2. Name of chapter 13 trustee appointed:  **Amrane Cohen**

3. The additional filing fee is being paid concurrently with the filing of this notice.

4. This notice of conversion is filed in good faith, and Debtor is eligible for relief under chapter 7.

Dated:  **May 24, 2012**

Respectfully submitted,

By:  **/s/ Matthew E. Faler**
*Signature of Debtor or Attorney for Debtor(s)*

Name:  **Matthew E. Faler**
*Type Name of Debtor or Attorney for Debtor(s)*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2010*    Page 1    **F 3015-1.21.NOTICE.CONVERT.CH13**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*EXHIBIT "11"*

26

27

28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at    **Fountain Valley, CA**                    , California.

Dated    **February 24, 2012**

/s/ Moisey Fridman

**Moisey Fridman**

*Debtor*

/s/ Rosa Fridman

**Rosa Fridman**

*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 1015-2.1**

B201 - Notice of Available Chapters (Rev. 11/11)                                                          USBC, Central District of California

| | |
|---|---|
| Name: | **Matthew E. Faler** |
| Address: | **17330 Brookhurst St., Suite 240** |
| | **Fountain Valley, CA 92708** |
| Telephone: **(714) 465-4433** | Fax: **(714) 965-7823** |

■ Attorney for Debtor
☐ Debtor in Pro Per

<table>
<tr><td colspan="2"><h3 style="text-align:center">UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</h3></td></tr>
<tr><td>List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Moisey Fridman**<br>**Rosa Fridman**</td><td>Case No.: **8:12-bk-11721**<br><br><br><h2 style="text-align:center">NOTICE OF AVAILABLE CHAPTERS</h2><p style="text-align:center">(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)</p></td></tr>
</table>

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.    **Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

2.    **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)**

1.   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2.   Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | |
|---|---|
| **Moisey Fridman**<br>**Rosa Fridman** | X  **/s/ Moisey Fridman**                    **February 24, 2012** |
| Printed Name of Debtor | Signature of Debtor                                Date |
| Case No. (if known)  **8:12-bk-11721** | X  **/s/ Rosa Fridman**                       **February 24, 2012** |
| | Signature of Joint Debtor (if any)            Date |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re    **Moisey Fridman,**
        **Rosa Fridman**

Case No.   **8:12-bk-11721**

Debtors,

Chapter     **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 350,000.00 | | |
| B - Personal Property | Yes | 3 | 154,200.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 769,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 60,245.76 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,403.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 2,145.00 |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| Total Assets | | | 504,200.00 | | |
| Total Liabilities | | | | 829,245.76 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Central District of California

In re    **Moisey Fridman,**                                      Case No. ___**8:12-bk-11721**___
      **Rosa Fridman**

_____,         Chapter _____**13**_____
                    Debtors

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,403.00 |
| Average Expenses (from Schedule J, Line 18) | 2,145.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 419,000.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 60,245.76 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 479,245.76 |

B6A (Official Form 6A) (12/07)

.

In re    **Moisey Fridman,**                                              Case No.    **8:12-bk-11721**
           **Rosa Fridman**

                                      Debtors   ,

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Location: 1100 Rutland Rd. #7, Newport Beach CA 92660** | **own** | **C** | **350,000.00** | **769,000.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **350,000.00** | (Total of this page) |
| Total > | **350,000.00** |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Moisey Fridman,**                                          Case No.  <u>**8:12-bk-11721**</u>
       **Rosa Fridman**
_____ ,
                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **In Debtor's Possession** | **C** | 10,000.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Union Bank Checking** | **C** | 1,500.00 |
| | | | **Union Bank Savings** | **C** | 3,000.00 |
| | | | **US Bank** | **C** | 300.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Appliances, Furniture, etc.** | **C** | 7,500.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Everday clothing** | **C** | 1,200.00 |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **interest in insurance policies** | **C** | 1,700.00 |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          25,200.00
(Total of this page)

<u>  2  </u>  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                     Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Moisey Fridman,**                                    Case No.    **8:12-bk-11721**
       **Rosa Fridman**

                                            Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **IRA Fidelity Investments** | C | 34,000.00 |
| | | **IRA West Bank** | C | 87,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                     Sub-Total >    **121,000.00**
                                 (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Moisey Fridman,**                                          Case No.    **8:12-bk-11721**
          **Rosa Fridman**
                                                          ,
                                    Debtors
## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2007 Toyota Camry approx 42,000 miles** | C | 8,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---:|
| Sub-Total > | 8,000.00 |
| (Total of this page) | |
| Total > | 154,200.00 |

Sheet   __2__   of   __2__   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

.

In re    **Moisey Fridman,**                                                            Case No.    **8:12-bk-11721**
         **Rosa Fridman**
                                                                    ,
                                    Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                       *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Cash on Hand** | | | |
| **In Debtor's Possession** | **C.C.P. § 703.140(b)(5)** | **300.00** | **10,000.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Union Bank Checking** | **C.C.P. § 703.140(b)(5)** | **1,500.00** | **1,500.00** |
| **Union Bank Savings** | **C.C.P. § 703.140(b)(5)** | **2,500.00** | **3,000.00** |
| **Household Goods and Furnishings** | | | |
| **Appliances, Furniture, etc.** | **C.C.P. § 704.020** | **7,500.00** | **7,500.00** |
| **Wearing Apparel** | | | |
| **Everday clothing** | **C.C.P. § 704.020** | **1,200.00** | **1,200.00** |
| **Interests in Insurance Policies** | | | |
| **interest in insurance policies** | **C.C.P. § 704.100** | **1,200.00** | **1,700.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2007 Toyota Camry approx 42,000 miles** | **C.C.P. § 704.010** | **2,725.00** | **8,000.00** |
| | Total: | **16,925.00** | **32,900.00** |

 **0**    continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Moisey Fridman,**
      **Rosa Fridman**

Case No. __**8:12-bk-11721**__

_____,
                Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Location: 1100 Rutland Rd. #7, Newport Beach CA 92660 and all personal property | | | | | |
| **Karl Avetoom** <br> **c/o Charles Murray** <br> **523 West Sixth Street, Ste 707** <br> **Los Angeles, CA 90014** | C | | | | | | | |
| | | | Value $      **350,000.00** | | | | **650,000.00** | **419,000.00** |
| Account No. | | | equity line | | | | | |
| **Union Bank** <br> **PO Box 85643** <br> **San Diego, CA 92186** | C | | Location: 1100 Rutland Rd. #7, Newport Beach CA 92660 | | | | | |
| | | | Value $      **350,000.00** | | | | **119,000.00** | **0.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

__0__ continuation sheets attached

|  | Subtotal <br> (Total of this page) | **769,000.00** | **419,000.00** |
|---|---|---|---|
| | Total <br> (Report on Summary of Schedules) | **769,000.00** | **419,000.00** |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com
                      Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

In re    **Moisey Fridman,**                                                    Case No.    **8:12-bk-11721**
         **Rosa Fridman**
_____
                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____**0**_____ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Moisey Fridman,**
**Rosa Fridman**

Case No. ___**8:12-bk-11721**___

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. **9885**<br><br>**Darling & Risbrough, LLP**<br>**19200 Von Karman Ave., Ste. 750**<br>**Irvine, CA 92612** | C | | | | **2011**<br>**Legal fees** | | | | **37,274.01** |
| Account No. **0108**<br><br>**Hahn & Bowersock**<br>**151 Kalmus Dr., Ste. L-1**<br>**Costa Mesa, CA 92626** | C | | | | **2011** | | | | **564.25** |
| Account No.<br><br>**Law Offices of D. Michael Bush**<br>**9 Corporate Park, Ste. 100**<br>**Irvine, CA 92606** | C | | | | **2011**<br>**Legal Fees** | | | | **22,407.50** |
| Account No. | | | | | | | | | |

___**0**___ continuation sheets attached

| | | |
|---|---|---|
| | Subtotal<br>(Total of this page) | **60,245.76** |
| | Total<br>(Report on Summary of Schedules) | **60,245.76** |

B6G (Official Form 6G) (12/07)

In re    **Moisey Fridman,**                                          Case No.    <u>8:12-bk-11721</u>
      **Rosa Fridman**

_____,
                  Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6H (Official Form 6H) (12/07)

.

In re    **Moisey Fridman,**
       **Rosa Fridman**                                     Case No.    **8:12-bk-11721**

                                                Debtors

# SCHEDULE H - CODEBTORS

      Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**

\_\_\_\_\_ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                               Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re   **Moisey Fridman**
**Rosa Fridman**                            Case No.   **8:12-bk-11721**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Retired** | **Retired** |
| Name of Employer | **Retired** | **Retired** |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 0.00 | $ | 0.00 |
|     b. Insurance | $ | 0.00 | $ | 0.00 |
|     c. Union dues | $ | 0.00 | $ | 0.00 |
|     d. Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify):   **Social Security Income** | $ | 2,403.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 2,403.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,403.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | | 2,403.00 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re    **Moisey Fridman**
      **Rosa Fridman**                    Case No.    **8:12-bk-11721**
                         Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 450.00 |
|    a. Are real estate taxes included?      Yes **X**     No ___ | | |
|    b. Is property insurance included?      Yes ___     No **X** | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 50.00 |
|               b. Water and sewer | $ | 50.00 |
|               c. Telephone | $ | 30.00 |
|               d. Other  **Cable / Internet** | $ | 120.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 450.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 280.00 |
| 8. Transportation (not including car payments) | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|               a. Homeowner's or renter's | $ | 25.00 |
|               b. Life | $ | 0.00 |
|               c. Health | $ | 0.00 |
|               d. Auto | $ | 100.00 |
|               e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|               a. Auto | $ | 0.00 |
|               b. Other | $ | 0.00 |
|               c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **Personal Grooming** | $ | 40.00 |
|       Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,145.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | $ | 2,403.00 |
| b.   Average monthly expenses from Line 18 above | $ | 2,145.00 |
| c.   Monthly net income (a. minus b.) | $ | 258.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re    **Moisey Fridman**
        **Rosa Fridman**

Debtor(s)

Case No.    **8:12-bk-11721**

Chapter    **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __14__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **February 24, 2012**

Signature    **/s/ Moisey Fridman**
           **Moisey Fridman**
           Debtor

Date   **February 24, 2012**

Signature    **/s/ Rosa Fridman**
           **Rosa Fridman**
           Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re    **Moisey Fridman**
         **Rosa Fridman**                                  Case No.    **8:12-bk-11721**
                                   Debtor(s)                 Chapter      **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                  SOURCE

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$6,341.85** | **2010 IRA distributions** |
| **$27.50** | **2010 ordinary dividends** |
| **$531.20** | **2010 Taxable interest** |

2

| AMOUNT | SOURCE |
|---|---|
| $30,066.00 | 2010 Social Security Benefits |
| $30,153.60 | 2009 Social Security Benefits |
| $1,471.38 | 2009 Taxable Interest |
| $26.00 | 2009 Ordinary dividends |

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Avetoom v. Fridman 30-2010-00345490** | | | **Motion for New Trial denied, appealing** |

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **DebtorWise Foundation**<br>**14 Austin Park, Suite 100**<br>**Pittsford, NY 14534** | | **$25.00** |
| **Law Offices of Matthew E. Faler**<br>**17330 Brookhurst St., #240**<br>**Fountain Valley, CA 92708** | **1/19/2012** | **$2,281** |

## 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

**20. Inventories**

None ☐
■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY          INVENTORY SUPERVISOR                    DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None ☐
■
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                              NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                  NATURE OF INTEREST                  PERCENTAGE OF INTEREST

None ☐
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS            TITLE                                  NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

**22 . Former partners, officers, directors and shareholders**

None ☐
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                              ADDRESS                              DATE OF WITHDRAWAL

None ☐
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE                              DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                      DATE AND PURPOSE                    AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR            OF WITHDRAWAL                        OR DESCRIPTION AND
VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None ☐
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                           TAXPAYER IDENTIFICATION NUMBER (EIN)

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **February 24, 2012**                    Signature    **/s/ Moisey Fridman**
                                                              **Moisey Fridman**
                                                              Debtor

Date  **February 24, 2012**                    Signature    **/s/ Rosa Fridman**
                                                              **Rosa Fridman**
                                                              Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)    1998 USBC, Central District of California

<div align="center">

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

</div>

| In re | Case No.: **8:12-bk-11721** |
|---|---|
| **Moisey Fridman**<br>**Rosa Fridman**<br><br><div align="right">Debtor.</div> | **DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | |
    |---|---:|
    | For legal services, I have agreed to accept | $ 4,000.00 |
    | Prior to the filing of this statement I have received | $ 2,000.00 |
    | Balance Due | $ 2,000.00 |

2.  The source of the compensation paid to me was:

    ☑ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ☑ Debtor    ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services

<div align="center">

### CERTIFICATION

</div>

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **February 24, 2012** | /s/ Matthew E. Faler |
|---|---|
| *Date* | **Matthew E. Faler**<br>*Signature of Attorney*<br>**Law Offices of Matthew E. Faler**<br>*Name of Law Firm*<br>**17330 Brookhurst St., Suite 240**<br>**Fountain Valley, CA 92708**<br>**(714) 465-4433  Fax: (714) 965-7823** |

February 2006                                                                    2006 USBC Central District of California

# United States Bankruptcy Court
## Central District of California

| | | | |
|---|---|---|---|
| In re | **Moisey Fridman**<br>**Rosa Fridman** | Case No. | **8:12-bk-11721** |
| | Debtor(s) | Chapter | **13** |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I,   **Moisey Fridman**  , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐      I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐      I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐      I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I,   **Rosa Fridman**  , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐      I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐      I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐      I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date  **February 24, 2012**                Signature   **/s/ Moisey Fridman**
                                                        **Moisey Fridman**
                                                        Debtor


Date  **February 24, 2012**                Signature   **/s/ Rosa Fridman**
                                                        **Rosa Fridman**
                                                        Joint Debtor

B22C (Official Form 22C) (Chapter 13) (12/10)

| In re | **Moisey Fridman** | According to the calculations required by this statement: |
|---|---|---|
| | **Rosa Fridman** | ■ **The applicable commitment period is 3 years.** |
| | Debtor(s) | ☐ **The applicable commitment period is 5 years.** |
| Case Number: | **8:12-bk-11721** | ☐ **Disposable income is determined under § 1325(b)(3).** |
| | (If known) | ■ **Disposable income is not determined under § 1325(b)(3).** |
| | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ **Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 0.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Business income</td><td colspan=2>Subtract Line b from Line a</td></tr></table> | $ 0.00 | $ 0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan=2>Subtract Line b from Line a</td></tr></table> | $ 0.00 | $ 0.00 |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $ 0.00</td><td>Spouse $ 0.00</td></tr></table> | $ 0.00 | $ 0.00 |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                2

| | | | |
|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |

| | | Debtor | Spouse | |
|---|---|---|---|---|
| a. | | $ | $ | |
| b. | | $ | $ | $  0.00  $  0.00 |

| | | | |
|---|---|---|---|
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $  0.00 | $  0.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ | 0.00 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | | |
|---|---|---|---|
| 12 | Enter the amount from Line 11 | $ | 0.00 |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |

| | | | |
|---|---|---|---|
| a. | | $ | |
| b. | | $ | |
| c. | | $ | |
| | Total and enter on Line 13 | $ | 0.00 |

| | | | |
|---|---|---|---|
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ | 0.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ | 0.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | |
| | a. Enter debtor's state of residence:   **CA**   b. Enter debtor's household size:   **2** | $ | 61,539.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | | |
|---|---|---|---|
| 18 | Enter the amount from Line 11. | $ | 0.00 |
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |

| | | | |
|---|---|---|---|
| a. | | $ | |
| b. | | $ | |
| c. | | $ | |
| | Total and enter on Line 19. | $ | 0.00 |

| | | | |
|---|---|---|---|
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ | 0.00 |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                              3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **0.00** |
|---|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **61,539.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>■ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|---|---|

<h2 align="center">Part IV. CALCULATION OF DEDUCTIONS FROM INCOME</h2>

<h3 align="center">Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)</h3>

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. |  |
|---|---|---|

| **Persons under 65 years of age** | | **Persons 65 years of age or older** | |
|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person |
| b1. | Number of persons | b2. | Number of persons |
| c1. | Subtotal | c2. | Subtotal |

(Line 24B total) $

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** |  |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                                4

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. □ 0   □ 1   □ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) □ 1   □ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | |

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                                5

| 37 | **Other Necessary Expenses: telecommunication services.**  Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents.  **Do not include any amount previously deducted.** | $ |
| 38 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 24 through 37. | $ |

<table>
<tr><td colspan="3" align="center">

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 24-37**

</td></tr>
<tr>
<td>39</td>
<td>

**Health Insurance, Disability Insurance, and Health Savings Account Expenses.**  List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.

| a. | Health Insurance | $ |
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |

Total and enter on Line 39

**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:

$

</td>
<td>$</td>
</tr>
<tr>
<td>40</td>
<td>

**Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.**

</td>
<td>$</td>
</tr>
<tr>
<td>41</td>
<td>

**Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court.

</td>
<td>$</td>
</tr>
<tr>
<td>42</td>
<td>

**Home energy costs.**  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs.  **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.**

</td>
<td>$</td>
</tr>
<tr>
<td>43</td>
<td>

**Education expenses for dependent children under 18.**  Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.**

</td>
<td>$</td>
</tr>
<tr>
<td>44</td>
<td>

**Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must demonstrate that the additional amount claimed is reasonable and necessary.**

</td>
<td>$</td>
</tr>
<tr>
<td>45</td>
<td>

**Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.**

</td>
<td>$</td>
</tr>
<tr>
<td>46</td>
<td>**Total Additional Expense Deductions under § 707(b).**  Enter the total of Lines 39 through 45.</td>
<td>$</td>
</tr>
</table>

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                6

| Subpart C: Deductions for Debt Payment | |
|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines | |

$

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

$

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

$

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

| Subpart D: Total Deductions from Income | |
|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |

| Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                           7

| 57 | **Deduction for special circumstances.**  If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |
|---|---|---|

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total:  Add Lines |

| | | $ |
|---|---|---|

| 58 | **Total adjustments to determine disposable income.**  Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).**  Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* |
|---|---|

Date:  __February 24, 2012__                    Signature:  __/s/ Moisey Fridman__
                                                                  **Moisey Fridman**
                                                                         (Debtor)

Date:  __February 24, 2012__                    Signature   __/s/ Rosa Fridman__
                                                                  **Rosa Fridman**
                                                                  (Joint Debtor, if any)

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name     **Matthew E. Faler**

Address     **17330 Brookhurst St., Suite 240 Fountain Valley, CA 92708**

Telephone     **(714) 465-4433 Fax: (714) 965-7823**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years: **Moisey Fridman** **Rosa Fridman** | Case No.:    **8:12-bk-11721** |
| | Chapter:    **13** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of    **2**    sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:    **February 24, 2012**            **/s/ Moisey Fridman**
                                            **Moisey Fridman**
                                            Signature of Debtor

Date:    **February 24, 2012**            **/s/ Rosa Fridman**
                                            **Rosa Fridman**
                                            Signature of Debtor

Date:    **February 24, 2012**            **/s/ Matthew E. Faler**
                                            Signature of Attorney
                                            **Matthew E. Faler**
                                            **Law Offices of Matthew E. Faler**
                                            **17330 Brookhurst St., Suite 240**
                                            **Fountain Valley, CA 92708**
                                            **(714) 465-4433   Fax: (714) 965-7823**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "12"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

B6D (Official Form 6D) (12/07)

In re   **Moisey Fridman,**
      **Rosa Fridman,**

Case No. ___8:12-BK-11721-ES___

_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | equity line | | | | | |
| **Union Bank**<br>**PO Box 85643**<br>**San Diego, CA 92186** | C | | | | **Location: 1100 Rutland Rd. #7, Newport Beach, CA 92660** | | | | | |
| | | | | | Value $                **350,000.00** | | | | **119,000.00** | **0.00** |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

__0__ continuation sheets attached

|  | Subtotal<br>(Total of this page) | **119,000.00** | **0.00** |
|---|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | **119,000.00** | **0.00** |

B6F (Official Form 6F) (12/07)

In re    **Moisey Fridman,**
      **Rosa Fridman**
                                                 ,
                                     **Debtors**

Case No.    **8:12-BK-11721-ES**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **9885**<br><br>**Darling & Risbrough, LLP**<br>**19200 Von Karman Ave., Ste 750**<br>**Irvine, CA 92612** | | C | **2011 Legal fees** | | | | 37,274.01 |
| Account No. **0108**<br><br>**Hahn & Bowersock**<br>**151 Kalmus Dr., Ste. L-1**<br>**Costa Mesa, CA 92626** | | C | **2011** | | | | ~~564.25~~ |
| Account No.<br><br>**Karl Avetoom**<br>**c/o Polis & Associates**<br>**19800 MacArthur Blvd. Ste 1000**<br>**Irvine, CA 92612** | | C | **Amended to move from Schedule D consistent with filed claim.**<br>**Claim relates to a contested civil action currently on appeal.** | X | X | X | 475,683.40 |
| Account No.<br><br>**Law Offices D. Michael Bush**<br>**9 Corporate Park, Ste 100**<br>**Irvine, CA 92606** | | C | ~~Legal fees~~ | | | | 22,407.50 |

  **0**   continuation sheets attached

| | |
|---|---|
| Subtotal<br>(Total of this page) | 535,929.16 |
| Total<br>(Report on Summary of Schedules) | 535,929.16 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "13"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

Case 8:13-ap-01172-ES    Doc 1    Filed 07/16/13    Entered 07/16/13 16:01:02    Desc
Main Document    Page 1 of 18

1    TODD A. FREALY (SBN 198780)
     JULIET Y. OH (SBN 211414)
2    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
     10250 Constellation Boulevard, Suite 1700
3    Los Angeles, California 90067
     Telephone: (310) 229-1234
4    Facsimile: (310) 229-1244
     Email: taf@lnbyb.com; jyo@lnbyb.com
5

6    Attorneys for Karl Anderson, Chapter 7 Trustee

7

8                    UNITED STATES BANKRUPTCY COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
                          SANTA ANA DIVISION
10

11
     In re                           )   Case No. 8:12-bk-11721-ES
12                                    )
     MOISEY O. FRIDMAN and ROSA A.    )   Chapter 7
13   FRIDMAN,                         )
                                      )
14                                    )
                    Debtors.          )
15   _____ )
                                      )   Adv. No. 8:13-ap _____-ES
16                                    )
     KARL ANDERSON, Chapter 7 Trustee,)
17                                    )   **COMPLAINT AGAINST DEBTORS**
                    Plaintiff,        )   **MOISEY O. FRIDMAN AND ROSA**
18                                    )   **A. FRIDMAN FOR DENIAL OF**
     vs.                             )   **DISCHARGE**
19                                    )
     MOISEY O. FRIDMAN and ROSA A.    )   Date:   [To Be Set By Summons]
20   FRIDMAN,                         )   Time:
                                      )   Place:  Courtroom "5A"
21                  Defendants.       )           411 West Fourth Street
22   _____ )           Santa Ana, California

23   **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE:**

24         Plaintiff Karl Anderson, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy

25   estate of Moisey O. Fridman and Rosa A. Fridman, respectfully alleges as follows:

26   ///

27   ///

28

AE  000184

## JURISDICTIONAL ALLEGATIONS

1.      This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C.

§§ 151, 157 and 1334; 11 U.S.C. §§ 105 and 727, and the Local Rules of the United States

Bankruptcy Court and the United States District Court for the Central District of California.

2.      Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary

proceeding arises under and in connection with a case filed under Title 11 which is pending in

this district.

3.      This action is a core proceeding under 28 U.S.C. § 157(b).

4.      This action is timely because the Court entered an order on May 16, 2013

extending the time for the Trustee or the United States Trustee to file a complaint objecting to the

Debtors' discharge through and including July 31, 2013.

## GENERAL ALLEGATIONS

5.      On or about February 18, 2010, Karl Avetoom filed a complaint against Moisey

Fridman and Rosa Fridman, the debtors herein (collectively, the "Debtors"), for abuse of

process, civil harassment, intentional infliction of emotional distress, and civil conspiracy (the

"Avetoom Action").

6.      A trial commenced in the Avetoom Action on or about October 18, 2011. The jury

returned a verdict against the Debtors and in favor of Mr. Avetoom on or about October 25, 2011

and awarded damages against the Debtors in the total amount $1,000,000. Mr. Avetoom's

proposed judgment was lodged on or about November 2, 2011 and was signed and entered by

the court on or about November 18, 2011 (the "Avetoom Judgment").

7.      On or about November 9, 2011, Mr. Avetoom filed an ex parte application

pursuant to California Code of Civil Procedure Section 527 for a temporary restraining order

and/or a preliminary injunction restraining the Debtors from assigning assets. Plaintiff is

2

AE  000185

informed and believes that the court issued a temporary restraining order and a preliminary

injunction against the Debtors restraining them from assigning assets or utilizing their home

equity line of credit from November 9, 2011 through January 23, 2012. Plaintiff is further

informed and believes that the restraining order and preliminary injunction terminated on

January 23, 2012.

8.     On February 10, 2012, the Debtors commenced a Chapter 13 bankruptcy case by

filing a voluntary petition for relief under the Bankruptcy Code (the "Petition Date").

9.     On May 24, 2012, the Debtors filed a Notice of Conversion of Bankruptcy Case

From Chapter 13 to Chapter 7.

10.    Thereafter, Karl T. Anderson became the duly appointed Chapter 7 Trustee (the

"Trustee") of the Debtors' bankruptcy estate (the "Estate"). A Notice of Appointment of Trustee

and Fixing of Bond; Acceptance of Appointment As Trustee was filed with the Court on July 11,

2012.

11.    Karl Anderson, is the duly-appointed, qualified and acting Chapter 7 Trustee in

this bankruptcy case and is the Plaintiff herein.

12.    The Debtors filed their Schedules and Statement of Financial Affairs on February

24, 2012.

13.    In the Debtors' Schedule B filed on February 24, 2012, the Debtors disclosed that

they owned 3 bank accounts: 1 checking account with Union Bank; 1 savings account with

Union Bank; 1 account with U.S. Bank.

14.    The Debtors also disclosed in their Schedule B filed on February 24, 2012 that

they owned Individual Retirement Accounts with Fidelity Investments and "West Bank".

15.    Question 3 of the Debtors' Statement of Financial Affairs states: "a. Individual or

joint debtor(s) with primarily consumer debts. List all payments on loans, installment purchases

3

AE 000186

of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600." In response to this question the Debtors checked the box which stated "None".

16.    Question 7 of the Debtors' Statement of Financial Affairs states: "List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable organizations aggregating less than $100 per recipient". In response to this question the Debtors checked the box which stated "None".

17.    Question 10 of the Debtors' Statement of Financial Affairs states: "List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case". In response to this question the Debtors checked the box which stated "None".

18.    Question 11 of the Debtors' Statement of Financial Affairs states: "List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions". In response to this question the Debtors checked the box which stated "None".

19.    Question 12 of the Debtors' Statement of Financial Affairs states: "List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other

4

AE 000187

valuables within one year immediately preceding the commencement of this case". In response

to this question the Debtors checked the box which stated "None".

20.    On May 18, 2012, the Debtors filed an Amended Statement of Financial Affairs.

The Debtors' answers to Questions 3, 7, 11 and 12 in their Amended Statement of Financial

Affairs were "None". The Debtors changed their answer to Question 10 to disclose the transfer

of an interest in a judgment obtained against Beach Crest HOA to their attorney, Robert

Risborough. However, their response to Question 10 did not disclose any other transfers.

21.    On July 6, 2012, the Debtors filed Amended Schedules B and C. In their Amended

Schedules, the Debtors' disclosed that they owned 3 bank accounts: 1 checking account with

Union Bank; 1 savings account with Union Bank; 1 account with U.S. Bank. The Debtors'

Amended Schedules B and C also disclosed ownership of their IRA accounts with Fidelity

Investments and "West Bank".

22.    On May 23, 2011, the Debtors actually owned 3 accounts with U.S. Bank,

including a Silver Elite Checking account number ending 9978, Standard Savings account

number ending 1368 and an Elite Money Market account number ending 2480. As of May 23,

2011, the account balance in their Elite Money Market account number ending 2480 was

$2,500.17.

23.    Thereafter, the Debtors closed their Elite Money Market account number ending

2480. The Debtors testified during their meeting of creditors on July 18, 2013 that they closed

this account because U.S. Bank raised the minimum balance on their money market account to

$10,000. The Debtors' statement dated June 22, 2011 reflects that the balance in their Elite

Money Market account number ending 2480 was $0.

24.    On the Petition Date, the Debtors owned the real property located at 1100 Rutland

Road, #7, Newport Beach, CA 92660 (the "Property"). In September 2011, the only lien which

5

AE  000188

encumbered the Property was a home equity line of credit from Union Bank, N.A. with account number ending 2182. On September 2, 2011, the unpaid balance owed by the Debtors pursuant to the equity line was $14,959.69.

25.    On September 15, 2011, Debtor Moisey Fridman wrote Check No. 102 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $5,000.00. The Debtors also made a payment to Union Bank in the amount of $200 and interest was charged in the amount of $39.12. The Debtors' balance owed to Union Bank for this home equity line of credit on October 1, 2011 was $19,798.81.

26.    On November 2, 2011, the balance owed on the Debtors' home equity line of credit with Union Bank was $19,593.81.

27.    On November 7, 2011, debtor Moisey Fridman wrote Check No. 103 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,800.00. Plaintiff is informed and believes that the Debtors cashed this check.

28.    On November 8, 2011, debtor Moisey Fridman wrote Check No. 104 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $14,515.00. Plaintiff is informed and believes that the Debtors cashed this check.

29.    On November 9, 2011, debtor Rosa Fridman wrote Check No. 105 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $10,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

30.    On November 10, 2011, debtor Moisey Fridman wrote Check No. 106 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $8,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

6

AE  000189

31.    On November 10, 2011, debtor Rosa Fridman wrote Check No. 107 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $6,000. Plaintiff is informed and believes that the Debtors cashed this check.

32.    The checks written by the Debtors to themselves against their equity line account number ending 2182 from November 7, 2011 through November 10, 2011 totaled $48,315. The balance owing on their equity line on December 1, 2011 was $68,966.71.

33.    The balance owing on the Debtors' equity line account number ending 2182 on January 1, 2012 was $69,675.96.

34.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 109 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

35.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 116 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $10,000.00. The check indicates it was for Morris & Stone LLP, who was the firm handling the Debtors' appeal from the judgment obtained against them in the Avetoom Action. Plaintiff is informed and believes that the Debtors obtained a cashier's check with the funds and delivered the cashier's check to Aaron Morris.

36.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 117 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $15,000.00. The check indicates that it was for an IRA 60-day rollover return. The Debtors obtained a cashier's check with these funds and deposited the cashier's check into their IRA account with Fidelity Investments.

7

AE 000190

37.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 118 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,950.00. Plaintiff is informed and believes that the Debtors cashed this check.

38.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 120 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $1,750.00.

39.    The checks written by the Debtors to themselves against their equity line account number ending 2182 on January 24, 2012 totaled $39,700.00. The balance owing on their equity line on February 1, 2012 was $114,023.61.

40.    On February 3, 2012, debtor Moisey Fridman wrote Check No. 122 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,500.00. Plaintiff is informed and believes that the Debtors cashed this check.

41.    On March 1, 2012, the balance owing on the Debtors' Union Bank equity lien account number ending 2182 was $120,818.15.

42.    On February 8, 2011, the Debtors opened a Certificate of Deposit with One West Bank with a deposit of $30,000. The CD had a 60 month term at 2.469% interest and was identified by account number ending 1268.

43.    On November 3, 2011, the Debtors closed their CD with One West Bank and withdrew all of the available funds. The Debtors paid a $600 early termination penalty and received the sum of $29,948.79. On November 3, 2011, the Debtors received this sum in the form of a cashier's check in the amount of $20,000 and $9,948.79 in cash.

