| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road # 9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>Email:  kia002@att.net<br><br>☒  *Individual appearing without attorney*<br>☐  *Attorney for* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>ROSA FRIDMAN<br><br>                                                                Debtor(s). | CASE NO.: 8:21-bk-10513-ES<br>CHAPTER: 7<br>ADVERSARY NO.: 8:21-ap-01023-ES |
|---|---|
| KARL AVETOOM<br><br>                                                                Plaintiff(s),<br>vs.<br><br>ROSA FRIDMAN<br><br>                                                                Defendant. | **NOTICE OF LODGMENT OF PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.** |

**PLEASE TAKE NOTE** that the PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, was lodged on July 16, 2021, and is attached hereto. This document relates to the docket number ___.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                              Page 1                          **F 9021-1.2.ADV.NOTICE.LODGMENT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

7451 Warner Ave #E191 Huntington Beach, CA 92647 714-794-2779

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/16/2021 | Sal W. Hanna | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012* — Page 2 — **F 9021-1.2.ADV.NOTICE.LODGMENT**

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>                Debtor<br>_____<br>Karl Avetoom<br><br>                Plaintiff<br><br>    v.<br><br>Rosa Fridman<br><br>                Defendant | Case No:  8:21-bk-10513-ES<br><br>Adversary Case No:  8:21-ap-01023-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**<br>(Plaintiff's Notice of Motion and Motion for Summary Judgment or Partial Summary Adjudication, Supporting Declaration of Karl Avetoom, Plaintiff's Request for Judicial Notice filed concurrently)<br><br>**Hearing Info:**<br>September 9, 2021<br>2:00 p.m.<br>Courtroom 5A<br>411 W. Fourth St. Santa Ana CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Plaintiff KARL AVETOOM ("AVETOOM" or "Plaintiff") hereby submits his statement of

1

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

uncontroverted facts and conclusions of law pursuant to Local Bankruptcy Rule 7056-1(b)(2) as follows:

## I. INTRODUCTION.

The matter before this Court is the motion for summary judgment in the above referenced adversary proceeding wherein Plaintiff KARL AVETOOM objects to the discharge of a debt owed to Plaintiff by defendant ROSA FRIDMAN pursuant to 11 U.S.C. § 523(a)(10), as a debt that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

On September 9, 2021, at 2:00 p.m. in Courtroom 5A of the United States Bankruptcy Court, before the Hon. Erithe A. Smith, United States Bankruptcy Judge, came on for hearing Plaintiff Karl Avetoom's Motion for Summary Judgment (the "Motion"). All appearances were as noted on the record.

The Court, having considered the moving papers and all pleadings filed in opposition to the Motion, and all counsel having had an opportunity to be heard, the Court hereby adopts the following Uncontroverted Facts and Conclusions of Law. To the extent any of the following findings of fact contain conclusions of law, they shall be deemed to be conclusions of law. To the extent that any of the following conclusions of law contain findings of fact, they shall be deemed to be findings of fact.

## II. STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. On November 18, 2011 Plaintiff obtained a judgment against Defendant Rosa Fridman ("the State Court Judgment") in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490, "the 2011 State Court Judgment." | (a) Exhibit "1" to Avetoom declaration.<br>(b) Plaintiff's Request for Judicial Notice, Exhibit "1" thereto. |
| 2. In or around January 3, 2012 the State Trial Court denied Defendant's Motion for a New Trial and Judgment Notwithstanding the | (a) Exhibit "2" to Avetoom declaration.<br>(b) Plaintiff's Request for Judicial Notice, Exhibit "2" thereto. |

