1 Karl Avetoom
2 1100 Rutland Road # 9
3 Newport Beach, CA 92660
  (949) 929-4787
4 Email kia002@att.net

5
6 Creditor and Plaintiff, In Pro Per

7
8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10 In re:                          ) Case No:    8:21-bk-10513-ES
                                   )
11 Rosa Fridman                    ) Adversary Case No:  8:21-ap-01023-ES
                                   )
12                        Debtor   ) Hon: Erithe A. Smith
                                   )
13 _____  ) Chapter 7
                                   )
14 Karl Avetoom                    )
                                   ) **PLAINTIFFF KARL AVETOOM'S MOTION**
15              Plaintiff          ) **FOR A PROTECTIVE ORDER OR**
                                   ) **ALTERNATIVELY FOR AN ORDER**
16       v.                        ) **QUASHING FALSE SERVICE OF**
                                   ) **DEPOSITION SUBPOENA.**
17 Rosa Fridman                    ) **DECLARATIONS OF KARL AVETOOM**
                                   ) **AND BARRY Q. BROOKS IN SUPPORT.**
18              Defendant          )
                                   )
19                                 )
                                   ) **Hearing Info:**
20                                 ) September 9, 2021
                                   ) 10:30 a.m.
21                                 ) Courtroom 5A (via remote appearance)
22                                 ) 411 W. Fourth St. Santa Ana CA 92701

23 **TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO**

24 **DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL**

25 **OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

26      Plaintiff and Moving Party, Karl Avetoom, ("Plaintiff") hereby requests this Court issue an

27 order quashing the unlawfully served deposition subpoena and for a protective order against Defendant

28 through counsel ("Defendant") attempt to compel discovery in violation of F.R.Civ. P. 26, 30 and 45.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

As set forth below, before seeking this Court's intervention, Plaintiff attempted for weeks to resolve this discovery dispute over a deposition improperly serve by email, overly broad scope exceeding the scope of Rule 26, continuing "day to day" in excess of the 7 hour, one day rule, and conducting needless discovery when a pending motion to resolve this case is set for hearing on September 9, 2021 requiring only the Court to rule on an issue of law.  However, after Defense counsel's avoidance of Plaintiff's requests to meet and confer, Plaintiff and Defense counsel met and conferred, but ultimately refused to resolve discovery issues, and has now attempted to falsify service.

- The Notice of Deposition was unlawfully served by email, without consent, ignoring notice by Plaintiff that he would not accept service by email.

- A licensed private investigator, also a former state bar investigator and retired law enforcement, witnessed Defense counsel's associate visit Plaintiff residence, make no attempt to come to the front door to attempt personal service, but rather taped documents to a wooden dog gate, take a picture then remove the documents and leave. Later passing this off as "personal service."   Defense counsel's associated was seemingly unaware that Plaintiff's unit and complex has video security.[1]  Defense counsel abandoned this sham personal service claim, and now relies on a false mailing.

- Lastly a single envelope was received on April 2, 2021, hand addressed to Plaintiff with no notice inside, matching the purported proof of service by mail signed by Defense counsel's paralegal.  Defense counsel previously mailed documents from Michigan to Plaintiff that either arrived late or not at all.

---

[1] The video cameras were installed after Rosa Fridman physically assaulted another owner over fifty cents, and Moisey and Rosa Fridmans repeated attempts to obtain insurance payouts from their HOA, that included forging documents and signatures of other homeowners.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1    Assuming arguendo that Defendant's counsel had actually personally served the Notice of

2    Deposition on August 2, 2021, two-day notice is insufficient within the 9th Circuit.

3    ## I. <u>THE DEPOSITION SUBPOENA SHOULD BE QUASHED FOR IMPROPER SERVICE</u>

4    <u>AND NOTICE.</u>

5    On July 16, 2021 Plaintiff filed his Motion for Summary Judgment before this Court

6    (Document 8 and associated filings).  Defense counsel has waited nearly a month before defectively

7    noticing Plaintiff's deposition.  At a recent meet and confer, Defense counsel could not provide a

8    legitimate need for a deposition, only a hypothetical of what if the Debtor has paid Plaintiff's 2011

9    $1.1 debt in full already. . . .only to later admit the Debtor   cannot afford to pay Plaintiff in full

10    (Brooks decl. ¶ 4).  As set forth below, service of the deposition notice is nothing short of defective

11    and deceitful.

12    On March 17, 2021 Plaintiff informed Defendant's counsel, Scott Talkov, that Plaintiff would

13    not accept service via email (Exhibit "1" to Avetoom declaration).  On August 2, 2021 during the meet

14    and confer, Plaintiff against reminded Defendant's counsel, Scott Talkov, that he did not agree to email

15    service (Brooks declaration ¶ 3).  On August 3, 2021 Defendant's counsel falsely represented it

16    personally served Plaintiff by taping a deposition notice to Plaintiff's dog gate and taking a photograph

17    (Avetoom declaration Exhibit "2").  On August 3, 2021 Plaintiff objected to the false representations

18    of service/notice and notified Defendant's counsel that his complex and unit had video proof no

19    personal service was ever made (Avetoom decl. Exh. "3"). Plaintiff also gave notice of his intent to

20    obtain a protective order.

21    Defendant's email shows that despite Plaintiff giving notice that Plaintiff does not accept

22    electronic service, Defendant's counsel disregarded FRCP 5[2] and attempted to force email service.

23    _____

24    [2] Service of documents is covered by F.R.Civ.P 5 which states in relevant part:

25    **(b) Service: How Made. (2)** *Service in General.* A paper is served under this rule by:
**(A) handing it to the person**; **(B)** leaving it: **(ii)** if the person has no office or the office is closed, at

26    the person's dwelling or usual place of abode **with someone of suitable age and discretion who**

27    **resides there**; **(C)** mailing it to the person's last known address--in which event service is complete
upon mailing;**…** or **(F)** delivering it by any other means **that the person consented to in writing**--in

28    which event service is complete when the person making service delivers it to the agency designated to
make delivery.

1   Worse than this, Defendant's counsel resorted to falsely representing they personally served Plaintiff

2   on August 2, 2021, but have two fatal problems: (1) their own evidence shows they taped a notice of

3   deposition to Plaintiff's dog gate, under 9th Circuit law and F.R.Civ.P. 45 this is not personal service,

4   and (2) a licensed private investigator and former state bar investigator, Mr. Barry Brooks, witnessed

5   Talkov law's associate make no attempt to come to Plaintiff's front door and personally serve Plaintiff,

6   but rather removed the document after taping it to the dog gate and taking his photographs (Brooks

7   declaration ¶ 3)(See also Avetoom decl. Exhibit "2").   Plaintiff's unit has a Ring doorbell with video

8   and Beach Crest Villas has video surveillance that shows no attempt for personal service, as noted in

9   Plaintiff's objection and response to Talkov law's August 3, 2021 email falsely representing personal

10  service by Leilani Castillo or an affiliate of Talkov law (Avetoom declaration Exhibit "3").

11      Having received notice that Plaintiff does not accept service by email, Defendant's counsel

12  must properly serve notice by mail or by personally delivering the notice to Plaintiff (FRCP 5).  Here,

13  Defendant's counsel did neither as set forth in the declaration of Barry Brooks ¶ 3.

14      Rule 45(b)(1) provides, in relevant part, that "[s]ervice of a subpoena upon a person named

15  therein **shall be made by delivering a copy thereof to such person**[.]" The majority of courts

16  understand "delivering" to require personal service of the subpoena. *See Rijhwani v. Wells Fargo*

17  *Home Mortg., Inc.*, No. C 13-05881 LB, 2015 WL 848554, at *4 (N.D. Cal. Jan. 28, 2015) (citation

18  omitted); *Spencer*, 2006 WL 2734284, at *1 (citations omitted); *Newell v. Cnty. of San Diego*, No.

19  12cv1696-GPC (BLM), 2013 WL 4774767, at *2 (S.D. Cal. Sept. 5, 2013) (citations omitted); *see also*

20  Wright & Miller, 9A Fed. Practice & Proc. § 2454 (3d ed. 2015) ("The longstanding interpretation of

21  Rule 45 has been that personal service of the subpoena is required."). Thus, "contrary to the practice

22  with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the

23  subpoena at the dwelling place of the witness..." Wright & Miller, *supra*, § 2454 (collecting cases).

24  See Fujikura Ltd. v. Finisar Corp., 15MC80110HRLJSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5,

25  2015).

26      As set forth in the declaration of Mr. Barry Brooks, retired law enforcement, a former state bar

27  investigator and licensed private investigator, Defense counsel stated on August 2, 2021 that he would

28  have Plaintiff personally served that day.  Less than one hour later, a young male came to Plaintiff's

1   homeowner's association complex, came up the staircase, <u>made no attempt to approach Plaintiff's</u>

2   <u>front door</u>, looked around, taped a piece of paper to a dog gate, took a photo, removed the paper and

3   left on foot (Brooks declaration ¶ 3)(Avetoom declaration Exhibit "2" August 3, 2021 email from

4   Talkov law with pictures taken by Defense counsel showing documents taped to dog gate).

5       Unaware that Brooks and Plaintiff were watching, and that the complex has video surveillance

6   and Plaintiff has a Ring doorbell with video monitoring, this attorney of Talkov law's attempt to give

7   the appearance of personal service, is not only deceitful, but does not meet the personal service

8   requirements under Rule 45.  Even had Talkov's agent realized he was on video and left the document,

9   leaving a document taped to a dog gate of a residence is insufficient personal service, *supra*.

10      On August 3, 2021 Taklov law sent another email falsely representing it had personally served

11  Plaintiff, and that service was performed via email on July 30, 2021 and August 3, 2021 and via mail

12  (Avetoom declaration Exhibit "2").  Plaintiff again objected to the defective service and notice,

13  notifying Defendant's counsel that no personal service took place (Avetoom declaration Exhibit "3").

