Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>　　　　　Debtor<br>_____<br>Karl Avetoom<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>Rosa Fridman<br><br>　　　　　Defendant | Case No:    8:21-bk-10513-ES<br><br>Adversary Case No:   8:21-ap-01023-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**PLAINTIFFF KARL AVETOOM'S MOTION TO STRIKE DEFENDANT'S AMENDMENT TO HER ANSWER UNLAWFULLY FILED BY ATTORNEY SCOTT TALKOV IN VIOLATION OF LBR 7015-1, FRBP 7015 INCORPORATING F.R.CIV.P. 15. DECLARATION OF KARL AVETOOM.**<br>*(Related to Doc 31)*<br>**Hearing Info:**<br>October 14, 2021<br>10:30 a.m.<br>Courtroom 5A (via remote appearance)<br>411 W. Fourth St. Santa Ana CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　Plaintiff Karl Avetoom ("Plaintiff") hereby submits his Motion to Strike the unlawfully filed Amendment to an Answer of Defendant Rosa Fridman ("Defendant"), filed months past the twenty-one-day period and without leave of court to amend, violating LBR 7015-1, F.R.Bank.P. 7015

1

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

incorporating F.R.Civ.P 15.  Plaintiff Karl Avetoom moves to strike from the docket Defendant's pleading labeled as an Amendment to her Answer (Doc. 31, filed 9/21/2021) by attorney Scott Talkov.

It is common knowledge that a party may not file an amended pleading after the twenty-one (21) day period under FRCP 15 has expired, without leave of the court or stipulation by the opposing party.  Here attorney Talkov has deliberately filed an amendment to an answer that violates FRCP 15 incorporated by F.R.Bank.P 7015, and LBR 7015-1 in an attempt to pick yet another fight after this Court provisionally granted summary judgment in favor of Plaintiff.  This Court also ruled that no discovery may be conducted in furtherance of the Motion for Summary Judgment, which Talkov now tries to avoid this Court's ruling by filing an unlawful Amendment.

Attorney Talkov did not have Plaintiff's stipulation. Nor did he obtain this Court's permission to file any amendment.  As such his Amendment to the Answer violates Rule 15 and LBR 7015-1.

## I. **RELEVANT BACKGROUND.**

On September 9, 2021, this Court provisionally granted Plaintiff's Motion for Summary Judgment as a matter of law under 11 U.S.C. § 523(a)(10).  Defendant's counsel ignores established rules, in an attempt to add in an affirmative defense that is futile, in an attempt to avoid entry of summary judgment.   The unlawfully filed Amendment is more akin to a motion, trying to avoid *In re Moncur* (B.A.P. 9th Cir. 2005) 328 B.R. 183, 191-192 that answers the main issue in this case: "whether the terms of the discharge order in the second bankruptcy alters the otherwise applicable effect of the prior judgment."  The Court in *Moncur* held that nothing in a second bankruptcy can create a carve out to statutory law that holds denial of discharge under Section 727 creates eternal non-discharged claims under 11 U.S.C. § 523(a)(10).  Id. at 192.

Defendant as a matter of law cannot obtain any relief in her second bankruptcy that unwinds the 2015 final judgment of non-discharge under Section 727 that holds, as a matter of law, all claims that were or could have been made in Defendant's 2012 bankruptcy, forever non-dischargeable under Section 523(a)(10). The Court in *Moncur* clearly held the bankruptcy court could not create any exception to this law: *"The judgment entered in the first bankruptcy case remained effective in the second bankruptcy.* ***The terms of the local-form discharge order did not, and could not, change that result.****"* Id. at 192. Emphasis added.

As shown below, all of the same authorities Talkov cites in the Amendment not only do not change the rule of law from *Moncur* but do not apply to bankruptcy cases, Section 523(a)(10) and are factually inapplicable to this bankruptcy case. This Court has already rejected Defendant's affirmative defenses of waiver, substitution, or novation. The Amendment is futile as no affirmative defense can alter the outcome of what happened in Defendant's denial of discharge in 2015.

