SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Debtor Rosa A. Fridman

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Rosa Fridman,<br><br>Debtor.<br><br>———————————————<br><br>Karl Avetoom,<br><br>              Plaintiff,<br><br>v.<br><br>Rosa Fridman,<br><br>              Defendant. | Case. No. 8:21-bk-10513-ES<br><br>Adversary Case No. 8:21-ap-01023-ES<br><br>Chapter 7<br><br>Assigned To: Hon. Erithe A. Smith<br><br>**DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO FILE AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing:<br>Date: November 9, 2021<br>Time: 10:30a.m.<br>Courtroom 5A (via remote appearance)<br>411 W. Fourth St. Santa Ana CA 92701 |

## I.    INTRODUCTION

In response to the reprehensible conduct of fabricating documents and false declarations committed by Plaintiff Karl Avetoom ("Plaintiff"), Defendant Rosa Fridman ("Defendant") files this Notice of Motion for Leave to File Amendment to Answer to Plaintiff's First Amended Complaint (the "Motion") under Federal Rules of Civil Procedure Rule 15(a). Even more shocking is that those fabricated documents were intended to cover up the Plaintiff's use of a fictional creditor, "Victor Balakin," who exists in the mind of the Plaintiff, whose declarations were filed in this Court and the state court following relief from stay on a bankruptcy specific

issue. That fictional creditor urged this Court and the state court to have a negative view of the Debtor because, supposedly, she ripped off "Victor Balakin." In reality, it was just another fraud being committed on this Court. The amendment to the answer sought to be filed is found on this Court's docket at Adv. Doc. 31.

As explained below, Defendant should be granted leave to amend the answer to allege unclean based on conduct meeting numerous judicial definitions of such an affirmative defense based on the patent fabrication of documents and presentation of said documents to this Court in declarations falsely attesting to the authenticity of those documents.

## II.    AUTHORITY

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

As the Supreme Court explained in what is now known as the *Foman* factors:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. <u>In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'</u>

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

The Ninth Circuit explained in 2020 that: "Requests for leave to amend should be granted with 'extreme liberality,'" going on to cite *Foman* in finding that: "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

**DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO FILE AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

"Furthermore, since Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

As such, this Court should grant Defendant's Motion for the reasons discussed herein.

### III.    DEFENDANT MEETS THE LEGAL STANDARD FOR AN AMENDMENT

As explained below, leave to amend should be freely given as justice so requires as the underlying facts or circumstances relied upon by the Defendant may be a proper subject of relief. Even further, there is no improper reason for this request, such as undue delay.

#### A.    Leave to Amend Should Be Freely Given as Justice so Requires as the Underlying Facts of Unclean Hands Are the Proper Subject of Relief

Under the first prong in *Foman*, Defendant seeks to amend her answer to set forth the affirmative defense of unclean hands based on conduct that became apparent to this Court in the weeks before this motion was filed based on Plaintiff's patent fabrication of evidence.

"Because bankruptcy courts are courts of equity, a plaintiff deemed to have unclean hands cannot obtain a judgment of nondischargeability." *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). Indeed, "courts have…found unclean hands in the presence of false testimony. *See Mas v. Coca-Cola Co.*, 163 F.2d 505, 511 (4th Cir. 1947) (finding the plaintiff had unclean hands and upholding dismissal of plaintiff's suit where plaintiff submitted false testimony and forged documents)." *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 13-CV-04057-BLF, 2016 WL 3143943, at *26 (N.D. Cal. June 6, 2016), *aff'd sub nom.*, 888 F.3d 1231 (Fed. Cir. 2018). In fact, the *Gilead* court found that: "Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor. Moreover, where a suit in equity concerns the public interest as well as the private interests of the litigants this doctrine assumes even wider and more significant proportions."

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

With respect to "the clean hands doctrine,…[i]t is sufficient to bar relief that plaintiff has been guilty of unconscionable conduct directly related to the cause of action, such as the <u>fabrication of testimony, the subornation of perjury or other like attempt to perpetrate a fraud upon the court or take an unconscionable advantage of his adversary</u>. It is said that to have relief from a court of equity plaintiff must not only come into court with clean hands, but must keep his hands clean." *Mas v. Coca-Cola Co.*, 163 F.2d 505, 508 (4th Cir. 1947).

In fact, numerous federal courts have applied unclean hands as a result of fabricated documents presented to the court. *In re New Valley Corp.*, 222 B.R. 722, 733 (D.N.J. 1998), *rev'd*, 181 F.3d 517 (3d Cir. 1999) ("Fabricating or altering evidence is certainly an affront to the Court that warrants the application of the doctrine of unclean hands."); *Aris–Isotoner Gloves, Inc. v. Berkshire Fashions, Inc.*, 792 F.Supp. 969 (S.D.N.Y.), *aff'd*, 983 F.2d 1048 (2d Cir.1992) (finding that doctrine of unclean hands had to be invoked because fabricating testimony was unconscionable); *Grimes v. Green Point Sav. Bank*, 147 B.R. 307, 316 (Bankr. E.D.N.Y. 1992) (denying debtor's application for preliminary injunction against mortgagee because, *inter alia*, debtor "knowingly and willingly participated in deceitful conduct involving her daughter's forging the name of her sister ... on documents").

