Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net


Creditor and Plaintiff, In Pro Per


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>                 Debtor<br><br>_____<br><br>Karl Avetoom<br><br>                 Plaintiff<br><br>      v.<br><br>Rosa Fridman<br><br>                 Defendant | Case No:    8:21-bk-10513-ES<br><br>Adversary Case No:   8:21-ap-01023-ES<br><br>Hon:  Erithe A. Smith<br>Chapter 7<br><br>**PLAINTIFFF KARL AVETOOM'S OPPOSITION TO DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO AMEND HER ANSWER**<br>(Related to Doc. 35)<br><br>**Hearing Info**:<br>November 9, 2021<br>10:30 a.m.<br>Courtroom 5A (via remote appearance)<br>411 W. Fourth St. Santa Ana CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD:**

      Plaintiff Karl Avetoom hereby submits his Opposition to Defendant's second attempt to amend her Answer that is futile as a matter of law requiring denial of her Motion. The proposed amendment sought after provisionally finding Plaintiff's 2011 judgment nondischargable under 11 U.S.C. § 523(a)(10) is futile. As a matter of law, Congress did not create authority for this Court to make any equitable exception to Section 523(a)(10). Congress made Section 523(a)(10) a permanent, automatic, and unavoidable bar to discharge based on a debtor's prior misconduct, period.

1

OPPOSITION TO DEFENDANT'S ANSWER TO FILE AMENDMENT TO ANSWER.

## I. BACKGROUND.

On September 9, 2021 this Court provisionally granted Plaintiff's Motion for Summary Judgment as a matter of law. This Court informed Plaintiff to take a "scalpel" approach which Plaintiff does here. Noting that Defendant is trying to capitalize and invoke this Court's bias towards Plaintiff, Defendant keeps throwing mud to divert its attention that it was Defendant's admission to fraud in 2015 before this Court that invoked the permanent and unavoidable bar to discharge of Plaintiff's 2011 judgment under Section 523(a)(10). This is Defendant's second attempt to Amend her Answer. This Court previously granted Plaintiff's Motion to strike Defendant's first attempt for violating FRCP 15. This attempt also fails as a matter of law. As shown below, no matter how hard Defendant tries, this Court cannot create an exception, by allowing an equitable defense to Section 523(a)(10), that Congress did not authorize.

## II. THE AMENDMENT OF FUTILE AS A MATTER OF LAW, AS THIS COURT CANNOT CREATE AN EXCEPTION OR DEFENSE TO SECTION 523(a)(10).

As this Court noted in *In re Moncur* (B.A.P. 9th Cir. 2005) 328 B.R. 183, 191-91 <u>nothing</u> in this second case can change the outcome of the Debtor's first 2012 case ending in denial of discharge.

The Court in *In re Filice* (Bankr. E.D. Cal. 2018) 580 B.R. 259, 268 reiterated "One 'denies' a discharge as a judgment rendered by the court following trial for the reasons provided by §§ 727(a) (2)–(a) (7), all of which involve blameworthy conduct and render all debts <u>permanently</u> nondischargeable in future chapter 7 cases by virtue of § 523(a) (10)."(emphasis added). *Filice* further held that only Section 523(a)(10) has such permanent unavoidable application that a debtor may never avoid "permanent nondischargeablility" in <u>any</u> future case. Id. at 269.

Citing to *Filice,* the Court in *In re Hang* (Bankr. D.R.I. 2018) 589 B.R. 234, 242 held "The denial of a discharge under any of the enumerated subsections in § 523(a)(10) renders debts in a prior case <u>permanently and automatically nondischargeable</u>." *Emphasis added.*

The Bankruptcy Rules Enabling Act provides that no Federal Rule of Bankruptcy Procedure may "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. A conflict between the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure <u>must be resolved in favor of the statute</u>. 28 U.S.C. § 2075; e.g., *United States v. Towers* (*In re Pacific Atlantic Trading Co.*), 33 F.3d

2

OPPOSITION TO DEFENDANT'S ANSWER TO FILE AMENDMENT TO ANSWER.

1064, 1066 (9th Cir. 1994). See *In re Moncur* (B.A.P. 9th Cir. 2005) 328 B.R. 183, 191 holding Sections 523 and 727 "do not empower the court either to 'provide otherwise' or to carve out exceptions other than the debts that are authorized by the Bankruptcy Code to be excepted from discharge."

Respectfully, this Court cannot provide any relief to Defendant by allowing any equitable defense to Section 523(a)(10) as she was denied discharge of debts enumerated in 11 U.S.C. § 523(a)(10) in her prior bankruptcy case. This Court cannot create an exception to Section 523(a)(10) automatic and permanent nondischarge of Plaintiff's 2011 judgment by creating an equitable defense Congress did not authorize. Defendant's amendment is futile as a matter of law for it cannot provide any benefit to avoiding summary judgment and Section 523(a)(10)'s automatic and permanent nondischarge of Plaintiff's 2011 Judgment in all of Debtor's future cases.

