Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

                Debtor

_____

Karl Avetoom

             Plaintiff

      v.

Rosa Fridman

          Defendant

_____

Case No:    8:21-bk-10513-ES

Adversary Case No:  8:21-ap-01023-ES

Hon:  Erithe A. Smith
Chapter 7

**PLAINTIFFF KARL AVETOOM'S OPPOSITION TO DEFENDANT ROSA FRIDMAN'S MOTION FOR SANCTIONS; DECLARATION OF KARL AVETOOM, CHARLES L. MURRAY AND BRYAN SWEZEA**

**Hearing Info:**
December 16, 2021
2:00 p.m.
Courtroom 5A (via remote appearance)
411 W. Fourth St. Santa Ana CA 92701

i

1

# TABLE OF CONTENTS

I.      RELEVANT FACTS........................................................................................... 2

II.     SECTION 523(A)(10) IS A SANCTION THAT BRINGS AUTOMATIC AND PERMANENT

        NONDISCHARGE THAT CANNOT BE RELITIGATED. ....................................... 5

III.    THIS COURT'S REQUIREMENT HAS NOT BEEN MET BY DEFENDANT...................... 6

IV.     DEFENDANT FATALLY RELIES ON F.R.CIV.P. 41(B) AS AN INAPPLICABLE

        RESPONSE TO THIS COURT'S "INSURMOUNTABLE" BURDEN TO THE "ULTIMATE"

        QUESTION OF LAW. ........................................................................................ 8

V.      DEFENDANT'S MOTION IS SIMPLY A RED HERRING AND ENDLESS RABBIT HOLE

        CONSISTENT WITH THE FRIDMAN'S PAST BANKRUPTCY CASE. ............................... 8

VI.     DEFENDANT IS PRECLUDED BY LAW FROM ATTEMPTING TO RELITIGATE THE

        2014 STATE COURT CONTEMPT FINAL JUDGMENT AND THE "727" ADVERSARY

        COMPLAINT JUDGMENT. ................................................................................ 10

VII.    DEFENDANT FAILED TO OVERCOME THE INSURMOUNTABLE BURDEN

        ITERATED BY THIS COURT; TO OBTAIN RELIEF AND AVOID SECTION 523(A)(10)

        APPLICATION BY OPERATION OF LAW........................................................... 11

VIII.   DEFENDANT'S MOTION FAILS TO MEET THE RIGOROUS BURDEN OF OBTAINING

        TERMINATING SANCTIONS, AS PROVED BY DEFENDANT'S OWN AUTHORITY... 12

IX.     THE "BOOMERANG" WILL CONTINUE TO FLY................................................. 17

X.      CONCLUSION. ............................................................................................... 18

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

**TABLE OF AUTHORITIES**

**Cases**

*American Rena International Corp. v. Sis-Joyce International Co., Ltd.* (C.D. Cal., Dec. 14, 2015)
2015 WL 12732433 ................................................................................................................ 16

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).... 13

*Anheuser-Busch, Inc. v. Natural Beverage Distributors* (9th Cir. 1995) 69 F.3d 337 .................... 13, 16

*Aoude v. Mobil Oil Corp.* (1st Cir. 1989) 892 F.2d 1115 .............................................................. 13, 14

*Asia Pacific Agr. and Forestry Co. v. Sester Farms* (D. Or., Sept. 3, 2013, No. 3:12-CV-00936-PK)
2013 WL 4742934 ................................................................................................................ 14

Combs v. Rockwell Int'l Corp., 927 F.2d 486 (9th Cir.1991) .............................................. 15

*Garcia v. Berkshire Life Ins. Co. of America,* 2007 WL 6757307, aff'd in part and remanded (10th Cir.
2009) 569 F.3d 1174 ............................................................................................................ 12

*Harris v. Engels* (C.D. Cal., Aug. 6, 2021, No. CV 19-5590-PA (KK)) 2021 WL 4699538 .............. 14

*Henry v. Gill Industries, Inc.* (9th Cir. 1993) 983 F.2d 943 ....................................................... 16

*Hutchinson v. Hensley Flying Service, Inc.* (9th Cir. 2000) 210 F.3d 383 ................................ 15

*In re Filice* (Bankr. E.D. Cal. 2018) 580 B.R. 259 ...................................................................... 5, 6

*In re George* (9th Cir. 2005) 144 Fed.Appx. 636 .............................................................. 10, 11

*In re Hang* (Bankr. D.R.I. 2018) 589 B.R. 234 ....................................................................... 5

*In re Nash* (9th Cir. 1985) 765 F.2d 1410 ................................................................................ 17

*In re Washington* (Bankr. D. Kan., July 6, 2009, No. 08-11885) 2009 WL 1939049 .................... 17

*Jackson v. Murphy* (7th Cir. 2012) 468 Fed.Appx. 616 .......................................................... 16

*Lee v. Trees, Inc.* (D. Or., Nov. 6, 2017, No. 3:15-CV-0165-AC) 2017 WL 5147146 ................... 15

*Leon v. IDX Sys. Corp.,* 464 F.3d 951 (9th Cir. 2006) ............................................................ 13

*Littlejohn v. United States,* 321 F.3d 915 (9th Cir.2003) ................................................... 10, 11

*Pagtalunan v. Galaza* (9th Cir. 2002) 291 F.3d 639 ............................................................... 16

*Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 80 (9th Cir.1982) .......................... 13

*Pope v. Federal Exp. Corp.* (8th Cir. 1992) 974 F.2d 982 ...................................................... 16

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

*Professional Seminar Consultants v. Sino Am. Technology Exch. Council*, 727 F.2d 1470 (9th
Cir.1984) ................................................................................................................. 15

*Sun World, Inc. v. Lizarazu Olivarria* (E.D. Cal. 1992) 144 F.R.D. 384 ............................... 15

*TeleVideo Systems, Inc. v. Heidenthal* (9th Cir. 1987) 826 F.2d 915 ................................... 15

*Thomas v. Bostwick* (N.D. Cal., Aug. 29, 2014, No. 13-CV-02544-JCS) 2014 WL 4311168 ............. 17

*U.S. v. National Medical Enterprises, Inc.* (9th Cir. 1986) 792 F.2d 906 ........................... 16

*United States v. Proceeds From Sale of a Condominium Located at Ritz-Carlton* (C.D. Cal., July 27,
2021) 2021 WL 3573057 .......................................................................................... 14

*Valerio v. Boise Cascade Corp.* (N.D. Cal. 1978) 80 F.R.D. 626, 641, <u>aff'd</u> (9th Cir. 1981) 645 F.2d
699 ......................................................................................................................... 15

*Valley Engineers Inc. v. Electric Engineering Co.* (9th Cir. 1998) 158 F.3d 1051 .................. 16

*Wanderer v. Johnston* (9th Cir. 1990) 910 F.2d 652 ............................................................. 14

*Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585 (9th Cir.1983) ....................................... 13, 14

**Statutes**

11 U.S.C. § 523(a)(10) ............................................................................................. passim

11 U.S.C. §727 ........................................................................................................... passim

Ca. Code Civ. Proc., § 1222 ..................................................................................... 10

F.R.Civ.P. 30(e) ......................................................................................................... 15

F.R.Civ.P. 37 .............................................................................................................. 16

F.R.Civ.P. 41(b) .............................................................................................. 1, 2, 8, 11

F.R.Civ.P. 60 ........................................................................................................... 1, 11

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD:**

The Court previously advised Defendant that a mandatory prerequisite for obtaining the relief sought in her Motion requires the Defendant to cite specific legal authority expressly holding that requested relief to Section 523(a)(10) is available. Defendant's Motion completely failed to cite any law that fulfills this Court's prerequisite. Defendant's counsel has consciously ignored the Court's advice and apparently assumes that his vacuous 449 page "brief" is a viable substitute for substance. Like a hot air balloon, it is colorful, but only provides gas and hot air where substance is needed. The motion utterly fails to present any nexus between the alleged misconduct, which is denied, and any required prejudice to defending the Summary Judgment. The motion must therefore be denied.

Defendant refuses to accept this Court's repeated explanation that Section 523(a)(10) is an issue of law that, by operation of law, made Plaintiff's 2011 State Court judgment permanently nondischargable in all future bankruptcy cases since the final judgment denying discharge to all claims in Defendant's 2012 bankruptcy. This Court was clear in explaining that it would not grant any motion for terminating sanctions, or otherwise permit Defendant to amend her answer until Defendant somehow overcame an "insurmountable" burden by finding law that would allow this Court to avoid Section 523(a)(10)'s application by operation of law. The Court held amendment is "futile."

As shown below, Defendant's legally untenable "theory," buried in the 449 page motion, is based on F.R.Civ.P. 41(b). Rule 41(b) simply does not apply as a matter of law, as there has been no failure to prosecute, failure to follow the Federal Rules of Civil Procedure or a court order on which a Rule 41(b) motion must be based. Additionally, a reversal of the 2014 State Court final contempt findings and this Court's final 2015 final judgment denying discharge are barred by collateral estoppel and F.R.Civ.P. 60's one year deadline.

Plaintiff vehemently denies all of Talkov's spurious and diversionary allegations in Defendant's Motion. A motion that must be denied, as the "boomerang" effect of a purely legal issue, 11 U.S.C. § 523(a)(10) permanent nondischarge of the 2011 Judgment, will forever exist.

Defendant's 449 page Motion fails to provide one single case, one statute, or one piece of law resolve this Court's "ultimate" issue, that is, how Defendant can get relief from Section 523(a)(10) in

any bankruptcy filed subsequent to the 2012 bankruptcy.

**First**, as a matter of law Defendant's belief that this Court can avoid Section 523(a)(10) through an F.R.Civ.P. 41(b) *Involuntary Dismissal,* is not a remedy provided for in Rule 41(b) . F.R.Civ.P. 41(b) is limited to facts when a plaintiff fails to prosecute, fails to follow the rules of civil procedure, or a court order.  None of which apply in this case.  Defendant has identified no vehicle for relief sought, and she has failed to meet the Court's challenge to locate the legal authority that potentially provides the vehicle.

**Second**, Defendant has failed to meet the rigorous burden of obtaining terminating sanctions. The motion does not prove Plaintiff engaged in any wrongdoing.  The Motion also fails to establish mandatory "actual prejudice" to Defendant that would have prevented her from defending an undefendable case where Section 523(a)(10) has applied as a matter of law since 2012.  There is no nexus between the spurious allegations and the existence and consequences of Defendant's stipulation that the debt is non-dischargeable.  The Defendant's theory is no different than the false mantra Defendant has continuously chanted that the Plaintiff is a convicted felon, so he should have no rights.

**Third**, Defendant's Motion failed to cite one single case that allows relief from Section 523(a)(10).  Reinforcing this point is the Court's recent finding that amending the Answer is "futile."

**Fourth,** the issues re Mr. Balakin and the Fridmans' webpage are red-herrings.  Besides being false, these issues have no impact on the fundamental issue of whether the debt remains nondischargeable.  Defendant is not prejudiced where, as a matter of law, she has no means by which she can defend an undefendable position.. The status of the debt being nondischargeable is immutable, as matter of law, as consistently held by 9th Circuit, and all the consequences of this status arose from Defendant's knowing and voluntary stipulation with advice of counsel in 2015 that resulted in this Court's entry of a final judgment denying discharge to the 2012 bankruptcy.

## I.   <u>RELEVANT FACTS.</u>

In or around April 2021 an Opposition was filed by a Victor Balakin who opposed the Defendant's bankruptcy.

On or around April 14, 2021 Defendant's counsel, Scott Talkov, in a lengthy email chain accused Plaintiff of being Mr. Balakin.  During this exchange, Talkov admitted to receiving a call from

Mr. Balakin, and he then changed his story to Mr. Balakin being someone else that has worked against the Fridmans for a long time.  Most importantly, Mr. Murray, Plaintiff's former trial counsel, told Talkov to provide Mr. Balakin with the Zoom hearing information for Defendant's Lien Avoidance Motion.  Talkov, who had demanded to confirm Mr. Balakin existed, refused to provide the Zoom information to Mr. Balakin.  **Exhibit "1" eMail.** (Declaration of Charles L. Murray ¶ 3).

On April 15, 2021 this Court in its Lien Avoidance Motion tentative ruling held that the claims of Mr. Balakin and Mr. Murray would take priority over Plaintiff.  Thus the presence of Mr. Balakin did not help Plaintiff, but rather gave the Defendant what they wanted, to see Plaintiff denied recovery on his 2011 judgment. **Exhibit "2" Tentative Ruling**.

On or around July 15, 2021 the parties returned to state court to inquire if a lien had been created by the 2019 Settlement before Judge Theodore Howard.  Defendant, represented by Talkov, demanded the state court sanction Plaintiff, initiate an inquiry and she made other assorted complaints, using Mr. Balakin as her springboard.

On or around July 22, 2021 the OUST, Mr. Michael Hauser, contacted Plaintiff following up on a complaint filed by Talkov.  Mr. Hauser was surprised to learn that Talkov had spoken to Mr. Balakin and requested the email chain where Talkov confirmed speaking to Mr. Balakin.  The email chain was provided to the OUST.  **Exhibit "1"**.  The OUST also agreed that the presence of Mr. Balakin did not help Plaintiff, rather hurt his priority, confirming this Court's ruling for the Lien Avoidance Motion.

On July 22, 2021 the State Court issued its ruling determining if there was a consensual lien.  The State Court, after finding that it believed there was consent to a lien being created in the 2019 Settlement, there was too much confusion now to establish a lien had been created.  This now appears to undermine this Court's LAM ruling where this Court held the 2020 Judgment was a lien.  The State Court disagrees.  The State Court rejected Talkov's demands for sanctions and investigation using Mr. Balakin, alleging he was a false creditor, etc, etc. **Exhibit "12" at p.3.**

On September 9, 2021 this Court tentatively granted Plaintiff's Motion for Summary Judgment pursuant to 11 U.S.C. § 523(a)(10).  However, this Court allowed Defendant's counsel to file a motion for terminating sanctions contingent on Defendant providing authority that relief could be obtained to

circumvent application of Section 523(a)(10).

On June 21, 2021 Defendant and Talkov filed an Opposition to the State Court's OSC Re Contempt using this Court's sanctions motion and Mr. Balakin as their main argument against holding Rosa Fridman in contempt for violating 2019 and 2020 orders. **Exhibit "4"**. The State Court, Judge Sherri Honer, rejected Talkov's argument as Judge Howard had.

On September 27, 2021 Defendant filed her Appellee's brief in before the BAP, making her main argument this Court's issue of terminating sanctions. **Exhibit "3".**

On October 27, 2021 Talkov attempted to file a 150+ page motion to dismiss the Contempt action against Defendant. Talkov represented to the State Court that <u>this</u> Court was going to sanction Plaintiff and that the Contempt charges should be dropped. **Exhibit "5"**. Defendant's Motion was rejected.

On October 14, 2021 this Court denied Defendant's first attempt to amend her Answer (Doc. #. 47).

On November 9, 2021 this Court denied Defendant's second attempt to amend her Answer to include the defense of "unclean hands" which the Court found as "futile" because even if it had the same effect as a terminating sanctions motion, it would still have to establish authority to provide relief to the Court's final judgment denying discharge under Section 727. The Court found this to be an insurmountable task.

On November 9, 2021 Talkov took the deposition of Plaintiff. Struggling to ask basic questions, Talkov inferred that it was now Plaintiff's process server who may have called Taklov and not Mr. Balakin. When offered the contact information of the process server, so that Talkov could question him directly, Talkov rejected accepting contact information. Most importantly, at the end of the deposition, Talkov marked "Exhibit 6" and began to question Plaintiff. During questioning, the document, a filing from this case, was being altered by Talkov while on Zoom. Plaintiff asked how Talkov was able to edit/alter the document, including the Court's ECF stamp. Talkov panicked and tried to exchange documents. **Exhibit "6"** Reporter's Transcript November 9, 2021 RT 44-47. After the deposition Talkov attempted to have the Court Reporting agency replace the exhibit he had altered, with another exhibit. The Court Reporting agency refused to substitute in a disputed new document.

**Exhibit "7"** eMail from Agency.

On November 23, 2021 Judge Zurzolo cancelled this Court's ordered Mediation for a second time because of Talkov.

## II.  SECTION 523(a)(10) IS A SANCTION THAT BRINGS AUTOMATIC AND PERMANENT NONDISCHARGE THAT CANNOT BE RELITIGATED.

The Court in *In re Hang* (Bankr. D.R.I. 2018) 589 B.R. 234, 244, citing to *In re Filice*, reiterated:

> "As a sanction for such abusive conduct, § 523(a)(10) renders the creditors' claims permanently nondischargeable. … the 'post-bankruptcy legal consequence of not entering a discharge **for any reason other than the grounds specified in § 523(a)(10)** for permanent nondischargeability is that the debtor remains liable for debts but might be eligible for discharge in a future chapter 7 case' once the eight-year bar to discharge expires. *In re Filice*, 580 B.R. at 269." *Emphasis added.*

Simply put, claims denied discharge under 523(a)(10) cannot be relitigated, ever.

The Court in *In re Filice* (Bankr. E.D. Cal. 2018) 580 B.R. 259, 268 reiterated "*One 'denies' a discharge as a judgment rendered by the court following trial for the reasons provided by §§ 727(a)(2)–(a) (7), all of which involve blameworthy conduct and render all debts permanently nondischargeable in future chapter 7 cases by virtue of § 523(a) (10)*." Most importantly, and what Defendant refuses to accept is that the *Filice* court stated what <u>this</u> Court explained to Talkov. "The post-bankruptcy legal consequence of not entering a discharge for any reason **other than the grounds specified in § 523(a)(10)** for **permanent non-dischargeability** is that the debtor remains liable for debts but might be eligible for discharge in a future chapter 7 case." Emphasis added.

As shown in the Transcript of Proceedings, this Court clearly explained that different "523" sections are treated differently (**Exhibit "9" RT 9**). Congress made all claims enumerated in Section 523(a)(10) as permanently non-dischargeable. *Fillice,* supra. This could not be any clearer.

Defendant cannot dispute non-dischargability for <u>any claim that was or could have been listed in her 2012 bankruptcy because Congress made Section 523(a)(10) a permanent sanction for fraudulent conduct by dishonest debtors.</u>  This includes, by Defendant's own admission, Plaintiff's 2011 state court judgment and her admission to violating three section 11 U.S.C. § 727 incorporated in Section 523(a)(10). Congress made 523(a)(10) a permanent bar.

While Talkov believes that there has never been a judgment deeming Plaintiff's judgment non-dischargeable, there has been a Section 727 judgment based upon debtor fraud and lying that rendered **all** claims in Defendant's 2012 bankruptcy, which includes Plaintiff's 2011 State Court Judgment, forever non-dischargeable.  It is simple, by operation of law, the moment the Debtor's stipulated in 2015 to denial of discharge under all sections covered under Section 523(a)(10) *i.e.,* 11 U.S.C. §727(a)(2)-(7), as a permanent sanction all claims raised and/or could have been raised in their 2012 case forever will be non-dischargeable.  Had Congress intended on making denials of discharge under Section 727(a)(2)-(7) subject to relitigation in subsequent cases, it would have said so, and surely would not have created Section 523(a)(10).  *Filice* confirmed this.

## III.    THIS COURT'S REQUIREMENT HAS NOT BEEN MET BY DEFENDANT.

On September 9, 2021 this Court ruled that, absent Defendant's counsel finding a vehicle that provides Defendant relief from the 2012 bankruptcy that was denied discharge, this Court would not be granting any sanctions motion:

> that piece of the briefing is just as important as any request for terminating sanctions. **And if I am not persuaded that this issue is still not going to have to be resolved at some point, then it is highly unlikely that I will be granting any motion for terminating sanctions, only to have this boomerang effect happen.**

> MR. TALKOV: I understand, Your Honor.

**Exhibit "8"** September 9, 2021 RT 46:12-18. Emphasis added.

On November 9, 2021 this Court reiterated repeatedly to Defendant's counsel in denying Defendant's Motion to Amend her Answer that the Defendant faces an "insurmountable" task.

> my tentative ruling is based on the fact that there is a legal issue -- a very legal issue, which I think quite frankly is going to be **insurmountable** regarding the application of the prior denial of discharge.

> So if you're not going to address that, I'm not sure this is going to move the needle.

**Exhibit "9"** Nov. 9, 2021 RT 4:1-7  *emphasis added.*

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

1

2

3

4

THE COURT: See, that's the problem, because what you have done --
and I keep emphasizing this. I'm not -- you know, unless you're going to
cite me to some case that says I totally ignore the legal issue, okay –
because there's a certain operation of law that happens that you're asking
me to ignore.

5

6

7

8

And I need some authority. If I'm going to ignore a legal issue, I need to
have some authority for that. And simply citing a case without telling me
anything about the facts in that case, whether or not the ruling is even
relevant to the current situation based on a similar fact pattern in that
case, is not helpful to me. *Emphasis added.*

9

**Exhibit "9"** Nov. 9, 2021 RT 7:14-25

10

11

12

13

14

But here, under 523(a)(10) -- and I've tried to stress this numerous times,
but I don't seem to be able to effectively communicate this. 523(a)(10) is,
in my view, very much a legal issue, because it basically says that you
don't get to get a discharge in the current case if you previously waived
the discharge or if you were denied a
discharge in a prior case. And so, you know, I don't understand the
argument regarding unclean hands, how that possibly wipes away
523(a)(10). *Emphasis added.*

15

16

**Exhibit "9"** Nov. 9, 2021 RT 10:5-13

17

18

19

20

THE COURT: Basically what you're saying, just so we're clear about
this, is that if we have a situation -- and this will come under 523(a)(10) -
- where a debtor voluntarily waives discharge in the case, that somehow
despite 523(a)(10), the debtor gets to reassert a discharge in a subsequent
case.

21

22

I am not aware of any case law that deals with that, and I think it's
obvious why there's no case law on that. *Emphasis added.*

23

**Exhibit "9"** Nov. 9, 2021 RT 11:17-25

24

25

26

27

28

**The legal issues are simple before this Court.** Defendant's Motion with its confusing and

spurious allegations failed to provide any law that supports relief specifically to Section 523(a)(10).

Defendant stipulated to numerous acts of egregious misconduct violating Section 727 in their 2012

Bankruptcy case. The 2015 final Judgment denying discharge cannot be altered, amended or changed

by law. Section 523(a)(10) *forever* denies discharge to Plaintiff's 2011 Judgment, raised in

7

Defendant's 2012 bankruptcy, in all future bankruptcy cases by operation of law.  This Court explained Section 523(a)(10) is distinguishable from other 523 sections (**Exhibit "9"** RT 9).  9th Circuit law holds that Section 523(a)(10) is not subject to relitigation.

The Court's ruled "*I need some authority. If I'm going to ignore a legal issue, I need to have some authority for that*".  Defendant's response of F.R.Civ.P. 41(b) does not apply as a matter of law. Ignoring this Court's request for specific authority, Defendant then tells the Court to simply issue an order stating that the 2011 Judgment, that was rendered permanently nondischargable by operation of law, is now discharged in the 2021 case.  Basically modifying or vacating the 2015 final judgment which this Court said it would not do.  "*[T]he defendant also needs to brief what will happen thereafter because what I'm not going to do -- and I don't think it appropriate to do -- is to in any way revise or modify that denial of discharge order from the 2012 case. That's a final order. It is an order that is in effect.*"  **Exh. "8"** RT 46:1-5

## IV.  DEFENDANT FATALLY RELIES ON F.R.Civ.P. 41(b) AS AN INAPPLICABLE RESPONSE TO THIS COURT'S "INSURMOUNTABLE" BURDEN TO THE "ULTIMATE" QUESTION OF LAW, THE REQUIRED PREREQUISITE.

On November 9, 2021 this Court's informed Defendant's counsel it had an insurmountable burden in proving how Defendant can obtain relief from Section 523(a)(10) and ultimately the 2015 denial of discharge judgment, A prerequisite to granting any motion.  (**Exhibit "9"** RT 4:1-7).

Defendant fatally relies on F.R.Civ.P. 41(b) in her Motion, offering a false presumption that FRCP 41(b) somehow applies.  As a matter of law, it doesn't.  A simple reading of 41(b) shows it is limited to *failure to prosecute, failure to follow the Rules of Civil Procedure or Court Orders.*  None of these apply in this case.  Defendant's Motion is void of any allegation of a violation of FRCP or any court order.  Therefore FRCP 41(b) does not apply.

Defendant has again failed to provide any authority that authorizes this Court to overlook the bankruptcy code and provide relief to Section 523(a)(10), a purely legal issue.

## V.  DEFENDANT'S MOTION IS SIMPLY A RED HERRING AND ENDLESS RABBIT HOLE CONSISTENT WITH THE FRIDMAN'S PAST BANKRUPTCY CASE.

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

1    Defendant's Motion is based on two claims that do not provide any authority specific to

2  Section 523(a)(10) required by this Court to ignore an issue of law.

3    Defendant failed to establish the webpages were not authentic or altered. Defendant does not

4  deny that the website files were authored by the Fridmans.  Moreover, when the website came up in

5  2019 deposition of Val Fridman, he refused to answer questions about the website on advice of

6  counsel, and to no surprise, testified that all of his computers and his mother's computer disappeared.

