FILED
DEC 0 1 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

ENTERED
DEC 0 1 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br>ROSA A FRIDMAN,<br>    Debtor. | Chapter 7<br>BK. No.  8:21-bk-10513-ES<br><br>ADV. No. 8:21-ap-01023-ES |
| KARL AVETOOM,<br>    Plaintiff,<br>v.<br>ROSA FRIDMAN,<br>    Defendants. | **ORDER DENYING DEFENDANT ROSA FRIDMAN'S MOTION FOR LEAVE TO FILED AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: November 9, 2021<br>Time: 10:30 a.m.<br>Place: Courtroom 5A- via Zoom |

"Defendant Rosa Fridman's Motion for Leave to File Amendment to Answer to Plaintiff's First Amended Complaint" [Docket # 35] (the "Motion") came on for hearing before the Honorable Erithe A. Smith, United States Bankruptcy Judge, on November 9, 2021 at 10:30 a.m. Appearances were made as noted on the Court's record.

Based upon the evidence presented and good cause appearing, it is hereby

/ / /

ORDERED that the Motion is denied for the reasons stated in the tentative ruling attached hereto as "Exhibit 1."

December 1, 2021

Erithe Smith
U.S. Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit 1

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Tuesday, November 9, 2021**                                                                  Hearing Room    5A

10:30 AM
**8:21-10513    Rosa A Fridman**                                                                  **Chapter 7**
Adv#: 8:21-01023    Avetoom v. Fridman

#12.00    Hearing RE: Defendant Rosa Fridman's Motion for Leave to File Amendment to Answer to Plaintiff's First Amended Complaint

Docket    35

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

**Novmber 9, 2021**

Deny the Motion.

<u>Basis for Tentative Ruling</u>:

Under FRCP 15(a)(2), made applicable herein by FRBP 7015, a party may amend its pleading "only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." *Id.*

Leave to amend a complaint or claim is generally within the discretion of the bankruptcy court and is reviewed under the abuse of discretion standard. *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir. 1982). Federal Rule of Civil Procedure 15 (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015) provides that a party may amend the party's pleading by leave of court and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit applies this rule with "extreme liberality." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997). In exercising its discretion, a bankruptcy court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *In re Magno*, 216 B.R. 34 (9th Cir. BAP 1997). A bankruptcy court considers the following factors in determining whether a motion to amend should be granted: (1) undue delay;

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Tuesday, November 9, 2021                  Hearing Room    5A

**10:30 AM**
**CONT...**     **Rosa A Fridman**                                           **Chapter 7**

(2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn v. Retirement Fund Trust of Plumbing, Etc.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

    Here, Plaintiff's request is denied because an amended answer would be futile. Debtor was denied discharge of her debts pursuant to 11 U.S.C. § 727(a)(2), (4), and (5) in Debtor's prior bankruptcy case (8:12-bk- 11721-ES). Subsequently, this Court provisionally granted summary judgment on September 9, 2021 because Defendant was entitled to judgment as a matter of law under 11 USC 523(a)(10) subject to Defendant filing a motion for terminating sanctions. See dkt. 29. Defendant has been given the opportunity to address the alleged misconduct by Plaintiff by filing terminating sanctions. The Court asked the Defendant to include a brief on the legal effect of terminating sanctions on the ultimate issue of the applicability of 523(a)(10). The Defendant did not provide any authority to address how adding an affirmative defense of unclear hands, which would have the same effect as terminating sanctions if successful, will provide relief for the Defendant from the previous non-dischargability determination.

    *Special note: The court notes parenthetically that the Motion is unsupported by any substantiating declaration or documentary evidence. However, the absence of such factual evidence is ultimately irrelevant to the important legal issues discussed above.*

### Party Information

**Debtor(s):**

| | |
|---|---|
| Rosa A Fridman | Represented By<br>Scott Talkov |

**Defendant(s):**

| | |
|---|---|
| Rosa Fridman | Represented By<br>Scott Talkov |

**Plaintiff(s):**

| | |
|---|---|
| Karl Avetoom | Pro Se |

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

| Tuesday, November 9, 2021 | Hearing Room 5A |
|---|---|

**10:30 AM**
**CONT...    Rosa A Fridman**                                                              Chapter 7

**Trustee(s):**
   Karl T Anderson (TR)                    Represented By
                                                       Melissa Davis Lowe