Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Rosa Fridman<br>　　　　　　　Debtor<br><br>Karl Avetoom<br>　　　　　　　Plaintiff<br>　　v.<br>Rosa Fridman<br>　　　　　　　Defendant | Case No:　8:21-bk-10513-ES<br><br>Adversary Case No:　8:21-ap-01023-ES<br><br>Hon: Erithe A. Smith<br>Chapter 7<br><br>**PLAINTIFFF KARL AVETOOM'S OBJECTIONS AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS AGAINST SCOTT TALKOV FOR INTENTIONALLY MISREPRESENTING CASE LAW TO MISLEAD THIS COURT.**<br><br>**Hearing Info:**<br>December 16, 2021<br>2:00 p.m.<br>Courtroom 5A (via remote appearance)<br>411 W. Fourth St. Santa Ana CA 92701<br><br>　Related to Doc. 71 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD:**

　　Plaintiff and Creditor Karl Avetoom hereby submits his Objection and request for Rule 9011 sanctions against Defendant's attorney, Scott Talkov, for deliberately misrepresenting case law to this Court. This Court has made it abundantly clear on September 9, 2021 and November 9, 2021 and again on December 2, 2021, that Defendant <u>must</u> provide case law that provides relief from Section

523(a)(10). Unable to do so, Attorney Scott Talkov has chosen to intentionally misrepresent case law in his Reply to mislead this Court that relief is available. Rule 9011 prohibits an attorney from signing a pleading for improper purposes such as:

> (b)(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

**Mr. Taklov's first misrepresentation of law occurs in his first page:**

> In fact, two bankruptcy court opinions discussed below dismissed a plaintiff's 523(a)(10) action on the merits, i.e., with prejudice. As one court explained a the effect of the dismissal of a 523(a)(10) action: "Therefore, said debt is discharged." *In re Gilliam*, 467 B.R. 825, 829 (Bankr. W.D. Pa. 2012). The same will be true upon dismissal with prejudice via terminating sanctions, under FRCP 41(b). Page 1, Ln. 20-24.

Talkov has ignored this Court's instructions yet again. See Talkov Decl. Exhibit "1" and "2", copy of the Orders inserted to further mislead the Court that Talkov has found law that applies.

In *Gilliam* the Court of Appeal held that the **"Based on the facts presented, the debt to Plaintiff did not arise until after the previous bankruptcy case closed. Therefore, § 523(a)(10) is not applicable to these facts."** *In re Gilliam* (Bankr. W.D. Pa. 2012) 467 B.R. 825, 829. There is simply no excuse for this misrepresentation of law. It is found on the same page cited my Mr. Talkov. *Gilliam* does not apply to Section 423(a)(10), not even under Rule 11 standards.

Talkov knows the facts and law are different, in citing *In re Washington*, No. 08-11885, 2009 WL 1939049, at *6 (Bankr. D. Kan. July 6, 2009) found that "The judgment in the 2005 adversary was entered long after the 2004 bankruptcy was filed. Thus, the judgment was not a debt that was or could have been listed or scheduled by the debtor in the 2004 case and can not be excepted from discharge in

this case under § 523(a)(10)." Same law and facts as in *Gilliam* which Talkov advances without merit.

**Talkov then misrepresents to this Court the existence of additional § 523(a)(10) authority to give the false appearance that there is law that is factually identical to this case.**

"Other 523(a)(10) plaintiffs have lost their cases on the merits. *In re Moretti*, 278 B.R. 300 (Bankr. D.R.I. 2002); *In re Tyler*, 139 B.R. 733 (D. Colo. 1992)." Reply page 6:1-2.

Again both cases do not apply to Section 523(a)(10). Taklov has offered two more cases that do not involve Section 523(a)(10), but yet he misrepresents to this Court that they do and provide the Answer to a question of law required by this Court.[1]

*In re Moretti* (Bankr. D.R.I. 2002) 278 B.R. 300, 301 held "Osenkowski does not argue that the Debtor formally waved his discharge under Section 727(a)(10), or that he was denied a discharge in the prior bankruptcy—either of which would be necessary to bring this matter within the purview of Section 523(a)(10)." ***Morretti* clearly did not apply to Section 523(a)(10)**. But Talkov represents that it did to mislead the Court into thinking he's found the answer the Court wants.

