SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Debtor Rosa A. Fridman

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Rosa Fridman,<br><br>Debtor.<br><br>―――――――――<br><br>Karl Avetoom,<br><br>          Plaintiff,<br><br>v.<br><br>Rosa Fridman,<br><br>          Defendant. | Case. No. 8:21-bk-10513-ES<br><br>Adversary Case No. 8:21-ap-01023-ES<br><br>Chapter 7<br>Assigned To: Hon. Erithe A. Smith<br><br>**DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS**<br><br><u>Hearing Set by Court on Defendant's Motion for Terminating Sanctions:</u><br>Date:     December 16, 2021<br>Time:    2:00 P.M.<br>           Courtroom 5A (via remote appearance)<br>           411 W. Fourth St.<br>           Santa Ana CA 92701<br>           *See ZoomGov Notice (Adv. Doc. 59)* |

**THE SUR-OPPOSITION REFLECTS THAT KARL AVETOOM STILL DOESN'T GET THAT DISMISSAL OF THIS NONDISCHARGEABILITY ACTION <u>WITH PREJUDICE</u> FOR DOCUMENT FABRICATION WILL MEAN THAT HIS DEBT IS DISCHARGED**

Before the motion for terminating sanctions was filed, Mr. Avetoom promised this Court 14 times in one of his motions and 8 times at a hearing that *In re Moncur*, 328 B.R. 183, 191-192 (B.A.P. 9th Cir. 2005) dictated that terminating sanctions would <u>not</u> end this case forever. (Adv. Doc. 71, pp. 9-10.) Then, after the motion for terminating sanctions briefed that *Moncur* was irrelevant, Mr. Avetoom's opposition thereto wholly ignored *Moncur*. (*Id.*)

---

**DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE:
RULE 9011 SANCTIONS**
1

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    Instead, Mr. Avetoom's opposition to the motion for terminating sanctions had a new

2 theory that: "A simple reading of 41(b) shows it is *limited* to failure to prosecute, failure to follow

3 the Rules of Civil Procedure or Court Orders. None of these apply in this case." (Adv. Doc. 64, p.

4 8, lns. 3-6.) Then, the reply to the opposition to the motion for terminating sanctions briefed that,

5 under Rule 41(b), "<u>any dismissal not under this rule</u>—except one for lack of jurisdiction, improper

6 venue, or failure to join a party under Rule 19—<u>operates as an adjudication on the merits</u>." (Adv.

7 Doc. 71, p. 6.)

8    Now, in response to this reply brief, Mr. Avetoom filed his sur-opposition (Adv. Doc. 73)

9 now abandoning his claims about Rule 41(b). However, to give his new theory an even stronger

10 appearance of confidence, his sur-opposition is titled "objection and request for OSC re: Rule

11 9011 Sanctions." (Adv. Doc. 73, p. 1.) However, this sur-opposition merely sets forth Mr.

12 Avetoom's opinion unsupported by any legal authority that there are different types of dismissals

13 <u>with prejudice</u>, some that prevent a case from being re-filed and some that allow for his dream of

14 endless litigation. This is simply a mistake.

15    Under FRCP Rule 41(b): "Any dismissal not under this rule—except one for lack of

16 jurisdiction, improper venue, or failure to join a party under Rule 19—**<u>operates as an</u>**

17 **<u>adjudication on the merits</u>.**" As the Ninth Circuit has explained Rule 41(b), "'final judgment on

18 the merits' is synonymous with 'dismissal with prejudice.'" *Hells Canyon Preservation Council v.*

19 *United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

20    Applying Rule 41(b) to this case, the reply brief discussed two ruling denying a 523(a)(10)

21 action "on the merits." (Adv. Doc. 71, pp. 8:17-9:1 (citing cases that had been cited in the Motion

22 at Adv. Doc. 59, p. 39, lns. 8-17).) First, the reply brief discussed *Gilliam* as follows:

23    In one case, a bankruptcy court found that "the debt to Plaintiff did not arise until after the
       previous bankruptcy case closed. Therefore, § 523(a)(10) is not applicable to these facts."
24     In turn, the court, stated clearly that: "**<u>Therefore, said debt is discharged</u>**." *In re Gilliam*,
       467 B.R. 825, 829 (Bankr. W.D. Pa. 2012).
25

