SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Defendant Rosa A. Fridman

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>Rosa Fridman,<br><br>Debtor.<br><br>_____<br><br>Karl Avetoom,<br><br>          Plaintiff,<br><br>v.<br><br>Rosa Fridman,<br><br>          Defendant. | Case. No. 8:21-bk-10513-ES<br><br>Adversary Case No. 8:21-ap-01023-ES<br><br>Chapter 7<br>Assigned To: Hon. Erithe A. Smith<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**<br><br><u>Hearing Set by Court on Defendant's Motion for Terminating Sanctions:</u><br>Date:      December 16, 2021<br>Time:      2:00 P.M.<br>             Courtroom 5A (via remote appearance)<br>             411 W. Fourth St.<br>             Santa Ana CA 92701<br>             *See ZoomGov Notice (Adv. Doc. 59)* |

TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF, AND ALL OTHER

INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant Rosa Fridman ("Defendant") will, and hereby

does, request that this Court take judicial notice of pleadings filed by Karl Avetoom in his pending

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1   state court motion and the factual assertion to be drawn therefrom that an <u>additional</u>, material

2   document submitted by Karl Avetoom as part of his motion for summary judgment in this

3   adversary was fabricated pursuant to Rule 201 of the Federal Rules of Evidence. This fabricated

4   document found as Adv. Doc. 25 at page 45 is in addition to the two bogus webpages alleged to be

5   falsely authenticated by Karl Avetoom as briefed in the motion for terminating sanctions. (Adv.

6   Doc. 59.) This <u>additional</u>, material document was only provable as a forgery after the motion for

7   terminating sanctions was filed on November 16, 2021, as Defendant's counsel subsequently

8   obtained the state court documents establishing the fraud on November 23, 2021. (Decl. Leilani

9   Caspillo.)

10      As relevant to terminating sanctions, according to the Ninth Circuit: "Whether or not the

11   documents would have changed the outcome of the trial is **not** the issue in determining prejudice."

12   *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995). Rather:

13   "The prejudice inquiry looks to whether the [responding party's] actions…***threatened to interfere***

14   ***with the rightful decision of the case***." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

15      As set briefed in the reply on the motion for terminating sanctions as Doc. 71, pages 14

16   through 17, Mr. Avetoom relied upon the fraudulent "Contract" between himself and the

17   Defendant as material to his case to show that the Defendant did <u>not</u> waive any rights to the 2011

18   judgment that he sought to declare nondischargeable herein. Indeed, the Defendant had contended

19   in opposition to summary judgment that there was a waiver or novation.  As it turns out, the

20   supposed contract is a pure work of fiction, just like the other bogus documents exposed through

21   Defendant's pleadings herein.

**I.      KARL AVETOOM FALSELY AUTHENTICATED HIS FRAUDULENT**

**"CONTRACT" IN HIS REPLY TO SUMMARY JUDGMENT**

24      After Defendant's opposition to summary judgment raised the issue of waiver and

25   novation, Karl Avetoom submitted his reply attesting as follows about the bogus "Contract":

26

27

11    4.    Attached to my declaration as Exhibit "2" is a true and correct copy of a Contract

12    executed by Defendant and myself on October 3, 2019 that affirms Defendant's knowledge that the

13    2011 Judgment remains enforceable by consenting to a lien against her property to satisfy the unpaid

14    balance on the 2011 State Court judgment in OCSC case no 30-2010-00345490.

(Ex. 1 (Adv. Doc. 25), p. 20, ¶ 4.) Mr. Avetoom also authenticated the same "Contract" in his

objection to the Debtor's homestead. (Ex. 3 (BK Doc. 93), p. 14, ¶ 9.)

The fraudulent "Contract" was in turn attached to his reply brief supposedly bearing the

signature of a witness "Herbert Conrad" dated "10·3·**2019**," as shown below:

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1   (Ex. 1 (Adv. Doc. 25), p. 45.) As Mr. Avetoom had previously attached this same document to

2   Claim 7-1, counsel for Defendant had attempted to disprove the document by calling Herbert

3   Conrad, who doubled down that the document was legitimate. (Decl. Talkov, ¶¶ 3-7; Adv. Doc.

4   71, p. 29 at ¶ 8 and p. 148.)

5          However, as shown by Mr. Avetoom's own declarations and pleadings in his motion to set

6   aside, he claims to have met Herbert Conrad for the first time sometime after July 2020.

7   Specifically, the motion attached a declaration of Karl Avetoom, who declares in Paragraph 7 that

8   he received a "**July 2020** envelope" from the LAPD with documents that proved his innocence

9   signed by "an LAPD Officer named B. Brooks" and another LAPD Officer "H. Conrad," as

10  shown below:

> 19    7.    In or around May 2020 and July 2020 I received additional correspondence from Los
> 20   Angeles Police Department Discovery Unit. Within the July 2020 envelope was a copy of a VIN
> 21   verification performed by an LAPD Officer named B. Brooks. The envelope also contained a VIN
> 22   verification performed by an H. Conrad. I learned both LAPD Officers B. Brooks and H Conrad
> 23   were retired and no longer working for LAPD.
> 24    8.    I contacted Mr. Barry Brooks through a private investigator who gave me his home
> 25   address. I had been unable to contact Mr. Brooks for several weeks and learned that he had some

(Ex. 5 at Declaration of Karl Avetoom, ¶¶ 7-8.)

       The declaration of Karl Avetoom goes on explain his alleged struggles to contact retired

LAPD Officer Herbert Conrad sometime after July 2020 in Paragraph 9 as follows:

> 8    9.    I was having difficulty contacting Mr. Conrad. Exhausting my other avenues, I asked
> 9   Mr. Brooks if he could assist me in contacting Mr. Conrad. In or around March or April 2021, Mr.
> 10  Brooks informed me that he was able to contact Herbert Conrad. Shortly thereafter, he arranged for
> 11  me to meet with Mr. Conrad at The Yard House for lunch. During the meeting, Mr. Conrad was able
> 12  to authenticate the VIN verification document that was performed on August 15, 1996. Mr. Conrad

(Ex. 5, Declaration of Karl Avetoom, ¶ 9.)

       The story told under penalty of perjury by Mr. Avetoom and corroborated by two "retired"

LAPD officers was simple: That Mr. Avetoom first learned in July 2020 of the existence of

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    <u>Herbert Conrad in discovering that he had signed official government documents in 1996, that</u>

2    <u>proved the innocence of Karl Avetoom.</u>

3         By contrast, the alleged "Contract" supposedly signed by Herbert Conrad dated **2019**

4    appears below the phone number "714-853-0761," despite Mr. Avetoom's claim under penalty of

5    perjury that he was "having difficulty contacting Mr. Conrad" after he supposedly received the

6    envelope in July 2020. (Ex. 5, Declaration of Karl Avetoom, ¶ 9.)

7         Further, Herbert Conrad himself doubled down on the authenticity of his signature dated

8    October 3, 2019, in his declaration under penalty of perjury in the 2021 bankruptcy of Rosa

9    Fridman attached hereto as Exhibit 3 at page 77 and shown below:



10               3.    I reviewed the document and recalled that I had been asked by two people at the

11       Orange County Superior Court to be a witness to the signing of a document, the same documents

12       titled "Contract" that the attorney had sent to me via email. I recalled being asked to be a

13       witness and agreed to be a witness to the signing of this document. I explained to attorney Scott

14       Taklov that I had witnessed an older woman sign the document, then followed by two other

         parties. I signed the document last. The attorney did not seem too happy to hear this and shortly

15       ended the phone call.

16         Given that Mr. Avetoom has declared under penalty of perjury that he did not have the

17   phone number for and had no prior association with Herbert Conrad, there is only one conclusion

18   to be drawn about the "Contract" supposedly signed by Rosa Fridman and witnessed by Herbert

19   Conrad on October 3, 2019: <u>it is fraudulent</u>.

20         In reality, these documents are pure works of fiction bearing no relationship to the truth,

21   just as the Defendant has alleged in her pending motion for terminating sanctions.

22         Accordingly, the Defendant respectfully request that the Court take judicial notice of these

23   pleadings submitted by Karl Avetoom in the state court proceedings and this bankruptcy, and

24   consider them in connection with the Defendant's pending motion for terminating sanctions and

25   Plaintiff's motion to strike. Judges exist to apply real evidence to the law, not to play cat and

26

27

1  mouse with document forgers. This brazen disregard for the American system of justice cannot be

2  allowed.

3  Date: December 9, 2021                                    TALKOV LAW CORP

4                                                            *Scott Talkov*

5                                                            _____
                                                             Scott Talkov
6                                                            Attorney for Defendant Rosa Fridman

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**

6

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.    I am an Attorney with and the President of Talkov Law Corp, attorneys of record for Defendant in this matter. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of certain portions of Karl Avetoom's reply to opposition to summary judgment filed in this adversary case as Adv. Doc. 25.

