SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Debtor Rosa A. Fridman

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>Rosa Fridman,<br><br>Debtor.<br><br>―――――――――――――――――<br><br>Karl Avetoom,<br><br>        Plaintiff,<br><br>v.<br><br>Rosa Fridman,<br><br>        Defendant. | Case. No. 8:21-bk-10513-ES<br><br>Adversary Case No. 8:21-ap-01023-ES<br><br>Chapter 7<br>Assigned To: Hon. Erithe A. Smith<br><br>**DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV**<br><br><u>Hearing Set by Court on Defendant's Motion for Terminating Sanctions:</u><br>Date:    December 16, 2021<br>Time:    2:00 P.M.<br>        Courtroom 5A (via remote appearance)<br>        411 W. Fourth St.<br>        Santa Ana CA 92701<br>        *See ZoomGov Notice (Adv. Doc. 59)* |

**I.      KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO REQUESTS FOR PRODUCTION OF DOCUMENTS LEAVE THIS COURT WITH <u>NO</u> EVIDENCE TO DENY THE FACTUAL ALLEGATION THAT MR. AVETOOM SUBMITTED AND FALSELY AUTHENTICATED FABRICATED DOCUMENTS IN THIS ADVERSARY**

Mr. Avetoom's declaration in opposition to the motion for terminating sanctions provided <u>no</u> denial that he submitted and falsely authenticated fabricated documents. (Adv. Doc. 64, pp. 23-

DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV

1

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

25.) Instead, his declaration attempted to give the appearance that there was some evidence in support of his opposition by authenticating 17 exhibits thereto. However, 15 of those exhibits were wholly irrelevant to the alleged document fabrication, with just 2 exhibits (8 and 9) consisting of transcripts of hearings of this Court relevant to this pending motion for terminating sanctions that are technically relevant, but not responsive to the factual issue. (*Id.*)

Mr. Avetoom continued his pattern of producing irrelevant documents in an effort to distract from the total lack of denial of the allegations in his declaration in his December 10, 2021, underlined responses to Defendant's requests for production of documents, a true and correct copy of which is attached as Exhibit 1. To give the appearance that there are any documents showing that he did <u>not</u> submit and falsely authenticate fabricated documents in this adversary, Mr. Avetoom concurrently with his <u>unverified responses</u> produced <u>1,734 pages</u> of documents ("Document Dump") totally irrelevant to this question of the fraudulent website. (Decl. Talkov, Ex. 2.) Indeed, virtually all of the documents were simply pleadings filed with courts and transcripts of hearings, including in this bankruptcy and, perplexingly, the decision in Mr. Avetoom's appeal of his criminal conviction for forgery. (Decl. Talkov, ¶ 5.)

**<u>This Court can rest assured that if there were any documents that proved that Mr. Avetoom did not submit and falsely authenticate fabricated documents, they would have been authenticated by Mr. Avetoom in his opposition.</u>**

Indeed, counsel for Defendant reviewed the Document Dump to confirm there is nothing of any relevance to these questions. (Decl. Talkov, ¶ 6.) This includes no documents showing how Mr. Avetoom allegedly received these bogus webpages in prior litigation, as he contends. (*Id.*)

As explained below, this is another piece of the puzzle that there is no factual question as to the allegations underpinning the motion for terminating sanctions, leaving only the legal issues briefed elsewhere that terminating sanctions will indeed end this case once and for all. (See Adv. Doc. 71 & 76.)

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## II.     THERE ARE NO DOCUMENTS SUPPORTING ANY CONTENTION OF MR. AVETOOM AS TO THE AUTHENTICITY OF THE BOGUS WEBPAGE PURPORTEDLY SHOWING THE DEBTOR'S FAMILY REFERRING TO THE JUDICIAL OFFICER OF THIS COURT AS A "N******"

Defendant's requests for production of documents asked clearly for Mr. Avetoom to produce documents showing the authenticity of the allegedly forged condodefense.com home page as follows:

5. All DOCUMENTS supporting any contention YOU have that the documents attached as Exhibit 1 to YOUR declaration filed in THIS ADVERSARY PROCEEDING as Adversary Docket 26, Page 15, are NOT manufactured documents, i.e., forgeries.

6. All DOCUMENTS supporting any denial that YOU have of Defendant's allegation that YOU authenticated forged documents in THIS ADVERSARY PROCEEDING as Exhibit 15 to Adversary Docket 25.

(Decl. Talkov, Ex. 1, pp. 5-6.)

Mr. Avetoom's response was as follows:

Objection and Response: Responding Party hereby objects as to relevance as the demand seeks information not reasonably calculated to the discovery of probative or admissible information relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16, 2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore unintelligible. The requested documents are equally available publicly to the propounding party. The request is untimely as requested documents requested cannot be used at the hearing as Defendant's Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks production of documents equally in the propounding party's possession and seeks documents in an untimely request falling outside the briefing schedule set by the Court. The request is unduly burdensome as the costs of production should be borne by the propounding party. Without waiving the foregoing objections, the documents in the demanded category that are not subject to attorney-client privilege and in the responding party's possession, custody or control will be produced. While discovery is still ongoing, the Responding party reserves the right to supplement his responses if required.