44.    On June 8, 2011, the Debtors opened a safe deposit box with Union Bank. The Debtors testified during their meeting of creditors that they still own that safe deposit box as of July 18, 2013.

8

45.     The Trustee examined the Debtors at the continued §341(a) meeting of creditors on October 4, 2012 and again on July 18, 2013.  During the examination, the Debtors testified under penalty of perjury that: (a) they signed their petition, schedules, statements and related documents; (b) they read their bankruptcy papers carefully before signing; (c) they had personal knowledge of the information contained in their bankruptcy papers and that information was true and correct; (d) they listed all of their assets and creditors in their bankruptcy schedules; and (e) there were not any mistakes in their bankruptcy papers other than had been corrected in their amended schedules.

46.     However, in their bankruptcy schedules and statements of financial affairs signed under penalty of perjury and filed with the Court, the Debtors failed to disclose assets and valuable information which would leave to the discovery of assets.

47.     In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they closed their Money Market Account with U.S. Bank and withdrew the sum of $2,500 in May 2011.

48.     The Debtors failed to disclose that on the Petition Date, they owned two accounts with U.S. Bank.

49.     In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that on November 3, 2011 they closed their CD with One West Bank and withdrew the sum of $29,948.79.

50.     In response to Question 12 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they owned a safe deposit box on the Petition Date.

9

AE  000192

51.     In response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose the withdrawal of $126,463.79 in funds on deposit in their One West CD or borrowed against their Union Bank equity line, and did not disclose the use, transfer or dissipation of these funds.

52.     The Debtors did not disclose that within the 50 days immediately preceding the Petition Date, they paid $25,000 to attorney Aaron Morris to help them with their appeal of the Avetoom Judgment. The Debtor further did not disclose in their Schedule B filed on February 24, 2012 or their Amended Schedule B filed on July 6, 2012, that $12,500 of this sum was held by Mr. Morris on the Petition Date as a deposit against future costs.

53.     The Debtors testified during their continued Section 341(a) meeting of creditors on July 18, 2013, that they transferred the sum of $30,000 in cash to a friend named Victoria Gureyeva during November 2011. However, the Debtors failed to disclose this transfer in their Statement of Financial Affairs filed on February 24, 2012 and May 18, 2012.

54.     The Debtors paid their son Alexander Fridman the sum of $2,000 with a check dated November 9, 2011 and which was honored by Debtors' bank on November 14, 2011. The Debtors testified that this payment was to repay their son for funds he advanced to one of the Debtors' attorneys. The Debtors did not disclose this payment to their son in their Statement of Financial Affairs. During their Section 341(a) meeting of creditors on October 4, 2013, the Debtors also denied making any payments exceeding $500 to their son Alexander Fridman.

55.     The Debtors testified during their Section 341(a) meeting of creditors on November 15, 2013, that they transferred by wire transfer approximately $5,900 to family in Russia within the 1 year period immediately preceding the Petition Date. This transfer is not

AE  000193

disclosed in response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed

on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012.

## FIRST CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(A))

56.     Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

57.     Plaintiff is informed and believes, and based thereon alleges that the Debtors, with

the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody

of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or

concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

property of the Debtors within one year before the Petition Date.

58.     The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(B))

59.     Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

60.     Plaintiff is informed and believes, and based thereon alleges that the Debtors, with

the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of

property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or

concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

property of the estate after the Petition Date.

61.     The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(2)(B).

11

AE  000194

### THIRD CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(4)(A))

62.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

63.    The Debtors testified at their §341(a) meeting of creditors that they reviewed their

Voluntary Petition, Schedules and Statement of Financial Affairs prior to executing them, and

that those documents were true and correct.

64.    Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or

account by failing to disclose assets, transfers, and the closure of valuable financial accounts in

their Schedules or Statement of Financial Affairs, which they signed under penalty of perjury.

65.    Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or

account by testifying at their meeting of creditors that their Petition, Schedules and Statement of

Financial Affairs were true and correct, when in fact they failed to disclose assets, transfers and

the closure of valuable financial accounts.

66.    The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(4)(A).

### FOURTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(4)(D))

67.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

68.    Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from an

12

AE  000195

officer of the estate entitled to possession under this title, any recorded information, including

books, documents, records, and papers, relating to the Debtors' property or financial affairs.

69.     Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee complete copies of the statements from their Union Bank home equity line of credit

account number ending 2182.

70.     Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee financial account statements other than their statements from their Union Bank home

equity line of credit account number ending 2182.

71.     The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(4)(D).

## FIFTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(5))

72.     Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

73.     The Debtors have failed to explain satisfactorily, before determination of denial of

discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtors'

liabilities.

74.     The Debtors have failed to explain satisfactorily the dissipation of more than

$126,463.79 in cash which they withdrew from their One West CD and charged against their

Union Bank home equity line of credit, from November 3, 2011 through February 3, 2012.

///

///

13

75.    The Debtors' discharge should therefore be denied under 11 U.S.C. §727(a)(5).

**WHEREFORE,** Plaintiff prays for relief as follows:

1.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(A);

2.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(B);

3.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(A);

4.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(D);

5.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(5);

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

Dated: July 29, 2013

LEVENE, NEALE, BENDER, YOO &
BRILL, L.L.P.

By:_____ _/s/ Todd A. Frealy_____
TODD A. FREALY
Attorneys for Karl Anderson,
Chapter 7 Trustee

14

AE 000197

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| TODD A. FREALY (SBN 198780)<br>JULIET Y. OH (SBN 211414)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: taf@lnbyb.com; jyo@lnbyb.com<br><br>*Attorney for Plaintiff* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

</div>

| In re:<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br><br>Debtor(s). | CASE NO.: 8:12-bk-11721-ES<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
|---|---|
| KARL ANDERSON, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Place:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

AE  000198

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

AE  000199

**FORM B104** (08/07)                                          **2007 USBC, Central District of California**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** KARL ANDERSON, Chapter 7 Trustee, | **DEFENDANTS** MOISEY O. FRIDMAN and ROSA A. FRIDMAN, |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. 10250 Constellation Blvd., Ste. 1700 Los Angeles, CA 90067 310-229-1234 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only) | | **PARTY** (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☒ Trustee | | ☐ Trustee | |

| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Complaint against Debtors for Denial of Discharge |
|---|

| **NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |
|---|

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property –§542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ **1** 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought |
|---|

CCD-B104

AE 000200

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN | | **BANKRUPTCY CASE NO.**<br>8:12-bk-11721-ES |
| **DISTRICT IN WHICH CASE IS PENDING**<br>CENTRAL | **DIVISIONAL OFFICE**<br>SANTA ANA | **NAME OF JUDGE**<br>ERITHE A. SMITH |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>*/S/TODD A. FREALY* | | |
| **DATE**<br>July 30, 2013 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>TODD A. FREALY | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

AE 000201

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "14"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

1  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   IRV M. GROSS (SBN 53659)
2  10250 Constellation Boulevard, Suite 1700
   Los Angeles, CA 90067
3  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
4  Email: img@lnbyb.com

5  Attorneys for Karl Anderson, Chapter 7 Trustee

6

7                    UNITED STATES BANKRUPTCY COURT

8                     CENTRAL DISTRICT OF CALIFORNIA

9                          SANTA ANA DIVISION

10  In re:                                Bk. No. 8:12-bk-11721-ES

11  MOISEY O. FRIDMAN and ROSA A.         Chapter 7
    FRIDMAN,
12                                        Adv. No. 8:13-ap-01253-ES

13              Debtors.
                                          **STIPULATION FOR ENTRY OF**
14                                        **JUDGMENT DENYING THE DEBTORS**
                                          **THEIR DISCHARGES**
15  KARL ANDERSON, CHAPTER 7 TRUSTEE,
                                          **Trial Date: January 29, 2015**
16              Plaintiff,                **Time: 9:30 a.m.**
                                          **Courtroom: 5A**
17

18  MOISEY O. FRIDMAN and ROSA A.
    FRIDMAN,
19              Defendants.

20

21        Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee ("Trustee") in

22  the bankruptcy case of Moisey O. Fridman and Rosa A. Fridman (the "Fridmans"), and the

23  Fridmans, and each of them, enter into this stipulation for entry of a judgment in favor of the

24
    Trustee and against the Fridmans, and each of them, for denial of their respective discharges, as
25
    follows:
26

27

28  DALLAS 1796792v2

1

## RECITALS

2    1.    On February 10, 2012, the Fridmans filed a voluntary petition for relief under

3    Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court,

4    Central District of California, Santa Ana Division, commencing the bankruptcy case styled *In re*

5    *Moisey O. Fridman and Rosa A. Fridman., Debtors* ("the Bankruptcy Case"). On May 24,

6    2012, the Bankruptcy Case was converted to a case under Chapter 7, and the Trustee was

7    thereafter appointed.

8    2.    On July 30, 2013, the Trustee filed a complaint (the "Complaint") commencing

9    the adversary proceeding styled *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and*

10    *Rosa A. Fridman*, Adv. No. 2:12-ap-01124-BR. (the "Adversary Proceeding"). The Complaint

11    seeks an order denying the Fridmans, and each of them, their respective discharges in

12    bankruptcy.

13

14    3.    On August 26, 2013, the Fridmans filed their answer to the Complaint.

15    4.    Trial of the Adversary Proceeding was scheduled for January 29, 2015.

16    WHEREFORE, the Trustee and the Fridmans, and each of them, hereby stipulate:

17

## STIPULATION

18    1.    A judgment ("Judgment") shall be entered on the entire Complaint, and on each

19    Claim for Relief set forth therein, in favor of the Trustee and against the

20    Fridmans, and each of them;

21    2.    The Judgment shall provide that: (i) Moisey O. Fridman and Rosa A. Fridman,

22    and each of them, shall be and are denied their respective discharges in

23    bankruptcy; (ii) Nothing in the Judgment shall affect any rights the Trustee may

24    have with respect to any person or entity other than the Fridmans, and each of

25    them.

26

27

DALLAS 1796792v2

1    **IT IS SO STIPULATED.**

2

3    Dated: 02/06/2015                              _____
                                                      KARL T. ANDERSON
4                                                     Chapter 7 Trustee

5    Dated: 01/30, 2015                             _____
                                                      MOISEY O. FRIDMAN
6

7    Dated: 01/30, 2015                             _____
                                                      ROSA A. FRIDMAN
8

9

10   APPROVED AS TO FORM AND CONTENT:

11   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

12
                                                   _____
13   IRV M. GROSS
     Attorneys for Karl T. Anderson, Ch. 7 Trustee
14

15   LAW OFFICES OF JOHN D. OTT
16   A PROFESSIONAL CORPORATION

17
                                                   _____
18   Attorney for Moisey O. Fridman and Rosa A. Fridman

19

20

21

22

23

24

25

26

27

28   DALLAS 1796792v2

-3-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

True and correct copies of the foregoing documents described as STIPULATION FOR ENTRY OF JUDGMENT DENYING THE DEBTORS THEIR DISCHARGES to be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 9, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)
edansie@hotmail.com, kanderson@ecf.epiqsystems.com

Todd A Frealy on behalf of Plaintiff Karl Anderson
taf@lnbrb.com

Irving M Gross on behalf of Plaintiff Karl Anderson
img@lnbrb.com, angela@lnbrb.com

Juliet Y Oh on behalf of Plaintiff Karl Anderson
jyo@lnbyb.com, jyo@lnbrb.com

John D Ott on behalf of Defendant Moisey O. Fridman
Jott@jdolawyers.com

John D Ott on behalf of Defendant Rosa A. Fridman
Jott@jdolawyers.com

Lindsey L Smith on behalf of Plaintiff Karl Anderson
lls@lnbyb.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **February 9, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 9, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers Copies via Overnight Delivery
Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Chambers 5040
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 9, 2015 | John Berwick | */s/ John Berwick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "15"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

<table>
<tr><td>

1

2

3

4

5

6

</td><td>

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
IRV M. GROSS (SBN 53659)
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: img@lnbyb.com

Attorneys for Karl Anderson, Chapter 7 Trustee

</td></tr>
</table>

**FILED & ENTERED**

**FEB 18 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber   DEPUTY CLERK

7

## UNITED STATES BANKRUPTCY COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9

## SANTA ANA DIVISION

10

In re:

11

MOISEY O. FRIDMAN and ROSA A.
FRIDMAN,

12

13                          Debtors.

14

15

KARL ANDERSON, CHAPTER 7 TRUSTEE,

16                          Plaintiff,

17               v.

18

MOISEY O. FRIDMAN and ROSA A.
FRIDMAN,

19                          Defendants.

20

Bk. No. 8:12-bk-11721-ES

Chapter 7

Adv. No. 8:13-ap-01253-ES

**JUDGMENT DENYING THE
DEBTORS THEIR DISCHARGES**

**Trial Date: January 29, 2015**
**Time: 9:30 a.m.**
**Courtroom: 5A**

21

22

23

24

25

26

27

28

        The above-referenced adversary proceeding (the "Adversary Proceeding") came on for

trial on January 29, 2015.  Appearances were as noted on the record.

        The Debtors, Moisey O. Fridman and Rosa A. Fridman, and each of them, having stated

on the record that they agreed to have judgment in the Adversary Proceeding entered against

DALLAS 1796792v2

them, and each of them, as set forth below, and the Court having considered the *Stipulation for Entry of Judgment Denying the Debtors Their Discharges* (the "Stipulation") filed herein,

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Stipulation is approved in its entirety;

2. A judgment on the Complaint and on each Claim for Relief set forth therein (the "Judgment") in the Adversary Proceeding is awarded to, and shall be entered in favor of, Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee in this bankruptcy case ("Trustee"), and against Moisey O. Fridman and Rosa A. Fridman, and each of them, the Debtors in this bankruptcy case. Pursuant to the Judgment, Debtors Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy.

3. Nothing in this Judgment does or shall affect any rights the Trustee may have with respect to any person or entity other than the Debtors, Moisey O. Fridman and Rosa A. Fridman.

# # #

Date: February 18, 2015

Erithe Smith
United States Bankruptcy Judge

DALLAS 1796792v2

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "16"*

26
27
28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/12/2016** at 08:00:00 AM

Clerk of the Superior Court
By Robert Renison, Deputy Clerk

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
kia002@att.net

Plaintiff in Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

| | |
|---|---|
| KARL AVETOOM, an individual | Case No: 30-2015-00820760-CU-FR-CJC |
| | Assigned for Trial to: |
| Plaintiff, | HON. JUDGE CRAIG GRIFFIN<br>Dept: C17 |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| ROBERT RISBROUGH, an individual;<br>DARLING & RISBROUGH, LLP., a<br>California Limited Liability<br>Partnership; MOISEY FRIDMAN, an<br>individual; ROSA FRIDMAN, an<br>individual, and as Trustee for<br>the Moisey Fridman and Rosa<br>Fridman Trust, and the Fridman<br>Family Trust; and DOES 1-20,<br>inclusive | 1. VIOLATION OF CALIFORNIA'S<br>UNIFORM FRAUDULENT TRANSFER<br>ACT (CIVIL.CODE § 3439 *ET<br>SEQ*)(INTENTIONAL FRAUD)<br><br>2. VIOLATION OF CALIFORNIA'S<br>UNIFORM FRAUDULENT TRANSFER<br>ACT (CIVIL.CODE § 3439 *ET<br>SEQ*)(CONSTRUCTIVE FRAUD)<br><br>3. AIDING AND ABETTING<br><br>4. CONSPIRACY LIABILITY |
| Defendants | DAMAGES EXCEED $25,000<br>JURY TRIAL DEMANDED |

**COMES NOW PLAINTIFF KARL AVETOOM ALLEGES AS FOLLOWS:**

1.    Plaintiff KARL AVETOOM ("Plaintiff") is an individual, who

currently resides in Newport Beach, in the County of Orange,

California.

1

2.   Defendant Robert Risbrough ("Risbrough") is an attorney authorized by the State Bar of California to practice law.

3.   Defendant Darling & Risbrough LLP("Darling & Risbrough") is a California Limited Liability Partnership believed to be properly organized and existing by virtue of the laws of the State of California, and is believed to be authorized by the State Bar of California to operate as an LLP in the practice law therein. D&R has its principle places of business located 19200 Von Karman, Suite 750, Irvine, California 92612. Defendants Risbrough and D&R are hereinafter collectively referred to as "Defendants".

4.   Defendant Rosa Fridman, is an individual residing in the County of Orange, and a Trustee for the Moisey and Rosa Fridman Trust, and/or the Fridman Family Trust.

5.   Defendant Moisey Fridman, is and/or was an individual residing in the County of Orange.

6.   At all times herein mentioned, each of the Defendants herein was the agent, employee and alter ego of each of the remaining Defendants, and was at all times acting within the course and scope of said agency and employment.

7.   At all times herein mentioned, each of the Defendants herein was the agent, representative, alter ego, friend, family member, or representative of the remaining Defendants and was at all times acting within the course and scope of said agency, relationship and employment. Further, said entities were and are agents, beneficiaries and co-conspirators. Plaintiffs is further informed and alleges that each has conspired and engaged in the acts set forth herein as a professional, family member, agent or relation of Defendants Moisey Fridman and Rosa Fridman, with knowledge that

2

1 their activities resulted in transferring assets from Defendants

2 Moisey Fridman and Rosa Fridman for the purposes of defrauding,

3 and/or preventing collection by Plaintiff against Defendants Moisey

4 Fridman and Rosa Fridman and their assets within their control,

5 ownership or possession.

6    8.   Plaintiff is unaware of the true names and capacities of

7 defendants sued herein as Does 1 through 20, inclusive, and

8 therefore sue these defendants by such fictitious names. Plaintiff

9 will seek leave to amend this complaint if necessary to allege their

10 true names and capacities when ascertained. Plaintiff is informed

11 and believes and thereupon alleges that each of the fictitiously

12 named defendants is responsible in some manner for the occurrences

13 herein alleged, and that Plaintiff's losses and damages as herein

14 alleged were proximately and/or substantially caused by the acts and

15 conduct of such fictitiously named defendants and in excess of the

16 jurisdictional requirements of this Court.

17    9.   Plaintiff is informed and believes and based thereon alleges

18 that Defendants, and each of them, gave consent to, ratified, and/or

19 authorized the acts alleged herein as to each of the remaining

20 Defendants.

21    10. As of January 2011 Defendants Moisey Fridman and Rosa Fridman

22 owned a judgment in the amount of approximately $160,000.00 ("HOA

23 Judgment").

24    11. From 2009 through November 2011 Defendants Moisey Fridman,

25 Rosa Fridman, Risbrough and Darling & Risbrough repeatedly

26 represented that the Defendants Moisey and Rosa Fridman owned the

27 aforementioned HOA judgment.

28    12. On or around March 28, 2011 Plaintiff joined as additional

FIRST AMENDED COMPLAINT FOR DAMAGES

Defendants, Moisey Fridman and Rosa Fridman in his Second Amended

Complaint in *Avetoom v. Arce/Fridman* OCSC # 30-2010-00345490

pursuant to an Order granting leave to amend issued by Hon. Robert

J. Moss.  Defendants Risbrough and Darling & Risbrough represented

Defendants Moisey Fridman and Rosa Fridman in the *Avetoom v.*

*Arce/Fridman* matter for approximately nine months until withdrawing

from case on the eve of trial.  Plaintiff had filed his action

including a claim for intentional infliction of emotional distress

after Defendants Moisey Fridman and Rosa Fridman (who were hostile,

combative and aggressive racists) engaged in outrageous conduct

against Plaintiff including harassing and ostracizing Plaintiff by

publicly branding him a "fucking middle eastern terrorist", "Arab

terrorist", "Muslim terrorist" and by making other racist statements

intended to harm Plaintiff and drive him from the community.

Defendants Moisey Fridman and Rosa Fridman also sent threatening

letters to Plaintiff and repeatedly stalked Plaintiff's wife,

threatening her with their intention to harm Plaintiff. Defendants

Moisey Fridman and Rosa Fridman also made despicable statements

about Plaintiff's wife's miscarriage. Defendants Moisey Fridman and

Rosa Fridman later resorted to making over 119 late night harassing

phone calls to Plaintiff and his wife in or around December 2010

through January 2011 between the hours of 10:30 P.M. and 1:30 A.M..

13. Defendants Risbrough and Darling & Risbrough informed

Plaintiff that any judgment Plaintiff would obtain against

Defendants Moisey Fridman and Rosa Fridman would be nominal and set

off by the HOA judgment owned by Defendants Moisey Fridman and Rosa

Fridman.

14. In their verified answer to the *Avetoom v. Arce/Fridman*

complaint Defendants Risbrough and/or Darling & Risbrough prepared
answers for Defendants Moisey Fridman and Rosa Fridman affirming
that they intended to set off any judgment Plaintiff would obtain in
his action against them.

15. Approximately one month before trial, after Defendants Moisey
Fridman and Rosa Fridman's motion to reclassify to limited
jurisdiction and motion for judgment on the pleadings were denied,
Defendants Risbrough and Darling & Risbrough, after obtaining phone
records supporting the harassing and outrageous conduct, withdrew
from representing Defendants Moisey Fridman and Rosa Fridman.

16. During 2008 through 2015, Defendant Risbrough was had heavy
financial problems, as evidenced by numerous public filings of
personal IRS levies against him between $100,000.00 to $250,000.00.
Defendant Risbrough's severe financial problems and his retaliatory
nature were  motivating factors in Defendant Risbrough's
participation, endorsement and/or ratification in the interference,
concealment and/or transfer of Defendants Moisey Fridman and Rosa
Fridman's HOA judgment to Defendant Darling & Risbrough.  By
performing the assignment of the HOA judgment to Defendant Darling &
Risbrough, Defendants Moisey Fridman, Rosa Fridman, Risbrough and
Darling & Risbrough at all times intended to hinder, delay or
defraud Plaintiff's ability to collect against Defendants Moisey and
Rosa Fridman.

17. On or around October 18, 2011 trial commenced between
Plaintiff and Defendants Moisey Fridman before the Honorable Karen
L. Robinson.  The single cause of action was Intentional Infliction
of Emotional Distress alleged in Plaintiff's Second Amended
Complaint and conspiracy/aiding and abetting liability.

FIRST AMENDED COMPLAINT FOR DAMAGES

18. Defendants Moisey Fridman repeatedly testified during trial
that they owned the HOA judgment, and that the *Fridman v. Beach
Crest Villas* and *Avetoom v. Arce, et al* cases were related.
Defendant Moisey Fridman testified that he had previously paid his
attorney Defendant Risbrough approximately $200,000.00 in payments
to obtain the HOA Judgment.  Defendant Moisey Fridman confirmed that
Defendant Risbrough had instructed him to engage in outrageous
behavior including fabricated attempts to send Plaintiff to jail and
in an attempt to obtain money.  Defendant Risbrough had previously
participated in a failed attempt to obtain a restraining order
against Plaintiff on behalf of an online pet psychic with a history
of making false allegations for profit.  This online psychic later
admitted that evidence used by Defendant Risbrough in the Fridmans
case against Beach Crest had been altered after it left her
possession and was handed over to Defendants Moisey Fridman and
Defendants Risbrough and Darling & Risbrough.

19. Desperate, because Defendants Moisey Fridman and Rosa Fridman
were losing the trial, Defendant Risbrough testified for Defendants
Moisey Fridman and Rosa Fridman, and at no time mentioned that they
had transferred the HOA judgment to Defendant Darling & Risbrough.
Out of further desperation, Defendant Risbrough attempted to tamper
with the jury during trial to prevent Plaintiff obtaining a
judgment. Risbrough was caught and admonished by the Court.

20. On October 25, 2011 a unanimous jury made findings of fact by
clear and convincing evidence and awarded Plaintiff $600,000.00 in
compensatory damages against Defendants Moisey Fridman and Rosa
Fridman for engaging in outrageous conduct including publicly
branding him a "fucking middle eastern terrorist", "Arab terrorist",

6

1  "Muslim terrorist" and through other racist statements intended to

2  harm Plaintiff and drive him from the community. Defendants Moisey

3  Fridman and Rosa Fridman also sent threatening letters to Plaintiff

4  and repeatedly stalked Plaintiff's wife, threatening her with the

5  intention also to harm Plaintiff. Defendants Moisey Fridman and Rosa

6  Fridman, made over 119 late night harassing phone calls to Plaintiff

7  and his wife in or around December 2010 through January 2011 between

8  the hours of 10:30 P.M. and 1:30 A.M. Defendant Moisey Fridman

9  testified "his attorneys" [Defendants Risbrough and Darling &

10  Risbrough] told him to harass and threaten Plaintiff by any means,

11  "until they get what they wanted."  The jury unanimously made

12  findings by clear and convincing evidence of fraud, oppression or

13  malice against Defendants Moisey Fridman and Rosa Fridman,

14  justifying an award of punitive damages.

15      21.  That same day, October 25, 2011, the Jury heard testimony

16  during the bifurcated punitive damage phase relating to Defendants

17  Moisey Fridman and Rosa Fridman's financial status.  Defendant

18  Moisey Fridman testified that since 2010 he and Defendant Rosa

19  Fridman had few personal assets, no income, were unable to pay all

20  of their bills, had less than a few hundred dollars in their bank

21  accounts, approximately $20 in cash and were insolvent. When asked

22  how they had so little (since Defendant Moisey Fridman had testified

23  that he had paid $200,000.00 to Defendant Risbrough to sue over a

24  unpaid $50 fine by the HOA), Defendant Moisey Fridman again

25  testified under oath he previously paid Defendant Robert Risbrough

26  in cash payments to sue Beach Crest. Defendant Moisey Fridman

27  testified he owned the HOA judgment valued at approximately

28  $200,000.00. The Jury deliberated and awarded punitive damages

FIRST AMENDED COMPLAINT FOR DAMAGES

against Defendant Moisey Fridman in the amount of $200,000.00, and
against Defendant Rosa Fridman in the amount of $200,000.00.  The
total judgment against Defendants Moisey Fridman and Rosa Fridman on
October 25, 2011 was $1,000,000.00.  The amount of Plaintiff's
judgment against Defendants Moisey Fridman and Rosa Fridman was in
excess of their reported assets.

   22. On or around November 9, 2011 Defendants Moisey Fridman and
Rosa Fridman published their intent to deprive Plaintiff of any
recovery from the $1,000,000.00 jury verdict.  During the *Avetoom v.
Fridman* case, and through their subsequent bankruptcy, Defendants
Moisey Fridman and Rosa Fridman transferred, dissipated, looted,
encumbered, pilfered, and concealed assets, admittedly with intent
to deny Plaintiff recovery, by also encumbering their residence with
a $124,000.00 HELOC and assigning their HOA judgment.

   23. Between October 25, 2011 and November 17, 2011 Defendants
Moisey Fridman and Rosa Fridman filed multiple ex parte applications
to delay entry of judgment by Plaintiff.

   24. On or around November 10, 2011 through November, 17, 2011
Defendants Moisey Fridman and Rosa Fridman requested Plaintiff's
trial counsel to delay entry of judgment against Defendants Moisey
Fridman and Rosa Fridman.  Neither the Defendants nor Defendant
Risbrough would give any reason why Plaintiff should delay entry of
the $1,000,000.00 judgment on November 18, 2011.  It was later
learned Defendants Moisey Fridman and Rosa Fridman, together with
Defendant Risbrough, had previously agreed to move the HOA judgment,
valued by Defendant Moisey Fridman at approiximately $200,000.00,
away from Plaintiff to prejudice Plaintiff's creditor rights and
accordingly wanted to file a lien on the HOA judgment to again

1 | hinder, delay or defraud Plaintiff.  This purported lien claim would
2 | later be found defective by Judges Colaw and Servino.

3 |     25. On or around November 18, 2011 Judge Karen L. Robinson
4 | entered Judgement in favor of Plaintiff and against Defendants
5 | Moisey Fridman and Rosa Fridman in the amount of $1,000,000.00.
6 | Judge Robinson also converted a November 9, 2011 TRO into a
7 | Preliminary Injunction restraining Defendants Moisey and Rosa
8 | Fridman, *inter alia*, from transferring assets.  Defendants Moisey
9 | Fridman and Rosa Fridman made several requests to encumber their
10 | residence, under the excuse they had to give money to their
11 | attorneys.  Judge Robinson denied each request.

12 |     26. On or around January 4, 2012 Defendants Moisey Fridman and
13 | Rosa Fridman's post trial motion were denied.

14 |     27. On or around February 10, 2012 Defendants Moisey Fridman and
15 | Rosa Fridman filed bankruptcy claiming insolvency.

16 |     28. In November 2012 Defendant Risbrough and Defendants Darling &
17 | Risbrough retained the former clerk of the Fridmans bankruptcy judge
18 | to keep Defendant Moisey Fridman and Rosa Fridmans' HOA judgment,
19 | the right to collect over $160,000.00 from the HOA, out of
20 | bankruptcy court.  Defendants Risbrough and Darling & Risbrough
21 | falsely claimed that Defendant Darling & Risbrough owned the HOA
22 | judgment, despite Defendant Moisey Fridman's sworn testimony of
23 | record that he had already paid Defendant Risbrough, alleging all of
24 | the rights to the HOA judgment had been assigned in full to
25 | Defendant Darling & Risbrough by Defendants Moisey Fridman and Rosa
26 | Fridman.  Said assignment occurred in April 2011, several weeks
27 | after Defendants Moisey Fridman and Rosa Fridman were named as
28 | defendants by Plaintiff.  The April 2011 assignment was never

FIRST AMENDED COMPLAINT FOR DAMAGES

1  disclosed and kept in secrecy until after Plaintiff had obtained his
2  $1,000,000.00 verdict.

3     29. The Bankruptcy Court granted Defendants Darling & Risbrough
4  permission to pursue Beach Crest to collect on the assigned HOA
5  judgment, however the Court also ruled that the Chapter 7 Trustee
6  held the exclusive standing to pursue any federal or state based
7  fraudulent transfer claim.  In November 2015 the Chapter 7 Trustee's
8  rights would later be abandoned by Order of the Bankruptcy Court
9  upon Plaintiff's Motion to pursue a state fraudulent transfer
10  action.  Said Order transferred standing back to any creditor, such
11  as Plaintiff, who had a claim for a fraudulent transfer.

12     30. Also in 2011 Defendant Risbrough's financial distress and use
13  of an elderly client to lie and cover up misconduct was alleged by a
14  former client in *Bolduc, et al v. Robert Risbrough and Darling &*
15  *Risbrough LLP, et al* (OCSC Case No. 30-2014-00702497). Defendants
16  Risbrough, and Darling & Risbrough were sued for $4,000,000.00 for
17  malpractice and elder abuse by the former client. Defendant
18  Risbrough Risbrough had demanded "I'm your lawyer, you've got to get
19  me off the hook" evidencing Risbrough's continued willingness to use
20  elderly clients to lie to cover up his own unlawful conduct in an
21  attempt to cure his personal financial distress.

22     31. On or around February 10, 2012 Defendants Moisey Fridman and
23  Rosa Fridman filed for bankruptcy claiming insolvency.  In their
24  statement of financial affairs they listed as an asset of the estate
25  the HOA judgment.  This directly conflicts with Defendants
26  Risbrough, and Darling & Risbrough's claims that said Defendants
27  legitimately owned that asset.

28     32. In or around May 2012 Defendants Moisey Fridman and Rosa

FIRST AMENDED COMPLAINT FOR DAMAGES

1 Fridman obtained leave of the bankruptcy court and obtained a

2 Settled Statement from the Trial Court to use on appeal.  This

3 Settled Statement included Defendants Moisey Fridman and Rosa

4 Fridman's agreement of Moisey Fridman's testimony affirming he had

5 already paid Defendant Risbrough for obtaining their HOA Judgment.

6     33.  In or around July 16, 2014 Judge Karen L. Robinson found both

7 Defendants Moisey Fridman and Rosa Fridman guilty of contempt for

8 violating her November 9, 2011 TRO for intentionally disposing of

9 their right to payments.