2

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| 1. Verdict. | |
| 3. The State Trial Court rejected Defendant's repeated harassment of Plaintiff's 1997 low level conviction and found Defendant had engaged in a "personal war" against Plaintiff. | (a) Exhibit "3" to Avetoom declaration. Reporter's Transcript of Proceedings January 3, 2012.<br>(b) Plaintiff's Request for Judicial Notice Exhibit "3". |
| 4. The Trial Court reduced the award of punitive damages with Plaintiff's stipulation. | (a) Exhibit "3" to Avetoom declaration. Reporter's Transcript of Proceedings January 3, 2012 at p.45.<br>(b) Plaintiff's request for judicial notice Exhibit "4". Abstract with reduced amount. |
| 5. On or around February 2, 2012 Plaintiff's Judgment in OCSC 30-2010-00345490 *Avetoom v. Arce, et al.* was approximately $650,000.00 | (a) Exhibit "4" to Avetoom declaration *Abstract of Money Judgment.*<br>(b) Plaintiff's request for judicial notice Exhibit "4". |
| 6. On November 9, 2011 the State Court issued a TRO enjoining Defendant from dissipating assets. | (a) Exhibit "5" to Avetoom declaration *TRO.*<br>(b) Plaintiff's RFJN Exh. 5. |
| 7. On or around November 22, 2011 the State Court issued a preliminary injunction preventing Defendant from continued dissipation of assets | (a) Exhibit "6" to Avetoom declaration, *Preliminary Injunction 30-2010-00345390.*<br>(b) *Plaintiff's RFJN Exh. 6.* |
| 8. In 2014 Defendants Moisey Fridman and Rosa Fridman were found to have willfully violated the State Court's TRO. | (a) Exhibit "7" to Avetoom declaration, 2014 *Order and Judgment of Contempt 30-2010-00345390.*<br>(b) *Plaintiff's RFJN Exh. 7.* |
| 9. In 2015 Defendants Moisey Fridman and Rosa Fridman were found to have willfully | (a) Exhibit "8" to Avetoom declaration, *2015 Order and Judgment of Contempt 30-2010-* |

3

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| violated the State Court's Preliminary Injunction. | *00345390* <br> (b) *Plaintiff's RFJN Exh. 8.* |
| 10. On or around February 10, 2012 Defendant Rosa Fridman filed for bankruptcy in the United States Bankruptcy Court for the Central District of California, case No. 8:12-bk-11721-ES. | (a) Exhibit "9" to Avetoom declaration. *Notice* 8:12-bk-11721-ES *In re Moisey Fridman and Rosa Fridman*. <br> (b) *Plaintiff's RFJN Exh. 9.* |
| 11. On or around May 24, 2012 Defendant's bankruptcy case was converted to a Chapter 7 case. | (a) Exhibit "10" to Avetoom declaration. See also Doc 36 case 8:12-bk-11721-ES. <br> (b) *Plaintiff's RFJN Exh. 10.* |
| 12. In her 2012 Chapter 7 Petition Defendant Rosa Fridman listed a debt owed to Plaintiff Karl Avetoom arising from *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490, *the 2011 State Court Judgment.* | (a) Exhibit "11" to Avetoom declaration *Schedule D* 8:12-bk-11721-ES Doc. 12, pg. 11. <br> (b) Exhibit "12" to Avetoom declaration, *Amended Schedule*. Case No. 8:12-bk-11721-ES *Schedule F*, 8:12-bk-11721-ES Doc 178. <br> (c) Exhibit "28" to Avetoom declaration filed claim in case No. 8:12-bk-11721-ES. <br> (d) Plaintiff's Request for Judicial Notice Exhibit "27", Plaintiff's filed claim in 2012 Chapter 7 case. |
| 13. On or around July 30, 2013 the Chapter 7 Trustee for Defendant FRIDMAN'S 2012 Chapter 7 bankruptcy filed an adversary proceeding, case *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and Rosa A.* | (a) Exhibit "13" to Avetoom declaration. Trustee's adversary Complaint filed in 8:12-bk-11721-ES Doc 256. <br> (b) Plaintiff's RFJN Exhibit "13" |

4

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| *Fridman* no. 8:13-ap-01253-ES, seeking denial of discharge under, inter alia, 11 U.S.C. § 727 (a)(2), (4) and (5). The Chapter 7 Trustee alleged Defendant *transferred, removed, destroyed, mutilated, or concealed property with the intent to hinder, delay or defraud creditors both pre and post-petition, Defendant made a false oath,* ("the 2013 Adversary Proceeding") | |
| 14. On or around January 30, 2015 Debtor Rosa Fridman stipulated to non-discharge of all debts in their bankruptcy case 8:12-bk-11721-ES under all claims for relief sought by the Chapter 7 Trustee in Adversary Case No. 8:13-ap-01253-ES, arising under 11 U.S.C. § 727(a)(2), (4), and (5)[Case 8:13-ap-01253-ES Doc 73]. | (a) Exhibit "14" to Avetoom declaration. *Stipulation* 8:13-ap-01253-ES Doc 73<br>(b) Defendant's Answer to Plaintiff's Complaint 8:21-ap-01023-ES Doc 7 ¶ 13 admitting to denial of discharge in the 2012 Chapter 7 case based on Section 727 (a)(2), (a)(4) and (a)(5) as alleged in this Adversary Complaint ( Doc 6. ¶ 13 "On or around January 30, 2015 Debtor Rosa Fridman stipulated to non-discharge of all debts in their bankruptcy case 8:12-bk-11721-ES under all claims for relief sought by the Chapter 7 Trustee in Adversary Case No. 8:13-ap-01253-ES, arising under 11 U.S.C. § 727(a)(2), (4), and (5)[Case 8:13-ap-01253-ES Doc 73]".<br>(c) Plaintiff' RFJN Exh. 14. |
| 15. On or around February 18, 2015 this Court entered a Judgment denying discharge | (a) Exhibit "15" to Avetoom declaration, *Judgment denying discharge*. 8:13-ap- |