14  Plaintiff objected to the purported service of the subpoena to appear at a deposition two days later

15  (Avetoom decl. exhibit "3".). Plaintiff informed Defendant's counsel that he would be filing for a

16  protective order. (Id.).

17      a.    ***The Deposition Subpoena Was Not Personally Served Nor Was It Mailed Violating***

18          ***Rule 45.***

19      That same day, Plaintiff received an email from the United Postal Service showing a letter

20  postmarked July 31, 2021 with Plaintiff's handwritten address, no return address, mailed from Santa

21  Ana, CA.  Plaintiff, accompanied by Mr. Brooks, opened Plaintiff's mailbox, retrieved this hand

22  scribed envelope, and opened it, only to find blank paper inside. (Brooks declaration ¶ 5)(Avetoom

23  decl. Exhibit "6").  This envelope matches the description of a purported mailing by Talkov Law in its

24  August 3, 2021 email.  No other mail has been sent to Plaintiff by Talkov law and based upon the

25  email from "Nick" at Talkov law on August 3, 2021, the post mark of July 31, 2021 is the only letter

26  sent to Plaintiff since July 30, 2021 opened by Mr. Brooks. (Brooks declaration ¶ 5).

27      Not only has Defendant's counsel falsely represented personal service, caught by video and Mr.

28  Brooks, but mailing an empty envelope with no return address is also defective service.  Moreover, had

service actually occurred by personal service on August 2, 2021 for a deposition two days later, this did not give sufficient notice, as five (5) days notice is required.

**b.    *No Reasonable Notice.***

Under Fed. R. Civ. P. 30(b)(1), "[a] party who wants to depose a person <u>must give</u> reasonable written notice to every other party. What constitutes reasonable notice depends on the circumstances of each case. See *Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1989). A party opposing a deposition on grounds that the deposition was insufficiently noticed may move for a protective order pursuant to Fed. R. Civ. P. 26(c). See *Paige v. Commissioner*, 248 F.R.D. 272, 275 (C.D. Cal. 2008).  Reasonable notice is at least five (5) days.  Courts construe "reasonable notice" to be five days, if the deposition notice does not require production of documents at the deposition. *Guzman v. Bridgepoint Educ., Inc.*, Civil No. 11cv69-WHQ(WVG), 2014 WL 1670094, at 2 (S.D. Cal. Apr. 28, 2014); see also *Pac. Mar. Freight, Inc. v. Foster*, No. 10cv578-BTM(BLM), 2013 WL 6118410 at *2 n.2 (S.D. Cal. 2013) (at least five days notice is sufficient for a party's deposition).  As set forth in the declaration of Barry Brooks, Plaintiff stated that he would have to retain counsel before the deposition to avoid harassment by Defense counsel seeking a deposition for improper purpose (Brooks decl. ¶ 4).

**c.    *The Deposition Has No Valid Purpose As The Pending Motion For Summary Judgment Has No Triable Issues For Only Two Elements Under §523(a)(10) and 9th Circuit Law.***

Pending before this Court is Plaintiff's Motion for Summary Judgment under 11 U.S.C. § 523(a)(10).  There are no triable issues of fact, with Defendant's own admissions and statements under oath meeting the 9th Circuit's two elements to establish " 'once nondischargeable, always nondischargeable.' "  *In re Garcia*, 313 B.R. 307, 310 (9th Cir. BAP 2004) (quoting *Paine v. Griffin (In re Paine)*, 283 B.R. 33, 37 (9th Cir. 2002)). *In re Rabalais* (B.A.P. 9th Cir., Mar. 1, 2021, No. 2:20-AP-01138-ER) 2021 WL 785775, at *4.  Specifically, *In re Faramarz Bijan Khounani* (B.A.P. 9th Cir., Feb. 2, 2017, No. 8:15-AP-01483-TA) 2017 WL 460968, at * 4 "only two straightforward elements are required: 1) that the claim at issue was a pre-petition claim in an earlier bankruptcy case, and 2) that the debtor either waived his discharge or was denied his discharge under certain subsections of § 727(a) in that prior case."  Defendant has already admitted to both "straightforward elements" in

her Answer and petitions signed under oath in her 2012 and 2021 schedules.   All that remains is for the Court to rule on an issue of law under Section 523(a)(10) to find " 'once nondischargeable, always nondischargeable.' " under 9th Circuit law.

## II.  **A PROTECTIVE ORDER IS REQUIRED TO PREVENT FURTHER DISCOVERY ABUSE BY DEFENSE COUNSEL.**

Rule 26 applies to bankruptcy cases.  F.R.Civ.P. 26(c) states in relevant part

**Protective Orders.**

**(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. Rules Civ.Proc., rule 26, 28 U.S.C.A.

Here there are several needs for the Court to issue a protective order.

> **d.    *The Court Should Stay Discovery Pending Plaintiff's Motion For Summary Judgment That Disposes Of This Matter As No Triable Facts Remain Under 9th Circuit Law for § 523(a)(10) And Requires Only An Issue Of Law For The Court To Decide.***

There is a pending motion for summary judgment that will resolve this entire matter as a matter of law without any need for discovery, based on Defendant's admissions to both elements required by the 9th Circuit under 11 U.S.C. § 523(a)(10).  Accordingly staying discovery is required to avoid

1   Plaintiff from having to retain counsel to avoid continued harassment by Defense counsel who was less

2   than willing to resolve the dispute during the August 2, 2021 "meet and confer" (Brooks decl. ¶ 3).

3          The Court in Nguyen v. BMW of North America, LLC. (S.D. Cal., June 4, 2021, No.

4   20CV2432-JLS(BLM)) 2021 WL 2284113, at *2 recently reiterated the 9th Circuit standard for staying

5   discovery pending the outcome of a dispositive motion with no disputed facts and only a rule of law

6   remaining.

7              When deciding whether to grant a stay of discovery, the court must
8              consider the objectives of Fed. R. Civ. P. 1 to ensure a "just, speedy, and
               inexpensive determination of every action." Federal Housing Finance
9              Agency, 2019 WL 2527563, at *1 (quoting Tradebay, LLC v. eBay, Inc.,
               278 F.R.D. 597, 602-603 (D. Nev. 2011)). District courts have "wide
10             discretion in controlling discovery" and that discretion extends to staying
               discovery upon a showing of "good cause." Onn v. Carnival Corp., 2021
11             WL 1267264, at *1 (N.D. Cal., Apr. 6, 2021) (quoting Little v. City of
               Seattle, 863 F.2d 681, 685 (9th Cir. 1988)); see also Cellwitch, Inc. v.
12             Tile, Inc., 2019 WL 5394848, at *1 (N.D. Cal., Oct. 22, 2019) ("The
               Court has discretion to stay discovery pending the resolution of
13             dispositive motions, including motions to dismiss").
14
15
               "First, the pending motion must be potentially dispositive of the entire
16             case, or at least dispositive on the issue at which discovery is aimed.
               Second, the court must determine whether the pending, potentially
17             dispositive motion can be decided absent additional discovery."
               Mlejnecky, 2011 WL 489743, at *6. If either part of the test is not met,
18             discovery should proceed. Id. This two-factor test "requires the court to
               take a 'preliminary peek' at the merits of the pending, potentially
19             dispositive motion to determine whether a stay is granted."[1]Cellwitch,
               Inc., 2019 WL 5394848, at *1 (citing Tradebay, 278 F.R.D. at 602).
20
21
22             These cases find that discovery should be stayed "only when there are no
               factual issues in need of further immediate exploration, and the issues
23             before the Court are purely questions of law that are potentially
               dispositive." Id. (quoting Hachette Distribution v. Hudson County News
24             Co., 136 F.R.D. 356 (E.D. N.Y. 1991)). Id. at *3.
25          See also GTE Wireless, Inc. v. Qualcomm, Inc. (S.D. Cal. 2000) 192 F.R.D. 284, 286, accord.

26  In this matter, a motion for summary judgment is pending for hearing on September 9, 2021 under 11

27  U.S.C. § 523(a)(10) where there are no disputed material facts.  The 9th Circuit requires only two

28  elements, both are met here.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

See specifically *In re Faramarz Bijan Khounani* (B.A.P. 9th Cir., Feb. 2, 2017, No. 8:15-AP-01483-TA) 2017 WL 460968, at *4 affirming Judge Albert's granting of summary judgment under Section 523(a)(10) reiterating "only two straightforward elements are required: 1) that the claim at issue was a pre-petition claim in an earlier bankruptcy case, and 2) that the debtor either waived his discharge or was denied his discharge under certain subsections of § 727(a) in that prior case.".

In addition, as a matter of 9th circuit law "a determination of nondischargeability in one bankruptcy case bars redetermination of that issue in a subsequent bankruptcy case. 'In other words, once nondischargeable, always nondischargeable.' " *Bankr. Recovery Network v. Garcia (In re Garcia)*, 313 B.R. 307, 310 (9th Cir. BAP 2004) (quoting *Paine v. Griffin (In re Paine)*, 283 B.R. 33, 37 (9th Cir. 2002)). *In re Rabalais* (B.A.P. 9th Cir., Mar. 1, 2021, No. 2:20-AP-01138-ER) 2021 WL 785775, at *4 affirming preclusive effect of prior non-discharged debt listed in subsequent bankruptcy petition.

This Court, in taking a "peek", will easily see that Plaintiff's Motion for Summary Judgment meets both prongs.

Defendant has already admitted in her Answer to stipulating to a judgment of non-discharge in her prior 2012 Chapter 7 case (Exhibit "5" to Avetoom declaration, Doc 12 MSJ Separate Statement UMF # 12, 14, 15, 24). Defendant has also, under oath, listed the same claim, Plaintiff's 2011 State Court Judgment in <u>both</u> her 2012 and 2021 Chapter 7 bankruptcy schedules (Id.).