The Court must strike the unlawfully filed Amendment in violation of Rule 15 and remove it from the record including removing it from the docket in this case.

## II. DEFENDANT'S AMENDMENT TO HER ANSWER IS LEGALLY UNAUTHORIZED, VIOLATING RULE 7015 AND LBR 7015-1.

Amendments to pleadings are covered by F.R.Civ.P. 15, incorporated by F.R.Bank.P. 7015 and LBR 7015-1. *In re Gunn* (B.A.P. 9th Cir. 1990) 111 B.R. 291, 292.

Under Rule 15(a), Defendant and her counsel needed permission before her amendment to her answer could be filed. Defendant's counsel did not have written approval from this court nor did he even bother to seek leave from this Court before filing the Amendment on September 21, 2021.

Failure to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended pleading having no legal effect. See *U.S. ex rel. Mathews v. HealthSouth Corp.* (5th Cir. 2003) 332 F.3d 293, 296. *Long Beach Memorial Medical Center v. Blue Cross and Blue Shield of South Carolina* (C.D. Cal., Mar. 1, 2018, No. CV 17-8181-GW(KSX)) 2018 WL 5099494, at *4 granting a motion to strike a pleading from its docket for filing without leave of court *i.e.,* no legal effect. See also *Taa v. Chase Home Finance, L.L.C.* (N.D. Cal., Oct. 19, 2011, No. 5:11-CV-00554 EJD) 2011 WL 4985379, at *2 where the court struck a legally ineffective pleading filed in violation of FRCP 15(a)(2). Such is the case here. The filing must be struck from the record.

This Court was very clear in provisionally granting Plaintiff summary judgment. Defendant's counsel <u>must</u> establish that this second bankruptcy case and related adversary proceeding can undo Defendant's 2012 bankruptcy non-discharge that gives rise to Defendant's 2012 claims being forever non-discharged, Defendant's motions would be denied. Unable to find any authority to avoid *Moncur,*

3

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

which held that a second bankruptcy has no effect on non-discharged claims from a prior bankruptcy, attorney Talkov filed an amendment to Defendant's answer that violates LBR 7015-1, incorporating F.R.Bank.P. 7015 applying FRCP 15 to bankruptcy proceedings.

LBR 7015-1. AMENDED AND SUPPLEMENTAL PLEADINGS

(a) Proposed Amendment. A copy of the proposed amended pleading must be attached as an exhibit **to any notice of motion or stipulation to amend a pleading**.

(b) Form. Every amended pleading filed as a matter of right or allowed by order of the court must be complete, including exhibits. The amended pleading **must not incorporate** by reference any part of the prior superseded pleading.

Here, Defendant cannot amend as a matter of right. Thus, Rule 15(a)(2) applies, which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Defendant's Amendment to her Answer should be stricken.

Defendant interjected this new defense to try and avoid this Court's provisional granting of summary judgment. But <u>all</u> of Defendant's defenses are legally and factually without merit. Courts will strike affirmative defenses that are not legally cognizable. *See LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV1705824ABMRWX, 2017 WL 9486124, at *5-*6 (C.D. Cal. Dec. 14, 2017) (striking non-cognizable defenses with prejudice). This Court ruled on September 9, 2021, that Defendant's affirmative defenses of novation, modification/substitution, and waiver, were unsound and rejected by the Court.  Here Defendant's amendment cannot survive.  It is legally futile and any motion for leave would have to be denied for futility. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("futility supports the refusal to grant leave to amend"); *Ibrahim v. Dep't of Homeland Sec.*, No. 06-00545 WHA, 2013 WL 4549941, at *7 (N.D. Cal. Aug. 23, 2013) (denying leave where "amendment would only result in a side show that would further delay this action"). "If the defense asserted is invalid as a matter of law, the court should determine the issue prior to a needless expenditure of time and money." *Solis v. Zenith Cap, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009). Defendant and her counsel cannot evade futility by skipping

4

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

the requirement for seeking leave.  Moreover, no amendment can avoid the finality of non-discharge under *Moncur* and 523(a)(10).