In this case, Plaintiff Karl Avetoom committed perjury by executing and filing multiple false declarations that purported to authenticate fabricated documents attached thereto.

Specifically, Plaintiff Karl Avetoom submitted a false declaration under penalty of perjury on August 27, 2021, in support of his summary judgment motion claiming that: "Attached to my declaration as Exhibit '15' is a true and correct copy of a web page from condodefense.com that was owned by Debtor Moisey Fridman [the late husband of Rosa Fridman] according to Val Fridman's deposition testimony. The web page contains the name Victor Balakin and is from 2014." (Adv. Doc. 25, p. 21, lns. 18-20.) This reference to Victor Balakin was to an alleged creditor of the Debtor for which declarations were filed allegedly supporting Plaintiff Karl Avetoom's motion to dismiss in this bankruptcy (BK. Doc. 30; see BK Doc. 34) and as attached to

Plaintiff Karl Avetoom's post-petition state court briefing also purporting to support his position therein.

Further, Plaintiff Karl Avetoom submitted another false declaration under penalty of perjury on September 2, 2021, in support of his motion for protective order to avoid a deposition in which Rosa Fridman's attorney would ask him about the fictional creditor Victor Balakin, claiming that: "Attached to my declaration as Exhibit '1' is a true and correct copy of webpages that were obtained during discovery in a fraudulent transfer case involving the Debtor." (Adv. Doc. 26, p. 15, lns. 6-7.) Despicably, those webpages, purported to be operated by the Debtor's family, allegedly showed the Debtor and or/her family referring to the Hon. Erithe A. Smith as a "n******," while also attaching another version of the webpage attached to the prior declaration. (Adv. Doc. 26, pp. 17-18.)

On September 7, 2021, Defendant Rosa Fridman filed an objection detailing exactly how these documents could only be a fabrication, including through internal inconsistencies that would only exist if the document was manufactured for the litigation. (Adv. Doc. 27.)

On September 9, 2021, Plaintiff Karl Avetoom confessed on the record before the Hon. Erithe A. Smith at the hearing on his motion for summary judgment to having submitted fabricated documents.

There was no accident or mistake in the fabrication of the documents in controversy; Plaintiff was fully aware of the consequences of his actions and experienced in the art, evidenced by his criminal history.

Thus, justice so requires that policy of liberal amendments be applied to allow Defendant to amend her answer to state an affirmative defense of unclean hands as Plaintiff has committed inequitable conduct before the Court by manufacturing evidence and lying under penalty of perjury.

### B. Plaintiff's Inequitable Conduct is Directly Related to the Subject Matter of Plaintiff's First Amended Complaint

Under the second prong in *Foman*, there is no improper reason for this request, such as undue delay. Notably, the fraud being committed by Plaintiff Karl became apparent in the weeks before this motion was filed.

Specifically, on September 7, 2021, Defendant Rosa Fridman filed an objection detailing exactly how recently filed documents by Plaintiff Karl Avetoom could only be a fabrication, including through internal inconsistencies that would only exist if the document was manufactured for the litigation. (Adv. Doc. 27.)

On September 9, 2021, Plaintiff Karl Avetoom confessed on the record before the Hon. Erithe A. Smith at the hearing on his motion for summary judgment to having submitted fabricated documents.

On September 21, 2021, at 5:47 p.m., Defendant filed an amendment to her answer setting forth the unclean hands affirmative defense.

Less than 24 hours later on September 22, 2021, at 3:50 p.m., Karl Avetoom filed a motion to strike this amendment to the answer. This extremely prompt motion was filed despite Plaintiff Karl Avetoom claiming to this Court in pleadings that service upon him was unfair if done electronically by the President of the Defendant's counsel's firm, by personal delivery from an attorney at the Defendant's counsel's firm, or by mail from a paralegal at the Defendant's counsel's firm. In reality, Karl Avetoom is once again admitting that his own unclean hands in avoiding service when, apparently, he has full access to electronic service in this case. (See BK Doc. 11, p. 1 ("Notice by electronic transmission was sent to the following persons… Email/Text: kia002@att.net … Karl Avetoom").

Defendant has acted promptly such that there is no barrier to this Court granting leave to amend.

**DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO FILE AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## IV.    CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant this motion to allow Defendant to amend her answer to set forth an unclean hands affirmative defense based on conduct herein that was established and bolstered following the filing of the initial answer in this adversary, notably the fabricated documents and false declarations attesting to the authenticity of those documents. The amendment to the answer sought to be filed is found on this Court's docket at Adv. Doc. 31.

Date: September 30, 2021                          TALKOV LAW CORP

*Scott Talkov*

Scott Talkov
Attorney for Defendant Rosa Fridman

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO FILE AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 30, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Karl T. Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
- Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 30, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701
- Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 30, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2021 | Leilani Caspillo | *Leilani Caspillo* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300