The Court, as a matter of law, must deny Defendant's Motion as the Amendment is futile.

### III. THERE IS NO LEGITIMATE BASIS TO SEEK AMENDMENT ASIDE FROM ATTEMPTING TO CLIMB AN UNASSAIBLE MOUNTAIN OF SECTION 523(A)(10).

Parties seeking leave to amend have the initial burden to show a legitimate reason for seeking amendment. See *Safeco Ins. Co. of Am. v. Sw. Eng'g, Inc.*, 2009 WL 10672414, at *2 (C.D. Cal. Apr. 16, 2009); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997). Assuming the movant meets that burden, the burden then shifts to the party opposing amendment to show that leave to amend is not warranted based on: 1) Bad faith; 2) Undue delay; 3) Prejudice to the opposing party; 4) Futility of amendment; or 5) Whether the plaintiff has previously amended the complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013)

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "For an amendment to be futile, it must appear on its face that it is not actionable." *Coble v. Derosia*, 2011 WL 444961, at *4 (E.D. Cal. Feb. 8, 2011).

As cited above, no amendment can authorize this Court to create an exception or carve out that Congress specifically deemed to be unassailable.

3

OPPOSITION TO DEFENDANT'S ANSWER TO FILE AMENDMENT TO ANSWER.

## IV. **DEFENDANT'S AUTHORITY FATALLY DEMONSTRATES FUTILITY.**

Defendant has again failed to provide any authority that authorizes this Court to create relief from the strict liability for Defendant's denial of discharge under Section 727(a)(2), (4) and (5) in 2015 invoking Section 523(a)(10) and the finality held in *Moncur* and *Filice*. As a matter of law, Defendant cannot obtain any relief in this second bankruptcy case that would result in the creation of an unlawful exception to Section 727 denial of discharge and Section 523(a)(10). *Moncur* at 191-92. Unavoidably, Defendant fails to cite to one bankruptcy case to avoid *Moncur* and Section 523(a)(10).

This Court cannot create a remedy to circumvent Congress' permanent and automatic application of Section 523(a)(10).

In the event this Court permits Defendant to Amend her answer despite the futility of such, Plaintiff will seek leave to file an amended complaint to include Defendant's prepetition fraudulent conduct under Section 523(a)(a)(A) that Defendant is attempting to avoid relief from the automatic stay. Any amendment would "relate back" to the date of this original timely filed adversary proceeding.

## V. **CONCLUSION.**

Defendant's Motion is futile as a matter of law, as no amendment can avoid Congressional creation of a permanent and automatic denial of discharge arising under 11 U.S.C. § 523(a)(10) and 727.

Dated October 26, 2021,                                     By:    /s/ *Karl Avetoom*
                                                                  _____
                                                                  Karl Avetoom, Movant and Plaintiff

4

OPPOSITION TO DEFENDANT'S ANSWER TO FILE AMENDMENT TO ANSWER.

# DECLARATION OF KARL AVETOOM

I, KARL AVETOOM, hereby declare as follows:

1. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2. On September 9, 2021, this Court provisionally granted Plaintiff's Motion for Summary Judgment as a matter of law dependent on Defendant finding any way to avoid 11 U.S.C. § 523(a)(10).

3. On or around September 21, 2021, Defendant's counsel, Scott Talkov filed a pleading representing to be an Amendment to Defendant's Answer, Document No. 31.

4. I filed a motion to strike on or around September 22, 2021 (Doc. 32) which was granted.

5. Attorney Scott Talkov then filed a Motion seeking leave to file an amendment to Rosa Fridman's Answer on or around September 30, 2021 (Doc. 35).

6. At no time during the September 9, 2021 hearing did I "confess" to any wrongdoing as falsely represented by Scott Talkov. During this hearing the Court instructed *both* parties to refrain from disparaging conduct. Talkov has falsely represented that I did not pass the California State bar moral character test which is a lie. Second Talkov also falsely alleges to this court that I somehow confessed to wrongdoing, which is another lie and lacks any supporting evidence.

7. None of the authority cited by Defendant involves any exemption to 11 U.S.C. § 523(a)(10).

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my recollection.

Executed October 26, 2021 in Newport Beach, CA.    By:     */s/ Karl Avetoom*
    Karl Avetoom
    Creditor and Plaintiff, In Pro Per

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled PLAINTIFFF KARL AVETOOM'S OPPOSITION TO DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO AMEND HER ANSWER will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)** 2edansie@gmail.com, kanderson@ecf.axosfs.com
**Scott Talkov** scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| OCTOBER 26, 2021 | Sal W. Hanna | /s/ Sal W. Hanna |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**