7  (**Exhibit "10"**).  While the two son's offer declarations relevant only to their fraudulent transfer case,

8  the Motion fails to distinguish that there were two fraudulent transfer cases in 2019, the second against

9  the Defendant.  In that case, Plaintiff had copies provided to him of various pages from the Fridmans'

10  website. The Fridmans do not deny they were found to be racists, and as far back as 2012 the Fridmans

11  made racist African-American slurs (Murray Decl. ¶ 4).  The evidence shows on November 9, 2021

12  Scott Talkov was caught altering the document during a November 9, 2021 deposition.  **Exhibit "7"**.

13    In addition, Taklov concealed from this Court that he personally spoke to Mr. Balakin.  And

14  was asked by Attorney Charles Murray to provide Zoom hearing information to Mr. Balakin, but

15  Talkov inexplicably refused to do so (**Exhibit "1"**)(Murray Decl. ¶ 3).  Talkov omitted he rejected an

16  offers to question a private investigator that he also accuses of being Mr. Balakin (**Exhibit "7"**).  The

17  phone number Talkov listed in the Motion is Florida number.

18    Dubiously raised only now, Alex Fridman claims to have been on *another* Skype call when he

19  overheard the phone conversation between Balakin and Talkov.  Aside from admitting to eavesdropped

20  in violation of Penal Code 632, Defendant has turned down offers to confirm Mr. Balakin exists,

21  perhaps because of inculpatory reasons.

22    The Fridmans have a documented history of fabricating creditors in their prior 2012 case to

23  cover up transfer of monies and in their 2014 Contempt trial.  To no surprise, one of the largest

24  creditors is tied to Alex Fridman, aka Alex Theory, the Defendant's son.  This discovery led to a

25  successful adversary complaint and judgment for $30,000 against Alex Fridman's close friend,

26  Victoria Gureyeva.  (**Exhibit "11"** *Writ*)

27    The evidence shows the presence of Victor Balakin does not help Plaintiff as found by this

28  Court in its LAM ruling.  The evidence also shows that Defendant routinely uses Mr. Balakin and

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

misrepresents this Court's rulings to several state courts and the Bankruptcy Appellate Panel, to obtain an advantage (Exhibit "3", "4" "5" and "12").  Which leads to the obvious, the appearance of Mr. Balakin serves Talkov and the Fridmans more than anyone else.

## VI.    DEFENDANT IS PRECLUDED BY LAW FROM ATTEMPTING TO RELITIGATE THE 2014 STATE COURT CONTEMPT FINAL JUDGMENT AND THE "727" ADVERSARY COMPLAINT JUDGMENT.

Talkov tells this Court not to worry about this Court statement that it would not alter its final 2015 Judgment denying discharge judgment because this Court mistakenly relied on false information from the 2014 Contempt findings in the Trustee's 2013 Adversary 727 case.  Defendant is precluded by collateral estoppel from raising this defense in this case.  Claim preclusion prevents the relitigating of claims previously tried and decided. *Littlejohn v. United States,* 321 F.3d 915, 919–20 (9th Cir.2003).  See *In re George* (9th Cir. 2005) 144 Fed.Appx. 636, 637 (bankruptcy defensive claim preclusion).  Claim preclusion bars Defendant's blatant attempt to relitigate the 2014 State Court's finding that the Fridmans had written what this Court called the "Threat Letter."   The State Court made specific findings that the Fridmans' wrote the letter (**Exhibit "13"** *RT for 2014 Contempt*). Under California law, a contempt judgment is final. "The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive."  Ca. Code Civ. Proc., § 1222.

In or around January 2015 the Fridmans stipulated to all claims made by the Trustee.  **Exhibit "14"** (8:13-ap-01253-ES Doc 73).  This Court entered judgment denying discharge on or around November 18, 2015.   No appeal was taken and Rule 60, incorporated by F.R.Bank.R 9024, one year limitations period has long expired.

In 2015, after stipulating to denial of discharge under all claims in the Trustee's "727" Complaint, the Fridmans then hired yet another attorney to try and attack the 2014 judgment.  Judge Karen L. Robinson correctly denied the Fridmans' untimely motion for reconsideration and found that the "threat letter" was merely one piece of evidence used to establish the Fridmans had been personally served.  Most fatal, was Moisey Fridman's own November 13, 2011 declaration that confirmed he was personally served with the TRO. (**Exhibit "15"**)  But of course, Talkov doesn't want this Court to

know that his clients later filed fraudulent declarations to avoid contempt (**Exhibits "16"**) and then

when confronted, withdrew their perjurious declarations (**Exhibit "17"**).  All of these orders are final.

As this Court noted on September 9, 2021, this Court's denial of discharge judgment is a final

judgment in full force and effect, which this Court will not disturb.

## VII. DEFENDANT FAILED TO OVERCOME THE INSURMOUNTABLE BURDEN ITERATED BY THIS COURT; TO OBTAIN RELIEF AND AVOID SECTION 523(a)(10) APPLICATION   BY OPERATION OF LAW.

Defendant in her 449 page motion failed to cite one single case or statute that allows this Court

to avoid application of Section 523(a)(10).  As this Court previously ruled, if the Defendant cannot

provide any authority that allows her relief from the final 2015 judgment denying discharge that

invoked Section 523(a)(10), any motion for terminating sanctions would be denied.  The Court on

November 9, 2021 again explained to Defendant's counsel that unless he finds authority specifically

for Section 523(a)(10) which is different than other 523 sections, its "not going to move the needle."

**Exhibit "9" RT 4.**

Defendant's solution, that F.R.Civ.P. 41(b) allows this Court to avoid Section 523(a)(10), does

not apply as a matter of law.  Congress limited 41(b) to cases involving *failure to prosecute, failure to*

*follow Rules of Civil Procedure or Failure to follow a Court Order.* None of which are exist here.  In

addition, all of Defendant's authority does not apply to Section 523(a)(10).

Second, Defendant argues without any authority, that this Court should not be concerned about

the finality of the judgment denying discharge because this Court was misled by fraud in the 2014

State Court contempt case.  This fails as a matter of law, Defendant is collaterally estopped from

raising defenses that were raised or could have been raised in the prior 2013 adversary proceeding that

resulted in a judgment denying discharge.  *Littlejohn v. United States,* 321 F.3d 915, 919–20 (9th

Cir.2003).  See also *In re George* (9th Cir. 2005) 144 Fed.Appx. 636, 637 (bankruptcy defensive claim

preclusion).  Defendant is also barred from relief under F.R.Civ.P. 60, incorporated into bankruptcy

under Rule 9024, as the one year limitation expired over five years ago.  Lastly, the State Court, Judge

Karen L. Robinson's findings of fact and conclusions of law, based on overwhelming evidence of the

Fridmans' willful violation of court orders, cannot be attacked in this Court under *Rooker-Feldman*.

1

2  **VIII.  DEFENDANT'S MOTION FAILS TO MEET THE RIGOROUS BURDEN OF**

3  **OBTAINING TERMINATING SANCTIONS, AS PROVED BY DEFENDANT'S OWN**

4  **AUTHORITY.**

5  This Court has ruled that unless Defendant finds specific law that provides relief specifically to

6  Section 523(a)(10), the Court would not be granting any motion.  Defendant entire Motion failed to

7  cite any authority that provides relief to Section 523(a)(10).  Defendant's Motion also fails to meet the

8  heightened standard for disfavored terminating sanctions.  Defendant failed to provide evidence of

9  Plaintiff's wrongdoing.  (Declaration of IT expert Bryan Swezea declares no webpage text alteration

10  and inaccuracy of Internet Archive).  All Talkov proved during Plaintiff's deposition is that <u>Talkov</u> is

11  the one that has the ability to alter images in a PDF toolbar as well as an ECF stamp. (Exhibit "9" RT

12  44-46).  Defendant did not prove the actual webpage was not written by the Fridmans.  Taklov

13  panicked and tried to substitute in a different document *after* the deposition which the Court Reporting

14  agency declined to do.

15  Defendant Motion also fails under her cited law, unable to meet her burden by demonstrating

16  "actual prejudice" that prevented Defendant from defending an undefendable issue of law in the

17  adversary proceeding.  Defendant admitted to both required elements under § 523(a)(10) which as this

18  Court has ruled, applies by operation of law.

19  Defendant relies heavily on the 10th Circuit opinion in *Garcia v. Berkshire Life Ins. Co. of*

20  *America*, 2007 WL 6757307, aff'd in part and remanded (10th Cir. 2009) 569 F.3d 1174 (*"Garcia"*) in

21  support of her Motion.  Defendant fails, again, to apply the facts and law from *Garcia* to this case.  In

22  *Garcia* a law student sued an insurance company and had forged four "expert" reports, removing

23  exculpatory text to establish liability on a tort claim and prejudice the defendant's ability to defend.

24  This case, as usual, is advanced without any parity in facts and law.  The evidence from the November

25  9, 2021 deposition of Plaintiff establishes it is Talkov who is able to alter a filing browser and ECF

26  stamp.  Fatally Talkov is unable to meet his own law from *Garcia* that requires proof of intentional

27  wrongdoing and "actual prejudice" suffered by the defendant in her ability to defend the case to obtain

28  sanctions.  Defendant could not defend this Adversary, which applied Section 523(a)(10) by operation

---

12

1  of law.  Moreover, Defendant admitted to both elements required under Section 523(a)(10) in her

2  Answer and cannot show the mandatory "materiality" between the claimed wrongdoing and prejudice

3  preventing Defendant's ability to defend or this Court's ability to decide a purely legal issue.

4      *Anheuser-Busch, Inc. v. Natural Beverage Distributors* (9th Cir. 1995) 69 F.3d 337, 354 also

5  does not apply. "Anheuser's defense was prejudiced by the concealment of the documents. Anheuser

6  lost the trial. The Natural Beverage documents stored in the warehouse were important to supporting

7  Anheuser's defense." *Anheuser-Busch*, also held at 343 that **"materiality" of claimed misconduct and**

8  **actual prejudice is mandatory**.  Defendant's Motion failed to establish both elements here.  "A

9  material fact is one which might affect the outcome of the case under governing law. *Anderson v.*

10 *Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)."  Due process

11 concerns further **requires** that there exist a relationship between the sanctioned party's misconduct and

12 the matters in controversy such that the transgression **"threaten[s] to interfere with the rightful**

13 **decision of the case."** *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir.1983); *see also*

14 *Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir.1982) See

15 *Anheuser-Busch* 69 F.3d at 348.  In this case, Defendant admitted to both required facts in her Answer

16 to meet Section 523(a)(10) that renders summary judgment in favor of Plaintiff by operation of law.

17 Defendant admitted to both elements requiring this Court issue judgment in favor of Plaintiff by

18 operation of law.

19     *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) also does not apply.  In *Leon* the Court

20 held "an employee's destruction of data on his employer-owned laptop amounted to willful spoliation

21 of evidence that supported dismissal as sanction."  This does not apply as this is not a case of

22 spoiliation of evidence.  Unless the Court considers the Fridmans admitted loss of their computers *after*

23 the Condodefense website came up in 2019 deposition.  The prejudice requirement "looks to whether

24 the [spoiling party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to

25 interfere with the rightful decision of the case."   Id.

26     *Aoude v. Mobil Oil Corp.* (1st Cir. 1989) 892 F.2d 1115, 1120-1122 also does not apply

27 factually as the plaintiff in that case had fabricated a contract to create standing to sue, which when

28 discovered warranted dismissal [And in the absence of any bona fide claim to the franchise, plaintiff

had no standing to sue under the statute.]. Here Plaintiff has standing to file his adversary, therefore the issue of creating standing from *Aoude* is a red-herring.

*Wanderer v. Johnston* (9th Cir. 1990) 910 F.2d 652, 656 is unsupportive of Defendant's Motion. Defendant failed to show any prejudice in defending an undefendable claim where she admitted both required elements under Section 523(a)(10) in her Answer. *Wanderer* held that prejudice is "essential", therefore Defendant cannot prove this mandatory requirement. "We have found the element of **prejudice to be essential**, stating that sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed "merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 591 (9th Cir.1983)"

*United States v. Proceeds From Sale of a Condominium Located at Ritz-Carlton* (C.D. Cal., July 27, 2021) 2021 WL 3573057, at *3 also does not support Defendant's Motion. This case reiterated "**the key factors are prejudice and availability of lesser sanctions.**" *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Here Defendant was not prejudiced from trying to defend an undefendable action that she admitted to both required elements under Section 523(a)(10). As this Court held, twice, this is a question of law. Section 523(a)(10) applies by operation of law. There are no cases that provide relief from Section 523(a)(10) because it is purely a legal issue. The court also held "[d]elay alone, without a focus on its effects, will not justify dismissal or default." Citing *Wanderer*, 910 F.2d at 656. Here there was no delay, Plaintiff filed a timely adversary when Defendant's counsel refused to accept Section 523(a)(10). The Motion for Summary Judgment was timely filed and ruled on in Plaintiff's favor. Delay is not an issue.

*Harris v. Engels* (C.D. Cal., Aug. 6, 2021, No. CV 19-5590-PA (KK)) 2021 WL 4699538, at *4 reiterated "the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Again Defendant's Motion fails to meet these requirements.

*Asia Pacific Agr. and Forestry Co. v. Sester Farms* (D. Or., Sept. 3, 2013, No. 3:12-CV-00936-PK) 2013 WL 4742934, at *11 "where the question of fabrication is disputed, it may be appropriate to resolve the dispute on the basis of factual findings following an evidentiary hearing. *See, e.g., See Professional Seminar Consultants v. Sino Am. Technology Exch. Council,* 727 F.2d 1470, 1472 (9th

---

14

Cir.1984).  I decline to find that Asia Pacific fabricated the Qingzhou contract in the absence of an

evidentiary hearing on the matter."  If the Court desires to conduct an evidentiary hearing, Plaintiff

would seek access to the computers of the Fridmans, where the website was created.  Indeed, having

access to Alex Fridman's and Rosa Fridman's Skype accounts would uncover their fabrication of

"screen sharing" educational courses.

*Valerio v. Boise Cascade Corp.* (N.D. Cal. 1978) 80 F.R.D. 626, 641, <u>aff'd</u> (9th Cir. 1981) 645

F.2d 699 held that "fraud on the court" remain undefined, that phrase is "(to) be read narrowly, in the

interest of preserving the finality of judgments, which is an important legal and social interest."  As

this Court held, Plaintiff is entitled to judgment as a matter of law.  On September 9, 2021 this Court

ruled that it would not be vacating or altering the judgment denying discharge of Defendant's 2012

bankruptcy which is "final" and still "in effect."

*Hutchinson v. Hensley Flying Service, Inc.* (9th Cir. 2000) 210 F.3d 383 also is legally

inapplicable.  *Hutchinson* cited *Combs v. Rockwell Int'l Corp.,* 927 F.2d 486, 488 (9th Cir.1991) where

Combs authorized his counsel to alter his deposition in material respects. He signed the revised

deposition and swore, under penalty of perjury, that he had reviewed the transcript and had himself

made the changes. This conduct was in direct violation of F.R.Civ.P. 30(e).  In this case there are no

allegations of a violation of F.R.Civ.P. 30(e).  Again the facts and law in Defendant's Motion

continues to be inconsistent with its own authority.

*Sun World, Inc. v. Lizarazu Olivarria* (E.D. Cal. 1992) 144 F.R.D. 384, 389 simply followed

falsifying a deposition in violation of F.R.Civ.P 30, citing *Combs,* supra.

*TeleVideo Systems, Inc. v. Heidenthal* (9th Cir. 1987) 826 F.2d 915, 917 held that perjury

"greatly disadvantaged the plaintiffs who had planned their strategy and developed their case…".

Defendant has no defense to Section 523(a)(10).  Defendant admitted to both elements required for

Section 523(a)(10) automatic application.  Here no perjury has been proven by Defendant that would

have prevented Defendant's ability to defend the adversary where Defedant admitted to both required

elements that triggers Section 4523(a)(10) by operation of law.

*Lee v. Trees, Inc.* (D. Or., Nov. 6, 2017, No. 3:15-CV-0165-AC) 2017 WL 5147146, at *8 does

not apply as in *Lee* the disputed text went right to the heart of a discrimination claim. Balakin and the

webpage have nothing to do with Defendant's admission to both elements and Plaintiff's entitlement to judgment by operation of law under Section 523(a)(10).

*Jackson v. Murphy* (7th Cir. 2012) 468 Fed.Appx. 616, 620 where "the plaintiff's fraud … would if undetected <u>destroy a legitimate and dispositive defense</u>," a district court need not consider lesser sanctions.  This does <u>not</u> apply as Defendant has no legitimate and viable defense to Plaintiff's Motion for Summary Judgment under Section 523(a)(10).  Defendant admitted both elements that mandate granting judgment as a matter of law in favor of Plaintiff under 9th Circuit law.

*Pope v. Federal Exp. Corp.* (8th Cir. 1992) 974 F.2d 982, 984 also does not apply as the plaintiffs in *Pope* had presented a false document to create a claim and standing.  Here Plaintiff's claim under Section 523(a)(10) has existed since this Court's final judgment in February 2015.

*U.S. v. National Medical Enterprises, Inc.* (9th Cir. 1986) 792 F.2d 906, 913 prejudice or irreparable harm must exist to warrant dismissal.  Here there is no actual prejudice or harm to Defendant's ability to defend an undefendable adversary action based entirely on an issue of law.

*American Rena International Corp. v. Sis-Joyce International Co., Ltd.* (C.D. Cal., Dec. 14, 2015) 2015 WL 12732433, at *30 found the required element of prejudice from discovery abuse.  Citing *Anheuser–Busch*, 69 F.3d at 348 (Due process requires "that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case."). Here there is no nexus and no prejudice in Defendant trying to defend an undefendable issue of law.  And no discovery abuse is alleged.

*Henry v. Gill Industries, Inc.* (9th Cir. 1993) 983 F.2d 943, 947 does not apply as it was based on F.R.Civ.P. 37 for violating discovery orders.

*Valley Engineers Inc. v. Electric Engineering Co.* (9th Cir. 1998) 158 F.3d 1051, 1057–1058 involved prejudicial discovery abuse.  Here there are no facts that would affect simply an issue of law plus there is no discovery abuse as Plaintiff completed his deposition with Defendant's counsel struggling and confessing he had altered the exhibit.

*Pagtalunan v. Galaza* (9th Cir. 2002) 291 F.3d 639, 642 held that failure to prosecute for "four months" warranted dismissal.  This is not the case here.

16

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

*In re Washington* (Bankr. D. Kan., July 6, 2009, No. 08-11885) 2009 WL 1939049, at *4 did not apply 523(a)(10) because the debt in question did not exist in the first bankruptcy case. This is admittedly not the case here.

*In re Nash* (9th Cir. 1985) 765 F.2d 1410, 1413 also does not apply. The *Nash* court held a debtor is not barred from challenging nondischarge in a successive case when the debtor voluntarily dismissed his prior Chapter 13 case. This is not the case here. Defendant did not seek a dismissal but rather stipulated to denial of discharge which is now final.

*Thomas v. Bostwick* (N.D. Cal., Aug. 29, 2014, No. 13-CV-02544-JCS) 2014 WL 4311168, at *2. Debtor listed proceeds from future lawsuit as exempt, Trustee failed to object and was barred by statute. In this case 2011 judgment is Plaintiff's asset, Debtor lacks standing to claim Plaintiff's 2011 Judgment as an exemption. The facts and law are inapplicable.

Defendant has undeniably failed to provide authority that this Court has requested now three times. Accordingly the Motion should be denied and Summary Judgment entered.

## IX. **THE "BOOMERANG" WILL CONTINUE TO FLY.**

This Court previously ruled that it would not be granting any motion for sanctions if it did not resolve the "boomerang" effect of Section 523(a)(10). The "boomerang" understandably being that by operation of law, Plaintiff's 2011 judgment would still be nondischargeable under Section 523(a)(10) and therefore subject to continued enforcement in State Court. Defendant's Motion must be denied due to her inability to overcome the insurmountable burden and failure to meet the mandatory requirements for sanctions. A further wrinkle exists for Defendant.

Defendant admits that Beach Crest Villas is a partial assignee of Plaintiff's 2011 Judgment. Beach Crest filed a claim in Defendant's 2012 bankruptcy case which is now valued at $375,000 with incurred interest. Beach Crest's claim is covered by operation of law under Section 523(a)(10). Beach Crest did not have to even file a claim or adversary in this 2021 bankruptcy case for its 2012 claim to survive as *forever nondischargable.* This Motion would not affect Beach Crest for pursuing collection and foreclosure against Defendant or reassigning it back to Plaintiff.

Point being, Defendant's admitted fraudulent conduct and deceit in her 2012 bankruptcy gave way to her stipulated denial of discharge. The judgment denying discharge invoked Section 523(a)(10)

as to Beach Crest who is not affected by this adversary action or Defendant's Motion.  Thus Section 523(a)(10) will continue to follow Defendant in this bankruptcy by law.

## X. <u>CONCLUSION.</u>

The Motion fails to meet the "insurmountable" burden this Court noted on September 9 and November 9, 2021;  the ability to obtain relief from the 2015 final judgment denying discharge of all claims in Defendant's 2012 Chapter 7 case.

Defendant's Motion further fails to meet its burden to obtain terminating sanctions as a matter of law.  Indeed, even under its own law cited in Defendant's Motion.

Accordingly, Defendant's Motion should be denied and Summary Judgment entered in favor of Plaintiff in the adversary action under Section 523(a)(10) as a matter of law.

Dated November 30, 2021                    By:      */s/ Karl Avetoom*

                                           _____

                                           Karl Avetoom, Plaintiff

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

### DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.      I am the Plaintiff and creditor in this adversary proceeding in Rosa Fridman's bankruptcy case.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following.

2.      Attached to my declaration as **Exhibit "1"** is a true and correct copy of an email exchange involving several parties including myself, Mr. Charles L. Murray and defendant's counsel, Scott Talkov that I forwarded to Mr. Michael Hauser, at the request of the United States Trustee's Office.

3.      Attached to my declaration as **Exhibit "2"** is a true and correct copy of this Court's tentative ruling on Debtor's Lien Avoidance Motion.

4.      Attached to my declaration as **Exhibit "3"** are true and correct copies of relevant pages from Defendant and Appellee's brief filed in the 9th Circuit Bankruptcy Appellate panel case No. 21-1101.

5.      Attached to my declaration as **Exhibit "4"** is a true and correct copy of Defendant Rosa Fridman's Opposition to a motion seeking an OSC Re: Contempt in *Avetoom v. Arce, et al* case no. 30-2010-00345490 referencing Defendant's use of the Balakin issue and filing in the bankruptcy case.

6.      Attached to my declaration as **Exhibit "5"** are true and correct pages from Defendant's October 29, 2021 Motion that Scott Talkov attempted to file.  The attached pages relate to Defendant's use of the Mr. Balakin sanction issue to try and obtain a dismissal of the Contempt charges against her.

7.      Attached to my declaration as **Exhibit "6"** are true and correct copies of the relevant pages from my November 9, 2021 deposition as filed by Defendant in her Motion.

8.      Attached to my declaration as **Exhibit "7"** is true and correct copy of an email I received from the court reporting agency declining to insert a new exhibit in place of the exhibit I witnessed Scott Talkov altering during my deposition.

9.      Attached to my declaration as **Exhibit "8"** are true and correct copies of the relevant pages from Reporter's Transcript of proceedings from this Court on September 9, 2021 relative to required briefing on the "ultimate" issue of 523(a)(10) relevant to sanction.

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

10.     Attached to my declaration as **Exhibit "9"** are true and correct copies of the relevant Reporter's Transcript pages from this Court's November 9, 2021 proceedings, relevant to Defendant's Motion to Amend her Answer which was denied by this Court.

11.     Attached to my declaration as **Exhibit "10"** are true and correct copies of the relevant Reporter's Transcript pages from Val Fridman's deposition conducted in January 2019 discussing the condodefense website and Val Fridman and Rosa Fridman no longer having computers.

12.     Attached to my declaration as **Exhibit "11"** is a true and correct copy of a writ of execution obtained by the Chapter 7 Trustee against a Victoria Gureyva (sp?) in an adversary case in the Defendant's 2012 bankruptcy case.

13.     Attached to my declaration as **Exhibit "12"** is a true and correct copy of the July 22, 2021 State Court's Minute Order relating to my motion to correct the 2020 Judgment.  Said Minute Order incorporates Judge Howard's denial of Defendant's request for sanctions at p.3.

14.     Attached to my declaration as **Exhibit "13"** are true and correct copies of the Reporter's Transcript from the July 2014 Contempt proceedings, including the Defendant's agreement to admit their "threat letter", Exhibits "7" and "8" into evidence (RT 90) and the Court's ruling on the elements of Contempt, including the Court's finding that the Fridmans had written the "threat letter". RT 112-114. I believe this Court referred to the letter as the "threat letter" in its rulings in the Section 727 adversary action.

15.     Attached to my declaration as **Exhibit "14"** is a true and correct copy of the Defendant's stipulation to all claims in the Chapter 7 Trustee's "727" Complaint.  8:13-ap-01253-ES Doc 73.

16.     Attached to my declaration as **Exhibit "15"** is a true and correct copy of the declaration filed on or around November 13, 2011 by Moisey Fridman admitting he was personally served with the TRO on November 9, 2011.

17.     Attached to my declaration as **Exhibit "16"** is a true and correct copy of the declaration filed on or around May 23, 2014 by Moisey Fridman immediately before a hearing on the 2014 Contempt proceedings before Judge Karen L. Robinson, where Moisey Fridman declares he was not personally served on November 9, 2011 with the TRO.

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

18.     Attached to my declaration as **Exhibit "17"** is a true and correct copy of the withdrawal of Moisey Fridman's May 23, 2014 declaration filed on or around June 9, 2014 during the 2014 contempt proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed November 29, 2021 in Newport Beach, CA.