*In re Tyler*, 139 B.R. 733, 736 (D. Colo. 1992) held that the bankruptcy court *"treated the complaint as one arising* **§ 523(a)(3)** *and applied Padilla to dismiss the complaint."* Again not a 523(a)(10) case as represented by Mr. Talkov.

### I. ATTORNEY SCOTT TALKOV MISREPRESENRTATION OF LAW FRIVOLOUSLY OFFERS LEGAL CONTENTIONS THAT ARE FRIVOLOUS.

Talkov's citation to *Gilliam* and *Washington* are factually "apples to oranges" as this Court warned of. Both cases didn't apply Section 523(a)(10) because the debts did not exist in the first bankruptcy case. 100% opposite of this case, where Talkov' Answer admits the debt existed in the earlier case.

---

[1] **See page 6, Lns. 3-4** *"The answer as to the effect of dismissal of a 523(a)(10) action as to the non-prevailing plaintiffs in Gilliam, Washington…"*

*Moretti* and *Tyler* did not even apply to Section 523(a)(10). *Moretti* there was no waiver or denial of discharge to invoke Section 523(a)(10). In Talkov's case, his client admittedly were denied discharge in their 2012 bankruptcy case. Mr. Talkov has again advanced frivolous legal contentions that do not even apply to the case before the Court.

*Tyler* was decided under Section 523(a)(3), not Section 523(a)(10). Again Mr. Talkov has advanced legal case law that does not apply to this Court's instruction to find law specific to Section 523(a)(10).

## II. THERE IS NEW ARGUMENT AND EVIDENCE IN THE REPLY THAT THIS COURT SHOULD NOT CONSIDER.

On December 2, 2021 Plaintiff informed this Court that Scott Talkov has been communicating with the Orange County District Attorney's office in an attempt to prevent Plaintiff from obtaining relief from his conviction. The Court asked what this has to do with the bankruptcy case. Aside from the judicial notice filed in this matter, the Reply contains new argument relating to the post conviction relief proceedings in State Court.

Undeniably this is new material, repleat with scurrilous allegations against Plaintiff, a private investigator and two retired police officers (Reply at pp 12, 20-22).

Talkov resorts to defaming two retired police officers for no apparent reason.

This is all new argument in a Reply which should be stricken. But it does prove Talkov's scorched earth approach to retaliate against Plaintiff that has justified a bar complaint and investigation into Talkov's history of trying to extort a settlement by threatening witnesses in this case.

## III. CONCLUSION.

This Court gave specific instructions on December 2, 2021, September 9, 2021 and November 9, 2021. Mr. Talkov has ignored this Court's instructions and has attempted to mislead this Court by offering case law that doesn't even apply to the facts and Section 523(a)(10). In addition, rather than include this misleading authority in his Opening brief, Taklov has attempted to sandbag both Plaintiff and this Court by misrepresenting case law at the 11th hour.

It is clear Defendant's counsel could not find any law that met this Court's mandatory requirement to grant his Motion and avoid entry of summary judgment. Rather than simply concede, Mr. Talkov has signed a pleading that misrepresents four cases to this Court to deceive the Court as to legal contentions that are frivolous and unsupported.

Dated December 7, 2021

By:    */s/ Karl Avetoom*

Karl Avetoom

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled PLAINTIFFF KARL AVETOOM'S OBJECTIONS AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS AGAINST SCOTT TALKOV FOR INTENTIONALLY MISREPRESENTING CASE LAW TO MISLEAD THIS COURT.
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)** 2edansie@gmail.com, kanderson@ecf.axosfs.com
**Scott Talkov** scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 8, 2021 | Sal W. Hanna | /s/ Sal Hanna |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**