26 Second, the reply discussed *Washington* as follows:

27    In another example, *In re Washington*, No. 08-11885, 2009 WL 1939049, at *6 (Bankr. D.

---

**DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS**

2

Kan. July 6, 2009) found that "The judgment in the 2005 adversary was entered long after the 2004 bankruptcy was filed. Thus, the judgment was not a debt that was or could have been listed or scheduled by the debtor in the 2004 case and can not be excepted from discharge in this case under § 523(a)(10)." Thereafter, the bankruptcy court set forth that: "JUDGMENT is entered in favor of defendant Lulu Washington on the Trustee's complaint, with each party to bear their own costs." (Adv. Doc. 71, pp. 8:22-9:1.)

The sur-opposition claims that Defendant "knows the facts and law are different" and that Defendant's "citation to *Gilliam* and *Washington* are factually 'apples to oranges.'" However, no citation is provided for why the law would be different as to the preclusive effect of a dismissal with prejudice, i.e., on the merits, based on the facts that led to a dismissal with prejudice of the action. Mr. Avetoom has had 3 months to locate any authority that would support his position that a dismissal with prejudice through terminating sanctions would not end this action, i.e., discharge the debt. (See Adv. Doc. 29.) Apparently, he can't find any.

Indeed, *Gilliam* already answer this question in finding that "the debt to Plaintiff did not arise until after the previous bankruptcy case closed. Therefore, § 523(a)(10) is not applicable to these facts." In turn, the court stated clearly, despite a prior 727 judgment, that: "**Therefore, said debt is discharged**." *In re Gilliam*, 467 B.R. 825, 829 (Bankr. W.D. Pa. 2012). The Defendant is <u>not</u> suggesting that Gilliam dictates that this case should be dismissed for failure to state a claim. Rather, *Gilliam* illustrates the effect of a dismissal with prejudice of an action under 523(a)(10): that the "**debt is discharged**." *In re Gilliam*, 467 B.R. 825, 829 (Bankr. W.D. Pa. 2012). Shown below is this order in *Gilliam* making clear that the "**debt is discharged**." (Adv. Doc. 71, p. 34.)

> **ORDER**
>
> **AND NOW,** this 2nd day of April, 2012, for the reasons expressed in the Memorandum Opinion issued simultaneously, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Paul T. Bair's Amended Complaint is **DENIED**. Paul T. Bair's claim is dischargeable pursuant to 11 U.S.C. §523. Therefore, said debt is discharged.
>
> ⁄s⁄ Carlota M. Böhm
> Carlota M. Böhm
> United States Bankruptcy Judge

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS**

3

Indeed, 11 U.S.C. § 727(b) provides that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter…." Since Mr. Avetoom's 2011 judgment arose before the date of this 2021 bankruptcy, his 2011 judgment will also be discharged upon dismissal with prejudice.

Mr. Avetoom's sur-opposition also takes issue with the contention in the reply brief that: "Other 523(a)(10) plaintiffs have lost their cases on the merits. *In re Moretti*, 278 B.R. 300 (Bankr. D.R.I. 2002); *In re Tyler*, 139 B.R. 733 (D. Colo. 1992)." (Adv. Doc. 73, p. 3, lns. 5-6.)

First, Mr. Avetoom claims that "*Morretti* clearly did not apply to Section 523(a)(10)." To be exact, *Moretti* addressed "Plaintiff's Complaint to determine that her debt in the amount of $4,100 is nondischargeable, under 11 U.S.C. § 523(a)(10). After a non-evidentiary (at the election of the parties) hearing, the matter was submitted on briefs. For the reasons discussed below, the Complaint is DENIED and DISMISSED." *In re Moretti*, 278 B.R. 300, 300 (Bankr. D.R.I. 2002). The sole reason that Defendant cited this case was to show that "Other 523(a)(10) plaintiffs have lost their cases on the merits." Indeed, the plaintiff in *Moretti* thought they had a 523(a)(10) claim, but the court decided otherwise and dismissed their adversary. Under Rule 41(b), this dismissal is with prejudice, meaning it "operates as an adjudication on the merits."