3.    Attached as Exhibit 2 is a true and correct copy of the email I sent to Herbert Conrad on August 24, 2021, during my call with him. The email accurately recites that up to that point in the call, Mr. Conrad "indicated having no recollection of anyone by the name of Karl Avetoom or having witnessed any document that he may have asked you to witness."

4.    After Mr. Conrad indicated that he received the email and reviewed the attachment, he then informed me that he vaguely remembered being at court that day and witnessing an older female sign a document.

5.    I made the call to Mr. Conrad on August 24, 2021, based on information that had been provided to me suggesting that the "Contract" was a forgery.

6.    Attached as Exhibit 3 is a true and correct copy of portions of Karl Avetoom's objection to Rosa Fridman's homestead filed in the underling bankruptcy case as BK Doc. 93, which attaches both the alleged "Contract" and a declaration of Herbert Conrad attesting to the August 24, 2021, phone call with my office relating to the "Contract."

7.    The declaration of Herbert Conrad referenced above sets forth in Paragraph 4, *inter alia*, that he "emailed the attorney back and told him that his email representations were not accurate of what I had said."

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**

7

8.      On December 9, 2021, I confirmed that I have not received any email from Herbert Conrad < hconrad67@gmail.com>, meaning I have not received any email claiming that the representations in my email were not accurate of what Mr. Conrad said.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2021, at Riverside, California.

*Scott Talkov*

Scott Talkov

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO

8

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1

### DECLARATION OF LEILANI CASPILLO

2      I, Leilani Caspillo, declare:

3      1.      I am a Paralegal with Talkov Law Corp, attorneys of record for Defendant in this

4  matter. The facts set forth herein are of my own personal knowledge and if sworn I could and

5  would testify competently thereto.

6      2.      On Tuesday, November 23, 2021, I received a copy of Karl Avetoom's motion to

7  vacate a judgment portions of which are attached as Exhibit 5 hereto from a court running service

8  as shown in the email attached as Exhibit 4.

9      I declare under penalty of perjury under the laws of the State of California that the

10 foregoing is true and correct.

11      Executed on December 9, 2021, at Riverside, California.

12                              *Leilani Caspillo*
                              Leilani Caspillo

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# Exhibit 1

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>               Debtor<br>_____<br><br>Karl Avetoom<br><br>             Plaintiff<br><br>    v.<br><br>Rosa Fridman<br><br>           Defendant<br>_____ | Case No:    8:21-bk-10513-ES<br><br>Adversary Case No:  8:21-ap-01023-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.  SUPPORTING DECLARATIONS OF CHARLES L. MURRAY AND KARL AVETOOM**<br><br>**Hearing Info:**<br>September 9, 2021 2:00 p.m.<br>Crtrm. 5A 411 W. Fourth St. Santa Ana CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:** Plaintiff KARL AVETOOM ("Plaintiff") hereby submits his Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment pursuant to 11 U.S.C. § 523(a)(10).

i

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1   In addition, the State Court ruled on February 13, 2020 that the Trust cannot legally own any assets.

2   ECF 9, page 249 ¶ 1.

3

4   **To the extent that any party is suggesting that a trust can hold title to
assets this is not the law. The law is clear, a trust is not a person or
legal entity that can hold title to assets, nor can it sue, or be sued.**

5   Therefore, assets of the trust are held in the name of the trustee, as is the

6   case herein. (See Galdjie v. Darwish (2003) 113 Cal.App.4th 1331, 1344;
Greenspan v. LADT, LLC (2010) 191 Cal.App.4th 486, 496; Portico

7   Mgmt. Group, LLC v. Harrison (2011) 202 Cal.App.4th 464, 474.)

8   Again, Defendant's representations that the Trust would be liable is soundly rejected by

9   Defendant's prior representation under oath that she remains liable individually and in her capacity as a

10  Trustee, not the Trust.  Unless Defendant is now admitting that she intended to defraud Plaintiff into

11  entering into a Settlement, a contract under California law, that offered no consideration to escape liability

12  for the fraudulent transfer case.

13  The Fridmans and their attorneys have still not learned that they cannot change stories from one

14  court to another.  This Court admonished Defendant's counsel in 2015 for doing so.  The Court of Appeal

15  did so in *Fridman v. Beach Crest* where Defendant's attorney claimed the Fridmans retained an interest in

16  the same judgment that *this* Court previously ruled the Fridmans had no legal or equitable interest in.  Now

17  the Debtor lists a claim against these attorneys after threatening them with a lawsuit for breach of fiduciary

18  duty.  See ECF Doc 9, pg. 222.

19  The 2020 Judgment arose from the July 9, 2019 Settlement where Debtor agreed under oath

20  that the 2011 Judgment was still enforceable and that the Settlement and its terms, including the 1542

21  waiver, only applied to the 2015 fraudulent transfer case.  Defendant can only rely on her continued

22  "sham" offerings which are contradicted by years of her sworn testimony and pleadings affirming her

23  belief that the 2011 Judgment remains independently enforceable.

24  Defendant signed a contract on October 3, 2019 affirming her position that the 2011 judgment

25  remains independently enforceable, conveying a consensual lien in exchange for Plaintiff not initiating

26  judicial foreclosure proceedings on her to satisfy part of his unpaid debt.

27  //

28  //

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1  case no. 30-2010-00345490.  On August 20, 2021 Defendant and her Bankruptcy attorney Scott

2  Talkov appeared before the State Court in the 2011 judgment enforcement proceedings and again

3  never claimed that the 2011 Judgment was not enforceable.

4      Debtor's conduct, attending numerous Judgment Debtor Exams for the 2011 State Court

5  judgment since 2019 through 2021, Defendant's January 2021 "Notice of Compliance" filed in the

6  State Court containing nineteen answers stating she has complied with producing records for the

7  enforcement of the 2011 Judgment never once stated the judgment was waived, substituted, erased by

8  a novation, or no longer enforceable.  Defendant, supported by Scott Talkov, filed an Answer to the

9  Order to Show cause, again failing to raise at any time the 2011 Judgment was no longer enforceable.

10      On August 20, 2021 Defendant and Scott Talkov appeared for Defendant's arraignment for two

11  counts of contempt.  Again, no mention that the court was conducting a contempt proceeding

12  stemming from an unenforceable judgment.

13      The biggest problems are Defendant's stipulation that the 2011 Judgment against her remains

14  enforceable against her as demonstrated in her 2019 stipulation under oath before the State Court, and

15  in the 2020 incarnation of the relating Judgment (Avetoom declaration Exhibit "1", Reporter's

16  Transcript July 9, 2015 *Avetoom v. Risbrough, et al*).

17      In addition on October 3, 2019 after Defendant now desperately and fraudulently claims she

18  didn't believe the 2011 judgment was enforceable, Defendant signed a contract with Plaintiff affirming

19  the continued enforceability of the 2011 judgment, exchanging a consensual lien for Plaintiff's promise

20  not to initiate foreclosure proceedings against Defendant (Avetoom declaration Exhibit "2").

21      In addition, Defendant continues to appear for enforcement proceedings for the 2011 Judgment

22  (OCSC Case No. 30-2010-00345390).  And Defendant was served with a judgment debtor

23  examination Order for the 2015 case, relating to the separate 2020 judgment (Exhibit "3").

24      Defendant Rosa Fridman falsely asserts in her Declaration in Opposition that she opined the

25  2011 judgment was no longer enforceable (Rosa Fridman Decl. ¶¶ 3, 4).

26      However, Defendant has acted to the contrary by participating, testifying under oath and by

27  submitting documents for the enforcement of the 2011 Judgment in *Avetoom v. Arce, Fridman* OCSC

28  Case No. 30-2010-00345490 for over two years.

4

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1    The Supreme Court has explained that the "[s]ummary judgment procedure is properly regarded

2    not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole,

3    which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*

4    *Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (internal quotation marks omitted). Some form of the sham

5    affidavit rule is necessary to maintain this principle. This is because, as we have explained, **"if a party**

6    **who has been examined at length on deposition could raise an issue of fact simply by submitting**

7    **an affidavit contradicting his own prior testimony, this would greatly diminish the utility of**

8    **summary judgment as a procedure for screening out sham issues of fact."** *Kennedy,* 952 F.2d at

9    266 (quoting *Foster v. Arcata Assocs., Inc.,* 772 F.2d 1453, 1462 (9th Cir.1985)). See *Van Asdale v.*

10   *International Game Technology* (9th Cir. 2009) 577 F.3d 989, 998.

11       Defendant's Opposition offers Defendant's declaration new illogical claim that she believed the

12   2011 Judgment was no longer enforceable (Declaration Rosa Fridman ¶¶ 3, 4).

13       Rosa Fridman's claim of *"I was under the impression. . ."* is a sham, another fraudulent

14   statement that contrdicts her prior sworn testimony in a 2019 Settlement proceeding, her 2019 through

15   2020 debtor exams under oath, and Defendant's numerous pleadings in the 2011 judgment

16   enforcement proceedings, all of which affirmed she understood the proceedings where she represented

17   she was complying with her obligations in enforcement proceedings relative to  the **2011 judgment**.

18       Defendant's last-minute amendment to her schedules, to now "dispute" the 2011 Judgment,

19   demonstrates that the Defendant and her attorney are willing to offer false evidence in a vain attempt to

20   overcome all of the Defendant's prior testimony under oath in the State Court.

21   Defendant's "sham" affidavit and sham amendments are insufficient to overcome her prior

22   sworn testimony, her filings under oath, and her October 3, 2019 Contract that affirms Defendant knew

23   the 2011 Judgment remained enforceable.

24

25   IX.   **DEFENDANT HAS NOT JUSTIFIED HER NEED FOR DISCOVERY THAT**

26          **WARRARNTS DENIAL OF PLAINTIFF'S MOTION. RATHER HER NEED**

27          **DEMONSTRATES HER PROPENSITY FOR DISCOVERY ABUSE.**

28

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

**DECLARATION OF KARL AVETOOM**

I, Karl Avetoom, hereby declare as follows:

1.    I am the Plaintiff in the above entitled adversary proceeding, a creditor to the main bankruptcy case and Defendant's former bankruptcy case.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2.    I make this declaration in support of my Reply to Defendant's Opposition to my motion for summary judgment pending before this Court.

3.    Attached to my declaration as Exhibit "1" is a true and correct copy of the Repoter's Transcript of proceedings for July 9, 2019 before Hon. Theodore Howard in *Avetoom v. Risbrough*.

4.    Attached to my declaration as Exhibit "2" is a true and correct copy of a Contract executed by Defendant and myself on October 3, 2019 that affirms Defendant's knowledge that the 2011 Judgment remains enforceable by consenting to a lien against her property to satisfy the unpaid balance on the 2011 State Court judgment in OCSC case no 30-2010-00345490.

5.    Attached to my declaration as Exhibit "3" is a true and correct copy of an August 29, 2019 Minute Order for a *Judgment Debtor Exam for the 2011 Judgment*.

6.    Attached to my declaration as Exhibit "4" is a true and correct copy of an October 3, 2019 Minute Order for a *Judgment Debtor Exam for 2011 Judgment.*

7.    Attached to my declaration as Exhibit "5" is a true and correct copy of an October 31, 2019 Minute Order for a *Judgment Debtor Exam for 2011 Judgment.*

8.    Attached to my declaration as Exhibit "6" is a true and correct copy of an August 31, 2020 Minute Order for a *Judgment Debtor Exam for the 2011 Judgment.*

9.    Attached to my declaration as Exhibit "7" is a true and correct copy of a September 21, 2020 Minute Order for a *Judgment Debtor Exam for 2011 Judgment.*

10.    Attached to my declaration as Exhibit "8" is a true and correct copy of a November 16, 2020 Minute Order for a Judgment Debtor Exam for the 2011 Judgment & Motion to Compel Production of Documents to Enforce the 2011 Judgment.

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1  to help him get out of the case because of problems with the Defendant's sons.  At a later hearing in

2  2021 Mr. Mokri was informed that I was still able to independently pursue collection of my 2011

3  Judgment as the 2019 Settlement only resolved the 2015 case, and did not stop the enforcement of the

4  2011 judgment separately.

5       21.  Since the 2019 Settlement which gave rise to the 2020 Judgment, Defendant has

6  attended numerous judgment enforcement proceedings, testified under oath on numerous occasions

7  and represented to the Court that she is complying with enforcement of the 2011 judgment.  Defendant

8  has even filed a Notice of Compliance *after* the 2020 judgment was entered, stating that she is

9  complying with the State Court proceedings for enforcement of the 2011 judgment.  At no time has

10  Defendant/Debtor or her attorney claimed the 2011 Judgment was no longer enforceable.

11

12       I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14  Executed August 27, 2021 in Newport Beach, CA

15

16                    By:    */s/  Karl Avetoom*

17                           Karl Avetoom

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "2"*

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

Contract

This agreement ("Contract") is entered into on Oct 3, 2019
between Karl Avetoom ("Creditor") and Rosa
1 Fridman (Debtor") in her personal capacity and, also
2 in her capacity as Trustee to the Fridman
3 family Trust Estate Established April 14, 2000. Creditor
4 hereby promises not to initiate any foreclosure
5 proceedings on Debtor's property known as 16542-
6 Blackbeard Lane #304, Huntington Beach, CA 92647
7 (APN 931-71-080)("the Property") to satisfy the
remaining balance owed to Creditor in Orange
8 county Superior Court case number 30-2010-00345490
9 (Avetoom v. Avce, Fridman) as long as the Debtor
10 resides in the property, or until such time that
11 Debtor vacates the property for any reason
12 including assisted living, or in event Debtor files
13 for bankruptcy protection. In consideration,
14 Debtor agrees not to encumber the property,
15 transfer, assign or otherwise dispose of her
16 interest in the Property, pay all property taxes
17 pay all HOA dues and, assessments on said property
and consents to give Creditor a lien against Debtors
undivided interest of 68.3% in the property as security
to satisfy the outstanding balance owed on the
Judgment obtained by Creditor against Debtor
entered November 18, 2011 in 30-2010-00345490

18
19
20  Creditor
21
22
23  Anu Stanton
24  Oct 3, 2019
25  Witness
26
27
28

714-853-0761

Debtor

witness

HERBERT CONKAD
10·3·2019

- END -

#

### DECLARATION OF CHARLES L. MURRAY

I, Charles L. Murray, hereby declare as follows:

1.    I am an attorney duly licensed to practice law before the California Courts, and admitted to the Federal District Federal and Bankruptcy Courts for the central district of California.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2.    I was the attorney of record for Plaintiff Karl Avetoom in *Avetoom v. Risbrough, et al.* OCSC Case No. 30-2015-00820760-CU-FR-NJC.

3.    On or around July 9, 2019 I was counsel of record for Karl Avetoom and present when the parties, Plaintiff Karl Avetoom and Defendant Rosa Fridman, placed their Settlement on the record, under oath, before the Court.  Both parties agreed that the 2011 Judgment in *Avetoom v. Arce, Fridman,* OCSC Case No. 30-2010-00345490 would remain enforceable by Karl Avetoom.  The Trial Court, Hon. Theodore Howard, clarified that the Settlement including the Section 1542 waiver applied only to claims in the 2015 matter of *Avetoom v. Risbrough, et al.*  I confirmed with the Trial Court that my client, Mr. Avetoom, was not waiving his right to individually enforce the 2011 Judgment in *Avetoom v. Arce*.

4.    Between August 30, 2019 and September 13, 2019 at a continued Order to Show Cause Re: Dismissal, the Trial Court informed the parties and their counsel that Mr. Avetoom was free to continue enforcement of his 2011 Judgment before Judge Honer in *Avetoom v. Arce, Fridman* 30-2010-00345490, including continued judgment debtor examinations, as the 2015 case and its 2019 Settlement did not prevent Mr. Avetoom from continuing his judgment enforcement of the 2011 judgment.  The Trial Court informed the parties, including Defendant's counsel, that the 2019 Settlement did not affect enforcement of Plaintiff's 2011 Judgment

5.    I have personal knowledge the Defendant Rosa Fridman has continued to attend judgment enforcement proceedings for the 2011 Judgment in case no. 30-2010-00345490.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 26, 2021 in <u>Los Angeles</u>, CA    By:    *Charles L. Murray* ♪♪♪
                                                            _____

                                                            Charles L. Murray III.

**Exhibit 2**

 Gmail

Scott Talkov <scott@talkovlaw.com>

## Document Indicating That You Witnessed a Signature

**Scott Talkov** <scott@talkovlaw.com>                                    Tue, Aug 24, 2021 at 5:38 PM
To: hconrad67@gmail.com

Hi Herbert,

It was a pleasure to speak with you today where you indicated having no recollection of anyone by the name of Karl Avetoom, or having witnessed any document that he may have asked you to witness.  The document is attached for your reference.

All the best,



**Scott Talkov** | **Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

**2 attachments**

 **7-1- Claim 7 filed by Karl Avetoom Amount claimed 270000 00 (Electronic.pdf**
54K

 **7-1_2- Claim 7 filed by Karl Avetoom Amount claimed 270000 00 (Electronic.pdf**
1871K

## Exhibit 3

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:    8:21-bk-10513-ES

Hon:  Erithe A. Smith

Chapter 7

**CREDITOR KARL AVETOOM'S NOTICE OF AND OBJECTION AND AFFIRMATIVE DEFENSES TO ROSA FRIDMAN'S CLAIMED HOMESTEAD EXEMPTION.**

Hearing Info:
Date:        January 20, 2022
Time:        2:00 P.M.
Location:   Virtual Hearing via Zoom.gov

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on January 20, 2022, at 2:00 p.m., in Courtroom 5A in the above-entitled Court located at 411 W. Fourth Street, Santa Ana, California, the Court will conduct a hearing on the Objection to Debtor's Claimed Homestead Exemptions ("Objection") filed by Karl Avetoom, in his capacity as a Creditor ("Creditor") of the bankruptcy estate of Rosa Fridman ("Debtor"). *Hearing to be conducted remotely via Zoom.gov Supplemental Notice attached.*

This Objection is based upon the Notice of Objection and Objection to the Debtor's Claimed Homestead Exemptions; Memorandum of Points and Authorities; the Declaration of Karl Avetoom,

1   But an Article 5 exemption applies only to 'voluntary sales,' and not to 'forced sales' such as the filing

2   of a bankruptcy petition at issue here. *See, e.g., Kelley v. Locke (In re Kelley),* 300 B.R. 11, 20–21

3   (B.A.P. 9th Cir.2003); *Katz v. Pike (In re Pike),* 243 B.R. 66, 70 (B.A.P. 9th Cir.1999)." In re

4   Showalter (9th Cir. 2015) 617 Fed.Appx. 709, 710.

5        As a matter of 9th Circuit law and 9th Circuit BAP law, Rosa Fridman's election of a "declared"

6   homestead does not afford her an exemption in the bankruptcy arena.

7        Rosa Fridman will mistakenly rely on factually opposite case law of In re Zall, No. BAP.EC-

8   05-1476-MOSB, 2006 WL 6811022, at *4 (B.A.P. 9th Cir., Sept. 5, 2006) applied to an automatic

9   homestead, not a declared homestead. ["Unlike the present case, neither In re Morgan nor Bernhanu

10  pertained to the automatic homestead exemption statute."].  In re Mayer, 167 B.R. 186 (B.A.P. 9th Cir.

11  1994) again is an automatic homestead case. ["Mayer claimed a homestead exemption of $100,000 in

12  the property under Calif.Civ.Proc.Code §§ 704.710 and 704.730(a)(3)(C)."] Id. at 187.

13       As a matter of law Rosa Fridman can obtain any declared homestead exemption that give her

14  any benefit in the bankruptcy context of a "forced sale."

15  **IV.  A DEBTOR CANNOT EXEMPT REAL PROPERTY SHE HAS FULLLY IMPAIRED**

16      **VOLUNTARILY.**

17       On October 3, 2019 Movant/Creditor and Rosa Fridman, in her personal capacity and in her

18  capacity as Trustee for The Fridman Family Trust Established April 14, 2000, entered into a written

19  contract.  The terms of the Contract were such that Creditor Karl Avetoom agreed not to initiate any

20  foreclosure proceeding against Debtor's real property, in exchange, Debtor agreed to give Creditor a

21  lien against her undivided 68.3% real property.  The Contract was executed and witnessed.  On August

22  24, 2021 Debtor's attorney, Scott Talkov, contacted one of the witnesses who verified he had

23  witnessed the signing of the October 3.  Scott Talkov then attempted to get the witness to change his

24  testimony (Declaration of Herbert Conrad ¶¶ 2-4).  See also declaration of Karl Avetoom at ¶ 9 who

25  was in the courtroom when Rosa Fridman accepted his offer to enter into a contract to assuage her

26  complaints that Creditor Karl Avetoom would force Debtor out of her home.

27       Under California Civil Code § 2881 a lien is created by contract.  See also Hill v. Fricke (1936)

28  5 Cal.2d 320, 323 where the Court held a lien existed against real property by contract.  "Section 2872

1   the Settlement Agreement.  As this bankruptcy court agreed in September 2021, the 2020 Judgment

2   gives nothing to Creditor.  Put another way, Rosa Fridman concealed her intent to file for bankruptcy

3   during the Settlement, she had already signed up for a bankruptcy educational class establishing

4   knowledge of her intent to use bankruptcy to void the Settlement.  Rosa Fridman concealed her intent

5   to induce Creditor to dismiss the fraudulent transfer case against her.  Creditor justifiably relied on the

6   Settlement Agreement entered on the record by Rosa Fridman, under oath.  The Settlement Agreement

7   resulted in an anticipated judgment in exchange for a dismissal of liability against Rosa Fridman.

8   Creditor was harmed by Rosa Fridman's conduct in dismissing a fraudulent transfer liability case

9   which is non-dischargeable under bankruptcy law.

10          As iterated by Judge Howard in 2021, Rosa Fridman's conduct will lead to additional litigation

11   as a result of the now disputed Settlement.

12

13   **VI.   <u>CONCLUSION.</u>**

14          Based upon the foregoing objection and state based affirmative defenses, this Court on equity

15   should:

16                  1. Sustain this Objection; and

17

18                  2. Disallow the Real Property Schedule "C" Exemption in its entirety; or

19

20                  3. Set an evidentiary hearing on Creditor's affirmative defenses, and

21

22                  4. For such other and further relief as the Court deems just and proper.

23

24   Dated: September 30, 2021           By:     */s/ Karl Avetoom*

25                                       _____
                                         Karl Avetoom, Creditor and Moving party.
26

27

28

11

## **DECLARATION OF KARL AVETOOM**

I, Karl Avetoom, hereby declare as follows:

1.      I am a creditor in the above entitled bankruptcy case of Rosa Fridman and Plaintiff and Judgment creditor in the State cases.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently.

2.      I make this declaration in support of my motion to dismiss Rosa Fridman's bankruptcy case currently pending before this Court.

3.      Attached to my declaration as Exhibit "1" is a true and correct copy of the November 18, 2011 State Court judgment in *Avetoom v. Arce, et al* 30-2010-00345490.

4.      Attached to my declaration as Exhibit "2" is a true and correct copy of the Chapter 7 Trustee's Section 727 Complaint against Rosa Fridman.

5.      Attached to my declaration as Exhibit "3" is a true and correct copy of Rosa Fridman's stipulation to denial of discharge on all counts in the Chapter 7 Trustee's Section 727 Complaint.

6.      Attached to my declaration as Exhibit "4" is a true and correct copy of this Court's Judgment deny Rosa Fridman discharge under Section 727.

7.      Attached to my declaration as Exhibit "5" is a true and correct copy of the Reporter's Transcript from July 9, 2019 in the *Avetoom v. Risbrough, et al* state fraudulent transfer action.

8.      Attached to my declaration as Exhibit "6" is a true and correct copy of the August 15, 2020 Judgment in the *Avetoom v. Risbrough* fraudulent transfer action, the caption changed by the Court to *Avetoom v. Fridman* after the Risbrough defendants were dismissed after settling the case before trial.

9.      Attached to my declaration as Exhibit "7" is a true and correct copy of the Contract entered into between myself and Rosa Fridman on or around October 3, 2019 after Rosa Fridman complained to Judge Sherri Honer that I was going to foreclose on her property and kick her out.  I entered into this Contract that created a consensual lien promising not to initiate foreclosure proceedings in exchange for Rosa Fridman maintaining the property, not transferring the property and agreeing to give me a voluntary consensual lien against the Blackbeard Lane property as security towards the unpaid balance on the 2011 State Court judgment, *Avetoom v. Arce, et al* 30-2010-

12

00345490.  On that day, Rosa Fridman's son, who had been banned from attending the Debtor Examinations due to his interference, demanded he take the "Contract" for two weeks, without explaining why.  I refused to give the Contract to him due to his ongoing interference with my rights to collect on my outstanding 2011 judgment.

10.    Attached to my declaration as Exhibit "8" is a true and correct copy of Rosa Fridman's Schedule "C" declaring her real property at Blackbeard Lane as exempt.

11.    Attached to my declaration as Exhibit "9" is a true and correct copy of the Declared Homestead declaration filed in Rosa Fridman's Lien Avoidance Motion.

12.    Attached to my declaration as Exhibit "10" is a true and correct copy of Rosa Fridman's Notice of Errata, substituting in a recorded copy of Rosa Fridman's Declaration of Homestead.

13.    Attached to my declaration as Exhibit "11" is a true and correct copy of Scott Talkov's blog, published a few days after the Court granted the Lien Avoidance Motion explaining how using Section 522(f) could avoid liability under state court fraudulent transfer law.  Rosa Fridman had repeatedly stated in the State Court proceedings that she wanted the Property to go to Alex Fridman, aka Alex Theory, because he is broke.  Alex Theory/Fridman is listed on the initial title report used in Rosa Fridman's LAM.  And blind copied on emails from Scott Talkov relating to the lien avoidance.

14.    On June 29, 2021 Rosa Fridman testified in her Section 341 exam that no one had filed any action to foreclose on her real property (Avetoom decl. Exh. "12" RT 25).  Attached to my declaration as Exhibit "12" are true and correct copies of the relevant Reporter's Transcript of that day.

15.    Attached to my declaration as Exhibit "13" is a true and correct copy of Rosa Fridman's Appellee's brief relevant pages establishing she asserted a declared homestead.

16.    Attached to my declaration as Exhibit "14" is the Reporter's Transcript pages from Rosa Fridman's "341" examination relating to how she claimed to have taken the pre-bankruptcy educational class herself and gave her attorney a $50,000 deed of trust that she remains liable to repay.

17.    I contacted several debtor education businesses, one reported that in early July 2019 Rosa Fridman enrolled for a pre-bankruptcy course.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

---

13

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1  Executed September 30, 2021 in Newport Beach, Ca.

2                                              By:    */s/ Karl Avetoom*

3                                              _____

4                                              Karl Avetoom

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "7"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

This agreement ("Contract") is entered into on Oct 3, 2019 between Karl Avetoom ("Creditor") and Rosa Fridman (Debtor) in her personal capacity and, also in her capacity as Trustee to the Fridman family Trust Estate Established April 14, 2000. Creditor hereby promises not to initiate any foreclosure proceedings on Debtor's property known as 16542-blackbeard Lane, #304, Huntington Beach, CA 92647 (APN 931-71-000)("the Property") to satisfy the remaining balance owed to Creditor in Orange county Superior Court case number 30-2010-00345490 (Avetoom v. Avce, Fridman) as long as the Debtor resides in the Property, or until such time that Debtor vacates the Property for any reason including assisted living, or in event Debtor files for bankruptcy protection. In consideration, Debtor agrees not to encumber the property, transfer, assign or otherwise dispose of her interest in the Property, pay all property taxes pay all HOA dues and assessments on said Property and consents to give Creditor a lien against Debtor's undivided interest of 68.3% in the Property as security to satisfy the outstanding balance owed on the judgment obtained by creditor against Debtor entered November 18, 2011 in 30-2010-00345490.

_signature_ 
Creditor

_signature_
Debtor

Anu Stanton
Oct 3, 2019
Witness

714-853-0761

witness
HERBERT CONRAD
10·3·2019

- END -

### DECLARATION OF HERBERT CONRAD

I, Herbert Conrad, hereby declare as follows:

    1.    I am over the age of eighteen and have personal knowledge of the following facts. If called upon to testify under oath, I could and would do so competently.

    2.    On August 24, 2021 I received a phone call from an attorney by the name of Scott Talkov. This attorney asked me if I had witnessed the signing of a document at the Orange County Superior Court on or around October 3, 2019. The attorney was trying to put words in my mouth, attempting to have be state that I did not know the people and did not witness the document being signed. The attorney was trying to feed answers to me to get me to take a position on a document from 2019. I eventually asked him to send me by email a copy of the document, which he did. But his email was already filled out falsely representing my statements.

    3.    I reviewed the document and recalled that I had been asked by two people at the Orange County Superior Court to be a witness to the signing of a document, the same documents titled "Contract" that the attorney had sent to me via email. I recalled being asked to be a witness and agreed to be a witness to the signing of this document. I explained to attorney Scott Taklov that I had witnessed an older woman sign the document, then followed by two other parties. I signed the document last. The attorney did not seem too happy to hear this and shortly ended the phone call.

    4.    I felt uncomfortable by the attorney trying to influence me into answering how he wanted, basically putting words in my mouth and falsely representing my prior statements. I emailed the attorney back and told him that his email representations were not accurate of what I had said.

I declare under penalty of perjury under the laws of the United States that the above it true and correct.

Executed September 30, 2021 in Fullerton, California

By: _____

Herbert Conrad

# **Exhibit 4**

 **Gmail**

Leilani Caspillo <assistant@talkovlaw.com>

---

## Remaining Copies re: KARL IVAN AVERTOOM (LA32000358)
1 message

---

**LA@asaplegal.com** <LA@asaplegal.com>                              Tue, Nov 23, 2021 at 2:46 PM
To: "assistant@talkovlaw.com" <assistant@talkovlaw.com>
Cc: "LA@asaplegal.com" <LA@asaplegal.com>

Hello Leilani,

Attached are the remaining copies re: KARL IVAN AVERTOOM

**\*Have a safe & happy holiday with your loved ones\***

Thank you,

*Anthony Hernandez*

*Office Manager – Los Angeles*

***ASAP* LEGAL, LLC**

1607 James M. Wood Blvd.

Los Angeles, CA 90015

T 213.252.2000 | F 213.252-2003

Email: la@asaplegal.com

Web: www.asaplegal.com



---

**4 attachments**

 **img-Y23142559-0001.pdf**
170K

 **img-Y23142613-0001.pdf**
363K

**img-Y23142726-0001.pdf**
2754K

**img-Y23142942-0001.pdf**

2789K

# **Exhibit 5**

1  Sandra Nassar, SBN 199305
2  Law Offices of Sandra Nassar, A Professional Corporation
   19200 Von Karman Ave. Suite 400
3  Irvine, CA 92612
   Office: 949-622-5442
4  sandra@snassarlaw.com

5  *Attorney for Petitioner/Defendant Karl Ivan Avetoom*

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 13 2021**

DAVID H. YAMASAKI, Clerk of the Court

BY: R. SANCHEZ-VEGA, DEPUTY

7          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8     IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

9  PEOPLE OF THE STATE OF CALIFORNIA,        Case No.: 96HF 0016
10          Plaintiff,
11
    vs.                                      MOTION TO VACATE A JUDGEMENT
12                                           PURSUANT TO PENAL CODE SECTION
                                             1473.6: POINTS AND AUTHORITIES IN
13  KARL IVAN AVETOOM,                       SUPPORT THEREOF
14          Defendant
15
16
17          **PLEASE TAKE NOTICE THAT** on November 12, 2021, at 9:00 a.m., or as soon

18  thereafter as the matter may be heard in Department C5, or the assigned department, of the

19  above-entitled court. Defendant KARL IVAN AVETOOM, by and through attorneys, will move

20  the Court for an order to vacate his 1997 convictions in this case pursuant to Penal Code Section

21  1473.6, based upon newly discovered evidence.  The newly discovered evidence demonstrates
22
    fraud by a member of the prosecution team that completely undermines the prosecution's case,
23
    that is conclusive, and points unerringly to his innocence. The newly discovered evidence proves
24
    that a member of the prosecution team testified falsely at trial, resulting in the conviction, and
25
26  that the testimony of the government official was substantially probative on the issue of guilt or

27  punishment. The newly discovered evidence establishes that misconduct by a member of the

28
    MOTION TO VACATE JUDGMENT - 1

prosecution team was committed in the underlying case that resulted in fabrication of evidence substantially material and probative on the issue of guilt or punishment.

The Motion will be based upon this Notice of Motion and Motion for relief under Penal Code Section 1473.6, Declaration of Karl Avetoom, Declaration of Barry Brooks, Declaration of Luke Loy, Declaration of Herbert Conrad, other exhibits, the Memorandum of Points and Authorities, all pleadings and records on file herein, and any other documentary or testimonial evidence submitted at the hearing of this Motion. It is respectfully requested that this Court take judicial notice of the transcripts, files, briefs, motions, appellate decisions, and records in this case. (Evid. Code sections 452, subdivision (d)(1), 453, and 459.)

Dated this 12th day of October, 2021

_Sandra Nassar_

Sandra Nassar

Charles L. Murray III

H. G. Robert Fong

Patricia Gitre, Pro Hac Vice

Attorneys for Karl Ivan Avetoom

MOTION TO VACATE JUDGMENT - 2

# TABLE OF CONTENTS

I.      TABLE OF EXHIBITS...................................................................8

II.     INTRODUCTION .........................................................................9

III.    PROCEDURAL HISTORY ........................................................13

IV.     STATEMENT OF THE CASE ...................................................15

V.      1473.6 PC MOTION BROUGHT IN 2010.................................17

VI.     NEWLY DISCOVERED EVIDENCE .......................................19

        A.   LETTER FROM DOT / NHTSA AND DECLARATION FROM LUKE LOY .......................20

        B.   VIN VERIFICATION AND DECLARATION FROM FORMER LAPD OFFICER BARRY
             BROOKS ...................................................................................22

        C.   VIN VERIFICATION AND DECLARATION FROM FORMER LAPD OFFICER HERBERT
             CONRAD AND VIN ASSIST. ..................................................23

        D.   OCATT DETECTIVE ADMISSION OF DESTRUCTION OF EVIDENCE, OBLITERATING
             THE VIN ..................................................................................24

VII.    MEMORANDUM OF POINTS AND AUTHORITIES AND ARGUMENT ...........26

        E.   ALL OF THE EVIDENCE IS NEWLY DISCOVERED...............................27

        F.   THE NEWLY DISCOVERED EVIDENCE OF FRAUD BY A GOVERNMENT OFFICIAL
             COMPLETELY UNDERMINES THE PROSECUTION'S CASE, IS CONCLUSIVE, AND
             POINTS UNERRINGLY TO MR. AVETOOM'S INNOCENCE. .....................29

        G.   THE NEWLY DISCOVERED EVIDENCE DEMONSTRATES THAT A GOVERNMENT
             OFFICIAL TESTIFIED FALSELY AT THE TRIAL THAT RESULTED IN THE CONVICTIONS

MOTION TO VACATE JUDGMENT - 5

**I. TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Declaration of Karl Avetoom |
| 2 | Declaration of Barry Brooks |
| 3 | Declaration of Luke Loy |
| 4 | Declaration of Herbert Conrad |
| 5 | Email from Elizabeth Molfetta (09/15/10) |
| 6 | Felony Complaint in case 95HF0561 |
| 7 | Information in case 96HF0016 |
| 8 | Letter from Los Angeles Police Department (08/06/19) |
| 9 | Letter from OCATT to Alfonso Gayton (09/06/95) |
| 10 | Picture of motorcycle frame with 380 VIN |
| 11 | Picture of motorcycle frame with 880 VIN |
| 12 | Picture of obliterated VIN |
| 13 | Expert's report comparing both motorcycle VINs |
| 14 | VIN Assist |

MOTION TO VACATE JUDGMENT - 8

2.  A DMV "Verification of a Vehicle" form that was performed and signed by LAPD Officer Brooks in December 1994 in which he verifies the existence of a Suzuki motorcycle with an intact VIN and it is the exact same VIN that ends in 880.  LAPD Officer Brooks inspected this 880 VIN Suzuki before it supposedly came into existence according to the prosecution's theory, because the date of the inspection was prior to when Cruz's motorcycle was stolen and supposedly altered.

3.  Another DMV "Verification of a Vehicle" form that was performed and signed by LAPD Officer Herbert Conrad in August 1996 in which he verifies the existence of a 1990 Suzuki motorcycle with an intact VIN and it is the exact same VIN that ends in 380, which is Cruz's motorcycle.  LAPD Officer Conrad inspected this 380 VIN Suzuki after it supposedly no longer existed according to the prosecution's theory, because the date of the inspection was after Cruz's motorcycle was stolen and supposedly permanently altered.  This is compelling evidence that law enforcement did not seize the Cruz motorcycle, especially considering the VIN on the motorcycle that law enforcement possessed was obliterated by them, causing the VIN to be unreadable, almost a year before this inspection found the 380 VIN intact and unaltered.

Mr. Avetoom could not have altered the Cruz motorcycle VIN as the evidence demonstrates it was never altered.  Further, the evidence proves the existence of a 1990 Suzuki with a VIN that ends in 880.  In light of this newly discovered evidence, the People cannot still maintain their theory that the 880 VIN motorcycle never existed but was only the altered 380 VIN motorcycle.  There are government documents and law enforcement witnesses that prove otherwise.  Worse for the prosecution, the newly discovered evidence was in the possession of the prosecution team

MOTION TO VACATE JUDGMENT - 11

altered after it was stolen to the 880 VIN is now proven impossible because the motorcycle with the 880 VIN was observed to exist before Duane Cruz's motorcycle was stolen and supposedly altered. This evidence also proves that the LAPD / LA TRAP, which was part of the prosecution team, had this evidence and failed to provide it to Mr. Avetoom or his legal defense team. Even more damning is the fact that Detective Wiseman went to see LAPD Officer Brooks and discussed his VIN verification with him. So not only did the prosecution team have knowledge of this evidence but the main investigator on the case and the designated investigating officer at trial, Detective Wiseman, personally knew. Appallingly, this evidence was never provided to the defense. Again, this misconduct rises to Constitutional levels and deprived Mr. Avetoom of a fair trial, allowing the judge and jury to be deceived by fraudulent evidence and false testimony.

   c.   **VIN Verification and Declaration from Former LAPD Officer Herbert Conrad and VIN Assist.**

   The VIN Verification and corresponding declaration from former Los Angeles Police Officer Herbert Conrad demonstrates that the 1990 Suzuki motorcycle with VIN 380 was observed with a VIN intact in August 1996. (EXHIBIT 4.) This is significant because August 1996 is months after Detective Wiseman said he observed the supposedly true 380 VIN motorcycle to be permanently altered to 880. This is also almost a year after an OCATT detective obliterated the VIN number on that motorcycle so that the VIN was unreadable. This evidence conclusively demonstrates that the 380 motorcycle was still in existence, even after the prosecution's evidence supposedly rendered that impossible.

   Even more telling is other newly discovered evidence, that the People provided to the defense for the first time on March 4, 2021, the VIN Assist. (EXHIBIT 14.) The VIN Assist shows the engine that belongs to VIN 380 is V710106071, which is what Officer Conrad listed.

MOTION TO VACATE JUDGMENT - 23

This establishes the veracity of the Conrad verification and that the 380 VIN motorcycle was never altered, including the engine. The VIN and engine are consistent with each other. At trial, the evidence indicated the engine in the Suzuki motorcycle was a different type and number. The engine and 380 VIN could only match years later if the motorcycle seized by the prosecution team was not the 380 VIN.

The logical conclusion is that the OCATT detectives did not observe an altered 380 motorcycle or obliterate the VIN on the 380 motorcycle, but instead observed the true 880 VIN motorcycle and then obliterated its VIN which is why the 380 motorcycle still existed. This also explains why Mr. Avetoom was able to find the frame of the 380 VIN motorcycle years later with it appearing unaltered. Shockingly, this evidence, that exonerates Mr. Avetoom was in the possession of the prosecution team a year before Mr. Avetoom's jury trial. This evidence alone, much less combined with the other evidence, proves that Detectives Wiseman and Thrasher's testimony at trial was false and untrue.

### d. OCATT Detective Admission of Destruction of Evidence, Obliterating the VIN

In 1995, a detective with OCATT obliterated the VIN on the motorcycle and gave it to State Farm Insurance. This was done prior to any hearings being held on the case. It prevented any real investigation of the alleged altered VIN by the defense. It further prevented any fact finders, such as the judge or jury, from observing the VIN for themselves. Instead, they had to rely on Detective Wiseman and Detective Thrasher and their opinion about it being altered. The only other evidence was a picture of the 880 VIN that did not appear altered. (EXHIBIT 11.) However, at the time, the prosecutor never revealed that the motorcycle VIN was obliterated or even that the motorcycle was no longer in law enforcement custody. It is unclear if the prosecutor was aware of the actions by the prosecution team's law enforcementa. The

MOTION TO VACATE JUDGMENT - 24

1   put into evidence the DMV history of the 880 VIN motorcycle to show that it was a non-

2   conforming VIN.  The prosecution's theory of the case, that a true 880 VIN motorcycle never

3   existed but was instead a 380 VIN motorcycle that had been altered to depict 880, is completely

4   undermined by the newly discovered evidence.  It is conclusive and points to Mr. Avetoom's

5   innocence.  The prosecution's theory is wrong and refuted by the evidence that was in their

6

7   possession the entire time.

8          We now know without a doubt that a motorcycle with the 880 VIN did exist and that the

9   motorcycle that Detective Wiseman observed and quickly obliterated the VIN of could not have

10  been the 380 VIN motorcycle but was in fact the real 880 VIN motorcycle.  Because Detective

11  Wiseman obliterated the VIN and gave the motorcycle to State Farm Insurance company in

12  January 1996, no one involved in the prosecution or defense of the case, other than Detective

13  Wiseman and Detective Thrasher, ever saw the motorcycle.  The defense never had an

14  opportunity to inspect the motorcycle as it was no longer in the possession of law enforcement.

15  This also meant that no trier of fact such as a judge or jury ever saw or inspected the motorcycle.

16

17

18         The Department of Transportation letter and declaration of Luke Loy explains that the

19  880 VIN motorcycle existed.  The VIN verification by LAPD Officer Brooks shows that the 880

20  VIN motorcycle was observed and was in existence in the Los Angeles area before the 380 VIN

21  motorcycle was ever stolen.  And the existence of the 380 VIN motorcycle after the VIN was

22  supposedly altered and then obliterated, as evidenced by the VIN verification done in 1996 by

23  then LAPD Officer Herbert Conrad, shows that the real 380 VIN motorcycle was not the

24  motorcycle that Detectives Wiseman and Thrasher observed.  This evidence undermines the

25  prosecution case, is conclusive, and points to Mr. Avetoom's innocence. The evidence proves

26  that the motorcycle that Detectives Wiseman and Thrasher observed was in fact the 880 VIN

27

28

MOTION TO VACATE JUDGMENT - 30

## DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.     I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts. I was the defendant in the matter of People v. Karl Avetoom, Orange County Superior Court case number 96HF0016. I make this declaration in support of my Penal Code § 1473.6 Motion.

2.     In or around August 2019, I was contacted from an employee of the office of my former attorney, William Kopeny, who was deceased at the time. I was informed that Mr. Kopeny received a letter indicating that a law enforcement agency had a file related to my case. I was not given any further details. I was told that another attorney was handling Mr. Kopeny's cases. Arrangements were made for me to meet with that attorney. I do not recall his name at this time. A few weeks later I met the attorney at Harbor Justice Center in Newport Beach, CA. I was given a letter that was from the Los Angeles Police Department and written to William Kopeny. The letter indicated there was a joint investigation file related to me. The letter stated that the contents of the file were going to be destroyed and if the contents of the file were wanted then I request would need to be made within a certain timeframe.

3.     I wrote to the Los Angeles Police Department and informed them that Mr. Kopeny had passed away, but any documents they had could be sent to my home address. I also called the Los Angeles Police Department Discovery Unit to inquire about the documents. I recall speaking on the telephone with a gentleman who worked for the discovery unit. He informed me that the documents appeared to be related to motorcycles.

4.     In or around the last week of October 2019, I received a brown thick envelope addressed to me from Los Angeles Police Department. I had been assisting attorneys Charles L. Murray and former Los Angeles District Attorney Steve Cooley on an insurance appeal board case for a member of law enforcement and upon meeting for lunch with Mr. Cooley and the client, I showed Mr. Cooley the envelope. I asked him to be a witness to opening the envelope and inspecting the contents. On or about November 18, 2019, after lunch, Mr. Cooley unsealed the envelope and we inspected the contents which included a complete executed search warrant signed by Detective Eric Wiseman, and Hon. Suzanne Shaw (Ret.) complete with a copy of a return to the search warrant. I

1

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1  Entwistle only to learn that he no longer worked for NHTSA. I had a private investigator try and

2  locate Mr. Entwistle. Of the several phone numbers I received only one was related to Mr. Entwistle.

3  It was the phone number of his son. I spoke with him. He told me that he would pass on my

4  information to his father and if his father wanted anything to do with NHTSA, he would contact me. I

5  never heard back from Mr. George Entwistle. I was finally able to locate another person that worked

6  at DOT/NHTSA at that time the letter was written and still worked for them. Mr. Luke Loy, who at

7  the time was working for another department of NHTSA, told me that he worked with George

8  Entwisle in the department that oversaw vehicle importation. I explained to Mr. Loy that I was trying

9  to authenticate the letter I possessed from DOT/NHTSA. Mr. Loy said he could do that as he worked

10  in the department that approved importation of vehicles. He stated that he actually wrote the letters

11  approving importation of vehicles and then he would have Mr. Entwistle sign them. I emailed the

12  letter to Mr. Loy who read the contents and verified his office would have written the letter and that it

13  was Mr. Entwistle's authentic signature on the letter.

14       6.      Based on the information we discussed, I sent a declaration to Mr. Loy in or around

15  December 2019, for him to sign. The declaration was to authenticate the NHTSA letter for the

16  importation of the 1990 Suzuki motorcycle with VIN JS1GV78A8L2100880. I received the

17  declaration back from Mr. Loy. It was signed but contained no place of execution. So, I had to wait

18  for Mr. Loy to return from his vacation to have the location of execution added to the declaration.

19       7.      In or around May 2020 and July 2020 I received additional correspondence from Los

20  Angeles Police Department Discovery Unit. Within the July 2020 envelope was a copy of a VIN

21  verification performed by an LAPD Officer named B. Brooks. The envelope also contained a VIN

22  verification performed by an H. Conrad. I learned, both LAPD Officers B. Brooks and H Conrad,

23  were retired and no longer working for LAPD.

24       8.      I contacted Mr. Barry Brooks through a private investigator who gave me his home

25  address. I had been unable to contact Mr. Brooks for several weeks and learned that he had some

26  health conditions. Mr. Brooks was not able to meet with me because he was hospitalized due to a

27  medical condition and then because of the COVID-19 pandemic risk. I had to wait for his health to

28  improve before he could review the VIN verification of a 1990 Suzuki motocycle that was completed

3

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1   in December 1994 confirming an unaltered VIN of JS1GV78A8L2100880 in Los Angeles, California.

2   Mr. Brooks contacted me and stated the document contained his signature and handwriting on the VIN

3   verification. In addition, Mr. Brooks stated that he kept records of his work and had looked through

4   them and found a business card from Eric Wiseman. Mr. Brooks informed me he recalled being asked

5   about the VIN verification by a law enforcement member in or around early 1997 and collected the

6   business card as part of his habit and custom. I obtained Mr. Brooks declaration authenticating the

7   document on or around October 3, 2020.

8       9.      I was having difficulty contacting Mr. Conrad. Exhausting my other avenues, I asked

9   Mr. Brooks if he could assist me in contacting Mr. Conrad. In or around March or April 2021, Mr.

10  Brooks informed me that he was able to contact Herbert Conrad. Shortly thereafter, he arranged for

11  me to meet with Mr. Conrad at The Yard House for lunch. During the meeting, Mr. Conrad was able

12  to authenticate the VIN verification document that was performed on August 15, 1996. Mr. Conrad

13  also had health issues and had been unavailable due to a medical condition and had been recovering

14  from surgery. During this time, I was waiting to get a declaration supporting the authenticating of the

15  document; however, he was not available to meet with me due to COVID-19 issues.

16      10.     In 2020, the Orange County Superior Courts were closed to the public because of the

17  world-wide pandemic due to COVID-19. On or about August 2020 through October 2020, I tried

18  several times to get in contact with the Orange County Superior Court criminal operations to inquire

19  about how to file a motion pursuant to Penal Code §§ 1473.6 and/or 1473.7. I eventually was able to

20  speak to a clerk in department C-5 who informed me that they were not taking any filings of those

21  motions at that time. The clerk said I needed to fill out a Covid Felony Request form and send it in

22  and they would contact me when they could accept them. I did so on or about September 16, 2020 and

23  sent it to the email address COVIDFelRequestCJC@occourts.org. (See Attachment 1 to my

24  Declaration.)

25      11.     Several months later on December 23, 2020, I received a message on my cell phone

26  from a Criminal Operations Supervisor who asked me to call her back. I did so and was informed that

27  the court was now hearing these motions, which had been delayed due to COVID, in department C-37

28  and I would have to contact that department to set up a date and time with the department. I forwarded

DECLARATION OF KARL AVETOOM

### DECLARATION OF KARL AVETOOM

1    the voicemail from Orange County Superior Court's criminal operations division to Attorney Charles

2    L. Murray and we began preparing a Penal Code section 1473.7 motion to file as soon as possible.

3    Because there is no actual firm statutory deadline to file such a motion and in order to avoid a claim of

4    untimeliness, we filed a brief on December 30, 2020 and calendared it for January 29, 2021.

5        12.    On or around March 4, 2021 my attorneys received additional documentation from the

6    People which they forwarded to me. Included in this emailed production was a "VIN assist" document

7    that contained several pages relating to the JS1GV73A8L2100380 Suzuki motorcycle. The VIN Assist

8    also listed this Suzuki being shipped with an engine number of V710106071. This engine number

9    matches the exact engine number on the VIN verification performed by Officer Conrad in or around

10   August 1996. The People had previously claimed that the engine number contained on Mr. Cruz's title

11   and registration was not a legitimate number. March 4, 2021 is the first time the People disclosed the

12   true ending number of V710106071.

13       13.    On or around March 16, 2021, the People sent a copy of their Opposition to my motion

14   which contained an admission that an OCATT detective had destroyed the VIN on the 1990 Suzuki

15   motorcycle before it was given to State Farm Insurance in January 1996. At no prior time had the

16   People ever disclosed that law enforcement investigating the case had obliterated and destroyed the

17   VIN on the motorcycle I was charged with possessing and selling with an altered VIN. In the motion,

18   the People also included photographs of the VIN they obliterated in or around the end of 1995 or

19   January 1996. This was done prior to the refiling of the complaint in case number 96HF0016, but after

20   the People had disclosed in an August 14, 1995 preliminary hearing conducted during the first filing in

21   case 95HF0561, when they mentioned and knew of this Suzuki motorcycle. This was also prior to that

22   Suzuki motorcycle being charged, as it was not included in the first prosecution. My attorney at that

23   time, Mr. Todd Langren, had made repeated requests to inspect the VINs and engine numbers on the

24   motorcycles in the case. The People always had an excuse why they could not show them to us.

25   Eventually Judge Turner instructed Deputy District Attorney Tomas Crofoot to allow us to inspect the

26   motorcycles. The People showed Mr. Landgren and I two motorcycles; however, they were unrelated

27   to my case. The People, then represented by Mr. Tomas Crofoot, said that they would produce all of

28   the motorcycles at trial. Mr. Crofoot further represented that the People would not release any

5

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

VIN and disposed of the Suzuki motorcycle before my indictment, depriving me and any fact finder of
ever viewing the claimed evidence against me

    23.    I attended law school with a young lady who interned at the Orange County District
Attorney's office. I was informed by this OCDA intern that around the time of my last Penal Code
1473.6 motion, Detective Wiseman would routinely meet with Deputy District Attorney Molfetta and
he would argue against her providing any form of relief for me. She relayed to me that she heard
Detective Wiseman tell Deputy District Attorney Molfetta that if the OCDA's office were to give me
relief, the fallout would affect other cases he testified in for the OCDA's office, including the "Han"
case.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

Executed October 11, 2021 in Newport Beach, California

By: _Karl Avetoom_
       Karl Avetoom

9

DECLARATION OF KARL AVETOOM

# EXHIBIT

# EXHIBIT 4

## DECLARATION OF HERBERT CONRAD

I, Herbert Conrad, hereby declare as follows:

1.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts.

2.  I was a sworn peace officer with the Los Angeles Police Department from 1995 to 2006. From about 1995 to 1997, I was assigned to the Northeast Station as a patrol officer. Part of my duties included doing verifications of vehicles.

3.  During my time as a peace officer, I received training in how to do a verification of a vehicle and how to complete the DMV paperwork related to that verification. Over the years, I would estimate I conducted over a hundred verifications of vehicles, including motorcycles.

4.  Around April 2021, I was contact by a former Los Angeles Police Department officer named Barry Brooks regarding a verification of a vehicle I completed in August 1996 while I was a peace officer with Los Angeles Police Department.

5.  I was shown a document that was a DMV form titled "Verification of Vehicle" that was a verification of a 1990 Suzuki GSX 1100 with a VIN of JS1GV73A8L2100380 that was dated August 15, 1996 and had my name H. Conrad and my badge number on it. I recognized the writing as my own. I recognized the signature as mine, as well. In addition, the information on the document, such as my badge number and work address, were correct. This was the type of form that I completed routinely many times while I was a peace officer.

DECLARATION OF HERBERT CONRAD - 1

6. On August 15, 1996, I believe I conducted a VIN (Vehicle identification number) verification of a vehicle on 1990 Suzuki GSX 1100 with a VIN of JS1GV73A8L2100380 that appeared unaltered. Attached to my declaration as "Exhibit I" is a true and correct copy of the Verification of Vehicle form I performed.

7. I would have created that document only if I actually observed the motorcycle with that VIN and I would have documented my observations at the time as a true and accurate reflection of my observations.

8. On the document, it is marked that the VIN and engine "appears okay." I would have only marked this if, after personally observing the VIN and engine, they appeared to be intact and unaltered. I would have made a notation and marked a different box if I made observations that the VIN or engine was altered, damaged, illegible, missing, or anything other than okay.

9. In addition to physically observing the vehicle, it was my practice to also run a DMV computer history search of the vehicle in conjunction with filling out the Verification of Vehicle form. Had this vehicle come back as stolen, I would not have performed a VIN verification.

10. I also observed on the second page of the DMV form under "Remarks" is my writing that says "OCATT – Det. Wiseman 714-634-1385". My practice would have been to note in the Remarks of the Verification of Vehicle if there was paperwork with Detective Wiseman's information on it or if I spoke to him personally about the vehicle. It was my practice to write any significant information about a vehicle or an interaction on the form to assist me in recalling the information at a later time. However, given the twenty-five

DECLARATION OF HERBERT CONRAD - 2

year delay in time, I do not recall specifically if I spoke with Detective Wiseman or if *there was paperwork with his information on it, but I do know that I documented it* because it was significant to me at the time and wanted to memorialized it and Mr. Wiseman's association with the vehicle relative to my VIN verification.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

*Executed on October 4, 2021 in Fullerton, California.*

By: _____

Herbert Conrad

DECLARATION OF HERBERT CONRAD - 3

# EXHIBIT 4

# ATTACHMENT TO EXHIBIT 4 - EXHIBIT 1

**DMV**
*A Public Service Agency*

## VERIFICATION OF VEHICLE

**THIS FORM *MUST* BE COMPLETED IN *FULL* — *Only* by authorized DMV representatives, California licensed vehicle verifiers, or peace officers.**

**WARNING: Alterations or erasures will void this form.**

LICENSE PLATES ON VEHICLE:
[X] None    [ ] Dealer    [ ] Temporary Permit

LICENSE NO. *N/A*    STATE    EXP. DATE

MODEL YEAR *1990*    MAKE *Suzuki*    MODEL OR SERIES *RSX 1100*

BODY TYPE *2*    AXLES    MOTORCYCLE (TOTAL) *MH-1*    MOTOR WEIGHT (TRAILERS)
*N/A*

VEHICLE IDENTIFICATION NO. (VIN)
*JS1GV73A9L2110051810*

ENGINE NO. (MOTORCYCLE) *V-10-106072*
[ ] None-new engine or case

VIN General Location:
[ ] Visible through windshield
[ ] Body-Left (driver side)
[ ] Body-Right
[ ] Engine compartment
[ ] Trunk
[X] Frame
[ ] Other: _____

Attached by:
[ ] Not visible
[ ] Rosette rivets
[ ] Round rivets
[ ] Screws
[ ] Adhesive
[ ] Not applicable
[ ] Other: _____

Type:
[ ] Metal plate
[ ] Stamped on body

[X] Stamped on Frame
[ ] Label
[ ] Other _____

VIN/ENGINE NO. (MOTORCYCLE MARK BOTH VIN AND ENG BOXES)

VIN ENG
[X] Appears okay
[ ] Altered/Tampered
[ ] Illegible/Damaged
[ ] Missing

VIN ENG
[ ] Cannot locate
[ ] None-Newly built
[ ] Assigned by F/O
[ ] See REMARKS

FEDERAL CERTIFICATION LABEL (1970 AND SUBSEQUENT YEAR MODELS):
[X] Agrees with VIN    [ ] Illegible/Damaged    [ ] Non-NA
[ ] Disagrees with VIN    [ ] Missing    [ ] See REMARKS

ODOMETER READING    *66240*    [X] miles    [ ] kilometers

SUPPORTING DOCUMENTS:
[X] Agrees with VIN    [ ] See REVERSE    [ ] See REMARKS
[ ] Disagrees with VIN    [ ] None    [ ] No VIN on documents

EMISSION LABEL INDICATES:
[X] Vehicle meets US EPA standards
[ ] Vehicle meets US EPA standards and California standards
[ ] Vehicle meets California standards only
[ ] See REMARKS on reverse

*I certify under penalty of perjury under the laws of the State of California that I examined the vehicle described above and I find the description of the vehicle to be as indicated.*

VERIFIER (PRINT NAME) *M. CONRAD*    TITLE/BADGE/ID NO. *#37155-NE*

ADDRESS
[ ] Above address
[X] Other (specify):

VERIFIED AT *3353 N. San Fernando R, LA*    CITY *LA*    STATE *CA*

DATE *8-15-1996*    SIGNATURE *M. Conrad*

EMPLOYER
[ ] DMV    [ ] Vehicle Verifier    [ ] Auto Club    [X] Other (specify): *LAPD*

REG. 31 (REV. 10/90)



**STATEMENT OF FACTS
CONCERNING IDENTIFICATION NUMBER
OR ENGINE NUMBER ERROR**

## TO BE USED WITH NONRESIDENT APPLICATION ONLY

The undersigned hereby certifies to be owner(s) of Make _____
now registered in the State of _____ under
19 ___. _____ License Plate No. _____ .

That the _____ show Identification/or
 REGISTRATION CERTIFICATE TITLE AND/OR BILL OF SALE
Engine No. _____
the described vehicle, the Identification/or Engine Number proves to be
_____

- **CHECK ONE:**

☐ That the undersigned had no knowledge of the difference in the Engine
Number and that no change whatsoever has been made in the Engine
Number as stamped on the frame or as shown on the Engine Block, as
long as the vehicle has been in my possession.

☐ That the undersigned had no knowledge of the difference in the
Identification Number and that no change whatsoever has been made in
the Identification Number as stamped on the frame or as shown on the
Identification Number Plate, as long as the vehicle has been in
possession.

*I certify under penalty of perjury under the laws of the State of
California that the information entered by me on this document is true
and correct.*

DATE _____ | SIGNATURE OF OWNER
                 | X
ADDRESS _____ |

REMARKS  *OCATT - JET WIKMAN*
          *714 - 634 - 1385*

90 58198                              REG 31 (REV. 10/90)

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN ADDITIONAL, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 9, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Karl T. Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
> Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
> United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
> ☐    Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) December 9, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660
> ☐    Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 9, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
> Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660 kia002@att.net
> – Email
> ☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 9, 2021 | Scott Talkov | *Scott Talkov* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**

10