However, no documents were produced showing how Mr. Avetoom received these documents in discovery in prior litigation, as he claimed in his declaration. (Decl. Talkov, ¶ 6.) It's not hard to figure out why there are no documents supporting the authenticity of the alleged CondoDefense.com homepage showing awful comments about the Judicial Officer of this Court.

DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV

3

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**III.    THERE ARE <u>NO</u> DOCUMENTS SUPPORTING ANY CONTENTION OF MR. AVETOOM AS TO THE AUTHENTICITY OF THE BOGUS "QUESTIONS & ANSWERS" WEBPAGE PURPORTING TO SHOW A COMMENT BY "VICTOR BALAKIN"**

Mr. Avetoom's reply to summary judgment attached a document purporting to show the CondoDefense.com website question and answer page showing a comment from 2014 from "Victor Balakin," who is alleged by Defendant to be a fictional creditor created by Karl Avetoom.

Accordingly, the requests for production of documents as for documents supporting the authenticity of this webpage as follows:

11. All DOCUMENTS supporting any contention YOU have that the documents attached as Exhibit 15 to YOUR declaration filed in THIS ADVERSARY PROCEEDING as Adversary Docket 25, Page 131, is NOT a manufactured document, i.e., a forgery.

12. All DOCUMENTS supporting any denial that YOU have of Defendant's allegation that YOU authenticated a forged document in THIS ADVERSARY PROCEEDING as Exhibit 15 to Adversary Docket 25.

Mr. Avetoom provided responses as follows:

Objection and Response: Responding Party hereby objects as to relevance as the demand seeks information not reasonably calculated to the discovery of probative or admissible information relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16, 2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore unintelligible. The requested documents are equally available publicly to the propounding party. The request is untimely as requested documents requested cannot be used at the hearing as Defendant's Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks production of documents, including documents from 2014, equally in the propounding party's possession and seeks documents in an untimely request falling outside the briefing schedule set by the Court. The request is unduly burdensome as the costs of production should be borne by the propounding party. Without waiving the foregoing objections, the documents in the demanded category that are not subject to attorney-client privilege and in the responding party's possession, custody or control will be produced. While discovery is still ongoing, the Responding party reserves the right to supplement his responses if required.

However, no documents were produced showing how Mr. Avetoom received these documents in discovery in prior litigation, as he claimed in his declaration. (Decl. Talkov, ¶ 6.) It's not hard to figure out why there are no documents supporting the authenticity of the alleged

**DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV**

4

1   CondoDefense.com question and answer page showing purported comments by "Victor Balakin,"

2   whose existence has been repeatedly questioned by Defendant and who has now become

3   unreachable.

4            IV.      **MR. AVETOOM HAS BEEN CAUGHT RED HANDED WITH NO**

5                     **EXPLANATION OR DOCUMENTS OF ANY RELEVANCE**

6            There is simply no evidence under penalty of perjury by Mr. Avetoom that the webpages

7   were real. They were not. They were fabrications. This Court should summarily rule that there is

8   no question that the documents are fabricated as relevant to the Defendant's pending motion for

9   terminating sanctions, moving on to the legal issue identified by this Court addressed elsewhere.

10  Judges exist to apply real evidence to the law, not to play cat and mouse with document forgers.

11  This brazen disregard for the American system of justice cannot stand.

12  Date: December 10, 2021                          TALKOV LAW CORP

13                                                   *Scott Talkov*

14                                                   Scott Talkov
                                                     Attorney for Defendant Rosa Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.      I am an Attorney with and the President of Talkov Law Corp, attorneys of record for Defendant in this matter. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      On the morning of December 10, 2021, I received by US Postal Service an envelope containing a document entitled "Plaintiff Karl Avetoom's Objections and Responses to Defendant's Request for Production," a true and correct copy of which is attached hereto as Exhibit 1.

3.      Also on the morning of December 10, 2021, I received by UPS a box of voluminous documents ("Document Dump"). A true and correct copy of the picture I took of this box opened to show the Document Dump contained therein is attached as Exhibit 2.

4.      On December 10, 2021, I scanned in the entirety of the Document Dump, which totaled <u>1,734 pages</u>. As scanned in at the default quality on my scanner, the PDF of the Document Dump totaled 140 megabytes.

5.      On December 10, 2021, reviewed every page of the Document Dump. Broadly speaking, the Document Dump consisted of documents from state court proceedings involving the Fridman family and Mr. Avetoom, documents from the 2012 and 2021 bankruptcies, such as Mr. Avetoom's own deposition transcript, and, perplexingly, documents related to Mr. Avetoom's appeals of his criminal conviction for forgery.

6.      My review of Mr. Avetoom's Document Dump confirmed that there were <u>zero documents relating to the allegation that Mr. Avetoom submitted and falsely authenticated webpages from condodefense.com.</u> This includes no documents showing how Mr. Avetoom allegedly received these documents in prior litigation, as he contends.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 10, 2021, at Riverside, California.

*Scott Talkov*

Scott Talkov

---

**DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV**

# Exhibit 1

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

                    Debtor

_____

Karl Avetoom

                    Plaintiff

        v.

Rosa Fridman

                    Defendant

_____

Case No:      8:21-bk-10513-ES

Adversary Case No:   8:21-ap-01023-ES

Hon:  Erithe A. Smith
Chapter 7

**PLAINTIFF KARL AVETOOM'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION**

**Hearing Info:**
December 16, 2021
2:00 p.m.
Courtroom 5A (via remote appearance)
411 W. Fourth St. Santa Ana CA 92701

**TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD:**

Plaintiff and Creditor Karl Avetoom hereby submits his Objections and Responses to Defendant Rosa Fridman's request for production of documents:

This Responding Party hereby provides responses to the above referenced discovery requests as follows pursuant to Federal Rules of Civil Procedure:

1

As the Court has not set a discovery order and limited discovery to Defendant's motion for sanctions to be heard on December 16, 2021, investigation and discovery by the Responding Party is ongoing and not complete. As discovery proceeds, witnesses, facts, and evidence may be discovered that are not set forth herein, but which may be responsive. Facts and evidence now known may be imperfectly understood or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the hearing on Defendant's Motion set for December 16, 2021 any and all such witnesses, facts, and evidence, notwithstanding the absence of reference to such witnesses, facts and evidence in these responses.

Finally, because Responding Party's attorney in the 2015 state court action may have ascertained some of these responses, Responding Party may not have personal knowledge of the information from which such responses were derived.

## **GENERAL OBJECTIONS**

1.      Responding Party objects to these discovery topics and request to the extent that they attempt to impose obligations on the Responding Party greater than those imposed by the Federal Rules of Civil Procedure, including F.R.Civ.P. 16(b)(1).

2.      Responding Party objects to these discovery topics and requests to the extent that they seek disclosure and information protected by the attorney client privilege;

3.      Responding Party objects to these discovery topics in their entirety as they are replete with ill defined terms, making the discovery requests vague, ambiguous and unintelligible. Responding Party has made a good faith effort to provide substantive responses to the extent that is able to determine the meaning of the request;

4.      Responding Party objects to these discovery topics and requests as they are overbroad and not set forth with reasonable particularity;

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

5.      Responding Party objects to these discovery topics and requests to the extend that said request is not reasonably calculated to lead to the discovery of admissible evidence;

These general objections are made without prejudice or waiver of Responding Party to assert said objections anytime hereafter, however, Responding Party serves the within responses:

1. All DOCUMENTS supporting any denial that YOU have of Defendant's allegation that YOU authenticated forged documents in THIS ADVERSARY PROCEEDING as Exhibit 1 to Adversary Docket 26.

Objection and Response:        Responding Party hereby objects as to relevance as the demand seeks information not reasonably calculated to the discovery of probative or admissible information relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16, 2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore unintelligible.  The requested documents are equally available publicly to the propounding party.  The request is untimely as requested documents requested cannot be used at the hearing as Defendant's Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks production of documents equally in the propounding party's possession and seeks documents in an untimely request falling outside the briefing schedule set by the Court.  The request is unduly burdensome as the costs of production should be borne by the propounding party.  Without waiving the foregoing objections, the documents in the demanded category that are not subject to attorney-client privilege and in the responding party's possession, custody or control will be produced.  While discovery is still ongoing, the Responding party reserves the right to supplement his responses if required.

2. All DOCUMENTS supporting the truth of Paragraph 2 of YOUR declaration filed in THIS ADVERSARY PROCEEDING as Adversary Docket 26, Page 15, that "Attached to my declaration as Exhibit '1' is a true and correct copy of webpages that were obtained during discovery in a fraudulent transfer case involving the Debtor."

3

1      Objection and Response:      Responding Party hereby objects as to relevance as the demand

2   seeks information not reasonably calculated to the discovery of probative or admissible information

3   relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

4   2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

5   unintelligible.  The requested documents are equally available publicly to the propounding party.  The

6   request is untimely as requested documents requested cannot be used at the hearing as Defendant's

7   Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

8   production of documents equally in the propounding party's possession and seeks documents in an

9   untimely request falling outside the briefing schedule set by the Court.  The request is unduly

10  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

11  foregoing objections, the documents in the demanded category that are not subject to attorney-client

12  privilege and in the responding party's possession, custody or control will be produced.  While

13  discovery is still ongoing, the Responding party reserves the right to supplement his responses if

14  required.

15

16  3. All DOCUMENTS reflecting YOUR receipt of Exhibit 1 to YOUR declaration filed in

17  THIS ADVERSARY PROCEEDING as Adversary Docket 26, Page 15.

18      Objection and Response:      Responding Party hereby objects as to relevance as the demand

19  seeks information not reasonably calculated to the discovery of probative or admissible information

20  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

21  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

22  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

23  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

24  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

25  production of documents equally in the propounding party's possession and seeks documents in an

26  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

27  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

28  foregoing objections, the documents in the demanded category that are not subject to attorney-client

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  privilege and in the responding party's possession, custody or control will be produced.  While

2  discovery is still ongoing, the Responding party reserves the right to supplement his responses if

3  required.

4

5  4. All DOCUMENTS supporting any contention YOU have that the documents attached

6  as Exhibit 1 to YOUR declaration filed in THIS ADVERSARY PROCEEDING as

7  Adversary Docket 26, Page 15, are authentic versions of what they purport to be, i.e.,

8  versions of the website CondoDefense.org.

9       Objection and Response:       Responding Party hereby objects as to relevance as the demand

10  seeks information not reasonably calculated to the discovery of probative or admissible information

11  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

12  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

13  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

14  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

15  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

16  production of documents equally in the propounding party's possession and seeks documents in an

17  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

18  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

19  foregoing objections, the Responding party has performed a diligent search for any documents relating

20  to the website CondoDefense.org set forth in the request and does not believe he ever had custody or

21  any documents relating to website CondoDefense.org, nor does the Responding party know if any such

22  documents to CondoDefense.org ever existed.

23

24  5. All DOCUMENTS supporting any contention YOU have that the documents attached as Exhibit 1

25  to YOUR declaration filed in THIS ADVERSARY PROCEEDING as Adversary Docket 26, Page 15,

26  are NOT manufactured documents, i.e., forgeries.

27       Objection and Response:       Responding Party hereby objects as to relevance as the demand

28  seeks information not reasonably calculated to the discovery of probative or admissible information

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

2  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

3  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

4  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

5  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

6  production of documents equally in the propounding party's possession and seeks documents in an

7  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

8  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

9  foregoing objections, the documents in the demanded category that are not subject to attorney-client

10  privilege and in the responding party's possession, custody or control will be produced.  While

11  discovery is still ongoing, the Responding party reserves the right to supplement his responses if

12  required.

13

14  6. All DOCUMENTS supporting any denial that YOU have of Defendant's allegation that YOU

15  authenticated forged documents in THIS ADVERSARY PROCEEDING as Exhibit 15 to Adversary

16  Docket 25.

17      Objection and Response:    Responding Party hereby objects as to relevance as the demand

18  seeks information not reasonably calculated to the discovery of probative or admissible information

19  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

20  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

21  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

22  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

23  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

24  production of documents equally in the propounding party's possession and seeks documents in an

25  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

26  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

27  foregoing objections, the documents in the demanded category that are not subject to attorney-client

28  privilege and in the responding party's possession, custody or control will be produced.  While

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1   discovery is still ongoing, the Responding party reserves the right to supplement his responses if

2   required.

3

4   7. All DOCUMENTS supporting any contention that YOU have that YOU did not

5   manufacture the documents that YOU attached to YOUR declaration in THIS ADVERSARY

6   PROCEEDING as Exhibit 1 to Adversary Docket 26.

7       Objection and Response:    Responding Party hereby objects as to relevance as the demand

8   seeks information not reasonably calculated to the discovery of probative or admissible information

9   relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

10  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

11  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

12  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

13  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

14  production of documents equally in the propounding party's possession and seeks documents in an

15  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

16  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

17  foregoing objections, the documents in the demanded category that are not subject to attorney-client

18  privilege and in the responding party's possession, custody or control will be produced.  While

19  discovery is still ongoing, the Responding party reserves the right to supplement his responses if

20  required.

21

22  8. All DOCUMENTS supporting the truth of Paragraph 17 of YOUR declaration filed in THIS

23  ADVERSARY PROCEEDING as Adversary Docket 25, Page 21, that "Attached to my declaration as

24  Exhibit '15' is a true and correct copy of a web page from condodefense.com that was owned by

25  Debtor Moisey Fridman according to Val Fridman's deposition testimony. The web page contains the

26  name Victor Balakin and is from 2014."

27      Objection and Response:    Responding Party hereby objects as to relevance as the demand

28  seeks information not reasonably calculated to the discovery of probative or admissible information

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

2  2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

3  unintelligible. The requested documents are equally available publicly to the propounding party. The

4  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

5  Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

6  production of documents, including documents from 2014, equally in the propounding party's

7  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

8  Court. The request is unduly burdensome as the costs of production should be borne by the

9  propounding party. Without waiving the foregoing objections, the documents in the demanded

10  category that are not subject to attorney-client privilege and in the responding party's possession,

11  custody or control will be produced. While discovery is still ongoing, the Responding party reserves

12  the right to supplement his responses if required.

13

14  9. All DOCUMENTS reflecting YOUR receipt of Exhibit 15 to YOUR declaration filed

15  in THIS ADVERSARY PROCEEDING as Adversary Docket 25, Page 131.

16      Objection and Response:       Responding Party hereby objects as to relevance as the demand

17  seeks information not reasonably calculated to the discovery of probative or admissible information

18  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

19  2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

20  unintelligible. The requested documents are equally available publicly to the propounding party. The

21  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

22  Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

23  production of documents, including documents from 2014, equally in the propounding party's

24  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

25  Court. The request is unduly burdensome as the costs of production should be borne by the

26  propounding party. Without waiving the foregoing objections, the documents in the demanded

27  category that are not subject to attorney-client privilege and in the responding party's possession,

28

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

2  the right to supplement his responses if required.

3

4  10. All DOCUMENTS supporting any contention YOU have that the documents attached as Exhibit

5  15 to YOUR declaration filed in THIS ADVERSARY PROCEEDING as Adversary Docket 25, Page

6  131, is an authentic version of what it purports to be, i.e., a version of the website CondoDefense.org.

7      Objection and Response:        Responding Party hereby objects as to relevance as the demand

8  seeks information not reasonably calculated to the discovery of probative or admissible information

9  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

10  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

11  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

12  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

13  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

14  production of documents equally in the propounding party's possession and seeks documents in an

15  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

16  burdensome as the costs of production should be borne by the propounding party.  Without waiving the

17  foregoing objections, the Responding party has performed a diligent search for any documents relating

18  to the website CondoDefense.org set forth in the request and does not believe he ever had custody or

19  any documents relating to website CondoDefense.org, nor does the Responding party know if any such

20  documents to CondoDefense.org ever existed.

21

22  11. All DOCUMENTS supporting any contention YOU have that the documents attached

23  as Exhibit 15 to YOUR declaration filed in THIS ADVERSARY PROCEEDING as Adversary Docket

24  25, Page 131, is NOT a manufactured document, i.e., a forgery.

25      Objection and Response:        Responding Party hereby objects as to relevance as the demand

26  seeks information not reasonably calculated to the discovery of probative or admissible information

27  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

28  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

2  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

3  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

4  production of documents, including documents from 2014, equally in the propounding party's

5  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

6  Court.  The request is unduly burdensome as the costs of production should be borne by the

7  propounding party.  Without waiving the foregoing objections, the documents in the demanded

8  category that are not subject to attorney-client privilege and in the responding party's possession,

9  custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

10 the right to supplement his responses if required.

11

12 12. All DOCUMENTS supporting any denial that YOU have of Defendant's allegation that YOU

13 authenticated a forged document in THIS ADVERSARY PROCEEDING as Exhibit 15 to Adversary

14 Docket 25.

15      Objection and Response:      Responding Party hereby objects as to relevance as the demand

16 seeks information not reasonably calculated to the discovery of probative or admissible information

17 relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

18 2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

19 unintelligible.  The requested documents are equally available publicly to the propounding party.  The

20 request is untimely as requested documents requested cannot be used at the hearing as Defendant's

21 Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

22 production of documents, including documents from 2014, equally in the propounding party's

23 possession and seeks documents in an untimely request falling outside the briefing schedule set by the

24 Court.  The request is unduly burdensome as the costs of production should be borne by the

25 propounding party.  Without waiving the foregoing objections, the documents in the demanded

26 category that are not subject to attorney-client privilege and in the responding party's possession,

27 custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

28 the right to supplement his responses if required.

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1

2    13. All DOCUMENTS supporting any contention that YOU have that YOU did not manufacture the

3    document that YOU attached to YOUR declaration in THIS ADVERSARY PROCEEDING as Exhibit

4    15 to Adversary Docket 25.

5           Objection and Response:        Responding Party hereby objects as to relevance as the demand

6    seeks information not reasonably calculated to the discovery of probative or admissible information

7    relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

8    2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

9    unintelligible.  The requested documents are equally available publicly to the propounding party.  The

10   request is untimely as requested documents requested cannot be used at the hearing as Defendant's

11   Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

12   production of documents, including documents from 2014, equally in the propounding party's

13   possession and seeks documents in an untimely request falling outside the briefing schedule set by the

14   Court.  The request is unduly burdensome as the costs of production should be borne by the

15   propounding party.  Without waiving the foregoing objections, the documents in the demanded

16   category that are not subject to attorney-client privilege and in the responding party's possession,

17   custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

18   the right to supplement his responses if required.

19

20   14. All DOCUMENTS reflecting communication with Sal W. Hanna, the private investigator who

21   signs YOUR proofs of service, from January 1, 2021, to the date of this request.

22          Objection and Response:        Responding Party hereby objects as to relevance as the demand

23   seeks information not reasonably calculated to the discovery of probative or admissible information

24   relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

25   2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

26   unintelligible.  The requested documents are equally available publicly to the propounding party.  The

27   request is untimely as requested documents requested cannot be used at the hearing as Defendant's

28   Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  production of documents, equally in the propounding party's possession and seeks documents in an

2  untimely request falling outside the briefing schedule set by the Court.  The request is unduly

3  burdensome as the costs of production should be borne by the propounding party.  This request is

4  overly broad and falls outside the scope of the Bankruptcy Court's permission to conduct discovery

5  limited to Defendant's sanctions motion set for December 16, 2021.  Responding party objects and will

6  not provide requested documents based on the foregoing objections.

7

8  15. All DOCUMENTS reflecting YOUR communication with Barry Q. Brooks, the private

9  investigator who filed declarations alleging to have been surveilling Rosa Fridman at the exact moment

10 noted on Rosa Fridman's pre-bankruptcy credit counseling course in Bankruptcy Docket 99, from

11 January 1, 2021, to the date of this request.

12        Objection and Response:        Responding Party hereby objects as to relevance as the demand

13 seeks information not reasonably calculated to the discovery of probative or admissible information

14 relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

15 2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

16 unintelligible.  The requested documents are equally available publicly to the propounding party.  The

17 request is untimely as requested documents requested cannot be used at the hearing as Defendant's

18 Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

19 production of documents, equally in the propounding party's possession and seeks documents in an

20 untimely request falling outside the briefing schedule set by the Court.  The request is unduly

21 burdensome as the costs of production should be borne by the propounding party.  This request is

22 overly broad and falls outside the scope of the Bankruptcy Court's permission to conduct discovery

23 limited to Defendant's sanctions motion set for December 16, 2021.  Responding party objects and will

24 not provide requested documents based on the foregoing objections.

25

26 16. All DOCUMENTS reflecting YOUR communications with Brian Swezea, the selfdescribed

27 computer forensics expert who attested that "it is my professional opinion that Ms. Fridman did not

28 take the pre-bankruptcy filing educational course on February 9, 2021" in Bankruptcy Docket 91, from

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  January 1, 2021, to the date of this request.

2       Objection and Response:     Responding Party hereby objects as to relevance as the demand

3  seeks information not reasonably calculated to the discovery of probative or admissible information

4  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

5  2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

6  unintelligible. The requested documents are equally available publicly to the propounding party. The

7  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

8  Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

9  production of documents, including documents from 2014, equally in the propounding party's

10  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

11  Court. The request is unduly burdensome as the costs of production should be borne by the

12  propounding party. Without waiving the foregoing objections, the documents in the demanded

13  category that are not subject to attorney-client privilege and in the responding party's possession,

14  custody or control will be produced. While discovery is still ongoing, the Responding party reserves

15  the right to supplement his responses if required.

16

17  17. All DOCUMENTS reflecting the existence of Victor Balakin.

18       Objection and Response:     Responding Party hereby objects as to relevance as the demand

19  seeks information not reasonably calculated to the discovery of probative or admissible information

20  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

21  2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

22  unintelligible. The requested documents are equally available publicly to the propounding party. The

23  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

24  Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

25  production of documents, including documents from 2014, equally in the propounding party's

26  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

27  Court. The request is unduly burdensome as the costs of production should be borne by the

28  propounding party. Without waiving the foregoing objections, the documents in the demanded

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1   category that are not subject to attorney-client privilege and in the responding party's possession,

2   custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

3   the right to supplement his responses if required.

4

5   18. All DOCUMENTS reflecting YOUR communication with Victor Balakin.

6        Objection and Response:        Responding Party hereby objects as to relevance as the demand

7   seeks information not reasonably calculated to the discovery of probative or admissible information

8   relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

9   2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

10  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

11  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

12  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

13  production of documents, including documents from 2014, equally in the propounding party's

14  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

15  Court.  The request is unduly burdensome as the costs of production should be borne by the

16  propounding party.  Without waiving the foregoing objections, the documents in the demanded

17  category that are not subject to attorney-client privilege and in the responding party's possession,

18  custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

19  the right to supplement his responses if required.

20

21  19. All DOCUMENTS reflecting any email YOU sent to Victor Balakin.

22       Objection and Response:        Responding Party hereby objects as to relevance as the demand

23  seeks information not reasonably calculated to the discovery of probative or admissible information

24  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

25  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

26  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

27  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

28  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1   production of documents, including documents from 2014, equally in the propounding party's

2   possession and seeks documents in an untimely request falling outside the briefing schedule set by the

3   Court. The request is unduly burdensome as the costs of production should be borne by the

4   propounding party. Without waiving the foregoing objections, the documents in the demanded

5   category that are not subject to attorney-client privilege and in the responding party's possession,

6   custody or control will be produced. While discovery is still ongoing, the Responding party reserves

7   the right to supplement his responses if required.

8

9   20. All DOCUMENTS reflecting any email YOU received from Victor Balakin.

10          Objection and Response:        Responding Party hereby objects as to relevance as the demand

11  seeks information not reasonably calculated to the discovery of probative or admissible information

12  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

13  2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

14  unintelligible. The requested documents are equally available publicly to the propounding party. The

15  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

16  Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

17  production of documents, including documents from 2014, equally in the propounding party's

18  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

19  Court. The request is unduly burdensome as the costs of production should be borne by the

20  propounding party. Without waiving the foregoing objections, the documents in the demanded

21  category that are not subject to attorney-client privilege and in the responding party's possession,

22  custody or control will be produced. While discovery is still ongoing, the Responding party reserves

23  the right to supplement his responses if required.

24

25  21. ALL DOCUMENTS reflecting how YOU obtained the signed declaration of "Victor

26  Belakin" listing the email address "Belakinvictor879@gmail.com" that YOU filed on

27  July 8, 2021 in the 2015 STATE COURT ACTION, despite the July 9, 2021 corrected

28  declaration of "Victor Balakin" listing the email address Balakinvictor879@gmail.com.

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1    Objection and Response:        Responding Party hereby objects as to relevance as the demand

2    seeks information not reasonably calculated to the discovery of probative or admissible information

3    relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

4    2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

5    unintelligible. The requested documents are equally available publicly to the propounding party. The

6    request is untimely as requested documents requested cannot be used at the hearing as Defendant's

7    Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

8    production of documents, including documents from 2014, equally in the propounding party's

9    possession and seeks documents in an untimely request falling outside the briefing schedule set by the

10   Court. The request is unduly burdensome as the costs of production should be borne by the

11   propounding party. Without waiving the foregoing objections, the documents in the demanded

12   category that are not subject to attorney-client privilege and in the responding party's possession,

13   custody or control will be produced. While discovery is still ongoing, the Responding party reserves

14   the right to supplement his responses if required.

15

16   22. All DOCUMENTS supporting the contention in YOUR notice of errata filed on July 9, 2021, in the

17   2015 STATE COURT ACTION that: "Due to the late filing of Defendant's Opposition and the limited

18   window to obtain a declaration from Mr. Victor Balakin, his declaration misspells his name which

19   could not be corrected before midnight due to him residing in Florida, three hours ahead. The

20   misspelling of his name have [sic] been corrected by Mr. Balakin on his declaration which he executed

21   again."

22   Objection and Response:        Responding Party hereby objects as to relevance as the demand

23   seeks information not reasonably calculated to the discovery of probative or admissible information

24   relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

25   2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

26   unintelligible. The requested documents are equally available publicly to the propounding party. The

27   request is untimely as requested documents requested cannot be used at the hearing as Defendant's

28   Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1  production of documents, including documents from 2014, equally in the propounding party's

2  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

3  Court.  The request is unduly burdensome as the costs of production should be borne by the

4  propounding party.  Without waiving the foregoing objections, the documents in the demanded

5  category that are not subject to attorney-client privilege and in the responding party's possession,

6  custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

7  the right to supplement his responses if required.

8

9  23. All DOCUMENTS reflecting YOUR receipt from Victor Balakin of any declaration

10  signed by Victor Balakin.

11      Objection and Response:      Responding Party hereby objects as to relevance as the demand

12  seeks information not reasonably calculated to the discovery of probative or admissible information

13  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

14  2021 pursuant to F.R.Civ.P. 16(b)(1).  The Demand is also vague and ambiguous, and therefore

15  unintelligible.  The requested documents are equally available publicly to the propounding party.  The

16  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

17  Reply brief will have been submitted on December 7, 2021.  The request is harassing as it seeks

18  production of documents, including documents from 2014, equally in the propounding party's

19  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

20  Court.  The request is unduly burdensome as the costs of production should be borne by the

21  propounding party.  Without waiving the foregoing objections, the documents in the demanded

22  category that are not subject to attorney-client privilege and in the responding party's possession,

23  custody or control will be produced.  While discovery is still ongoing, the Responding party reserves

24  the right to supplement his responses if required.

25

26  24. All DOCUMENTS reflecting YOUR receipt from Victor Balakin of any declaration signed by

27  Victor Balakin on July 9, 2021, as alleged in YOUR notice of errata filed on July 9, 2021, in the 2015

28  STATE COURT ACTION.

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1    Objection and Response:    Responding Party hereby objects as to relevance as the demand

2    seeks information not reasonably calculated to the discovery of probative or admissible information

3    relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

4    2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

5    unintelligible. The requested documents are equally available publicly to the propounding party. The

6    request is untimely as requested documents requested cannot be used at the hearing as Defendant's

7    Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

8    production of documents, including documents from 2014, equally in the propounding party's

9    possession and seeks documents in an untimely request falling outside the briefing schedule set by the

10    Court. The request is unduly burdensome as the costs of production should be borne by the

11    propounding party. Without waiving the foregoing objections, the documents in the demanded

12    category that are not subject to attorney-client privilege and in the responding party's possession,

13    custody or control will be produced. While discovery is still ongoing, the Responding party reserves

14    the right to supplement his responses if required.

15

16    25. All DOCUMENTS, including text messages and telephone billing statements, reflecting text

17    messages between YOU and to the phone number listed for Victor Balakin, (954) 218-3789, at any

18    time from January 1, 2021, to the date of this request.

19    (Please redact all other calls or text messages on any billing statement.)

20    Objection and Response:    Responding Party hereby objects as to relevance as the demand

21    seeks information not reasonably calculated to the discovery of probative or admissible information

22    relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

23    2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

24    unintelligible. The requested documents are equally available publicly to the propounding party. The

25    request is untimely as requested documents requested cannot be used at the hearing as Defendant's

26    Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

27    production of documents, including documents from 2014, equally in the propounding party's

28    possession and seeks documents in an untimely request falling outside the briefing schedule set by the

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

1   Court. The request is unduly burdensome as the costs of production should be borne by the

2   propounding party. After performing a diligent search of all of the Responding party's phone records,

3   Responding party does not have in his custody any documents that relate to records of any text

4   messages to the phone number listed in the Request as (954) 218-3789.

5

6   26. All DOCUMENTS, including text messages and telephone billing statements, reflecting phone

7   calls between YOU and to the phone number listed for Victor Balakin, (954) 218-3789, at any time

8   from January 1, 2021, to the date of this request.

9   (Please redact all other calls or text messages on any billing statement.)

10         Objection and Response:        Responding Party hereby objects as to relevance as the demand

11  seeks information not reasonably calculated to the discovery of probative or admissible information

12  relating to any of the claims or defenses set forth in Defendant's Motion to be heard December 16,

13  2021 pursuant to F.R.Civ.P. 16(b)(1). The Demand is also vague and ambiguous, and therefore

14  unintelligible. The requested documents are equally available publicly to the propounding party. The

15  request is untimely as requested documents requested cannot be used at the hearing as Defendant's

16  Reply brief will have been submitted on December 7, 2021. The request is harassing as it seeks

17  production of documents, including documents from 2014, equally in the propounding party's

18  possession and seeks documents in an untimely request falling outside the briefing schedule set by the

19  Court. The request is unduly burdensome as the costs of production should be borne by the

20  propounding party. After performing a diligent search of all of the Responding party's phone records,

21  Responding party does not have in his custody any documents that relate to records of any phone calls

22  to the phone number listed in the Request as (954) 218-3789.

23

24  Dated December 4, 2021

25

26                                          By:    _Karl Avetoom_

27                                                Karl Avetoom

28

19

OBJECTION AND RESPONSES TO REQUEST FOR PRODUCTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled (*specify*): _____
PLAINTIFF KARL AVETOOM'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR
PRODUCTION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___12/04/2021___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
TALKOV LAW
SCOTT TALKOV
2900 Adams St Ste C225
Riverside, California 92504-4385

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/04/2021 | Sal W. Hanna | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## **<u>Exhibit 2</u>**

Firefox

10 LBS          1 OF 1
DWT: 11,9,6

DESI 622-1622
DESI NO COLOR IMAGING
LA BEST COLOR IMAGING
811 WILSHIRE BLVD.
LOS ANGELES CA 90017

SHIP TO:
RECEPTION
TALKOV LAW
SUITE C225
2900 ADAMS STREET
RIVERSIDE  CA  92504

CA 911 9-01

UPS NEXT DAY AIR          1
TRACKING #: 1Z 834 99A 01 2040 5982

BILLING: P/P

XOL 21.11.24    MV45 50.0A 12/2021 *          ™

https://www.ups.com/ship/core/confirmation?tx=5151622170659872&...

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 10, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Karl T. Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
> Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
> United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
>
> ☐    Service information continued on attached page

2. <u>SERVED BY UNITED STATES MAIL</u>:
On (*date*) December 10, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660
>
> ☐    Service information continued on attached page

3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 10, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Karl Avetoom, 1100 Rutland Road #9, Newport Beach, CA 92660 kia002@att.net
>      – Email
>
> ☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 10, 2021 | Scott Talkov | *Scott Talkov* |
|---|---|---|
| Date | Printed Name | Signature |

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

**DEFENDANT'S LODGMENT OF KARL AVETOOM'S <u>UNVERIFIED</u> OBJECTIONS AND NON-RESPONSIVE DOCUMENTS TO DEFENDANT'S REQUEST FOR PRODUCTION FO DOCUMENTS; DECLARATION OF SCOTT TALKOV**

7