10    34.  In January 2015 Defendant Moisey Fridman admitted that the

11 Fridman Defendants colluded with Defendants Risbrough and Darling &

12 Risbrough by permitting them to transfer Defendants Moisey Fridman

13 and Rosa Fridmans' HOA judgment to them until such time that

14 Defendant Risbrough could have the lawsuit by Plaintiff dismissed.

15 The agreement to enter into the April 11, 2011 assignment, two weeks

16 after being named as defendants in Avetoom v. Arce/Fridman, was kept

17 a secret to avoid detection and was intentionally used as insurance

18 to keep the asset away from Plaintiff's reach.  Defendants Moisey

19 Fridman and Rosa Fridman admitted they were insolvent or became

20 insolvent at the time of the transfer orchestrated by Defendants

21 Risbrough and Darling & Risbrough, and further admitted that

22 Defendant Risbrough had already been paid in cash as expressly

23 specified in their certified Settled Statement.  Accordingly

24 Defendant Darling & Risbrough did not take possession of the

25 assigned HOA Judgment in good faith and for fair equivalent value.

26    35.  Defendant Moisey Fridman further admitted that in late

27 October 2011 through November 2011, after the jury's $1,000,000.00

28 verdict against Defendant Moisey Fridman and Rosa Fridman, Defendant

Risbrough and Defendants Moisey Fridman and Rosa Fridman agreed to leave the HOA judgment with Defendant Darling & Risbrough to prevent Plaintiff from asserting his collection rights against the Fridmans' HOA judgment. Defendant Moisey Fridman and Rosa Fridman admitted they agreed with Defendants Risbrough and Darling & Risbrough to effectuate the assignment of the HOA Judgment to keep it out of Plaintiff's reach.

36. Defendants Risbrough and Darling & Risbrough collusive acts with Defendants Moisey Fridman and Rosa Fridman to commit the fraudulent transfer was a substantial factor in the financial harm caused to Plaintiff.

37. At all times Defendants Risbrough and Darling & Risbrough knew that said fraudulent transfers were being or going to be committed by Defendants/Debtors Moisey Fridman, Rosa Fridman and against Plaintiff.  Defendants Risbrough, and Darling & Risbrough participated, gave substantial assistance and/or encouraged Defendants/Debtors Moisey Fridman and Rosa Fridman. Defendants Risbrough, and Darling & Risbrough's conduct was a substantial factor in causing harm to Plaintiff.

38. On January 15, 2015 Defendants Moisey and Rosa Fridman were again found in contempt of court orders issued by Judge Timothy Stafford.  The Court made findings of fact that Defendants Moisey Fridman and Rosa Fridman continued to engage in acts intended to hinder, delay or defraud Plaintiff in the *Avetoom v. Fridman* judgment collection.

39. On January 27, 2015 Judge Karen L. Robinson again found Defendants Moisey Fridman and Rosa Fridman in contempt of court for intentionally violating a preliminary injunction relating to

FIRST AMENDED COMPLAINT FOR DAMAGES

1  intentional dissipation of their assets that deprived Plaintiff's

2  right to collect on his judgment as a creditor.  In the Court's

3  ruling, Judge Robinson found Defendants Moisey and Rosa Fridman's

4  conduct to be highly offensive to the entire judicial system.

5    40. On January 29, 2015 in their bankruptcy case, Defendants

6  Moisey Fridman and Rosa Fridman stipulated to the Chapter 7

7  Trustee's Adversary Complaint seeking to deny the Fridmans non-

8  discharge under several sections of 11 U.S.C. 727 relating to

9  missing assets.  Defendants Moisey Fridman and Rosa Fridman admitted

10  to engaging in acts intended to hinder, delay and/or defraud their

11  creditors, including Plaintiff, and lying under oath regarding their

12  assets, resulting in harm to Plaintiff.  A Judgment of Non-Discharge

13  was entered against Defendants Moisey Fridman and Rosa Fridman

14  respectively on or around February 18, 2015 by the Bankruptcy Court.

15    41. In July 2015 Plaintiff's Judgment against Defendants Moisey

16  Fridman and Rosa Fridman became final.

17    42. On September 29, 2015 Defendants Moisey Fridman and Rosa

18  Fridman's petition for a Writ of Mandate to collect monies on the

19  HOA Judgment was denied by the Hon. Deborah C. Servino.

20    43. On November 3, 2015 the Bankruptcy Court granted Plaintiff's

21  Motion for an Order seeking to Compel the Chapter 7 Trustee to

22  abandon his rights to (1) exclusively pursue any avoidance action

23  relating to the assigned HOA judgment, and (2) for the Chapter 7

24  Trustee to abandon any interest in the HOA judgment.  The Bankruptcy

25  Court further held that any interest Defendants Moisey and Rosa

26  Fridman had in the assigned HOA judgment, even equitable, would have

27  been property of the bankruptcy estate upon filing of their

28  bankruptcy petition. The Bankruptcy Court rejected Defendant Darling

1  & Risbrough excuses for changing stories and claims, and held that

2  Defendant Darling & Risbrough new claim, that the Fridmans always

3  had an interest in the HOA judgment, would have previously invoked

4  the bankruptcy estate's interest in the HOA judgment.  This would

5  have resulted in automatic inclusion and administration by the

6  bankruptcy trustee to the benefit of Plaintiff.

7     44. The Federal Bankruptcy Judge ruled that Defendants Darling &

8  Risbrough had been *talking out of both sides of their mouths*

9  relating to the assignment of the HOA judgment. This followed

10  findings by other state court judges that evidence Defendants

11  Risbrough and Darling & Risbrough's intent to deceive a court

12  relating to the fraudulent transfer of the HOA Judgment.

13     45. At all times, Defendants Risbrough and/or Darling & Risbrough

14  colluded with Defendants Moisey Fridman and Rosa Fridman, or

15  otherwise actively participated in the Defendants Moisey Fridman and

16  Rosa Fridman's fraudulent scheme, or (2) had actual knowledge of

17  facts which would suggest to a reasonable person that the transfer

18  of the HOA Judgment to Defendant Darling & Risbrough was fraudulent.

19     46. At all times, Defendants Risbrough and/or Darling & Risbrough

20  colluded with the debtors, by falsely claiming that Defendants

21  Risbrough and Darling & Risbrough had not been paid and performing

22  the assignment to keep the HOA judgment out of Plaintiff's reach.

23  The false representations of non-payment were executed in an effort

24  to avoid Defendants Moisey Fridman and Rosa Fridman testimony in the

25  *Avetoom v. Arce/*Fridman trial to previously paying Defendant

26  Risbrough approximately $200,000.00 in payments. The Fridmans would

27  later stipulate in their bankruptcy to engaging in acts intended to

28  hinder, delay or defraud creditors, including Plaintiff, including

FIRST AMENDED COMPLAINT FOR DAMAGES

refusing to explain the location missing assets.  Having received

payment from Defendants Moisey Fridman and Rosa Fridman and/or by

colluding with Defendants Moisey Fridman and Rosa Fridman,

Defendants Risbrough and Darling & Risbrough received the assignment

of the HOA judgment in bad faith and/or not for reasonable

equivalent value.

**FIRST CAUSE OF ACTION**

**(Against All Defendants)**

**(Avoidance of Fraudulent Conveyance-Actual Intent**

**Ca. Civil Code § 3439.4(a)(1))**

47.   Plaintiff incorporates by reference paragraphs 1-46 herein.

48.   That Plaintiff Karl Avetoom has a right to payment from

Defendants Moisey Fridman and Rosa Fridman for at least $650,000.00;

49.   That Defendants Moisey Fridman and Rosa Fridman transferred

and or assigned their judgment against Beach Crest Villas Homeowners

Association to Defendant Darling & Risbrough.

50.   That Defendants Moisey Fridman and Rosa Fridman transferred

their judgment against Beach Crest Villas Homeowners Association

with the intent to hinder, delay, or defraud one or more of their

creditors;

51.   That Plaintiff Karl Avetoom was harmed; and

52.   That Defendants Moisey Fridman and Rosa Fridman's conduct was

a substantial factor in causing Plaintiff Karl Avetoom's harm.

**SECOND CAUSE OF ACTION**

**(Against All Defendants)**

**(Avoidance of Fraudulent Conveyance-Constructive Fraud**

**Ca. Civil Code § 3439.4(a)(2)(B))**

53.   Plaintiff incorporates by reference paragraphs 1-46 herein.

54.   That Plaintiff Karl Avetoom has a right to payment from Defendants Moisey Fridman and Rosa Fridman for at least $650,000.00;

55.   That Defendants Moisey Fridman and Rosa Fridman transferred and or assigned their HOA judgment to Defendant Darling & Risbrough through Defendant Risbrough's actions;

56.   That Defendants Moisey Fridman and Rosa Fridman did not receive a reasonably equivalent value in exchange for the transfer;

57.   That Defendants Moisey Fridman and Rosa Fridman intended to incur debts beyond their ability to pay as they became due; or

58.   That Defendants Moisey Fridman and Rosa Fridman believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due;

59.   That Plaintiff Karl Avetoom was harmed; and

60.   That Defendants Moisey Fridman and Rosa Fridman's conduct was a substantial factor in causing Plaintiff Karl Avetoom's harm.

**THIRD CAUSE OF ACTION**

**(Aiding and Abetting Fraudulent Transfers)**

**(Against All Defendants)**

61.   Plaintiff incorporates by reference paragraphs 1-60 herein.

62.   That Defendants Risbrough, and/or Darling & Risbrough knew that fraudulent transfers were being or going to be committed by Defendants/Debtors Moisey Fridman and Rosa Fridman against Plaintiff;

63.   That Defendants Risbrough, and/or Darling & Risbrough gave substantial assistance or encouragement to Defendants/Debtors Moisey Fridman and Rosa Fridman; and

64.   That Defendants Risbrough, and/or Darling & Risbrough's conduct was a substantial factor in causing harm to Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES

1

## **CONSPIRACY LIABILITY**

2    65.   Plaintiff incorporates by reference paragraphs 1-64 herein.

3    66.   That Defendants Risbrough, and Darling & Risbrough were aware

4   that Defendants Moisey Fridman and Rosa Fridman and others planned

5   to fraudulently transfer assets to hinder, delay or defraud

6   Plaintiff Karl Avetoom; and

7    67.   That Defendants Risbrough, and Darling & Risbrough agreed and

8   intended with Defendants Moisey Fridman and Rosa Fridman, and

9   others, that the fraudulent transfers be committed;

10    68.   That Defendants Risbrough, and Darling & Risbrough,

11   Defendants Moisey Fridman and Rosa Fridman and others committed acts

12   in furtherance of their agreement; and

13    69.   As a result, Plaintiff was financially harmed.

14

15    **WHEREFORE, Plaintiff prays for judgment against Defendants, and**

16   **each of them, as follows:**

17    **1. AS TO THE FIRST CAUSE OF ACTION:** That the transfer from

18        Defendants Moisey Fridman and Rosa Fridman and/or the Moisey

19        Fridman and Rosa Fridman Trust to the other Defendants entities

20        identified herein, including, without limitation, Defendant

21        Robert Risbrough and/or Darling & Risbrough LLP be set aside to

22        the extent necessary to satisfy Plaintiffs' Judgment entered in

23        the underlying Lawsuit in the amount of $650,000.00, plus

24        interest thereon at the legal rate of ten percent (10%) per

25        annum from November 18, 2011.  Alternatively, if transfer of

26        said Judgment cannot be set aside, equivalent monetary damages

27        are awarded in an amount to be proven at trial, plus interest

28        thereon at the legal rate of ten percent (10%) per annum from

FIRST AMENDED COMPLAINT FOR DAMAGES

1   November 18, 2011.

2

3   **2. AS TO THE SECOND CAUSE OF ACTION:** That the transfer from

4   Defendants Moisey Fridman and Rosa Fridman and/or the Moisey

5   Fridman and Rosa Fridman Trust to the other entities identified

6   herein, including, without limitation, Defendant Robert

7   Risbrough and/or Darling & Risbrough LLP be set aside to the

8   extent necessary to satisfy Plaintiffs' Judgment entered in the

9   underlying Lawsuit in the amount of $650,000.00, plus interest

10  thereon at the legal rate of ten percent (10%) per annum from

11  November 18, 2011.  Alternatively, if transfer of said Judgment

12  cannot be set aside, equivalent monetary damages are awarded in

13  an amount to be proven at trial, plus interest thereon at the

14  legal rate of ten percent (10%) per annum from November 18,

15  2011.

16

17  **3. AS TO THE THIRD CAUSE OF ACTION:** For general and special

18  damages to be proven at trial, plus interest thereon at the

19  legal rate of ten percent (10%) per annum from November 18,

20  2011 to be held joint and severally liable amongst all

21  Defendants found liable therein.

22

23  **4.** Granting such other and further relief as the Court deems just

24  and proper

25

26

27  Date:  January 8, 2016          By: _____

28                                  Karl Avetoom
                                    Plaintiff, In Pro Per

18

FIRST AMENDED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "17"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton , CA 92838

**SHORT TITLE:** Avetoom vs. Risbrough

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2015-00820760-CU-FR-NJC** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 05/30/19 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Fullerton , California on 5/30/19. Following standard court practice the mailing will occur at Sacramento, California on 5/31/19.

KARL AVETOOM
1100 RUTLAND ROAD 9
NEWPORT BEACH, CA 92660

LAW OFFICES OF MOKRI & ASSOCIATES
1851 E FIRST STREET 900
SANTA ANA, CA 92705

Clerk of the Court, by: _K. Cruz_____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 05/30/19, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on May 30, 2019, at 8:33:02 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

FITZGERALD YAP KREDITOR, LLP
EKREDITOR@FYKLAW.COM

KARL AVETOOM
KIA002@ATT.NET

Clerk of the Court, by: _K. Cruz_____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**NORTH JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/30/2019                    TIME: 07:57:00 AM              DEPT:  N05

JUDICIAL OFFICER PRESIDING: Craig Griffin
CLERK:  Rhonda Cruz
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  None

CASE NO: **30-2015-00820760-CU-FR-NJC**  CASE INIT.DATE: 11/17/2015
CASE TITLE: **Avetoom vs. Risbrough**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Fraud

EVENT ID/DOCUMENT ID: 73055497
**EVENT TYPE**: Chambers Work - Submitted Matter

**APPEARANCES**

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on 05/30/2019 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The Motion for Summary Judgment and alternative Motion for Summary Adjudication are DENIED.

Any doubts as to whether a material, triable issue exists are to be resolved in favor of the party opposing the motion. (*LPP Mortg. v. Bizar* (2005) 126 Cal.App.4th 773, 776; *Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868, 874. The Court construes the opposing party's evidence liberally, and the moving party's evidence strictly, while viewing the evidence and inferences in a light that is most favorable to the opposing party. *Committee to Save Beverly Highland Homes Ass'n v. Beverly Highland* (2001) 92 Cal.App.4th 1247, 1260; *McCabe v. American Honda Motor Corp.* (2002) 100 Cal.App.4th 1111, 1119; *Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 121-22.)

The purpose of the proceeding is to determine whether triable issues remain. Defendants' papers did not demonstrate entitlement to a summary disposition. Plaintiff demonstrates that triable issues remain and underlie the causes of action.

Defendants asserted an attorney lien on the judgment of the Fridman-clients. Plaintiff has cited authorities stating that an attorney lien does not arise by operation of law, and that merely rendering services does not give rise to a lien. (*Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1172; see also *Cetenko v. United California Bank* (1982) 30 Cal.3d 528, 531'; *Haupt v. Charlie's Kosher Market* (1941) 17 Cal.2d 843, 845.) An attorney having a contingency fee arrangement with a client must

have a written contract with the client with various disclosures. (See Bus. & Prof. Code § 6147; *Stroud v. Tunzi* (2008) 160 Cal.App.4th 377, 383.) Where such a contract provides for the attorney to look to the judgment for payment, this implies the existence of the attorney's contractual lien. (*Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1172; *Cetenko v. United California Bank* (1982) 30 Cal.3d 528, 531.)

==Plaintiff comes forward with evidence that the Defendants' only had an oral arrangement with the clients (*Moving Elder Decl. ¶ 6, and Moving Risbrough Decl. ¶ 3 and Opp. Risbrough Dep. p. 18, 20, 31-2*). A genuine dispute is reflected then for the existence of an attorney lien.==

==Plaintiff also presents evidence that the Defendants associated into the matter with an attorney who had a written fee agreement with clients. But attorneys with a fee sharing agreement must have written consent of the client along with written disclosures to the client. (see Former CRPC 2-200, present Rule 1.5.1). Plaintiff shows that the fee-sharing arrangement was oral in nature here. (*Opp. Risbrough Dep. p. 31-2.*)==

In sum, Plaintiff has presented an opposition raising triable issues as to the validity of the lien, which preclude summary disposition of the suit. [See, e.g. Material Fact 2 and Response.]

Plaintiff also demonstrates that Material Fact 5 which is repeated in each "Issue" is disputed. [*See Separate Statement, at Issue 1, fact 5, 7, 8; at Issue 2, Fact 5; at Issue 3, Fact 5; at Issue 4, Fact 5. Compare Moving RJN Exhibit 9, SAC ¶ 24, 31, 33, 38, 73, 76.*] The motion is premised on the timing pursuant to this Material Fact and the Court cannot grant summary adjudication where the material facts presented in support of the motion are in dispute. (*See Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 252 ("Include only those facts which are truly material to the claims or defenses involved because the separate statement effectively *concedes* the materiality of whatever facts are included. Thus, if a triable issue is raised as to any of the facts in your separate statement, the motion must be denied"); CRC 3.1350(d)(2).)

Material Fact 18, which is repeated as Fact 4, is also disputed by the Opposition. With reference to the matter of issue preclusion, or collateral estoppel, these are a defense. (*People v. Neely* (1999) 70 Cal.App.4th 767, 782; CCP §437c(p)(2).) "[T]he burden on a defendant moving for summary judgment based upon the assertion of an affirmative defense is heavier than the burden to show one or more elements of the plaintiff's cause of action cannot be established….'the defendant has the initial burden to show that *undisputed facts support each element* of the affirmative defense.'" (*Anderson v. Metal Clad Insulation Corp.* (1999) 72 Cal.App.4th 284, 289; *accord Dailey v. City of San Diego* (2013) 223 Cal.App.4th 237, 249.)

The moving parties have not presented undisputed facts that support each of the elements of the defense. There is an absence of material facts in the separate statement to establish the elements of the doctrine, for example, showing the precise identical issue in the prior proceedings, the depth of the court's inquiries there, the full record of their litigation, the identity of the parties, and/or privity. (*Patel v. Crown Diamonds, Inc.* (2016) 247 Cal.App.4th 29, 40 (moving party must present an adequate record of any relevant prior proceeding and show the precise nature of factual issue litigated there and the depth of the court's inquiry there).) The material facts to present an estoppel defense under the summary judgment standards are not tendered. [*See Material Fact 18, Facts 4. See conflicting evidence regarding privity, in Elder Dec. ¶ 8-9, Risbrough Dec ¶&#173; 16 vs. Avetoom Dec. ¶ 4 and Opp. RJN Exhibit 24, 25.*]

Even when the threshold requirements of collateral estoppel are met, it does not end the analysis, for the courts must look to the public policies underlying the doctrine to decide whether it applies in a given case. They include integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment. Plaintiff Avetoom apparently takes the view that these policies work in his favor. [*See Opp RJN Exhibit 12, 14, 19, 23.*] This does not appear to be a matter suitable for summary adjudication.

Material Fact 18 and subsequent Facts 4 are also properly disputed based on the use of the DCA's March 2018 opinion as constituting evidence here. The proffered Material Fact is that the Defendants had a legal interest in the judgment as soon as the judgment was rendered per the DCA's appellate opinion. But the opinion appears to be expressing that the legal interest in the judgment was passed via the written assignment of the judgment in 2011. [See March 2018 DCA Op. p. 10; see also *Novak v. Fay* (2015) 236 Cal.App.4th 329, 337-38 (noting that attorney lien may attach to the recovery-source when the client secures the recovery.] Hence, Plaintiff is properly disputing the fact.

In sum, the Opposition raises sufficient disputes that preclude a summary disposition.

## RJN
The parties' cross-requests for judicial notice of records are GRANTED except insofar as the objections are concerned.

### Plaintiff's Evidentiary Objections

In the future, Plaintiff is directed to number all evidentiary objections. Under the Code, the Court is not required to rule on objections that were not material to the disposition of the motion. *CCP 437c(q).*

Objections to the Darling declaration: Overrule 1, 2.

Objections to the Risbrough declaration: Overrule 1, 2, 5, 6, 7, 8, 9 (see Civil Code § 3439.08(a); *Nautilus, Inc. v. Yang* (2017) 11 Cal.App.5th 33, 41.).

Objections to Elder Declaration: Overrule 2, 3, 5.

Objections to moving exhibits. Overrule 1 and 2 (Evidence Code § 452(d).)

Objection to the introduction of new evidence in reply is sustained, except for the responsive portions of the transcript of the Risbrough deposition which merely provide context.

### Defendant's Evidentiary Objections

Objections to Brooks declaration: Overrule 1. Sustain 2 to 4 except as to show the matter of independent significance of the debtors' intent. Overrule 5.

Objections to Avetoom declaration: Overrule 1 (Opp RJN exhibit 5), overrule 2 as to debtor's intent; overrule 3 and 4; overrule 10.

## Motion to Strike Tax Lien Evidence in Opposition

Motion to strike is DENIED.

Court orders Clerk to give notice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "18"*

26
27
28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutand Road # 9<br>Newport Beach, CA 92660<br>TELEPHONE NO. (949) 929-4787    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* kia002@att.net<br>ATTORNEY FOR *(Name):* Plaintiff, In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS: 1275 North Berkeley Avenue
CITY AND ZIP CODE: Fullerton        CA 92832
BRANCH NAME: North Justice Center

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/03/2019** at 06:16:00 PM
Clerk of the Superior Court
By James M Haines, Deputy Clerk

PLAINTIFF/PETITIONER: AVETOOM

DEFENDANT/RESPONDENT: RISBROUGH, ET AL

| REQUEST FOR DISMISSAL | CASE NUMBER: 30-2015-00820760 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [ ] Complaint    (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name):*                    on *(date):*
   (4) [ ] Cross-complaint filed by *(name):*                    on *(date):*
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other *(specify):** Dismissal of all causes of action against Defendants Robert Risbrough and Darling & Risbrough, LLP.

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [x] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: July 3, 2019

. . . . . . . . . . . . . KARL AVETOOM . . . . . . . . . . . . .
(TYPE OR PRINT NAME OF [ ] ATTORNEY [x] PARTY WITHOUT ATTORNEY)

▶ *(signature)*

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶

(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-Complainant

---

*(To be completed by clerk)*
4. [x] Dismissal entered as requested on *(date):*    07/03/2019

5. [ ] Dismissal entered on *(date):*                    as to only *(name):*

6. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*


7. a. [ ] Attorney or party without attorney notified on *(date):*
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed    [ ] means to return conformed copy

07/03/2019

Date: DAVID H. YAMASAKI, Clerk of the Court

Clerk, by _____ , Deputy

*James M. Haines*

James M Haines

| | | Page 1 of 2 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL**    CEB<br>www.ceb.com | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: AVETOOM | CASE NUMBER: |
| DEFENDANT/RESPONDENT: RISBROUGH, ET AL | 30-2015-00820760 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐  not recovering anything of value by this action.
   b. ☐  recovering less than $10,000 in value by this action.
   c. ☐  recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐  All court fees and court costs that were waived in this action have been paid to the court *(check one):*   ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____

(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

I, Sal Hanna, am employed in the County of Orange, State of California. I am over eighteen years of age, and not a party to this action; my business address is 7451 Warner Ave #E191 Huntington Beach, CA 92647 714-794-2779. Orange County Registered Process Server ID # 3050

On July 3, 2019, I served the following document:

**REQUEST FOR DISMISSAL.**

on the following parties in the associated manner:

☒ **FIRST CLASS MAIL SERVICE**.

I am a resident and employed in the county where the service occurred. I caused to be served on the following parties by first class mail, postage prepaid, by depositing in the United States Mail Box, to the respective addresses.

| | |
|---|---|
| EOIN KREDITOR<br>FITZGERALD YAP KREDITOR, LPP<br>2 Park Plaza, Suite 850<br>Irvine, CA 92614<br><br>*Attorney for Defendants Darling &*<br>*Risbrough, LLP, and Robert Risbrough.*<br>*ekreditor@fyklaw.com* | Brad Mokri, Esq.<br>MOKRI & ASSOCIATES<br>(*Attorneys for Defendants Rosa Fridman, and Rosa*<br>*Fridman as Trustee of The Fridman Family Trust*)<br><br>1851 East 1st Street<br>Suite 900, Santa Ana, CA 92705<br>*bmokri@mokrilaw.com* |

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 3, 2019 in Huntington Beach, CA.

By:     /s/ Sal Hanna
                                    Sal Hanna

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "19"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2              COUNTY OF ORANGE - CENTRAL JUSTICE CENTER
 3                         DEPARTMENT C-18
 4
      KARL AVETOOM, AN INDIVIDUAL,          )
 5                                          )
                              PLAINTIFF,    )
 6                                          )
                 VS.                        ) CASE NO. 30-2015-
 7                                          ) 00820760-CU-FR-CJC
      ROBERT RISBROUGH, AN INDIVIDUAL;      )
 8    DARLING & RISBROUGH, LLP, A           )
      CALIFORNIA LIMITED LIABILITY          )
 9    PARTNERSHIP; MOISEY FRIDMAN, AN       )
      INDIVIDUAL, ROSA FRIDMAN, AN          )
10    INDIVIDUAL, AND AS TRUSTEE FOR THE    )
      MOISEY FRIDMAN AND ROSA FRIDMAN       )
11    TRUST, AND THE FRIDMAN FAMILY         )
      TRUST, AND DOES 1 THROUGH 20          )
12    INCLUSIVE,                            )
                              DEFENDANTS.   )
13    _____)
14
15           HONORABLE THEODORE R. HOWARD, JUDGE
16          REPORTER'S TRANSCRIPT OF PROCEEDINGS
17                      JULY 9, 2019
18
19
20
21
22
23
24
25             MARY WEBB, CSR # 4347
26            OFFICIAL REPORTER PRO TEMPORE
```

```
 1     APPEARANCES:

 2     FOR PLAINTIFF:  CHARLES L. MURRAY, III, ESQ.

 3                     444 SOUTH FLOWER STREET, SUITE 2530

 4                     LOS ANGELES, CALIFORNIA 90071

 5                     (213) 627-5983

 6

 7     FOR DEFENDANTS: MORKI & ASSOCIATES

 8                     BY: BRAD A. MOKRI, ESQ.

 9                     1851 EAST FIRST STREET, SUITE 900

10                     SANTA ANA, CALIFORNIA 92705

11                     (714)619-9395

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

1                                   I N D E X

2

3                              JULY 9, 2019

4

5              CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

6

7                                   (NONE.)

8

9

10

11                              E X H I B I T S

12

13                              (NONE OFFERED.)

14

15

16

17

18

19

20

21

22

23

24

25

26

```
1              SANTA ANA; CALIFORNIA; TUESDAY, JULY 9, 2019

2                         AFTERNOON SESSION

3

4                 (THE FOLLOWING PROCEEDINGS WERE HELD

5                  IN OPEN COURT:)

6

7         THE COURT:  WE ARE ON THE RECORD AGAIN IN THE

8    MATTER OF AVETOOM VS. RISBROUGH -- IT CHANGED THE NAME --

9    FRIDMAN.  I'M SORRY.

10                     APPEARANCES, COUNSEL?

11        MR. MURRAY:  YES.  CHARLES MURRAY ON BEHALF OF

12   PLAINTIFF.

13        MR. MOKRI:  GOOD AFTERNOON,  YOUR HONOR. BRAD

14   MOKRI ON BEHALF OF DEFENDANT ROSA FRIDMAN, INDIVIDUALLY,

15   AND AS THE TRUSTEE.  I HAVE AT THE COUNSEL TABLE

16   MISS ROSA FRIDMAN.

17             I, ALSO, HAVE VAL FRIDMAN, WHICH IS THE

18   SON OF ROSA FRIDMAN, WHICH WILL HELP IN CASE MISS FRIDMAN

19   HAS SOME LANGUAGE BARRIER OR DOESN'T UNDERSTAND IT.

20        THE COURT:  OH, WHAT LANGUAGE?

21        MR. MOKRI:  RUSSIAN.

22        THE COURT:  OKAY. THANK YOU, VERY MUCH. I

23   UNDERSTAND THERE HAS BEEN A SETTLEMENT REACHED?

24        MR. MURRAY:  YES.

25        MR. MOKRI:  YES, YOUR HONOR.

26        THE COURT:  WHO IS GOING TO RECITE THE TERMS OF
```

1    THE SETTLEMENT?

2         MR. MOKRI:  I'LL PUT THE TERMS ON.

3         MR. MURRAY:  I PROBABLY HAD AS WE DISCUSSED.

4         MR. MOKRI:  THE PARTIES, ROSA FRIDMAN, REPRESENT

5    THAT THE PROPERTY COMMONLY KNOWN AS 16542 BLACKBIRD LANE,

6    NUMBER 304, HUNTINGTON BEACH, CALIFORNIA, ZIP CODE 92649,

7    IS OWNED BY FRIDMAN FAMILY TRUST AS PROVIDED IN A

8    DECLARATION OF TRUST FOR THE FRIDMAN FAMILY TRUST

9    ESTABLISHED ON APRIL 14TH, 2000.

10        ROSA FRIDMAN STIPULATE THAT THE JUDGMENT

11   IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER

12   30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS

13   TRUSTEE OF FRIDMAN FAMILY TRUST.

14        ROSA FRIDMAN REPRESENTS THAT THE ONLY

15   PROPERTY IN FRIDMAN FAMILY TRUST IS THE PROPERTY COMMONLY

16   KNOWN AS 16542 BLACKBIRD LANE, NUMBER 304, HUNTINGTON

17   BEACH, CALIFORNIA.

18        THE PROPERTY HELD IN THE TRUST AS FOLLOWS:

19   68.3 PERCENT INTEREST BELONG TO ROSA FRIDMAN AND THE

20   REMAINDER OF THE INTEREST BELONGS TO ALEX FRIDMAN.

21        PARTIES AGREE THAT ALEX FRIDMAN INTEREST

22   IS NOT AFFECTED BY THE JUDGMENT.

23        PARTIES AGREE TO A MUTUAL RELEASE WITH

24   1542 WAIVER AND DISMISSAL OF THE CASE WITH PREJUDICE WITH

25   A COURT RETAINING JURISDICTION UNDER CCP 664.6.

26        THE PARTIES AGREE THAT WE WILL NOT FILE

```
1    ANY LEGAL ACTION AGAINST EACH OTHER OR FAMILY OF EACH
2    OTHER.
3               PARTIES REPRESENT THAT THEY HAVE THE
4    AUTHORITY TO ENTER INTO THIS SETTLEMENT AGREEMENT.
5         MR. MURRAY:  AND THE PARTIES FURTHER AGREE THAT
6    THE DISMISSAL WILL BE, THE DISMISSAL WITH PREJUDICE WILL
7    BE ENTERED UPON THE COURT EXECUTING AN ORDER REFLECTING
8    THE SETTLEMENT AGREEMENT.
9               THE PURPOSE OF THE ORDER, YOUR HONOR, IS
10   SO THE PLAINTIFF COULD REDUCE THE SETTLEMENT AGREEMENT TO
11   AN ORDER AND THEN RECORD IT WITH THE COUNTY RECORDER'S
12   OFFICE.
13          MR. MOKRI:  YES, YOUR HONOR.
14          THE COURT:  ALL RIGHT.  DO YOU WANT TO INQUIRE OF
15   YOUR CLIENTS FIRST?
16          MR. MOKRI:  YES.  IS IT OKAY IF MY CLIENT SIT
17   DOWN, YOUR HONOR?
18          THE COURT:  IT IS.
19          MR. MOKRI:  THANK YOU.
20               MISS FRIDMAN, YOU HEARD ME PUTTING THE
21   SETTLEMENT AGREEMENT AND THE TERMS OF THE SETTLEMENT ON
22   THE RECORD AND READ IT FOR THE JUDGE; DO YOU UNDERSTAND
23   THE TERMS?
24               DO YOU AGREE WITH THE TERMS OF THE
25   SETTLEMENT AGREEMENT?  IN ENGLISH.
26          MS. FRIDMAN:  YES.
```

```
 1            THE COURT:  THANK YOU.
 2            MR. MOKRI:  DO YOU AGREE THAT YOU ARE NOT GOING TO
 3    TRY AND YOU UNDERSTAND ALL THE TERMS OF THE SETTLEMENT
 4    AGREEMENT?
 5            MS. FRIDMAN:  NOT REALLY CLEAR BUT I UNDERSTAND,
 6    YES.
 7            MR. MOKRI:  NOTHING FURTHER, YOUR HONOR.
 8            THE COURT:  DO YOU WANT TO INQUIRE OF YOUR CLIENT?
 9            MR. MURRAY:  YES. MR. AVETOOM, DID YOU HEAR THE
10    RECITATION OF THE SETTLEMENT AGREEMENTS READ ON THE
11    RECORD?
12            MR. AVETOOM:  YES, I DID.
13            MR. MURRAY:  DO YOU PLAN ON PREPARING A PROPOSED
14    JUDGMENT INCOMPLIANCE WITH THE SETTLEMENT AGREEMENT?
15            MR. AVETOOM:  YES, I WILL.
16            MR. MURRAY:  DO YOU AGREE TO THE TERMS OF THE
17    SETTLEMENT AGREEMENT?
18            MR. AVETOOM:  YES, I DO.
19            MR. MURRAY:  DO YOU HAVE ANY QUESTIONS REGARDING
20    THE SETTLEMENT AGREEMENT?
21            MR. AVETOOM:  JUST TO CLARIFY IT IS BLACKBEARD
22    LANE AND NOT BLACKBIRD LANE.
23            THE COURT:  IS THAT AGREED, COUNSEL?
24            MR. MURRAY:  YES.
25            MR. MOKRI:  YES, YOUR HONOR.
26            MR. MURRAY:  ARE THERE ANY OTHER QUESTIONS THAT
```

```
1    YOU HAVE OR CONCERNS ABOUT THE SETTLEMENT AGREEMENT?

2          MR. AVETOOM:  NO.

3          MR. MURRAY:  ARE YOU ENTERING THE SETTLEMENT

4    AGREEMENT WILLING?

5          MR. AVETOOM:  YES.

6          THE COURT:  I DIDN'T HEAR YOU ASK YOUR CLIENT THAT

7    QUESTION.  I WOULD LIKE TO HAVE YOU ASK IF SHE ENTERED

8    INTO THIS WILLINGLY WITHOUT ANY THREATS OR PROMISES THAT

9    AREN'T PART OF THIS SETTLEMENT.

10         MR. MOKRI:  IF THE COURT PERMIT ME, I WOULD LIKE

11   TO ASK MR. VAL FRIDMAN ALSO THAT HE EXPLAINED --

12         THE COURT:  DO WE HAVE A STIPULATION THAT VAL

13   FRIDMAN CAN SERVE AS AN INTERPRETER FOR THE DEFENDANT?

14         MR. MOKRI:  WE CAN AGREE TO THAT.

15         MR. MURRAY:  I MEAN -- WE ARE GETTING INTO A FUNNY

16   AREA.  ROSA FRIDMAN TESTIFIED IN ENGLISH THE ENTIRE TRIAL

17   IN THE UNDERLYING CASE AND I UNDERSTAND VAL FRIDMAN IS

18   NOT A CERTIFIED INTERPRETER.

19         THE COURT:  NO, HE IS NOT.  THAT IS WHY I NEED A

20   STIPULATION.  IF YOU DON'T WANT TO STIPULATE, THAT'S

21   FINE. JUST GO AHEAD.

22         MR. MOKRI:  MISS FRIDMAN, YOU UNDERSTOOD ALL THE

23   TERMS OF THE SETTLEMENT AGREEMENT, CORRECT?

24         MS. FRIDMAN:  I'M NOT SURE.

25         THE COURT:  SEE THAT IS MY PROBLEM.

26         MR. MOKRI:  THAT IS WHY, YOUR HONOR, I LIKE TO
```

1    HAVE A STIPULATION FOR VAL FRIDMAN TO EXPLAIN TO HER.

2          THE COURT:  IF HE DOESN'T WANT TO STIPULATE, I

3    CAN'T ENFORCE IT.  LET ME CHECK TO SEE IF WE HAVE A

4    RUSSIAN LANGUAGE INTERPRETER THAT WE CAN GET UP HERE.

5          MR. MURRAY:  THIS IS JUST A THOUGHT.  IT WOULDN'T

6    REQUIRE MY STIPULATION BUT IT WOULD BE A QUESTION FROM

7    COUNSEL, DOES MISS ROSA FRIDMAN AGREE TO WAIVE A

8    CERTIFIED INTERPRETER AND USE THE SERVICES OF HER SON?

9          THE COURT:  I THINK I NEED TO HAVE BOTH OF YOU

10   AGREE TO THAT; OTHERWISE, I CAN'T DO IT.

11         MR. MOKRI:  I AM THE ONE THAT OFFERED, YOUR HONOR.

12         THE COURT:  SURE.  LET ME SEE DO WE HAVE AN

13   INTERPRETER?

14         THE CLERK:  I AM GOING TO CHECK RIGHT NOW.  I WAS

15   GETTING THE PHONE NUMBER.

16         THE COURT:  WE HAVE NO CERTIFIED INTERPRETER.

17         MR. MOKRI:  I PROPOSE, YOUR HONOR, WE STIPULATE TO

18   MR. VAL FRIDMAN, THE SON OF ROSA FRIDMAN, TO ACT AS AN

19   INTERPRETER.

20         MR. MURRAY:  YOUR HONOR, CAN WE GO OFF THE RECORD?

21         THE COURT:  WE CAN GO OFF THE RECORD.

22

23         (OFF THE RECORD DISCUSSION WAS HELD:)

24

25         THE COURT:  WILL THE CLERK, PLEASE, SWEAR IN THE

26   TEMPORARY INTERPRETER.

```
 1              THE CLERK:  RAISE YOUR RIGHT HAND.

 2                    DO YOU SOLEMNLY STATE THAT YOU WILL

 3      INTERPRET THE ENGLISH LANGUAGE INTO THE RUSSIAN LANGUAGE

 4      AND THE RUSSIAN LANGUAGE INTO THE ENGLISH LANGUAGE TO THE

 5      BEST OF YOUR ABILITY, SO HELP YOU GOD?

 6              MR. FRIDMAN:  I DO.

 7              THE CLERK:  PLEASE, STATE YOUR FULL NAME AND SPELL

 8      YOUR LAST NAME FOR THE RECORD.

 9              MR. FRIDMAN:  VAL FRIDMAN, LAST NAME F-R-I-D, AS

10      IN DAVID, M-A-N.

11              THE CLERK:  THANK YOU.

12              THE COURT:  COUNSEL, YOU MAY INQUIRE.

13              MR. MOKRI:  MISS FRIDMAN, YOU HEARD ME PUTTING THE

14      TERMS OF THE SETTLEMENT AGREEMENT ON THE RECORD, CORRECT?

15              MS. FRIDMAN:  YES (IN ENGLISH).

16              MR. MOKRI:  YOU AGREE WITH THE TERMS OF THE

17      SETTLEMENT AGREEMENT AS I PUT IT IN THE RECORD?

18              MS. FRIDMAN:  YES (IN ENGLISH).

19              MR. MOKRI:  WE REVIEWED AND WENT OVER THESE TERMS

20      TWO OR THREE TIMES BEFORE WE COME TO THE COUNSEL TABLE,

21      CORRECT?

22              MS. FRIDMAN:  YES (IN ENGLISH).

23              MR. FRIDMAN:  SHE SAID "YES."

24              MR. MOKRI:  ARE YOU VOLUNTARILY AGREEING TO THE

25      TERMS OF THIS SETTLEMENT AS WE PUT ON THE RECORD?

26              MR. FRIDMAN:  SHE SAID "YES."
```

1        MR. MOKRI:  DO YOU HAVE ANY QUESTIONS FROM ME OR

2    THE COURT ABOUT THE SETTLEMENT AGREEMENT?

3        MR. FRIDMAN:  SHE IS ASKING IF THIS WILL BE THE

4    END OF THIS COURT PROCEEDINGS.

5        MR. MOKRI:  OKAY.  WITH THIS SETTLEMENT AGREEMENT,

6    THIS WILL BE THE END OF THIS COURT PROCEEDING; DO YOU

7    UNDERSTAND THAT?

8        MR. FRIDMAN:  SHE SAID, "YES."

9        MR. MOKRI:  DOES THE COURT HAVE ANY QUESTIONS

10   REGARDING --

11       THE COURT:  NO.  COUNSEL, DO YOU?

12       MR. FRIDMAN:  SHE AGREES WITH THE SETTLEMENT

13   AGREEMENT.  THAT IS WHAT SHE SAID.

14       THE COURT:  DID PLAINTIFF'S COUNSEL HAVE A

15   QUESTION?

16       MR. MURRAY:  I'M OVERLY CAUTIOUS.  BUT YOUR

17   QUESTIONS WERE SOLELY DID SHE UNDERSTAND WHAT YOU READ

18   INTO THE RECORD.

19           I, ALSO, READ PART OF THE SETTLEMENT

20   AGREEMENT INTO THE RECORD AND I WANT TO MAKE SURE SHE

21   UNDERSTANDS AND AGREES WITH THAT.

22           THAT A PROPOSED ORDER WILL BE SUBMITTED

23   FOR THE COURT'S SIGNATURE PURSUANT TO THE SETTLEMENT

24   AGREEMENT.

25           IT WILL CONTAIN THE TERMS OF THE

26   SETTLEMENT AGREEMENT AND THEN IT WILL BE DISMISSED WITH

1    PREJUDICE UPON EXECUTION OF THE ORDER BY THE COURT.

2              THE PURPOSE OF THIS ORDER IS TO RECORD IT

3    WITH THE COUNTY RECORDER.

4              MR. FRIDMAN:  SHE IS ASKING IS IT GOING TO BE

5    COMPLETELY DONE ONCE YOU FILE --

6              MR. MURRAY:  THIS CASE WILL BE RESOLVED.

7              MR. FRIDMAN:  WHAT OTHER CASES ARE THERE?

8              MR. MOKRI:  LET ME ASK THE QUESTION.  LET ME JUST

9    CLEAR THAT ISSUE.  MISS FRIDMAN, DO YOU UNDERSTAND THAT

10   AFTER --

11             THE COURT:  COUNSEL, PART OF THE AGREEMENT WAS

12   THERE WOULD BE A 1542 WAIVER AND THAT TAKES CARE OF ANY

13   CLAIMS BETWEEN THESE FOLKS FOR ALL HISTORY.

14             MR. MOKRI:  CORRECT, YOUR HONOR.

15             MISS FRIDMAN, DO YOU UNDERSTAND THAT WITH

16   SIGNING THIS SETTLEMENT AGREEMENT, THIS IS GOING TO

17   RESOLVE THIS CASE BETWEEN YOU AND KARL AVETOOM?

18             THE COURT:  SPEAK UP, LOUD, COUNSEL.  LOOK, MAKE

19   SURE SHE UNDERSTAND THIS COVERS ANY AND ALL CLAIMS EVEN

20   THOSE THAT ARE KNOWN.

21             MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

22   THIS SETTLEMENT AGREEMENT COVERS ANY AND ALL CLAIMS KNOWN

23   OR UNKNOWN BETWEEN YOU AND MR. KARL AVETOOM.  TRANSLATE.

24             MS. FRIDMAN:  YES, THANK YOU (IN ENGLISH).

25             THE COURT:  MISS REPORTER, DID YOU GET IT?

26             THE REPORTER:  YES.

1          MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

2     COUNSEL FOR MR. AVETOOM WILL PREPARE A PROPOSED ORDER AND

3     SUBMIT IT TO THE JUDGE FOR THE TERMS OF THIS SETTLEMENT

4     AGREEMENT TO BECOME THE ORDER OF THE COURT?

5          MR. FRIDMAN:  AM I GOING TO GET A LETTER?

6          MR. MOKRI:  YEAH, THE PROPOSED ORDER AFTER IT IS

7     SIGNED BY THE JUDGE.

8          MS. FRIDMAN:  CAN I HELP -- CONCLUSION.  THANK

9     YOU, VERY MUCH (IN ENGLISH).

10         THE COURT:  DID SHE UNDERSTAND THAT ANY ORDER THAT

11    I'M BEING ASKED TO SIGN WILL BE SUBMITTED TO HER ATTORNEY

12    FOR APPROVAL AS TO FORM AND CONTENT?

13         MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

14    THE ORDER THAT THE JUDGE IS GOING TO BE SIGNING IS GOING

15    TO BE SUBMITTED TO ME TO PROVIDE IT TO YOU TO APPROVE AS

16    TO FORM AND THE CONTENT?

17         MS. FRIDMAN:  YES (IN ENGLISH).

18         MR. FRIDMAN:  SHE UNDERSTANDS SHE IS BEING A

19    LITTLE BIT EMOTIONAL.  SHE KEEPS TALKING ABOUT HER COURT

20    PROCEEDINGS.  IT HAS BEEN GOING ON FOR 12 YEARS.  SHE IS

21    REALLY UPSET ABOUT IT.

22         THE COURT:  THAT IS WHAT I COUNTED 12 YEARS.

23         MR. MURRAY:  YOUR HONOR, I WANT TO MAKE SURE THAT

24    MY CLIENT DOES NOT WAIVE HIS RIGHTS TO ENFORCE THE

25    UNDERLYING JUDGMENT.

26         THE COURT:  PART OF THIS AGREEMENT WAS THAT THEY

1   ARE CONFIRMING THE UNDERLYING JUDGMENT AND ITS

2   ENFORCEABILITY WILL BE OCCASIONED BY THE RECORDING OF THE

3   ORDER YOU ARE GOING TO ASK ME TO SIGN.

4            SO I CAN ONLY ASSUME FROM THAT, THAT PART

5   OF THE AGREEMENT IS THERE WILL BE A LIEN ON PROPERTY THAT

6   WILL BE ESTABLISHED BY THIS AND CONFIRMED BY THIS

7   BECAUSE I THINK THERE IS AN ABSTRACT OF JUDGMENT ALREADY,

8   IF I'M NOT MISTAKEN FROM READING DOCUMENTS.

9            MR. MOKRI:  YES, YOUR HONOR.

10           THE COURT:  THOSE ARE PERFECTED RIGHTS.  WE ARE

11  NOT DOING ANYTHING ABOUT PERFECTED RIGHTS.

12           MR. MOKRI:  YOUR HONOR, THE TERMS OF THE AGREEMENT

13  SAYS ROSA FRIDMAN STIPULATED THAT THE JUDGMENT IS

14  ENFORCED.

15           THE COURT:  YES.  THAT IS WHAT I UNDERSTOOD.

16  THANK YOU.

17           ANYTHING FURTHER?

18           MR. MOKRI:  THAT'S ALL.

19           THE COURT:  THANK YOU, VERY MUCH.

20           MR. MURRAY:  WE WILL PREPARE A PROPOSED ORDER.

21           THE COURT:  MAKE SURE YOU TAKE ALL YOUR DOCUMENTS.

22  WE WILL SET AN OSC RE DISMISSAL.  HOW MUCH TIME DO YOU

23  WANT?

24           MR. MOKRI:  THIRTY DAYS.

25           MR. MURRAY:  THIRTY DAYS.

26           THE COURT:  THIRTY DAYS IS NOT ENOUGH.

12

1          MR. MOKRI:  FORTY-FIVE.

2          THE COURT:  FORTY-FIVE DAYS.  THAT WILL BE

3     SEPTEMBER.  I GUESS IT WOULD BE THE 30TH OF AUGUST AT

4     9:00 O'CLOCK.  IF A DISMISSAL IS FILED BEFORE THEN,

5     NOBODY NEEDS TO APPEAR.

6          THE CLERK:  NOTICE WAIVED?

7          THE COURT:  NOTICE WAIVED?

8          MR. MOKRI:  NOTICE WAIVED.

9          MR. MURRAY:  YES, YOUR HONOR.

10

11               (PROCEEDINGS CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                  COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
 3      DEPARTMENT C-18        HON. THEODORE R. HOWARD, JUDGE
 4
 5      KARL AVETOOM, AN INDIVIDUAL,          )
                                              )
 6                          PLAINTIFF,        )
                                              )
 7             VS.                            ) CASE NO. 30-2015-
                                              ) 00820760-CU-FR-CJC
 8      ROBERT RISBROUGH, AN INDIVIDUAL;      )
        DARLING & RISBROUGH, LLP, A           ) REPORTER'S
 9      CALIFORNIA LIMITED LIABILITY          ) CERTIFICATE
        PARTNERSHIP; MOISEY FRIDMAN, AN       )
10      INDIVIDUAL, ROSA FRIDMAN, AN          )
        INDIVIDUAL, AND AS TRUSTEE FOR THE    )
11      MOISEY FRIDMAN AND ROSA FRIDMAN       )
        TRUST, AND THE FRIDMAN FAMILY         )
12      TRUST, AND DOES 1 THROUGH 20          )
        INCLUSIVE,                            )
13                          DEFENDANTS.       )
        _____)
14
15                     I, MARY C. WEBB, OFFICIAL REPORTER OF THE
16      SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY
17      OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING,
18      PAGES 1 TO 12, COMPRISES A FULL, TRUE AND CORRECT
19      TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED
20      CAUSE ON JULY 9, 2019.
21                     DATED THIS 24TH DAY OF 2019.
22
23                     Mary Catherine Webb
24
25                     CSR #4347
26                     OFFICIAL REPORTER PRO TEMPORE
```

## A

**ABILITY** 7:5
**ABOVE-ENTITLED**
13:19
**ABSTRACT** 11:7
**ACT** 6:18
**ACTION** 3:1
**AFTERNOON** 1:2,13
**AGREE** 2:21,23,26
3:5,24 4:2,16 5:14
6:7,10 7:16
**AGREED** 4:23
**AGREEING** 7:24
**AGREEMENT** 3:4,8
3:10,21,25 4:4,14,17
4:20 5:1,4,23 7:14
7:17 8:2,5,13,20,24
8:26 9:11,16,22 10:4
10:26 11:5,12
**AGREEMENTS** 4:10
**AGREES** 8:12,21
**AHEAD** 5:21
**ALEX** 2:20,21
**ALPHABETICAL**
3:5
**ANA** 2:10 1:1
**ANGELES** 2:4 13:17
**APPEAR** 12:5
**APPEARANCES** 2:1
1:10
**APPROVAL** 10:12
**APPROVE** 10:15
**APRIL** 2:9
**ARCE** 2:11
**AREA** 5:16
**ASKED** 10:11
**ASKING** 8:3 9:4
**ASSOCIATES** 2:7
**ASSUME** 11:4
**ATTORNEY** 10:11
**AUGUST** 12:3
**AUTHORITY** 3:4
**AVETOOM** 1:4 1:8
2:11 4:9,12,15,18,21
5:2,5 9:17,23 10:2
13:5
**A-R-C-E** 2:11

## B

**B** 3:11
**BARRIER** 1:19
**BEACH** 2:6,17
**BEHALF** 1:11,14
**BELONG** 2:19
**BELONGS** 2:20
**BEST** 7:5
**BIT** 10:19
**BLACKBEARD** 4:21
**BLACKBIRD** 2:5,16
4:22
**BRAD** 2:8 1:13

## C

**C** 13:15
**CALIFORNIA** 1:1,8
2:4,10 1:1 2:6,17
13:1,9,16
**CARE** 9:12
**CASE** 1:6 1:18 2:11
2:11,24 5:17 9:6,17
13:7
**CASES** 9:7
**CAUSE** 13:20
**CAUTIOUS** 8:16
**CCP** 2:25
**CENTER** 1:2 13:2
**CENTRAL** 1:2 13:2
**CERTIFICATE** 13:9
**CERTIFIED** 5:18 6:8
6:16
**CERTIFY** 13:17
**CHANGED** 1:8
**CHARLES** 2:2 1:11
**CHECK** 6:3,14
**CHRONOLOGIC...**
3:5
**CLAIMS** 9:13,19,22
**CLARIFY** 4:21
**CLEAR** 4:5 9:9
**CLERK** 6:14,25 7:1,7
7:11 12:6
**CLIENT** 3:16 4:8 5:6
10:24
**CLIENTS** 3:15
**CODE** 2:6

**COME** 7:20
**COMMONLY** 2:5,15
**COMPLETELY** 9:5
**COMPRISES** 13:18
**CONCERNS** 5:1
**CONCLUDED** 12:11
**CONCLUSION** 10:8
**CONFIRMED** 11:6
**CONFIRMING** 11:1
**CONTAIN** 8:25
**CONTENT** 10:12,16
**CORRECT** 5:23 7:14
7:21 9:14 13:18
**COUNSEL** 1:10,15
4:23 6:7 7:12,20
8:11,14 9:11,18 10:2
**COUNTED** 10:22
**COUNTY** 1:2 3:11
9:3 13:2,16
**COURT** 1:1 1:5,7,20
1:22,26 2:25 3:7,14
3:18 4:1,8,23 5:6,10
5:12,19,25 6:2,9,12
6:16,21,25 7:12 8:2
8:4,6,9,11,14 9:1,11
9:18,25 10:4,10,19
10:22,26 11:10,15
11:19,21,26 12:2,7
13:1,16
**COURT'S** 8:23
**COVERS** 9:19,22
**CSR** 1:25 13:25
**C-18** 1:3 13:3

## D

**D** 3:1
**DARLING** 1:8 13:8
**DATED** 13:21
**DAVID** 7:10
**DAY** 13:21
**DAYS** 11:24,25,26
12:2
**DECLARATION** 2:8
**DEFENDANT** 1:14
5:13
**DEFENDANTS** 1:12
2:7 13:13

**DEPARTMENT** 1:3
13:3
**DISCUSSED** 2:3
**DISCUSSION** 6:23
**DISMISSAL** 2:24 3:6
3:6 11:22 12:4
**DISMISSED** 8:26
**DOCUMENTS** 11:8
11:21
**DOING** 11:11

## E

**E** 3:1,11
**EAST** 2:9
**EMOTIONAL** 10:19
**ENFORCE** 6:3 10:24
**ENFORCEABILITY**
11:2
**ENFORCED** 11:14
**ENGLISH** 3:25 5:16
7:3,4,15,18,22 9:24
10:9,17
**ENTER** 3:4
**ENTERED** 3:7 5:7
**ENTERING** 5:3
**ENTIRE** 5:16
**ESQ** 2:2,8
**ESTABLISHED** 2:9
11:6
**EXECUTING** 3:7
**EXECUTION** 9:1
**EXPLAIN** 6:1
**EXPLAINED** 5:11

## F

**FAMILY** 1:11 2:7,8
2:13,15 3:1 13:11
**FILE** 2:26 9:5
**FILED** 12:4
**FINE** 5:21
**FIRST** 2:9 3:15
**FLOWER** 2:3
**FOLKS** 9:13
**FOLLOWING** 1:4
**FOLLOWS** 2:18
**FOREGOING** 13:17
**FORM** 10:12,16

2

**FORTY-FIVE** 12:1,2
**FRIDMAN** 1:9,9,10
 1:10,11 1:9,14,16,17
 1:18,18 2:4,7,8,10
 2:13,14,15,19,20,21
 3:20,26 4:5 5:11,13
 5:16,17,22,24 6:1,7
 6:18,18 7:6,9,9,13
 7:15,18,22,23,26 8:3
 8:8,12 9:4,7,9,15,21
 9:24 10:1,5,8,13,17
 10:18 11:13 13:9,10
 13:11,11,11
**FULL** 7:7 13:18
**FUNNY** 5:15
**FURTHER** 3:5 4:7
 11:17
**F-R-I-D** 7:9

**G**
**GETTING** 5:15 6:15
**GO** 5:21 6:20,21
**GOD** 7:5
**GOING** 1:26 4:2 6:14
 9:4,16 10:5,14,14,20
 11:3
**GOOD** 1:13
**GUESS** 12:3

**H**
**H** 3:11
**HAND** 7:1
**HEAR** 4:9 5:6
**HEARD** 3:20 7:13
**HELD** 1:4 2:18 6:23
**HELP** 1:18 7:5 10:8
**HISTORY** 9:13
**HON** 13:3
**HONOR** 1:13,25 3:9
 3:13,17 4:7,25 5:26
 6:11,17,20 9:14
 10:23 11:9,12 12:9
**HONORABLE** 1:15
**HOWARD** 1:15 13:3
**HUNTINGTON** 2:6
 2:16

**I**

**III** 2:2
**INCLUSIVE** 1:12
 13:12
**INCOMPLIANCE**
 4:14
**INDEX** 3:5
**INDIVIDUAL** 1:4,7,9
 1:10 13:5,8,10,10
**INDIVIDUALLY**
 1:14 2:12
**INQUIRE** 3:14 4:8
 7:12
**INTEREST** 2:19,20
 2:21
**INTERPRET** 7:3
**INTERPRETER** 5:13
 5:18 6:4,8,13,16,19
 6:26
**ISSUE** 9:9

**J**
**JUDGE** 1:15 3:22
 10:3,7,14 13:3
**JUDGMENT** 2:10,22
 4:14 10:25 11:1,7,13
**JULY** 1:17 3:3 1:1
 13:20
**JURISDICTION**
 2:25
**JUSTICE** 1:2 13:2

**K**
**KARL** 1:4 9:17,23
 13:5
**KEEPS** 10:19
**KNOWN** 2:5,16 9:20
 9:22

**L**
**L** 2:2
**LANE** 2:5,16 4:22,22
**LANGUAGE** 1:19,20
 6:4 7:3,3,4,4
**LEGAL** 3:1
**LETTER** 10:5
**LIABILITY** 1:8 13:9
**LIEN** 11:5
**LIMITED** 1:8 13:9

**LITTLE** 10:19
**LLP** 1:8 13:8
**LOOK** 9:18
**LOS** 2:4 13:17
**LOUD** 9:18

**M**
**MARY** 1:25 13:15
**MATTER** 1:8
**MEAN** 5:15
**MISTAKEN** 11:8
**MOISEY** 1:9,10 13:9
 13:11
**MOKRI** 2:8 1:13,14
 1:21,25 2:2,4 3:13
 3:16,19 4:2,7,25
 5:10,14,22,26 6:11
 6:17 7:13,16,19,24
 8:1,5,9 9:8,14,21
 10:1,6,13 11:9,12,18
 11:24 12:1,8
**MORKI** 2:7
**MURRAY** 2:2 1:11
 1:11,24 2:3 3:5 4:9
 4:13,16,19,24,26 5:3
 5:15 6:5,20 8:16 9:6
 10:23 11:20,25 12:9
**MUTUAL** 2:23
**M-A-N** 7:10

**N**
**N** 3:1
**NAME** 1:8 7:7,8,9
**NEED** 5:19 6:9
**NEEDS** 12:5
**NOTICE** 12:6,7,8
**NUMBER** 2:6,11,16
 6:15

**O**
**OCCASIONED** 11:2
**OFFERED** 3:13 6:11
**OFFICE** 3:12
**OFFICIAL** 1:26
 13:15,26
**OH** 1:20
**OKAY** 1:22 3:16 8:5
**ONCE** 9:5

**OPEN** 1:5
**ORANGE** 1:2 13:2
**ORDER** 3:7,9,11 8:22
 9:1,2 10:2,4,6,10,14
 11:3,20
**OSC** 11:22
**OVERLY** 8:16
**OWNED** 2:7
**O'CLOCK** 12:4

**P**
**PAGES** 13:18
**PART** 5:9 8:19 9:11
 10:26 11:4
**PARTIES** 2:4,21,23
 2:26 3:3,5
**PARTNERSHIP** 1:9
 13:9
**PERCENT** 2:19
**PERFECTED** 11:10
 11:11
**PERMIT** 5:10
**PHONE** 6:15
**PLAINTIFF** 1:5 2:2
 1:12 3:10 13:6
**PLAINTIFF'S** 8:14
**PLAN** 4:13
**PLEASE** 6:25 7:7
**PREJUDICE** 2:24
 3:6 9:1
**PREPARE** 10:2
 11:20
**PREPARING** 4:13
**PRO** 1:26 13:26
**PROBABLY** 2:3
**PROBLEM** 5:25
**PROCEEDING** 8:6
**PROCEEDINGS**
 1:16 1:4 8:4 10:20
 12:11 13:19
**PROMISES** 5:8
**PROPERTY** 2:5,15
 2:15,18 11:5
**PROPOSE** 6:17
**PROPOSED** 4:13
 8:22 10:2,6 11:20
**PROVIDE** 10:15

**PROVIDED** 2:7
**PURPOSE** 3:9 9:2
**PURSUANT** 8:23
**PUT** 2:2 7:17,25
**PUTTING** 3:20 7:13

### Q

**QUESTION** 5:7 6:6
8:15 9:8
**QUESTIONS** 4:19,26
8:1,9,17

### R

**R** 1:15 13:3
**RAISE** 7:1
**REACHED** 1:23
**READ** 3:22 4:10 8:17
8:19
**READING** 11:8
**REALLY** 4:5 10:21
**RECITATION** 4:10
**RECITE** 1:26
**RECORD** 1:7 3:11,22
4:11 6:20,21,23 7:8
7:14,17,25 8:18,20
9:2
**RECORDER** 9:3
**RECORDER'S** 3:11
**RECORDING** 11:2
**REDUCE** 3:10
**REFLECTING** 3:7
**REGARDING** 4:19
8:10
**RELEASE** 2:23
**REMAINDER** 2:20
**REPORTER** 1:26
9:25,26 13:15,26
**REPORTER'S** 1:16
13:8
**REPRESENT** 2:4 3:3
**REPRESENTS** 2:14
**REQUIRE** 6:6
**RESOLVE** 9:17
**RESOLVED** 9:6
**RETAINING** 2:25
**REVIEWED** 7:19
**RIGHT** 3:14 6:14 7:1

**RIGHTS** 10:24 11:10
11:11
**RISBROUGH** 1:7,8
1:8 13:8,8
**ROBERT** 1:7 13:8
**ROSA** 1:9,10 1:14,16
1:18 2:4,10,14,19
5:16 6:7,18 11:13
13:10,11
**RUSSIAN** 1:21 6:4
7:3,4

### S

**S** 3:11
**SANTA** 2:10 1:1
**SAYS** 11:13
**SEE** 5:25 6:3,12
**SEPTEMBER** 12:3
**SERVE** 5:13
**SERVICES** 6:8
**SESSION** 1:2
**SET** 11:22
**SETTLEMENT** 1:23
2:1 3:4,8,10,21,21
3:25 4:3,10,14,17,20
5:1,3,9,23 7:14,17
7:25 8:2,5,12,19,23
8:26 9:16,22 10:3
**SIGN** 10:11 11:3
**SIGNATURE** 8:23
**SIGNED** 10:7
**SIGNING** 9:16 10:14
**SIT** 3:16
**SOLELY** 8:17
**SOLEMNLY** 7:2
**SON** 1:18 6:8,18
**SORRY** 1:9
**SOUTH** 2:3
**SPEAK** 9:18
**SPELL** 7:7
**STATE** 1:1 7:2,7 13:1
13:16
**STIPULATE** 2:10
5:20 6:2,17
**STIPULATED** 11:13
**STIPULATION** 5:12
5:20 6:1,6

**STREET** 2:3,9
**SUBMIT** 10:3
**SUBMITTED** 8:22
10:11,15
**SUITE** 2:3,9
**SUPERIOR** 1:1 13:1
13:16
**SURE** 5:24 6:12 8:20
9:19 10:23 11:21
**SWEAR** 6:25

### T

**T** 3:11
**TABLE** 1:15 7:20
**TAKE** 11:21
**TAKEN** 13:19
**TAKES** 9:12
**TALKING** 10:19
**TEMPORARY** 6:26
**TEMPORE** 1:26
13:26
**TERMS** 1:26 2:2 3:21
3:23,24 4:3,16 5:23
7:14,16,19,25 8:25
10:3 11:12
**TESTIFIED** 5:16
**THANK** 1:22 3:19
4:1 7:11 9:24 10:8
11:16,19
**THEODORE** 1:15
13:3
**THINK** 6:9 11:7
**THIRTY** 11:24,25,26
**THOUGHT** 6:5
**THREATS** 5:8
**THREE** 7:20
**TIME** 11:22
**TIMES** 7:20
**TRANSCRIPT** 1:16
13:19
**TRANSLATE** 9:23
**TRIAL** 5:16
**TRUE** 13:18
**TRUST** 1:11,11 2:7,8
2:8,13,15,18 13:11
13:12
**TRUSTEE** 1:10 1:15

2:13 13:10
**TRY** 4:3
**TUESDAY** 1:1
**TWO** 7:20

### U

**UNDERLYING** 5:17
10:25 11:1
**UNDERSTAND** 1:19
1:23 3:22 4:3,5 5:17
8:7,17 9:9,15,19,21
10:1,10,13
**UNDERSTANDS**
8:21 10:18
**UNDERSTOOD** 5:22
11:15
**UNKNOWN** 9:23
**UPSET** 10:21
**USE** 6:8

### V

**VAL** 1:17 5:11,12,17
6:1,18 7:9
**VALID** 2:12
**VERSUS** 2:11
**VOLUNTARILY**
7:24
**VS** 1:6 1:8 13:7

### W

**WAIVE** 6:7 10:24
**WAIVED** 12:6,7,8
**WAIVER** 2:24 9:12
**WANT** 3:14 4:8 5:20
6:2 8:20 10:23 11:23
**WEBB** 1:25 13:15
**WENT** 7:19
**WILLING** 5:4
**WILLINGLY** 5:8
**WITNESSES** 3:5
**WOULDN'T** 6:5

### X

**X** 3:1,11

### Y

**YEAH** 10:6
**YEARS** 10:20,22

**Z**

**ZIP** 2:6

**#**

**#4347** 13:25

**0**

**00820760-CU-FR-...**
  1:7 13:7

**1**

**1** 1:11 13:12,18
**12** 10:20,22 13:18
**14TH** 2:9
**1542** 2:24 9:12
**16542** 2:5,16
**16778,Signature**
  13:24
**1851** 2:9

**2**

**20** 1:11 13:12
**2000** 2:9
**2019** 1:17 3:3 1:1
  13:20,21
**213** 2:5
**24TH** 13:21
**2530** 2:3

**3**

**30TH** 12:3
**30-2010-00345490**
  2:12
**30-2015** 1:6 13:7
**304** 2:6,16

**4**

**4347** 1:25
**444** 2:3

**6**

**627-5983** 2:5
**664.6** 2:25
**68.3** 2:19

**7**

**714)619-9395** 2:11

**9**

**9** 1:17 3:3 1:1 13:20
**9:00** 12:4
**900** 2:9
**90071** 2:4
**92649** 2:6
**92705** 2:10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "20"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

## MINUTE ORDER

DATE: 02/13/2020                    TIME: 01:30:00 PM          DEPT:  C18

JUDICIAL OFFICER PRESIDING: Theodore Howard
CLERK: Kathy Peraza
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Gaylene D Show

CASE NO: **30-2015-00820760-CU-FR-NJC**   CASE INIT.DATE: 11/17/2015
CASE TITLE: **Avetoom vs. Risbrough**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73210365

**EVENT TYPE:** Motion to Enforce Settlement
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Motion - Other to Enforce Settlement, 11/14/2019

---

EVENT ID/DOCUMENT ID: 73210366

**EVENT TYPE:** Order to Show Cause re: Dismissal on Settled Case

---

**APPEARANCES**
Charles L Murray, counsel, present for Plaintiff(s).
Brad Mokri, from Law Offices of Mokri & Associates, present for Defendant(s).

Tentative Ruling posted on the Internet and posted outside Department C18.

Moving Party submit on the Court's tentative ruling.

The Court hears oral argument and **CONFIRMS / MODIFIES** the tentative ruling as follows:

The Court **GRANTS** Plaintiff Avetoom's motion to enforce the settlement and enter judgment under *CCP § 664.6.*

The Court finds that there was a valid and enforceable settlement entered into.

The opposition argues that judgment should not be entered because there hasn't been a breach of the settlement terms.   But *CCP 664.6*, does not require there to be a breach for a judgment to be entered. (See language *of CCP § 664.6.*)  It contemplates that a judgment will be entered regardless of whether the parties are performing or not performing a settlement.  (See *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 209 n.4.)

The Court may receive evidence and determine disputed facts upon the motion. Although it is not authorized to create new terms, the Court can interpret the terms and decide what terms the parties themselves agreed to. (*Leeman v. Adams Extract & Spice, LLC* (2015) 236 Cal.App.4th 1367, 1374.) When the same judge presides over the settlement and the enforcement hearing, the judge may avail himself of his own recollections.  (*Kohn v. Jaymar-Ruby, Inc*. (1994) 23 Cal.App.4th 1530, 1533.)

---

DATE: 02/13/2020                                MINUTE ORDER                                Page 1
DEPT:  C18                                                                        Calendar No.

Here, the main dispute lies in the manner in which the Defendant Mrs. Fridman holds the title to the Huntington Beach condominium (the subject property). As an initial matter, the Court notes that the apparent co-trustee of the Fridman Family Trust established 4/17/2000 [the subject trust], the defendant, Mr. Moisey Fridman has been reported as having passed away some time ago. [See Minute Order 10/19/18 herein, and see *In re Moisey Fridman and Rosa Fridman* (B.A.P. 9th Cir., July 15, 2016) 2016 WL 3961303, at *2 ("After filing the opening brief in this appeal, Mr. [Moisey] Fridman passed away. A California state court appointed the Fridmans' son Val Fridman as personal representative of Mr. Fridman's estate").)

Mrs. Rosa Fridman was sued individually and as a trustee of the Fridman Family Trust, here. Thus, Mrs. Fridman has repeatedly appeared in the case in her representative capacity. [See, *e.g.,* First Amended Complaint, at ¶ 4; Answer f. 2/22/16; and current Opposition, p. 1.] The Court therefore must conclude that the settlement was entered into by Mrs. Fridman in that capacity also.

Mrs. Fridman represented in the settlement, that she had the power to make the settlement, that the subject trust owns the real property, and that through the trust, she owns 68.3% of the property. [See Reporter's Transcript of Proceedings, lodged with Court; and see current Opp., Ex. A.]

A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810.) "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." "[I]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." "'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties." (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

For ambiguities, the "trier of fact will consider any available extrinsic evidence to determine what the parties actually intended the words of their contract to mean." "Where a word or a phrase used in a contract can reasonably be understood in more than one way, the court must admit and consider extrinsic evidence to determine what the parties actually intended the word or phrase to mean." (*Steller v. Sears, Roebuck & Co.* (2010) 189 Cal.App.4th 175, 183.)

The rules of contract interpretation provide: (1) "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties" (*Civ. Code §1643*); (2) "[a] contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates" (*§1647*); and (3) "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it" (*§ 1649*).

Applying the above principles here, the Court can only reasonably conclude that Plaintiff Avetoom is properly seeking to have the judgment reflect Mrs. Fridman's ownership of the condominium, as trustee of the trust. To interpret otherwise, would violate the principles of contract interpretation and principles on the law of trusts. Mrs. Fridman herself represented to the Court, and to other parties, that the real property "is owned by Fridman Family Trust as provided in a declaration of trust for the Fridman Family Trust established on April 14th, 2000". Further, Mrs. Fridman represented that "68.3 percent interest belong[s] to Rosa Fridman…" through that trust. Therefore, it does not appear to reflect a material change to the terms of the settlement for the judgment to reflect the proper manner in which Mrs. Fridman holds the represented title.

CASE TITLE: Avetoom vs. Risbrough                    CASE NO: 30-2015-00820760-CU-FR-NJC

To the extent that any party is suggesting that a trust can hold title to assets this is not the law.  The law is clear, a trust is not a person or legal entity that can hold title to assets, nor can it sue, or be sued. Therefore, assets of the trust are held in the name of the trustee, as is the case herein.  (See *Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344; *Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 496; *Portico Mgmt. Group, LLC v. Harrison* (2011) 202 Cal.App.4th 464, 474.)

Therefore, to give effect to Mrs. Fridman's statements and to interpret the settlement in a way that is lawful and that gives effect to the objective intentions of the parties which the Court reasonably finds were intended, the judgment should reflect the manner in which Mrs. Fridman holds the title to the subject real property.

There was no evidence received to show that Mrs. Fridman is not the trustee of the subject trust, that the real property in question is not an asset of the subject trust, held by Mrs. Fridman as trustee, or that she lacked the power to enter into the settlement.   The partial copy of the trust instrument which the Court received, in fact, reflects that trustees do have the power to dispose of trust assets including real property, as well as to compromise litigation. (See Avetoom Decl. Exhibit 4,  p. 1, ¶ 2.A.(2) and B, p.2 ¶ C,  and pp. 5-7) (See also 1 Cal. Real Est. § 1:97 (4th ed.)  ("A third person dealing with a trustee in good faith, for valuable consideration and without actual knowledge that the trustee is exceeding his or her powers, is not required to inquire whether the trustee has the power to enter into the transaction and may assume the existence of the trust power and its proper exercise without further inquiry. The third person is fully protected as though the trustee had the power and was properly exercising it")  (citing *Probate Code §18100*); accord 13 Witkin, *Summary* 11th Trusts § 289 (2019).)

To adopt another interpretation than as above, might well require the Court to assume or find that Mrs. Fridman was misrepresenting information during the course of settling the case, and such a finding would appear to violate the principle that contracts should be interpreted in a way to render them operative and lawful.

In addition, there is the notion that, "[an] oral settlement, like any agreement, 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." (*Elyaoudayan v. Hoffman (2003) 104 Cal.App.4th 1421, 1431; see Pasadena Live v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1093; *Okun v. Morton* (1988) 203 Cal.App.3d 805, 820 (the law implies in every contract a covenant of good faith and fair dealing which prohibits the parties from doing anything which will deprive the other of the benefits of the agreement).)

For the foregoing reasons, the Motion is **GRANTED.**  The Court hears objection in regards to the terms stated in Proposed Judgment . The Court schedules a hearing on the objections to the Proposed Judgment.


Plaintiff shall give notice.



**The Hearing on Objections to Proposed Judgment is scheduled for 02/27/2020 at 01:30 PM in Department C18.**

Objection(s) to be filed no later than 02/27/2020.
Reply to be filed**.**

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*EXHIBIT "21"*

26

27

28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

30-2010-00345490-CU-PO-CJC - ROA # 124 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.
Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 11:53:00 PM.
Main Document Page 246 of 376

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660

TEL NO.: 949-929-4787 FAX NO. (optional):
E-MAIL ADDRESS (Optional): kia002@att.net

| | ATTORNEY FOR | X | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana        92701
BRANCH NAME: Central Justice Center

*FOR RECORDER'S USE ONLY*

PLAINTIFF: Avetoom

DEFENDANT: Arce, et al

CASE NUMBER:
30-2010-00345490

**APPLICATION FOR AND RENEWAL OF JUDGMENT**

*FOR COURT USE ONLY*

| X | Judgment creditor
| | Assignee of record
applies for renewal of the judgment as follows:

1. Applicant *(name and address):*
   Karl Avetoom
   1100 Rutland Road # 9
   Newport Beach, CA 92660

2. Judgment debtor *(name and last known address):*
   Rosa Fridman
   16542 Blackbeard Lane, # 304
   Huntington Beach, CA 92649

3. Original judgment

   a. Case number *(specify):* 30-2010-00345490

   b. Entered on *(date):* 11/18/2011

   c. Recorded:

      (1) Date: 03/11/2015

      (2) County: Orange

      (3) Instrument No.: 2015000126500

4. | | Judgment previously renewed *(specify each case number and date):*

5. | X | Renewal of money judgment

   a. Total judgment . . . . . . . . . . . . . . . . . . . . . . . $        654,964.41
   b. Costs after judgment . . . . . . . . . . . . . . . . . $        230.06
   c. Subtotal *(add a and b)* . . . . . . . . . . . . . . . . $        655,194.47
   d. Credits after judgment . . . . . . . . . . . . . . . . $        0.00
   e. Subtotal *(subtract d from c)* . . . . . . . . . . . . $        655,194.47
   f. Interest after judgment . . . . . . . . . . . . . . . . $        544,501.36
   g. Fee for filing renewal application . . . . . . . . . $        45.00
   h. **Total renewed judgment** *(add e, f, and g)* $        1,199,740.83

   i. | | The amounts called for in items a–h are different for each debtor.
      These amounts are stated for each debtor on Attachment 5.

**Page 1 of 2**

Form Approved for Optional Use
Judicial Council of California
EJ-190 [Rev. July 1, 2014]

**APPLICATION FOR AND RENEWAL OF JUDGMENT**

Code of Civil Procedure, § 683.140
CEB
www.ceb.com

Change Document Font I Size
Check Spelling | Email Form | Save Form

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Avetoom v. Arce | 30-2010-00345490 |

6. ☐ Renewal of judgment for    ☐ possession.
                                ☐ sale.

   a. ☐ If judgment was not previously renewed, terms of judgment as entered:

   b. ☐ If judgment was previously renewed, terms of judgment as last renewed:

   c. ☐ Terms of judgment remaining unsatisfied:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **February 10, 2021**

_____
**Karl Avetoom**
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

Print this Form

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "22"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 2 2 2021

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

**CENTRAL JUSTICE CENTER**

Karl Avetoom
      Plaintiff

v.

Lynsey Arce, Rosa Fridman
      Defendants

)
)
)
)
)
)
)
)
)
)
)

Case No. 30-2010-00345490

**ORDER TO SHOW CAUSE
RE CONTEMPT**

April 9, 2021
9:00 a.m.
Dept. C-66

**To: Defendant Rosa Fridman:**

 YOU ARE HEREBY ORDERED to appear in person before the above-entitled court at the Central Justice Center, Department C66, located at 700 Civic Center Drive West, Santa Ana, California, on **April 9, 2021 at 9:00 a.m.**, to show cause why you should not be held in contempt for the alleged violations of this court's August 29, 2019 and November 16, 2020 orders regarding the production of documents.  Face masks are required.

 The allegations forming the basis of each count of contempt is more fully described in the attached Affidavit in Support of Motion of Karl Avetoom Requesting and OSC: Re Contempt of Rosa Fridman for Violation of this Court's Orders to Produce Documents, and Comply with this Court's Order to Produce and Provide Code Compliant Responses ("Affidavit"). The referenced Affidavit is attached hereto and incorporated into this OSC as though fully set forth.

 Plaintiff shall serve defendant with this Order to Show Cause Re Contempt and attached Affidavit no later than March 26, 2021 by personal service.

 IT IS SO ORDERED:

DATED: __2/22/21__    _____

           Hon. Sherri L. Honer
           Judge, Superior Court

-1-

Electronically Filed by Superior Court of California, County of Orange, 01/27/2021 06:59:00 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1206 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk.

1  Karl Avetoom
2  1100 Rutland Road #9
   Newport Beach, CA 92660
3  (949) 929-4787
   kia002@att.net
4
5  *Plaintiff/Judgment Creditor, In Pro Per*
6
7
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9        FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER
10
11 KARL AVETOOM,                    Case No: 30-2010-00345490

12          Plaintiff,              *Assigned for all purposes to:*

13     vs.                          *HON. Judge Sheri Stoner*
                                    *Dept: C-66*
14
15 LYNSEY ARCE, ROSA FRIDMAN, as    **AFFIDAVIT IN SUPPORT OF MOTION OF
                                    KARL AVETOOM REQUESTING AN OSC:
16 individuals, and DOES 1-50,      RE CONTEMPT OF ROSA FRIDMAN FOR
                                    VIOLATION OF THIS COURT'S ORDERS
17        Defendants                TO PRODUCE DOCUMENTS, AND
                                    COMPLY WITH THIS COURT'S ORDER TO
18                                  PRODUCE AND PROVIDE CODE
                                    COMPLIANT RESPONSES**
19
20                                  **(C.C.P. § 1209(a)(5)** *willful
                                    disobedience of a court order).*
21                                  *Reservation ID: 73456381*
22
23              **AFFIDAVIT OF KARL AVETOOM**
24 I, Karl Avetoom, declare as follows:
25    1.    I am the Plaintiff and Judgment Creditor in the above entitled matter.
26    2.    I am thoroughly familiar with and have handled all aspects of the above-entitled case. The
27 statements made herein are based on my personal knowledge and if called as a witness I could and
28 would competently testify thereto.  I make this Affidavit after Debtor ROSA FRIDMAN has refused to

                                    - 1 -

          AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

1  comply with this Court's orders and produce a missing page of her Trust, in excess of **463 days.** Rosa
2  Fridman has failed once again to provide her financial documents pursuant to this Court's last order.
3  Rosa Fridman request for a three month continuance was denied by this Court, however, as before, she
4  has mislead the courts into giving her preferential treatment.

5     3.     I am required to submit this affidavit to the Court as Defendant ROSA FRIDMAN'S
6  continued contemptuous acts occurred outside the Court's presence.  My affidavit sets forth the basis
7  for "indirect contempt" [An "indirect contempt" occurs *outside the judge's presence* [Hanson v. Sup.
8  Ct. (2001) 91 Cal.App.4th 75, 81)].  This affidavit serves as the "complaint" in an indirect contempt
9  proceeding. [Lyon v. Sup.Ct. (1968) 68 Cal.2d 446, 452] and the "affidavit must be presented to the
10 court stating the facts constituting the contempt, an order to show cause must be issued, and hearing on
11 the facts must be held by the judge." [Arthur v. Sup.Ct. (1965) 62 Cal.2d 404, 407–408].

12    4.     The November 18, 2011 judgment entered against ROSA FRIDMAN is in excess of
13 $1.1 Million dollars.  On August 13, 2020 another judgment was entered against ROSA FRIDMAN
14 and in favor of Plaintiff.  After stipulating to a judgment to avoid trial, ROSA FRIDMAN spent a year
15 trying to stop the entry of the judgment she stipulated for.  The Trust document is relevant to collection
16 of over $1.1M in outstanding judgments.  After I won my case and obtained my judgment in 2011, the
17 Fridmans hid in bankruptcy for 6 years and eventually stipulated to non-discharge of all their debts due
18 to fraudulent conduct intended to hinder, delay or defraud their creditors, including myself.  The
19 Fridmans have stalled production of their financial documents since 2011 and it continued to this day.

20    5.     **On July 16, 2019** Plaintiff applied for an Order to have Debtor Rosa Fridman appear at
21 a judgment debtor exam (ROA 1127).  Debtor Rosa Fridman was ordered to appear and be examined
22 and produce records, including a copy of a Trust instruction where the Debtor was the Trustee and
23 beneficiary of the Trust.  Debtor failed to produce the documents propounded.

24    6.     On **August 29, 2019** the Debtor appeared unprepared with none of the requested
25 documents.  This Court ordered Judgment Debtor Rosa Fridman to return for a continued JDX and
26 produce all documents requested, including a Trust instrument where Rosa Fridman is the sole
27 beneficiary of said trust containing one real property (*Subpoena duces tecum to remain in full force
28 and effect*).  Rosa Fridman was again allowed a month to produce the missing Trust page she claimed

1  she possessed at home.  The Judgment Debtor Exam was continued again until October 3, 2019 at 9:00

2  a.m. [**Exhibit "1"**]

3      7.        On **October 3, 2019** Debtor Rosa Fridman appeared again <u>without</u> a complete Trust

4  instrument.  The Court agreed page 3 of the Trust was missing and was material as it covered the

5  ability to transfer Trust assets by Rosa Fridman, the Trustee and beneficiary.  The Court held Plaintiff

6  was entitled to a full copy of the Trust as the Debtor was the beneficiary of the Trust.  The Debtor

7  stated she would comply and produce the missing document page.  The Court continued the JDX until

8  October 31, 2019 to give Debtor Rosa Fridman one more additional month to produce the missing

9  page located in her Huntington Beach residence [**Exhibit "2"**].

10      8.        On **October 31, 2019** Debtor Rosa Fridman attended the continued JDX.  The

11  Judgment Debtor's son provided a letter to the Court attempting to excuse the Debtor from producing

12  the missing page 3 of the Trust.  The Court held that while portions of the letter may have been

13  privileged, letter did not state that the Trust never had a page 3.  The Judgment debtor assured the

14  Court the entire trust was at her home in Huntington Beach and that she would produce the missing

15  page 3 "in two weeks."  The Court concluded the Debtor Exam ordering the Plaintiff to report to the

16  Court if the document was not produced.

17      9.        On **December 16, 2019** Plaintiff wrote to Debtor requesting a copy of the complete

18  Trust instrument.  No response was received.

19      10.      On **March 9, 2020** Plaintiff applied for an order to appear and be examined.  Due to the

20  Covid-19 virus, and the Court's closure the clerk did not process the application until June 15, 2020

21  and set the Examination for July 31, 2020.

22      11.      On **June 17, 2020** Debtor was served with the Order to Appeal and Be Examined

23  (ORAP).  And a demand for production of documents, including all credit card statements, bank

24  statements, and a full copy of the Trust instrument.

25      12.      On **July 30, 2020** the Debtor's son filed a document with a letter requesting the debtor

26  exam be continued indefinitely.  The Document was not served by Debtor but was provided by the

27  Court at the hearing.

28      13.      On **July 31, 2020** this Court ordered the debtor examination continued for Rosa

Fridman until October 31, 2020.

14.     On **August 31, 2020** the Debtor appeared remotely.  Debtor and son represented that they could produce all of the documents requested by Plaintiff.  Debtor asked for another continuance.  The Court responded that all debtor exams are done in person, an exception was made for the Debtor who has asked for yet another continuance.  The Debtor and her son requested another thirty (30) days to provide the propounded documents, including the entire trust, including the missing page 3, to Plaintiff.  The Court denied Debtor's request and <u>ordered</u> the Debtor to produce all documents to Plaintiff by September 8, 2020 and appear on September 21, 2020 for a Zoom debtor exam.

15.     On or around **September 21, 2020** at the continued debtor examination this Court ordered ROSA FRIDMAN to produce in electronic format her financial records to this Court's clerk by email.  The Debtor produced an incomplete production through the Clerk of Department C-66.  The Debtor denied production was incomplete and this Court ordered Plaintiff to file a Motion to Compel.

16.     On **October 22, 2020** Plaintiff filed his Motion to Compel pursuant to this Court's Order [ROA 1172].

17.     On **November 2, 2020**, the Debtor filed her response and admitted her prior production, that she previously vehemently claimed was complete, was indeed <u>incomplete</u> [ROA 1179].

18.     On **November 16, 2020** this Court GRANTED Plaintiff's Motion to Compel Production and ordered the Defendant/Creditor ROSA FRIDMAN to produce for each and every demand for production, and supply code compliant answers pursuant to C.C.P. § 2031.230 [**Exhibit "3"**].  Said motion also included production of the complete Trust and page 3 as previously ordered, as Requested in Plaintiff's Request for Production (see Separate Statement Request 2, 4, and 5 See ROA 1175).

19.     On **November 28, 2020** Plaintiff received the same incomplete production with a document purporting to be a "Notice of Compliance".  None of responses complied with the Court's November 16, 2020 Order and Debtor again refused to produce documents as ordered multiple times by this Court and comply with C.C.P. 2031.230 as ordered.

20.     As of **December 4, 2020** the Debtor continues to defy this Court's Orders to produce the missing page 3 of her Trust along with other documents requested, despite representing to this Court

1   for nearly a year she was able to produce and would in fact, do so.

2   21.    It has been in excess of **463** days that the Debtor has been given to produce the missing

3   Trust page this Court ordered to be produced. Defendant refuses to comply with this Court's orders in

4   willful defiance, resorting to misrepresenting this Court's orders.

5   22.    As of December 4, 2020 the Debtor continues to willfully defy this Court's Order to

6   produce her financial records in their entirety and submit code compliant responses as ordered by this

7   Court on November 16, 2020 within 10 days.

8                               **COUNT ONE**

9              **CONTEMPT (FAILURE TO COMPLY WITH ORDERS TO**

10                     **PRODUCE MISSING TRUST PAGE)**

11                  **AGAINST DEFENDANT ROSA FRIDMAN**

12  23.    This Court has repeatedly ordered Debtor is required to produce the complete copy of the

13  trust and at the least, the missing page 3 of the Debtor's Trust since 8/29/2019.

14  24.    Debtor Rosa Fridman assured the Court on several occasions that she could and would

15  comply and produce the missing page of the Trust.  8/29/2019 (Subpoena remains in full force and

16  effect), 10/3/2019(missing page to be produced), and 10/31/2019 (letter produced to Court trying to

17  excuse Debtor from producing page 3, this Court ruled that letter does not represent Page 3 never

18  existed). Debtor understood the Court's Order by her conduct and representations to this Court.

19  25.    Debtor has repeatedly stated the complete Trust, inclusive of the missing page, is in her

20  possession and is thus able to comply with the Court's Order.

21  26.    Debtor Rosa Fridman has refused to produce the ordered missing page of her Trust for

22  over **463** days (page 3) to the Trust page is intentional disobedience of this Court's Orders.

23  27.    That ROSA FRIDMAN had knowledge of the orders, was able to comply at the time of

24  the orders and willfully refused to comply with the orders.

25                               **COUNT TWO**

26              **CONTEMPT AGAINST DEFENDANT ROSA FRIDMAN**

27              **(REFUSING TO COMPLY WITH 11/16/2020 ORDER).**

28  28.    On November 16, 2020 this Court issued a valid Order granting Plaintiff's Motion to

- 5 -

Compel and ordered Debtor ROSA FRIDMAN to produce all requested documents and for those unable to be produced, provide code compliant responses within 10 days as fully set forth in the Court's November 16, 2020 Order.

29.    Debtor ROSA FRIDMAN was present before the Court when the Court issued its order on November 16, 2020 and read it verbatim to the Debtor ROSA FRIDMAN. The Clerk further served this Order electronically and via mail on the Debtor.

30.    On November 16, 2020 Debtor Rosa Fridman assured the Court that she understood and could and would comply with the Court's Order.

31.    On November 28, 2020 Debtor Rosa Fridman's produced incomplete records and refused to follow this Court's order to provide code compliant responses for each and every request as Ordered by this Court. The Debtor ROSA FRIDMAN responded with excuses and complaints against Plaintiff in her usual combative and evasive nature. The Debtor ROSA FRIDMAN did not state she was unable to comply with the Court's November 16, 2020 Order in providing code compliant responses. Each and every response failed to meet the Court's requirement for responses compliant under C.C.P. § 2031.230.

32.    That ROSA FRIDMAN had knowledge of the order, was able to comply at the time of the orders and willfully refused to comply with the orders.

**Whereby Plaintiff requests this Honorable Court issue an OSC: Re Contempt Against Defendant Rosa Fridman to conduct a short trial on facts already established in the Court's record.**

**Plaintiff prays as follows:**

1.    **As to Count One,** for the Court to set an OSC Re: Contempt against Defendant ROSA FRIDMAN  for Refusing to Produce the missing page 3 from her Trust instrument **for over 463 days as ordered** while giving repeated representations she could and would do so. Plaintiff will seek the Court fine Defendants $1,000.00 and/or imprison Defendants for five days pursuant to C.C.P. § 1218 until she produces the missing page 3 of her Trust;

2.    **As to Count Two,** for the Court to set an OSC Re: Contempt against Defendant ROSA

– 6 –

1    FRIDMAN for refusing to produce ALL records to Plaintiff, as ordered on November 16, 2020

2    to be delivered with responses in compliance with C.C.P. § 2031.230.  Plaintiff will seek the

3    Court fine Defendant $1,000.00 and/or imprison Defendant for five days pursuant to C.C.P.

4    § 1218;

5    3.    For all fines and/or sentences to run consecutively, and/or;

6    4.    To award Plaintiff reasonable attorney fees and costs pursuant to C.C.P. § 1218(a).

7

8    I declare under the penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct.

10

11    Executed on January 25, 2021 at Newport Beach, California.

12

13

14    Signed: _____

15    Karl Avetoom
      Plaintiff/Creditor, In Pro Per.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 08/29/2019                    TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 73087548

**EVENT TYPE**: Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.

Certified interpreter Boshyan, Liliya / Russian, Badge Number 3010471 is present. The certification or
registration number has been validated and identification has been verified by the badge issued by the
Judicial Council. The interpreter oath is on file. The court provided interpreter is present to interpret for
Rosa Fridman.

Judgment debtor Rosa Fridman is sworn and examined.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/03/2019 at 09:00 AM
in this department pursuant to party's motion.

Rosa Fridman is/are ordered to return.

Russian Interpreter is/are ordered to return.

Subpoena Duces Tecum to remain in full force and effect.

Judgment Debtor to bring documents to next hearing or give them to Judgment Creditor prior to the
hearing.

Parties waive notice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 10/03/2019                    TIME: 09:00:00 AM       DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: A. Arreola
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Davon Velasquez, J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73119833

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

---

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.
Rosa Fridman, self represented Witness, present.

---

Certified interpreter Boshyan, Liliya / Armenian (Eastern), Badge Number 301041 is present.  The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath is on file.  The court provided interpreter is present
to interpret for Rosa Fridman.

Discussion held regarding passed issues with previous examinations. The Court orders both parties to
proceed with the Judgment Debtor Examination.

Back in open court, the Court and both parties discuss further issues with the examination and
production of documents. Judgment Creditor also requests Judgment Debtor's son not be present during
the examination because of constant interruptions during the examination.

Judgment Creditor is also requesting a turn over order in the courtroom.

Judgment Creditor was handed $59.00 in cash in open court.

Judgment Creditor requests a continuance to have Judgment Debtor produce page 3 of the trust.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/31/2019 at 09:00 AM
in this department pursuant to party's motion.

Judgment Debtor to produce page 3 of the trust document discussed in open court.

CASE TITLE: Avetoom vs. Arce                              CASE NO: **30-2010-00345490-CU-PO-CJC**

The Court informs Judgment Debtor her son may not be present during the examination.

Rosa Fridman is/are ordered to return.

**Russian Interpreter is/are ordered to return.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

SHORT TITLE: Avetoom vs. Arce

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>30-2010-00345490-CU-PO-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 11/16/20 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 11/20/20. Following standard court practice the mailing will occur at Sacramento, California on 11/23/20.

KARL AVETOOM
1100 RUTLAND ROAD 9
NEWPORT BEACH, CA 92660

ROSA FRIDMAN
16542 BLACKBEARD LANE 304
HUNTINGTON BEACH, CA 92649

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 11/16/20, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on November 20, 2020, at 7:20:33 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

KARL AVETOOM
KIA002@ATT.NET

ROSA FRIDMAN
ROSAFRIDMAN89@GMAIL.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                    Code of Civ. Procedure , § CCP1013a(a)

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/16/2020                    TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: James Olivarez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None, Susan New

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73377902

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 06/15/2020

---

EVENT ID/DOCUMENT ID: 73377496

**EVENT TYPE:** Motion to Compel Production
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things,
10/22/2020

---

**APPEARANCES**
Rosa Fridman, self represented Witness, present.
Karl Avetoom, plaintiff, present telephonically.

Remote hearing held.

Certified/Registered interpreter Liliya Boshyan / Russian, Badge Number 301041 is present.   The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.   The interpreter oath .   The  interpreter is present to interpret for Rosa
Fridman.

Rosa Fridman does not have the ability to remotely appear and is present telephonically using the
department's phone.

Judgment creditor Karl Avetoom's motion to compel production is GRANTED. Judgment debtor Rosa
Fridman shall produce, without objection, all requested documents within 10 days. To the extent Ms.
Fridman contends she is unable to comply, she must provide an explanation, under penalty of perjury,
which fully complies with Code of Civil Procedure ("CCP") § 2031.230. Judgment debtor is ordered to pay
sanctions in the sum of $129.95 to judgment creditor.

Pursuant to CCP § 2031.230, judgment debtor must provide a an explanation setting forth her
reasonable, and good faith efforts to locate all responsive documents and whether her inability to comply
is because a particular document never existed, has been destroyed, has been lost, misplaced, stolen, or
has never been or is no longer in her possession, custody, or control. The statement shall set forth the

---

CASE TITLE: Avetoom vs. Arce                CASE NO: **30-2010-00345490-CU-PO-CJC**

name and address of any natural person or organization known or believed by Ms. Fridman to have possession, custody or control of the item or category of items.

To the extent judgment debtor contends she already has produced responsive documents, she is ordered to provide judgment creditor with a list of each document she claims to have produced with respect to each category of documents requested and provide an additional copy of each document judgment debtor claims to have provided.

The judgment debtor examination is continued to **1/15/2021 at 9:00 a.m. in Department CXC 101** at the court's Civil Complex Center.  Judgment debtor is ordered to appear in person without further order or notice. If on the day of the exam, judgment debtor contends she is medically unable to appear, judgment debtor must provide the court with a note from medical doctor indicating same, on the physician's letterhead, and signed by the physician, and judgment debtor must be available by telephone. Failure to appear may result in a warrant being issued for Ms. Fridman's arrest.

The clerk to provide notice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "23"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

Fill in this information to identify your case:

United States Bankruptcy Court for the:

Central District of California

Case number (*If known*): _____

Chapter you are filing under:
☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

# Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy     04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Rosa<br>First name<br>A<br>Middle name<br>Fridman<br>Last name<br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 2 7 7 2<br>OR<br>9 xx – xx – ____ ____ ____ | xxx – xx – ____ ____ ____ ____<br>OR<br>9 xx – xx – ____ ____ ____ |

Debtor 1    Rosa A Fridman
            _____
            First Name    Middle Name    Last Name

Case number (if known)_____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☑ I have not used any business names or EINs.

_____
Business name

_____
Business name

_____
EIN

_____
EIN

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

_____
EIN

_____
EIN

**5. Where you live**

16542 Blackbeard Ln Unit 304
_____
Number    Street

_____

Huntington Beach                    CA    92649-3439
_____
City                    State    ZIP Code

Orange County
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City                    State    ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number    Street

_____

_____
City                    State    ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City                    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

Debtor 1     Rosa A Fridman

First Name     Middle Name     Last Name

Case number (if known)_____

---

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---------|-------------------------------------------|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

| Debtor _____ | Relationship to you _____ |
| District _____ | When _____ | Case number, if known_____ |

| Debtor _____ | Relationship to you _____ |
| District _____ | When _____ | Case number, if known_____ |

**11. Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

    ☐ No. Go to line 12.

    ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

| Debtor 1 | Rosa A Fridman | | Case number *(if known)* _____ |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number      Street

_____

_____
City                              State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor* or a debtor as defined by 11 U.S.C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankrutpcy Code, and I choose to proceed under Subchatper V of Chapter 11.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.   What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____

---

| Debtor 1 | Rosa A Fridman | | | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling**

| | | |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

| Debtor 1 | Rosa A Fridman | | | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____  _____  _____

**17. Are you filing under Chapter 7?**

☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____  X _____
Signature of Debtor 1           Signature of Debtor 2

Executed on  02/25/2021          Executed on _____
            MM / DD /YYYY                   MM / DD /YYYY

| Debtor 1 | Rosa A Fridman | | | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✖ _Scott Talkov_

Signature of Attorney for Debtor

Date    02/25/2021

MM / DD / YYYY

Scott Talkov

Printed name

Talkov Law Corp

Firm name

2900 Adams St Ste C225

Number    Street

Riverside                          CA        92504

City                               State     ZIP Code

Contact phone  9518883300          Email address  scott@talkovlaw.com

264676                             CA

Bar number                         State

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number _____
                (If known)

☐ Check if this is an
   amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:  Summarize Your Assets

|  | Your assets |
|---|---|
|  | Value of what you own |
| 1. *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B*............................................ | $230,640.22 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B*................................ | $3,806.15 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ......................................... | $234,446.37 |

### Part 2:  Summarize Your Liabilities

|  | Your liabilities |
|---|---|
|  | Amount you owe |
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ............ | $2,670,810.80 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ............................................. | $0.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*................................ | + $100,315.81 |
| **Your total liabilities** | $2,771,126.61 |

### Part 3:  Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I* ........................................................... | $1,937.00 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J* ............................................................ | $1,710.70 |

| Debtor 1 | Rosa Fridman | | | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 4:**  **Answer These Questions for Administrative and Statistical Records**

---

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

---

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

---

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____ 0.00

---

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| | Total claim |
|---|---|
| **From Part 4 on *Schedule E/F*, copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ _____ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ 0.00 |
| 9f.  Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $ _____ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ 0.00 |

---

**Fill in this information to identify your case and this filing:**

Debtor 1 ___Rosa A Fridman___
         First Name          Middle Name          Last Name

Debtor 2 _____
(Spouse, if filing) First Name   Middle Name          Last Name

United States Bankruptcy Court for the: Central District of
California

Case number _____
(if know)

☐ Check if this is an
   amended filing

Official Form 106A/B
# Schedule A/B: Property
                                                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?
    ☐ No. Go to Part 2
    ☑ Yes. Where is the property?

1.1  ___16542 Blackbeard Lane___
     Street address, if available, or other description

     ___Unit 304___

     ___Huntington Beach  CA    92649___
     City              State   ZIP Code

     ___Orange County___

     Country

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☑ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other_____

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property:*

**Current value of the entire property?**       **Current value of the portion you own?**
$ __337,687.00__                                $ __230,640.22__

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

___Tenants in Common___

☐ Check if this is community property

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................➤    $230,640.22

## Part 2:    Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  Cars, vans, trucks, tractors, sport utility vehicles, motorcycles
    ☑ No
    ☐ Yes

4.  Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
    ☑ No
    ☐ Yes

5.  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................➤    $0.00

## Part 3:    Describe Your Personal and Household Items

Debtor 1     Rosa A Fridman
             First Name    Middle Name    Last Name                        Case number *(if known)* _____

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? |
|---|---|
| | Do not deduct secured claims or exemptions. |

**6.  Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe...

> Tall Lamp
> Three Section Wall Shelf
> Coffee Table
> Mirror Dresser/ Vanity
> Bed side tables (2)
> Clothing Dressers (2)
> Desk
> Bookshelf
> Couch (foldout)
> Couch
> Small Lamp (2)
> Dining Room Table with chairs
> Large Vase
> Patio Table and Chairs

$ 1,120.00

**7.  Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe...

> Home Phone
> Mobile Phone
> LG Tablet

$ 190.00

**8.  Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe...

**9.  Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe...

**10.  Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe...

**11.  Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe...

> Everyday Clothing

$ 368.15

**12.  Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems gold, silver

☐ No
☑ Yes. Describe...

> Misc. Jewelry

$ 103.00

**13.  Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☑ No
☐ Yes. Describe...

Debtor 1   Rosa A Fridman                                      Case number *(if known)* _____
           First Name    Middle Name    Last Name

14. **Any other personal and household items you did not already list, including any health aids you did not list**

☐ No
☑ Yes. Give specific information...

| | |
|---|---|
| Japanese Picture<br>Treadmill<br>Refrigerator<br>Toaster Oven<br>Coffee Maker<br>Pride- Victory Series 9 Medical Disability Scooter | $ 1,925.00 |

15. Add the dollar value of the portion you own for all of your entries from Part 3, including any entries for pages
    you have attached for Part 3. Write that number here......................................................................................➤   | $3,706.15 |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**

    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☑ No
    ☐ Yes........................................................................................................ Cash ...........................   $ _____

17. **Deposits of money**

    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses
    and other similar institutions. If you have multiple accounts with the same institution, list each.

    ☐ No
    ☑ Yes..................                  Institution name:

    17.1. Checking account:             Wells Fargo (Closed)                                                $ 0.00
    17.2. Checking account:             First Bank                                                          $ 100.00

18. **Bonds, mutual funds, or publicly traded stocks**

    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

    ☑ No
    ☐ Yes..................

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an
    LLC, partnership, and joint venture**

    ☑ No
    ☐ Yes. Give specific information about them...........

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

    Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.
    Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.

    ☑ No
    ☐ Yes. Give specific information about them..........

21. **Retirement or pension accounts**

    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☑ No
    ☐ Yes. List each account separately

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company

    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
    companies, or others

    ☑ No
    ☐ Yes.....................

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ☑ No
    ☐ Yes.....................

Debtor 1    Rosa A Fridman
First Name    Middle Name    Last Name    Case number *(if known)* _____

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes.....................

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable
for your benefit**

☑ No
☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**

*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**

*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years...

| | |
|---|---|
| Federal: | $ 0.00 |
| State: | $ 0.00 |
| Local: | $ 0.00 |

29. **Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information....

30. **Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information....

31. **Interests in insurance policies**

☑ No
☐ Yes. Name the insurance company of each policy and list its value....

32. **Any interest in property that is due you from someone who has died**

☑ No
☐ Yes. Give specific information....

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

☑ No
☐ Yes. Give specific information....

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off
claims**

☑ No
☐ Yes. Give specific information....

35. **Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information...

36. **Add the dollar value of the portion you own for all of your entries from Part 4, including any entries for pages
you have attached for Part 4. Write that number here**.............................................................................................➤    $ 100.00

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

Debtor 1    Rosa A Fridman           Case number *(if known)* _____
      First Name     Middle Name     Last Name

---

**37.** **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

---

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

---

**46.** **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

---

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

**53.** **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific
    information...

**54.** **Add the dollar value of all of your entries from Part 7. Write that number here** .................................................➤     | $ 0.00 |

---

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

**55.** **Part 1: Total real estate, line 2** ............................................................................................................➤     $ 230,640.22

**56.** **Part 2: Total vehicles, line 5**     $ 0.00

**57.** **Part 3: Total personal and household items, line 15**     $ 3,706.15

**58.** **Part 4: Total financial assets, line 36**     $ 100.00

**59.** **Part 5: Total business-related property, line 45**     $ 0.00

**60.** **Part 6: Total farm- and fishing-related property, line 52**     $ 0.00

**61.** **Part 7: Total other property not listed, line 54**     + $ 0.00

**62.** **Total personal property. Add lines 56 through 61** ...................   $ 3,806.15     Copy personal property total➤    + $ 3,806.15

**63.** **Total of all property on Schedule A/B. Add line 55 + line 62**     $ 234,446.37

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:  Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 16542 Blackbeard Lane<br><br>Line from *Schedule A/B*: 1.1 | $ 230,640.22 | ☑ $ 600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.730 (a)(2) |
| Brief description: Other - Pride- Victory Series 9 Medical Disability Scooter<br><br>Line from *Schedule A/B*: 14 | $ 1,500.00 | ☑ $ 1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.050 |
| Brief description: Wells Fargo (Closed) (Checking)<br><br>Line from *Schedule A/B*: 17.1 | $ 0.00 | ☑ $ 2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.080(b)(4) |

3. **Are you claiming a homestead exemption of more than $170,350?**

   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☑ No

   ☐ Yes

Debtor    Rosa A Fridman
          First Name      Middle Name      Last Name

Case number *(if known)*_____

| Part 2: | Additional Page |
|---------|-----------------|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| First Bank (Checking)<br>Brief description:<br><br>Line from *Schedule A/B*: 17.2 | $ 100.00 | ☑ $ 2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.080(b)(4) |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B*: | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

Fill in this information to identify your case:

Debtor 1    Rosa A Fridman
    First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name      Middle Name      Last Name

United States Bankruptcy Court for the:  Central District of California

Case number
(if know)

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   - ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

## Part 1:    List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion If any |
|---|---|---|---|

**2.1**

| | | | | |
|---|---|---|---|---|
| Karl Avetoom | Describe the property that secures the claim: | $ 8,525.50 | $ 337,687.00 | $ 8,525.50 |

Creditor's Name

1100 Rutland Road

Number    Street

#9

Newport Beach CA    92660

City    State    ZIP Code

Describe the property that secures the claim:

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2015000126507

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred  _____

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Last 4 digits of account number**

Debtor    Rosa A Fontana

| 2.2 | | Describe the property that secures the claim: $ 5,432.97 | $ 337,687.00 | $ 5,432.97 |

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA        92660
City              State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2014000398135

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

| 2.3 | | Describe the property that secures the claim: $ 6,852.33 | $ 337,687.00 | $ 6,852.33 |

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA        92660
City              State    ZIP Code

**Who owes the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [x] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2015-00820760 Recorded Doc No. 2020000673157

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

| 2.4 | | Describe the property that secures the claim: $ 1,000,000.00 | $ 337,687.00 | $ 1,000,000.00 |

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA        92660
City              State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2012000023845

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

Debtor _____

| 2.5 | | Describe the property that secures the claim: $ 1,000,000.00 | $ 337,687.00 | $ 662,313.00 |

Karl Avetoom
_____
Creditor's Name

1100 Rutland Road
_____
Number    Street

#9
_____

Newport Beach CA        92660
_____
City        State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2011000590354

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

---

| 2.6 | | Describe the property that secures the claim: $ Unknown | $ 337,687.00 | $ Unknown |

Karl Avetoom
_____
Creditor's Name

1100 Rutland Road
_____
Number    Street

#9
_____

Newport Beach CA        92660
_____
City        State    ZIP Code

**Who owes the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [x] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2015-00820760 Doc No. 2020000673156

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

---

| 2.7 | | Describe the property that secures the claim: $ 650,000.00 | $ 337,687.00 | $ 650,000.00 |

Karl Avetoom
_____
Creditor's Name

1100 Rutland Road
_____
Number    Street

#9
_____

Newport Beach CA        92660
_____
City        State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2015000126500

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

| Add the dollar value of your entries in Column A on this page. Write that number here: | $ 2,670,810.80 |

---

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that

Debtor    Rose A Foster

you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Rosa A Fridman |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if know) | |

☐ Check if this is an amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   - ☑ No. Go to Part 2.
   - ☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**
   - ☐ No. You have nothing else to report in this part. Submit this form to the court with your other schedules.
   - ☑ Yes. Fill in all of the information below.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | Total claim |
|---|---|

| 4.1 | | |
|---|---|---|
| | Beach Crest Villas Homeowners Association | **Last 4 digits of account number** Potential Assignee re: Avetoom Creditor |
| | Nonpriority Creditor's Name | **When was the debt incurred?** _____ |
| | 1100 Rutland Rd | **As of the date you file, the claim is:** Check all that apply. |
| | Number    Street | ☐ Contingent |
| | Newport Beach CA    92660 | ☐ Unliquidated |
| | City    State    ZIP Code | ☐ Disputed |
| | **Who owes the debt?** Check one. | |
| | ☑ Debtor 1 only | **Type of NONPRIORITY unsecured claim:** |
| | ☐ Debtor 2 only | ☐ Student loans |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims |
| | ☐ At least one of the debtors and another | ☐ Debts to pension or profit-sharing plans, and other similar debts |
| | ☐ Check if this claim relates to a community debt | ☑ Other. Specify |
| | **Is the claim subject to offset?** | |
| | ☑ No | |
| | ☐ Yes | |

Total claim: $ Unknown

| 4.2 | Darling Risbrough | Last 4 digits of account number | $ 40,128.76 |
|---|---|---|---|

**Darling Risbrough**
Nonpriority Creditor's Name

19200 Von Karman
Number    Street

Suite 750

Irvine    CA    92612
City    State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Attorneys Fees

---

| 4.3 | D. Michael Bush | Last 4 digits of account number | $ 22,407.50 |
|---|---|---|---|

**D. Michael Bush**
Nonpriority Creditor's Name

2575 McCabe Way
Number    Street

Suite 260

Irvine    CA    92614
City    State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Attorneys Fees

---

| 4.4 | I.C. System, Inc | Last 4 digits of account number  4*** | $ 162.00 |
|---|---|---|---|

**I.C. System, Inc**
Nonpriority Creditor's Name

Po Box 64378
Number    Street

Saint Paul MN    55164
City    State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**When was the debt incurred?**  2020

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify

| 4.5 | John Daniel Ott | **Last 4 digits of account number** ___ ___ ___ ___ | $ 19,981.74 |
|---|---|---|---|

Nonpriority Creditor's Name

3020 Old Ranch Pkwy

Number    Street

Ste 300

Seal Beach CA     90740

City     State     ZIP Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   Attorneys Fees

---

| 4.6 | Law Offices of Mokri & Associates | **Last 4 digits of account number** ___ ___ ___ ___ | $ 17,635.81 |
|---|---|---|---|

Nonpriority Creditor's Name

1851 E 1st Street

Number    Street

Suite 840

Santa Ana CA     92705

City     State     ZIP Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   Attorney's Fees

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

---

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.**
   **Add the amounts for each type of unsecured claim.**

| | | | Total claim |
|---|---|---|---|
| Total claims from Part 1 | 6a. **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. **Total.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| | | Total claim |
|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. $ 0.00 |
| | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ 0.00 |
| | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ 0.00 |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ 100,315.81 |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. $ 100,315.81 |

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor 1 | Rosa A Fridman |
| | First Name ___ Middle Name ___ Last Name |
| Debtor 2 | ___ |
| (Spouse, if filing) | First Name ___ Middle Name ___ Last Name |
| | |
| United States Bankruptcy Court for the: | Central District of California |
| | |
| Case number | ___ |
| (if know) | |

☐ Check if this is an
amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Property (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| | |

**Fill in this information to identify your case:**

Debtor 1      Rosa A Fridman
              First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  Central District of California

Case number
(if known)  _____

☐ Check if this is an amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)
   ☐ No
   ☑ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)
   ☐ No. Go to line 3.
   ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?
      ☐ No
      ☑ Yes. In which community state or territory did you live? CA___. Fill in the name and current address of that person.

   Moisey Fridman
   Name of your spouse, former spouse, or legal equivalent

   _____
   Number   Street

   _____
   City                          State     ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| | Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt<br>Check all schedules that apply: |
|---|---|---|
| 3.1 | Moisey Fridman (dec.)<br>Name<br><br>Street<br><br>City    State    ZIP Code | ☑ Schedule D, line 2.1 ___<br>☐ Schedule E/F, line ___<br>☐ Schedule G, line ___ |
| 3.2 | The Fridman Family Trust Established on April 14, 2000<br>Name<br><br>Street<br><br>City    State    ZIP Code | ☑ Schedule D, line 2.1 ___<br>☐ Schedule E/F, line ___<br>☐ Schedule G, line ___ |
| 3.3 | The Fridman Family Trust Established on April 14, 2000<br>Name<br><br>Street<br><br>City    State    ZIP Code | ☑ Schedule D, line 2.2 ___<br>☐ Schedule E/F, line ___<br>☐ Schedule G, line ___ |

| 3.4 | The Fridman Family Trust Established on April 14, 2000 | ☑ Schedule D, line 2.6 |
| | Name | ☐ Schedule E/F, line _____ |
| | | ☐ Schedule G, line _____ |
| | Street | |
| | | |
| | City    State    ZIP Code | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

| 1. Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers.<br><br>Include part-time, seasonal, or self-employed work.<br><br>Occupation may include student or homemaker, if it applies. | Employment status | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | | |
| | Employer's name | | |
| | Employer's address | | |
| | | Number  Street | Number  Street |
| | | | |
| | | | |
| | | City        State   ZIP Code | City        State   ZIP Code |
| | How long employed there? | | |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $_____ |
| 3. **Estimate and list monthly overtime pay.** | 3. | + $ 0.00 | + $_____ |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $ 0.00 | $_____ |

Debtor 1 **Rosa A Fridman**
　　　　　First Name　　Middle Name　　　Last Name

Case number *(if known)* _____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here ........................................................➔ 4. | $ 0.00 | $ _____ |
| 5. | List all payroll deductions: | | |
| | 5a. **Tax, Medicare, and Social Security deductions** 5a. | $ 0.00 | $ _____ |
| | 5b. **Mandatory contributions for retirement plans** 5b. | $ 0.00 | $ _____ |
| | 5c. **Voluntary contributions for retirement plans** 5c. | $ 0.00 | $ _____ |
| | 5d. **Required repayments of retirement fund loans** 5d. | $ 0.00 | $ _____ |
| | 5e. **Insurance** 5e. | $ 0.00 | $ _____ |
| | 5f. **Domestic support obligations** 5f. | $ 0.00 | $ _____ |
| | 5g. **Union dues** 5g. | $ 0.00 | $ _____ |
| | 5h. **Other deductions.** Specify: _____ 5h. | + $ 0.00 | + $ _____ |
| | _____ | $ _____ | $ _____ |
| | _____ | $ _____ | $ _____ |
| | _____ | $ _____ | $ _____ |
| 6. | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. 6. | $ 0.00 | $ _____ |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. 7. | $ 0.00 | $ _____ |
| 8. | List all other income regularly received: | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. 8a. | $ 0.00 | $ _____ |
| | 8b. **Interest and dividends** 8b. | $ 0.00 | $ _____ |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. 8c. | $ 0.00 | $ _____ |
| | 8d. **Unemployment compensation** 8d. | $ 0.00 | $ _____ |
| | 8e. **Social Security** 8e. | $ 1,937.00 | $ _____ |
| | 8f. **Other government assistance that you regularly receive** | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ 8f. | $ 0.00 | $ _____ |
| | 8g. **Pension or retirement income** 8g. | $ 0.00 | $ _____ |
| | 8h. **Other monthly income.** Specify: _____ 8h. | + $ 0.00 | + $ _____ |
| 9. | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. 9. | $ 1,937.00 | $ _____ |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. 10. | $ 1,937.00 + | $ _____ = $ 1,937.00 |

11. State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____ 11. + $ _____ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies

12. $ 1,937.00
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain:

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| | | (State) | |
| Case number (If known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2*.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ No
   ☐ Yes. Fill out this information for each dependent..........................

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ 0.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. | $ 255.19 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ 27.34 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. | $ 569.98 |

| Debtor 1 | Rosa A Fridman | | Case number *(if known)*_____ |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

| | | | **Your expenses** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $_____0.00 |
| 6. | **Utilities:** | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $_____43.95 |
| | 6b.   Water, sewer, garbage collection | 6b. | $_____0.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $_____50.78 |
| | 6d.   Other. Specify: _____ | 6d. | $_____0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $_____462.22 |
| 8. | **Childcare and children's education costs** | 8. | $_____0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $_____50.00 |
| 10. | **Personal care products and services** | 10. | $_____65.00 |
| 11. | **Medical and dental expenses** | 11. | $_____179.99 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $_____0.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $_____6.25 |
| 14. | **Charitable contributions and religious donations** | 14. | $_____0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.   Life insurance | 15a. | $_____0.00 |
| | 15b.   Health insurance | 15b. | $_____0.00 |
| | 15c.   Vehicle insurance | 15c. | $_____0.00 |
| | 15d.   Other insurance. Specify:_____ | 15d. | $_____0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $_____0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $_____0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $_____0.00 |
| | 17c.   Other. Specify:_____ | 17c. | $_____0.00 |
| | 17d.   Other. Specify:_____ | 17d. | $_____0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $_____0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $_____0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.   Mortgages on other property | 20a. | $_____0.00 |
| | 20b.   Real estate taxes | 20b. | $_____0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $_____0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $_____0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $_____0.00 |

| Debtor 1 | Rosa A Fridman | | Case number *(if known)* |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

**21. Other.** Specify:_____

_____

_____

21. +$ _____ 0.00
    +$ _____
    +$ _____

**22. Calculate your monthly expenses.**

22a. Add lines 4 through 21.

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 22c. Add line 22a and 22b. The result is your monthly expenses.

22a. $ _____ 1,710.70

22b. $ _____

22c. $ _____ 1,710.70

**23. Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*

23b. Copy your monthly expenses from line 22c above.

23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.*

23a. $ _____ 1,937.00

23b. −$ _____ 1,710.70

23c. $ _____ 226.30

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.    Explain here:

Fill in this information to identify your case:

Debtor 1 __Rosa A Fridman__
First Name | Middle Name | Last Name

Debtor 2
(Spouse, if filing) First Name | Middle Name | Last Name

United States Bankruptcy Court for the Central District of California

Case number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Sign Below |

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

✗ _____     ✗ _____
Signature of Debtor 1                      Signature of Debtor 2

Date __02/25/2021__                      Date _____
    MM / DD / YYYY                             MM / DD / YYYY

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

Debtor 1    Rosa A Fridman
            First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  Central District of California

Case number
(if know)

☐ Check if this is an
  amended filing

Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Give Details About Your Marital Status and Where You Lived Before

**1. What is your current marital status?**

☐ Married
☑ Not married

**2. During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

**3. Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** *(Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No
☑ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H)

## Part 2:    Explain the Sources of Your Income

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☑ No
☐ Yes. Fill in the details.

**5. Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security (age 89, widowed) | $ 3,874.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2020) | Social Security (age 89, widowed) | $ 23,244.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2019) | Social Security (age 89, widowed) | $ 23,244.00 | | |

## Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as
"incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,825* or more in one or more payments and
the total amount you paid that creditor. Do not include payments for domestic support obligations, such
as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid
that
creditor. Do not include payments for domestic support obligations, such as child support and
alimony. Also, do not include payments to an attorney for this bankruptcy case.

**7. Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?** *Insiders* include your
relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer,
director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole
proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No.
☐ Yes. List all payments to an insider.

**8. Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☑ No.
☐ Yes. List all payments that benefited an insider.

| Part 4: | Identify Legal Actions, Repossessions, and Foreclosures |
|---------|--------------------------------------------------------|

**9. Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
☑ Yes. Fill in the details.

|  | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title: Avetoom v. Fridman<br>Case number: 30-2010-00345490 | Emotional Distress - Case Concluded; Judgment Collection Activities Continuing; Date filed: 02/18/2010 | Superior Court of California- County of Orange<br>Court Name<br>4601 Jamboree Rd<br>Number  Street<br>Newport Beach CA    92660<br>City    State    ZIP Code | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| Case title: Avetoom v. Fridman<br>Case number: 30-2015-00820760 | Fraud; Date filed: 11/18/2015 | Superior Court of California- County of Orange<br>Court Name<br>4601 Jamboree Rd<br>Number  Street<br>Newport Beach CA    92660<br>City    State    ZIP Code | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

**10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

Debtor  Rosa A Fridman
First Name   Middle Name   Last Name

Case number *(if known)* _____

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
- ☑ No
- ☐ Yes. Fill in the details.

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
- ☑ No
- ☐ Yes

| Part 5: | List Certain Gifts and Contributions |
|---|---|

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
- ☑ No
- ☐ Yes. Fill in the details for each gift.

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
- ☑ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Part 6: | List Certain Losses |
|---|---|

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**
- ☑ No
- ☐ Yes. Fill in the details.

| Part 7: | List Certain Payments or Transfers |
|---|---|

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.
- ☐ No
- ☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Talkov Law Corp. | | 01/14/2021 | $ 5,000.00 |
| Person Who Was Paid | | _____ | $ _____ |
| 2900 Adams St Ste C225 | | | |
| Number    Street | | | |
| Riverside CA    92504 | | | |
| City    State    ZIP Code | | | |
| scott@talkovlaw.com | | | |
| Email or website address | | | |
| Relative | | | |
| Person Who Made the Payment, if Not You | | | |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.
- ☑ No
- ☐ Yes. Fill in the details.

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.
- ☑ No
- ☐ Yes. Fill in the details.

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called asset-protection devices.)
- ☑ No
- ☐ Yes. Fill in the details.

Debtor  Rosa A Fridman
First Name    Middle Name    Last Name

Case number *(if known)* _____

---

| **Part 8:** | **List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units** |
|---|---|

**20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

**21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy**

☑ No
☐ Yes. Fill in the details.

---

| **Part 9:** | **Identify Property You Hold or Control for Someone Else** |
|---|---|

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

---

| **Part 10:** | **Give Details About Environmental Information** |
|---|---|

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Fill in the details.

---

| **Part 11:** | **Give Details About Your Business or Connections to Any Business** |
|---|---|

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation
☑ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No. None of the above applies. Go to Part 12.

---

Debtor   Rosa A Pridman

First Name   Middle Name   Last Name

Case number *(if known)*

☐ Yes. Check all that apply above and fill in the details below for each business.

| Part 12: | Sign Below |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

✗ *Signature of Debtor 1*          ✗ _____
Signature of Debtor 1                 Signature of Debtor 2

Date  02/25/2021                     Date _____

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No
☐ Yes.  Name of person _____  _____

Attach the Bankruptcy Petition Preparer's Notice,
Declaration, and Signature (Official Form 119).

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Central District of California

Case number _____ (State)
(If known)

☐ Check if this is an amended filing

## Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7   12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List Your Creditors Who Have Secured Claims |
|---|---|

1. **For any creditors that you listed in Part 1 of** *Schedule D: Creditors Who Have Claims Secured by Property* **(Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: Karl Avetoom / Description of property securing debt: 16542 Blackbeard Lane | ☐ Surrender the property. / ☐ Retain the property and redeem it. / ☐ Retain the property and enter into a *Reaffirmation Agreement*. / ☑ Retain the property and [explain]: Avoid Lien | ☐ No / ☑ Yes |
| Creditor's name: Karl Avetoom / Description of property securing debt: 16542 Blackbeard Lane | ☐ Surrender the property. / ☐ Retain the property and redeem it. / ☐ Retain the property and enter into a *Reaffirmation Agreement*. / ☑ Retain the property and [explain]: Avoid Lien | ☐ No / ☑ Yes |
| Creditor's name: Karl Avetoom / Description of property securing debt: 16542 Blackbeard Lane | ☐ Surrender the property. / ☐ Retain the property and redeem it. / ☐ Retain the property and enter into a *Reaffirmation Agreement*. / ☑ Retain the property and [explain]: Avoid Lien | ☐ No / ☑ Yes |
| Creditor's name: Karl Avetoom / Description of property securing debt: 16542 Blackbeard Lane | ☐ Surrender the property. / ☐ Retain the property and redeem it. / ☐ Retain the property and enter into a *Reaffirmation Agreement*. / ☑ Retain the property and [explain]: Avoid Lien | ☐ No / ☑ Yes |

Debtor        Rosa A Fridman
_____        Case number (If known) _____

| Part 2: | List Your Unexpired Personal Property Leases |
|---------|-----------------------------------------------|

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name: | ☐ No |
| | Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No |
| | ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No |
| | ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No |
| | ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No |
| | ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No |
| | ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No |
| | ☐ Yes |
| Description of leased property: | |

| Part 3: | Sign Below |
|---------|------------|

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

x _____        x _____
Signature of Debtor 1                          Signature of Debtor 2

Date 02/25/2021                               Date _____
    MM / DD / YYYY                                  MM / DD / YYYY

Official Form 108        Statement of Intention for Individuals Filing Under Chapter 7        page 2

Debtor 1     Rosa A Fridman

First Name    Middle Name    Last Name

Case number *(if known)*_____

## <u>Continuation Sheet for Official Form 108</u>

**1) Creditors who have secured claims**

| | | | |
|---|---|---|---|
| **Karl Avetoom** | **16542 Blackbeard Lane** | **Has exemptions** | **avoid** |
| **Karl Avetoom** | **16542 Blackbeard Lane** | **Has exemptions** | **avoid** |
| **Karl Avetoom** | **16542 Blackbeard Lane** | **Has exemptions** | **avoid** |

| Fill in this information to identify your case: | |
|---|---|

Debtor 1    **Rosa A Fridman**
First Name         Middle Name              Last Name

Debtor 2
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  Central District of California

Case number
(if known) _____

**Check one box only as directed in this form and in Form 122A-1Supp:**

☑ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A—1

# Chapter 7 Statement of Your Current Monthly Income     04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| **Part 1:** | **Calculate Your Current Monthly Income** |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

       ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

       ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions) | $0.00 | $0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $0.00 | $0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $0.00 | $0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | $0.00 | | | |
| Ordinary and necessary operating expenses | – $0.00 | – $0.00 | | | |
| Net monthly income from a business, profession, or farm | $0.00 | $0.00 | Copy here➔ | $0.00 | $0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | $0.00 | | | |
| Ordinary and necessary operating expenses | – $0.00 | – $0.00 | | | |
| Net monthly income from rental or other real property | $  $0.00 | | Copy here➔ | $0.00 | $0.00 |

| 7. | **Interest, dividends, and royalties** | | $0.00 | $0.00 |
|---|---|---|---|---|

| Debtor 1 | Rosa A Fridman | | | | Case number (if known)_____ |
| | First Name | Middle Name | Last Name | | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|

**8.  Unemployment compensation**                                                   $ 0.00        $ 0.00

Do not enter the amount if you contend that the amount received was a benefit
under the Social Security Act. Instead, list it here: ..............................↓

For you .......................................................................... $ 0.00

For your spouse ........................................ $ 0.00

**9.  Pension or retirement income.** Do not include any amount received that was a
benefit under the Social Security Act. Also, except as stated in the next sentence, do
not include any compensation, pension, pay, annuity, or allowance paid by the United
States Government in connection with a disability, combat-related injury or disability, or
death of a member of the uniformed services. If you received any retired pay paid
under chapter 61 of title 10, then include that pay only to the extent that it does not
exceed the amount of retired pay to which you would otherwise be entitled if retired
under any provision of title 10 other than chapter 61 of that title.            $ 0.00        $ 0.00

**10.  Income from all other sources not listed above.** Specify the source and amount. Do
not include any benefits received under the Social Security Act; payments made under
the Federal law relating to the national emergency declared by the President under the
National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus
disease 2019 (COVID-19); payments received as a victim of a war crime, a crime
against humanity, or international or domestic terrorism; or compensation, pension,
pay, annuity, or allowance paid by the United States Government in connection with a
disability, combat-related injury or disability, or death of a member of the uniforces. If
necessary, list other sources on a separate page and put the total below.

_____                    $ 0.00        $ 0.00

_____                    $ 0.00        $ 0.00

Total amounts from separate pages, if any.                    + $ 0.00      + $ 0.00

**11.  Calculate your total current monthly income.** Add lines 2 through 10 for each
column. Then add the total for Column A to the total for Column B.

$ 0.00   **+**   $ 0.00   **=**   $ 0.00

Total current
monthly income

---

**Part 2:    Determine Whether the Means Test Applies to You**

**12.  Calculate your current monthly income for the year.** Follow these steps:

12a.    Copy your total current monthly income from line 11................................................... Copy line 11 here➔   $ 0.00

Multiply by 12 (the number of months in a year).                                        **x  12**

12b.    The result is your annual income for this part of the form.                        12b.   $ 0.00

**13.  Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.                    CA

Fill in the number of people in your household.        1

Fill in the median family income for your state and size of household. ...............................................   13.   $ 62,171.00

To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

**14.  How do the lines compare?**

14a.    ☑  Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
        Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b.    ☐  Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
        Go to Part 3 and fill out Form 122A-2.

---

| Debtor 1 | Rosa A Fridman | | | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _Rosa A Fridman_          X _____

Signature of Debtor 1                                      Signature of Debtor 2

Date 02/25/2021                                    Date _____
      MM / DD / YYYY                                                 MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

Beach Crest Villas Homeowners Association
1100 Rutland Rd
Newport Beach, CA 92660


D. Michael Bush
2575 McCabe Way
Suite 260
Irvine, CA 92614


Darling Risbrough
19200 Von Karman
Suite 750
Irvine, CA 92612


I.C. System, Inc
Po Box 64378
Saint Paul, MN 55164


John Daniel Ott
3020 Old Ranch Pkwy
Ste 300
Seal Beach, CA 90740


Karl Avetoom
1100 Rutland Road
Newport Beach, CA 92660


Law Offices of Mokri & Associates
1851 E 1st Street
Suite 840
Santa Ana, CA 92705


The Fridman Family Trust Established on April

United States Bankruptcy Court

Central District of California

In re: Rosa A Fridman

Case No.

Chapter    7

Debtor(s)

### Verification of Creditor Matrix

     The above-named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date: _____02/25/2021_____        _____
                                 Signature of Debtor

                                 _____
                                 Signature of Joint Debtor

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

---

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and
>
> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7 — Liquidation

- Chapter 11— Reorganization

- Chapter 12— Voluntary repayment plan for family farmers or fishermen

- Chapter 13— Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

## Chapter 7: Liquidation

|   |   |   |
|---|---|---|
|   | $245 | filing fee |
|   | $78 | administrative fee |
| + | $15 | trustee surcharge |
|   | $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

- most taxes;

- most student loans;

- domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and

- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;

- fraud or defalcation while acting in breach of fiduciary capacity;

- intentional injuries that you inflicted; and

- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|  | $1,167 | filing fee |
|---|---|---|
| + | $571 | administrative fee |
|  | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12:  Repayment plan for family farmers or fishermen

|   |   |
|---|---|
| $200 | filing fee |
| + $78 | administrative fee |
| $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13:  Repayment plan for individuals with regular income

|   |   |
|---|---|
| $235 | filing fee |
| + $78 | administrative fee |
| $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

## Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

-  All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*EXHIBIT "24"*

26

27

28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

FILED

MAY 28 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No:    8:21-bk-10513-ES |
| Rosa Fridman | Adversary Case No: |
| Debtor | Hon: Erithe A. Smith |
| | Chapter 7 |
| Karl Avetoom | **COMPLAINT TO DETERMINE DISCHARGE 11 U.S.C. § 523(a)(10).** |
| Plaintiff | |
| v. | |
| Rosa Fridman | |
| Defendant | |

Plaintiff, Karl Avetoom ("Avetoom"), a creditor of the bankruptcy estate *In re Rosa Fridman*,

Case No. 8:21-bk-10513-ES holding an aggregate claim in the approximate amount of $1,199,740

respectfully represents and alleges with his Complaint as follows:

## I.  STATEMENT OF JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding ("Adversary Proceeding")

pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. § 523(a)(10) of the Bankruptcy Code. This is a

core proceeding under 28 U.S.C. §§ 157(b)(2)(I).

1

ADVERSARY COMPLAINT

2.       Venue for this Adversary Proceeding properly lies in this Judicial District in that
this civil proceeding arises under Title 11 of the United States Code as provided under 28 U.S.C. §
1409.

3.       This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy cases of *In re Rosa Fridman*, Case No. 8:21-bk-10513-ES, on the docket of this Court and *In re Moisey Fridman and Rosa Fridman* Case No. 8:12-bk-11721-ES. The Debtor's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on February 26, 2021.

4.       Plaintiff, Karl Avetoom, is creditor of the Debtor/Defendant's bankruptcy estate in the initial amount of approximately $1,199,740. Specifically, as a consequence of the Debtor/Defendant's willful and malicious behavior, on November 18, 2011, the Orange County Superior Court entered a judgment in favor of Plaintiff Avetoom and against the Debtor/Defendant for $1,000,000.00.

5.       Thereafter, the November 2011 Judgment was reduced to $650,000 on or about January 6, 2012.

6.       On or around February 10, 2021 the Judgment was renewed in the approximate amount of $1,199,740.

## II.  **STATEMENT OF STANDING**

7.       The Plaintiff, as a creditor of the Debtor's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523.

## III.  **GENERAL ALLEGATIONS**

8.       Plaintiff Avetoom is informed and believe and thereon allege the following facts to justify that his claim of approximately $1,199,740, not including additional attorneys' fees and any and all pre-petition interest, against the Debtor Rosa Fridman shall be deemed non-dischargeable under Section 523 (a)(10) of the Bankruptcy Code.

ADVERSARY COMPLAINT

# IV.  FACTUAL ALLEGATIONS

9.      On November 18, 2011, the Orange County Superior Court, Honorable Karen L. Robinson presiding, entered a Judgment in the matter entitled, *Karl Avetoom v. Moisey Fridman and Rosa Fridman*, Orange County Superior Court Case No. 30-2010-00345490, in favor of Avetoom in the total amount of $1,000,000 against the Fridmans.

10.     As detailed in the November 2011 Judgment, which was the result of a 12-person jury verdict, the jury found that Moisey Fridman and Debtor/Defendant Rosa Fridman engaged in outrageous conduct that intended to cause intentional infliction of emotional distress to Karl Avetoom, and that the Fridmans' behavior, by clear and convincing evidence, involved fraud, oppression and malice.  The unanimous jury also awarded punitive damages against Moisey Fridman and Debtor/Defendant Rosa Fridman.

11.     On January 6, 2012, the Orange County Superior Court, Judge Karen L. Robinson presiding, issued the Order re: Defendants' Motion For New Trial and Motion for Judgment ("New Trial Order").  As detailed in January 2012 New Trial Order, the Orange County Superior Court denied the Fridmans' motion for a new trial on the condition that Karl Avetoom (Objecting Creditor) agreed to reduce his punitive damages to $25,000 as to each of the Fridmans, including Rosa Fridman (Debtor).  The Orange County Superior Court confirmed in the January 2012 New Trial Order that the jury verdict in favor of Avetoom and against the Fridmans for $1,000,000 was supported by substantial evidence confirming Fridmans intentional infliction of emotional distress towards Karl Avetoom.

12.     Soon thereafter on February 10, 2012, Debtors Moisey and Rosa Fridman filed a Chapter 13 bankruptcy case 8:12-bk-11721-ES.  On February 24, 2012, the Debtors filed their Schedules, Statement of Financial Affairs and related documents in this bankruptcy case listing the debt owed to Plaintiff from the state court action (OCSC No. 30-2010-00345490) by Plaintiff against Debtor [8:12-bk-11721-ES Doc 178].  Debtor's case 8:12-bk-11721-ES was later converted to Chapter 7.

13.     On or around July 30, 2012 the Chapter 7 Trustee in Case No. 8:12-bk-11721-ES filed an adversary proceeding seeking non-discharge under Sections 727(a)(2), (4), and (5) against Debtor/Defendant Moisey Fridman and Rosa Fridman, Adversary Case No. 8:13-ap-01253-ES.

3

ADVERSARY COMPLAINT

14.     On or around January 30, 2015 Debtor Rosa Fridman stipulated to non-discharge of all debts in their bankruptcy case 8:12-bk-11721-ES under all claims for relief sought by the Chapter 7 Trustee in Adversary Case No. 8:13-ap-01253-ES, arising under 11 U.S.C. § 727(a)(2), (4), and (5)[Case 8:13-ap-01253-ES Doc 73].

15.     On or around February 18, 2015 this Court entered an Order denying discharge under Section 727 of the bankruptcy code against Moisey Fridman and Rosa Fridman [Case 8:13-ap-01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including those under 11 U.S.C. § 727(a)(2), (4), and (5).

16.     On or around February 10, 2021 Plaintiff renewed his Judgment in Orange County Superior Court case no. 30-2010-00345490 against Debtor in the amount of approximately $1,199,740.

17.     On or around February 26, 2021 Debtor Rosa Fridman filed for Chapter 7 Bankruptcy, case No. 8:21-bk-10513-ES.  In her schedules Debtor/Defendant lists the debt to Plaintiff previously listed in her 2012 bankruptcy petition (8:12-bk-11721-ES) owed to Plaintiff Avetoom arising from the 2011 Judgment in Orange County Superior Court case no. 30-2010-00345490 [Case 8:21-bk-10513 Doc 1, Schedule D].

## V.  **FIRST CAUSE OF ACTION**

[11 U.S.C. § 523(a)(10)]

Against Debtor/Defendant Rosa Fridman

18.     Plaintiff Karl Avetoom hereby alleges and incorporates by reference, Paragraphs 1 through 16, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

19.     Pursuant to U.S.C. § 523(a)(10), the Court shall except from the Debtor/Defendant's discharge any debt:

(a)A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this

4

title or under the Bankruptcy Act in which the debtor

waived discharge, or was denied a discharge under

section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or

under section 14c(1), (2), (3), (4), (6), or (7) of such Act;

20.    Plaintiff Avetoom is informed and believes that the Debtor/Defendant Rosa Fridman declared her prepetition debt owed to Plaintiff arising from the Orange County Superior Court case no. 30-2010-00345490 in her prior bankruptcy petition (8:12-bk-11721-ES).

21.    Plaintiff Avetoom is informed and believes that Debtor/Defendant Rosa Fridman was denied discharge of all debts, including the prepetition debt owed to Plaintiff arising from Orange County Superior Court case no. 30-2010-00345490, under Section 727(a)(2),(4) and (5) in Debtor Defendant's prior bankruptcy, case no. 8:12-bk-11721-ES (related adversary case. No. 8:13-ap-01253-ES).

22.    Plaintiff Avetoom is informed and believes and thereon alleges that his claims in the approximate total amount of $1,199,740 against Debtor Rosa Fridman should be deemed non-dischargeable under Section 523(a)(10).

**WHEREFORE, Plaintiffs Karl Avetoom prays for** judgment under Section 523(a)(10) of the Bankruptcy Code against Debtors Rosa Fridman as follows:

### ON THE FIRST CAUSE OF ACTION

1.    That Plaintiff Karl Avetoom claim that total in the approximate amount of $1,199,740 against Debtor Rosa Fridman be deemed non-dischargeable under Section 523(a)(10) of the Bankruptcy Code.

### ON ALL CAUSES OF ACTION

2.    For all fees and costs as provided under the law.

3.    For all further relief and the Court deems just and proper.

Dated May 28, 2021                    By: _____

Karl Avetoom
Creditor and Plaintiff, In Pro Per

5

B1040 (FORM 1040) (12/15)

<table>
<tr>
<td colspan="2"><b>ADVERSARY PROCEEDING COVER SHEET</b><br>(Instructions on Reverse)</td>
<td><b>ADVERSARY PROCEEDING NUMBER</b><br>(Court Use Only)</td>
<td><b>RECEIVED</b><br><b>MAY 2 8 2021</b><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk</td>
</tr>
</table>

| **PLAINTIFFS**<br><br>KARL AVETOOM | **DEFENDANTS**<br><br>ROSA FRIDMAN |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br><br>SCOTT TALKOV, State Bar No. 264676<br>2900 Adams St Ste C225   Riverside, California 92504 |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargability of Debtor under Section 523(a)(10) of the Bankruptcy Code.

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ROSA FRIDMAN | BANKRUPTCY CASE NO.<br>8:21-bk-10513-ES | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>May 28, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Karl Avetoom | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "25"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

          Debtor

_____

Karl Avetoom

          Plaintiff

     v.

Rosa Fridman

          Defendant
_____

Case No:    8:21-bk-10513-ES

Adversary Case No:  8:21-ap-01023-ES

Hon:  Erithe A. Smith

Chapter 7

**FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGE 11 U.S.C. § 523(a)(10).**

Plaintiff, Karl Avetoom ("Plaintiff"), a creditor of the bankruptcy estate *In re Rosa Fridman*, Case No. 8:21-bk-10513-ES holding an aggregate claim in the approximate amount of $1,199,740 respectfully represents and alleges with his First Amended Complaint as follows:

## I.  STATEMENT OF JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding ("Adversary Proceeding") pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. § 523(a)(10) of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy cases of *In re Rosa Fridman*, Case No. 8:21-bk-10513-ES, currently on the

1

docket of this Court, and the related prior bankruptcy case of *In re Moisey Fridman and Rosa Fridman*

Case No. 8:12-bk-11721-ES. The Debtor's current bankruptcy case, 8:21-bk-10513-ES, was

commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United

States Bankruptcy Code on February 26, 2021 in the Federal Bankruptcy Court for the Central District

of California, Santa Ana Division.  Plaintiff consents to the Bankruptcy Court entering judgment in

this matter.

    2.      Venue for this Adversary Proceeding properly lies in this Judicial District in that

this civil proceeding arises under Title 11 of the United States Code as provided under 28 U.S.C. §

1409.

    3.      Plaintiff, Karl Avetoom, is creditor of the Debtor/Defendant's bankruptcy estate in the

initial amount of approximately $1,199,740. Specifically, as a consequence of the Debtor/Defendant's

willful and malicious behavior, on November 18, 2011, the Orange County Superior Court entered a

judgment ("Judgment") in favor of Plaintiff Avetoom and against the Debtor/Defendant for

$1,000,000.00.

    4.      Thereafter, the November 2011 Judgment was reduced to $650,000 on or about January 6,

2012.

    5.      On or around February 10, 2021 the Judgment was renewed in the approximate amount of

$1,199,740.

## II.  STATEMENT OF STANDING

    6.      The Plaintiff, as a creditor of the Debtor's bankruptcy estate, has standing to prosecute this

Adversary Proceeding under 11 U.S.C. § 523.

## III.  GENERAL ALLEGATIONS

    7.      Plaintiff Avetoom is informed and believe and thereon allege the following facts to justify

that his claim of approximately $1,199,740, not including additional attorneys' fees and any and all

pre-petition interest, against the Debtor Rosa Fridman shall be deemed non-dischargeable under

Section 523 (a)(10) of the Bankruptcy Code.

FIRST AMENDED ADVERSARY COMPLAINT

## IV. **FACTUAL ALLEGATIONS**

8.      On November 18, 2011, the Orange County Superior Court, Honorable Karen L. Robinson

presiding, entered a Judgment in the matter entitled, *Karl Avetoom v. Moisey Fridman and Rosa*

*Fridman*, Orange County Superior Court Case No. 30-2010-00345490, in favor of Avetoom in the

total amount of $1,000,000 against the Fridmans.

9.      As detailed in the November 2011 Judgment, which was the result of a 12-person jury

verdict, the jury found that Moisey Fridman and Debtor/Defendant Rosa Fridman engaged in

outrageous conduct that intended to cause intentional infliction of emotional distress to Karl Avetoom,

and that the Fridmans' behavior, by clear and convincing evidence, involved fraud, oppression and

malice.  The unanimous jury also awarded punitive damages against Moisey Fridman and

Debtor/Defendant Rosa Fridman.

10.      On January 6, 2012, the Orange County Superior Court, Judge Karen L. Robinson

presiding, issued the Order re: Defendants' Motion For New Trial and Motion for Judgment ("New

Trial Order").  As detailed in January 2012 New Trial Order, the Orange County Superior Court denied

the Fridmans' motion for a new trial on the condition that Karl Avetoom (Objecting Creditor) agreed to

reduce his punitive damages to $25,000 as to each of the Fridmans, including Rosa Fridman (Debtor).

The Orange County Superior Court confirmed in the January 2012 New Trial Order that the jury

verdict in favor of Avetoom and against the Fridmans for $1,000,000 was supported by substantial

evidence confirming Fridmans intentional infliction of emotional distress towards Karl Avetoom.

11.      Soon thereafter on February 10, 2012, Debtors Moisey and Rosa Fridman filed a Chapter

13 bankruptcy case 8:12-bk-11721-ES.  On February 24, 2012, the Debtors filed their Schedules,

Statement of Financial Affairs and related documents in the bankruptcy case listing the debt owed to

Plaintiff from the state court action and Judgment (OCSC No. 30-2010-00345490) against Debtor

[8:12-bk-11721-ES Doc 178].  Debtor's case 8:12-bk-11721-ES was later converted to Chapter 7.

12.      On or around July 30, 2012 the Chapter 7 Trustee in Case No. 8:12-bk-11721-ES filed an

adversary proceeding seeking non-discharge under Sections 727(a)(2), (4), and (5) against

Debtors/Defendants Moisey Fridman and Rosa Fridman, Adversary Case No. 8:13-ap-01253-ES.

13.      On or around January 30, 2015 Debtor Rosa Fridman stipulated to non-discharge of all

FIRST AMENDED ADVERSARY COMPLAINT

debts in their bankruptcy case 8:12-bk-11721-ES under all claims for relief sought by the Chapter 7

Trustee in Adversary Case No. 8:13-ap-01253-ES, arising under 11 U.S.C. § 727(a)(2), (4), and

(5)[Case 8:13-ap-01253-ES Doc 73].

14.    On or around February 18, 2015 this Court entered an Order denying discharge under

Section 727 of the bankruptcy code against Debtors Moisey Fridman and Rosa Fridman [Case 8:13-ap-

01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including

those under 11 U.S.C. § 727(a)(2), (4), and (5).

15.    On or around February 10, 2021 Plaintiff renewed his 2011 Judgment in Orange County

Superior Court case no. 30-2010-00345490 against Debtor in the amount of approximately $1,199,740.

16.    On or around February 26, 2021 Debtor Rosa Fridman filed for Chapter 7 Bankruptcy, case

No. 8:21-bk-10513-ES.  In her schedules Debtor/Defendant Rosa Fridman lists the same debt

previously listed in her 2012 bankruptcy petition that was denied discharge (8:12-bk-11721-ES), that is

owed to Plaintiff arising from the 2011 Judgment in Orange County Superior Court case no.

30-2010-00345490 [8:21-bk-10513 Doc 1, Schedule D].

## V.  FIRST CAUSE OF ACTION

[11 U.S.C. § 523(a)(10)]

Against Debtor/Defendant Rosa Fridman

17.    Plaintiff Karl Avetoom hereby alleges and incorporates by reference, Paragraphs 1 through

16, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

18.    Pursuant to 11 U.S.C. § 523(a)(10), the Court shall except from the Debtor/Defendant's

discharge any debt:

(a)A discharge under section 727, 1141, 1192, 1228(a),
1228(b), or 1328(b) of this title does not discharge an
individual debtor from any debt—

(10) that was or could have been listed or scheduled by
the debtor in a prior case concerning the debtor under this
title or under the Bankruptcy Act in which the debtor
waived discharge, or was denied a discharge under

4

FIRST AMENDED ADVERSARY COMPLAINT

section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or

under section 14c(1), (2), (3), (4), (6), or (7) of such Act;

19.     Plaintiff Avetoom is informed and believes that the Debtor/Defendant Rosa Fridman declared her prepetition debt owed to Plaintiff arising from the Orange County Superior Court case no. 30-2010-00345490 in her prior bankruptcy petition (8:12-bk-11721-ES).

20.     Plaintiff Avetoom is informed and believes that Debtor/Defendant Rosa Fridman was denied discharge of all debts, including the prepetition debt owed to Plaintiff arising from Orange County Superior Court case no. 30-2010-00345490, under Section 727(a)(2),(4) and (5) in Debtor Defendant's prior bankruptcy, case no. 8:12-bk-11721-ES (related adversary case. No. 8:13-ap-01253-ES).  Debtor/Defendant Rosa Fridman has again listed her debt owed to Plaintiff arising from the Orange County Superior Court case no. 30-2010-00345490 in her successive new Petition.

21.     Plaintiff Avetoom is informed and believes and thereon alleges that his claims in the approximate total amount of $1,199,740 against Debtor Rosa Fridman should be deemed non-dischargeable under Section 523(a)(10).

**WHEREFORE, Plaintiffs Karl Avetoom prays for** judgment under Section 523(a)(10) of the Bankruptcy Code against Debtors Rosa Fridman as follows:

### ON THE FIRST CAUSE OF ACTION

1.   That Plaintiff Karl Avetoom claim that total in the approximate amount of $1,199,740 against Debtor Rosa Fridman be deemed non-dischargeable under Section 523(a)(10) of the Bankruptcy Code.

### ON ALL CAUSES OF ACTION

2.   For all fees and costs as provided under the law.

3.   For all further relief and the Court deems just and proper.

Dated June 7, 2021                              By:   _Karl Avetoom_
                                                     Karl Avetoom
                                                     Creditor and Plaintiff, In Pro Per

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
OPR 7451 Warner Ave #E191 Huntington Bch, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED COMPLAINT TO
DETERMINE DISCHARGE 11 U.S.C. § 523(a)(10)** will be served or was served **(a)** on the judge in chambers in the
form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 1,
2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)** 2edansie@gmail.com, kanderson@ecf.axosfs.com
**Michael J Hauser** michael.hauser@usdoj.gov
**Melissa Davis Lowe** mlowe@shulmanbastian.com, avernon@shulmanbastian.com
**Charles L Murray** cmurray@cm3law.com, cm3esquire@gmail.com
**Scott Talkov** scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 7, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

**Rosa A Fridman**
16542 Blackbeard Ln Unit 304
Huntington Beach, CA 92649-3439

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 7, 2021 | Sal W. Hanna | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "26"*

26
27
28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Debtor and Defendant Rosa Fridman

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:21-bk-10513-ES |
| Rosa Fridman, | Chapter 7 Case |
| Debtor. | Adv. No. 8:21-ap-01023-ES |
| | Assigned To: Hon. Erithe A Smith |
| Karl Avetoom, | **DEFENDANT ROSA FRIDMAN'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGE 11 U.S.C. § 523(a)(10)** |
| Plaintiff, | |
| v. | |
| Rosa Fridman, | |
| Defendant. | |

**DEFENDANT ROSA FRIDMAN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Debtor and Defendant Rosa Fridman, an individual, ("Defendant"), hereby responds to the complaint (the "Complaint") filed by plaintiff Karl Avetoom (the "Plaintiff"), in his capacity as a creditor of the bankruptcy estate of Defendant, and states as follows:

## I.    INTRODUCTION

The Complaint is yet another example of Plaintiff's litigious and vengeful attitude toward Defendant. The Complaint is a classic example of a creditor who wants to both have his cake and eat it too. Specifically, Plaintiff filed this Complaint to enforce a 2012 judgment which he argues should not be discharged (the "2012 Judgment").

Relevant to this analysis is a separate judgment handed down by the California State Court in 2020 (the "2020 Judgment"). A true and correct of the 2020 Judgment is attached as Exhibit 1. Notably, Paragraph 7 of the 2020 Judgment states: "The Parties agree to waive any and all claims, known or unknown, between them and waive the protection of Civil Code § 1542." Thus, the 2020 Judgment serves as a waiver to Plaintiff's right to collect under the 2012 Judgment and Plaintiff's right to collect thereon therefore does not exist.

Even more troubling is that Plaintiff is currently seeking relief in State Court as it relates to the 2020 Judgment. Thus, if, as Plaintiff argues in his Complaint, the 2012 Judgment still exists, then the 2020 Judgment should not exist and he will lose in State Court. If that debt still exists, then the 2020 judgment does not exist. If he tries to rely on the 2012 judgment, then he loses in State Court.

Simply put, Plaintiff needs to choose which Judgment he will be relying on in this bankruptcy. He cannot have his cake and eat it too.

## II.    ANSWER TO COMPLAINT

1.    The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.    The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

DEFENDANT BUSINESS CONSUMER ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.      The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant lacks denies the allegations contained in Paragraph 10 of the Complaint.

11.      The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant lacks denies the allegations contained in Paragraph 11 of the Complaint.

12.      The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.      Defendant admits the allegations contained in Paragraph 14 of the Complaint.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

- 3 -

DEFENDANT BUSINESS CONSUMER ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (For Avoidance of Preferential Transfer – 11 U.S.C. § 547)

17.     Defendant hereby re-alleges and incorporates by this reference each and every preceding paragraph as though fully set forth herein.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint constitute legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint

20.     The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint constitute legal conclusions or statements to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief from Defendant.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

- 4 -

**DEFENDANT BUSINESS CONSUMER ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any matter on which Plaintiff bears such burden, and without waiving any of the specific denials set forth in the Answer above, Defendant states and alleges for its additional and affirmative defenses as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.    The Complaint fails state any claim upon which relief may be granted against Defendant as Defendant has been improperly named throughout the entire Complaint.

**SECOND AFFIRMATIVE DEFENSE**

**(Novation)**

2.    The 2102 Judgment in favor of Plaintiff is not enforceable because Plaintiff obtained a new and different judgment in the place of the 2012 Judgment, namely, the 2020 Judgment.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

3.    Plaintiff waived his right to collect on the 2012 Judgment.

**FOURTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

4.    The Defendant's liability on the 2012 Judgment has been discharged by way of Plaintiff's acceptance of the terms of the 2020 Judgment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Modification)**

5.    The Defendant's liability under the 2012 Judgment is discharged by way of the modification of the terms of the 2012 Judgment in the 2020 Judgment.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6.    The Complaint and each purported cause of action therein is barred by the doctrine of estoppel.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

DEFENDANT BUSINESS CONSUMER ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

7.      Defendant hereby give notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses.

**WHEREFORE**, Defendant prays for the order and judgment of this Court in its favor and against Plaintiff as follows:

1.      That judgment is entered in favor of Defendant and against Plaintiff;

2.      That Plaintiff takes nothing by way of its Complaint and that the Complaint is dismissed against Defendant with prejudice;

3.      For Defendant's attorneys' fees and costs of suit incurred herein, as permitted by law; and

4.      For such other and further relief as is just and proper.

DATED: June 28, 2021                           TALKOV LAW CORP.

*Scott Talkov*

By:                      _____
                            Scott Talkov
                            Counsel for Debtor/Defendant
                            Rosa Fridman

**DEFENDANT BUSINESS CONSUMER ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

# Exhibit 1

RECORDING REQUESTED BY:

Karl Avetoom

AND WHEN RECORDED MAIL TO:

1100 Rutland Rd #9
Newport Beach CA 92660

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

100.00

* $ R 0 0 1 2 2 6 2 8 9 4 $ *
2020000673156 2:49 pm 11/19/20
320 RW1A J02   6
0.00 0.00 0.00 0.00 15.00 0.00 0.000.0075.00 3.00

*THIS SPACE IS FOR RECORDERS USE ONLY*

## JUDGMENT

(Please fill in document title(s) on this line)

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**(ADDITIONAL RECORDING FEE APPLIES)**

Electronically Received by Superior Court of California, County of Orange, 07/22/2020 10:50:00 PM.
30-2015-00820760-CU-FR-NJC - ROA # 483 - DAVID H. YAMASAKI, Clerk of the Court By Anh Dang, Deputy Clerk.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 1 3 2020

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

IT
SP
SB
FF

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

KARL AVETOOM, an individual

Plaintiff,

vs.

~~ROBERT RISBROUGH, an individual;~~
~~DARLING & RISBROUGH, LLP, a~~
~~California Limited Liability Partnership;~~
ROSA FRIDMAN, an individual, and ROSA
FRIDMAN as Trustee for The Fridman
Family Trust Established On April 14, 2000;
~~and DOES 1-20, inclusive~~
Defendants

Case No: 30-2015-00820760
Assigned for Trial to:

HON. JUDGE THEODORE HOWARD
Dept: C-18

[~~PROPOSED~~] JUDGMENT

**IT IS HEREBY STIPULATED AND AGREED UPON** between Plaintiff Karl Avetoom and

Defendant Rosa Fridman, as an individual and in her capacity as Trustee for The Fridman

Family Trust Established On April 14, 2000, (collectively "the Parties")(Rosa Fridman is also

known as "Rosa A. Fridman as Trustee to The Fridman Family Trust u/d/t April 14, 2000")

that on July 9, 2019 before the Court that Judgment be entered in favor of Karl Avetoom and

against Rosa Fridman as an individual and as Trustee for The Fridman Family Trust

Established On April 14, 2000, as follows:

1.    Rosa Fridman stipulates that the judgment in *Avetoom v. Arce, Fridman* Orange

County Superior Court Case No. 30-2010-00345490 is valid against her both individually and

as Trustee for The Fridman Family Trust Established On April 14, 2000.

[~~PROPOSED~~] JUDGMENT

1    2.    Rosa Fridman hereby represents that 68.3% of the property commonly known as

2    16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030)("the

3    Property") is owned by Rosa A. Fridman as Trustee for The Fridman Family Trust under

4    Declaration of Trust for The Fridman Family Trust Established On April 14, 2000.

5    3.    Rosa Fridman further represents that the only asset in The Fridman Family Trust

6    Established On April 14, 2000 ("the Trust") is her 68.3% interest in the Property commonly

7    known as 16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030).

8    4.    Rosa Fridman further represents 68.3% ownership interest of the Property is held

9    under the Declaration of Trust as follows: "MOISEY O. FRIDMAN AND ROSA A.

10    FRIDMAN, as Trustees for The Fridman Family Trust u/d/t April 14, 2000" as provided in the

11    declaration of Trust for The Fridman Family Trust Established On April 14, 2000.  Under the

12    terms of the Trust, after the passing of MOISEY O. FRIDMAN in 2015, ROSA A. FRIDMAN

13    as Trustee for The Fridman Family Trust Established On April 14, 2000 possesses 68.3%

14    ownership of the Property as the surviving spouse.

15    5.    The remaining interest in the Property is owned by ALEX FRIDMAN, a single

16    man.

17    6.    The parties hereby stipulate that ALEX FRIDMAN'S interest in the Property is

18    not affected by this Judgment.

19    7.    The Parties agree to waive any and all claims, known or unknown, between them

20    and waive the protection of Civil Code § 1542.

21    8.    The Parties agree to not file any action against each other, or family of each

22    other.

23    9.    The Parties stipulate that the Court shall retain jurisdiction to enforce this

24    Settlement pursuant to Code of Civil Procedure Section 664.6.

25    10.    The Parties represent that they each have the authority to enter into the

26    Settlement in all capacities.

27    11.    The Parties stipulate that all claims in this action against Rosa Fridman, as an

28    individual and as Trustee for The Fridman Family Trust Established April 14, 2000 are hereby

2

[PROPOSED] JUDGMENT

1   DISMISSED with prejudice upon execution of this Judgment by the Court.

2

3   IT IS HEREBY ORDERED, ADJUDGED AND DECREED IN ACCORD WITH THE

4   ABOVE.

5

6

7

8   Dated: _August 13, 2020_          By: _[signature]_

9                                          Hon. Theodore Howard

10                                         Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

[PROPOSED] JUDGMENT

1  PROOF OF SERVICE
2  STATE OF CALIFORNIA
   COUNTY OF ORANGE
3
   I, Sal Hanna, am employed in the County of Orange, State of California. I am over eighteen years of
4
   age, and not a party to this action; my business address is 7451 Warner Ave #E191 Huntington Beach,
5
   CA 92647 714-794-2779. Orange County Registered Process Server ID # 3050
6
7  On July 22, 2020, I served the following document:
8  **[PROPOSED] JUDGMENT**
9  on the following parties in the associated manner:
10
11 **[X] ELECTRONIC SERVICE.**
12 I am a resident and employed in the county where the service occurred. I caused to be served on the
13 following parties by ELECTRONIC service a copy of the above document, pursuant to the California
14 Rules of Court, to the respective address.
15
16 Brad Mokri, Esq.
   MOKRI & ASSOCIATES
17 *(Attorneys for Defendants Rosa Fridman, and Rosa Fridman as Trustee of The Fridman Family Trust)*
18 1851 East 1st Street
19 Suite 840, Santa Ana, CA 92705
   *electronic service address: bmokri@mokrilaw.com*
20
21 I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is
22 true and correct.
23
24 Executed November 22, 2020 in Huntington Beach, CA.
25
26                                        */s/ Sal W. Hanna*
27                             By:    _____
28                                         Sal Hanna

                               1
                        PROOF OF SERVICE

I hereby certify the foregoing instrument consisting of 4 page(s)
is a true and correct copy of the original on file in this court.

ATTEST: (DATE) 11/9/2020
DAVID H. YAMASAKI, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____ DEPUTY
Heather Archambault

# PROOF OF SERVICE OF DOCUMENT

1

2    I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address
is: 16542 Blackbeard Lane, #304, Huntington Beach, California 92649

3

4    A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT ROSA FRIDMAN'S ANSWER
TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGE 11 U.S.C. § 523(a)(10)**

5    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d);
and **(b)** in the manner stated below:

6    **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling

7    General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the
document. On (*date*) 6/28/2021, I checked the CM/ECF docket for this bankruptcy case or adversary

8    proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF
transmission at the email addresses stated below:

9    Karl T Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com

10    United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

11

12                                                                ☐ Service information continued on
attached page

13

**2.  SERVED BY UNITED STATES MAIL**:

14    On (*date*) 6/28/2021 I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the

15    United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a
declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

16    Karl Avetoom

17    1100 Rutland Road #9
Newport Beach, CA 92660

18

19                                                                ☐ Service information continued on
attached page

20    **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state
method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)

21    _____, I served the following persons and/or entities by personal delivery, overnight mail service,
or (for those who consented in writing to such service method), by facsimile transmission and/or email as

22    follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge
will be completed no later than 24 hours after the document is filed.

23

24                                                                ☐ Service information continued on
attached page

25    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

26    June 28, 2021        Leilani Caspillo                          *Leilani Caspillo*

27    *Date*                    *Printed Name*                          *Signature*

28

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

**DEFENDANT BUSINESS CONSUMER ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "27"*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT Central_____ DISTRICT OF California_____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>Moisey Fridman and Rosa Fridman | Case Number:<br><br>8:12-bk-11721-ES | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>Karl Avetoom | COURT USE ONLY |
|---|---|

| Name and address where notices should be sent:<br>Polis & Associates, APLC<br>c/o Thomas J. Polis<br>19800 MacArthur Boulevard, Suite 1000<br>Irvine, California 92612<br>Telephone number: (949) 862-0040   email: tom@polis-law.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on:_____ |

| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:              email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**            $666,111.88_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Judgment from Orange County Superior Court_____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>__ __ __ __ | **3a. Debtor may have scheduled account as:**<br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $350,000_____

**Annual Interest Rate** 10___ % ☒ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** Judgment Lien_____

**Amount of Secured Claim:** $56,000 (approx.)___

**Amount Unsecured:** $610,000_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10

B 10 (Official Form 10) (12/11) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.) or their authorized agent. (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Thomas J. Polis
Title: Attorney for Karl Avetoom
Company: Polis & Associates, APLC        /s/ Thomas J. Polis                 03/27/2012
Address and telephone number (if different from notice address above):   (Signature)                (Date)
                                                                          Thomas J. Polis

Telephone number:                  email:
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

| In re: Moisey Fridman and Rosa Fridman, | Chapter 13 |
|---|---|
| Debtor(s). | Case Number **8:12-bk-11721–ES** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **PROOF OF CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 27, 2012,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Office of the United States Trustee - ustpregion16.sa.ecf@usdoj.gov
- Matthew E. Faler - mfaler@faler-law.com
- Amrane Cohen - efile@ch13ac.com

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **March 27, 2012,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

- United States Bankruptcy Court, Central District of California, Honorable Erithe Smith, 411 West Fourth Street, Suite 5041, Santa Ana, California 92701

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 27, 2012 | Ashley N. Reichert | /s/ Ashley N. Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                  **F 9013-3.1**

1

```
1   Charles Murray, III.  SBN: 195053
    523 West Sixth Street, Suite 707
2   Los Angeles, California 90014
    T.213.627.5983
3   F.213.627.6051
4   Attorney for Plaintiff
5
6
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9          FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER
10
    KARL AVETOOM,                    ) Case No: 30-2010-00345490
11                                   )
            Plaintiff,               ) Assigned to:
12                                   )
        vs.                          ) HON. JUDGE KAREN L. ROBINSON
13                                   ) Dept: H12
                                     )
14                                   )
    MOISEY FRIDMAN and ROSA          ) [PLAINTIFF'S PROPOSED] JUDGMENT
15                                   )
    FRIDMANS, as individuals, and    )
16                                   )
    DOES 1-50,                       )
17                                   )
            Defendants               )
18  ─────────────────────────────────)
19
20      This cause came on regularly for trial on October 18, 2011 in
21  department H12, the Honorable Karen L. Robinson, Judge, presiding.
22  Plaintiff Karl Avetoom appeared by Charles L. Murray III of the Law
23  Offices of Charles L. Murray III, his attorney.  Defendants Moisey
24  and Rosa Fridman appeared by D. Michael Bush of the Law Office of D.
25  Michael Bush, their attorney.
26      The trial was bifurcated. The first phase of the trial
27  consisted of the liability issues on the complaint; the second phase
28  would consist of punitive damages.  A jury of twelve persons was
```

- 1 -

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
NOV 18 2011
ALAN CARLSON, Clerk of the Court
BY: T. LEWIS, DEPUTY

Rec'd
NOV 02 2011
T. LEWIS

1  regularly impaneled and sworn to try the action.

2        FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT

3                    [MOISEY FRIDMAN]

4      After hearing the evidence, arguments of counsel, and

5  instructions of the Court, and the following questions as stipulated

6  to by the parties, the jury deliberated and unanimously returned the

7  special verdict on the first phase-complaint, of the trial that

8  stated:

9

10 "We answer the questions submitted to us as follows:

11    1. Was Moisey Fridman's conduct outrageous?

12

13     __X__ Yes _____ No

14

15    If your answer to question 1 is yes, then answer question 2.

16    If you answered no, stop here, answer no further questions,

17    and have the presiding juror sign and date this form.

18

19    2. Did Moisey Fridman intend to cause Karl Avetoom

20    emotional distress?

21      or

22    Did Moisey Fridman act with reckless disregard of the

23    probability that Karl Avetoom would suffer emotional

24    distress, knowing that Karl Avetoom was present when the

25    conduct occurred?

26

27     __X__ Yes _____ No

28

- 2 -

[PLAINTIFF'S PROPOSED] JUDGMENT

If your answer to question 2 is yes, then answer question 3.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


3. Did Karl Avetoom suffer severe emotional distress?


__X__ Yes _____ No


If your answer to question 3 is yes, then answer question 4.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


4. Was Moisey Fridman's conduct a substantial factor in
causing Karl Avetoom's severe emotional distress?


__X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


5. What are Karl Avetoom's damages?


[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:............................ $ 200,000.00


[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,000.00


- 3 -

```
 1          ...................................... TOTAL $300,000.00

 2

 3          6. Did Defendant Rosa Fridman engage in a Conspiracy with

 4          Defendant Moisey Fridman?

 5

 6                              Or

 7          Did Rosa Fridman aide and abet Moisey Fridman to cause Karl

 8          Avetoom intentional infliction of emotional distress?

 9

10              __X__ Yes _____ No

11

12   Please proceed to question #7

13

14          7.  Did Defendant Moisey Fridman engage in conduct, by clear

15          and convincing evidence, with either "malice", "oppression", or

16          "fraud"?

17              __X__ Yes _____ No

18

19

20   Signed: /s/

21

22   Presiding Juror"

23

24        FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT

25                         [ROSA FRIDMAN]

26       After hearing the evidence, arguments of counsel, and

27   instructions of the Court, and the following questions as stipulated

28   to by the parties, the jury deliberated and unanimously returned the
```

- 4 -

1  special verdict on the first phase-complaint, of the trial that
2  stated:
3  "We answer the questions submitted to us as follows:
4       1. Was Rosa Fridman's conduct outrageous?
5
6       __X__ Yes _____ No
7
8  If your answer to question 1 is yes, then answer question 2.
9  If you answered no, stop here, answer no further questions,
10  and have the presiding juror sign and date this form.
11
12       2. Did Rosa Fridman intend to cause Karl Avetoom emotional
13  distress?
14           or
15  Did Rosa Fridman act with reckless disregard of the
16  probability that Karl Avetoom would suffer emotional
17  distress, knowing that Karl Avetoom was present when the
18  conduct occurred?
19
20       __X__ Yes _____ No
21
22  If your answer to question 2 is yes, then answer question 3.
23  If you answered no, stop here, answer no further questions,
24  and have the presiding juror sign and date this form.
25
26       3. Did Karl Avetoom suffer severe emotional distress?
27
28       __X__ Yes _____ No

- 5 -

[PLAINTIFF'S PROPOSED] JUDGMENT

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions,

and have the presiding juror sign and date this form.


   4. Was Rosa Fridman's conduct a substantial factor in

causing Karl Avetoom's severe emotional distress?


   __X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions,

and have the presiding juror sign and date this form.


   5. What are Karl Avetoom's damages?

[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:............................. $ 200,000.00

[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,00.00


   .................................... **TOTAL** $300,000.00


   6. Did Defendant Moisey Fridman engage in a Conspiracy with

Defendant Rosa Fridman?


                        Or

Did Moisey Fridman aide and abet Rosa Fridman to cause Karl

- 6 -

[PLAINTIFF'S PROPOSED] JUDGMENT

1    Avetoom intentional infliction of emotional distress?

2

3         __X__ Yes _____ No

4

5  Please proceed to question #7

6         7.   Did Defendant Rosa Fridman engage in conduct, by clear and

7         convincing evidence, with either "malice", "oppression", or

8         "fraud"?

9              __X__ Yes _____ No

10

11  Signed: /s/

12  Presiding Juror"

13

14              SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:

15              PUNITIVE DAMAGES AGAINST MOISEY FRIDMAN

16       After hearing the evidence, arguments of counsel, and

17  instructions of the Court, the jury deliberated and unanimously

18  returned a special verdict on the second phase of the trial-punitive

19  damages, awarding:

20       $200,000.00 in punitive damages against Moisey Fridman.

21

22              SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:

23              PUNITIVE DAMAGES AGAINST ROSA FRIDMAN

24       After hearing the evidence, arguments of counsel, and

25  instructions of the Court, the jury deliberated and unanimously

26  returned a special verdict on the second phase of the trial-punitive

27  damages, awarding:

28       $200,000.00 in punitive damages against Rosa Fridman.

                                  - 7 -

                    [PLAINTIFF'S PROPOSED] JUDGMENT

1   NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED that
2   judgment be entered in favor of the plaintiff Karl Avetoom and
3   against defendants Moisey Fridman and Rosa Fridman on the complaint,
4   as follows:
5       The Court orders judgment against Moisey Fridman as follows:
6   $300,000.00 non-economic damage for intentional infliction of
7   emotional distress, and $200,000.00 in punitive damages by a finding
8   of clear and convincing evidence of malice, oppression or fraud
9   causing intentional infliction of emotional distress.
10      The Court orders judgment against Rosa Fridman as follows:
11  $300,000.00 non-economic damage for intentional infliction of
12  emotional distress, and $200,000.00 in punitive damages by a finding
13  of clear and convincing evidence of malice, oppression or fraud
14  causing intentional infliction of emotional distress.

15
16      The entire judgment against defendant Moisey Fridman is
17  $500,000.00; ($300,000.00 is joint and several with defendant Rosa
18  Fridman for compensatory damages).

19      The entire judgment against defendant Rosa Fridman is
20  $500,000.00; ($300,000.00 is joint and several with defendant Moisey
21  Fridman for compensatory damages).

22
23      All sums awarded hereunder will bear interest at the legal rate
24  of 10% per annum from the date ~~entire~~ judgment is entered until
25  paid.

26
27  Dated:  *11·18·11*                    *Karen O. Robinson*
                                          Hon. Karen L. Robinson
28                                        Judge of the Superior Court

                                          - 8 -

_____
                    [PLAINTIFF'S PROPOSED] JUDGMENT

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address):* | FOR COURT USE ONLY |
|---|---|
| CHARLES L. MURRAY III, SBN: 195053<br>PACIFIC MUTUAL BUILDING<br>523 WEST SIXTH STREET, SUITE 707<br>LOS ANGELES, CA 90014<br>TELEPHONE NO.: T. 213.627.5983    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* KARL AVETOOM<br>[✓] ATTORNEY FOR  [✓] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: KARL AVETOOM

DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN

| WRIT<br>OF | [✓] EXECUTION (Money Judgment)<br>[ ] POSSESSION OF  [ ] Personal Property<br>                         [ ] Real Property<br>[ ] SALE | CASE NUMBER:<br>30-2010-00345490 |
|---|---|---|
| | [ ] Limited Civil Case          [ ] Small Claims Case<br>[✓] Unlimited Civil Case    [ ] Other | |

1. **To the Sheriff or Marshal of the County of:** ORANGE County
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.
3. *(Name):* KARL AVETOOM
   is the [✓] judgment creditor  [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

   ⌐                                          ¬
   MOISEY FRIDMAN
   1100 RUTLAND ROAD #7
   NEWPORT BEACH, CA 92660

   ⌐                                          ¬

   [✓] Additional judgment debtors on next page
5. **Judgment entered on** *(date):*
   18 NOV. 2011
6. [ ] **Judgment renewed on** *(dates):*

7. **Notice of sale** under this writ
   a. [✓] has not been requested.
   b. [ ] has been requested *(see next page).*
8. [ ] Joint debtor information on next page.

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . $ 650,000.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . $ 4,964.41
13. Subtotal *(add 11 and 12)* . . . . . . . . . $ 654,964.41
14. Credits . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
15. Subtotal *(subtract 14 from 13)* . . . . . . $ 654,964.41
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . $ 11,122.47
17. Fee for issuance of writ . . . . . . . . . . . . $ 25.00
18. Total *(add 15, 16, and 17)* . . . . . . . . . . $ 666,111.88
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of . . . . . . $ 179.39/DAY
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date)* FEB 0 2 2012  ALAN CARLSON Clerk, by _____ J. Tran, Deputy

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: KARL AVETOOM | 30-2010-00345490 |
| DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN | |

--- Items continued from page 1—

21. ☑ **Additional judgment debtor** (name, type of legal entity stated in judgment if not a natural person, and last known address):

ROSA FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660

22. ☐ **Notice of sale** has been requested by (name and address):

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989–994)

a. on (date):

b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

a. on (date):

b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

c. ☐ additional costs against certain joint debtors (itemize):

24. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

a. ☐ Possession of real property: The complaint was filed on (date):

**(Check (1) or (2)):**

(1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

(2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

(a) $      was the daily rental value on the date the complaint was filed.

(b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

b. ☐ Possession of personal property.

☐ If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order.

c. ☐ Sale of personal property.

d. ☐ Sale of real property.

e. Description of property:

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

► *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State bar number, and telephone number):*<br>Recording requested by and return to:<br>CHARLES L. MURRAY III  SBN: 195053<br>PACIFIC MUTUAL BUILDING<br>523 WEST SIXTH STREET, SUITE 707<br>LOS ANGELES, CA 90014<br>T. 213.627.5983 | Recorded in Official Records, Orange County<br>Tom Daly, Clerk-Recorder<br>‖‖‖‖‖‖‖ 29.00<br>*$ R 0 0 0 4 5 3 4 9 8 4 $*<br>2012000068287 11:42 am 02/06/12<br>227 415 A03  2<br>0.00 0.00 0.00 0.00 3.00 20.00 0.00 0.00 |
|---|---|

☑ ATTORNEY FOR  ☑ JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

FOR RECORDER'S USE ONLY

PLAINTIFF: KARL AVETOOM

DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN

CASE NUMBER:
30-2010-00345490

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS          ☑ Amended

FOR COURT USE ONLY

1. The ☑ judgment creditor ☐ assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      ┌─────────────────────────────┐
      │ MOISEY FRIDMAN              │
      │ 1100 RUTLAND ROAD #7        │
      │ NEWPORT BEACH, CA 92660     │
      └─────────────────────────────┘
   b. Driver's license no. [last 4 digits] and state:          ☑ Unknown
   c. Social security no. [last 4 digits]: 5550                 ☑ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):* MOISEY FRIDMAN
      1100 RUTLAND ROAD #7, NEWPORT BEACH, CA 92660

2. ☑ Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   KARL AVETOOM  1100 RUTLAND ROAD
   UNIT #9, NEWPORT BEACH, CA 92660

Date: January 19, 2012
CHARLES L. MURRAY III
(TYPE OR PRINT NAME)

4. ☐ Information on additional judgment creditors is shown on page 2.

5. ☑ Original abstract recorded in this county:
   a. Date: 1/17/2012
   b. Instrument No.: 2012000023845

▶ (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 650,000.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* November 18, 2011
   b. Renewal entered on *(date):*

9. ☐ This judgment is an installment judgment.

10. ☐ An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. ☐ not been ordered by the court.
    b. ☑ been ordered by the court effective until *(date):* JAN 13, 2012  1/23/12

12. a. ☑ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.

This abstract issued on *(date):*
FEB 0 2 2012

ALAN CARLSON
Clerk, by  J. Tran                    , Deputy

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700,190

| PLAINTIFF: KARL AVETOOM | CASE NUMBER: |
|---|---|
| DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN | 30-2010-00345490 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.  Name and last known address

ROSA FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660

Driver's license no. [last 4 digits]
and state:  ☑ Unknown

Social security no. [last 4 digits]: 2772  ☐ Unknown

Summons was personally served at or mailed to *(address)*:

ROSA FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660

17.  Name and last known address

Driver's license no. [last 4 digits]
and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.  Name and last known address

Driver's license no. [last 4 digits]
and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19.  Name and last known address

Driver's license no. [last 4 digits]
and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

BJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 2 of 2

PROOF OF SERVICE

State of California, County of Los Angeles

I am over the age of 18 and not a party to this case.  I am a
resident in the County where the mailing occurred.  My business
address is the Pacific Mutual Building, 523 West Sixth Street,
Suite 707, Los Angeles, California 90014

On 6 February 2012 I served the foregoing documents:

NOTICE OF FILING AMENDED ABSTRACT

on the interest parties in said action, by placing a true copy
thereof enclosed in a sealed envelope addressed as follows:

---

D. Michael Bush, Esq.
9 Corporate Park
Suite 100
Irvine, California 92606

---

[x]  U.S. Mail.  I sealed and placed such envelope for collection
     and mailing to be deposited in the mail on the same day in
     the ordinary course and scope of business at Los Angeles.
     The envelope was mailed with postage thereon fully prepared.

[_]  Facsimile.  I personally caused the foregoing document to be
     successfully transmitted to the offices set forth above.

[_]  Overnight Mail.  I sealed and placed such envelope for
     collection with United Parcel Service (UPS) for overnight
     deliveries, located at 611 West Sixth Street, Los Angeles,
     California 90014.

Executed on 6 February 2012, in the City of Los Angeles, State of
California.  I declare under the penalty of perjury under the
laws of the State of California that the foregoing is true and
correct.

_____
Charles L. Murray III

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "28"*

26
27
28

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

**Fill in this information to identify the case:**

Debtor 1 __Rosa Fridman__

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Central District of California**

Case number: **21–10513**

FILED

**U.S. Bankruptcy Court
Central District of California**

4/21/2021

**Kathleen J. Campbell, Clerk**

Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Karl Avetoom

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Karl Avetoom

Name

1100 Rutland Road
Newport Beach, CA 92660

Contact phone ___9499294787___
Contact email ___kia002@att.net___

Where should payments to the creditor be sent? (if different)

Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing?

Official Form 410    Proof of Claim    page 1

**Part 2:** | Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $    1000000.00    **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Personal Injury |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**    $ _____<br>**Amount of the claim that is secured:**    $ _____<br>**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $ _____<br><br>**Annual Interest Rate** (when case was filed)    _____ %<br><br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br>**18 U.S.C. §§ 152, 157 and 3571.** | Check the appropriate box:<br><br>☑  I am the creditor.<br>☐  I am the creditor's attorney or authorized agent.<br>☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date     4/21/2021

          MM / DD / YYYY

/s/  Karl Avetoom

Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Karl Avetoom | | |
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | | |
| Address | 1100 Rutland Road #9 | | |
| | Number   Street | | |
| | Newport Beach, CA 92660 | | |
| | City  State  ZIP Code | | |
| Contact phone | (949) 929–4787 | Email | kia002@att.net |

| | | |
|---|---|---|
| Official Form 410 | Proof of Claim | page 3 |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
NOV 18 2011
ALAN CARLSON, Clerk of the Court
BY_____ T. LEWIS _____ DEPUTY

Rec'd
NOV 02 2011
T. LEWIS

1  Charles Murray, III.  SBN: 195053
2  523 West Sixth Street, Suite 707
   Los Angeles, California 90014
3  T.213.627.5983
   F.213.627.6051
4
   Attorney for Plaintiff
5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER

10
   KARL AVETOOM,                ) Case No: 30-2010-00345490
11                              )
           Plaintiff,           ) Assigned to:
12                              )
       vs.                      ) HON. JUDGE KAREN L. ROBINSON
13                              ) Dept: H12
                                )
14                              )
   MOISEY FRIDMAN and ROSA      ) [PLAINTIFF'S PROPOSED] JUDGMENT
15                              )
   FRIDMANS, as individuals, and)
16                              )
   DOES 1-50,                   )
17                              )
           Defendants           )
18  _____)

19

20      This cause came on regularly for trial on October 18, 2011 in

21  department H12, the Honorable Karen L. Robinson, Judge, presiding.

22  Plaintiff Karl Avetoom appeared by Charles L. Murray III of the Law

23  Offices of Charles L. Murray III, his attorney.  Defendants Moisey

24  and Rosa Fridman appeared by D. Michael Bush of the Law Office of D.

25  Michael Bush, their attorney.

26      The trial was bifurcated. The first phase of the trial

27  consisted of the liability issues on the complaint; the second phase

28  would consist of punitive damages.  A jury of twelve persons was

                              - 1 -

                    [PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1   001

 1  regularly impaneled and sworn to try the action.

 2          **FIRST PHASE OF THE TRIAL–PLAINTIFF'S SPECIAL VERDICT**

 3                        **[MOISEY FRIDMAN]**

 4      After hearing the evidence, arguments of counsel, and

 5  instructions of the Court, and the following questions as stipulated

 6  to by the parties, the jury deliberated and unanimously returned the

 7  special verdict on the first phase-complaint, of the trial that

 8  stated:

 9

10  "We answer the questions submitted to us as follows:

11      1. Was Moisey Fridman's conduct outrageous?

12

13      __X__ Yes _____ No

14

15      If your answer to question 1 is yes, then answer question 2.

16      If you answered no, stop here, answer no further questions,

17      and have the presiding juror sign and date this form.

18

19      2. Did Moisey Fridman intend to cause Karl Avetoom

20      emotional distress?

21          or

22      Did Moisey Fridman act with reckless disregard of the

23      probability that Karl Avetoom would suffer emotional

24      distress, knowing that Karl Avetoom was present when the

25      conduct occurred?

26

27      __X__ Yes _____ No

28

- 2 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    002

If your answer to question 2 is yes, then answer question 3.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


3. Did Karl Avetoom suffer severe emotional distress?


__X__ Yes _____ No


If your answer to question 3 is yes, then answer question 4.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


4. Was Moisey Fridman's conduct a substantial factor in
causing Karl Avetoom's severe emotional distress?


__X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


5. What are Karl Avetoom's damages?


[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:........................... $ 200,000.00


[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,000.00

- 3 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    003

```
1         ......................................... TOTAL $300,000.00

2

3         6. Did Defendant Rosa Fridman engage in a Conspiracy with

4         Defendant Moisey Fridman?

5

6                                 Or

7         Did Rosa Fridman aide and abet Moisey Fridman to cause Karl

8         Avetoom intentional infliction of emotional distress?

9

10           __X__ Yes _____ No

11

12   Please proceed to question #7

13

14        7.   Did Defendant Moisey Fridman engage in conduct, by clear

15        and convincing evidence, with either "malice", "oppression", or

16        "fraud"?

17           __X__ Yes _____ No

18

19

20    Signed: /s/

21

22    Presiding Juror"

23

24        FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT

25                        [ROSA FRIDMAN]

26      After hearing the evidence, arguments of counsel, and

27   instructions of the Court, and the following questions as stipulated

28   to by the parties, the jury deliberated and unanimously returned the
```

- 4 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    004

```
 1   special verdict on the first phase-complaint, of the trial that
 2   stated:
 3   "We answer the questions submitted to us as follows:
 4       1. Was Rosa Fridman's conduct outrageous?
 5
 6       __X__ Yes _____ No
 7
 8    If your answer to question 1 is yes, then answer question 2.
 9    If you answered no, stop here, answer no further questions,
10    and have the presiding juror sign and date this form.
11
12       2. Did Rosa Fridman intend to cause Karl Avetoom emotional
13    distress?
14           or
15    Did Rosa Fridman act with reckless disregard of the
16    probability that Karl Avetoom would suffer emotional
17    distress, knowing that Karl Avetoom was present when the
18    conduct occurred?
19
20       __X__ Yes _____ No
21
22    If your answer to question 2 is yes, then answer question 3.
23    If you answered no, stop here, answer no further questions,
24    and have the presiding juror sign and date this form.
25
26       3. Did Karl Avetoom suffer severe emotional distress?
27
28       __X__ Yes _____ No
```

- 5 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    005

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions,

and have the presiding juror sign and date this form.


   4. Was Rosa Fridman's conduct a substantial factor in

causing Karl Avetoom's severe emotional distress?


   __X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions,

and have the presiding juror sign and date this form.


   5. What are Karl Avetoom's damages?


[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:............................. $ 200,000.00


[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,00.00


   ........................................ **TOTAL** $300,000.00


   6. Did Defendant Moisey Fridman engage in a Conspiracy with

Defendant Rosa Fridman?


                    Or

Did Moisey Fridman aide and abet Rosa Fridman to cause Karl

- 6 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    006

1      Avetoom intentional infliction of emotional distress?

2

3         __X__ Yes _____ No

4

5   Please proceed to question #7

6      7.   Did Defendant Rosa Fridman engage in conduct, by clear and

7      convincing evidence, with either "malice", "oppression", or

8      "fraud"?

9         __X__ Yes _____ No

10

11  Signed: /s/

12  Presiding Juror"

13

14          **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

15            **PUNITIVE DAMAGES AGAINST MOISEY FRIDMAN**

16     After hearing the evidence, arguments of counsel, and

17  instructions of the Court, the jury deliberated and unanimously

18  returned a special verdict on the second phase of the trial-punitive

19  damages, awarding:

20     $200,000.00 in punitive damages against Moisey Fridman.

21

22          **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

23             **PUNITIVE DAMAGES AGAINST ROSA FRIDMAN**

24     After hearing the evidence, arguments of counsel, and

25  instructions of the Court, the jury deliberated and unanimously

26  returned a special verdict on the second phase of the trial-punitive

27  damages, awarding:

28     $200,000.00 in punitive damages against Rosa Fridman.

- 7 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    007

1    **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED** that

2  judgment be entered in favor of the plaintiff Karl Avetoom and

3  against defendants Moisey Fridman and Rosa Fridman on the complaint,

4  as follows:

5      The Court orders judgment against Moisey Fridman as follows:

6  $300,000.00 non-economic damage for intentional infliction of

7  emotional distress, and $200,000.00 in punitive damages by a finding

8  of clear and convincing evidence of malice, oppression or fraud

9  causing intentional infliction of emotional distress.

10     The Court orders judgment against Rosa Fridman as follows:

11  $300,000.00 non-economic damage for intentional infliction of

12  emotional distress, and $200,000.00 in punitive damages by a finding

13  of clear and convincing evidence of malice, oppression or fraud

14  causing intentional infliction of emotional distress.

15

16     The entire judgment against defendant Moisey Fridman is

17  $500,000.00; ($300,000.00 is joint and several with defendant Rosa

18  Fridman for compensatory damages).

19     The entire judgment against defendant Rosa Fridman is

20  $500,000.00; ($300,000.00 is joint and several with defendant Moisey

21  Fridman for compensatory damages).

22

23     All sums awarded hereunder will bear interest at the legal rate

24  of 10% per annum from the date the judgment is entered until

25  paid.

26

27  Dated: 11.18.11               *Karen L. Robinson* (signature)

28                                 Hon. Karen L. Robinson
                                   Judge of the Superior Court

- 8 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    008

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

7451 Warner Ave #E191 Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. [F.R.EVID. § 201]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) JUNE 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 16, 2021 | Sal W. Hanna | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             **F 9013-3.1.PROOF.SERVICE**