5

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| under Section 727 of the bankruptcy code against Debtors Moisey Fridman and Rosa Fridman [Case 8:13-ap- 01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including those under 11 U.S.C. §727(a)(2), (4), and (5). | 01253-ES Doc 74<br>(b) Defendant's Answer to Plaintiff's Complaint 8:21-ap-01023-ES ¶ 14, (Doc. 7). Admitting to ¶ 14 of FAC in this matter "On or around February 18, 2015 this Court entered an Order denying discharge under Section 727 of the bankruptcy code against Debtors Moisey Fridman and Rosa Fridman [Case 8:13-ap- 01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including those under 11 U.S.C. § 727(a)(2), (4), and (5)."<br>(c) Plaintiff's RFJN Exh. "15" *Judgment* |
| 16. On or around November 27, 2015 Plaintiff filed an action against Defendant and her former attorneys for violating California's Fraudulent Transfer Act, Ca. Civil Code § 3439 *et seq.* ("the 2015 Fraudulent Transfer action") First Amended Complaint filed Jan 12, 2016. | (a) Exhibit "16" to Avetoom declaration, *First Amended Complaint in Avetoom v. Risbrough, et al* OCSC case no. 30-2015-00820760.<br>(b) Plaintiff's Request for Judicial Notice, Exhibit "16". |
| 17. On or around May 30, 2019 Defendants Motion for Summary Judgment was denied | (a) Exhibit "17" to Avetoom declaration, *Minute Order Denying MSJ.*<br>(b) Plaintiff's Request for Judicial Notice, Exhibit "17". |
| 18. On or around July 3, 2019 Defendant D&R, Risbrough, Margaret Elder, Beach Crest Villas HOA and Plaintiff entered into a Settlement Agreement which included | (a) Exhibit "18" to Avetoom declaration, *Filed Request for Dismissal against Defendants D&R and Risbrough post settlement excluding Defendant Fridman.* |

| | |
|---|---|
| dismissal of D&R and Risbrough. | (b) Plaintiff RFJN Exhibit # 18. |
| 19.  Defendant Rosa Fridman threatened litigation against her former attorneys for breach of fiduciary duty (SS # 19). | (a)  Exhibit "19" to Avetoom declaration, June 29, 2019 *eMail from Rosa Fridman's attorney threatening legal action against Risbrough defendants.* |
| 20.  On or around July 9, 2019 Defendant ROSA FRIDMAN entered in Settlement Agreement in *Avetoom v. Risbrough, et al.,* Orange County Superior Court case no. 30-2015-00820760 stipulating that the 2011 judgment in *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490 is enforceable against Defendant FRIDMAN individually and in her capacity as Trustee for The Fridman Family Trust established April 14, 2000. | (a)  Exhibit "20" to Avetoom declaration (Reporter's Transcript July 9, 2019). <br> (b) Plaintiff's Request for Judicial Notice Exhibit "19" *Reporter's Transcript* in *Avetoom v. Risbrough, et al.,* Orange County Superior Court case no. 30-2015-00820760. Pg. 2 *"ROSA FRIDMAN STIPULATE THAT THE JUDGMENT IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER 30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS TRUSTEE OF FRIDMAN FAMILY TRUST."* <br> (c) Avetoom declaration Exhibit "21", *Minute Order February 13, 2020 at pg. 1 finding valid settlement entered into.* <br> (d) Plaintiff's Request for Judicial Notice, Exhibit "20". Minute Order p.1. *finding valid settlement entered into.* <br> (e) Defendant's Answer, Judgment 8:21-ap-01023-ES Doc 7 See Page 9 of 14 ¶1 *"Rosa Fridman stipulates that the judgment in Avetoom v. Arce, Fridman Orange County Superior Court Case No. 30-2010-00345490 is* |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| | *valid against her both individually and as Trustee for The Fridman Family Trust Established On April 14, 2000."* |
| 21. On February 13, 2020 the State Court ruled Defendant entered into a valid Settlement Agreement in case 30-2015-00820760 on July 9, 2019. | (a) Avetoom declaration Exhibit "21", *Minute Order February 13, 2020 at pg. 1.*<br>(b) Plaintiff's Request for Judicial Notice, Exhibit "20". Minute Order p.1. |
| 22. On or around February 11, 2021 Plaintiff AVETOOM renewed his 2011 State Court Money Judgment in *Avetoom v. Arce Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490 against Defendant FRIDMAN in the amount of $ 1,199,740.83. | (a) Avetoom declaration Exhibit "22" *Application For And Renewal of Judgment.* 30-2010-00345490-CU-PO-CJC - ROA # 1214<br>(b) Plaintiff's Request for Judicial Notice, Exhibit "21" thereto. 30-2010-00345490-CU-PO-CJC - ROA # 1214 |
| 23. On or around February 22, 2021 the Superior Court of Orange County issued an Order to Show Cause Re: Contempt against Defendant for violating court orders | (a) Avetoom declaration Exhibit "23". *OSC Re Contempt Order* OCSC case no. 30-2010-00345490.<br>(b) Plaintiff's RFJN Exhibit # 22. OSC. |
| 24. On or about February 26, 2021 Defendant FRIDMAN filed a Chapter 7 bankruptcy case in the United States Federal Bankruptcy Court, for the Central District of California, case No. 8:21-bk-10513-ES ("the 2021 Chapter 7 case"), where Defendant listed under oath in Schedule F of her Petition the debt owed to Plaintiff arising from the 2011 judgment in *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010- | (a) Avetoom declaration Exhibit "24" ("the 2021 Chapter 7 Petition"). Case No. 8:21-bk-10513-ES, Doc. 1.<br>(b) (Id.) Petition Schedule F Doc. 1 at pgs. 18, 19 listing *the 2011 State Court Judgment*.<br>(c) Avetoom declaration Exhibit "29" filed claim in case No. 8:21-bk-10513-ES for Plaintiff's 2011 State Court Judgment in *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010- |

8

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| 00345490, *the 2011 State Court Judgment.* | 00345490. <br><br> (d) Plaintiff's Request for Judicial Notice Exhibit "28", Plaintiff's filed claim in 2021 Chapter 7 case. |
| 25. On or around May 28, 2021 Plaintiff filed this Adversary Proceeding against Defendant seeking non-discharge of the 2011 State Court Judgment listed by Defendant in both her 2012 and 2021 Chapter 7 cases. | (a) Avetoom declaration Exhibit "25", *Complaint*. 8:21-ap-01023-ES Doc 1. |
| 26. On or around June 7, 2021 Plaintiff filed his First Amended Complaint in this Adversary Proceeding. | (a) Avetoom declaration Exhibit "26", *First Amended Complaint*. 8:21-ap-01023-ES Doc 6, Filed 06/07/21 |
| 27. On or around June 28, 2021 Defendant filed an Answer in this matter. | (a) Avetoom declaration Exhibit "27" *Answer*. 8:21-ap-01023-ES Doc 7. |
| 28. Defendant admits in her Answer that she was denied discharge of all debts in her 2012 Chapter 7 case pursuant to 11 U.S.C. §§ 727(a)(2), (a)(4) and (a)(5). | (a) Avetoom decl. Exhibit "27" *Answer*. <br> (b) (Id.) See 8:21-ap-01023-ES Doc 7, Pg. 3 ¶¶ 13, 14 admitting to ¶¶ 13, 14 in Plaintiff's FAC (8:21-ap-01023-ES Doc 6 Filed 06/07/21). *¶ 13 relating to Defendant's stipulation to denial of discharge: ¶ 14, Judgment entered denying discharge.* |

### III. **CONCLUSIONS OF LAW.**

The Court is vested with jurisdiction over this core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(I), (J) and (O).

Pursuant to Local Bankruptcy Rule, 7056-l(f), Facts Deemed Admitted. In determining any motion for summary judgment or partial summa1y adjudication, the court may assume that the material facts as claimed and adequately supported by the movant are admitted to exist without

9

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

1  controversy, except to the extent that such facts are: (1) Included in the "statement of genuine issues,"
2  and (2) Adequately controverted by declaration or other evidence filed in opposition to the motion.

3    All findings of fact are incorporated by reference as conclusions of law, and all conclusions of
4  law are incorporated by reference as findings of fact.

5    The exclusive issue before the Court is whether the indebtedness owed by Defendant to
6  Plaintiff as reflected in the state court judgment referenced in Plaintiff's Complaint is within the
7  exceptions to discharge of 11 U.S.C. §523(a)(10) and, consequently, nondischargeable.

8    A party is entitled to summary judgment when "the pleadings, depositions, answers to
9  interrogatories, and admissions on file, together with tl1e affidavits, if any, show that there is no
10 genuine issue as to any material fact and tl1at the moving party is entitled to judgment as a matter of
11 law." Federal Rule of Civil Procedure 56(c), incorporated into bankruptcy proceedings by Federal Rule
12 of Bankruptcy Procedure 7056; see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

13   In this adversary proceeding, Plaintiff has the burden of persuasion at trial to prove its claims
14 under 11 U.S.C.§ 523(a) by a preponderance of the evidence that the debt owed by Defendant is
15 excepted from discharge. *Grogan v. Garner*, 498 U.S. 279,291 (1991); 4 Resnick and Sommer, Collier
16 on Bankruptcy, ¶ 523.04 at 523-19 - 523-20 and nn. 16 and 18 (l6th ed. 2013).

17   11 U.S.C. § 523(a)(10) provides that a discharge under title 727 of title 11 does not discharge
18 an individual debtor from any debt that was or could have been listed or scheduled by the debtor in a
19 prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was
20 denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

21   The elements of claim preclusion are: (1) whether the parties are identical or in privity; (2)
22 whether the judgment in the prior action was rendered by a court of competent jurisdiction; (3) whether
23 there was a final judgment on the merits; and (4) whether the same claim or cause of action was
24 involved in both suits. *Owens v. Kaiser Foundation Health Plan, Inc*. 244 F.3d 708, 713 (9th Cir.,
25 2001).

26   The concept of "privity" "involves a person so identified in interest with another that he
27 represents the same legal right." *Zaragosa v. Craven* (1949) 33 Cal.2d 315, 318.

28   On November 18, 2015 in the 2013 Adversary Proceeding *Karl Anderson, Chapter 7 Trustee*

10

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

*v. Moisey O. Fridman and Rosa A. Fridman*, Case No. 8:13-ap-01253-ES, this Court entered a judgment against Defendant and ordered and adjudged that Defendant ROSA FRIDMAN be denied discharge based on the Chapter 7 Trustee's adversary complaint, on all causes of action under 11 U.S.C. § 727 (a)(2), 727 (a)(4) and 727 (a)(5).

The 2013 Adversary Proceeding involved parties that were in privity, sharing the same common interest for denial of discharge, of Plaintiff's 2011 State Court Judgment claim and the Chapter 7 Trustee's interest in obtaining non-discharge of all claims including Plaintiff's, meeting the identical claims contained the instant proceeding.

This Court had subject matter jurisdiction and personal jurisdiction in the 2013 Adversary Proceeding. There was a final judgment on the merits. The same claim, Plaintiff's claim against Defendant listed in Defendant's 2012 Chapter 7 case and Defendant's 2021 Chapter 7 case, as the same claim. Therefore, the 2013 Adversary Proceeding is to be given the effect of claim preclusion in the instant proceeding.

Moreover, under the doctrines of merger and bar (as incorporated by the doctrine of claim preclusion) all of the claims pled in the 2013 Adversary Proceeding were merged into the Judgment, thus foreclosing litigation of matters that should have been raised in that action. Under the doctrine of merger, Debtor is barred from asserting defenses that were and/or should have been raised in the prior proceeding. *Littlejohn v. U.S.*, 321 F.3d 915, 919-920 (9th Cir., 2003).

Having contained all the necessary elements to be proven under §523(a)(10), the judgment entered by this Court in Adversary Proceeding, Case No. 8:13-ap-01253-ES is res judicata as to the issue of dischargeability of the debt under § 523(a)(10).

Under California law, upon Plaintiff's filing of an application to renew a judgment, the judgment is automatically renewed (C.C.P. §§ 683.120, 683.150) *The Rutter Guide* (2021) 7. Period During Which Judgment Enforceable; Renewal Procedures, Cal. Prac. Guide Enf. J. & Debt Ch. 6A-7

The indebtedness owed by Defendant to Plaintiff as reflected in the 2011 State Court Judgment in *Avetoom v. Arce, et al* Orange County Superior Court case number 30-2010-00345490 as claim in the amount of $1,199,740.67 (the "Avetoom Claim") is squarely within the exceptions to discharge of 11 U.S.C. §523(a)(10) and the subject debt is, consequently, nondischargeable and enforceable against

11

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

1  Defendant ROSA FRIDMAN.

*/s Karl Avetoom*

Dated June 12, 2021                              By: _____
                                                      Karl Avetoom
                                                      Creditor and Plaintiff, In Pro Per

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.