On August 2, 2021 Plaintiff and Defense counsel met and conferred, witnessed by Mr. Barry Brooks. When asked why Defendant's counsel needed to conduct discovery to oppose Plaintiff's Motion for Summary Judgment, Mr. Talkov could only offer a "hypothetical", essentially *what if Defendant Rosa Fridman has paid the entire judgment off since the § 727 non-discharge judgment* (Brooks declaration ¶ 4). This was later contradicted by Defense counsel admission that Debtor/Defendant could not afford to satisfy Plaintiff's 2011 judgment (Brooks decl. ¶ 4).

Under *Garcia*, *Paine, Rabalais,* and *In re Faramarz Bijan Khounani,* Plaintiff has satisfied both factual requirements under 11 U.S.C. § 523(a)(10). If Defendant wants a finding that the 2011 Judgment is no longer enforceable, she should not have stipulated under oath that it was in 2019 and would need to return to the State Court to seek a full satisfaction upon showing of full payment. Something she cannot do.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1    Accordingly, this Court should stay discovery until after the Court hears Plaintiff's Motion for

2    Summary Judgment on September 9, 2021.

3

4    **III.  IN THE ALTERNATIVE THE COURT SHOULD GRANT PLAINTIFF A**

5    **PROTECTIVE ORDER TO PREVENT DISCOVERY ABUSE BY DEFENDANT'S**

6    **COUNSEL SEEKING TO AVENGE THE 2011 STATE COURT JUDGMENT.**

7    Plaintiff has attempted for several weeks to resolve an ongoing discovery dispute with

8    Defendant's counsel (Avetoom decl. Exhibit "4").  After Defense counsel's repeated threats and

9    refusal to conduct discovery within the parameters of Rule 26, Plaintiff repeatedly requested for a meet

10   and confer by telephone.  Finally, on August 2, 2021, the parties met and conferred.  However

11   Defendant's intransigence to conducting lawful discovery remains.

12   Defense counsel refused to agree to limit his discovery to facts pertaining to claims and

13   defenses pursuant to Rule 26(b)(1).  See Brooks declaration ¶ 4.  See also Exhibit "4" to Avetoom

14   declaration, incorporating emails from Scott Taklov stating intent to seek discovery into unrelated

15   party to this mater.  See also Joint Status Report, wherein Scott Talkov represents wanting to take the

16   deposition of Victor Balakin, a non-party to this matter.  On August 2, 2021 Mr. Talkov represented he

17   did not have to disclose the scope of his intended discovery during the meet and confer and refused to

18   accept the cited law under § 523(a)(10) that renders Plaintiff's claim under the 2011 State Court

19   Judgment always non-dischargeable (Brooks declaration ¶ 4).

20   Unpersuasively, Defense counsel has made all of his affirmative defenses under 11 U.S.C.

21   § 547 which has nothing to do with 11 U.S.C. § 523(a)(10).

22   **e.    *Defense Counsel's Attempt To Take A Day-to-Day Deposition Violating Rule 30.***

23   Defense counsel also refuses to accept that he is afforded only one deposition for a 7-hour

24   period (FRCP 30(d)**(1) *Duration.*** Unless otherwise stipulated or ordered by the court, a deposition is

25   limited to one day of 7 hours.  Fed. Rules Civ.Proc., Rule 30, 28 U.S.C.A.  Rather he wants a day-to-

26   day deposition.

27   Defense counsel has expressly stated his intention of taking the deposition to seek information

28   into a potential creditor that is not a party to this action nor even filed a claim in the bankruptcy case.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1   Defense counsel admitted in an email that he has already spoken to this person on the telephone, but

2   then alleged that this person does not exist.  The person who has information on this non-party is,

3   Defense counsel, himself.  Defense counsel remains unable to show how this non-party, whom Scott

4   Taklov spoke to, and later represented to the court and US Trustee's office is fictitious, even has any

5   information with this Adversarial action.  Naturally the US Trustee's office was not impressed that

6   Talkov's allegations that this potential creditor is fictitious, concealed the fact that Scott Talkov

7   admitted in an email to speaking to this non-existent person.

8       As a reminder, this Court found that the presence of this creditor would harm Plaintiff in its

9   April 15, 2015 rulings on the LAM/Motion to Dismiss.  Talkov then demanded the Chapter 7 Trustee

10  force this person to file a claim or file a declaration, this was not acted upon.  Talkov then demanded

11  the State Court set an OSC and conduct an inquiry, an investigation, the State Trial Court found his

12  request improper and unsupported.  Then Scott Talkov requested the United States Trustee's office

13  take action.  The US Trustee's office was surprised to learn that Mr. Talkov had actually spoken to this

14  imaginary potential creditor on the phone and admitted to doing so in an email which was provided to

15  the US Trustee's Santa Ana office.  Now the Fridmans, supported by Talkov, are filing this "fictitious"

16  creditor's bankruptcy court filing in the State Court OSC Re contempt proceeding in a failed attempt to

17  avoid the issuance of an OSC Re contempt order.  As this Court found, the presence of Mr. Balakin is

18  detrimental to Plaintiff as a creditor with an unsecured claim.  The only party who seems to be using

19  this for benefit is the Fridmans… but this is not new.

20      In the 2012 Bankruptcy case, the Trustee incurred over $600,000 in fees chasing the Fridmans

21  concocted stories and fraudulent transfers, while the Fridmans bragged about costing everyone

22  thousands of dollars in retaliation for their decision to file bankruptcy.

23      This Debtor stood before this very court and stipulated to every violation under Section

24  727(a)(2), (4) and (5).  This debtor stipulated to denial of discharge, and then returned to State Court

25  and represented that she was forced into it, and that all of her lawyers were "weak" and negligent.  The

26  Debtors then resorted to online media insulting Judge Karen L. Robinson, and this Court.  Now this

27  same fraudulent debtor refuses to accept that once a debt is nondischargeable, it is forever

28  nondischargeable.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1

IV.  **CONCLUSION.**

2          Based on the foregoing, Plaintiff requests this Court should sustain Plaintiff's objection to

3    Defendant's subpoena, quash said subpoena.  In addition, Plaintiff respectfully requests this Court

4    issue a protective order staying discovery until Plaintiff's Motion for Summary Judgment is heard or

5    issue a protective order that limits the time and scope of discovery, preventing Defendant's harassing

6    conduct perpetuated under the guise of unrestricted discovery that does violence to Rule 26.

7

8

9    Dated August 4, 2021                    By:    *s/ Karl Avetoom*

10                                                  _____

11                                                  Karl Avetoom, Movant and Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1

## DECLARATION OF KARL AVETOOM

2

3    I, KARL AVETOOM, hereby declare as follows:

4        1.        I have personal knowledge of the following facts and if called upon to testify under oath, I

5    could and would do so competently to the following facts.

6        2.        I have attempted for several weeks to resolve this discovery dispute, including numerous

7    email exchanges, and repeated requests to meet and confer before having to bring this motion for a

8    protective order or order quashing the deposition subpoena falsely represented as served on me by

9    Defendant's counsel.  Despite all of these emails and a 45 minutes telephonic meet and confer,

10   witnessed by a licensed private investigator, former state bar investigator and retired law enforcement,

11   Mr. Barry Brooks I was unable to get any resolution on multiple discovery issues in dispute.

12       3.        Attached to my declaration as **Exhibit "1"** is a true and correct copy of a March 17, 2021

13   email I sent to Defense counsel stating that I do not accept electronic service.  This is based on a

14   history of the Fridmans and their counsel claiming to have emailed me documents, which continues to

15   this day, that are never actually emailed.

16       4.        Attached to my declaration as **Exhibit "2"** is a true and correct copy of an email received I

17   received on August 3, 2021 from Defense counsel representing "personal service" by temporarily

18   sticking a deposition notice to a dog gate, which, as attested to by Mr. Barry Brooks, the server never

19   attempted to come to the front door which has Ring video and removed said notice and left on foot.

20   The dog gate is not locked, not permanent and as seen in the photographs, UPS managed to come to

21   my front door and leave a box there.

22       5.        Attached to my declaration as **Exhibit "3"** is a true and correct copy of my email to

23   Defense counsel objecting to the false representation of service.

24       6.        Attached to my declaration as **Exhibit "4"** is a true and correct copy of my attempts via

25   email to resolve the discovery dispute over scope, issues under Section 523(a)(10), including my

26   requests to meet and confer by telephone with Defense counsel as required.

27       7.        Attached to my declaration as **Exhibit "5"** is a true and correct copy of the filed Separate

28   Statement in support of my Motion for Summary Judgment (8:21-ap-01023-ES Doc 12) setting forth

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1    both required elements under Section 523(a)(10), the Debtor's admission to denial of discharge of her

2    2012 Chapter 7 bankruptcy case under 11 U.S.C. § 727(a)(2), (4) and (5), and her schedules signed

3    under oath in both her 2012 and 2021 case listing the same claim, my 2011 State Court Judgment.

4        8.    Attached to my declaration as **Exhibit "6"** is a true and correct copy of the relevant portio

5    of the USPS mail notification showing the envelope postmarked July 31, 2021 that Defendant's

6    counsel claims was served on me.  As set forth in the declaration of Barry Brooks, Mr. Brooks opened

7    this envelope which contained blank pages.  I received no other mail addressed to me since July 30,

8    2021 through August 3, 2021.  On August 4, 2021 Defense counsel emailed me, this time dropping

9    their claim of "personal service" after I had replied to them informing them that my HOA has video

10    security and so does my unit, which will prove any representation of "personal service" to be a lie.

11

12    I declare under penalty of perjury under the laws of the United States, that the foregoing is true and

13    correct

14

15            */s Karl Avetoom*

16    Executed August 4, 2021 in Newport Beach, CA.    By:    _____

17            Karl Avetoom
        Creditor and Plaintiff, In Pro Per

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*EXHIBIT "1"*

26

27

28

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

Case 8:21-ap-01023-ES    Doc 18    Filed 08/04/21    Entered 08/04/21 16:44:29    Desc
Main Document      Page 16 of 59

## In re Fridman service list

From:  kia002 (kia002@att.net)

To:      scott@talkovlaw.com

Date:  Wednesday, March 17, 2021, 8:27 PM PDT

Mr. Talkov,

Please make sure that any service is sent to my full address 1100 Rutland Road Apt 9, Newport Beach, CA 92660.

It appears you have filed a motion to avoid liens without serving me. Please check your records to confirm you mailed your motion to the correct address.  I have contacted Case Mail, who your designated to mail your filing before it was ECF'd who provided me with a Certified Mail ID # of

### 92148901324734001369193164

which by tracking on USPS.com shows it has not been delivered, it has been delayed.

**I do not accept electronic service and service must be effectuated and complete by mail.**

Please withdraw and refile your Motion and please serve by mail service that can be confirmed.

I don't want to file an objection for ineffective service and cause additional delay.

Regards

Karl Avetoom

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "2"*

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

Case 8:21-ap-01023-ES    Doc 18    Filed 08/04/21    Entered 08/04/21 16:44:29    Desc
Main Document        Page 18 of 59

## Notice of Deposition - In re Rosa Fridman (8:21-bk-10512)/Avetoom v. Fridman (8:21-ap-01023-ES)

| | |
|---|---|
| From: | Nick Moss (nick@talkovlaw.com) |
| To: | kia002@att.net; kanderson@ecf.axosfs.com; 2edansie@gmail.com; ustpregion16.sa.ecf@usdoj.gov |
| Cc: | scott@talkovlaw.com; assistant@talkovlaw.com; chris@talkovlaw.com |
| Date: | Tuesday, August 3, 2021, 9:25 AM PDT |

All:

Attached please find:

- NOTICE OF DEPOSITION OF KARL AVETOOM

As you can see, the deponent has received service of this notice by email (both this email and via email sent July 30, 2021), by mail via correspondence deposited for mailing on July 30, 2021, and by personal service at your address of record (1100 Rutland Rd #9 Newport Beach, CA 92660-4607) yesterday, August 2, 2021.

We look forward to the deposition scheduled for this upcoming Thursday, August 5, 2021.

Regards,
Nick
--

### Nick Moss | Attorney, Talkov Law

**a:** 10880 Wilshire Blvd. Ste 1101 | Los Angeles, CA 90024
**e:** nick@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (310) 496-3300

   2021-08-02_Ntc. of Depo. of Avetoom [POS By Personal Service]_vF.pdf
915.2kB

SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor / Defendant Rosa A. Fridman

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case. No. 8:21-bk-10513-ES |
| Rosa Fridman, | Chapter 7 |
| Debtor. | Adv. No. 8:21-ap-01023-ES |
| Karl Avetoom, | **NOTICE OF DEPOSITION OF KARL AVETOOM** |
| Plaintiff, | |
| v. | DEPOSITION: |
| Rosa Fridman, | Date: August 5, 2021<br>Time: 10:00 a.m.<br>Place: Zoom Video Conference |
| Defendant. | |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TO CREDITOR AND TO ALL PARTIES AND ANY ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE THAT ON August 5, 2021, commencing at 10:00 A.M., Debtor/Defendant Rosa Fridman, by and through her counsel at Talkov Law Corp., will take the deposition upon oral examination of Karl Avetoom in connection with the above captioned bankruptcy proceeding. The deposition will take place on the video-conferencing platform, Zoom. The Zoom instructions will be provided to party to be deposed by email before the deposition occurs. The deposition will be recorded by stenographic and audio means before a certified court reporter. The deposition will proceed in accordance with Rule 30 of the Federal Rules of Civil Procedure as incorporated by Federal Rules of Bankruptcy Procedure 7030 and will continue from day-to-day until completed.

Date: July 27, 2021

TALKOV LAW CORP

*Scott Talkov*
_____
Scott Talkov
Attorneys for Debtor and Defendant Rosa Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF DEPOSITION OF KARL AVETOOM** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 3, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐    Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 3, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Personal Service:** | **Via Email Service on August 3, 2021:** |
|---|---|
| Karl Avetoom, Creditor and Plaintiff<br>1100 Rutland Rd #9<br>Newport Beach, CA 92660-4607 | Karl Avetoom, Creditor and Plaintiff<br>kia002@att.net<br><br>Karl T Anderson (TR)<br>2edansie@gmail.com, kanderson@ecf.axosfs.com<br><br>United States Trustee (SA)<br>ustpregion16.sa.ecf@usdoj.gov |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 3, 2021 | Leilani Caspillo | /s/Leilani Caspillo |
|---|---|---|
| *Date* | *Printed* Name | *Signature* |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300







lar No. 264676

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "3"*

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

## Re: Notice of Deposition - In re Rosa Fridman (8:21-bk-10512)/Avetoom v. Fridman (8:21-ap-01023-ES)

From: kia002 (kia002@att.net)

To:    kanderson@ecf.axosfs.com; 2edansie@gmail.com; ustpregion16.sa.ecf@usdoj.gov;
       nick@talkovlaw.com; scott@talkovlaw.com

Cc:    assistant@talkovlaw.com; chris@talkovlaw.com

Date:  Tuesday, August 3, 2021, 10:19 AM PDT

To All,

I have repeatedly objected to Mr. Talkov's unilaterally setting the deposition.  His notice is again defective.  At no time yesterday was I personally served.

Our Homeowners Association has security cameras and so does our unit.  Should any of the Talkov firm, including the party who supposedly lives by me, come forward and claim they personally served me, I will provide indisputable evidence that he is lying.

Moreover I have serious concerns over the proofs of service being signed under penalty of perjury by Ms. Caspillo.  I have received a copy of a filing by Mr. Talklov filed approximately one week ago, with a proof of service signed under penalty of perjury by Ms. Caspillo that contains false information on the ECF recipients and specifically omits me as a service recipient.  I intend on bringing this to the Court's attention as this appears to be an improper ex parte attempt my Mr. Talkov.

I previously informed Mr. Talkov that I do not accept service by email.  He has repeatedly failed to serve via mail or personally.

I will be filing for a protective order before the date of the defectively noticed deposition.

Taping a notice to a dog gate is not personal service.  As discussed with Mr. Talkov yesterday, there is no valid basis for a deposition as my motion for Summary Judgment is pending, with all facts to prove the § 523(a)(10) already admitted by the Defendant.

Regards

Karl Avetoom


On Tuesday, August 3, 2021, 9:25:49 AM PDT, Nick Moss <nick@talkovlaw.com> wrote:


All:

Attached please find:

- NOTICE OF DEPOSITION OF KARL AVETOOM

As you can see, the deponent has received service of this notice by email (both this email and via email sent July 30, 2021), by mail via correspondence deposited for mailing on July 30, 2021, and by personal service at your address of record (1100 Rutland Rd #9 Newport Beach, CA 92660-4607) yesterday, August 2, 2021.

We look forward to the deposition scheduled for this upcoming Thursday, August 5, 2021.

Regards,
Nick
--

### Nick Moss | Attorney, Talkov Law

**a:** 10880 Wilshire Blvd. Ste 1101 | Los Angeles, CA 90024
**e:** nick@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (310) 496-3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "4"*

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

## Re: Notice of Deposition of Karl Avetoom - In re Rosa Fridman (8:21-bk-10513-ES)/Avetoom v. Fridman (8:21-ap-01023-ES)

From:  Scott Talkov (scott@talkovlaw.com)

To:      kia002@att.net

Cc:      nick@talkovlaw.com; assistant@talkovlaw.com

Date:   Thursday, July 29, 2021, 10:33 PM PDT

Mr. Avetoom,

It is unclear what causes you to believe that I have a "duty" to meet and confer regarding the properly noticed deposition sent by my office. Your email also continues to ignore my repeated requests for you to outline anything that would be discussed at this "meet and confer" you are proposing regarding your deposition.

I hope you have something to speak about other than your desire not to be deposed (despite being an experienced self-represented litigant), as I am under no duty to explain to you my questions, purpose for the deposition or otherwise. You filed an adversary and have already filed a motion for summary judgment alleging that there is no triable issue of fact. My office is entitled to depose you to assist the court in determining if there are any triable issues of fact in addition to other proper purposes for a deposition.

This will confirm that you are indeed welcome to record the conversation on your end just as I will record the call on my end. You're also welcome to have anyone you would like with you, including "Victor Balakin" (or is it Belakin?), the alleged creditor you have been in contact with. I look forward to your call on Monday, August 2, 2021 at 12:00 p.m.

Please also note that, if you do not appear at your deposition, a motion for terminating sanctions, issue sanctions, monetary sanctions, and any other appropriate remedy, will be filed with the court as discovery is intended to further, not hinder, the truth seeking function of the court.

All the best,



**Scott Talkov** | **Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Thu, Jul 29, 2021 at 10:11 PM kia002 <kia002@att.net> wrote:

Mr. Taklov,

Ignoring your scurrilous attempts to avoid your duty to meet and confer, I propose the following for the meet and confer

1.   Both parties mutually record the meet and confer phone call, and

2.   Both parties have one witness on the phone call.

Provide a window of time for Monday August 2, 2021 *before* 1 PM when your client, Rosa Fridman, is set to resume her 341 examination.

Case 8:21-ap-01023-ES    Doc 18    Filed 08/04/21    Entered 08/04/21 16:44:29    Desc
Main Document    Page 31 of 59

Regards

Karl Avetoom

On Thursday, July 29, 2021, 7:37:13 PM PDT, Scott Talkov <scott@talkovlaw.com> wrote:

Mr. Avetoom-

In light of reports made to me that other officers of the court refuse to speak to you by phone due to threats you've made to them, I would ask that you outline the purpose of the meet and confer by email to me.

I look forward to hearing from you as there is no "meet and confer" requirement to noticing a deposition.

Please further indicate if you consent to any calls being recorded so there is no confusion between my office and you as to what was said or agreed upon.

Best Regards,

Scott Talkov

On Thu, Jul 29, 2021, 6:22 PM KA <kia002@att.net> wrote:

Scott,

Once again please provide a time where we can telephonically meet and confer regarding your discovery attempts.

I replied to all, as you had included the US trustees office in your initial email, only you would know why.

Please provide a time tomorrow for a meet and confer by telephone.

Sent from my iPhone

On Jul 29, 2021, at 6:15 PM, Scott Talkov <scott@talkovlaw.com> wrote:

Mr. Avetoom,

I received your email attempting to "meet and confer" about the deposition I noticed in the adversary you filed. Please indicate the nature of your attempt to "meet and confer" as I am unclear of your purpose.

If you are simply requesting a different date, please let me know. Otherwise, I have no idea what there is to meet and confer about as discovery is self effectuating.

Also, it is unclear why your copying on your email the US Trustee or Chapter 7 trustee, none of whom are parties in the adversary, nor are they your attorneys. There is simply nothing improper about a deposition in an adversary, meaning they simply have no interest in the properly noticed deposition in the adversary you filed.

Best Regards,

Scott Talkov

On Wed, Jul 28, 2021, 11:01 PM KA <kia002@att.net> wrote:

Mr. Taklov,

Please let me know your availability for a "meet and confer" by telephone on Friday, July 30, 2021 regarding your request for discovery.

Regards

Karl Avetoom


On Jul 27, 2021, at 1:41 PM, Nick Moss <nick@talkovlaw.com> wrote:

All:

Please find attached:

- NOTICE OF DEPOSITION OF KARL AVETOOM

The deposition will take place on August 5, 2021 via Zoom. We will provide a Zoom address in the days leading up to the deposition.

To ensure successful service of this notice, the NOTICE OF DEPOSITION OF KARL AVETOOM was also sent by U.S. Mail to the Deponent at his address for service at: 1100 Rutland Rd #9 Newport Beach, CA 92660-4607

Regards,
Nick

--

**Nick Moss | Attorney, Talkov Law**

**a:** 10880 Wilshire Blvd. Ste 1101 | Los Angeles, CA 90024
**e:** nick@talkovlaw.com | **w:** wwwtalkovlaw.com
**p:** (310) 496-3300

<2021-07-27 - Notice of Deposition of Avetoom.pdf>

**From:** kia002 <kia002@att.net>
**To:** Scott Talkov <scott@talkovlaw.com>
**Cc:** Nick Moss <nick@talkovlaw.com>
**Sent:** Wednesday, July 21, 2021, 9:50:46 PM PDT
**Subject:** Re: Status Report (8:21-ap-01023-ES)

Mr. Taklov,

There is no intended obstruction of discovery.  However you have in several emails stated your intention to conduct a deposition for the purpose of seeking information that is not remotely relevant to the claims and/or defenses and proportionate to this Adversary Proceeding.

I have informed you of the issues in the 523(a)(10) matter.  Your client has admitted to both issues.  There are no triable issues of fact.  Your client admitted to denial of discharge in her 2012 Chapter 7 case.  She has, under oath, listed the same claim in both her 2012 and 2021 Chapter 7 cases.

If you need to understand the two elements required to prove a 523(a)(10) adversary action, please see In re Faramarz Bijan Khounani (B.A.P. 9th Cir., Feb. 2, 2017, No. 8:15-AP-01483-TA) 2017 WL 460968, at *4, § 523(a)(10) is not premised on the debtor's commission of a tort or on a marital or fiduciary relationship with the creditor. **Instead, only two straightforward elements are required: 1) that the claim at issue was a pre-petition claim in an earlier bankruptcy case, and 2) that the debtor either waived his discharge or was denied his discharge under certain subsections of § 727(a) in that prior case.**

Your belief that you can conduct discovery on any issue is mistaken.  The scope of discovery is not as broad as you believe.  As a lawyer you should understand the scope under Rule 26.

Again, there is no resisting discovery.  You want to conduct discovery into matters that are not remotely relevant to any claim or defense in this matter that does violence to Rule 26.

Moreover two business days notice is insufficient notice.

I would suggest you reconsider your approach and perhaps discuss this issue with Judge Smith at the Status Conference to avoid unnecessary appearances before the Court.


Regards

Karl Avetoom


On Wednesday, July 21, 2021, 9:09:23 PM PDT, Scott Talkov <scott@talkovlaw.com> wrote:


Mr. Avetoom,

You're welcome to file a protective order based on your belief that discovery is never permissible based on your allegations in the complaint and/or the debtor's answer thereto. However, in advance of an order concluding that you are immune from discovery, we will proceed as allowed by law. Please understand that improperly filed protective orders and failure to appear at a deposition can result in monetary award. See FRBP 7037. I would encourage you to reconsider your proposed obstruction of discovery intended to further the truthseeking function of the courts.


Best Regards

Scott Talkov

On Wed, Jul 21, 2021, 6:38 PM KA <kia002@att.net> wrote:
Mr. Talkov,

Give you've already admitted to using this deposition to inquire into areas outside the scope of discovery in this 523(a)(10) case, I will be filing for a protective order to make sure you follow the law.

The MSJ is not dependent on your request for a deposition at this time.  All that is required under 523(a)(10) is that your client was denied discharge in a prior case, which you've admitted to in your Answer, and that the same claim was listed in the non-discharge case that is listed in her current case, which she's signed her 2012 and 2021 schedules under oath listing the same claim, previously denied discharge.

On Jul 21, 2021, at 6:02 PM, Scott Talkov <scott@talkovlaw.com> wrote:

Mr. Avetoom,

I haven't heard back from you with a date for your deposition. Given the pending motion for summary judgment with only a limited time for response, I will set the deposition for this **Monday, July 26, 2021 at 10:00 a.m.** Formal notice will follow.



**Scott Talkov** | **Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Tue, Jul 20, 2021 at 8:36 PM Scott Talkov <scott@talkovlaw.com> wrote:
Mr. Avetoom-

Please indicate your availability for a deposition to occur on or before August 6, 2021.

I look forward to learning all about "Victor Balakin" (or is it Victor Belakin?), who you alleged is a person whose declarations you twice proffered in the state court proceedings. I'm sure the Bankruptcy Court will find it very informative.

Best Regards,

Scott Talkov

On Tue, Jul 20, 2021, 8:07 PM KA <kia002@att.net> wrote:

Scott,

I will send you my copy of the joint status report, please return by Monday so I can file.

Deposing your clients' friend for any evidence relevant to this adversary proceeding is up to you.  I only need to depose your client and her two sons should this go to trial.

How's your real client Alex Fridman, I mean, Alex Theory, Moses Theory or Moises Theory?

Karl

Sent from my iPhone

On Jul 20, 2021, at 7:23 PM, Scott Talkov <scott@talkovlaw.com> wrote:

Hi Karl-

I don't think you understand my email. The normal way in which parties meet and confer in this context is that you would send me your status report with your portion completed. After reviewing it, I will understand what we should meet and confer about. Accordingly, no, my prior email was not intended as my effort to meet and confer on your adversary complaint.

I would like to meet and confer on deposing Victor Balakin (or is it Balakin?). Please indicate on how we can determine his address, and phone number, or if you can cause him to appear at a deposition. Given your ability to proffer two declarations from this alleged creditor of the debtor over a two day period, I am sure that you are of the belief that there is a real person by this name who can appear to be deposed in this case along with the ability to show valid government identification to the court reporter.

Thank you,

Scott

On Tue, Jul 20, 2021, 3:43 PM KA <kia002@att.net> wrote:

More than happy to.  Is this the extent of your efforts to meet and confer on issues?

I will send my copy tomorrow to you. Please return with your responses and I will file with the Court before the Status Conference.

Karl

On Jul 20, 2021, at 2:46 PM, Scott Talkov <scott@talkovlaw.com> wrote:

Mr. Avetoom,

The normal procedure would be for you to fill out your portion of the joint statement, then provide it to me for my portion. Would you be so kind as to do so?



**Scott Talkov** | **Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Tue, Jul 20, 2021 at 11:54 AM KA <kia002@att.net> wrote:
Mr. Talkov,

As I have to prepare and file a joint status report next week relating to the adversary action in 8:21-ap-01023-ES, would you please provide me with your responses as to:

1. When will you be ready for trial in this case?

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

3. When do you expect to complete your discovery efforts?

4. What additional discovery do you require to prepare for trial?

Trial Time

1. What is your estimate of the time required to present your side of the case at trial (*including rebuttal stage if applicable*)?

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

3. How many exhibits do you anticipate using at trial?

Pretrial Conference

If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Settlement.</u>

1. What is the status of settlement efforts?

2. Has this dispute been formally mediated?  I presume your response will be no as of this date.

3. Do you want this matter sent to mediation at this time?

<u>Consennt to Bankruptcy Court</u>

Does your client consent to the Bankruptcy Court's jurisdiction to enter final judgment in this matter.

Reagards

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "5"*

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1  Karl Avetoom
2  1100 Rutland Road # 9
   Newport Beach, CA 92660
3  (949) 929-4787
   Email kia002@att.net
4

5
6  Creditor and Plaintiff, In Pro Per

7

8                  UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10  In re:                              )  Case No:     8:21-bk-10513-ES
                                        )
11  Rosa Fridman                        )  Adversary Case No:  8:21-ap-01023-ES
                                        )
12                          Debtor      )  Hon:  Erithe A. Smith
                                        )
13  _____)  Chapter 7
                                        )
14  Karl Avetoom                        )  **PLAINTIFF'S SEPARATE STATEMENT OF**
                                        )  **UNCONTROVERTED FACTS AND**
15                        Plaintiff     )  **CONCLUSIONS OF LAW IN SUPPORT OF**
                                        )  **PLAINTIFF'S MOTION FOR SUMMARY**
16            v.                        )  **JUDGMENT.**
                                        )  (Plaintiff's Notice of Motion and Motion for
17  Rosa Fridman                        )  Summary Judgment, Supporting Declaration of
                                        )  Karl Avetoom, Plaintiff's Request for Judicial
18                        Defendant     )  Notice filed concurrently)
                                        )
19                                      )
                                        )
20                                      )
                                        )
21                                      )  **Hearing Info:**
                                        )  September 9, 2021
22                                      )  2:00 p.m.
                                        )  Courtroom 5A (via remote appearance)
23                                      )  411 W. Fourth St. Santa Ana CA 92701
                                        )
24  _____)

25  **TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO**

26  **DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL**

27  **OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

28        Plaintiff KARL AVETOOM ("AVETOOM" or "Plaintiff") hereby submits his statement of

                                        1

        PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

uncontroverted facts and conclusions of law pursuant to Local Bankruptcy Rule 7056-1(b)(2) as

follows:

**I.  INTRODUCTION.**

The matter before this Court is the motion for summary judgment in the above referenced

adversary proceeding wherein Plaintiff KARL AVETOOM objects to the discharge of a debt owed to

Plaintiff by defendant ROSA FRIDMAN pursuant to 11 U.S.C. § 523(a)(10), as a debt that was or

could have been listed or scheduled by the debtor in a prior case concerning the debtor under title 11 or

under the Bankruptcy Act in which the debtor was denied discharge under sections 727(a)(2), (3), (4),

(5), (6), or (7) under title 11.

On September 9, 2021, at 2:00 p.m. in Courtroom 5A of the United States Bankruptcy Court,

before the Hon. Erithe A. Smith, United States Bankruptcy Judge, came on for hearing Plaintiff Karl

Avetoom's Motion for Summary Judgment (the "Motion"). All appearances were as noted on the record.

The Court, having considered the moving papers and all pleadings filed in opposition to the

Motion, and all counsel having had an opportunity to be heard, the Court hereby adopts the following

Uncontroverted Facts and Conclusions of Law. To the extent any of the following findings of fact contain

conclusions of law, they shall be deemed to be conclusions of law. To the extent that any of the following

conclusions of law contain findings of fact, they shall be deemed to be findings of fact.

**II.  STATEMENT OF UNCONTROVERTED FACTS**

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.  On November 18, 2011 Plaintiff obtained a judgment against Defendant Rosa Fridman ("the State Court Judgment") in the matter of *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490, "the 2011 State Court Judgment." | (a) Exhibit "1" to Avetoom declaration. (b) Plaintiff's Request for Judicial Notice, Exhibit "1" thereto. |
| 2.  In or around January 3, 2012 the State Trial Court denied Defendant's Motion for a New Trial and Judgment Notwithstanding the | (a) Exhibit "2" to Avetoom declaration. (b) Plaintiff's Request for Judicial Notice, Exhibit "2" thereto. |

2

| | |
|---|---|
| Verdict. | |
| 3.   The State Trial Court rejected Defendant's repeated harassment of Plaintiff's 1997 low level conviction and found Defendant had engaged in a "personal war" against Plaintiff. | (a) Exhibit "3" to Avetoom declaration. Reporter's Transcript of Proceedings January 3, 2012. (b) Plaintiff's Request for Judicial Notice Exhibit "3". |
| 4.   The Trial Court reduced the award of punitive damages with Plaintiff's stipulation. | (a) Exhibit "3" to Avetoom declaration. Reporter's Transcript of Proceedings January 3, 2012 at p.45. (b) Plaintiff's request for judicial notice Exhibit "4". Abstract with reduced amount. |
| 5.   On or around February 2, 2012 Plaintiff's Judgment in OCSC 30-2010-00345490 *Avetoom v. Arce, et al.* was approximately $650,000.00 | (a)      Exhibit "4" to Avetoom declaration *Abstract of Money Judgment.* (b) Plaintiff's request for judicial notice Exhibit "4". |
| 6.   On November 9, 2011 the State Court issued a TRO enjoining Defendant from dissipating assets. | (a) Exhibit "5" to Avetoom declaration *TRO.* (b) Plaintiff's RFJN Exh. 5. |
| 7.   On or around November 22, 2011 the State Court issued a preliminary injunction preventing Defendant from continued dissipation of assets | (a)      Exhibit "6" to Avetoom declaration, *Preliminary Injunction 30-2010-00345390.* (b)      *Plaintiff's RFJN Exh. 6.* |
| 8.   In 2014 Defendants Moisey Fridman and Rosa Fridman were found to have willfully violated the State Court's TRO. | (a)      Exhibit "7" to Avetoom declaration, 2014 *Order and Judgment of Contempt 30-2010-00345390.* (b)      *Plaintiff's RFJN Exh. 7.* |
| 9.   In 2015 Defendants Moisey Fridman and Rosa Fridman were found to have willfully | (a) Exhibit "8" to Avetoom declaration, *2015 Order and Judgment of Contempt 30-2010-* |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| violated the State Court's Preliminary Injunction. | *00345390*<br><br>*(b) Plaintiff's RFJN Exh. 8.* |
| 10. On or around February 10, 2012 Defendant Rosa Fridman filed for bankruptcy in the United States Bankruptcy Court for the Central District of California, case No. 8:12-bk-11721-ES. | (a) Exhibit "9" to Avetoom declaration.<br>*Notice* 8:12-bk-11721-ES *In re Moisey Fridman and Rosa Fridman*.<br>(b) *Plaintiff's RFJN Exh. 9.* |
| 11. On or around May 24, 2012 Defendant's bankruptcy case was converted to a Chapter 7 case. | (a) Exhibit "10" to Avetoom declaration.<br>See also Doc 36 case 8:12-bk-11721-ES.<br>(b) *Plaintiff's RFJN Exh. 10.* |
| 12. In her 2012 Chapter 7 Petition Defendant Rosa Fridman listed a debt owed to Plaintiff Karl Avetoom arising from *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490, *the 2011 State Court Judgment.* | (a) Exhibit "11" to Avetoom declaration *Schedule D* 8:12-bk-11721-ES Doc. 12, pg. 11.<br>(b) Exhibit "12" to Avetoom declaration, *Amended Schedule.* Case No. 8:12-bk-11721-ES *Schedule F*, 8:12-bk-11721-ES Doc 178.<br>(c) Exhibit "28" to Avetoom declaration filed claim in case No. 8:12-bk-11721-ES.<br>(d) Plaintiff's Request for Judicial Notice Exhibit "27", Plaintiff's filed claim in 2012 Chapter 7 case. |
| 13. On or around July 30, 2013 the Chapter 7 Trustee for Defendant FRIDMAN'S 2012 Chapter 7 bankruptcy filed an adversary proceeding, case *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and Rosa A.* | (a) Exhibit "13" to Avetoom declaration. Trustee's adversary Complaint filed in 8:12-bk-11721-ES Doc 256.<br>(b) Plaintiff's RFJN Exhibit "13" |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | | |
|---|---|---|
| 1 | *Fridman* no. 8:13-ap-01253-ES, seeking denial | |
| 2 | of discharge under, inter alia, 11 U.S.C. § 727 | |
| 3 | (a)(2), (4) and (5).  The Chapter 7 Trustee | |
| 4 | alleged Defendant *transferred, removed,* | |
| 5 | *destroyed, mutilated, or concealed property* | |
| 6 | *with the intent to hinder, delay or defraud* | |
| 7 | *creditors both pre and post-petition, Defendant* | |
| 8 | *made a false oath,* ("the 2013 Adversary | |
| 9 | Proceeding") | |
| 10 | 14.  On or around January 30, 2015 Debtor | (a) Exhibit "14" to Avetoom declaration. |
| 11 | Rosa Fridman stipulated to non-discharge of | *Stipulation* 8:13-ap-01253-ES Doc 73 |
| 12 | all debts in their bankruptcy case 8:12-bk- | (b)  Defendant's Answer to Plaintiff's |
| 13 | 11721-ES under all claims for relief sought by | Complaint 8:21-ap-01023-ES Doc 7 ¶ 13 |
| 14 | the Chapter 7 Trustee in Adversary Case No. | admitting to denial of discharge in the 2012 |
| 15 | 8:13-ap-01253-ES, arising under 11 U.S.C. § | Chapter 7 case based on Section 727 (a)(2), |
| 16 | 727(a)(2), (4), and (5)[Case 8:13-ap-01253-ES | (a)(4) and (a)(5) as alleged in this Adversary |
| 17 | Doc 73]. | Complaint ( Doc 6. ¶ 13 "On or around |
| 18 | | January 30, 2015 Debtor Rosa Fridman |
| 19 | | stipulated to non-discharge of all debts in |
| 20 | | their bankruptcy case 8:12-bk-11721-ES |
| 21 | | under all claims for relief sought by the |
| 22 | | Chapter 7 Trustee in Adversary Case No. |
| 23 | | 8:13-ap-01253-ES, arising under 11 U.S.C. § |
| 24 | | 727(a)(2), (4), and (5)[Case 8:13-ap-01253- |
| 25 | | ES Doc 73]". |
| 26 | | (c) Plaintiff' RFJN Exh. 14. |
| 27 | 15.  On or around February 18, 2015 this | (a)  Exhibit "15" to Avetoom declaration, |
| 28 | Court entered a Judgment denying discharge | *Judgment denying discharge.*  8:13-ap- |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| under Section 727 of the bankruptcy code against Debtors Moisey Fridman and Rosa Fridman [Case 8:13-ap- 01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including those under 11 U.S.C. §727(a)(2), (4), and (5). | 01253-ES Doc 74<br><br>(b)  Defendant's Answer to Plaintiff's Complaint 8:21-ap-01023-ES ¶ 14, (Doc. 7). Admitting to ¶ 14 of FAC in this matter "On or around February 18, 2015 this Court entered an Order denying discharge under Section 727 of the bankruptcy code against Debtors Moisey Fridman and Rosa Fridman [Case 8:13-ap- 01253-ES Doc 74] on all causes of action set forth in the Chapter 7 Trustee's Complaint, including those under 11 U.S.C. § 727(a)(2), (4), and (5)."<br><br>(c) Plaintiff's RFJN Exh. "15" *Judgment* |
| 16.  On or around November 27, 2015 Plaintiff filed an action against Defendant and her former attorneys for violating California's Fraudulent Transfer Act, Ca. Civil Code § 3439 *et seq.* ("the 2015 Fraudulent Transfer action") First Amended Complaint filed Jan 12, 2016. | (a)  Exhibit "16" to Avetoom declaration, *First Amended Complaint in Avetoom v. Risbrough, et al* OCSC case no. 30-2015-00820760.<br><br>(b)  Plaintiff's Request for Judicial Notice, Exhibit "16". |
| 17.  On or around May 30, 2019 Defendants Motion for Summary Judgment was denied | (a)  Exhibit "17" to Avetoom declaration, *Minute Order Denying MSJ.*<br><br>(b)  Plaintiff's Request for Judicial Notice, Exhibit "17". |
| 18.  On or around July 3, 2019 Defendant D&R, Risbrough, Margaret Elder, Beach Crest Villas HOA and Plaintiff entered into a Settlement Agreement which included | (a)  Exhibit "18" to Avetoom declaration, *Filed Request for Dismissal against Defendants D&R and Risbrough post settlement excluding Defendant Fridman.* |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| dismissal of D&R and Risbrough. | (b) Plaintiff RFJN Exhibit # 18. |
| 19.  Defendant Rosa Fridman threatened litigation against her former attorneys for breach of fiduciary duty (SS # 19). | (a)  Exhibit "19" to Avetoom declaration, June 29, 2019 *eMail from Rosa Fridman's attorney threatening legal action against Risbrough defendants.* |
| 20.  On or around July 9, 2019 Defendant ROSA FRIDMAN entered in Settlement Agreement in *Avetoom v. Risbrough, et al.,* Orange County Superior Court case no. 30-2015-00820760 stipulating that the 2011 judgment in *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490 is enforceable against Defendant FRIDMAN individually and in her capacity as Trustee for The Fridman Family Trust established April 14, 2000. | (a)  Exhibit "20" to Avetoom declaration (Reporter's Transcript July 9, 2019).<br><br>(b) Plaintiff's Request for Judicial Notice Exhibit "19" *Reporter's Transcript* in *Avetoom v. Risbrough, et al.,* Orange County Superior Court case no. 30-2015-00820760. Pg. 2  *"ROSA FRIDMAN STIPULATE THAT THE JUDGMENT IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER 30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS TRUSTEE OF FRIDMAN FAMILY TRUST."*<br><br>(c) Avetoom declaration Exhibit "21", *Minute Order February 13, 2020 at pg. 1 finding valid settlement entered into.*<br><br>(d) Plaintiff's Request for Judicial Notice, Exhibit "20".  Minute Order p.1. *finding valid settlement entered into.*<br><br>(e) Defendant's Answer, Judgment 8:21-ap-01023-ES Doc 7 See Page 9 of 14 ¶1 *"Rosa Fridman stipulates that the judgment in Avetoom v. Arce, Fridman Orange County Superior Court Case No. 30-2010-00345490 is* |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| | *valid against her both individually and as Trustee for The Fridman Family Trust Established On April 14, 2000."* |
| 21. On February 13, 2020 the State Court ruled Defendant entered into a valid Settlement Agreement in case 30-2015-00820760 on July 9, 2019. | (a) Avetoom declaration Exhibit "21", *Minute Order February 13, 2020 at pg. 1.* (b) Plaintiff's Request for Judicial Notice, Exhibit "20". Minute Order p.1. |
| 22. On or around February 11, 2021 Plaintiff AVETOOM renewed his 2011 State Court Money Judgment in *Avetoom v. Arce Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010-00345490 against Defendant FRIDMAN in the amount of $ 1,199,740.83. | (a) Avetoom declaration Exhibit "22" *Application For And Renewal of Judgment.* 30-2010-00345490-CU-PO-CJC - ROA # 1214 (b) Plaintiff's Request for Judicial Notice, Exhibit "21" thereto. 30-2010-00345490-CU-PO-CJC - ROA # 1214 |
| 23. On or around February 22, 2021 the Superior Court of Orange County issued an Order to Show Cause Re: Contempt against Defendant for violating court orders | (a) Avetoom declaration Exhibit "23". *OSC Re Contempt Order* OCSC case no. 30-2010-00345490. (b) Plaintiff's RFJN Exhibit # 22. OSC. |
| 24. On or about February 26, 2021 Defendant FRIDMAN filed a Chapter 7 bankruptcy case in the United States Federal Bankruptcy Court, for the Central District of California, case No. 8:21-bk-10513-ES ("the 2021 Chapter 7 case"), where Defendant listed under oath in Schedule F of her Petition the debt owed to Plaintiff arising from the 2011 judgment in *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010- | (a) Avetoom declaration Exhibit "24" ("the 2021 Chapter 7 Petition"). Case No. 8:21-bk-10513-ES, Doc. 1. (b) (Id.) Petition Schedule F Doc. 1 at pgs. 18, 19 listing *the 2011 State Court Judgment.* (c) Avetoom declaration Exhibit "29" filed claim in case No. 8:21-bk-10513-ES for Plaintiff's 2011 State Court Judgment in *Avetoom v. Arce, et al.,* Orange County Superior Court case number 30-2010- |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

| | |
|---|---|
| 00345490, *the 2011 State Court Judgment.* | 00345490.<br><br>(d) Plaintiff's Request for Judicial Notice Exhibit "28", Plaintiff's filed claim in 2021 Chapter 7 case. |
| 25. On or around May 28, 2021 Plaintiff filed this Adversary Proceeding against Defendant seeking non-discharge of the 2011 State Court Judgment listed by Defendant in both her 2012 and 2021 Chapter 7 cases. | (a) Avetoom declaration Exhibit "25", *Complaint*. 8:21-ap-01023-ES Doc 1. |
| 26. On or around June 7, 2021 Plaintiff filed his First Amended Complaint in this Adversary Proceeding. | (a) Avetoom declaration Exhibit "26", *First Amended Complaint*. 8:21-ap-01023-ES Doc 6, Filed 06/07/21 |
| 27. On or around June 28, 2021 Defendant filed an Answer in this matter. | (a) Avetoom declaration Exhibit "27" *Answer*. 8:21-ap-01023-ES Doc 7. |
| 28. Defendant admits in her Answer that she was denied discharge of all debts in her 2012 Chapter 7 case pursuant to 11 U.S.C. §§ 727(a)(2), (a)(4) and (a)(5). | (a) Avetoom decl. Exhibit "27" *Answer*.<br>(b) (Id.) See 8:21-ap-01023-ES Doc 7, Pg. 3 ¶¶ 13, 14 admitting to ¶¶ 13, 14 in Plaintiff's FAC (8:21-ap-01023-ES Doc 6 Filed 06/07/21). ¶ *13 relating to Defendant's stipulation to denial of discharge: ¶ 14, Judgment entered denying discharge.* |

## III.  <u>CONCLUSIONS OF LAW.</u>

The Court is vested with jurisdiction over this core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(I), (J) and (O).

Pursuant to Local Bankruptcy Rule, 7056-l(f), Facts Deemed Admitted. In determining any motion for summary judgment or partial summa1y adjudication, the court may assume that the material facts as claimed and adequately supported by the movant are admitted to exist without

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

1  controversy, except to the extent that such facts are: (1) Included in the "statement of genuine issues,"

2  and (2) Adequately controverted by declaration or other evidence filed in opposition to the motion.

3       All findings of fact are incorporated by reference as conclusions of law, and all conclusions of

4  law are incorporated by reference as findings of fact.

5       The exclusive issue before the Court is whether the indebtedness owed by Defendant to

6  Plaintiff as reflected in the state court judgment referenced in Plaintiff's Complaint is within the

7  exceptions to discharge of 11 U.S.C. §523(a)(10) and, consequently, nondischargeable.

8       A party is entitled to summary judgment when "the pleadings, depositions, answers to

9  interrogatories, and admissions on file, together with tl1e affidavits, if any, show that there is no

10 genuine issue as to any material fact and tl1at the moving party is entitled to judgment as a matter of

11 law." Federal Rule of Civil Procedure 56(c), incorporated into bankruptcy proceedings by Federal Rule

12 of Bankruptcy Procedure 7056; see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

13      In this adversary proceeding, Plaintiff has the burden of persuasion at trial to prove its claims

14 under 11 U.S.C.§ 523(a) by a preponderance of the evidence that the debt owed by Defendant is

15 excepted from discharge. *Grogan v. Garner*, 498 U.S. 279,291 (1991); 4 Resnick and Sommer, Collier

16 on Bankruptcy, ¶ 523.04 at 523-19 - 523-20 and nn. 16 and 18 (l6th ed. 2013).

17      11 U.S.C. § 523(a)(10) provides that a discharge under title 727 of title 11 does not discharge

18 an individual debtor from any debt that was or could have been listed or scheduled by the debtor in a

19 prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was

20 denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

21      The elements of claim preclusion are: (1) whether the parties are identical or in privity; (2)

22 whether the judgment in the prior action was rendered by a court of competent jurisdiction; (3) whether

23 there was a final judgment on the merits; and (4) whether the same claim or cause of action was

24 involved in both suits. *Owens v. Kaiser Foundation Health Plan, Inc*. 244 F.3d 708, 713 (9th Cir.,

25 2001).

26      The concept of "privity" "involves a person so identified in interest with another that he

27 represents the same legal right." *Zaragosa v. Craven* (1949) 33 Cal.2d 315, 318.

28      On November 18, 2015 in the 2013 Adversary Proceeding *Karl Anderson, Chapter 7 Trustee*

---

10

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

1  *v. Moisey O. Fridman and Rosa A. Fridman*, Case No. 8:13-ap-01253-ES, this Court entered a

2  judgment against Defendant and ordered and adjudged that Defendant ROSA FRIDMAN be denied

3  discharge based on the Chapter 7 Trustee's adversary complaint, on all causes of action under 11

4  U.S.C. § 727 (a)(2), 727 (a)(4) and 727 (a)(5).

5  The 2013 Adversary Proceeding involved parties that were in privity, sharing the same

6  common interest for denial of discharge, of Plaintiff's 2011 State Court Judgment claim and the

7  Chapter 7 Trustee's interest in obtaining non-discharge of all claims including Plaintiff's, meeting the

8  identical claims contained the instant proceeding.

9  This Court had subject matter jurisdiction and personal jurisdiction in the 2013 Adversary

10  Proceeding. There was a final judgment on the merits. The same claim, Plaintiff's claim against

11  Defendant listed in Defendant's 2012 Chapter 7 case and Defendant's 2021 Chapter 7 case, as the

12  same claim.  Therefore, the 2013 Adversary Proceeding is to be given the effect of claim preclusion in

13  the instant proceeding.

14  Moreover, under the doctrines of merger and bar (as incorporated by the doctrine of claim

15  preclusion) all of the claims pled in the 2013 Adversary Proceeding were merged into the Judgment,

16  thus foreclosing litigation of matters that should have been raised in that action. Under the doctrine of

17  merger, Debtor is barred from asserting defenses that were and/or should have been raised in the prior

18  proceeding. *Littlejohn v. U.S.*, 321 F.3d 915, 919-920 (9th Cir., 2003).

19  Having contained all the necessary elements to be proven under §523(a)(10), the judgment

20  entered by this Court in Adversary Proceeding, Case No. 8:13-ap-01253-ES is res judicata as to the

21  issue of dischargeability of the debt under § 523(a)(10).

22  Under California law, upon Plaintiff's filing of an application to renew a judgment, the

23  judgment is automatically renewed (C.C.P. §§ 683.120, 683.150) *The Rutter Guide* (2021) 7. Period

24  During Which Judgment Enforceable; Renewal Procedures, Cal. Prac. Guide Enf. J. & Debt Ch. 6A-7

25  The indebtedness owed by Defendant to Plaintiff as reflected in the 2011 State Court Judgment

26  in *Avetoom v. Arce, et al* Orange County Superior Court case number 30-2010-00345490 as claim in

27  the amount of $1,199,740.67 (the "Avetoom Claim") is squarely within the exceptions to discharge of

28  11 U.S.C. §523(a)(10) and the subject debt is, consequently, nondischargeable and enforceable against

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

Defendant ROSA FRIDMAN.

*/s Karl Avetoom*

Dated June 12, 2021                    By:    _____

Karl Avetoom
Creditor and Plaintiff, In Pro Per

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

7451 Warner Ave #E191 Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled **PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) JUNE 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 16, 20201 | Sal W. Hanna | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "6"*

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.





AT&T Yahoo Mail - Your Daily Digest for Mon, Aug 02

https://mail.yahoo.com/d/folders/1/messages/181185



**21st Century Investigations**
**Investigations and Risk Assessment**
PI License # 21688
(714) 244-6959
P.O. Box 3223, Costa Mesa Ca. 92628
21.detectiveagency@gmail.com

DECLARATION OF BARRY QUENTIN BROOKS

I, Barry Brooks, hereby declare as follows:

1.      I am a private investigator duly licensed in the State of California. I am a retired

law enforcement officer for Los Angeles Police Department and a former State Bar of California

investigator. I have personal knowledge of the following facts and if called upon to testify under

oath, I could and wound do so competently.

2.      On August 2, 2021, as the request of Plaintiff Karl Avetoom, I came to Mr.

Avetoom's residence to witness to a telephonic meet and confer regarding discovery in an

adversary proceeding in the bankruptcy case of one ROSA FRIDMAN.  The phone call was

between Mr. Avetoom and Defendant's counsel, Mr. Scott Talkov.

3.      During this telephonic meet and confer, Mr. Avetoom informed Mr. Talklov that

he did not agree to email service.  Mr. Avetoom also informed Mr. Talkov that he had not

received notice by mail of a subpoena to appear at a deposition.  Mr. Talkov stated that he had an

associate of his office that lived a few blocks away and would come and personally serve Mr.

Avetoom that day with a deposition subpoena.  After the meet and confer phone call was over, at

approximately 1 pm.  I was with Mr. Avetoom as his residence when a young Caucasian male

with dark hair came up the staircase by Mr. Avetoom's unit.  This person looked around and then

taped some papers to a wooden small dog gate, stepped back and appeared to take photographs.

The individual then looked around, removed the papers and left Mr. Avetoom's complex heading

east on Rutland Road towards Bedford Lane.  At no time did this person attempt to come to the

front door of Mr. Avetoom's unit and attempt service.  I have seen photographs attached to an

email set from Talkov law on August 3, 2021 which contain photographs of papers that were

taped to the dog gate outside Mr. Avetoom's residence the previous day.  At no time did this individual even come to the front door of Mr. Avetoom's residence.  Mr. Avetoom's association has security cameras installed and Mr. Avetoom's front door uses a Ring doorbell with video.  I have reviewed the video from this timeframe and it supports that this party did not come to the front door to attempt to personally serve Mr. Avetoom.

4.      During this meet and confer, aside from general discussions of Rule 26 witnesses and documents, Mr. Avetoom attempted to obtain a response as to why Defendant's counsel needed to conduct a deposition, when there was a motion for summary judgment pending.  Mr. Talkov did not offer any firm response outside of stating he did not need to discuss his discovery with Mr. Avetoom.  After some minutes, Mr. Talkov stated that he needed to conduct the deposition because of a *hypothetical situation, that Rosa Fridman had paid Mr. Avetoom's 2011 judgment in full after the last "727" case.*  Mr. Avetoom responded that if they are alleging that Rosa Fridman has somehow paid the entire judgment, he would like to see how she paid this million dollar judgment off.   Later in the conversation Mr. Talkov stated that the judgment Mr. Avetoom holds is in an amount in excess of anything Rosa Fridman could afford to pay, contradicting the hypothetical Mr. Talkov expressed.  During this telephonic meeting Mr. Talkov avoided responding to Mr. Avetoom's request for explanations into how discovery related to Defendant's affirmative defenses under section 547.  While Mr. Avetoom took the position that discovery is limited to claim and defenses proximate to these issues under Rule 26, Mr. Taklow appeared to take the position that he did not have to disclose his discovery needs and did not agree to limit discovery under Rule 26.  Mr. Avetoom stated that he would move for a protective order if Defendant's counsel did not agree to resolve the discovery differences.  Mr. Avetoom stated he would have to retain counsel to prevent harassment from Defendant's counsel.

5.      Mr. Avetoom showed me an email from the United States Postal Service that shows a handwritten envelope bearing the post mark of July 31, 2021 was sent to him.  Mr. Avetoom suspected foul play by Defendant's attorneys and asked me to accompany him to the

mail box to retrieve and open the letter.   I agreed and the letter contained a postmark of July 31, 2021 (Saturday) and postmarked from Santa Ana, CA. There was no return address.  It contained one single stamp.  I opened the envelope and there were two pieces of blank paper inside.  There was no other mail addressed to Mr. Avetoom.  This post mark appears to be on or around the same time Defendant's counsel claims to have mailed a deposition notice referenced in their August 3, 2021 email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true   and correct.

Executed August 3, 2021 in Costa Mesa, CA.

By: _____

Barry Q. Brooks.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

</div>

| In re:<br>ROSA FRIDMAN<br><br><div align="center">Debtor(s).</div> | CASE NO.: 8:21-bk-10513-ES<br><br>CHAPTER: 7 |
|---|---|
| KARL AVETOOM<br><br><div align="center">Plaintiff(s)</div><br><div align="center">v.</div><br>ROSA FRIDMAN<br><br><div align="center">Defendant(s)</div> | ADV. NO.  8:21-ap-01023-ES<br><br><div align="center">**SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO**</div><br><br>HEARING DATE:    9/9/2021<br>HEARING TIME:    10:30 am |
| **Movant:**  Karl Avetoom | |

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> **PLAINTIFFF KARL AVETOOM'S MOTION FOR A PROTECTIVE ORDER OR ALTERNATIVELY FOR AN ORDER QUASHING FALSE SERVICE OF DEPOSITION SUBPOENA.**

2. **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

   Meeting URL:  https://cacb.zoomgov.com/j/1619031127

   Meeting ID:  161 903 1127

   Password:  200100

   Telephone:  1 (669) 254 5252 or 1 (646) 828-7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

.

Date: _____

                                     _____
                                       Printed name of law firm (if applicable)

                                       Karl Avetoom
                                       _____
                                       Printed name of individual Movant or attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled PLAINTIFFF KARL AVETOOM'S MOTION FOR A PROTECTIVE ORDER OR ALTERNATIVELY FOR AN ORDER QUASHING FALSE SERVICE OF DEPOSITION SUBPOENA. DECLARATIONS OF KARL AVETOOM AND BARRY Q. BROOKS INSUPPORT. SUPPLEMENTAL ZOOM NOTICE.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 26, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)** 2edansie@gmail.com, kanderson@ecf.axosfs.com
**Scott Talkov** scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2021 | Sal W. Hanna | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.