On September 9, 2021 this Court provisionally granted Plaintiff's Motion for Summary Judgment under 11 U.S.C. § 523(a)(10) subject to Defendant filing a motion for terminating sanctions that must also find some law that unwinds Defendant's 2015 stipulated judgment denying discharge under 11 U.S.C. § 727(a)(2), (4) and (5).  As a matter of law, once Defendant was denied discharge in 2015, all claims that were or could have been listed were forever branded non-dischargeable.  Section 523(a)(10) focusses on absolute liability that once a debtor is denied discharge in a prior bankruptcy, they are forever barred from trying to discharge debts that were or could have been listed.

**Defendant continues to fail to provide any authority that serves as any defense to Sections 727, 523(a)(10) and *Moncur*.**

Defendant's amendment violated *both* sections of LBR 7015-1.  First, the proposed amendment is not proposed. It was filed as a separate document violating section (a).   Second, it incorporates by reference Defendant's prior answer which violates LBR 7015-1(b) ["Debtor and Defendant Rosa Fridman, an individual, ("Defendant"), hereby amends her answer to the complaint…"].

III. **DEFENDANT'S AMENDMENT IS FUTILE AS HER AUTHORITY AS A MATTER OF LAW CANNOT RESOLVE THE UNAVOIDABLE LIABILITY UNDER SECTIONS 727 AND 523(a)(10) THAT THIS COURT MANDATED MUST BE SOMEHOW RESOLVED TO AVOID *MONCUR*.**

On September 9, 2021, contrary to Talkov's misrepresentation that Plaintiff somehow confessed to improper conduct, this Court clearly instructed Talkov that he must establish that any motion he files for alleged misconduct must also address Section 523(a)(10) liability that arose from Defendant admitting to numerous counts of fraud in her prior 2012 bankruptcy case.  This Court, as noted in the docket, ruled in pertinent part as follows:

> MOTION PROVISIONALLY GRANTED -- PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER 11 USC 523(a)(10) SUBJECT TO DEFENDANT FILING A MOTION FOR TERMINATING SANCTIONS AS WELL AS A BRIEF RE THE

5

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

LEGAL EFFECT OF SUCH SANCTIONS ON THE ULTIMATE ISSUE OF THE APPLICABILITY OF 523(a)(10).

Despite the clear words of this Court, Talkov immediately returned to his attack dog persona as he is unable to find **any** authority that is on point to address the futility of his intent to continue in his personal war with Plaintiff.

### IV. DEFENDANT'S AUTHORITY FATALLY DEMONSTRATES THE FUTILITY OF TALKOV'S ATTEMPTED AMENDMENT AND MOTION FOR SANCTIONS.

Defendant has again failed to provide <u>any</u> authority that provides any relief from the strict liability for Defendant's denial of discharge under Section 727(a)(2), (4) and (5) in 2015 invoking Section 523(a)(10) and the finality of *Moncur*. As a matter of law, Defendant and her counsel cannot obtain <u>any</u> relief in this second bankruptcy case that would result in the creation of an unlawful exception to Section 727 denial of discharge and Section 523(a)(10). *Moncur* at 191-92. Unavoidably, Defendant fails to cite to one bankruptcy case to avoid *Moncur* and Section 523(a)(10).

Defendant's counsel confusingly cites to *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015), but that case proves Defendant's search for terminating sanctions is futile to Section 523(a)(10). In *Northbay*, the debtor attorney initially stole money from the creditor. *Northbay* at 958. The 9th Circuit reversed holding that the trial court <u>must</u> apply a "balancing" test to any findings of misconduct. The 9th Circuit found that, while the creditor has engaged in unlawful conduct by setting up an illegal marijuana facility, the Debtor attorney's conduct of stealing the creditor's money outweighed and thus foreclosed his ability to use "unclean hands" as an affirmative defense as a matter of public policy. *Northbay* at 961.

> Allowing Beyries to avoid through bankruptcy his responsibility for misappropriating his client's money would undermine the public interest in holding attorneys to high ethical standards. … We similarly now hold that the doctrine of unclean hands cannot prevent recovery of funds stolen from a client by his or her lawyer.

*Northbay* had nothing to do with Section 523(a)(10). In fact, the facts are completely distinguishable from this case. Here in 2015, during the pendency of her 2012 Chapter 7 case,

Defendant Rosa Fridman admitted to five counts of unlawful conduct violating Section 727(a)(2), (4) and (5), of which Plaintiff played no part in.

To be clear, Plaintiff played no part in Defendant Rosa Fridman withdrawing over $150,000 in money from her own bank account in 2012 with the intent to hinder, delay or defraud her creditors.

Nor did Plaintiff play any part in Defendant's admitted dissipation of assets both *pre* and *post-petition*, Defendant's refusal to explain the location of these funds and her lying under oath in the 2012 bankruptcy and 2015 adversary filed under Section 727(a)(2), (4) and (5). In January 2015 Defendant admitted to committing this fraudulent conduct before *this* Court.

Defendant's counsel fatally relies on *Mas v. Coca-Cola Co.* (4th Cir. 1947) 163 F.2d 505, 511 which was a patent case, not a bankruptcy case involving Sections 727 and 523(a)(10) case which forever denies discharge because of the Debtor's prior unlawful conduct. In *Mas*, the 4th Circuit found that a plaintiff cannot first commit a fraud on the Patent Office and then come into court and claim the Patent Office wrongfully decided against him.

Again, this is not the case before this Court. Defendant Rosa Fridman voluntarily admitted she engaged in fraudulent conduct in 2012, stipulating to numerous acts in her 2015 stipulation before this court that Plaintiff did not cause her to engage in. Defendant and her family engaged in conduct to *hinder, delay, or defraud* their creditors on their own. Plaintiff did not cause Defendant to violate Section 727(a)(2), (a)(4) or (5). That defense was never raised nor was it plausible in the prior Section 727 case against the Defendant.

Lastly Defendant's counsel mistakenly relies on *Gilead Sciences, Inc. v. Merck & Co, Inc.* (N.D. Cal., June 6, 2016, No. 13-CV-04057-BLF) 2016 WL 3143943, at *26, *aff'd sub nom. Gilead Sciences, Inc. v. Merck & Co., Inc.* (Fed. Cir. 2018) 888 F.3d 1231. Again, Defendant's counsel fails to understand, or perhaps is again refusing to acknowledge the law from *Gilead,* that simply reiterated that *Mas v. Coca-Cola* was limited to a plaintiff who first lied to the Patent Office and then sought to sue the Patent Office. See *Gilead* at *26; "*See Mas v. Coca-Cola Co.*, 163 F.2d 505, 511 (4th Cir. 1947) (finding the plaintiff had unclean hands and upholding dismissal of plaintiff's suit where plaintiff submitted false testimony and forged documents to the Patent Office)"

7

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

Again, even if Defendant files an approved motion for leave to file an amendment, courts will not permit amendments that are "futile". See *Foman v. Davis* (1962) 371 U.S. 178, 182. See also *Lockman Foundation v. Evangelical Alliance Mission* (9th Cir. 1991) 930 F.2d 764, 772 citing to *Foman*. *Blackwell v. Wells Fargo Bank, N.A. on behalf of Morgan Stanley ABS Capital 1, Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6* (9th Cir. 2021) 834 Fed.Appx. 436, 437.

Here, Defendant has not, nor can she, cite to any authority that circumvents the scale requirement for alleged misconduct or the strict liability under Section 523(a)(10) cited in *Moncur*. Accordingly, even if Defendant files a motion, it would be futile as it would not unwind the strict liability for denial of discharge eternally for all claims in Debtor's prior bankruptcy which was admittedly denied discharge in 2015 and *Moncur*.

To be clear, Defendants counsels have again failed to offer any authority that undermines the 9th Circuit law of *In re Moncur* (B.A.P. 9th Cir. 2005) 328 B.R. 183 which held that Judgment as to nondischargeability of debt that was entered in one bankruptcy case remained enforceable in face of discharge of the same debtors in subsequent Chapter 7 case, without need for creditor to file another nondischargeability proceeding in second case.

*In re Moncur* (B.A.P. 9th Cir. 2005) 328 B.R. 183, 191-192 resolved the main issue remaining in this case: *"whether the terms of the discharge order in the second bankruptcy alters the otherwise applicable effect of the prior judgment."* Simply put, can Defendant obtain any relief that unwinds the 2015 final judgment of non-discharge under Section 727 in her 2012 bankruptcy. **The *Moncur* Court held it does not**. In holding the bankruptcy court could not carve out an exception, *"The judgment entered in the first bankruptcy case remained effective in the second bankruptcy. The terms of the local-form discharge order did not, **and could not, change that result**."* Id. at 192. Emphasis added.

Nothing Defendant can do, no matter how much animus her counsel spews in his motions and declarations, can legally unwind his client's admitted fraud and stipulation to denial of discharge under Section 727(a)(2), (4) and (5) and its finality under 11 U.S.C. § 523(a)(10).

V. **CONCLUSION.**

8

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

1    It is undeniable that Defendant's counsel has unlawfully filed an amendment to an answer *after*
2 this Court provisionally granted Plaintiff's Motion for Summary judgment.  It is also undeniable that
3 Defendant's counsel, Scott Talkov, filed a pleading without permission from Plaintiff.  Nor did Talkov
4 and Defendant even bother to seek relief from this Court to file any amended pleading or amendment
5 to a pleading, violating LBR 7015-1, Rule 7015 incorporating F.R.Civ.P. 15 mandatory requirements.

    As a matter of law, the filed document is more than technically deficient, it amounts to a filing
of no legal effect on this matter.

    Plaintiff requests this Court grant his Motion and issue an order striking Defendant's
Amendment to her Answer, Doc. 31, filed 9/21/2021, from the record.

Dated September 22, 2021                    By:    */s/ Karl Avetoom*

                                                   _____

                                                   Karl Avetoom, Movant and Plaintiff

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

# DECLARATION OF KARL AVETOOM

I, KARL AVETOOM, hereby declare as follows:

1. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts. I am the Plaintiff in this adversary action.

2. On or around September 9, 2021 this Court provisionally granted Plaintiff's Motion for Summary Judgment as a matter of law. This Court did permit Defendant to file a motion for terminating sanctions that must also resolve the effect of any relief in this second bankruptcy upon the prior non-discharge in Defendant's 2012 bankruptcy, mainly the issue of if Defendant can obtain relief in this bankruptcy case to avoid 11 U.S.C. § 523(a)(10) arising from her denial of discharge by Order in her 2012 Chapter 7 case.

3. On or around September 21, 2021 Defendant's counsel, Scott Talkov filed a pleading representing to be an Amendment to Defendant's Answer, Document No. 31.

4. Defendant's Answer was filed in this case some 86 days ago.

5. Defendant did not have my written permission to file an Amended pleading.

6. According to the Court's docket, Defendant's counsel did not file any motion seeking leave to file an amendment or amended pleading. Nor did Defendant and her counsel obtain leave to file an amended pleading.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my recollection.

*/s/ Karl Avetoom*

Executed September 22, 2021 in Newport Beach, CA.    By:    _____
Karl Avetoom
Creditor and Plaintiff, In Pro Per

10

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled *PLAINTIFFF KARL AVETOOM'S MOTION TO STRIKE DEFENDANT'S AMENDMENT TO HER ANSWER UNLAWFULLY FILED BY ATTORNEY SCOTT TALKOV IN VIOLATION OF LBR 7015-1, FRBP 7015 INCORPORATING F.R.CIV.P. 15. DECLARATION OF KARL AVETOOM*; SUPPLEMENTAL ZOOM REMOTE HEARING NOTICE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)** 2edansie@gmail.com, kanderson@ecf.axosfs.com
**Scott Talkov** scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021 | Sal W. Hanna | /s/ Signature |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                            F 9013-3.1.PROOF.SERVICE