Ny:     */s/ Karl Avetoom*

Karl Avetoom

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

*EXHIBIT "1"*

**From:** KA kia002@att.net  📎
**Subject:** Fwd: In re: Rosa Fridman - Debtor's Supplemental Opposition to Avetoom's Motion to Dismiss Bankruptcy Case
**Date:** July 22, 2021 at 9:33 AM
**To:** Michael Hauser  Michael.Hauser@usdoj.gov



---

Begin forwarded message:

**From:** Scott Talkov <scott@talkovlaw.com>
**Subject: Re: In re: Rosa Fridman - Debtor's Supplemental Opposition to Avetoom's Motion to Dismiss Bankruptcy Case**
**Date:** April 14, 2021 at 4:04:51 PM PDT
**To:** Charles L Murray III <cmurray@cm3law.com>
**Cc:** Victor Balakin <balakinvictor879@gmail.com>, Leilani Caspillo <assistant@talkovlaw.com>, kia002 <kia002@att.net>, Nick Moss <nick@talkovlaw.com>

Dear "Victor Balakin",

I appreciate you calling my office so that we could speak. I believe I made my question clear when I asked you if you were being truthful with the court when you declared under penalty of perjury that: "In February 2019 I gave a hard money loan to Rosa Fridman and her son that they promised would be used to settle a lawsuit against Rosa Fridman's trust." Your response was that you "wanted to keep everything in writing."

I then repeated my question, indicating that it was not a trick question to ask you if you were being truthful with the court when you declared under penalty of perjury that: "In February 2019 I gave a hard money loan to Rosa Fridman and her son that they promised would be used to settle a lawsuit against Rosa Fridman's trust." Your response was once again that you "wanted to keep everything in writing."

I then indicated that if this story is true, you would have documents to support your supposed "hard money loan." You again indicated that you "wanted to keep everything in writing."

I then asked you why your pleading indicated that you were displeased by your inability to reach me by phone if you have nothing to tell me. You again told that you "wanted to keep everything in writing."

This is the writing you were requesting, and this is your chance to respond in writing: **Were you being truthful with the court when you declared under penalty of perjury that: "In February 2019 I gave a hard money loan to Rosa Fridman and her son that they promised would be used to settle a lawsuit against Rosa Fridman's trust."**

It's now been three hours since my email at 12:58 p.m. asking you to provide any documents in support of your supposed "hard money loan" to Rosa Fridman, including a notarized trust deed, promissory note, and any evidence of payment. However, you haven't provided any such documents.

Please understand that my client has a suspicion of who you are, notably someone who has worked with Karl Avetoom against Rosa Fridman over the years. I look forward to your video appearance tomorrow at the hearing to confirm our suspicions.

Best Regards,



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Wed, Apr 14, 2021 at 1:56 PM Scott Talkov <scott@talkovlaw.com> wrote:
Dear "Victor Balakin",

I called you again just a moment ago at 1:51 p.m. at the number listed on your pleading: (954) 218-3789. However, once again, the call went unanswered, with the message indicating that you have not set up your voicemail. This is despite your repeated claims, including in your email, below, at 12:36 p.m. that you have tried to reach me, and that I am not calling you back. This is in addition to my call today at 12:52 p.m., which also went unanswered.

This follows my email at 12:58 p.m. today asking you to provide the documents that you claimed in your objection were already in your possession, including a promissory note and notarized trust deed as would be required based on your claim of being a "hard money lender," which means you have security in the property of the debtor. Given your claim that you are a creditor of Rosa Fridman in the amount of $250,000, it should not be hard for you to produce these documents.

To the extent the documents do not exist, please indicate if you wish to withdraw your objection as having been filed by mistake.

Best Regards,



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Wed, Apr 14, 2021 at 1:38 PM Scott Talkov <scott@talkovlaw.com> wrote:

Mr. Murray,

I can't tell from your email whether you have any personal knowledge of the existence of the purported debt owed by Rosa Fridman to "Victor Balakin." Please advise and provide any documents you may have in support of this supposed debt.

As to "Victor Balakin" appearing at the hearing, I cannot provide any advice on whether or not this would be wise to the extent the debt does not exist, as alleged in the pleading filed today by my office. All information about appearances can be found online at https://www.cacb.uscourts.gov/

Lastly, please indicate if you will be withdrawing the contention in your pleading that you are a creditor of Ms. Fridman given that you rely on two recorded judgments, both of which indicate that the debt is owed to Karl Avetoom, as explained by my reply to your pleading filed as BK Doc. 27, page 25, copied below. If you're suggesting that Karl Avetoom made a misstatement to the state court in indicating that he is the "assignee of record" and/or "judgment creditor" as to the debts you claim are owed to you, please so indicate.

| 1 | Exception 17 Showing Avetoom as the | Exception 18 Showing Avetoom as the |
|---|---|---|
| 2 | Creditor | Creditor |
| 3 | (Doc. 13, p. 52) | (Doc. 13, p. 55) |
| 4 | Case 8:21-bk-10513-ES    Doc 13    Filed 03/09/21    Ent... Main Document    Page 52 c | Case 8:21-bk-10513-ES    Doc 13    Filed 03/09/21    Ent... Main Document    Page 55 of |

All the best,



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Wed, Apr 14, 2021 at 1:03 PM Charles L Murray III <cmurray@cm3law.com> wrote:

Scott -

Again, please provide Victor the link to appear tomorrow.

Best Regards,

Best Regards,

C3

Charles L. Murray III
Trial Lawyer
444 South Flower Street
Suite 2530
Los Angeles, California 90071

Our office is paperless.  All Written Correspondence, Communication, Mail and Service of Documents, including Personal Service, to be addressed and delivered to the following:

8605 Santa Monica Boulevard
PMB 82716
West Hollywood, California 90069-4109 USA

| | |
|---|---|
| (Office) | 213.627.5983 |
| (Facsimile) | 213.627.6051 |
| (Mobile) | 213.494.3970 |
| (Email) | cmurray@cm3law.com |

Sent from my iPhone

On Apr 14, 2021, at 12:58 PM, Scott Talkov <scott@talkovlaw.com> wrote:

Dear Karl Avetoom Also Known as "Victor Balakin,"

Despite your claim that you've called "Mr. Taklov's office several times and left a voice message," no one at this firm has any knowledge of you calling, nor does RingCentral, our phone provider, show any calls from this number.

To further prove that you do not exist, and that you are a part of a bankruptcy fraud, I called the number indicated on your pleading just a moment ago- (954) 218-3789. Once again, no one answered. A screen capture from this call is shown below. To the extent you really exist, please call me immediately at my office at (951) 888-3300 and email me a copy of the documents you indicated in your pleading, including a promissory note and trust deed signed by Rosa Fridman, along with the supposed bankruptcy documents you were provided in 2019 that you now conclude are fictional. Supposing you really exist, and are really a creditor of this debtor, I'm sure you'll be able to provide this in a matter of minutes.

<image.png>



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Wed, Apr 14, 2021 at 12:36 PM Victor Balakin <balakinvictor879@gmail.com> wrote:
I do not understand what this filing is about.

I've called Mr. Taklov's office several times and left a voice message.

I never have received a return phone call.

My phone shows no incoming or missed calls from anyone in California.

I even called the chapter 7 trustee and left a message for him.

I'd like to appear at the debtor exam.

Victor

On Wed, Apr 14, 2021 at 1:50 PM Leilani Caspillo <assistant@talkovlaw.com> wrote:

All,

Attached you will find the document filed with the court this morning:

- **DEBTOR'S SUPPLEMENTAL OPPOSITION TO KARL AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO U.S.C. § 707; REQUEST FOR O.S.C. WHY SANCTIONS SHOULD NOT BE ORDERED AGAINST KARL AVETOOM FOR BANKRUPTCY FRAUD THROUGH FALSE DECLARATION OF FICTIONAL CREDITOR VICTOR BALAKIN; DECLARATIONS OF ROSA FRIDMAN, ALEX THEORY, VAL FRIDMAN, AND SCOTT TALKOV**

Kindest regards,
--



**Leilani Caspillo** | **Paralegal, Talkov Law**

**a:** 2900 Adams St. Ste C225 | Riverside, CA 92504
**e:** assistant@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

*EXHIBIT "2"*

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, April 15, 2021**                                    **Hearing Room    5A**

---

<u>10:30 AM</u>
**8:21-10513    Rosa A Fridman**                                               **Chapter 7**

**#21.00**    Hearing RE: Debtor's Motion to Avoid Lien Under 11 U.S.C. Section 522(f) (Real
Property) [Creditor: Karl Avetoom and Beach Crest Villas Owners Association
(Potential Partial Assignee)

Docket        13

**Courtroom Deputy:**
          - NONE LISTED -

**Tentative Ruling:**

**April 15, 2021**

Grant the Motion.

<u>Basis for Tentative Ruling</u>

Debtor seeks to avoid 7 judicial liens encumbering the condominium located
at 16542 Blackbeard Lane #304, Huntington Beach, CA 92649 (the
"Property") under § 522(f)("Motion")[dkt. 13].  Title is currently held by Moisey
O. Fridman and Rosa A. Fridman, Trustees of The Fridman Family Trust u/d/t
April 14, 2000 ("Trust"), as to an undivided 68.3% interest and Alex Fridman,
a single man, as to an undivided 31.7% interest, all as tenants in common.
The fair market value of the Property is $337,687, with $230,640 (all figures
rounded down) representing the fair market value of Debtor's 68.3% interest
in the Property. Debtor has claimed a homestead exemption under Code of
Civil Procedure §704.730(a) in the amount of $600,000 ("Homestead
Exemption").  As such, Debtor seeks to avoid the following 7 judicial liens
which were all recorded in Orange County in favor of creditor Karl Avetoom
("Avetoom"):

| Preliminary Exception No. | Judgment Entry Date | Judgment Recording Date | Court | Case |
|---|---|---|---|---|
| | | | | |

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Thursday, April 15, 2021**                                     **Hearing Room       5A**

---

10:30 AM
**CONT...      Rosa A Fridman**                                              **Chapter 7**

| | | | | |
|---|---|---|---|---|
| "Exception 14" | 11/18/11 | 11/18/11 | OC Superior Court | Avetoom v. Mosey and Rosa Fridman (30-2010-00345490) ("2010 IIED Action") |
| "Exception 15" | 11/18/11 | 1/17/12 | Same | 2010 IIED Action |
| "Exception 17" | 8/13/14 | 9/30/14 | Same | 2010 IIED Action |
| "Exception 15-Amendment" | 11/18/11 | 3/11/15 | Same | 2010 IIED Action |
| "Exception 18" | 3/16/15 | 3/11/15 | Same | 2010 IIED Action |
| "Exception 21" | 8/13/20 | 11/19/20 | Same | Avetoom v. Risbrough, et al. (30-2015-00820760) ("2015 Fraudulent Transfer Action") |
| | | | | |
| "Exception 22" | 10/6/20 | 11/19/20 | Same | 2015 Fraudulent Transfer Action |

Creditors Avetoom [dkt. 16, 22, 33], Charles L. Murray III ("Murray")[dkt. 25], and Victor Balakin [dkt. 30] oppose the Motion.

<u>The procedural objections raised by Murray and Balakin are overruled</u>

As a preliminary matter, LBR 9013-1(f) requires that any opposition to a motion must be filed no later than 14 days before the hearing. Here, the opposition deadline in this case was April 1, 2021. Yet, Avetoom (dkt. 33- filed Apr. 13, 2021), Murray (dkt. 25-filed Apr. 7, 2021), and Balakin (dkt. 30- filed Apr. 12, 2021) all filed untimely oppositions. The court could exercise its discretion to strike these pleadings and not consider them since they were filed after the <u>reply</u> deadline under LBR 9013-1(f). Instead , the court will consider these pleadings by exercising its discretion under in LBR 1001-1(d)

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, April 15, 2021**                                   **Hearing Room        5A**

---

**10:30 AM**
**CONT...        Rosa A Fridman**                                                **Chapter 7**

which states, "The court may waive the application of any Local Bankruptcy
Rule in any case or proceeding, or make additional orders as it deems
appropriate, in the interest of justice."

Similarly, the court will exercise of discretion under LBR 1001-1(d) to
overrule the objections raised by Avetoom, Murray, and Balakin regarding
Debtor's failure to comply with LBR 4003-2 to file separate motions for each
Avetoom lien to be avoided, and failing to serve a copy of the Motion and
notice to purported lienholders Murray and Balakin.  The court finds that the
objecting parties have not been prejudiced by Debtor's procedural
deficiencies because only Avetoom's liens are being avoided under the
Motion and he had ample opportunity to object, and Murray and Balakin were
able to each file their own oppositions which the court will consider.
Moreover, if the Motion is granted, Murray and Balakin would appear to
benefit from ruling since their purported liens would presumably move up in
priority.

<u>The Motion is granted under § 522 (f)</u>

The Ninth Circuit Bankruptcy Appellate Panel summarized the
statutory requirements to avoid a lien under § 522(f) as follows:

There are four basic elements to avoiding a lien under §522(f)(1)(A): First,
there must be an exemption to which the debtor 'would have been entitled
under subsection (b) of this section.' 11 U.S.C. §522(f).  Second, the property
must be listed on the debtor's schedules and claimed as exempt.  Third, the
lien must impair that exemption.  Fourth, the lien must be … a judicial lien.  *In
re Goswami*, 304 B.R. 386, 390-1 (9th Cir. BAP 2003) (*citing In re Mohring*,
142 B.R. 389, 392-3 (9th Cir. 1994)).  "The debtor has the burden of showing
she is entitled to lien avoidance under section 522(f)." *Mohring*, 24 F.3d at
247.

As for the first element, Debtor has demonstrated that she would be
entitled to the Homestead Exemption.  Debtor has provided her declaration
that establishes that she has lived at the Property since it was acquired in
2013 and that her 68.3% interest in the Property is property of the estate,
notwithstanding that it was previously placed into a family trust.  And Debtor

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, April 15, 2021**                                              **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...        Rosa A Fridman**                                               **Chapter 7**

has indicated her intent to continue to reside there.  *See* Reply, 22-24; *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336 (BAP 9th Cir. 2016); *But see* Avetoom Opp'n [dkt. 22], 2-3.  As for the second element, the Property was listed on Debtor's schedules and claimed as exempt under Code of Civil Procedure § 704.730(a)(2) thereby satisfying the second element.  *See* Mot., 16-17 (page nos. at top of document).

        And with regard to the third element, the liens to be avoided, individually and collectively, impair Debtor's Homestead Exemption.  The fair market value of Debtor's 68.3% interest in the Property is only $230,640 and the amount of Debtor's Homestead Exemption is $600,000.  *Goswami*, 304 B.R. at 390 ("Avoidance of a judicial lien may be allowed even if the claimed exemption amount is de minimis.").  Thus, the liens to avoided impair Debtor's Homestead Exemption because Debtor is unable to fully take her $600,000 exemption in this case.  *Avetoom*, relying on *In re Pederson*, 230 B.R. 158, 164 (B.A.P. 9th Cir. 1999), argues that Exceptions 14 and 15 (Part 1) [and Exception 15 Part 2 because it relates back to Exception 15 Part (1)] cannot be avoided because those liens were recorded in 2011 and 2012 and before Debtor acquired her interest in the Property in 2013.  *See* Opp'n [dkt. 22], 4-5. because "A debtor must acquire an interest in property before the judicial lien attaches in order to be able to avoid the lien under § 522(f)(1)." *Pederson*, *supra*, at 164.  The reasoning in that case is that under California law, a judgment lien recorded before a judgment debtor acquires real property attaches simultaneously with the judgment debtor's acquisition of the real property.  *Id.* at 163. But this case is unique because, unlike *Pederson*, the automatic stay was in effect at the time Debtor acquired the Property, so the judgment liens could not "attach" to Debtor's property due to § 362(a)(5) which prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before commencement of the case under this title."  *See* Reply, 11-14.  At best then, Exceptions 14 and 15 (Part 1) [and Exception 15 (Part 2) which relates back as an amendment to Exception (Part 1)] attached on after October 29, 2013 when the automatic stay was lifted, i.e. after Debtor had acquired her interest in the Property in May 2013.  And there's no question that the remaining liens, Exceptions 17, 18, 21, and 22 were recorded after 2013 when Debtor acquired the Property.  Accordingly, the third element is satisfied for all of the liens to be avoided.

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, April 15, 2021**                                   **Hearing Room        5A**

---

<u>10:30 AM</u>
**CONT...**        **Rosa A Fridman**                                    **Chapter 7**

Finally, with regard to the fourth element, all of the liens to be avoided are judicial liens which arose from Avetoom's recording of either judgments or abstracts of judgements.  *See* Mot., 25-66 (page nos. at top of document).  Under California law, upon recording of an Abstract of Judgment, a judgment lien is created against a debtor's real property.  *See* CCP § 697.310(a)("[A] judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder.").  Under the Bankruptcy Code, a judgment lien is a judicial lien. *See* 11 U.S.C. § 101(36) (defining "judicial lien" as a "lien obtained by judgment ...").  *See In re Coy*, 552 B.R. 199, 203 (Bankr. C.D. Cal. 2016).  Avetoom's argument that the court should find Exception 21 is not a judicial lien because it is the product of a settlement is denied for two reasons.  First, the actual document recorded giving rise to Exception 21 was a judgment- not a settlement agreement or a hearing transcript which Aveetom argues demonstrates the parties' intent to create a lien via the settlement.  *See* Opp'n, 5-7.  Second, even consensual judgment are judicial liens subject to avoidance under § 522(f).  *See In re Applebaum*, 162 B.R. 548, 552 (Bankr. E.D. Cal. 1993)("As with most consent judgments, the Bank's lien derives from an abstract of judgment, not the party's consent. Section 522(f) accordingly applies and the filing of the lien may be avoided.").

Finally, the court rejects Avetoom's argument that the court's § 522(f) ruling is a collateral attack on the parties' prior settlement or will somehow impede on the state court's jurisdiction.  *See* Opp'n, 22.  The avoidance of judicial liens under § 522(f) is within the bankruptcy court's exclusive jurisdiction over Debtor's property. *See* 28 U.S.C. § 1334(c) ("The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction…of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]").  Sustaining these arguments would have the effect of empowering the parties or the state court to limit the court's jurisdiction to effectuate § 522(f) which would be contrary to 28 U.S.C. § 1334(c).

---

**Party Information**

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Thursday, April 15, 2021**                                      **Hearing Room      5A**

<u>10:30 AM</u>
**CONT...        Rosa A Fridman**                                              **Chapter 7**
    **<u>Debtor(s):</u>**

       Rosa A Fridman                      Represented By
                                     Scott  Talkov

    **<u>Movant(s):</u>**

       Rosa A Fridman                      Represented By
                                       Scott  Talkov

    **<u>Trustee(s):</u>**

       Thomas H Casey (TR)                 Pro Se

*EXHIBIT "3"*

No. CC-21-1101

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT BANKRUPTCY APPELLATE PANEL

_____

In re ROSA FRIDMAN, *Debtor*

_____

KARL AVETOOM, Creditor,
*Appellant*

v.

ROSA FRIDMAN, Debtor, and
KARL T. ANDERSEN, Chapter 7 Trustee,
*Appellees*

_____

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT,
CENTRAL DISTRICT OF CALIFORNIA

Bankruptcy Case No. 8:21-bk-10513-ES

_____

**APPELLEE'S OPENING BRIEF**

_____

SCOTT TALKOV (Cal. Bar 264676)
Talkov Law Corp.
2900 Adams St C225
Riverside, CA 92504
Phone: (951) 888-3300
Email: scott@talkovlaw.com
Attorneys for Appellee/Debtor Rosa
Fridman

September 27, 2021

1

the filing of a money judgment on its own…. Exemption 14 was a money

judgment recorded on its own November 18, 2011 with no abstract of money

judgment. By law the 2011 Judgment, Exemption 14, also does not create a lien

under California law and therefore, Section 522(f) does not apply."

However, the Creditor never raised this issue below. Instead, Creditor

argued just the opposite that "Title Exception Nos. 14 and 15 were recorded before

the Debtor acquired her interest in the Property and attached to the Property

simultaneously when Debtor took title. Therefore, these liens may not be avoided

pursuant to § 522(f)."

"As a general rule, we will not consider arguments that are raised for the

first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Once again, the Creditor is willing to say or do anything in the hopes that it

will allow him to keep his lien on the Debtor's exempt homestead.

## VIII.    THIS COURT SHOULD DISMISS THIS APPEAL BASED ON CREDITOR'S SUBMISSION OF ADMITTEDLY FABRICATED DOCUMENTS

In a brazen attack on this factfinding function of the judiciary, Creditor Karl

Avetoom admitted to Judge Smith at the hearing on September 9, 2021 in the

related adversary that he filed, *Karl Avetoom vs. Rosa Fridman*, Central District of

California Bankruptcy Case No. 8:21-ap-01023-ES, that he had wholly fabricated

–21–

documents submitted to the court under penalty of perjury. (Adv. Doc. 29 (docket

entry re: hearing on terminating sanctions); Adv. Doc. 27 (brief explaining the

fabricated evidence submitted by Creditor as Adv. Docs. 25 & 26).)

Those fabricated documents purported to show a website where the Debtor

and/or her family referred to the Hon. Erithe A. Smith as a "n******." (Adv. Doc.

26, p. 17.) The documents also included authentication of the fabricated documents

in the Creditor's declaration, which further attested that: "The [attached] web page

contains the name Victor Balakin and is from 2014." (Adv. Doc. 25, p. 21 and

131.) In reality, the web page was a pure fabrication of the Creditor and was meant

to double-down on his lie that the fictional "Victor Balakin" is a defrauded creditor

of the Debtor.

The Creditor also submitted declarations in state court relating to the issue

on this appeal, accidentally misspelling this supposed creditor as Victor "Belakin,"

forgetting that this fictional creditor's name was previously spelled Balakin (with

an "a," not an "e") in the prior documents that Creditor submitted. In essence, the

Creditor has now admitted that he fabricated "Victor Balakin," whose supposed

"declaration" was submitted by the Creditor in the Bankruptcy Court (under this

pseudonym). Even more troubling, Creditor Karl Avetoom submitted to the Ninth

Circuit BAP as part of the record on appeal this completely fabricated declaration

of a non-existent creditor. (ER472-475.) In reality, the "signature" of "Victor

ambiguity for this litigious Creditor.

Dated: September 27, 2021      Respectfully submitted,
Talkov Law Corp.

By *Scott Talkov*

Scott Talkov
Attorneys for Appellee / Debtor Rosa Fridman

*EXHIBIT "4"*

Electronically Filed by Superior Court of California, County of Orange, 06/21/2021 08:04:00 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1243 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.
Case No. 8:19-ap-01028-ES Doc 62 - Filed 11/30/21 Entered 11/30/21 16:40:52 Desc
Main Document      Page 44 of 163

ROSA FRIDMAN
16542 Blackbeard Lane, #304
Huntington Beach, CA 92649
(657)204-9728
Rosafridman3@gmail.com

Defendant In Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| KARL AVETOOM, | CASE NO. 30-2010-00345490 |
|     Plaintiff, | Assigned to: Hon. Sherri Honer |
| v. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT FOR VIOLATION OF THIS COURT'S ORDERS TO PRODUCE MISSING TRUST DOCUMENT PAGE AND PRODUCE RESPONSES THAT ARE CODE COMPLIANT PURSUANT TO C.C.P. § 2031.230; DECLARATIONS OF SCOTT TALKOV AND DEFENDANT ROSA FRIDMAN** |
| MOISEY FRIDMAN AND ROSA FRIDMAN, as individuals, and DOES 1-50, | |
|     Defendants. | |
| | Hearing Information: Date: June 28, 2021 Time: 1:30 PM Department: C-66 Reservation ID: 73538351 |

TO THE HONORABLE SHERRI HONER, PLAINTIFF KARL AVETOOM, AND ALL

PARTIES IN INTEREST:

Rosa Fridman ("Defendant"), Defendant in the above-captioned matter, submits the following

opposition to the motion of Plaintiff Karl Avetoom ("Avetoom") for and order to show cause re:

contempt for violation of this court's orders to produce missing trust document page and produce

responses that are compliant pursuant to C.C.P. § 2031.230 (the "Motion") as follows:

-1-

**OPPOSITION TO MOTION FOR OSC RE: CONTEMPT; DECLARATIONS OF SCOTT TALKOV AND DEFENDANT ROSA FRIDMAN**

## <u>AVETOOM IS A SERIAL LITIGANT WHO REFUSES TO ACCEPT THE FACT THAT THERE IS NO PAGE 3 TO THE RELEVANT TRUST</u>

From the face of Avetoom's Motion, it would seem as if this were a serious issue stemming from an undisclosed asset of the Defendant. However, Avetoom is a pro per litigant who is seemingly addicted to litigation to harass the Defendant. Avetoom refuses to accept settlement offers which would bring an end to this litigation allowing the parties to move on from this more than one-decade old nightmare for good. Avetoom's refusal to settle is in furtherance of saving his hobby of filing needless motions and forcing Defendant to continue to litigate against him.

Avetoom's thirst for litigation against Defendant is put on full display in his latest Motion in litigation spanning more than one decade. Indeed, on February 26, 2021, Avetoom received an email notifying him that Defendant had declared under penalty of perjury that there was no page three to the trust at issue as Avetoom so fiercely argues in his Motion. Attached as Exhibit 1 is a true and correct copy of an email to Avetoom from Defendant's bankruptcy counsel, Scott Talkov, notifying Avetoom that there is no missing page to the trust at issue. Thus, Avetoom's Motion seems to be attempting to pull the wool over this Court's eyes even though Avetoom knows there is no page three.

As noted above, but notably missing from Avetoom's Motion, Defendant declared under penalty of perjury that there is no page three to the trust at issue. Attached hereto as Exhibit 2 is a true and correct copy of the First Amendment to Declaration of Trust for The Fridman Family Trust, Established on April 14, 2000 (the "Amendment"). Notably, the Amendment states: "To the extent a page of the Trust bearing the footer 'Page 3' ever existed, it is hereby deemed omitted, deleted, and stricken from the Trust."

As is evident from the foregoing, Avetoom's Motion is a last-ditch effort to keep up his personal hobby of litigating against Defendant. It seems as if Avetoom is merely hoping that Defendant will be unable to find her way to the Court during a global pandemic or that she does not receive his mail, as has repeatedly occurred over the past decade. Indeed, Avetoom is so desperate to punish Defendant that he generated a fake creditor in the Defendant's currently pending bankruptcy

**OPPOSITION TO MOTION FOR OSC RE: CONTEMPT; DECLARATIONS OF SCOTT TALKOV AND DEFENDANT ROSA FRIDMAN**

1  proceeding. (See Exhibit 3.) Further, Avetoom has repeatedly advanced arguments of bad faith in

2  bankruptcy, each of which has been since denied by the Court.

3      Simply put, Defendant cannot produce a document which does not exist. As is shown on the

4  Amendment, Defendant has declared under penalty of perjury that such a document does not exist.

5  Further, to the extent it ever did exist, then Defendant has no knowledge of it as her husband handled

6  their financial affairs before his passing.

7      If it would satisfy Avetoom, then Defendant may produce a blank page as the much sought-

8  after page 3 of the trust at issue; but, other than that, there is nothing for Defendant to produce. As a

9  result of the foregoing, Defendant respectfully requests that this Court deny Avetoom's Motion and

10  discharge the Order to Show Cause re: Contempt.

11

12  DATED: June 21, 2021                    By: *Rosa Fridman*

13                                          ROSA FRIDMAN, Defendant In Pro Per

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**OPPOSITION TO MOTION FOR OSC RE: CONTEMPT; DECLARATIONS OF SCOTT TALKOV AND
DEFENDANT ROSA FRIDMAN**

1

## DECLARATION OF SCOTT TALKOV

2      I, Scott Talkov, hereby declare as follows:

3      1.      I serve as counsel for the Defendant in her currently pending bankruptcy proceeding in

4  the Central District of California. I have personal knowledge of the facts stated herein, and if called

5  upon to do so, I could and would testify under penalty of perjury to the facts stated herein.

6      2.      On February 26, 2021 at 4:54 P.M., I sent an email to Karl Avetoom stating: "Also

7  attached you will find an amendment to the debtor's trust executed pre-petition resolving your

8  concern raised in state court as to the location of any document bearing "Page 3" in the footer, which

9  is now deemed omitted…."

10      3.      A true and correct copy of this email is attached hereto as Exhibit 1.

11      I declared under penalty of perjury under the laws of the State of California that the foregoing

12  is true and correct.

13      Executed June 21, 2021 in Riverside, California.

14                                          *Scott Talkov*

15                                          Scott Talkov

16

17

18

19

20

21

22

23

24

25

26

27

**OPPOSITION TO MOTION FOR OSC RE: CONTEMPT; DECLARATIONS OF SCOTT TALKOV AND
DEFENDANT ROSA FRIDMAN**

## DECLARATION OF DEFENDANT ROSA FRIDMAN

I, Rosa Fridman, hereby declare as follows:

1.      I am the Defendant in this action. I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would competently testify under penalty of perjury hereto.

2.      On or about October 15, 2015, I received a letter from Jillyn Hess-Verdon which confirmed a lack of a page 3 in the operative trust in issues. Specifically, the letter states: "Please note that the copy you provided us is missing Page 3."

3.      A true and correct copy of the letter received from Ms. Hess-Verdon is attached as Exhibit 4.

4.      On February 26, 2021, I executed the Amendment to the trust in issue and everything in the Amendment is true and correct, including, but not limited to, my statement that: "To the extent a page of the Trust bearing the footer 'Page 3' ever existed, it is hereby deemed omitted, deleted, and stricken from the Trust."

5.      I do not have any document in my possession, custody, or control bearing the footer "Page 3" as it relates to the trust in issue.

6.      I cannot produce a document that does not exist, and if it ever existed (which it did not) is not in my possession, custody or control.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 21, 2021 at Huntington Beach, California.

*Rosa Fridman*
Rosa Fridman

**OPPOSITION TO MOTION FOR OSC RE: CONTEMPT; DECLARATIONS OF SCOTT TALKOV AND DEFENDANT ROSA FRIDMAN**

# Exhibit 1

 Gmail

**Scott Talkov <scott@talkovlaw.com>**

---

## Notice of Bankruptcy Case Filing - In re Rosa Fridman - Chapter 7

**Scott Talkov** <scott@talkovlaw.com>                                  Fri, Feb 26, 2021 at 4:54 PM
To: kia002@att.net
Cc: Leilani Caspillo <assistant@talkovlaw.com>, "Mr. Chris Kiernan" <chris@talkovlaw.com>, Ferdeza Zekiri
<ferdeza@talkovlaw.com>, Nick Moss <nick@talkovlaw.com>
Bcc: Alex Theory <theory411@gmail.com>

Mr. Avetoom,

I hope this email finds you well. Attached you will find the notice of bankruptcy case filing and related pleadings filed this
afternoon. Also attached you will find an amendment to the debtor's trust executed pre-petition resolving your concern
raised in state court as to the location of any document bearing "Page 3" in the footer, which is now deemed to be omitted
to the extent it ever existed, which the debtor has knowledge of. If you have any questions, please do not hesitate to
contact me.



**Scott Talkov** | **Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

**3 attachments**

📄 **Notice of Bankruptcy Case Filing.pdf**
　　111K

📄 **01 - Petition.pdf**
　　2388K

📄 **Amendment to Trust re Missing Page 3 (Notarized Pre-Petition).pdf**
　　464K

## **Exhibit 2**

# FIRST AMENDMENT TO DECLARATION OF TRUST FOR

## THE FRIDMAN FAMILY TRUST

### ESTABLISHED ON APRIL 14, 2000

**THIS FIRST AMENDMENT** to the Declaration of Trust for The Fridman Family Trust Established on April 14, 2000 as of the date indicated below, by Rosa A. Fridman of Huntington Beach, California acting herein both as "Grantor" and as "Trustee."

*W I T N E S S E T H:*

*WHEREAS*, I Rosa A. Fridman, created a revocable living trust under a Declaration of Trust, dated April 14, 2000, which Declaration of Trust created the " Fridman Family Trust;" and,

*WHEREAS*, I reserved the right under Section 2. A. thereof to amend or revoke the said Declaration of Trust at any time and from time to time with the consent of the Trustee;

*WHEREAS*, The Trust contains a number of formatting errors, including in section numbering, along with the omission of any page bearing "Page 3" in the footer;

*WHEREAS*, on October 13, 2015, counsel for Trustor Rosa Fridman, issued a memorandum to Rosa Fridman noting that the copy provided was missing any page bearing "Page 3" in the footer;

*WHEREAS*, Trustor Rosa Fridman, age 89, has no recollection of any page of the Trust ever bearing "Page 3" in the footer;

*WHEREAS*, from the context of the bottom of Page 2 and the top of Page 4, both relating to a "Grandchildren's Trust," it would appear that, if a page bearing "Page 3" in the footer ever existed, it would relate to a Grandchildren's Trust;

WHEREAS, Page 2 of the Trust indicates that the Grandchildren's Trust would be operative only "In the event that both beneficiary children have predeceased the surviving spouse," with both of beneficiaries' children being alive as of the date of this Amendment, while Rosa Fridman is now age 89;

*NOW, THEREFORE*, I hereby amend the said Declaration of Trust establishing the Fridman Family Trust as follows:

1. To the extent a page of the Trust bearing the footer "Page 3" ever existed, it is hereby deemed omitted, deleted, and stricken from the Trust;
2. In all other respects, I reaffirm and republish the Declaration of Trust establishing the Fridman Family Trust, dated April 14, 2000.

*IN WITNESS WHEREOF*, I have signed this First Amendment to the Declaration of Trust establishing the Fridman Family Trust on the __*26*__ day of February, 2021.

Signed and delivered in the presence of:

_____        _____
Rosa A. Fridman, Grantor                     Rosa A. Fridman, Trustee

*(Notary Acknowledgement attached)*

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Orange_ _____ )

On _February 26, 2021_ before me, _Michelle Lynn Jarvis, Notary Public_
(insert name and title of the officer)

personally appeared _Rosa Fridman_ _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
                              MICHELLE LYNN JARVIS
                              Notary Public - California
                              Orange County
                              Commission # 2305264
                              My Comm. Expires Oct 12, 2023
```

Signature _____    **(Seal)**

**<u>Exhibit 3</u>**

Victor Balakin
101 N. Ocean Drive, Suite 132
Hollywood, FL 33019
(954) 218-3789
Balakinvictor879@gmail.com



**FILED**

APR 12 2021

CLERK U.S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

In re:                                               Bankruptcy Case#    8-21-bk-10513-es

Rosa Fridman                                         Chapter 7

                    Debtor                           Hon:  Eritha Smith (ES)

                                                     OBJECTION TO CASE AND DECLARATION
                                                     SUPPORTING MOTION TO DISMISS
                                                     BANKRUPTCY CASE AND LIEN AVOIDANCE
                                                     MOTION

### DECLARATION OF VICTOR BALAKIN

I, Victor Balakin, hereby declare,

I am making this declaration in support of dismissing this bankruptcy and opposing

motion for lien removal.  I make this declaration based my own knowledge and if called to testify

I would be able to testify under oath. I object to these motions on Rule 4003-2.

I am also requesting the court to dismiss this bankruptcy because I gave a hard money

loan to the Fridmans in 2019 which they now told me they will not repay me because they

intended to file bankruptcy since April 2019.  I have tried to contact their attorney and not had

any returned call. I have used Recap and see many motions that I was not notified of.  I am

objecting due to no service being made on me and I am owed money I should have a say.  There

---

Declaration Supporting Dismissal                    1                            Victor Balakin
                                                                                 751 Carolina Avenue
                                                                                 Fort Lauderdale, Fl 33312
                                                                                 (954) 218-3789

1  is a motion to avoid liens and I was not told or served with.  If they are trying to avoid liens

2  especially mine I want to be heard.  I am objecting by rule 4003=2.

3      In February 2019 I gave a hard money loan to Rosa Fridman and her son that they

4  promised would be used to settle a lawsuit against Rosa Fridman's trust.  I am owed $250,000 on

5  a note that gave me security interest in Rosa Fridman's home in Huntington beach owned by her

6  trust, this note prepared by an attorney.  Initial payments in cash were mailed to me by Rosa

7  Fridman and her son but have now stopped.  I have not been paid in six months.

8      I asked for proof that my hard money loan was used to settle the lawsuit against the Rosa

9  trust and their attorneys but in the last few months my communications have been ignored.

10      Rosa Fridman and her sons told me that I will not get repaid because the mother intended

11  to file bankruptcy since April 2019 so no one is getting paid.  I was told in 2019 and guaranteed

12  they would be able to pay me first because of bankruptcy.  Now it appears I will not get paid at

13  all.  They have told me now this was planned and I cannot do anything about this because of their

14  attorney will sue me.  When the fridmans and I were talking about securing my loan I was

15  promised that the Fridmans would use her condo as security and I was provided a deed as

16  security made by their attorney.  This now looks like a scam also.  I am writing to the trustee and

17  court to let them know my extreme concern that the debtors, Alex and his mom Rosa, borrowed

18  money with no intention of repaying me and filed bankruptcy to avoid paying.  I was told by Rosa

19  and both of her sons they had bluffed their way out of a lawsuit in 2019 by promising to settle

20  but did never intended to honor the settlement because it was not signed by Rosa Fridman.

21      I do not know if this is fraud or extortion but I am faced with asking for my money back in

22  bankruptcy or getting sued. The Fridmans are not responding.  I gave a loan and now it turns out

23  they never intended on repaying me like everyone else they owe money to.  In 2019 I was given a

24  court order by a bankruptcy judge that says they do not owe any more debts to people.  I now

25  checked and it appears the order isn't real.

26      Because of their lies, I now have to hire an attorney and sue to get my money back after

27  being lied do for over a year.

28

Declaration Supporting Dismissal        2

Victor Balakin
751 Carolina Avenue
Fort Lauderdale, Fl 33312
(954) 218-3789

1      In my opinion they should have to repay their debts or whatever they have taken and not

2 be allowed to run up debts with no intention of paying because filing bankruprtcy was a planned

3 way for them not to pay people.

4   I can be contacted by phone at the number below or address below.

5

6 I state and declare under penalty of penalty of perjury under law of the United Stated that the

7 above statement of facts is true and correct.

8

9

10 Signed _April 9_ , 2021 in Fort Lauderdale, Florida

11

12 By: _____

13       Victor Balakin

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Declaration Supporting Dismissal        3        Victor Balakin
751 Carolina Avenue
Fort Lauderdale, Fl 33312
(954) 218-3789

1

### PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4

A true and correct copy of the foregoing document entitled: OBJECTION TO CASE AND DECLARATION

5

SUPPORTING MOTION TO DISMISS BANKRUPTCY CASE AND LIEN AVOIDANCE MOTION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-

6

2(d); and **(b)** in the manner stated below:

7

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling

8

General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 7, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary

9

proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

10

Tom casey msilva@tomcaseylaw.com, Scott Talkov scott@talkovlaw.com, Donald W Reid

11

don@donreidlaw.com

12

**2. SERVED BY UNITED STATES MAIL**:

13

On April 9, 2021 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope

14

in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the

15

document is filed.

16

17

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

18

(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) April 6, 2021, I served the following persons and/or entities by personal delivery, overnight mail

19

service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight

20

mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

21

☐ Service information continued on

22

attached page

23

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

24

25

April 7, 2021      Sean Garber                          Sean

26

_Date_              _Printed Name_                      _Signature_

27

28

Declaration Supporting Dismissal                    4                    Victor Balakin
                                                                         751 Carolina Avenue
                                                                         Fort Lauderdale, Fl 33312
                                                                         (954) 218-3789

**<u>Exhibit 4</u>**

# HESS-VERDON & ASSOCIATES

A PROFESSIONAL LAW CORPORATION
620 NEWPORT CENTER DRIVE
SUITE 1030
NEWPORT BEACH, CA 92660
(949) 706-7300   FAX (949) 706-7373

## MEMORANDUM

DATE:        October 13, 2015

TO:          Mrs. Rosa Fridman
             16542 Blackbeard Lane, Apt. 304
             Huntington Beach, CA 92649

FROM:        Jillyn Hess-Verdon

RE:          The Fridman Family Trust

---

Find enclosed one (1) copy of The Fridman Family Trust as provided to our office in 2013 (Please note that the copy you provided to us is missing Page 3). Pursuant to your request, we have provided an electronic copy of the Trust to your son, Val Fridman, via email.

As you know, we did not prepare this Trust or any of your estate planning documents. Please be aware this Trust contains numerous provisions we recommend updating in order for administration to go smoothly for your sons. If you would like to discuss these updates, please call our office to schedule an appointment and we would be happy to assist you.

If you have any questions, please do not hesitate to contact our office.

Cc: Val Fridman
*Delivered via email*
val@fridmanconsulting.com

**PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action. 16542 Blackbeard Lane, #304 Huntington Beach, CA 92649.

On June 21, 2021, I served the within document(s) described as **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT FOR VIOLATION OF THIS COURT'S ORDERS TO PRODUCE MISSING TRUST DOCUMENT PAGE AND PRODUCE RESPONSES THAT ARE CODE COMPLIANT PURSUANT TO C.C.P. § 2031.230; DECLARATIONS OF SCOTT TALKOV AND DEFENDANT ROSA FRIDMAN** on the interested parties in this action as stated below:

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
kia002@att.net

(BY E-MAIL) I sent the foregoing document by email to the addresses above on the date indicated below. I did not immediately receive notification of an error in transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 21, 2021, at Huntington Beach, California.


Alex Theory

/s/ Alex Theory

(Type or print name)                          (Signature)

*EXHIBIT* "*5*"

1  SCOTT TALKOV, State Bar No. 264676
   TALKOV LAW CORP.
2  2900 Adams St Ste C225
   Riverside, California 92504
3  Telephone: (951) 888-3300
   Email: scott@talkovlaw.com
4

5  Attorneys for Defendant Rosa A. Fridman

6

7                    **SUPERIOR COURT OF CALIFORNIA**

8          **FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER**

9  Karl Avetoom,                        Case. 30-2010-00345490

10         Plaintif                      **DEBTOR'S NOTICE OF MOTION AND
                                         MOTION TO DISMISS CONTEMPT
11 vs.                                   PROCEEDINGS AND DISCHARGE
                                         ORDER TO SHOW CAUSE;
12 Lindsey Arce, et al.                  DECLARATION OF SCOTT TALKOV**

13         Defendants.                   Pre-Trial Hearing on Motion for Contempt
                                         Date:      October 29, 2021
14                                       Time:      8:30 a.m.
                                         Courtroom: Department C-66
15
                                         Hearing on Motion for Contempt
16                                       Date:      November 5, 2021
                                         Time:      8:30 a.m.
17                                       Courtroom: Department C-66

18

19

20

21         **TO: KARL AVETOOM, CREDITOR IN PRO PER,**

22         PLEASE TAKE NOTICE THAT on October 29, 2021, at 8:30 or soon thereafter as this

23 matter may be heard, or such date and time as set by this Court, in Department C-66 of the Central

24 Justice Center, located at 700 W Civic Center Dr, Santa Ana, CA 92701, Respondent/Defendant,

25 by and through her attorney, will move to dismiss the accusatory pleading filed in this action

26 and/or to discharge the order to show cause.

27

---

**DEBTOR'S NOTICE OF MOTION AND MOTION TO DISMISS CONTEMPT PROCEEDINGS AND
DISCHARGE ORDER TO SHOW CAUSE; DECLARATION OF SCOTT TALKOV**

1

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1

**III.    MOREOVER, THIS COURT SHOULD DISMISS THIS MATTER IN THE**

2

**INTERESTS OF JUSTICE**

3

Under Penal Code Section 1385(a): "The judge or magistrate may, either of his or her own

4

motion…and in furtherance of justice, order an action to be dismissed. The reasons for the

5

dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order

6

entered upon the minutes if requested by either party or in any case in which the proceedings are

7

not being recorded electronically or reported by a court reporter. A dismissal shall not be made for

8

any cause that would be ground of demurrer to the accusatory pleading."

9

Here, this pro per creditor Karl Avetoom is now subject to terminating sanctions in

10

Bankruptcy Court for fabricating (photoshopping) documents that allegedly showed the Debtor's

11

family calling the judge therein a "N******" [redacted due to appalling nature of content]. The

12

Bankruptcy Court was absolutely certain that Creditor Karl Avetoom had falsely authenticated and

13

photoshopped this document, asking him in no uncertain terms why he did this. Mr. Avetoom did

14

not deny having photoshopped the documents or otherwise, but has tried to change the subject.

15

That photoshopped document was an attempted coverup by Mr. Avetoom for executing false

16

declarations on behalf of a non-existent creditor who originally spelled his name "Victor B**a**lakin,"

17

but then forgot how to spell his own name and spelled it 5 times as "Victor B**e**lakin" in

18

declarations filed by Karl Avetoom. While society hopes that convicted felons reform their lives,

19

the creditor in this case has shown that he prefers his old antics.[1]

20

Mr. Avetoom is a law school graduate with a strong dedication to the law who, for reasons

21

he claims are unrelated to passing moral character, is not an attorney. Instead, he has made a

22

hobby out of litigating with the Fridmans for perceived wrongs caused by the now-deceased Mr.

23

Moise Fridman. The Bankruptcy Court has already found that Mr. Avetoom had no lien, the

24

---

25

[1] Specifically, Orange County Superior Court Criminal Case No. 96HF0016 shows that Mr.
Avetoom was found guilty of the felony crime of moral turpitude of knowingly buying or selling a

26

vehicle with defaced, counterfeited or obliterated VIN numbers, which resulted in 2 years in state
prison, along with felony receiving stolen property and felony grand theft.

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S NOTICE OF MOTION AND MOTION TO DISMISS CONTEMPT PROCEEDINGS AND
DISCHARGE ORDER TO SHOW CAUSE; DECLARATION OF SCOTT TALKOV**

8

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  Chapter 7 Trustee hand-picked by Karl Avetoom has declared the case to be no asset, and the last

2  pending action for non-dischargeability may end with terminating sanctions, thereby ending Mr.

3  Avetoom's hobby of litigation.

4      Under these extremely unusual circumstances, this Court is empowered with discretion not

5  to hear this matter. Indeed, Mr. Avetoom is more than just a creditor, he is also the prosecutor.

6      The interests of justice are served by dismissal of this action against a 90-year-old widow

7  who has complied to the best of her ability with the incessant demands of this law school graduate

8  turned creditor. Given the state of COVID-19, it appears that jail would be a highly unlikely

9  consequence for a 90-year-old defendant living in the twilight years of life. Rather, the $1,000

10 fines that Mr. Avetoom seeks are in pursuit of his hobby of litigation. There is no question that the

11 Fridman Family Trust is an ordinary, revocable living trust and that Mr. Avetoom is not a

12 beneficiary of the trust. This action serves no purpose, other than to fulfil Mr. Avetoom's hobby of

13 litigation that he was never able to turn into a profession.

14     Accordingly, dismissal is warranted in the interests of justice.

15                          **IV.    CONCLUSION**

16     For the reasons set forth above, this action should be dismissed, the order to show cause

17 should be discharged, and such further relief as may be appropriate.

18 Date: October 28, 2021                    TALKOV LAW CORP

19                                          *Scott Talkov*

20                                          _____
                                            Scott Talkov
21                                          Attorneys for Debtor/Defendant
                                            Rosa A. Fridman

22

23

24

25

26

27

## V.    DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.    I am an attorney duly licensed to practice in all courts of the State of California. I am the President of and an Attorney with Talkov Law, Corp., attorneys of record for Plaintiff Rosa Fridman. The facts set forth herein are of my own personal knowledge and if sword I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of the amendment to the Fridman Family Trust executed hours before the bankruptcy was filed later that day, as attached to the email provided therewith to Karl Avetoom. This amendment reflecting Mr. Fridman's explanation of various scrivener's errors and contextual irrelevance of any document bearing "page 3" at the bottom, to the extent it is exists, was not provided by Karl Avetoom in his charging allegations.

3.    Attached as Exhibit 2 is a true and correct copy of what Mr. Avetoom provided to me as the order to show cause of this court.

4.    Attached as Exhibit 3 is a true and correct copy of what Mr. Avetoom provided to me as Rosa Fridman's statement of compliance setting forth in multiple ways that she is not in possession of any Fridman Family Trust document bearing "page 3" at the bottom.

5.    Attached as Exhibit 4 is a true and correct copy of the docket entry reflecting ghat the Bankruptcy Court has set terminating sanctions based on the Bankruptcy Court's conclusion that Mr. Avetoom fabricated (photoshopped) a document purporting to show a website formerly run by member(s) of the Fridman family referring to the judge in that case as a "N******."

6.    Attached as Exhibit 5 is a true and correct copy of the brief filed by Ms. Fridman exposing Mr. Avetoom's document as a complete fabrication that he created and falsely authenticated under penalty of perjury relating to a supposed creditor Victor Balakin who shared a negative opinion of the Debtor.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    7.    Attached as Exhibit 6 is a true and correct copy of the brief filed by Ms. Fridman

2  exposing that Mr. Avetoom had completely made up the fictional creditor Victor Balakin and even

3  accidentally spelled this "person's" name as "Victor Belakin" (because the person doesn't exist).

4    8.    Attached as Exhibit 7 is a true and correct copy of what I am informed is an Orange

5  County Register article relating to Mr. Avetoom's criminal conviction suggesting that Mr.

6  Avetoom wanted to become an attorney, but was unable to due to his "prelaw career as a

7  convicted motorcycle thief."

8    9.    Attached as Exhibit 8 is a true and correct copy of the Orange County Superior

9  Court case register for the action in which Mr. Avetoom was found to be guilty of three felonies,

10  including one charge resulting in 2 years in state prison.

11    I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13    Executed on October 28, 2021 at Riverside, California.

14

15    *Scott Talkov*
Scott Talkov

16

17

18

19

20

21

22

23

24

25

26

27

---

**DEBTOR'S NOTICE OF MOTION AND MOTION TO DISMISS CONTEMPT PROCEEDINGS AND
DISCHARGE ORDER TO SHOW CAUSE; DECLARATION OF SCOTT TALKOV**

11

**VI.    PROOF OF SERVICE OF DOCUMENT**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 2900 Adams St Ste C225, Riverside, California 92504.

On October 28, 2021, I served the foregoing document described as **DEBTOR'S NOTICE OF MOTION AND MOTION TO DISMISS CONTEMPT PROCEEDINGS AND DISCHARGE ORDER TO SHOW CAUSE; DECLARATION OF SCOTT TALKOV** on the interested parties in this action by placing true copies thereof addressed as follows:

BY ELECTRONIC SERVICE – I emailed the document to the following electronic address on the date indicated below. I did not immediately receive an indication of error in transmission.

Karl Avetoom
kia002@att.net
**Plaintiff in Pro Per**

Executed on October 28, 2021, at Riverside, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Leilani Caspillo                                    *Leilani Caspillo*
Type or print name                            Signature

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

*EXHIBIT "6"*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re                          )
                               )      *Certified Copy*
Rosa Fridman,                  )
                               )   Case No.
          Debtor.              )   8:21-bk-10513-ES
_____)   Chapter 7
                               )
Karl Avetoom,                  )   Adv. No.
                               )   8:21-ap-01023-ES
          Plaintiff,           )
                               )
v.                             )
                               )
Rosa Fridman,                  )
                               )
          Defendant.           )
_____)


VIDEOCONFERENCE DEPOSITION OF KARL AVETOOM


Date and Time:   Tuesday, November 9, 2021
                 12:06 p.m. - 1:06 p.m.

Location:        Remotely
                 (Via Videoconference)

Reported By:     Ramona Lux
                 CSR No. 12846


Job No. 22606

1

1                 UNITED STATES BANKRUPTCY COURT

2       CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

3

4   In re                          )
                                   )
5   Rosa Fridman,                  )
                                   ) Case No.
6             Debtor.              ) 8:21-bk-10513-ES
    _____) Chapter 7
7                                  )
    Karl Avetoom,                  ) Adv. No.
8                                  ) 8:21-ap-01023-ES
              Plaintiff,           )
9                                  )
    v.                             )
10                                 )
    Rosa Fridman,                  )
11                                 )
              Defendant.           )
12  _____)

13

14

15

16        DEPOSITION OF KARL AVETOOM, taken remotely

17  via Zoom, on behalf of the Debtor, beginning at

18  12:06 p.m. and ending at 1:06 p.m. on Tuesday,

19  November 9, 2021, before Ramona Lux, Certified

20  Shorthand Reporter, CSR No. 12846.

21

22

23

24

25

                                                        2

```
1                    A P P E A R A N C E S

2

3  FOR THE PLAINTIFF:

4       KARL AVETOOM
        IN PROPRIA PERSONA
5       1100 Rutland Road, #9
        Newport Beach, California  92660-4607
6       949.929.4787
        kia002@att.net
7       (Appearing via Zoom)

8

9  FOR THE DEBTOR/DEFENDANT ROSA A. FRIDMAN:
        TALKOV LAW CORP.
10      BY:  SCOTT TALKOV, ESQ.
        2900 Adams Street, Suite C225
11      Riverside, California  92504
        951.888.3300
12      scott@talkovlaw.com
        (Appearing via Zoom)

13

14 ALSO PRESENT:

15      LEILANI CASPILLO
        LALA CHRISTIAN
16      NICK MOSS
        PILAR PALAFOX

17

18

19

20

21

22

23

24

25

                                                            3
```

1    A.    I see where it says that, yes.

2    Q.    Why is there a "5" there?

3    A.    I don't know.  You're -- I don't know.  You're

4  asking me to speculate.  I don't know why.

5    Q.    You don't know.  So you didn't fabricate it?

6    A.    No.  Did you?

7    Q.    So let's look at the bottom.  Sir, you submitted

8  this.  It's not possible for me to fabricate it.  You

9  told me you submitted it.  Now, look at the bottom.  Do

10  you see that black line with some kind of grayish there

11  at the very bottom of Page 17?

12    A.    I see black, yeah.

13    Q.    Does that say "Pretrial Order"?

14    A.    I don't know what it says.  I can't read it.

15  It's not full words.

16    Q.    Did you have a pretrial order on your desktop on

17  the day that you fabricated this document?

18    A.    All right.  I -- I'm going to object.  One,

19  you're saying I fabricated this.  No, I did not fabricate

20  it, Scott.  You can ask that question several times.  I

21  did not fabricate it.  That's pretty much a compound

22  question.  So do you want to rephrase your question?

23  BY MR. TALKOV:

24    Q.    Did you have a pretrial order on your computer

25  desktop on or about the day this document was filed on

43

```
 1   September 2nd, 2021?
 2       A.   Well, hang on a second.  Can you move up for a
 3   second?
 4       Q.   Yes.
 5       A.   Go up more.  I've got a question.  Why are there
 6   boxes around everything that looks like you can edit this
 7   document and my text.
 8       Q.   Because I was showing you that when you move the
 9   image, that you would -- I should say someone -- and
10   place a gray box around before filing, a different gray
11   box than the day before?
12       A.   No.  I think I've got an issue with this
13   document now, Scott, because it looks like you have the
14   ability to edit this document now.
15       Q.   We can take a pause.  We can take a break.  I'll
16   come back and I'll redownload it from the court web site
17   and we'll insert that --
18       A.   Your clock's running.  Now, I've just identified
19   on here and I'll be reporting it, you have the ability
20   to -- and I want the court reporter to note this -- you
21   have the ability to edit these PDFs.
22       Q.   Karl --
23       A.   That's --
24       Q.   -- and you added the gray box before you filed
25   it.
```

44

```
1        A.    Scott, that's argumentative.  I'm not going to

2   answer it.  This is -- do you have a question?

3        Q.    Well --

4        A.    I will --

5        Q.    -- once your time is up, I will download it from

6   the court web site and I will make that copy the version

7   that's attached to this deposition.

8        A.    No.  I've already identified it, you clearly

9   have the ability to edit these documents, Scott.

10       Q.    I'm going to download the court version --

11       A.    I don't care about the court version.  You just

12  put this in as Exhibit No. 6.  It is a document which

13  clearly shows that you have the ability -- you have the

14  ability, Scott, and you bragged about this --

15       Q.    I've already told the court that I have this

16  ability.  I have the ability to show that somebody added

17  a gray box --

18       A.    No.  You have --

19       Q.    Karl --

20       A.    -- the ability to edit the documents.

21       Q.    -- if you're going to interrupt me, then we're

22  not --

23       A.    You have the ability to edit --

24       Q.    Karl --

25       A.    You have the ability to edit the documents, so
```

                                                          45

1    we have an issue.  Look, you can even -- what is this box

2    on the right-hand side?

3         Q.   What kind of Adobe Acrobat do you have?

4         A.   I think I have 9 or I might have DC.  I'm not

5    sure.

6         Q.   So you have the paid version; right?  Adobe DC?

7         A.   I think you have to buy Adobe.  If you're asking

8    me do I have a version that's not paid for, no.  I pay

9    for it.

10        Q.   I'm saying you're not --

11        A.   Scott, what's interesting here, and I want you

12   to notate this, look on the right-hand side here, you --

13   it looks like you can edit the ECF headers on this too.

14        Q.   Watch this, Karl.  We're going to go right to

15   the court web site after this is done --

16        A.   No --

17        Q.   You can leave if you want.

18        A.   Your document is already in evidence.  Now it

19   looks like you've turned in a forged and altered

20   document, Scott.

21        Q.   Nobody -- the bankruptcy court told you to stop

22   mocking everyone else, to focus on your own wrongs.  The

23   court already said that you fabricated --

24        A.   You're wrong.  You've got an exhibit here and

25   now you've changed it back so you can -- to try to make

46

 1  it look like you can't edit it.

 2      Q.   Karl we're --

 3      A.   Are you recording this?  Are you recording this?

 4  Because I'm going to take your deposition.  I'm going to

 5  ask you how you're able --

 6      Q.   Karl --

 7      A.   -- to modify the text on --

 8      Q.   -- we're going to download the version from the

 9  court web site --

10      A.   We're not going to -- listen, you've already --

11      Q.   You're telling me what I'm not going to do?  Are

12  you telling me that I can't do this?

13      A.   Listen, your time is almost up.

14      Q.   Karl, your -- your anger is not going to solve

15  your problems.

16      A.   It's not my anger, Scott.  I just caught you

17  with a fabricated document.

18      Q.   No. --

19      A.   You have the ability --

20      Q.   No.  I --

21      A.   Scott, don't talk over me.  This is my answer.

22  I have just caught you with a document that you have been

23  able to change and edit, which means this document is

24  suspect.  It's in your possession, your custody.  You

25  have one hour to depose me.  You put that in the

                                                        47

1   moment.  26, which I just downloaded -- we can go off the

2   record for just a moment.  I will compile the exhibits

3   and I will send them to you.

4

5          (The deposition concluded at 1:06 p.m.)

6                       -o0o-

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                        50

DECLARATION UNDER PENALTY OF PERJURY

    I, KARL AVETOOM, do hereby declare under penalty of
perjury that I have read the foregoing transcript; that I
have made any corrections as appear noted, in ink,
initialed by me, or attached hereto; that my testimony
contained herein, as corrected, is true and correct.

    EXECUTED this _____ day of _____,
2021, at _____, _____.
                    (City)                      (State)


                    _____

                    KARL AVETOOM

51

1

2       I, the undersigned, a Certified Shorthand Reporter

3  of the State of California, do hereby certify:

4       That the foregoing proceedings were taken before me

5  at the time and place herein set forth; that any

6  witnesses in the foregoing proceedings, prior to

7  testifying, were administered an oath; that a record of

8  the proceedings was made by me using machine shorthand

9  which was thereafter transcribed under my direction;

10 further, that the foregoing transcript is a true record

11 of the testimony given.

12      Further, that if the foregoing pertains to the

13 original transcript of a deposition in a Federal Case,

14 before completion of proceedings, review of the

15 transcript [  ] was [  ] was not requested.

16      I further certify I am neither financially

17 interested in the action nor a relative or employee of

18 any attorney or any party to this action.

19      IN WITNESS WHEREOF, I have this date subscribed my

20 name.

21

22 Dated:  November 15, 2021.

23

24                    RAMONA M. LUX

25                    CSR No. 12846

                                                              52

*EXHIBIT "7"*

**From: Karen Sussman** karen@elitedepo.com
**Subject:** RE: Exhibit 6 - PLEASE USE THIS EMAIL TO RESPOND
**Date:** November 11, 2021 at 4:21 PM
**To:** KA kia002@att.net,  Scott Talkov  scott@talkovlaw.com
**Cc:** Leilani Caspillo  assistant@talkovlaw.com

KS

Counsel,
Based on the fact that no agreement can be reached as to the correct document to attach as Exhibit 6, I will have the reporter put in her Index:  "Exhibit 6 – Disputed; Not Attached" and let you both take it up with the trier-of-fact.
Best,
Karen
Karen I. Sussman, CSR, CLR
President



22521 Ave. Empresa, Suite 105
Rancho Santa Margarita, CA  92688
Karen@EliteDepo.com
Ph:  (949) 829-9222
Cell:  (949) 981-3812

---

**From:** KA <kia002@att.net>
**Sent:** Thursday, November 11, 2021 4:11 PM
**To:** Scott Talkov <scott@talkovlaw.com>
**Cc:** Karen Sussman <karen@elitedepo.com>; Leilani Caspillo <assistant@talkovlaw.com>
**Subject:** Re: Exhibit 6 - PLEASE USE THIS EMAIL TO RESPOND

Mr. Talkov,

Your repeated tactics of trying to make everything you say a fact isn't working. Thank you for admitting that you were the one altering documents.

Miss Sussman is not the trier of fact, stop trying to change her into one.

The only admission made yesterday was a Mr. Talkov panicking to substitute in a new document for the one he had manipulated during the deposition.

Sent from my iPhone

On Nov 11, 2021, at 4:02 PM, Scott Talkov <scott@talkovlaw.com> wrote:

Ms. Sussman,

I think this email thread has reached its productive end.  What Mr. Avetoom wishes had occurred was a video deposition, which is not required by law. In lieu of there being no such rule, he seems to be suggesting that a deponent is required to archive every change on a document as it is

*EXHIBIT "8"*

1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                               -oOo-

4    In Re:                      ) Case No. 8:21-bk-10513-ES
                                 ) Chapter 7
5    ROSA A. FRIDMAN,            )
                                 ) Santa Ana, California
6                     Debtor.    ) Thursday, September 9, 2021
     _____ ) 2:00 PM
7
                                 ADV#: 8:21-ap-01023-ES
8                                KARL AVETOOM v. ROSA A.
                                 FRIDMAN
9
                                 #27.00 MOTION FOR PROTECTIVE
10                               ORDER

11                               #26.00 MOTION FOR SUMMARY
                                 JUDGMENT
12
                        TRANSCRIPT OF PROCEEDINGS
13              BEFORE THE HONORABLE ERITHE A. SMITH
                     UNITED STATES BANKRUPTCY JUDGE
14

15   APPEARANCES (All present by video or telephone):

16   Pro se Plaintiff:          KARL AVETOOM

17   For the Defendant:         SCOTT TALKOV, ESQ.
                                Talkov Law Corp.
18                              2900 Adams Street
                                Suite C225
19                              Riverside, CA 92504
                                (951)888-3300

20

21

22

23

24

25

```
 1   Court Recorder:              TAMIKA LAW
                                  United States Bankruptcy Court
 2                                Ronald Reagan Federal Building
                                  411 West Fourth Street
 3                                Santa Ana, CA 92701
                                  (855)460-9641
 4
     Transcriber:                 JULIE CHANDLER
 5                                eScribers, LLC
                                  7227 N. 16th Street
 6                                Suite #207
                                  Phoenix, AZ 85020
 7                                (973)406-2250

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Proceedings recorded by electronic sound recording;
transcript provided by transcription service.

ROSA A. FRIDMAN; KARL AVETOOM V. ROSA A. FRIDMAN

1          MR. AVETOOM:  Your Honor --

2          MR. TALKOV:  -- procedural issue to make

3     (indiscernible) --

4          MR. AVETOOM:  Your Honor --

5          MR. TALKOV:  -- it obligated.

6          MR. AVETOOM:  Your Honor, on the Klapp case, the court

7     very clearly said that the debtors believe that it's -- you

8     know, the subsequent proceeding does not bar them from securing

9     discharge.  Ninth Circuit said we disagree.

10          If Mr. Talkov is right that (a)(9) became (a)(10),

11     once again, they just said this is -- your debt is forever

12     denied discharge.

13          What Mr. Talkov wants is he wants another opportunity

14     to get up here and pick a fight with me before this Court.  And

15     I understand the Court's position, you know --

16          THE COURT:  You know what, I'm going to stop that,

17     because you know what, Mr. Avetoom, once again, you picked the

18     fight.

19          MR. AVETOOM:  Okay.

20          THE COURT:  You put all that stuff in the reply, and

21     then you don't want anybody to have an opportunity to respond

22     to it.  Come on.  You did this.

23          MR. AVETOOM:  Do you want me to --

24          THE COURT:  So --

25          MR. AVETOOM:  -- withdraw?

ROSA A. FRIDMAN; KARL AVETOOM V. ROSA A. FRIDMAN

1        THE COURT:  No, no.  I don't --

2        MR. AVETOOM:  Okay.

3        THE COURT:  -- because you decided to do this.  You

4   decided apparently to go for the overkill, and you opened this

5   door.  And so when you do something like that, unfortunately,

6   you have to suffer the consequences for it.  And so because you

7   did it in the reply -- and one argument Mr. Talkov has made

8   that's true, his client hasn't had an opportunity to formally

9   respond to it in any meaningful way, because whatever was filed

10  after the reply, I did not even review.  Okay?  So since you

11  did this, it has to be dealt with.

12        And this is what I'm going to do.  I am basically

13  provisionally granting the motion, all right?  And don't say

14  anything.  I'm typing.  The motion is provisionally granted,

15  finding plaintiff to be entitled to judgment as a matter of law

16  under 11 U.S.C. Section 523(a)(10) for the reasons stated on

17  the record.  Specifically, that the debt referenced in the 2020

18  judgment the parties have referred to is debt that existed as

19  of the filing of the 2012 bankruptcy filing and subject to the

20  denial of discharge order under Section 727.

21        Now, this ruling is subject to defendant filing a

22  motion for terminating sanctions, as well as a brief explaining

23  the legal effect of such sanctions on the ultimate issue of the

24  applicability of 523(a)(10).  In other words, if that motion is

25  going to be filed and that release is going to be sought, then

1    the defendant also needs to brief what will happen thereafter

2    because what I'm not going to do -- and I don't think it

3    appropriate to do -- is to in any way revise or modify that

4    denial of discharge order from the 2012 case.  That's a final

5    order.  It is an order that is in effect.  Okay?  And as I said

6    before, what I don't want to have to deal with is a situation

7    where this case gets dismissed on some terminating sanctions

8    and then the issue is raised again, and now we still have to

9    deal with the legal -- the ultimate legal issue of the

10    applicability of 523(a)(10), an issue that cannot be determined

11    in state court because it is a federal bankruptcy order.

12        And that piece of the briefing is just as important as

13    any request for terminating sanctions.  And if I am not

14    persuaded that this issue is still not going to have to be

15    resolved at some point, then it is highly unlikely that I will

16    be granting any motion for terminating sanctions, only to have

17    this boomerang effect happen.

18        MR. TALKOV:  I understand, Your Honor.

19        THE COURT:  Again, we didn't even have to be here if

20    the pleadings had just stuck to the simple, straightforward

21    issue.  Okay?  But the decision was made -- and maybe this is a

22    lesson learned, that why use the shotgun approach when a rifle

23    approach will do.

24        Now, with respect to a hearing on this, I obviously

25    cannot set this on my 2 o'clock calendar because -- excuse



ROSA A. FRIDMAN; KARL AVETOOM V. ROSA A. FRIDMAN

1   for the merits of the summary judgment?

2          THE COURT:  No.  No.

3          MR. AVETOOM:  Got you.

4          THE COURT:  Okay.

5          MR. AVETOOM:  I assume that you've written this all

6   out for us.

7          THE COURT:  Yeah, it'll hopefully appear on the

8   docket.

9          MR. AVETOOM:  Sure.  All right.

10         THE COURT:  Okay.  All right.  Well, good luck to you

11   all.

12         MR. TALKOV:  Thank you.

13         MR. AVETOOM:  Thank you very much for your time.

14         THE COURT:  Okay.  All right.  Thank you.

15         MR. TALKOV:  Have a nice day.

16         MR. AVETOOM:  Bye-bye.

17         THE COURT:  All right.

18      (Whereupon these proceedings were concluded at 4:04 PM)

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3    I, Julie Chandler, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7                    _Julie Chandler_

8    _____

9    /s/ JULIE CHANDLER, CDLT-242

10

11   eScribers

12   7227 N. 16th Street, Suite #207

13   Phoenix, AZ 85020

14

15   Date:  November 2, 2021

16

17

18

19

20

21

22

23

24

25

*EXHIBIT "9"*

**<u>AMENDED TRANSCRIPT</u>**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--

| | |
|---|---|
| In Re: | ) Case No. 8:21-bk-10513-ES |
| | ) |
| ROSA A. FRIDMAN, | ) Chapter 7 |
| | ) |
|       Debtors. | ) Santa Ana, California |
| _____ | ) Tuesday, November 9, 2021 |
| | ) 10:30 a.m. |
| KARL AVETOOM, | ) |
| | ) Adv. No. 8:21-ap-01023-ES |
|       Plaintiff, | ) |
| | ) |
|   vs. | ) |
| | ) |
| ROSA A. FRIDMAN, | ) |
| | ) |
|       Defendant. | ) |
| _____ | ) |

HEARING RE: DEFENDANT ROSA
FRIDMAN'S MOTION FOR LEAVE TO
FILE AMENDMENT TO ANSWER TO
PLAINTIFFS FIRST AMENDED
COMPLAINT

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ERITHE SMITH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Plaintiff:                    KARL AVETOOM, IN PRO PER
                                      1100 Rutland Road, No. 9
                                      Newport Beach, California
                                      92660

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

*Echo Reporting, Inc.*

ii

1  APPEARANCES:  (Cont'd.)

2  For Defendant:                SCOTT H. TALKOV, ESQ.
                                 Talkov Law Corp.
3                                2900 Adams Street, Suite C225
                                 Riverside, California 92504
4                                (951) 888-3300

5  Court Recorder:               Tamika Law
                                 United States Bankruptcy Court
6                                411 West Fourth Street
                                 Suite 2030
7                                Santa Ana, California 92701

8  Transcriber:                  Dee Gregory
                                 Echo Reporting, Inc.
9                                9711 Cactus Street, Suite B
                                 Lakeside, California 92040
10                               (858) 453-7590

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

SANTA ANA, CALIFORNIA  TUESDAY, NOVEMBER 9, 2021  10:30 AM

--oOo--

THE COURT:  All right.  Moving to matter number
12.  Hold on just a minute.

All right.  With respect to number 12 in the
matter of Karl Avetoom versus Rosa Fridman.  Can I get the
appearance of the moving party?

MR. TALKOV (via Zoom):  Yes.  This is Scott Talkov
for the debtor defendant.

THE COURT:  All right.  And for the plaintiff?

MR. AVETOOM (via Zoom):  Karl Avetoom, plaintiff,
your Honor.  Good morning.

THE COURT:  Mr. Talkov, go ahead.

MR. TALKOV:  Yes, your Honor.  Your tentative
ruling had a few questions or comments.

First is whether the affirmative defense of
unclean hands will change the result in this case.

I did brief this matter in a very related motion
that was the motion to strike the motion to amend -- that's
doc 50 -- and I didn't file a reply brief.  I thought it
would be a duplication of effort.

But on doc 50, page four, I had a quote from the
Ninth Circuit in North Bay Wellness Group from 2015 saying
that because bankruptcy courts are courts of equity, a
plaintiff deemed to have unclean hands cannot obtain a

2

1  judgment of non-dischargeability.  I also --

2          THE COURT:  What were the facts in that case?  A

3  523 action?  What was that?  Tell me what the facts are.

4          MR. TALKOV:  Give me just a second.  I believe

5  it's a 523 action.  I think your Honor's comment was just

6  that it's not possible to have an affirmative defense in a

7  523(a)(10) action based on --

8          THE COURT:  Was this a 523(a)(10) action that the

9  Ninth Circuit was opining on?

10         MR. TALKOV:  No.  There is almost no case law on

11 523(a)(10).  There's about 40 cases.

12         THE COURT:  That's the issue here, because I had

13 indicated previously to you that whatever you filed in the

14 future, you were ultimately going to have to deal with the

15 legal issue presented by 523(a)(10).  And that is where

16 either a debtor has waived discharge or the court has denied

17 discharge, there's a legal issue that arises regarding

18 whether or not that denial is effective in future cases.

19 It's my understanding that it would be.

20         I think that was part of the basis for my

21 provisional ruling with respect to the motion for summary

22 judgment.  And I was very clear at that hearing, that that

23 was going to be something you were going to have to deal

24 with.

25         That was not addressed, at least not adequately in

3

1  my view, in your motion.  And you're still stuck with that

2  very important legal issue.

3          MR. TALKOV:  Yes, your Honor.  Doc 29 does ask me

4  to brief that issue.  My interpretation was that it

5  wanted -- the Court wanted that to be briefed in a

6  terminating sanctions issue.

7          But I did go ahead -- went ahead and briefed that

8  issue in doc 54.  It was filed last night in response to Mr.

9  Avetoom's --

10          THE COURT:  Do you want me to respond to something

11  you filed last night?

12          MR. TALKOV:  Mr. Avetoom filed a, quote,

13  "emergency motion" yesterday at 4:00 o'clock p.m.

14          THE COURT:  Which was denied.

15          MR. TALKOV:  Oh.

16          THE COURT:  I did not set it for hearing for

17  today.

18          MR. TALKOV:  I apologize.  Just to very briefly

19  inform your Court of the opinion as to that issue, it is

20  very simple.  The answer to that question is that a

21  dismissal with prejudice and adjudication on the merits,

22  which has res judicata effect, which --

23          THE COURT:  Okay.  Wait.  What are you arguing?  I

24  don't even -- I feel like you started in the middle of the

25  book here.  So I'm trying to make sure I understand.

4

1          I was asking about -- my tentative ruling is based
2    on the fact that there is a legal issue -- a very legal
3    issue, which I think quite frankly is going to be
4    insurmountable regarding the application of the prior denial
5    of discharge.
6          So if you're not going to address that, I'm not
7    sure this is going to move the needle.
8          MR. TALKOV:  I'm addressing that right now, your
9    Honor.
10         THE COURT:  All right.
11         MR. TALKOV:  I'm addressing it right now.  The
12   answer to this Court's question of what the effect of a
13   terminating sanction or even unclean hands defense is that a
14   dismissal of the action with prejudice is a ruling on the
15   merits and does in fact --
16         THE COURT:  A dismissal of which action here?  I
17   need to be very clear, because -- can I see this argument in
18   your opposition, in your reply or your motion?
19         MR. TALKOV:  It's doc 54 --
20         THE COURT:  Wait a minute, wait a minute.  Okay.
21   Hold on.  Doc 54, is that the request for judicial notice?
22         MR. TALKOV:  I'm in the adversary, your Honor.
23         THE COURT:  Okay.  Hold on.  Let me get to the
24   right -- hold on.  I'm in the wrong case.  Hold on.
25         Okay.  I'm sorry.  Hold on just a minute.

5

1    (Pause.)

2        MR. TALKOV:  Thank you, your Honor.

3        THE COURT:  Wait.  You want me to review a

4  document that I would not have reviewed in connection with

5  this matter?  I haven't reviewed this.  Why would I?

6        MR. TALKOV:  Your Honor asked me a question and

7  I'm trying to respond to it.

8        THE COURT:  Okay.  But, again, you're -- I thought

9  you were referring me to something in your motion, but okay.

10  I've not read this before.

11        MR. TALKOV:  My interpretation of your docket 29

12  in this case asked me brief this issue, whether that should

13  be briefed in the termination sanctions motion -- but I'm

14  glad to discuss it now if your Honor would like.

15        The answer to the question of what will happen in

16  a terminating sanction motion is answered by F.R.C.P. 41(b),

17  which is that involuntary dismissal operates as an

18  adjudication on the merits.  And the Ninth Circuit has made

19  clear in the <u>Marino</u> case --

20        THE COURT:  Okay.  I'm at a disadvantage here

21  because I have not read this.

22        MR. TALKOV:  Okay.

23        THE COURT:  I mean the terminating sanctions

24  motion is not before me.  I have not read it.  It's not my

25  custom to do things off the hip -- you know, from the hip or

6

1 without a proper review.  I don't even -- and at this point

2 I'm at a disadvantage because I don't even know what

3 questions to ask you at this point since the document that

4 was filed yesterday at 8:55 p.m. is not a document that I

5 have even reviewed.

6           MR. TALKOV:  Yes, your Honor.  Your Honor's

7 tentative did state that the Court asked the defendant to

8 include a brief on the legal effect of terminating

9 sanctions.

10          THE COURT:  Yes, but you didn't do that in

11 connection with this motion to amend answer.  I don't think

12 at the time we even anticipated that you were going to be

13 filing a motion to amend the answer.  Okay?

14          MR. TALKOV:  Correct --

15          THE COURT:  So I'm saying to you that -- you could

16 have put it in your motion to amend the answer.  Right?

17          MR. TALKOV:  I could have.  I didn't know --

18          THE COURT:  Because you're referring to docket 29

19 and this motion was your docket 35.  So you were aware of

20 docket 29.

21          MR. TALKOV:  Yes, your Honor.  Can I just direct

22 your Honor to something that is before the Court, was before

23 the Court prior to the briefing in this matter, which is doc

24 50, page three, which --

25          THE COURT:  Okay.  Wait, wait.  Stop.  Again,

7

1  you're referring to things -- when I look at things, I'm

2  looking at pleadings that are before me.  Okay?  So now

3  you're asking me again to go to a doc -- to a matter that --

4  hold on.

5          Docket number 50.  Okay.  Is this having to do --

6  well, what is this having to do with?

7          MR. TALKOV:  Karl Avetoom filed a motion to strike

8  my motion to amend, and in opposing that motion I set forth

9  an answer to some of your Honor's questions.

10          In says on page three that Black's Law Dictionary

11  defines an "affirmative defense" as a defendant's assertion

12  of facts and arguments that, if true, will defeat the

13  plaintiff's or prosecution's claims --

14          THE COURT:  See, that's the problem, because what

15  you have done -- and I keep emphasizing this.  I'm not --

16  you know, unless you're going to cite me to some case that

17  says I totally ignore the legal issue, okay -- because

18  there's a certain operation of law that happens that you're

19  asking me to ignore.

20          And I need some authority.  If I'm going to ignore

21  a legal issue, I need to have some authority for that.  And

22  simply citing a case without telling me anything about the

23  facts in that case, whether or not the ruling is even

24  relevant to the current situation based on a similar fact

25  pattern in that case, is not helpful to me.

8

1           Now, you've cited me to document number 50, which

2   is this opposition to motion to strike, which -- that's not

3   even set for calendar, right?

4           MR. TALKOV:  So that was his opposition to strike

5   the very motion that we're talking about, and in opposing

6   that, I addressed I think this exact issue.

7           So even if the allegations in the complaint are

8   true, an affirmative defense --

9           THE COURT:  Okay.  Again, I want to make sure

10  where we are procedurally on this, because you know, I'm

11  looking at your motion to file an amended answer.

12          MR. TALKOV:  Yes, your Honor.

13          THE COURT:  Okay.  And the plaintiff's motion to

14  strike, okay, is that on calendar?  Was it previously on

15  calendar?

16          MR. TALKOV:  He withdrew that motion for no

17  explained reason in doc 51.

18          THE COURT:  So now you want me to go back and

19  consider something I would not have considered because it

20  was withdrawn?

21          MR. TALKOV:  Well, how about this.  Can I just

22  give you the argument rather than point to the document?

23  It's the same argument, whether it's in a document or not,

24  that your Honor asked whether an affirmative defense would

25  prevail even in a 523(a) action.  And the answer is that an

9

1  affirmative defense is always germane.  If an affirmative

2  defense is met --

3           THE COURT:  No, you're not answering my question,

4  because not all subsections of 523 are the same.  You're

5  answering as if they are.  Okay?

6           So, for example, 523(a)(2)(A) has to do with fraud

7  and fraudulent conduct.  And you know, there may be a case

8  where a debtor has allegedly engaged in fraudulent conduct,

9  and so a 523(a)(2)(A) complaint is filed.  And the defendant

10  says, well, the court should not -- ignore, we can assert

11  unclean hands as a defense because the plaintiff also

12  engaged in fraudulent conduct.  Okay?

13          And I can understand and I could see where an

14  appellate court or any court might rule, well, now I've got

15  to balance the unclean hands and, you know, which party

16  should prevail where both parties have engaged in fraudulent

17  conduct.  Okay?

18          Now, the same might be true in a 523(a)(6),

19  willful and malicious injury.  If there were actions that

20  were taken by the plaintiff that prompted willful -- the

21  alleged conduct.

22          But all subsections are not created equal.  And

23  523(a)(10) is inherently different from 523(a)(2),

24  523(a)(4), 523(a)(6), okay, because the difference there is

25  in each level of 523 -- especially 523(a)(2)(A), 523(a)(6),

10

1  there are generally factual issues there regarding, for

2  example, intent to deceive.  Then you have particular

3  conduct by the plaintiff, presumably, that comes up in the

4  defense.

5           But here, under 523(a)(10) -- and I've tried to

6  stress this numerous times, but I don't seem to be able to

7  effectively communicate this.  523(a)(10) is, in my view,

8  very much a legal issue, because it basically says that you

9  don't get to get a discharge in the current case if you

10 previously waived the discharge or if you were denied a

11 discharge in a prior case.  And so, you know, I don't

12 understand the argument regarding unclean hands, how that

13 possibly wipes away 523(a)(10).

14          MR. TALKOV:  Your Honor, can I go back to that

15 analogy you were drawing.  Let's suppose a debtor is sued

16 for 523(a)(2)(A) and they said, you know what, I --

17          THE COURT:  You mean a creditor.

18          MR. TALKOV:  No, a debtor is sued.  A creditor

19 sued a debtor.

20          THE COURT:  "Is sued."  Okay.  I thought you said

21 "debtor sued."  Sorry.  Go ahead.

22          MR. TALKOV:  Yes.  Debtor is sued under

23 523(a)(2)(A) and the debtor says, "You know what, I did

24 commit a fraud."  So the prima facie case has been met.  And

25 they say, "I want to have a trial solely on the affirmative

11

1  defense of unclean hands."

2      In your Honor's hypothetical, I don't think

3  there's anything improper.  It may say "There's something

4  awful on this creditor's side that I'm not going to grant

5  this judgment."

6      The same is true here.  He's met his prima facie

7  case.  The Court has ruled that he met the elements of

8  523(a)(10) but that there's no law, there's no rule -- the

9  Moncur case that he cites over and over doesn't mention the

10 word "defenses" or "affirmative defenses" or anything.

11     There's no case that says --

12     THE COURT:  I think it's pretty obvious why there

13 are no cases, okay, because it is strictly a legal question.

14 It is not apples and apples that you are arguing right now.

15 It's completely apples and oranges.

16     MR. TALKOV:  If I understand what --

17     THE COURT:  Basically what you're saying, just so

18 we're clear about this, is that if we have a situation --

19 and this will come under 523(a)(10) -- where a debtor

20 voluntarily waives discharge in the case, that somehow

21 despite 523(a)(10), the debtor gets to reassert a discharge

22 in a subsequent case.

23     I am not aware of any case law that deals with

24 that, and I think it's obvious why there's no case law on

25 that.

18

1           Okay.  Where does it come up?

2           MR. AVETOOM:  I believe it's in the second

3  paragraph, "Here, Plaintiff's request is denied," which I

4  believe it should be --

5           THE COURT:  Oh, yes.  Yes.  Okay.  I'm changing

6  that right now.  Hold on.

7           MR. AVETOOM:  Okay.

8       (Pause.)

9           THE COURT:  Go ahead.

10           MR. AVETOOM:  And then I believe on the fourth

11  line, "Subsequently this Court originally granted summary

12  judgment on September 9th because Defendant was entitled to

13  judgment as a matter of law."  I believe that should be

14  "Plaintiff."

15           THE COURT:  That is correct.  All right.

16           MR. AVETOOM:  And I believe that was it.

17           Given the judge's tentative, I would ask the Court

18  to just enter the summary judgment and send us back to

19  mediation.

20           THE COURT:  Well, first of all, I'm only going to

21  deal with what's in front of me today, which is the motion

22  to amend the answer.

23           Sorry that you all didn't get to the settlement

24  agreement -- to the settlement conference with Judge

25  Zurzolo.  If the parties are open to me reaching out to

21

1          THE COURT:  Thank you.

2      (Proceedings concluded.)

3

4

5

6

7

8          I certify that the foregoing is a correct

9  transcript from the electronic sound recording of the

10  proceedings in the above-entitled matter.

11

12  /s/Dee Gregory_____          11/21/21_____
    Transcriber                          Date

13

14  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

15

16  /s/L.L. Francisco_____
    L.L. Francisco, President
17  Echo Reporting, Inc.

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

*EXHIBIT "10"*

1        SUPERIOR COURT OF THE STATE OF CALIFORNIA

2         COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3

4

5   KARL AVETOOM, an individual, )

                              )

6             Plaintiff,  ) Case No. 30-2017-00964245

       vs.              )

7                             )

   VAL FRIDMAN, an individual;  )

8   ALEX FRIDMAN, an individual; )

   and DOES 1-20, inclusive,     )

9                             )

            Defendants. )

10   _____)

11

12

13

14            DEPOSITION OF VAL FRIDMAN

15              Costa Mesa, California

16            Thursday, February 7, 2019

17

18

19

20

21

22   Reported by:  Sheri S. Nelson, CSR No. 6473

23            Certified Shorthand Reporter

24   Job No. 3200404

25   Pages 1-226

                                        Page 1

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3

4

5    KARL AVETOOM, an individual, )
                                  )
6                    Plaintiff,  ) Case No. 30-2017-00964245
            vs.                   )
7                                 )
     VAL FRIDMAN, an individual;  )
8    ALEX FRIDMAN, an individual; )
     and DOES 1-20, inclusive,    )
9                                 )
                     Defendants.  )
10   _____)

11

12

13

14          Deposition of VAL FRIDMAN, taken on

15       behalf of Plaintiff, at 611 Anton Boulevard,

16       Fifth Floor, Costa Mesa, California, beginning at

17       10:04 a.m. and ending at 2:51 p.m., on Thursday,

18       February 7, 2019, before SHERI S. NELSON,

19       Certified Shorthand Reporter No. 6473.

20

21

22

23

24

25

                                            Page  2

```
 1    APPEARANCES OF COUNSEL:

 2

 3    For Plaintiff:

 4    KARL AVETOOM, J.D.
      IN PROPRIA PERSONA

 5    1100 Rutland Road
      Suite 9

 6    Newport Beach, California  92660
      (949)929-4787

 7    Email: kia002@att.net

 8

 9

10    For Defendant Val Fridman:

11    LEE J. PETROHILOS, ESQ.
      ATTORNEY AT LAW

12    1851 East First Street
      Suite 840

13    Santa Ana, California  92705
      (714)542-3110  Fax (714)200-0698

14    Email:  leepetros@petroslawoffices.com

15

16

17

18

19

20

21

22

23

24

25
```

Page  3

1   websites that you built since 2010 to 2016?

2      MR. PETROPHILOS:  I'd object again on the basis of

3   vagueness and also to the fact that that question is

4   not -- will not lead to the admissibility -- will not

5   lead to the discovery of admissibile evidence at the

6   time of trial.

7      MR. AVETOOM:  You can answer.

8      MR. PETROPHILOS:  And privacy.

9      THE WITNESS:  I don't remember.

10  BY MR. AVETOOM:

11     Q   Did you ever build a website called

12  Condodefense.com?

13     A   No.

14     Q   You never did.  Did you ever register the name

15  Condodefense.com?

16     A   Yes.

17     Q   You registered it.  Did you register it for

18  yourself, or did you register it for a family --

19     A   For my dad.

20     Q   Hold on, please.

21     You registered it for your father.  Why did you

22  register the web name for your father?

23     MR. PETROPHILOS:  Objection.  Calls for

24  speculation.  Also, I think that question is completely

25  outside the scope of the issues related to this trial.

Page 45

1      MR. AVETOOM:  I think when you see my discovery,

2   you'll understand why, Lee.

3      MR. PETROPHILOS:  I'm not sure what you're

4   referring to; but, you know --

5      MR. AVETOOM:  Well, the --

6      MR. PETROPHILOS:  Hold on.  Let me finish.  You

7   asked a question.  I objected to it.  So we don't need

8   to get into a back and forth as to what you're going to

9   show me in terms of your discovery.

10      MR. AVETOOM:  Sure.

11      MR. PETROPHILOS:  With respect to that question, I

12   believe it's completely outside the scope of this

13   matter, and I'd just instruct him not to answer.  And it

14   calls for speculation.

15      MR. AVETOOM:  I might have asked two questions in

16   one.  I'm going to ask individually, and if you choose

17   to not answer under advice of counsel, you can state so.

18   BY MR. AVETOOM:

19      Q   Why did you register the web name, domain name

20   Condodefense.com for your father?

21      MR. PETROPHILOS:  Same objection as before.  I'm

22   not sure where we're going with this line of

23   questioning.  This case involves issues that you put

24   together with respect to --

25      MR. AVETOOM:  Lee, I understand.  I know you

                                            Page 46

```
 1    previously told him not to answer.  I'm going to break
 2    the questions up so we have a solid record.  If you want
 3    to tell him not to answer, please just tell him not to
 4    answer.
 5         MR. PETROPHILOS:  You don't have to answer that
 6    question.
 7    BY MR. AVETOOM:
 8         Q    Are you going to not answer based on advice of
 9    counsel?
10         A    (Deponent shakes head.)  Yes.
11         MR. PETROPHILOS:  You have to give a verbal
12    response.
13         MR. AVETOOM:  Did you get his answer?
14         THE REPORTER:  Yes.
15    BY MR. AVETOOM:
16         Q    Did you work on that web page outside of
17    registering the domain name?
18         MR. PETROPHILOS:  Objection.  Asked and answered.
19    And, you know, vague as to "work."  Lacks foundation.
20    BY MR. AVETOOM:
21         Q    Let me ask you this:  You previously testified
22    that you built websites?
23         A    Rephrase the question, please.
24         Q    You previously testified that as part of your
25    job as part of IT, you built websites; correct?
```

Page 47

1      A    Yes.

2      Q    Was one of these websites that you built

3   Condodefense.com?

4      MR. PETROPHILOS:   Asked and answered.

5      THE WITNESS:   I testified that my company built

6   websites.

7   BY MR. AVETOOM:

8      Q    Did your company build Condodefense.com?

9      A    No.

10     Q    Do you know who did?

11     A    No.

12     Q    Do you have any documents relating to your

13   registration of the web name Condodefense.com?

14     A    No.

15     Q    Did you pay for the registration?

16     A    I don't recall.

17     Q    Do you know approximately when you registered

18   that web page?

19     A    I don't recall.

20     Q    Did you ever view the web page?

21     A    I don't recall.

22     MR. AVETOOM:   Sorry.  I lost my own question.

23   Can you read my last question back.

24          (Question and answer read.)

25   ///

Page 48

1        Q    So you view them solely online?

2        A    I do not have a computer at the moment.

3        Q    When was the last time you had a computer?

4        A    Years ago.

5        Q    Can you give me an approximate date the last

6    time you owned a computer?

7        A    I don't know.

8        Q    While you were working in IT, did you own a

9    computer?

10       A    No.  The company owned it.

11       Q    The company owned it.  The company that was

12   owned by you and --

13       MR. PETROPHILOS:  Objection.  What's the point

14   here?  What are we doing?

15       MR. AVETOOM:  This is a guy who says he works for

16   IT, makes money, has income coming in from IT that was

17   money that was put into this bank account, whether or

18   not he's testified to that money going to Alex Fridman,

19   and now he's testifying he's in IT, builds websites,

20   works on computers, and doesn't own a computer.

21       MR. PETROPHILOS:  He's also testified that he

22   doesn't have records from five years ago.

23       MR. AVETOOM:  But we're talking about the computer.

24       MR. PETROPHILOS:  Okay.

25   ///

Page 141

```
 1    BY MR. AVETOOM:

 2        Q    You testified that you translated for her and

 3    transcribed for her?  Is that what your testimony was?

 4        A    Yes.  You're putting an answer in my mouth, but

 5    let's say you're correct.

 6        Q    I don't want to put an answer in your mouth.

 7    What exactly did you do for your mother in relation to

 8    the bankruptcy case?

 9        A    Translate.

10        Q    And?

11        A    Type it up.

12        Q    And you typed it up.

13             And your father passed away, I believe, in

14    2015; correct?

15        A    Correct.

16        Q    When you typed it up -- does your mother have a

17    computer?

18        A    She did.

19        Q    Does she no longer have the computer?

20        A    Correct.

21        Q    Do you know what happened to the computer?

22        A    No.

23        Q    Do you know if any bankruptcy records or

24    financial records were stored on that computer?

25        A    That I don't know.
```

Page 175

1       Q    Did you ever work on the computer?

2       A    I did.

3       Q    When I say work, I mean did you ever work as in

4    typing documents for her?

5       A    Yes.

6       Q    Did you ever do any work like changing parts on

7    that computer?

8       A    No.

9       Q    Did you ever remove the hard drive from that

10   computer?

11      A    No.

12      Q    What happened to the computer?

13      A    I don't know.

14      Q    Is it at her property?

15      A    I don't believe so.

16      Q    Is it at your property?

17      A    No.

18      Q    Is it at Alex's property?   Residence?

19      A    I don't know.

20      Q    Did you ask your mother what happened to the

21   computer?

22      A    No.

23      Q    Did you notice it was missing; that she no

24   longer had it?

25      A    Yeah.

1        Q    Did you ask her what happened to it?

2        A    No.

3        Q    So you just walked in and -- did you walk in

4   one day and just notice it was gone?

5        MR. PETROPHILOS:  Objection.  Argumentative.

6   Once again, we're going into an area that's

7   completely --

8        MR. AVETOOM:  Well --

9        MR. PETROPHILOS:  For purposes of the record, you

10  have to let me finish my objection.

11       MR. AVETOOM:  I understand.  I apologize.

12       MR. PETROPHILOS:  That question is not reasonably

13  calculated to lead to the admissibility of evidence at

14  the time of trial.

15           If you want to make a response, go ahead.

16           I'm not instructing him not to answer it; I'm

17  just raising my objection.

18       MR. AVETOOM:  You can answer.

19       THE WITNESS:  Repeat the question, please.

20           (Question read.)

21       THE WITNESS:  The answer was yes.

22  BY MR. AVETOOM:

23       Q    Did you ask your mother what happened to it?

24       A    No.

25       Q    Were you concerned that maybe it had been

                                        Page 177

```
 1    stolen?

 2         A    No.

 3         Q    Did you consider it to be just normal that her

 4    computer was there one day and gone the next day?

 5         A    Yes.

 6         Q    But you never said anything to her?

 7         A    No.

 8         Q    Did your father store financial records on that

 9    computer?

10         A    I don't know.

11         MR. PETROPHILOS:  Objection.  Calls for

12    speculation.

13    BY MR. AVETOOM:

14         Q    If you know?

15         A    I don't know.

16         Q    Do you know if your mother stored financial

17    records on that computer?

18         MR. PETROPHILOS:  Same objection.

19         MR. AVETOOM:  Please let me finish.

20    BY MR. AVETOOM:

21         Q    Do you know if your mother stored financial

22    records on that computer?

23         MR. PETROPHILOS:  Same objection.

24         THE WITNESS:  No.

25    ///
```

Page 178

*EXHIBIT "11"*

☐ Recording requested by a return to:

Todd A. Frealy (SBN 198780)
Levene, Neale, Bender, Yoo 7 Brill L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Tele: (310) 229-3369
Attorneys for Karl T. Anderson, Ch. 7 Trustee

FOR COURT USE ONLY

*Issued on December 5, 2014 One Original two copies*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: | | |
|---|---|---|
| Moisey Fridman and Rosa Fridman | Debtor | CASE NUMBER 8:12-bk-11721-ES |
| | | ADVERSARY NUMBER 8:14-ap-01037-ES |

Karl T. Anderson, Ch. 7 Trustee,      Plaintiff

vs.

Victoria Gureyeva,      Defendant

# ABSTRACT OF JUDGMENT

The Judgment Creditor applies for an abstract of judgment and represents:

1. The Judgment Debtor's:

   a.  Name and address

   Victoria Gureyeva

   3151 West Cahuenga Blvd, Rm 311

   Los Angeles, CA 90068

   ☐ Address Unknown

   b.  Driver's License No. _____      ☑ Unknown

   c.  Social Security No. _____      ☑ Unknown

2. The Summons was personally served at, or mail to (address):

   3151 West Cahuenga Blvd, Rm 311, Los Angeles, CA 90068

3. ☐ Information regarding additional judgment debtors is shown on reverse side.

   Dated:  December 4, 2014      _____
   (Signature of Judgment Creditor or Attorney)

(Continued on Reverse Side)

*Revised February 2010*



Abstract of Judgment - Page Two

| In re | (SHORT TITLE) | | CHAPTER 7 |
| | Moisey Fridman and Rosa Fridman | | |
| | | Debtor(s). | ADVERSARY NO.: 8:14-ap-01037-ES |

4.   I certify that in the above-entitled action and Court, Judgment was entered on November 19, 2014,

in favor of Karl T. Anderson, Ch. 7 Trustee   and against Victoria Gureyeva

for     $ 30,000.00                          Principal,

$ 0.00                          Interest,

$ 0.00                          Attorney's Fees, and

$ 0.00                          Costs.

A copy of the Judgment is attached hereto

A lien in favor of a judgment creditor is:

[✓]   not endorsed on the judgment.

[ ]   endorsed on the judgment as follows:

1.   Amount $ _____

2.   In favor of (name) _____

A stay of execution has:

[✓]   not been ordered by the Court.

[ ]   been ordered by the Court effective until (date): _____

Attested this   5TH   day of   December 2014

SEAL

KATHLEEN J. CAMPBELL
Clerk of the Bankruptcy Court

By:   Carla Mitchell
Deputy Clerk

KATHLEEN J. CAMPBELL

Information regarding additional judgment debtors:

_____

_____

_____

_____

*Revised February 2010*

1  TODD A. FREALY (State Bar No. 198780)
2  ANTHONY A. FRIEDMAN (State Bar No. 201955)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Facsimile:  (310) 229-1244
5  Email: taf@lnbyb.com, aaf@lnbyb.com
6  Attorneys for Plaintiff Karl Anderson, Chapter 7 Trustee

```
FILED & ENTERED

       NOV 19 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber  DEPUTY CLERK
```

7

8            **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11

| | |
|---|---|
| In re | Case No. 8:12-bk-11721-ES |
| MOISEY FRIDMAN AND ROSA FRIDMAN, | Chapter 7 |
|      Debtors. | |
| | |
| KARL ANDERSON, Chapter 7 Trustee, | Adv. No. 8:14-ap-01037-ES |
|      Plaintiff, | **JUDGMENT** |
| v. | Date:   November 18, 2014 |
| VICTORIA GUREYEVA, | Time:   2:00 p.m. |
|      Defendant. | Place:  Courtroom 5a |
| |        U.S. Bankruptcy Court |
| |        411 W. Fourth Street |
| |        Santa Ana, California |

24          On November 18, 2014, the Court, the Honorable Erithe A. Smith, United States
25  Bankruptcy Judge, presiding, considered the "Motion for Summary Judgment, Or In The
26  Alternative, For Summary Adjudication Of Issues" (the "Motion") filed by Karl Anderson,
27  Chapter 7 trustee and plaintiff herein ("Trustee") pursuant to Rules 9014 and 7056 of the
28

1    Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules of Civil Procedure,

2    for summary judgment on the Trustee's Complaint filed on February 7, 2014.

3         After consideration of the Motion, the pleadings, statements and arguments of counsel

4    and the evidence presented prior to the hearing, and after finding that this Court has

5    jurisdiction to consider the Motion, and after further finding that notice of the hearing on the

6    approval of the Motion was proper under the circumstances of this case, and for good cause

7    appearing therefor, the Court hereby renders JUDGMENT in favor of the Trustee and against

8    Defendant Victoria Gureyeva as follows:

9    1.    ON THE FIRST CLAIM FOR RELIEF: Debtors' transfer of the sum of

10         $30,000 to Defendant Victoria Gureyeva is avoided as a preferential transfer

11         pursuant to 11 U.S.C. Section 547(b).

12   2.    ON THE FOURTH CLAIM FOR RELIEF: Pursuant to 11 U.S.C. Section

13         550(a), Trustee hereby recovers the sum of $30,000 from Defendant Victoria

14         Gureyeva for the benefit of the bankruptcy estate.

15   3.    The SECOND and THIRD CLAIMS FOR RELIEF are dismissed.

16   4.    Judgment is hereby entered in favor of the Trustee and against Defendant

17         Victoria Gureyeva in the amount of $30,000.

18                                    # # #

Date: November 19, 2014

Erithe Smith
United States Bankruptcy Judge

2

*EXHIBIT "12"*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/22/2021                    TIME: 09:10:00 AM            DEPT: C18
JUDICIAL OFFICER PRESIDING: Theodore Howard
CLERK: Kathy Peraza
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2015-00820760-CU-FR-NJC**   CASE INIT.DATE: 11/17/2015
CASE TITLE: **Avetoom vs. Risbrough**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73572786
**EVENT TYPE:** Under Submission Ruling

---

**APPEARANCES**

---

There are no appearances by any party.

The Court, having taken the Plaintiff's Motion to Enforce Settlement under submission on 07/15/2021 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Plaintiff Avetoom's Motion to Enforce Settlement (ROA 558) is **DENIED**.

**Authority or Jurisdiction of the Court**

While the Motion is labeled as one to enforce settlement pursuant to CCP 664.6, the cited statute authorizes relief before a judgment has been entered.  Here, however, the court is asked to issue relief, post entry of judgment, the judgment having been entered here, some time ago [See ROA 484, judgment entered 8/13/20; vs. ROA 558, present motion filed 6/2021].

The moving brief refers to *Ames v. Paley* which recognized the power of a trial court to correct a judgment that was entered pursuant to *CCP 664.6*, that is, pursuant to the parties' settlement. Such power arises under a court's inherent powers to make clerical corrections to its records, or by statute such as *CCP 473(d)* which provides for the correction of clerical errors also.  (See  *Ames v. Paley* (2001) 89 Cal.App.4th 668, 672–673 ("A court of general jurisdiction has the power, after final judgment, and regardless of lapse of time, to correct clerical errors or misprisions in its records, whether made by the clerk, counsel or the court itself, so that the records will conform to and speak the truth…").)

It appears that in an appropriate setting, a trial court does have power to correct a judgment that was entered pursuant to a settlement of the parties under *section 664.6*, in order to include an omitted term of the settlement.  (See *Ames v. Paley* (2001) 89 Cal.App.4th 668, 674).

**Plaintiff Avetoom's Request to Correct or Modify the Judgment**

Plaintiff Avetoom seeks a modification of the Judgment to add and reflect that, through the settlement

---

_____

agreement within the present lawsuit, that defendant Rosa Fridman, voluntarily consented to the creation of a lien against her 68.3% interest in the subject real property (on Blackbeard Lane in Huntington Beach, CA). Plaintiff Avetoom argues that the creation of a lien was an important term of the oral settlement that the parties reached and that was placed on the record on or about 7/9/19.

Under *CCP 664.6*, the court may only enter terms which the parties themselves agreed to. (See *Hernandez v. Board of Education* (2004) 126 Cal. App. 4th 1161, 1176) (the power of a trial court under *§ 664.6* "is extremely limited").) "'Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment, nothing in section 664.6 authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms the parties themselves have previously agreed upon.'" (*Id.*; accord <u>Leeman v. Adams Extract & Spice, LLC</u> (2015) 236 Cal.App.4th 1367, 1374-75.)

In the present case, the proceedings regarding the entry of judgment and determination of the settlement, spanned several hearings ranging from approximately August of 2019 through June of 2020. (See Register of Action herein, # 387, 389, 451). Considerable time was spent by the parties and the Court in addressing the matter. Plaintiff Avetoom argues that it was intended that the declaratory terms that constituted the oral settlement, would result in a lien. But the portion of the Reporter's Transcript wherein the terms of the settlement were read into the record (see 7/9/19 Reporter's Transcript, pages 2 to 4 and 7 to 8) and which were then orally agreed to by Defendant Fridman and by Plaintiff Avetoom (id.), did not appear to mention the creation of the "lien".

It was rather the Court which construed the agreement of the parties as an agreement to create a lien. (See 7/9/19 Reporter's Transcript p. 11.) However, the Court is not a party which can create a settlement term nor supply party consent. Pursuant to *section 664.6*, what is necessary, is evidence of the party's settlement terms and oral consent. (See, *e.g., 1538 Cahuenga Partners, LLC v. Turmeko Properties, Inc.* (2009) 176 Cal.App.4th 139, 143.)

Plaintiff refers to the portion of the Transcript wherein Plaintiff's counsel (Mr. Murray) stated that the settlement terms – as had just been orally read into the record and agreed to by the litigants – would then be reduced to a formal order of the court, which order would be recorded with the county recorder thereafter. (See Transcript pp. 8-9 and 11.) This would provide support for Plaintiff Avetoom, indeed, being able to record in the County Recorder, the Judgment entered in this case. However it is less clear that this amounted to the Defendant having orally agreed to give any new or other or different lien on the subject property. The record is unclear about this, which generates ambiguity and precludes the granting of the motion.

If a term on which the present case had been settled – was indeed that Defendant Fridman was giving a new, further or different lien, it appears that the parties reasonably could have stated such a fact within the terms that were recited (see Transcript p 2 to 4 and 7 to 8.)

According to the *Civil Code section 2872*, "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." "A lien is created: 1. By contract of the parties; or, 2. By operation of law." ( *Civil Code 2881*.)

In the case law, there are examples of language in agreements which has been considered to amount to a lien. (See, *e.g., Hill v. Fricke* (1936) 5 Cal.2d 320, 321–322 ("the appellant Arthur, who was informed that he was free to bring his attorney with him, and the defendant Pearl Fricke met with Hill at the attorney's office and there executed a written agreement fixing the amount of Edwin's advances, … and declaring the same to be a lien upon the ranch property….In other words, the land alone was made subject to the payment of the obligation…"). *In re Smith's Estate* (1927) 200 Cal. 654, 658 (language within a court order read, "In order to secure the payments of said installments, … Walnut Park Bank … be and …are hereby required to hold said trust deed for the security and payment of said support …");

_____

*In re Dickinson* (Bankr. S.D. Cal. 1982) 24 B.R. 547, 549) (the agreement stated, "… I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement, judgment or verdict ....").

In a case cited by Plaintiff Avetoom, the relevant document had similar words to the above, to support a finding of a lien having been created.   (*In re County of Orange* (Bankr. C.D. Cal. 1995) 179 B.R. 185, 193 n. 2, n.23 and 194179) (a public entity's written resolution read, "As security for the payment of the principal of and interest on the Notes the County hereby pledges and grants a first lien and charge against [certain unrestricted revenues]....").)  Compare *Raboff v. Albertson* (1954) 122 Cal.App.2d 555, 556–557 (the defendant delivered to the plaintiff a writing stating, "'I O U $7,500 Lee Albertson August 5th 1946 on my house'") (while "[i]t was the intent of Lee at the time he made the writing to encumber said property with a lien in favor of plaintiff to secure said loan. The said writing was sufficient to create such a lien.")

Here, the terms that were orally recited and then orally consented to by the litigants, did not appear to include similar language.  Thus, the circumstances produce less certainty.

According to the records of the present case, there were several proposed judgments submitted to the court during the time in which these parties were engaged in the proceedings on the settlement and entry of judgment.  Within the Plaintiff's proposed judgments, the terms consistently did not include the words that a lien on the real property is being given, as an express term of the settlement.  (See Proposed Judgments herein, at ROA 389, 420, 483 and ROA 460, 479, 484.)

For these reasons, the Court must **DENY** Plaintiff Avetoom's Motion to correct or modify the judgment.


**Additional Matters**

As for Plaintiff Avetoom's position regarding the intentions of Defendant Fridman in settling the present case, and thereafter pursuing bankruptcy relief, as well as other allegations of Plaintiff Avetoom regarding the actions of the Defendant, these may well become the fodder of future litigation.  However, the Court does not find it necessary to engage with the allegations or accusations of mal-intent at this time.   The material in the reply (the Balakin Declaration) was therefore not considered.  (See also *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537-1538) (new evidence in reply is generally not permitted).

Therefore, Defendant Fridman's objections to the Balakin declaration are **SUSTAINED**.

By the same token, the Defendant Fridman's effort to raise an independent proceeding regarding sanctions is procedurally improper and is unsupported.  The request is therefore denied.  (See *Cal. Code Civ. Proc. 128.5(f)(1)(a)* and *1003, 1005, 1005.5; Cal. Rule of Court 3.1110, 3.1112, 3.1113(b).)*.   As such, the declarations of Defendant Fridman and S. Talkov submitted in the 7/13/21 "Evidentiary Objection and Request for OSC re Sanctions" (ROA 580) were not considered.

The additional evidentiary material, attached to Plaintiff Avetoom's "Response" (Objection) filed 7/13/21, was unnecessary to consider.  (ROA 580.)

Defendant Fridman must remember in the future to adhere to the timeframes provided for in the Code for court filings.  A trial court may disregard late papers especially where good cause is not shown.  (See *California Code of Civil Procedure section 1005; Rancho Mirage Country Club Homeowners Association v. Hazelbaker* (2016) 2 Cal.App.5th 252, 262 and see ROA 571.)   Where the moving party here, plaintiff Avetoom, filed a reply to the late opposition (see ROA 571, 573), the opposition was thus considered. (See *Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 30; *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 698.)

CASE TITLE: Avetoom vs. Risbrough                    CASE NO.: **30-2015-00820760-CU-FR-NJC**

---

*The Clerk shall give notice.*

*EXHIBIT "13"*

1

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2        FOR THE COUNTY OF ORANGE, HARBOR JUSTICE CENTER

3                     DEPARTMENT H12

4

5

6   IN THE MATTER OF KARL AVETOOM VS.  )
    MOISEY FRIDMAN AND ROSA FRIDMAN,   )
7                                      )
    ROSA FRIDMAN, CONTEMNER            )
8                                      )
    _____)  NO. 30-2010-00345490
9                                      )
    IN THE MATTER OF KARL AVETOOM VS.  )
10   MOISEY FRIDMAN AND ROSA FRIDMAN,  )
                                       )
11   MOISEY FRIDMAN, CONTEMNER         )
    _____)
12

13        HONORABLE KAREN ROBINSON, JUDGE PRESIDING

14        REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                  JULY 16, 2014

16

17   APPEARANCES OF COUNSEL:

18   FOR THE PLAINTIFF KARL AVETOOM:

19   LAW FIRM OF CHARLES MURRAY III
     BY:  CHARLES MURRAY III
20   ATTORNEY AT LAW

21

22   FOR THE DEFENDANTS MOISEY AND ROSA FRIDMAN:

     LAW FIRM OF JOHN D. OTT
23   BY:  JOHN D. OTT
     ATTORNEY AT LAW
24

25   DONNA L. COX, CSR 6984, RPR
     OFFICIAL COURT REPORTER
26

**CERTIFIED COPY**

1

## INDEX OF WITNESSES

2

3

| PLAINTIFF'S WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| | | | | |
| MATTEO SEBASTIANO | 6 | 16 | 17 | |
| BECKY RIOS | 19 | 23 | 24 | 24 |
| (FURTHER) | | | 25 | |
| KARL AVETOOM | | | 27 | 29 |

4

5

6

7

8

9

10

11

12

13

14

15 DEFENDANT'S WITNESSES

16

| MOISEY FRIDMAN | 44 | 54 | 73 | 75 |
|---|---|---|---|---|
| (FURTHER) | | | 81 | 81 |

17

18

19

20

21

22

23

24

25

26

EXHIBITS

| PLAINTIFF'S EXHIBITS | FOR IDENTIFICATION | RECEIVED |
|---|---|---|
| 7 - PHOTOGRAPH OF LETTER | --- | 90 |
| 8 - COPY OF LETTER | --- | 90 |
| 9 - COPY OF CHECK | --- | 90 |
| 13 - UNION BANK DOCUMENTS | 6 | 18 |
| 14 - U.S. BANK DOCUMENTS | 6 | 25 |
| 15 - COPIES OF CHECKS | 76 | 80 |

DEFENDANT'S EXHIBITS

| | FOR IDENTIFICATION | RECEIVED |
|---|---|---|
| A - COPY OF AFFIDAVIT | --- | 85 |
| B - COPY OF TEMPORARY RESTRAINING ORDER | --- | 85 |
| C - COPY OF MEMO | 52 | 53 |
| D - COPY OF RETAINER AGREEMENT | 75 | --- |
| E - COPY OF PRELIMINARY INJUNCTION | 86 | 86 |

1        THE COURT:  CORRECT.

2        MR. MURRAY:  OKAY.  SO THIS WAS MY ERROR.  I

3   APOLOGIZE TO THE COURT AND COUNSEL.  BUT I'D LIKE TO REOPEN

4   TO SEEK TO HAVE EXHIBITS 7, 8 AND 9 ADMITTED INTO EVIDENCE.

5        THE COURT:  DID YOU WANT TO BE HEARD ON THAT,

6   MR. OTT?

7        (DISCUSSION BETWEEN THE DEFENDANT AND

8            HIS ATTORNEY OFF THE RECORD.)

9        THE COURT:  COUNSEL, MR. OTT, HE'S ASKING TO MOVE 7,

10  8, AND 9 INTO EVIDENCE BEFORE CLOSING ARGUMENTS.

11       MR. OTT:  NO OBJECTION, YOUR HONOR.

12       THE COURT:  ALL RIGHT.  EXHIBITS 7, 8, AND 9 ARE

13  ADMITTED WITHOUT OBJECTION.

14       MR. MURRAY:  THANK YOU KINDLY.

15       THE COURT:  SO THE ADMITTED DOCUMENTS FOR PLAINTIFF

16  ARE 1 THROUGH 6, 7, 8 AND 9, 13, 14, AND 15.

17       MR. MURRAY:  THAT'S MY UNDERSTANDING.

18       THE COURT:  AND ALL OF THE DEFENDANT'S EXHIBITS HAVE

19  BEEN ADMITTED EXCEPT -- YES, ALL OF THEM HAVE.  YES.

20           ALL RIGHT.  WITH THAT, IF WE ARE READY FOR

21  CLOSING ARGUMENT.

22       MR. MURRAY:  AS FAR AS THE DEFENSE EXHIBITS,

23  MR. OTT, I UNDERSTAND, WITHDREW EXHIBIT D, THE STONE

24  RETAINER.

25       THE COURT:  CORRECT.  SO IT'S A, B, AND C.  "D" HE

26  WITHDREW HIS REQUEST FOR.

```
 1        MR. MURRAY:  CHAPTER 7 TRUSTEE.

 2             BUT WE KNOW WHAT'S GOING ON HERE AND THE COURT

 3   SHOULD KNOW WHAT'S GOING ON HERE.  AND THESE FOLKS SHOULD

 4   BE PUNISHED AND HELD IN CONTEMPT.  THIS ISN'T JUST SOME

 5   KIND OF JOKE.  I MEAN, THIS IS SOMETHING SERIOUS.  THIS WAS

 6   ENOUGH FOR MY CLIENT TO POST A $10,000 BOND EVENTUALLY.

 7             AND WE WERE HERE EVERY SINGLE DAY DEALING WITH

 8   THIS CASE, IT SEEMED LIKE, AFTER THE JUDGMENT WAS ISSUED.

 9   AND NOT ONE TIME DID MR. BUSH SAY ANYTHING ABOUT, WELL, I

10   WANT TO QUASH SOMETHING BECAUSE THEY WEREN'T SERVED.  THEY

11   COME UP WITH THIS NEW CREATIVE EXCUSE TO PUT THEIR -- TRY

12   TO PUT THEIR HEAD IN THE SAND AND CLAIM INNOCENCE.

13             SO I WOULD -- UNLESS THE COURT WANTS TO HEAR

14   ANYTHING FURTHER, I WOULD SUBMIT, YOUR HONOR.

15        THE COURT:  ALL RIGHT.  THE MATTER IS SUBMITTED.

16   THE COURT WILL COLLECT THE EXHIBITS.  I'M JUST GOING TO

17   TAKE JUST A FEW MOMENTS TO GO OVER THE EXHIBITS AND THE

18   TESTIMONY AND I WILL BE BACK WITH MY JUDGMENT.

19                  (RECESS TAKEN.)

20        THE COURT:  WE ARE BACK ON THE RECORD IN THIS

21   MATTER.  THANK YOU FOR YOUR PATIENCE.

22             THE COURT DID WANT TO TAKE SOME TIME WITH THE

23   EXHIBITS AND REVIEW THE TESTIMONY AS THIS PROCEEDING HAS

24   COVERED QUITE A FEW DAYS, AND OVER A MONTH'S TIME.  THE

25   COURT HAS HAD AN OPPORTUNITY TO REVIEW ALL THE EXHIBITS AND

26   THE COURT'S NOTES ON THE TESTIMONY.  AND THE COURT IS NOW
```

1    READY TO ISSUE ITS DECISION.

2              FIRST, THE REQUIREMENTS REGARDING A CONTEMPT

3    JUDGMENT -- AND THIS IS AN INDIRECT CONTEMPT SINCE THE

4    CONTEMPT DID NOT OCCUR IN THE PRESENCE OF THE COURT, SO

5    IT'S AN INDIRECT CONTEMPT PROCEEDING BASED ON DISOBEDIENCE

6    OF A COURT ORDER.  THE PLAINTIFF HAS THE BURDEN OF PROVING

7    ALL THE FOLLOWING.

8              FIRST, THE COURT'S JURISDICTION.  FOR EXAMPLE,

9    THE VALIDITY OF THE COURT ORDER THAT SET FORTH WHAT THE

10   CONTEMNERS WERE REQUIRED TO COMPLY WITH.  DEFENDANTS'

11   KNOWLEDGE OF THE ORDER THAT WAS DISOBEYED.  THE DEFENDANTS'

12   ABILITY TO COMPLY WITH THE ORDER.  THE DEFENDANTS' WILLFUL

13   DISOBEDIENCE OF THE ORDER.  AND THE BURDEN OF PROOF IS FOR

14   EACH OF THESE ELEMENTS TO BEYOND A REASONABLE DOUBT.

15             IN THIS CASE, THE PLAINTIFF DID ESTABLISH THE

16   ORDER THAT THE CONTEMNERS WERE ALLEGED TO HAVE VIOLATED, AS

17   THE TEMPORARY RESTRAINING ORDER ISSUED BY THE COURT ON

18   NOVEMBER 9TH, 2011.  THAT RESTRAINING ORDER WAS ISSUED

19   AFTER A CCP SECTION 527 EX PARTE HEARING.  AND IT

20   RESTRAINED THE DEFENDANT -- THE CONTEMNERS, MOISEY FRIDMAN

21   AND ROSA FRIDMAN, FROM ASSIGNING, RECORDING, OR OTHERWISE

22   DISPOSING OF THE RIGHT TO PAYMENT OR ASSIGNING OR

23   TRANSFERRING ASSETS TO THIRD PARTIES.  SO THE PLAINTIFF HAS

24   ESTABLISHED THE FIRST ELEMENT.

25             THE SECOND ELEMENT IS TO ESTABLISH THE

26   DEFENDANT'S KNOWLEDGE OF THE ORDER DISOBEYED.  THERE IS NO

1    QUESTION IN THIS COURT'S MIND THAT THE CONTEMNERS, BOTH

2    ROSA FRIDMAN AND MOISEY FRIDMAN, HAD KNOWLEDGE OF THE ORDER

3    DISOBEYED BASED ON THE EVIDENCE PRESENTED DURING THIS

4    PROCEEDING.  THE COURT SPECIFICALLY REFERS TO EXHIBITS 8

5    AND 7, WHICH NOT TO MENTION THERE WAS MARKED AS AN EXHIBIT,

6    AND I THINK IT CAME IN AT THE END, THE DECLARATION DATED

7    NOVEMBER 13, 2011, OF MOISEY FRIDMAN.  EACH OF THESE

8    DOCUMENTS CLEARLY ESTABLISHED THAT BOTH THE CONTEMNERS

9    RECEIVED NOTICE OF THE TRO ON NOVEMBER 9TH, 2011, IN THE

10   EVENING.

11            WITH RESPECT TO EXHIBITS 8 AND 7, 8 IS THE

12   TYPEWRITTEN MEMO ADDRESSED TO ALL BEACHCREST OWNERS.  AND

13   IT STATES, "MY WIFE ROSA AND I HAVE BEEN ACCUSED BY THESE

14   RIDICULOUS CLAIM BY YOUR PRESIDENT KARL AVETOOM.  TODAY OUR

15   RIGHTS WERE VIOLATED BY MR. KARL AVETOOM WHEN HE LIED TO

16   THE JUDGE TO GET A RESTRAINING ORDER AGAINST US STOPPING US

17   FROM USING OUR MONEY.  THIS ORDER WILL NOT LAST AND

18   UNCONSTITUTIONAL."

19            IT GOES ON FOR THREE MORE PARAGRAPHS.  AND AT

20   THE END, IT IS -- THERE IS A TYPEWRITTEN "MOISEY AND ROSA

21   FRIDMAN."  IN PARENTHESIS, "OWNERS," "UNIT NUMBER 7."

22            THIS IS TYPEWRITTEN ON THE BACK OF A FAXED

23   TRANSMITTAL FROM 1993 TO A PERSON WHOSE NAME ISN'T

24   IMPORTANT, FROM MOISEY FRIDMAN.

25            THIS DOCUMENT IS IN, FOR ITS RELATIVE AGE,

26   PRETTY PRISTINE CONDITION.  THE DEFENDANT, MR. -- OR THE

1   CONTEMNER, MOISEY FRIDMAN, TESTIFIED THAT HE DID NOT

2   PREPARE THIS NOR DID HIS WIFE PREPARE IT.  AND THAT IT

3   WAS -- IT'S A FALSE DOCUMENT.

4           THAT TESTIMONY IS NOT CREDIBLE TO THE COURT AT

5   ALL.  FOR THE COURT TO BELIEVE THAT, THE COURT WOULD HAVE

6   TO BELIEVE THAT SOMEHOW SOMEONE ELSE GOT A HOLD OF THIS

7   1993 FAX DOCUMENT FROM MR. FRIDMAN TO ANOTHER PERSON, TAKEN

8   THAT BACK TO THEIR OWN HOME, CREATED THIS DOCUMENT, AND

9   THEN POSTED THIS DOCUMENT.  THAT IS A FAR STRETCH AND IS

10  ABSOLUTELY NOT BELIEVABLE TO THIS COURT.

11          THE STATEMENTS MADE IN EXHIBIT 8 ARE

12  CONSISTENT WITH WHAT THE OTHER TESTIMONY WAS.  AND SO IT IS

13  INDEPENDENTLY CORROBORATED BY BOTH JUDY ALTSHULER, WHO

14  TESTIFIED IN THIS CASE THAT SHE PERSONALLY SERVED THE

15  CONTEMNERS WITH THE TEMPORARY RESTRAINING ORDER.  THE

16  TESTIMONY OF PLAINTIFF KARL AVETOOM THAT HE WATCHED JUDY

17  ALTSHULER SERVE THE DEFENDANTS, EXCUSE ME, THE CONTEMNERS

18  WITH THE TRO.  AND MR. AVETOOM'S LATER TESTIMONY IS THAT

19  HE, IN FACT, SAW THE CONTEMNERS ACTUALLY POST EXHIBIT 8

20  ABOVE THE MAILBOXES.  AND ONCE HE SAW THEM POST IT AND

21  LEAVE, HE THEN WENT OVER TO THE DOCUMENT AND ACTUALLY TOOK

22  A PHOTOGRAPH OF IT AS IT WAS ON THE WALL.  THE PHOTOGRAPH

23  IS EXHIBIT 7 AND SHOWS EXHIBIT 8 AS POSTED ABOVE THE

24  MAILBOXES ON THE WALL.  THE PHOTO HAS A DATE STAMP ON IT OF

25  NOVEMBER 9, 2011.  ALL THAT IS CONSISTENT WITH JUDY

26  ALTSHULER'S TESTIMONY THAT SHE DID, IN FACT, SERVE THE

1   CONTEMNERS AND BOTH OF THEM ON NOVEMBER 9TH, 2011.

2              WHAT'S ALSO IMPORTANT ABOUT EXHIBIT 8 AS

3   PHOTOGRAPHED IN EXHIBIT 7 IS THE STATEMENT BY MOISEY AND

4   ROSA FRIDMAN, THE CONTEMNERS HERE, "THAT THIS RESTRAINING

5   ORDER IS TO STOP US FROM USING OUR MONEY."  THAT INDICATES

6   TO THIS COURT THAT THEY KNEW EXACTLY WHAT THIS TEMPORARY

7   RESTRAINING ORDER PROHIBITED THEM FROM DOING ON NOVEMBER

8   9TH.

9              NOW, THEIR NEXT SENTENCE, "THIS ORDER WILL NOT

10  LAST AND IS UNCONSTITUTIONAL" IS SOMETHING THAT HAS TO BE

11  DETERMINED BY THE COURT.  BUT CERTAINLY THEY HAD KNOWLEDGE

12  OF WHAT IT PROHIBITED THEM FROM DOING THE EVENING OF

13  NOVEMBER 9TH, 2011.

14             CONTEMNER MOISEY FRIDMAN'S TESTIMONY THAT THIS

15  CAME TO HIM IN AN ENVELOPE, IT WAS JUST LEFT AT THE DOOR,

16  HE DIDN'T READ IT OR KNOW OF ITS CONTENTS UNTIL THE NEXT

17  DAY WHEN HE SPOKE WITH HIS ATTORNEY, IS SIMPLY NOT CREDIBLE

18  BASED ON THE OVERWHELMING EVIDENCE OF SERVICE ON NOVEMBER

19  9TH, 2011.

20             THE CIRCUMSTANTIAL EVIDENCE THAT WAS ADMITTED

21  OF THE E-MAIL FROM MR. BUSH, THE CONTEMNERS' ATTORNEY AT

22  THE TIME, TO COUNSEL OF RECORD FOR PLAINTIFF, MR. MURRAY,

23  THE EVENING OF NOVEMBER 9, 2011, ADVISING THAT HIS CLIENTS

24  WERE PERSONALLY SERVED WITH THE TRO THAT EVENING FURTHER

25  CORROBORATES THAT FRIDMANS' -- THE CONTEMNERS' RECEIVED THE

26  TRO ON NOVEMBER 9TH AND ACTUALLY KNEW WHAT THEY HAD

1    RECEIVED.  OTHERWISE, IT IS IMPOSSIBLE FOR MR. BUSH TO HAVE

2    KNOWN WHAT THEY RECEIVED AS HE WAS NOT SERVED WITH A COPY

3    OF IT AT THAT TIME.

4              SO THE COURT DOES FIND THAT THE PLAINTIFF HAS

5    MET THEIR BURDEN OF PROVING THAT THE DEFENDANT HAD

6    KNOWLEDGE OF THE TEMPORARY RESTRAINING ORDER, WHICH IS THE

7    DOCUMENT -- THE ORDER THAT THEY HAVE BEEN ALLEGED TO HAVE

8    VIOLATED.

9              THE NEXT ELEMENT IS DEFENDANT'S ABILITY TO

10   COMPLY.  THE TESTIMONY IN THIS CASE WAS THAT -- OR THE

11   EVIDENCE IN THIS CASE IS THAT THEY RECEIVED IT AND THEY

12   HAVE PROCEEDED IN THESE PROCEEDINGS AND THIS COURT PRESIDED

13   OVER THE JURY TRIAL IN THIS MATTER AND ALL OF THE

14   POST-TRIAL MOTIONS.  AND THERE HAS BEEN NO EVIDENCE THAT

15   THE FRIDMANS AND CONTEMNERS WERE UNABLE TO UNDERSTAND THESE

16   DOCUMENTS AS WRITTEN.

17             IN FACT, AGAIN, I GO BACK TO EXHIBIT NUMBER 8,

18   WHICH IS EVIDENCE THAT THEY DID, IN FACT, UNDERSTAND IT

19   AND, THEREFORE, HAD THE ABILITY TO COMPLY AS IT SIMPLY

20   REQUIRED THEM NOT TO DISPOSE OF A RIGHT TO PAYMENT OR

21   TRANSFER ASSETS OR ASSIGN ANY ASSETS AWAY.

22             SO THIS COURT FINDS THAT THE PLAINTIFF HAS MET

23   THEIR BURDEN BEYOND A REASONABLE DOUBT OF SHOWING THE

24   DEFENDANTS' ABILITY TO COMPLY WITH THE ORDER.

25             THE PLAINTIFF ALSO HAS TO PROVE BEYOND A

26   REASONABLE DOUBT THAT THE DEFENDANTS WILLFULLY DISOBEYED

1    OF $1,000.

2                  (D)   EXECUTION OF THE SENTENCE OF THE COURT IS

3    NOT STAYED AND CONTEMNER IS ORDERED TO PAY THE FINE BY

4    AUGUST 14, 2014.

5                  (E)   THAT THE CLERK OF THE COURT IS ORDERED

6    IMMEDIATELY TO FILE THIS ORDER AND ENTER THE CONTEMPT ON

7    THE DOCKET OF THE COURT AND TO DELIVER TO CONTEMNER A COPY

8    OF THIS ORDER.

9                  PAYMENT OF THE SENTENCE IS TO BE MADE PAYABLE

10   TO THE ORANGE COUNTY SUPERIOR COURT AND MAY BE PAID AT ANY

11   BRANCH OFFICE CLERK'S OFFICE.

12                 I AM DELIVERING TO MY CLERK AT THIS TIME THE

13   ORDER AND JUDGMENT OF CONTEMPT FOR MOISEY FRIDMAN AND ROSA

14   FRIDMAN SO THAT HE MAY HAVE COPIES AND HAVE THESE DOCUMENTS

15   ENTERED ON THE RECORD AND SERVED ON THE DEFENDANTS --

16   CONTEMNERS.

17                 THE PLAINTIFF HAS REQUESTED ATTORNEY'S FEES.

18   ATTORNEY'S FEES ARE RECOVERABLE IN THESE PROCEEDINGS.  THE

19   COURT WILL RETAIN JURISDICTION OF THIS MATTER FOR THE

20   PURPOSES OF DETERMINING ATTORNEY'S FEES UPON SUBMISSION OF

21   AN APPROPRIATE MOTION.

22         MR. MURRAY:  THANK YOU, YOUR HONOR.

23         THE COURT:  THANK YOU, FOLKS.

24                 JUST HAVE THE FRIDMANS WAIT TO BE SERVED WITH

25   THE ORDER, PLEASE.

26         MR. MURRAY:  YOUR HONOR, COURT HAD INDICATED THE

1   PHOTOGRAPH -- I THINK UNLESS WE HEARD INCORRECTLY, THE

2   COURT SAID THE PHOTOGRAPH WAS DATED NOVEMBER 11TH, 2011.

3          THE COURT:  SORRY, NOVEMBER 9, 2011.

4          MR. MURRAY:  I DIDN'T KNOW IF THAT'S IN THE WRITTEN

5   ORDER.

6          THE COURT:  IT SHOULD BE 9.  (PAUSE.)

7              I DO NEED TO CORRECT THAT.  IT'S NOVEMBER 9TH.

8   THE RECORD SHOULD REFLECT THAT THE EXHIBIT 7 AS WELL AS

9   8 -- OR THE DATE STAMP IS NOVEMBER 9, 2011, ON EXHIBIT 7.

10

11                        * * * * * *

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1                        REPORTER'S CERTIFICATE

2

3

4

5    STATE OF CALIFORNIA          )
                                  )    SS.
6    COUNTY OF ORANGE             )

7

8

9        I, DONNA L. COX, CSR NO. 6984, DO HEREBY CERTIFY THAT

10   THE FOREGOING TRANSCRIPT IS A FULL, TRUE, AND CORRECT

11   TRANSCRIPT OF MY SHORTHAND NOTES AND A FULL, TRUE, AND

12   CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID CAUSE.

13

14   DATED: _9-8-14_____

15

16

17                              _Donna L. Cox_____
18                              DONNA L. COX, CSR #6984

19

20

21

22

23

24

25

26

*EXHIBIT "14"*

1  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   IRV M. GROSS (SBN 53659)
2  10250 Constellation Boulevard, Suite 1700
   Los Angeles, CA 90067
3  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
4  Email: img@lnbyb.com

5  Attorneys for Karl Anderson, Chapter 7 Trustee

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                  SANTA ANA DIVISION

10 | In re:                              | Bk. No. 8:12-bk-11721-ES

11 | MOISEY O. FRIDMAN and ROSA A.       | Chapter 7
12 | FRIDMAN,                            | Adv. No. 8:13-ap-01253-ES
13 |            Debtors.                 |
                                         | **STIPULATION FOR ENTRY OF**
14 |                                     | **JUDGMENT DENYING THE DEBTORS**
                                         | **THEIR DISCHARGES**
15 | KARL ANDERSON, CHAPTER 7 TRUSTEE,   |
                                         | **Trial Date: January 29, 2015**
16 |            Plaintiff,               | **Time: 9:30 a.m.**
                                         | **Courtroom: 5A**
17 |                                     |
18 | MOISEY O. FRIDMAN and ROSA A.       |
19 | FRIDMAN,                            |
   |            Defendants.              |
20 |                                     |

21      Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee ("Trustee") in

22 the bankruptcy case of Moisey O. Fridman and Rosa A. Fridman (the "Fridmans"), and the

23 Fridmans, and each of them, enter into this stipulation for entry of a judgment in favor of the

24 Trustee and against the Fridmans, and each of them, for denial of their respective discharges, as

25 follows:

26

27

28 | DALLAS 1796792v2

## RECITALS

1.     On February 10, 2012, the Fridmans filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Santa Ana Division, commencing the bankruptcy case styled *In re Moisey O. Fridman and Rosa A. Fridman., Debtors* ("the Bankruptcy Case"). On May 24, 2012, the Bankruptcy Case was converted to a case under Chapter 7, and the Trustee was thereafter appointed.

2.     On July 30, 2013,  the Trustee filed a complaint (the "Complaint") commencing the adversary proceeding styled *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and Rosa A. Fridman*, Adv. No. 2:12-ap-01124-BR. (the "Adversary Proceeding"). The Complaint seeks an order denying the Fridmans, and each of them, their respective discharges in bankruptcy.

3.     On August 26, 2013, the Fridmans filed their answer to the Complaint.

4.     Trial of the Adversary Proceeding was scheduled for January 29, 2015.

WHEREFORE, the Trustee and the Fridmans, and each of them, hereby stipulate:

## STIPULATION

1.     A judgment ("Judgment") shall be entered on the entire Complaint, and on each Claim for Relief set forth therein, in favor of the Trustee and against the Fridmans, and each of them;

2.     The Judgment shall provide that: (i) Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy; (ii) Nothing in the Judgment shall affect any rights the Trustee may have with respect to any person or entity other than the Fridmans, and each of them.

DALLAS 1796792v2

1    **IT IS SO STIPULATED.**

2

3    Dated: 02/06/2015                                    _____
                                                          **KARL T. ANDERSON**
4                                                         Chapter 7 Trustee

5    Dated: 01/30, 2015                                   _____
                                                          **MOISEY O. FRIDMAN**
6

7    Dated: 01/30, 2015                                   _____
                                                          **ROSA A. FRIDMAN**
8

9

10   APPROVED AS TO FORM AND CONTENT:

11   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

12

13   _____
     IRV M. GROSS
14   Attorneys for Karl T. Anderson, Ch. 7 Trustee

15

16   LAW OFFICES OF JOHN D. OTT
     A PROFESSIONAL CORPORATION

17

18

19   Attorney for Moisey O. Fridman and Rosa A. Fridman

20

21

22

23

24

25

26

27
                                                    -3-
28   DALLAS 1796792v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

True and correct copies of the foregoing documents described as STIPULATION FOR ENTRY OF JUDGMENT DENYING THE DEBTORS THEIR DISCHARGES to be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 9, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)
edansie@hotmail.com, kanderson@ecf.epiqsystems.com

Todd A Frealy on behalf of Plaintiff Karl Anderson
taf@lnbrb.com

Irving M Gross on behalf of Plaintiff Karl Anderson
img@lnbrb.com, angela@lnbrb.com

Juliet Y Oh on behalf of Plaintiff Karl Anderson
jyo@lnbyb.com, jyo@lnbrb.com

John D Ott on behalf of Defendant Moisey O. Fridman
Jott@jdolawyers.com

John D Ott on behalf of Defendant Rosa A. Fridman
Jott@jdolawyers.com

Lindsey L Smith on behalf of Plaintiff Karl Anderson
lls@lnbyb.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **February 9, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 9, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers Copies via Overnight Delivery
Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Chambers 5040
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 9, 2015 | John Berwick | */s/ John Berwick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

*EXHIBIT "15"*

1 | D. MICHAEL BUSH ESQ.: SBN: 101601
**LAW OFFICES OF D. MICHAEL BUSH**
2 | 9 Corporate Park Suite 100
Irvine, California 92606-5171 (949) 650-2009 Fax (949) 271-4553
3 | Attorneys for Defendants, MOISEY FRIDMAN and ROSA FRIDMAN

4

5 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

6 | CENTRAL JUSTICE CENTER

| | |
|---|---|
| 7 | KARL AVETOOM, an individual, | **Case No.: 30-2010-00345490** |
| | Plaintiff, | **Unlimited Jurisdiction** |
| 8 | | |
| | vs. | **NOTICE OF EX PARTE REQUEST TO** |
| 9 | LYNSEY ARCE, aka LYNSEY DIOSA | **VACATE THE TEMPORARY** |
| | ARCE an individual, MOISEY FRIDMAN | **RESTRAINING ORDER AND OSC** |
| 10 | and ROSA FRIDMAN, as individuals, and | **RE;WHY A PRELIMINARY** |
| | DOES 1 through 50, | **INJUNCTION SHOULD NOT ISSUE;** |
| 11 | | **MEMORANDUM OF POINTS AND** |
| | | **AUTHORITIES; DECLARATIONS OF** |
| 12 | | **MOISEY FRIDMAN AND D. MICHAEL** |
| | | **BUSH** |
| 13 | Defendants. | |
| | | **DATE: November 15, 2011** |
| 14 | | **TIME:  8:30 AM** |
| | | **DEPARTMENT: H-12 HARBOR JUSTICE** |
| 15 | | **CENTER** |
| 16 | | **TRIAL JUDGE: HONORABLE KAREN L.** |
| | | **ROBINSON** |
| 17 | | **Complaint filed: February 18, 2010** |
| 18 | | **Trial Date: October 17, 2011** |

19 | TO ALL PARTIES AND THEIR ATTORNEY OF RECORD PLEASE TAKE NOTICE THAT

20 | THE FRIDMAN DEFENDANTS WILL MOVE FOR EX PARTE ORDER AS FOLLOWS:

21

22 | **DATE:** November 15, 2011

23 | **TIME:** 8:30 AM

24 | **DEPARTMENT:** H-12 HARBOR JUSTICE CENTER

25 | **RELIEF SOUGHT:** VACATE THE TEMPORARY RESTRAINING ORDER AND

26 | OSC RE; WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
-1-

D. MICHAEL BUSH ESQ.: SBN: 101601
**LAW OFFICES OF D. MICHAEL BUSH**
9 Corporate Park Suite 100
Irvine, California 92606-5171 (949) 650-2009 Fax (949) 271-4553
Attorneys for Defendants, MOISEY FRIDMAN and ROSA FRIDMAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| KARL AVETOOM, an individual, <br> Plaintiff, <br><br> vs. <br><br> LYNSEY ARCE, aka LYNSEY DIOSA ARCE an individual, MOISEY FRIDMAN and ROSA FRIDMAN, as individuals, and DOES 1 through 50, <br><br> Defendants. | Case No.: 30-2010-00345490 <br> **Unlimited Jurisdiction** <br><br> **DECLARATION OF MOISEY FRIDMAN** <br><br> **DATE:** November 15, 2011 <br> **TIME:** 8:30 AM <br> **DEPARTMENT: H-12 HARBOR JUSTICE CENTER** <br><br> **TRIAL JUDGE: HONORABLE KAREN L. ROBINSON** <br><br> **Complaint filed:** February 18, 2010 <br> **Trial Date:** October 17, 2011 |

I, Moisey Fridman, declare as follows:

1. I am 80-years-old and am a defendant in this action.

2. Attached as Exhibit "A" to my declaration is what I believe to be a true and correct copy of the "ASSIGNMENT OF JUDGMENT" that my wife and I signed on April 11, 2011, except for the stamp on the upper right hand corner of the first page.

3. The "ASSIGNMENT OF JUDGMENT" had to do with case against The Beach Crest Villas Homeowners Association ("HOA case") regarding the air conditioning unit that the arbitrator decided we could keep in our home.

4. We didn't pay legal fees to Darling & Risbrough, our attorneys for the "HOA case."

5. I understand that we were awarded attorney's fees and costs regarding the "HOA case" and costs relative to the appeals that were resolved in our favor.

6. I believed and still believe that the attorney's fees and cost regarding the "HOA case" should be paid directly to the firm of Darling & Risbrough.

7. I had no input whatsoever regarding the timing of the filing of the "ASSIGNMENT OF JUDGMENT."

8. The notice regarding the Temporary Restraining Order was served on me personally by Judy Alschuler in the evening November 9, 2011, which I found very distrubing.

9. I don't want to violate a Temporary Restraining Order or even be accused of one. Based on the wording, I don't know if I can buy anything and if I can pay my attorneys. I am very concerned and scared. I have enough health problems and I don't need this added stress.

I declare under penalty of perjury under the laws of the State of California that he foregoing is true and correct.

Dated: November 13 2011

By: _____
MOISEY FRIDMAN

*EXHIBIT "16"*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/23/2014 at 12:40:00 PM
Clerk of the Superior Court
By Eleanor Sutter,Deputy Clerk

**THE LAW OFFICE OF JOHN D. OTT,**
**A PROFESSIONAL CORPORATION**
John D. Ott, State Bar No. 160191
550 N. Parkcenter Dr., Suite 204
Santa Ana, California 92705
Telephone: (714) 564-9033
Facsimile: (714) 564-1685

Attorneys for Defendants Moisey Fridman and Rosa Fridman

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE - HARBOR JUSTICE CENTER

| | |
|---|---|
| IN THE MATTER OF KARL AVETOOM vs. MOISEY FRIDMAN AND ROSA FRIDMAN, <br><br> ROSA FRIDMAN, Contemnor | Case No. 30-2010-00345490 <br><br> ASSIGNED FOR ALL PURPOSES: <br> JUDGE Karen L. Robinson <br> DEPT. H12 |
| IN THE MATTER OF KARL AVETOOM vs. MOISEY FRIDMAN AND ROSA FRIDMAN, <br><br> MOISEY FRIDMAN, Contemnor | DECLARATION OF MOISEY FRIDMAN IN RESPONSE TO OSC RE CONTEMPT <br><br> DATE: May 23, 2014 <br> TIME: 1:30 p.m. <br> DEPT: H12 |

**I, MOISEY FRIDMAN, declare as follows:**

1.     I am over the age of 18 and am a resident in the County of Orange, State of California. I know the following facts to be true of my own personal knowledge and, if called as a witness, could and would competently testify with respect thereto.

2.     The TRO on which this action is based was issued by the Court at the request of Plaintiff without notice of a hearing to me or to my counsel. I had no knowledge that such an order was being sought. Contrary to the alleged proof of service, I was not personally served with the TRO on November 9, 2011. I found a closed envelope that had been shoved under my door later that evening when Rosa Fridman and I arrived home. I do not believe I opened the envelope that night. I was not aware of any restriction against drawing

1

1  on my line of credit on the morning of November 10, 2011.  I did not draw on the line of

2  credit again during the time the TRO was in effect.

3  3.      I did not do any acts which I believed were in violation of the TRO at any time and

4  had no intention to violate the order.  I took the order seriously.  I am informed that the TRO

5  was amended on November 15, 2011 and the a preliminary injunction was issued on

6  November 22, 2011 following a hearing on November 18, 2011.  The preliminary injunction

7  expired on January 23, 2012.

8

9  I declare under penalty of perjury under the laws of the State of California that the foregoing

10  is true.

11  Executed this 23rd day of May, 2014 in Santa Ana, California

12

13

14  MOISEY FRIDMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*EXHIBIT "17"*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
06/09/2014 at 02:46:00 PM
Clerk of the Superior Court
By Lateasha M Stallworth,Deputy Clerk

1  THE LAW OFFICE OF JOHN D. OTT,
   A PROFESSIONAL CORPORATION
2  John D. Ott, State Bar No. 160191
   550 N. Parkcenter Dr., Suite 204
3  Santa Ana, California 92705
   Telephone: (714) 564-9033
4  Facsimile: (714) 564-1685

5  Attorneys for Defendants Moisey Fridman and Rosa Fridman

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF ORANGE - HARBOR JUSTICE CENTER

10

11 IN THE MATTER OF KARL AVETOOM vs. )   Case No. 30-2010-00345490
   MOISEY FRIDMAN AND ROSA FRIDMAN, )

12 ROSA FRIDMAN, Contemnor          )   ASSIGNED FOR ALL PURPOSES:
                                    )   JUDGE Karen L. Robinson
13                                  )   DEPT. H12
                                    )
14 _____   )
                                    )
15 IN THE MATTER OF KARL AVETOOM vs. )   NOTICE OF WITHDRAWAL OF
   MOISEY FRIDMAN AND ROSA FRIDMAN, )   DECLARATION OF MOISEY FRIDMAN
                                    )   FILED IN RESPONSE TO OSC RE
16 MOISEY FRIDMAN, Contemnor        )   CONTEMPT
                                    )
17 _____   )   DATE: June 10, 2014
                                        TIME: 1:30 p.m.
18                                      DEPT: H12

19

20     Please take notice that the Declaration of Defendant Moisey Fridman In Response

21 to OSC Re Contempt in advance of the hearing set for May 23, 2014 is hereby withdrawn.

22

23                              Respectfully submitted,

24                              THE LAW OFFICE OF JOHN D. OTT, A
25                              PROFESSIONAL CORPORATION

26 DATED: June 9, 2014
27                              By: _____
                                   JOHN D. OTT
                                   Counsel for Moisey Fridman and Rosa
28                                 Fridman

                                   1

1                            **<u>PROOF OF SERVICE BY MAIL</u>**

2 STATE OF CALIFORNIA, COUNTY OF ORANGE

3        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 550 North Parkcenter Drive, Suite

4 204, Santa Ana, CA 92705.

5        On June 9, 2014, I served the foregoing document described as NOTICE OF WITHDRAWAL OF DECLARATION OF MOISEY FRIDMAN FILED IN RESPONSE

6 TO OSC RE CONTEMP on the interested parties in this action as follows:

7 Charles Murray III
523 West Sixth St., Suite 707

8 Los Angeles, CA 90014
Fax: (213) 627-6051

9

By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

10

11 ☐   **BY PERSONAL SERVICE (CCP §1011):** I delivered such envelope(s) by hand to the addressee(s) as stated above.

12 ☐   **BY MAIL (CCP §1013(a)&(b)):** I am "readily familiar" with the firm's practice

13 of collection and processing correspondence and other documents for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if

14 postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16 ☐   **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d):** I am "readily familiar" with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly

17 maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this

18 declaration was executed, with delivery fees fully provided for at 550 North Parkcenter Drive, Suite 204, Santa Ana, CA 92705.

19

20 ☒   **BY FACSIMILE:** Pursuant to CCP §1013(e) and (f) and CRC Rule 2008, on JUNE 9, 2014, at approximately 2.45 p.m. I served the above stated document by facsimile

21 from the facsimile machine of the Law Office of John D. Ott, whose number is (714) 564-1685 to the addressee(s) at the facsimile numbers as stated in the service

22 list. The facsimile machine used complies with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission by facsimile was reported as complete and without error.

23

Executed on JUNE 9, 2014, at Santa Ana, California.

24

25        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

27                               GRISELDA BASTIAN

28

## DECLARATION OF CHARLES L. MURRAY III.

I, Charles L. Murray III, hereby declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California courts and admitted to practice law in the Central District Federal Courts, including the Federal Bankruptcy Courts therein.

2.    I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

3.    On or around April 14, 2021 I was included in an email exchange involving Karl Avetoom, Scott Talkov and other third parties, including an email from a Victor Balakin.  The general theme of the emails was Scott Talkov's accusations that Mr. Avetoom was Mr. Balakin. In this email chain Mr. Talkov ultimately wrote that he had spoken to Mr. Balakin, at which time he then wrote that Mr. Balakin was not Mr. Avetoom, but rather another party who worked against the Fridmans.  I asked Mr. Talkov to provide the Zoom hearing information for the April 15, 2021 hearing to Mr. Balakin.  Mr. Talkov declined to do so. A true and correct copy of this email chain is attached to the declaration of Karl Avetoom as Exhibit "1".

4.    I was the trial counsel of record for Mr. Avetoom in *Avetoom v. Arce, et al* OCSC 30-2010-00345490.  I do not recall the specific date but on or around 2012 during a settled statement hearing, I recollect Moisey Fridman referred to Judge Karen Robinson using a "N" word following a court hearing after one of the Fridmans' attempts for a settled statement had been denied.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed November 30, 2021 in Los Angeles, California.

By:    *Charles L. Murray III*
       _____

       Charles L. Murray III.

**DECLARATION OF BRYAN SWEZEA**

I, Bryan Swezea, hereby declares as follows:

1.      I have personal lknowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2.      I have a Bachelor's degree in computer information technology.  I have testified as an expert in legal proceedings.  I have worked on webpages including WordPress template based webpages for over ten years.  I am familiar with the internet archive website, Waybackmachine.  I am competent in Adobe applications, including Acrobat and Photoshop.

3.      I have reviewed Defendant Rosa Fridman's Motion for Sanctions, including images incorporated into the Motion that appear to be of two items, first a Safari web browser containing the second item, a webpage of condodefense.com.

4.      The internet archive website, waybackmachine, captures random images of webpages from the internet.  This archive does not capture all changes to webpages each time a webpage is changed.  It is my opinion that the Waybackmachine website is not truly accurate as to the entire history of a website at all points in time.

5.      The images in Defendant's Motion shows that they are using a version of Adobe Acrobat that has the ability to alter a PDF, an "Edit" function appears in these images.  It appears that the person using this program is able to alter the Safari toolbar but not the text of the actual webpage contained within the Safari browser window.

6.      I am also experienced in Adobe Photoshop for over fifteen years.  Relative to the images and files in the Defendant's Motion containing the condodefense.com website, a person could not use Photoshop to alter the actual text of this webpage.

7.      It is my professional opinion that the text of the shown condodefense.com webpage in the Motion, built on a WordPress template, has not been altered.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed in Huntington Beach, California on November 29, 2021.

By: _____Bryan Swezea_____
Bryan Swezea

**Signature:** _Bryan Swezea_
Bryan Swezea (Nov 29, 2021 21:03 PST)
**Email:** bryan@bryanthecomputerguy.com

# Swezea Dec

**Final Audit Report** 2021-11-30

| | |
|---|---|
| Created: | 2021-11-30 |
| By: | Karl Avetoom (karl@threelionz.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFUe-H04yOgIE5lqXsuAl0HTWIe2_H4Ww |

## "Swezea Dec" History

📄 Document created by Karl Avetoom (karl@threelionz.com)
2021-11-30 - 5:00:35 AM GMT- IP address: 76.169.238.124

📧 Document emailed to Bryan Swezea (bryan@bryanthecomputerguy.com) for signature
2021-11-30 - 5:01:38 AM GMT

📄 Email viewed by Bryan Swezea (bryan@bryanthecomputerguy.com)
2021-11-30 - 5:01:54 AM GMT- IP address: 66.249.88.167

✍️ Document e-signed by Bryan Swezea (bryan@bryanthecomputerguy.com)
Signature Date: 2021-11-30 - 5:03:03 AM GMT - Time Source: server- IP address: 75.82.215.0

✅ Agreement completed.
2021-11-30 - 5:03:03 AM GMT

**Adobe Sign**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled PLAINTIFFF KARL AVETOOM'S
OPPOSITION TO DEFENDANT ROSA FRIDMAN'S MOTION FOR SANCTIONS; DECLARATION OF
KARL AVETOOM, CHARLES L. MURRAY AND BRYAN SWEZEA
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)** 2edansie@gmail.com, kanderson@ecf.axosfs.com
**Scott Talkov** scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


November 30, 2021      Sal W. Hanna
_____          _____
*Date*                      *Printed Name*                            *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.