Second, Mr. Avetoom claims as to *In re Tyler*, 139 B.R. 733 (D. Colo. 1992) that: "Again not a 523(a)(10) case as represented by Mr. Talkov." (Adv. Doc. 73, p. 3, lns. 18-19.) In fact, in *Tyler*: "This case is before the court on appeal from a ruling of the bankruptcy court dismissing appellant's complaint objecting to discharge… The complaint alleged exemption pursuant to 11 U.S.C. § 523(a)(10)…." *In re Tyler*, 139 B.R. 733, 734 (D. Colo. 1992) Ultimately, the court "ORDERED that the decision of the bankruptcy court is affirmed." *Id.* In other words, the order affirmed the dismissal of the adversary complaint on the merits, which included 523(a)(1).

The reply brief attempts to explain to Mr. Avetoom what happens when a party <u>loses</u> their 523(a)(10) case. Despite Mr. Avetoom's suggestion, these are indeed "523(a)(10) cases," just as this case will be a 523(a)(10) case, albeit not one that turned out in the plaintiff's favor.

This Court should put an end to Mr. Avetoom's insurmountable task of trying to establish that dismissal with prejudice through terminating sanctions is somehow different than any other

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS**
4

dismissal on the merits when a motion to dismiss, summary judgment or trial does not turn out in favor of a plaintiff alleging 523(a)(10).

Mr. Avetoom cannot locate any such authority because an **"action dismissed in its entirety with prejudice as a terminating sanction is a final judgment on the merits."** *Basile v. Los Angeles Film Sch., LLC,* 2019 WL 5377126, at *10 (C.D. Cal. Sept. 30, 2019), *report and recommendation adopted*, 2019 WL 5310187 (C.D. Cal. Oct. 17, 2019), *aff'd*, 827 F. App'x 649 (9th Cir. 2020). *Basile* was discussing another court where the prior case "was terminated by a final judgment on the merits because that action was dismissed in its entirety with prejudice as a terminating sanction." *Yan Sui v. Wells Fargo Bank, N.A.*, No. SACV1600223JAKAJW, 2017 WL 5624297, at *7 (C.D. Cal. Oct. 5, 2017), *report and recommendation adopted*, 2017 WL 5592660 (C.D. Cal. Nov. 20, 2017). There is no split of authority, balancing test, or ambiguity as to whether a terminating sanction is a dismissal with prejudice that indeed terminates an action.

As to Mr. Avetoom's action herein, the dismissal as a terminating sanction will indeed be "with prejudice" under FRCP 41(b), meaning it will be a final judgment on the merits. Mr. Avetoom will be forever barred from bringing another action under 523(a)(10). Most importantly, the discharge issued in this case will forever bar collection of the 2011 judgment that he sought to be declared nondischargeable herein. Indeed, *Gilliam* meant what is said in the dismissal judgment that: "**Therefore, said debt is discharged**." *In re Gilliam*, 467 B.R. 825, 829 (Bankr. W.D. Pa. 2012). While the 727 judgment will still stand, it will be of no further benefit to Mr. Avetoom on his 2011 judgment as it merely allowed him to file this 523(a)(10) action that, as it turns out, will have been dismissed with prejudice as a **final** judgment on the merits.

The finality of this Court's final judgment of dismissal with prejudice is self-evident. Indeed, it will allow 90-year-old Rosa Fridman to live out the final years of her life in peace.

Date: December 9, 2021         TALKOV LAW CORP

*Scott Talkov*

Scott Talkov
Attorney for Defendant Rosa Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS**

5

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S OPPOSITION TO KARL AVETOOM'S SUR-OPPOSITION AND REQUEST FOR OSC RE: RULE 9011 SANCTIONS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 9, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    Karl T. Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
    Scott Talkov      scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
    United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov
    ☐      Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) December 9, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

    Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660
    ☐      Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 9, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
    Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660 kia002@att.net
      – Email
    ☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 9, 2021 | Scott Talkov | *Scott Talkov* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |